ORIGINAL

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

NOV 1 8 2004   DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY        WESTERN DISTRICT OF WASHINGTON
                                    DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

KENNETH FLEMING and JOHN DOE,

        Plaintiffs,

    v.

THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY
SAINTS, a Utah corporation sole, a/k/a the
"MORMON CHURCH," LDS SOCIAL
SERVICES a/k/a LDS FAMILY SERVICES,
a Utah corporation,

        Defendants.

No. **CV4 2338**

King County Superior Court
Cause No.: 04-2-33910-3KNT

**VERIFICATION OF STATE
COURT RECORDS**



04-CV-02338-MISC

## VERIFICATION

The undersigned hereby declare the following:

1. The undersigned are attorneys of record for defendants.

2. Pursuant to CR 101(b), attached are true and correct copies of all records and proceedings in the Superior Court of King County, Washington in the above-entitled action, Cause No. 04-2-33910-3KNT:

VERIFICATION OF STATE COURT
RECORDS - 1

STAFFORD FREY COOPER
———— Professional Corporation ————
A T T O R N E Y S
3100 Two Union Square
601 Union Street
Seattle, Washington 98101-1374
Tel. (206) 623-9900
Fax (206) 624-6885

Dockets.Justia.com

| Exhibit | Document |
|---------|----------|
| 1 | Civil Cover Sheet, Case Assignment Designation Summons and Complaint |
| 2 | Order Setting Civil Case Schedule |
| 3 | Declaration of Service of Summons and Complaint Defendant LDS Social Services |
| 4 | Notice of Appearance |
| 5 | Acceptance of Service |

DATED this ___ day of November, 2004 at Seattle, Washington.

STAFFORD FREY COOPER
*Professional Corporation*

By _____
Thomas D. Frey, WSBA #1908
Marcus B. Nash, WSBA #14471
Attorneys for Defendants

VERIFICATION OF STATE COURT
RECORDS - 2

STAFFORD FREY COOPER
Professional Corporation
A T T O R N E Y S
3100 Two Union Square
601 Union Street
Seattle, Washington 98101-1374
Tel. (206) 623-9900
Fax (206) 624-6885

M:\CLIENTS\7566\25226\PLD REMOVAL-VERIFICATION.DOC

# EXHIBIT 1

Fleming v. The Corporation of the President of the Church of Jesus Christ of
Latter-Day Saints
King County Superior Court Cause No.: 04-2-33910-3KNT

FILED

FILED

04 OCT 25 PM 4:04

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

KING COUNTY SUPERIOR COURT
BARBARA MINER
DIRECTOR & SUPERIOR CT CLERK
SEATTLE WA

04-2-33910-3

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 10/25/2004 | 10/26/2004 | 04:03 PM |

| Receipt/Item # | Tran-Code | Docket-Code |
|---|---|---|
| 2004-09-08860/01 | 1100 | $FFR |
| Cashier: RPC | | |

Paid By: GORDON THOMAS, ATTYS
  Transaction Amount:              $110.00

### KING COUNTY SUPERIOR COURT
### CASE ASSIGNMENT DESIGNATION
### and
### CASE INFORMATION COVER SHEET
### (cics)

In accordance with LR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4.71.100.

# 04-2-33910-3 KNT

CASE NUMBER: _____

CASE CAPTION: _____

I certify that this case meets the case assignment criteria, described in King County LR 82(e), for the:

_____ Seattle Area, defined as:

> All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

___✓___ Kent Area, defined as:

> All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

_____
Signature of Petitioner/Plaintiff                        _____ Date

or

_____
Signature of Attorney for
Petitioner/Plaintiff                                      _____ Date

_24649_
WSBA Number

L: forms/cashiers/cics
Rev 01/04

# ORIGINAL

1

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
and
**CASE INFORMATION COVER SHEET**

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**APPEAL/REVIEW**
- [ ] Administrative Law Review (ALR 2)*
- [ ] Civil, DOL (DOL 2)*

**CONTRACT/COMMERCIAL**
- [ ] Breach of Contract (COM 2)*
- [ ] Commercial Contract (COM 2)*
- [ ] Commercial Non-Contract (COL 2)*
- [ ] Meretricious Relationship (MER 2)*
- [ ] Third Party Collection (COL 2)*

**DOMESTIC RELATIONS**
- [ ] Annulment/Invalidity (with dependent children? Y )(INV3)*
- [ ] Child Custody (CUS 3)*
- [ ] Nonparental Custody (CUS 3)*
- [ ] Dissolution With Children (DIC 3)*
- [ ] Dissolution With No Children (DIN 3)*
- [ ] Enforcement/Show Cause Out of County (MSC 3)
- [ ] Establish Residential Sched/Parenting Plan(PPS 3)* ££
- [ ] Establish Residential Sched Support Only (PPS 3)* ££
- [ ] Legal Separation (with dependent children? Y  N ) (SEP 3)*
- [ ] Mandatory Wage Assignment (MWA 3)
- [ ] Modification (MOD 3)*
- [ ] Modification - Support Only (MDS 3)*
- [ ] Out-of-state Custody Order Registration (OSC 3 or 5)
- [ ] Reciprocal, Respondent in County (RIC 3)
- [ ] Reciprocal, Respondent Out of County (ROC 3)
- [ ] Registration of Out of State Support Court Order (FJU 3)
- [ ] Relocation Objection/Modification (MOD 3)*

**ADOPTION/PATERNITY**
- [ ] Adoption (ADP 5)
- [ ] Challenge to Acknowledgment of Paternity (PAT 5)*
- [ ] Challenge to Denial of Paternity (PAT 5)*
- [ ] Confidential Intermediary (MSC 5)
- [ ] Establish Parenting Plan-Existing King County Paternity (MSC 5)*
- [ ] Initial Pre-Placement Report (PPR 5)
- [ ] Modification (MOD 5)*
- [ ] Modification-Support Only (MDS 5)*
- [ ] Paternity (PAT 5)*
- [ ] Paternity/UIFSA (PUR 5)*
- [ ] Registration of Out of State Support Court Order (FJU 5)
- [ ] Relinquishment (REL 5)
- [ ] Relocation Objection/Modification (MOD 5)*
- [ ] Rescission of Acknowledgment of Paternity (PAT 5)*
- [ ] Rescission of Denial of Paternity (PAT 5)*
- [ ] Termination of Parent-Child Relationship (TER 5)

**DOMESTIC VIOLENCE/ANTIHARASSMENT**
- [ ] Civil Harassment (HAR 2)
- [ ] Confidential Name Change (CHN 5)
- [ ] Domestic Violence (DVP 2)
- [ ] Domestic Violence with Children (DVC 2)
- [ ] Foreign Protection Order (FPO 2)
- [ ] Vulnerable Adult Protection (VAP 2)
- [ ] Civil Harassment (HAR 2)

££ Paternity Affidavit or Existing/Paternity is not an issue and NO other case exists in King County* The filing party will be given an appropriate case schedule.　　** Case schedule will be issued after hearing and findings.

**ORIGINAL**

2

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**PROPERTY RIGHTS**
- [ ] Condemnation/Eminent Domain (CON 2)*
- [ ] Foreclosure (FOR 2)*
- [ ] Land Use Petition (LUP 2)*
- [ ] Property Fairness (PFA 2)*
- [ ] Quiet Title (QTI 2)*
- [ ] Unlawful Detainer (UND 2)

**JUDGMENT**
- [ ] Confession of Judgment (MSC 2)*
- [ ] Judgment, Another County, Abstract (ABJ 2)
- [ ] Judgment, Another State or Country (FJU 2)
- [ ] Tax Warrant (TAX 2)
- [ ] Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**
- [ ] Action to Compel/Confirm Private Binding Arbitration (MSC 2)
- [ ] Certificate of Rehabilitation (MSC 2)
- [ ] Change of Name (CHN 2)
- [ ] Deposit of Surplus Funds (MSC 2)
- [ ] Emancipation of Minor (EOM 2)
- [ ] Frivolous Claim of Lien (MSC 2)
- [ ] Injunction (INJ 2)*
- [ ] Interpleader (MSC 2)
- [ ] Malicious Harassment (MHA 2)*
- [ ] Non-Judicial Filing (MSC 2)
- [ ] Other Complaint/Petition(MSC 2)*
- [ ] Seizure of Property from the Commission of a Crime (SPC 2)*
- [ ] Seizure of Property Resulting from a Crime (SPR 2)*
- [ ] Structured Settlements (MSC 2)*
- [ ] Subpoena (MSC 2)

**PROBATE/GUARDIANSHIP**
- [ ] Absentee (ABS 4)
- [ ] Disclaimer (DSC4)
- [ ] Estate (EST 4)
- [ ] Foreign Will (FNW 4)
- [ ] Guardian (GDN4)
- [ ] Limited Guardianship (LGD 4)
- [ ] Minor Settlement (MST 4)
- [ ] Non-Probate Notice to Creditors (NNC 4)
- [ ] Trust (TRS 4)
- [ ] Trust Estate Dispute Resolution Act/POA (TDR 4)
- [ ] Will Only (WLL4)

**TORT, MEDICAL MALPRACTICE**
- [ ] Hospital (MED 2)*
- [ ] Medical Doctor (MED 2)*
- [ ] Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**
- [ ] Death (TMV 2)*
- [ ] Non-Death Injuries (TMV 2)*
- [ ] Property Damage Only (TMV 2)*

**TORT, NON-MOTOR VEHICLE**
- [ ] Asbestos (PIN 2)**
- [ ] Implants (PIN 2)
- [ ] Other Malpractice (MAL 2)*
- [x] Personal Injury (PIN 2)*
- [ ] Products Liability (TTO 2)*
- [ ] Property Damage (PRP 2)*
- [ ] Wrongful Death (WDE 2)*
- [ ] Tort, Other (TTO 2)*

**WRIT**
- [ ] Habeas Corpus (WHC 2)
- [ ] Mandamus (WRM 2)**
- [ ] Review (WRV 2)**

* The filing party will be given an appropriate case schedule. ** Case schedule will be issued after hearing and findings.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

RECEIVED
OCT 2 6 2004
STAFFORD FREY COOPER

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| KENNETH FLEMING and JOHN DOE,<br><br>                    Plaintiffs,<br><br>v.<br><br>THE CORPORATION OF THE PRESIDENT<br>OF THE CHURCH OF JESUS CHRIST OF<br>LATTER-DAY SAINTS, a Utah corporation<br>sole, a/k/a the "MORMON CHUCH," LDS<br>SOCIAL SERVICES a/k/a LDS FAMILY<br>SERVICES, a Utah corporation,<br><br>                    Defendants | NO.<br><br>SUMMONS |

**TO THE DEFENDANT:**    LDS Social Services

A lawsuit has been started against you in the above-entitled court by Plaintiffs.

Plaintiffs' claim is stated in the written Complaint, a copy of which is served upon you with

this Summons.

SUMMONS - 1 of 3
()
[128140 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons within the State of Washington or 60 days if served outside of the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what it asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this ⟨2 5⟩ day of October, 2004.

GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM, P.L.L.C.

By _____

Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Attorneys for Plaintiffs

SUMMONS - 2 of 3
()
[128140 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
900 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

By _____

       Timothy D. Kosnoff WSBA 16586

       LAW OFFICE OF TIMOTHY D. KOSNOFF

       Attorneys for Plaintiffs

SUMMONS  - 3 of 3

0

[128140 v01.doc]

LAW OFFICES

GORDON, THOMAS, HONEYWELL, MALANCA,

PETERSON & DAHEIM LLP

ONE UNION SQUARE

600 UNIVERSITY, SUITE 2100

SEATTLE, WASHINGTON 98101-4185

(206) 676-7500 - FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8

RECEIVED

OCT 2 6 2004

STAFFORD FREY COOPER

9

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

10

KENNETH FLEMING and JOHN DOE,

11                               NO.
                Plaintiffs,
12                               SUMMONS

13    v.

14    THE CORPORATION OF THE PRESIDENT
      OF THE CHURCH OF JESUS CHRIST OF
15    LATTER-DAY SAINTS, a Utah corporation
      sole, a/k/a the "MORMON CHUCH," LDS
16    SOCIAL SERVICES a/k/a LDS FAMILY
      SERVICES, a Utah corporation,
17
18                Defendants

19

20    **TO THE DEFENDANT:**    The Corporation of the President of the Church of Jesus
21                             Christ of Latter-Day Saints

22
      A lawsuit has been started against you in the above-entitled court by Plaintiffs.
23
      Plaintiffs' claim is stated in the written Complaint, a copy of which is served upon you with
24
      this Summons.
25

26

SUMMONS - 1 of 3
()
[128133 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
[206] 676-7500 - FACSIMILE (206) 676-7575

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons within the State of Washington or 60 days if served outside of the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what it asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 25 day of October, 2004.

GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM, P.L.L.C.

By _____

Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Attorneys for Plaintiffs

SUMMONS - 2 of 3
()
[128133 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

By _____
      Timothy D. Kosnoff WSBA 16586
      LAW OFFICE OF TIMOTHY D. KOSNOFF
      Attorneys for Plaintiffs

SUMMONS - 3 of 3
()
[128133 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 876-7500 - FACSIMILE (206) 676-7676

FILED

04 OCT 25 PM 4: 04

SUPERIOR COURT CLERK
KENT, WA

JAMES CAYCE

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

KENNETH FLEMING and JOHN DOE,

Plaintiffs,

v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole, a/k/a the "MORMON CHUCH," LDS
SOCIAL SERVICES a/k/a LDS FAMILY
SERVICES, a Utah corporation,

Defendants

**04-2-33910-3KNT**

NO.

COMPLAINT

Comes now plaintiffs Kenneth Fleming and John Doe, by and through their attorneys Michael T. Pfau, Gordon Thomas Honeywell Malanca Peterson & Daheim, LLP and Timothy Kosnoff, Law Offices of Timothy Kosnoff, PC, and hereby states and alleges as follows.

COMPLAINT - 1 of 14
0
{126468 v04.doc}

ORIGINAL

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7000 - FACSIMILE (206) 676-7575

I.

## GENERAL ALLEGATIONS AND PARTIES

1.1     Plaintiffs KENNETH FLEMING and JOHN DOE are adults and at all times relevant hereto were boys residing with their parents in Kent, Washington. Kenneth, his mother and his four siblings were recruited into the Mormon Church.

1.2     At all relevant times, plaintiffs were members of the Church of Jesus Christ of Latter-day Saints and attended the Kent 2nd Ward.

1.3     Defendant CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, also known as the "Mormon Church," operates its worldwide affairs as the Corporation of the President of the Church of Jesus Christ of Latter-day Saints and Successors, a Utah Corporation Sole ("COP").

1.4     COP is a corporation governed by a single individual, the President of the Mormon Church. The President wields ultimate and absolute authority within the Mormon Church. The President of the Mormon Church, Gordon B. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will. The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes. As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses. The acts of the President, in his capacity as head of the Mormon Church, are the acts of COP. COP is registered to do

COMPLAINT - 2 of 14
0
[126468 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

business within, and conducts continuous and systematic activities within, the State of Washington.

1.5     COP administers the Mormon Church through a multi-level structure. Structurally, the Mormon Church follows a strict hierarchical form. At the local level are wards, consisting of a geographic area administered by a bishop and two counselors which comprise the governing "bishopric." A cluster of 8-12 wards are grouped into a stake, which is administered by a stake president. Stakes are, in turn, grouped into areas, which are administered by an area president. All bishops, stake presidents, and area presidents are answerable, directly or indirectly, to COP and are its agents and servants. The wards, stakes and areas of the Mormon Church are instruments of COP and are not separate corporate entities.

1.6     All members of the Mormon Church are required to tithe 10% of their annual gross income to the Church as a condition of membership. The Church's income from tithing is approximately 5.5 to 7.5 billion dollars annually.

1.7     During all times material to this action, the plaintiffs' families regularly attended and tithed to the Mormon Church.

1.8     LDS SOCIAL SERVICES a/k/a LDS FAMILY SERVICES (hereinafter "LDSSS") was at all relevant times the official social service arm of the Mormon Church. Its purpose was to provide ward bishops and priesthood leaders access to state-licensed social services delivered "by staff members and volunteers whose values, knowledge, and professional skills are in harmony with the gospel and the order of the Church."

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1.9    LDSSS was at all relevant times a Utah Corporation headquartered in Salt Lake City, Utah. On information and belief it has branch offices throughout the United States and worldwide.

1.10    At all relevant times, LDSSS was an agent of COP.

1.11    COP and LDSSS were, at all relevant times, mandatory child abuse reporters subject to RCW § 26.44.030

1.12    DR. HERMAN M. ALLENBACH was at relevant times a High Priest, Bishopric Counselor and Scout leader in the Kent 2nd Ward of the Church of Jesus Christ of Latter-day Saints and he was their agent. ALLENBACH was an oral surgeon with a practice in Kent. In addition to owning and operating a professional oral surgery practice in Kent, Allenbach owned and managed commercial and residential rental properties in the Kent area.

1.13    ALLENBACH died March 6, 2000.

1.14    At relevant times RANDY BORLAND, PHILLIP COLEMAN and RICHARD PETITT were ward bishops of the Kent 2nd Ward.

1.15    JACK ALLEN LOHOLT, a/k/a JACK ALLEN ONOFREY ("Loholt"), is a twice-convicted, compulsive sexual predator of children. At all relevant times LOHOLT was a member of the Mormon Church and held the status of Melchizedek Priest, and Elder. At all relevant times, LOHOLT was the assistant scout leader in the Kent 2nd Ward of the Mormon Church. As such, he was subject to the control and discipline of the Church, and he was, at all relevant times, COP's agent.

COMPLAINT - 4 of 14
0
[126465 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## II.

## JURISDICTION AND VENUE

2.1    The subject matter hereof and the parties hereto, is subject to the jurisdiction of the above-entitled court; and that venue is proper.

## III.

## FACTS

3.1    Adherents of the Mormon faith who have been baptized into the Church are known as members. COP has the power to limit or restrict the capacity in which any member serves the Church, and may place such conditions on a member as may be in the interests of the Church and of its members and prospective converts.

3.2    Adult male members of the Church are eligible to be ordained as a Priest. There are various levels of priesthood, including elevation to the rank of "Elder," "Melchizedek" Priest and High Priest. Elders and Melchizedek and High Priests are held out by the Mormon Church as men that are morally worthy and deserving of the trust of its members.

3.3    At all relevant times, the Mormon Church assumed special responsibilities toward its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

3.4    The Mormon Church is closely affiliated with the Boy Scouts of America. The Mormon Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United States. Since 1913 the Mormon Church has used the Scouting program as an

COMPLAINT - 5 of 14
0
[126468 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

integral part of its ministry to boys and young men. Scouting is the exclusive youth activity for males in the Mormon Church.

3.5    In approximately 1969, LOHOLT resided in a rental home owned by Dr. Allenbach. The home was located on the same property as the Allenbach family home in Kent.

3.6    At all relevant times, LOHOLT worked as contractor and handyman for Allenbach. Both were Mormon priests and both were active in the Kent 2nd ward scouting program.

3.7    In approximately 1970-1971, LOHOLT masturbated and ejaculated in front of the neighbors' seven year old son. The neighbors complained to Dr. Allenbach. Allenbach told them that he would "take care of it."

3.8    Despite this complaint, neither ALLENBACH nor any other church officials reported LOHOLT to civil authorities, warned church members about LOHOLT or took any action to protect children. Instead, Mormon Church officials did nothing about LOHOLT and continued him as assistant scoutmaster.

3.9    In approximately 1971-73, members of the Kent 2d Ward complained to Bishop Randy Borland that LOHOLT was sexually abusing their thirteen-year-old sons. Borland confronted LOHOLT about the allegations. LOHOLT denied abusing those boys but admitted that he was molesting other boys in the ward, including the instant plaintiff, John Doe.

3.10    In response, Borland interviewed those boys and their parents and confirmed that LOHOLT had been abusing them. Despite this certain knowledge that LOHOLT was an

COMPLAINT - 6 of 14
0

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

abuser, COP failed to report LOHOLT to civil authorities, failed to warn parents and failed to take any measures to protect children from LOHOLT. Further, COP failed to provide guidance counseling and support to the victims. Instead, Bishop Borland temporarily removed LOHOLT from his position as assistant scout master and sent LOHOLT to LDSSS for counseling. LOHOLT underwent a brief period of counseling with LDSSS during which he fully informed his counselors that he had constant, uncontrollable urges to have sex with children. Instead of providing him proper treatment, LDSSS counseled LOHOLT to read scripture, to repent of his sins and to pray more.

3.11    LDSSS and COP, despite being mandatory child abuse reporters in Washington, and despite having certain knowledge that LOHOLT presented a severe and immediate threat to children, failed to report him to civil authorities, failed to warn parents and failed to take any reasonable steps to warn or protect children it knew or should have known were at risk of abuse by LOHOLT. Instead, COP put LOHOLT back in to his role as assistant scoutmaster and allowed him to resume working with boys in the ward's scouting program.

3.12    For the next seven years, LOHOLT sodomized young boys in the ward's scouting program including plaintiffs beginning when they were approximately ten or eleven years old.

3.13    In approximately 1979 or 1980, LOHOLT sexually abused two twelve year old scouts on a campout and it was reported to Bishop Petit.

3.14    Petit removed LOHOLT from the ward's scouting program but never reported the incidents to the police or to civil authorities and failed to investigate the full extent of

COMPLAINT - 7 of 14
0
[126468 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

LOHOLT's predations of boys in the ward. Further, COP failed to provide adequate guidance, counseling and support to the victims.

3.15    In 1980, LOHOLT moved to Kenora, Ontario, Canada to get a "fresh start." In Kenora, LOHOLT joined a Mormon ward and immediately got involved in the scouting program. COP failed to warn church and scout officials in Kenora about LOHOLT's history of sexually abusing children in the United States.

3.16    In Canada, LOHOLT sexually abused five boy scouts. He was arrested, prosecuted and convicted of child sexual abuse in Winnipeg. COP knew that LOHOLT had been convicted of abusing boys in Canada but did nothing to warn or protect children when he returned to the United States after his release from prison.

3.17    After serving a prison sentence in Canada, LOHOLT moved back to Kent and back in to one of Allenbach's rental properties. Mormon Church officials never warned parents or civil authorities that LOHOLT, a serial sexual predator of children and had returned to the community.

3.18    Upon his return to Kent, LOHOLT immediately began sexually abusing another neighbor child, an eight year old girl with whom he had sexual contact 50-100 times between 1985 and 1988. LOHOLT was prosecuted and convicted of indecent liberties with a child in 1991. At sentencing, a Mormon church official asked the court for leniency for LOHOLT. One church official represented to the sentencing court that LOHOLT had served as a ward scout leader from 1972 to 1979 and that he was "very diligent and gave outstanding service." LOHOLT was sentenced to prison. Upon release from prison, LOHOLT returned to Canada.

COMPLAINT - 8 of 14
0
[126468 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

3.19    LOHOLT now lives in Lake La Hache, B.C. and goes by the name Jack Onofrey. He is married and attends the local branch of the Mormon Church. COP has not warned members of the branch that LOHOLT is a child sexual predator.

IV.

### FIRST CAUSE OF ACTION

(Negligence and Breach of Fiduciary Duty)

4.1    Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this count and further alleges:

4.2    Defendant COP had a special relationship with plaintiffs and with LOHOLT. Knowing that LOHOLT was a pedophile who was actively abusing children, COP had a duty to warn or protect foreseeable victims including plaintiffs.

4.3    Defendant LDSS had a "special relationship with LOHOLT. Knowing that LOHOLT was a dangerous pedophile, LDSSS had a duty to warn or protect foreseeable victims including plaintiffs.

4.4    Furthermore, at all relevant times, the Mormon Church's bishops, stake presidents, Boy Scout leaders and LDS Social Services therapists were all mandatory child abuse reporters pursuant to R.C.W. 24.44.

4.5    The Mormon Church's bishops, stake presidents, Boy Scout leaders and therapists within the State of Washington breached both a statutorily proscribed duty and a duty of reasonable care by failing to report their knowledge of LOHOLT'S sexual abuse of children to civil authorities.

4.6    But for the breach of duty, acts, omissions and deceit of COP, church bishops, boy scout leaders, stake presidents and area presidents, LOHOLT would not have been able to

COMPLAINT - 9 of 14
0
[126468 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

abuse plaintiffs because LOHOLT would have been arrested, prosecuted and convicted or would have been in prison or under an order of supervision or would otherwise have been publicly identified as a child molester.

4.7    Moreover, COP adopted guidelines for handling victims of child sexual abuse and sex offenders. Plaintiffs are of the class of people whom the guidelines were designed to protect. The harm Plaintiffs suffered as a result of Defendant's negligence was the harm contemplated in Defendant's Handbook of Instruction to clergy.

4.8    Notwithstanding Defendant COP's duty, it failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

4.9    Defendant COP failed to properly investigate allegations of abuse and failed to reach out and provide services to victims.

4.10    Defendants COP and LDSSS knew, or in the exercise of reasonable care should have known, that its failure to report LOHOLT'S sexual abuse to appropriate law enforcement or social services agencies or to notify Plaintiff's family or other families would result in LOHOLT sexually abusing members of the ward scout troop including plaintiffs.

4.11    As a result of the molestation and breach of trust, each plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to their general, non-economic damage in an amount to be determined. As a further result of the sexual abuse, each plaintiff has incurred and/or will continue to incur costs for counseling and

COMPLAINT - 10 of 14
0
[126468 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

4.12 Defendants' conduct was the result of a willful, reckless and outrageous indifference to a highly unreasonable risk of harm and a conscious indifference to the health, safety and welfare of plaintiffs. COPs conduct is socially intolerable and plaintiffs give notice of intent to seek exemplary damages.

IV.

## SECOND CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

5.1 Plaintiffs re-allege and incorporate the paragraph set forth above.

5.2 Defendants' negligence acts and omissions exposed plaintiffs to emotional injuries from Loholt's sexual abuse and exploitation of him.

5.3 As a direct and proximate result, therefore, plaintiffs have suffered and will continue to suffer physical and emotional injuries.

VI.

## THIRD CAUSE OF ACTION

(Estoppel and Fraudulent Concealment)

6.1 Plaintiffs re-allege the paragraphs set forth above.

6.2 Defendants engaged in a plan of action to cover up incidents of the sexual abuse of minors by its Melchizedek priests and scout leaders and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, the transfer of abusive Melchizedek priests and scoutmasters, coercion of victims and their

COMPLAINT - 11 of 14
0
[126468 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 – FACSIMILE (206) 676-7575

families and by failure to seek out and redress the injuries these men had caused. Based on these actions, the defendants engaged in fraudulent concealment and are estopped from asserting defense of limitations.

## VII.

### FOURTH CAUSE OF ACTION:

#### (Civil Conspiracy)

7.1    Plaintiffs re-allege the paragraphs set for above.

7.2    Defendants, by and through their agents and representatives, conspired to cover up incidents of sexual abuse of minors by Melchizedek priests and scout leaders and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, aiding criminal child molesters in evading detection, arrest and prosecution, allowing them to cross state and international borders for purposes of gaining access to uninformed parents whose innocent children could sexually abused, failure to warn, and by failure to seek out and redress the injuries its priests and scoutmasters had caused. Based on these actions, the defendants conspired for the unlawful purpose of concealing and suppressing information on the danger and threat that its priests posed to unsuspecting children, including the plaintiffs.

## VIII.

### DAMAGES

8.1    As a direct and proximate result, the wrongful acts of defendants, plaintiffs have suffered serious and continuing physical and emotional harm.

COMPLAINT - 12 of 14
0
[126468 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

8.2     As a proximate cause of the aforementioned acts, plaintiffs have sustained past general and special damages, including but not limited to, the following damages in an amount to be proven at trial.

8.3     Past, present and future physical and emotional pain and suffering.

8.4     Past, present and future permanent and continuing physical and psychological injury.

8.5     Past, present and future impaired earning capacity, and

8.6     Medical bills and other related expenses for past and future treatment.

IX.

## PUNITIVE DAMAGES

9.1     Plaintiffs give notice of intent to seek an amount of punitive damages under foreign law.

X.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter a judgment against the Defendants, jointly and severally, and in Plaintiffs' behalf, for the following:

1.      For special damages for medical treatment expenses, lost earnings, and lost earnings capacity, and the expenses of medication and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

2.      For all general damages, for mental, physical and emotional upset and disturbance, and other disorders resulting from the acts complained of herein;

COMPLAINT - 13 of 14
()
[126468 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7600 • FACSIMILE (206) 676-7675

3.    For such attorney's fees, prejudgment interest, costs and exemplary damages allowed by RCW 9.68A.130 and other law; and

4.    For punitive damages under foreign law.

5.    For such other and further relief as this Honorable Court determines just in the premises.

Dated this 25 day of October, 2004.

GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM, P.L.L.C.

By _____

Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Attorneys for Plaintiffs

By _____

Timothy D. Kosnoff WSBA 16586
LAW OFFICE OF TIMOTHY D. KOSNOFF
Attorneys for Plaintiffs

COMPLAINT - 14 of 14
0
[126468 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

# EXHIBIT 2

Fleming v. The Corporation of the President of the Church of Jesus Christ of
Latter-Day Saints
King County Superior Court Cause No.: 04-2-33910-3KNT

FILED

04 OCT 25  PM 4: 04

..... COUNTY
SUPERIOR COURT CLERK
KENT, WA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| KENNETH FLEMING | NO.  04-2-33910-3    KNT |
| | *Order Setting Civil Case Schedule (*ORSCS)* |
| **Plaintiff(s)** | |
| vs | |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS ET AL | ASSIGNED JUDGE  Cayce            50 |
| | FILE DATE:                          10/25/2004 |
| **Defendant(s)** | **TRIAL DATE:**                      **04/17/2006** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

### I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this Order Setting Case Schedule (*Schedule*) on the Defendant(s) along with the *Summons and Complaint/Petition*. Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the *Summons and Complaint/Petition* or (2) service of the Defendant's first response to the *Complaint/Petition*, whether that response is a *Notice of Appearance*, a response, or a Civil Rule 12 (CR 12) motion. The *Schedule* may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____      |      _____
        Print Name                                                Sign Name

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules *(KCLR)* — especially those referred to in this *Schedule.* In order to comply with the *Schedule,* it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for meeting the discovery cutoff date [*See KCLR 37(g)*].

**SHOW CAUSE HEARINGS FOR CIVIL CASES [King County Local Rule 4(g)]**
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the deadline in the schedule. A review of the case will be undertaken to confirm service of the original complaint and to verify that all answers to claims, counterclaims and cross-claims have been filed. If those mandatory pleadings are not in the file, a *Show Cause Hearing* will be set before the Chief Civil or RJC judge. The Order to Show Cause will be mailed to all parties and designated parties or counsel are required to attend.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement,* the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to present an *Order of Dismissal,* without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. Any party filing a **Statement must pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Rule 41.

*King County Local Rules are available for viewing at www.metrokc.gov/kcscc.*

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Mon 10/25/2004 | * |
| Confirmation of Service [See KCLR 4.1]. | Mon 11/22/2004 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Mon 04/04/2005 | * |
| DEADLINE to file Confirmation of Joinder if not subject to Arbitration. [See KCLR 4.2(a) and Notices on Page 2]. **Show Cause hearing will be set if Confirmation is not filed.** | Mon 04/04/2005 | * |
| DEADLINE for Hearing Motions to Change Case Assignment Area. [See KCLR 82(e)] | Mon 04/18/2005 | |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLR 26(b)]. | Mon 11/14/2005 | |
| DEADLINE for Disclosure of Possible Additional Witnesses [See KCLR 26(b)]. | Tue 12/27/2005 | |
| DEADLINE for Jury Demand [See KCLR 38(b)(2)]. | Mon 01/09/2006 | * |
| DEADLINE for Setting Motion for a Change in Trial Date [See KCLR 40(e)(2)]. | Mon 01/09/2006 | * |
| DEADLINE for Discovery Cutoff [See KCLR 37(g)]. | Mon 02/27/2006 | |
| DEADLINE for Engaging in Alternative Dispute Resolution [See KCLR 16(c)]. | Mon 03/20/2006 | |
| DEADLINE for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLR 16(a)(4)]. | Mon 03/27/2006 | |
| DEADLINE to file Joint Confirmation of Trial Readiness [See KCLR 16(a)(2)] | Mon 03/27/2006 | * |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56]. | Mon 04/03/2006 | |
| Joint Statement of Evidence [See KCLR 16(a)(6)]. | Mon 04/10/2006 | * |
| Trial Date [See KCLR 40]. | Mon 04/17/2006 | |

* Indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

### III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED:  10/25/2004

_Richard D. Eadie_

**PRESIDING JUDGE**

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

**READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE**

**This case is assigned to the Superior Court Judge whose name appears in the caption of this** *Schedule.* **The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.**

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**The following procedures hereafter apply to the processing of this case:**

**APPLICABLE RULES:**

a. Except as specifically modified below, all the provisions of King County Local Rules 4 through 26 shall apply to the processing of civil cases before Superior Court Judges.

**CASE SCHEDULE AND REQUIREMENTS:**

A. Show Cause Hearing: A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.

B. Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. **This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:**

1) Settlement/Mediation/ADR Requirement;
2) Exchange of Exhibit Lists;
3) Date for Exhibits to be available for review;
4) Deadline for disclosure of witnesses;
5) Deadline for filing Joint Statement of Evidence;
6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
7) voir dire questions, etc;
8) Use of depositions at trial;
9) Deadlines for nondispositive motions;
10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
11) Witnesses — identity, number, testimony;

C. Joint Confirmation regarding Trial Readiness Report: No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

D. Settlement/Mediation/ADR:

1) **Forty five (45) days before the Trial Date,** counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).

2) **Twenty eight (28) days before the Trial Date,** a settlement/mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

E. Trial: Trial is scheduled for 9:00 a.m. on the date on the *Schedule or as soon thereafter as convened by the court.* The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

**MOTIONS PROCEDURES:**

**A. Noting of Motions**

**Dispositive Motions:** All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules.

King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.

**Nondispositive Motions:** These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "Without Oral Argument." King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.

Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Local Rule 94.04 govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time*. However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

**Filing of Documents** All original documents must be filed with the Clerk's Office. *The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

**C. Form:** Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

*Richard D. Eadie*

**PRESIDING JUDGE**

# EXHIBIT 3

Fleming v. The Corporation of the President of the Church of Jesus Christ of
Latter-Day Saints
King County Superior Court Cause No.: 04-2-33910-3KNT

FILED

04 NOV -2 PM 3: 13

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

## SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

KENNETH FLEMING AND JOHN DOE

              Plaintiff/Petitioner

vs.

THE CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY
SAINTS, A UTAH CORPORATION SOLE, a/k/a
MORMON CHURCH; ET AL.

              Defendant/Respondent

Cause #:  04-2-33910-3KNT

Declaration Of Service Of:
SUMMONS; COMPLAINT; ORDER SETTING CIVIL CASE
SCHEDULE

Hearing Date:

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Oct 29 2004 10:30AM  at the address of 202 N PHOENIX ST  OLYMPIA , within the County of Thurston , State of Washington , the declarant duly served the above described documents upon LDS SOCIAL SERVICES, a/k/a LDS FAMILY SERVICES   by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with DEBBIE VINIARSKI AGENT FOR CORPORATION SERVICE COMPANY, R.A. FOR ABOVE CORP..

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct. Dated: October 29, 2004 at Olympia, WA.

by _____

        H. Carino    PSR2004-0326-04

Service Fee Total: $    44.05

ABC Legal Services, Inc.
(206) 521-9000
Tracking #: 3261467

**ORIGINAL
PROOF OF SERVICE**

Page 1 of 1

Gordon, Thomas (Seattle)
600 University St, #2101
Seattle, WA  98101
206 676-7500

CR_PSRLOR14

*This Copy for the Process Server*

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

KENNETH FLEMING and JOHN DOE,

        Plaintiffs,

v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole, a/k/a the "MORMON CHUCH," LDS
SOCIAL SERVICES a/k/a LDS FAMILY
SERVICES, a Utah corporation,

        Defendants

NO. 04-2-33910-3 KDT

SUMMONS

**TO THE DEFENDANT:**    LDS Social Services

    A lawsuit has been started against you in the above-entitled court by Plaintiffs. Plaintiffs' claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

SUMMONS - 1 of 3
()
[125140 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and by serving a copy upon the person signing this Summons within 20 days after the service of this Summons within the State of Washington or 60 days if served outside of the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what it asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

Dated this 25 day of October, 2004.

GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM, P.L.L.C.

By _____

Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Attorneys for Plaintiffs

SUMMONS - 2 of 3
0
[128140 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

By _____

2          Timothy D. Kosnoff WSBA 16586
           LAW OFFICE OF TIMOTHY D. KOSNOFF
3          Attorneys for Plaintiffs

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMONS - 3 of 3
0
[128140 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

# EXHIBIT 4

Fleming v. The Corporation of the President of the Church of Jesus Christ of
Latter-Day Saints
King County Superior Court Cause No.:  04-2-33910-3KNT

The Honorable James D. Cayce

RECEIVED

2004 NOV 18  PM 4: 21

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE. WA

1

2

3

4

5

6

7

8        SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

9   KENNETH FLEMING and JOHN DOE,

10                  Plaintiffs,                No.  04-2-33910-3 KNT

11             v.                              **NOTICE OF APPEARANCE**

12   THE CORPORATION OF THE               *Clerk's Action Required*
     PRESIDENT OF THE CHURCH OF
13   JESUS CHRIST OF LATTER-DAY
     SAINTS, a Utah corporation sole, a/k/a the
14   "MORMON CHURCH;" LDS SOCIAL
     SERVICES a/k/a LDS FAMILY SERVICES,
15   a Utah corporation,

16                  Defendants.

17

18        PLEASE TAKE NOTICE that the appearance of defendants is entered in the

19   above-entitled action through the undersigned attorneys, and that all future pleadings or

20   papers, exclusive of original process, are to be served upon said attorneys at their

21   address below stated.  Defendants, by making this appearance, do not waive and

22   hereby explicitly reserve the right to raise defenses of improper venue, lack of personal

23

NOTICE OF APPEARANCE OF DEFENDANTS - 1

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
501 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1  jurisdiction, insufficiency of process, insufficiency of service of process, and all other

2  defenses each may have in this action.

3          DATED this 10th day of November, 2004 at Seattle, Washington.

4                              **STAFFORD FREY COOPER**
                               *Professional Corporation*

5

6

7          By _____
                               Thomas D. Frey, WSBA #1908
8                              Attorneys for Defendants

9                              **STAFFORD FREY COOPER**
                               *Professional Corporation*

10

11          By _____
12                             Marcus B. Nash, WSBA #14471
                               Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

NOTICE OF APPEARANCE OF DEFENDANTS - 2

# CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury according to the laws of the State of Washington that on this date I caused to be served in the manner noted below true and correct copies of *Notice of Appearance of Defendants* on the following individuals:

Timothy D. Kosnoff, Esq.          *Counsel for Plaintiffs*          [ ] Via Facsimile
Law Offices of Timothy D. Kosnoff                                  [X] Via Mail
600 University Street, Suite 2100                                  [ ] Via Messenger
Seattle WA  98101-4185

Michael T. Pfau, Esq.             *Counsel for Plaintiffs*          [ ] Via Facsimile
Gordon Thomas Honeywell, et al.                                    [X] Via Mail
600 University Street, Suite 2100                                  [ ] Via Messenger
Seattle WA  98101-4185

Dated this 10th day of November, 2004, at Seattle, Washington.

_____
MARY ANN JARRETT

NOTICE OF APPEARANCE OF DEFENDANTS - 3

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

# EXHIBIT 5

Fleming v. The Corporation of the President of the Church of Jesus Christ of
Latter-Day Saints
King County Superior Court Cause No.: 04-2-33910-3KNT

RECEIVED    The Honorable James D. Cayce

2004 NOV 18 PM 4:21

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

8   SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

KENNETH FLEMING and JOHN DOE,              No.  04-2-33910-3 KNT

              Plaintiffs,                  **ACCEPTANCE OF SERVICE**

       v.

THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY
SAINTS, a Utah corporation sole, a/k/a the
"MORMON CHURCH;" LDS SOCIAL
SERVICES a/k/a LDS FAMILY SERVICES,
a Utah corporation,

              Defendants.

       The undersigned counsel for defendants declare under oath that they are the

attorneys of record for defendants and authorized to and do hereby accept service of

plaintiffs' Summons and Complaint on behalf of The Corporation of the President of the

Church of Jesus Christ of Latter-Day Saints.

ACCEPTANCE OF SERVICE - 1
M:\CLIENT8\75682522\PLD ACCEPTANCE OF SERVICE.DOC

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1    Dated this 10 day of November, 2004 at Seattle, Washington.

2                        STAFFORD FREY COOPER
                        *Professional Corporation*
3

4
                        By
5                            Thomas D. Frey, WSBA #1908
                            Attorneys for Defendants
6

7                        STAFFORD FREY COOPER
                        *Professional Corporation*
8
                        By
9                            Marcus B. Nash, WSBA #14471
                            Attorneys for Defendants
10

11

12

13

14

15

16

17

18

19

20

21

22

23

ACCEPTANCE OF SERVICE - 2
M:\CLIENTS\75682\5226\PLD ACCEPTANCE OF SERVICE.DOC

1

## CERTIFICATE OF SERVICE

2

3      The undersigned certifies under the penalty of perjury according to the laws of

4  the State of Washington that on this date I caused to be served in the manner noted

5  below true and correct copies of *Acceptance of Service* on the following individuals:

6  Timothy D. Kosnoff, Esq.              *Counsel for Plaintiffs*         [ ] Via Facsimile
   Law Offices of Timothy D. Kosnoff                                      [X] Via Mail
7  600 University Street, Suite 2100                                      [ ] Via Messenger
   Seattle WA 98101-4185

8
   Michael T. Pfau, Esq.                 *Counsel for Plaintiffs*         [ ] Via Facsimile
9  Gordon Thomas Honeywell, et al.                                        [X] Via Mail
   600 University Street, Suite 2100                                      [ ] Via Messenger
10 Seattle WA 98101-4185

11

12      Dated this  10th  day of November, 2004, at Seattle, Washington.

13

14                              _____
                                      MARY ANN JARRETT
15

16

17

18

19

20

21

22

23

ACCEPTANCE OF SERVICE - 3
M:\CLIENTS\7566\25226\PLD ACCEPTANCE OF SERVICE.DOC

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.0900  FAX 206.624.6885