CC TO JUDGE___DJ___

_____ FILED  _____ ENTERED
_____ LODGED  ____ ____ RECEIVED

NOV 22 2004    DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
                                    DEPUTY

04-CV-02338-IFP

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KENNETH FLEMING and JOHN DOE,

Plaintiffs,

v.

THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY
SAINTS, a Utah corporation sole, a/k/a
"MORMON CHURCH"; LDS SOCIAL
SERVICES a/k/a LDS FAMILY SERVICES,
a Utah corporation,

Defendants.

No. CV4-2338-M

**DEFENDANTS' ANSWER TO
PLAINTIFFS' COMPLAINT**

Defendants The Corporation of the President of The Church of Jesus Christ of
Latter-day Saints and LDS Family Services ("defendants") respond to Plaintiffs'
Complaint as follows:

1.    Answering paragraph 1.1 of plaintiffs' Complaint, defendants admit that
Kenneth Fleming at one time was believed to have resided in Kent, Washington, where
his parents also resided.  Except as expressly admitted herein, defendants are without

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT – 1            No. CV4-2338-M
U:\Clients\7586\25226\Pleadings - Federal\PLD Answer.doc

ORIGINAL

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9000  FAX 206.624.6885

1    present knowledge or information sufficient to form a belief as to the truth or falsity of

2    the remaining allegations contained herein, and therefore deny the same.

3      2.    Answering paragraph 1.2 of plaintiffs' Complaint, defendants admit that

4    Kenneth Fleming was at one time a member of the Church of Jesus Christ of Latter-day

5    Saints ("LDS Church") and resided within the Kent Second Ward. Except as expressly

6    admitted herein, defendants are without present knowledge or information sufficient to

7    form a belief as to the truth or falsity of the remaining allegations contained herein, and

8    therefore deny the same.

9      3.    Answering paragraph 1.3 of plaintiffs' Complaint, defendants admit that

10    the Corporation of the President of the Church of Jesus Christ of Latter-day Saints is a

11    Utah corporation sole; admits that it is registered to do business, and does business, in

12    the State of Washington. Except as expressly admitted herein, any other allegations

13    contained in said paragraph are denied.

14      4.    Answering paragraph 1.4 of plaintiffs' Complaint, defendants admit that

15    one of the ecclesiastical offices of the LDS Church is that of President and Prophet, and

16    that said person possesses and exercises the authority commensurate with that office

17    as defined by the doctrines and beliefs of the LDS Church. Defendants admit that the

18    current President of the LDS Church is Gordon B. Hinckley. Defendants admit that the

19    Corporation of the President of The Church of Jesus Christ of Latter-day Saints is

20    registered to do business and does business in the State of Washington. Except as

21    expressly admitted herein, any other allegations contained in said paragraph are

22    denied.

23

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT – 2      No. CV4-2338-M
U:\Clients\7566\25226\Pleadings - Federal\PLD Answer.doc

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

5.     Answering paragraph 1.5 of plaintiffs' Complaint, defendants admit that the LDS Church functions geographically based upon the designations of "wards" and "stakes," which are geographically delineated.  Defendants admit that there is also a geographic designation of "area" which is used for certain ecclesiastical administration purposes.  Defendants admit that the LDS Church uses the designations of bishops, stake presidents, and area presidents; and admit that "wards," "stakes," and "areas," as those terms are used within the LDS Church are not corporate entities.  Except as expressly admitted herein, any other allegations contained in said paragraph are denied.

6.     Answering paragraph 1.6 of plaintiffs' Complaint, defendants admit that the religious doctrine of tithing is a part of the belief and doctrine of the LDS Church and that all members of the church are invited to practice this doctrine.  Except as expressly admitted herein, any other allegations contained in said paragraph are denied.

7.     Answering paragraph 1.7 of plaintiffs' Complaint, defendants are without present knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained therein, and therefore deny the same.

8.     Answering paragraph 1.8 of plaintiffs' Complaint, defendants admit that LDS Social Services, now known as LDS Family Service, is an LDS Church-affiliated social service organization, but is a corporate entity separate from defendant The Corporation of the President of The Church of Jesus Christ of Latter-day Saints, and is also separate from the unincorporated association denominated as the LDS Church. Defendants further admit that LDS Family Services has state licensed social service personnel on its staff and that some members of the staff of LDS Family Services

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT – 3          No. CV4-2338-M
U:\Clients\7566\25226\Pleadings - Federal\PLD Answer.doc

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1  believe the teachings of the Church of Jesus Christ of Latter-day Saints.  Except as

2  expressly admitted herein, any other allegations contained in said paragraph are

3  denied.

4      9.    Answering paragraph 1.9 of plaintiffs' Complaint, defendants admit that

5  LDS Family Services is and was a Utah corporation whose principal place of business is

6  Salt Lake City, Utah.  Defendants further admit that said corporation has offices in

7  various geographic areas.  Except as expressly admitted herein, any other allegations

8  contained in said paragraph are denied.

9      10.    Answering paragraph 1.10 of plaintiffs' Complaint, defendants deny the

10  same.

11      11.    Answering paragraph 1.11 of plaintiffs' Complaint, defendants admit that

12  certain individuals employed by LDS Family Services may fall within the written

13  definition of mandatory reporters as set forth in RCW 26.44.030.  Except as expressly

14  admitted herein, any other allegations contained in said paragraph are denied.

15      12.    In answering paragraph 1.12 of plaintiffs' Complaint, defendants admit that

16  Herman M. Allenbach, as a male member of the church, participated in the lay

17  priesthood of the church, as that term is defined and understood within the LDS Church,

18  and that Mr. Allenbach had been a high priest, a counselor to the bishopric of the Kent

19  Second Ward, and a scout leader. Defendants further admit that Herman M. Allenbach

20  was an oral surgeon who maintained a practice in Kent, Washington.  Except as

21  expressly admitted herein, defendants are without present knowledge or information

22  sufficient to form a belief as to the truth or falsity of the remaining allegations contained

23  therein, and therefore deny the same.



1    13.    Answering paragraph 1.13 of plaintiffs' Complaint, defendants admit that

2  Herman M. Allenbach died on or about March 6, 2000.

3    14.    Answering paragraph 1.14 of plaintiffs' Complaint, defendants admit that

4  Randy Borland, Phillip Coleman and Richard Petitt have served as bishops in the Kent

5  Second Ward. Except as expressly admitted herein, any other allegations contained in

6  said paragraph are denied.

7    15.    Answering paragraph 1.15 of plaintiffs' Complaint, defendants admit that

8  Jack Allen Loholt,  aka Jack Allen Onofrey, (hereinafter "Loholt") has been convicted of

9  a crime in the State of Washington; has been a member of the LDS Church; and that,

10  as a male member of the church, he participated in the lay priesthood of the church, as

11  that term is defined and understood within the LDS Church.  Except as expressly

12  admitted herein, any other allegations contained in said paragraph are denied.

13    16.    Answering paragraph 2.1 of plaintiffs' Complaint, defendants admit that

14  this Court has jurisdiction of the subject matter, subject to the constraints of the First

15  Amendment of the Constitution of the United States, and Article I, Section II of the

16  Constitution of the State of Washington, and of the parties hereto.  Except as expressly

17  admitted herein, any other allegations contained in said paragraph are denied.

18    17.    Answering paragraph 3.1 of plaintiffs' Complaint, defendants admit that

19  persons who are baptized and confirmed into the LDS Church are members of the

20  church. Defendants further admit that various LDS Church ecclesiastical authorities, in

21  the practice of their religious beliefs and responsibilities, attempt to guide and

22  encourage church member in their service in the church. Except as expressly admitted

23  herein, any other allegations in said paragraph are denied.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT – 5                No. CV4-2338-M
U:\Clients\7586\25226\Pleadings - Federal\PLD Answer.doc

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1    18.    Answering paragraph 3.2 of plaintiffs' Complaint, defendants admit that

2    male members of the LDS Church may be eligible for ordination to the lay priesthood of

3    the church beginning at age 12; admit there are different offices in the priesthood with

4    different responsibilities, and that eligible members of the church must meet the

5    standards of worthiness, as that term is doctrinally defined by the church, before being

6    ordained into an office of the priesthood.  Defendants further admit that the offices of

7    Elder and High Priest (in the Melchizedek Priesthood), are offices in the lay priesthood

8    of the LDS Church.    Except as expressly admitted herein, any other allegations

9    contained in said paragraph are denied.

10    19.    Answering paragraph 3.3 of plaintiffs' Complaint, defendants deny the

11    same.

12    20.    Answering paragraph 3.4 of plaintiffs' Complaint, defendants admit that

13    the LDS Church is and has been for an extended period of time one of many sponsoring

14    organizations for the Boy Scouts of America.  Except as expressly admitted herein, any

15    other allegations contained in said paragraph are denied.

16    21.    Answering paragraphs 3.5, 3.6 and 3.7 of plaintiffs' Complaint, defendants

17    are without present knowledge or information sufficient to form a belief as to the truth or

18    falsity of the allegations contained therein, and therefore the same are denied.    The

19    allegation that Loholt and Allenbach were "Mormon priests" is expressly denied.

20    22.    Answering paragraphs 3.8, 3.9 and 3.10 of plaintiffs' Complaint,

21    defendants deny the same.

22    23.    In answering paragraphs 3.11, 3.12, 3.13, 3.14, 3.15, 3.16. 3.17, 3.18 and

23    3.19 of plaintiffs' Complaint, defendants are without present knowledge or information

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT – 6          No. CV4-2338-M
U:\Clients\7586\25226\Pleadings - Federal\PLD Answer.doc

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900 FAX 206.624.6885

1    sufficient to form a belief as to the truth or falsity of the allegations contained therein,

2    and therefore deny the same.

3        24.    Answering paragraph 4.1 of plaintiffs' Complaint, defendants incorporate

4    herein by reference their responses to plaintiffs' previous allegations, as though fully set

5    forth herein.

6        25.    Answering paragraphs 4.2, 4.3, 4.4, 4.5 and 4.6 of plaintiffs' Complaint,

7    defendants deny the same.

8        26.    Answering paragraph 4.7, defendants admit that the LDS Church has

9    promulgated general guidelines to assist members in helping victims of sexual abuse

10   and sex offenders.    Except as expressly admitted herein, any other allegations

11   contained in said paragraph are denied.

12       27.    In answering paragraphs 4.8, 4.9, 4.10 and 4.11, defendants deny the

13   same.

14       28.    Answering paragraph 4.12 of plaintiffs' Complaint, defendants deny the

15   same.    Further, defendants affirmatively allege that exemplary damages are not

16   permissible in the State of Washington.

17       29.    Answering paragraph 5.1 of plaintiffs' Complaint, defendants incorporate

18   herein by reference their responses to plaintiffs' previous allegations, as though fully set

19   forth herein.

20       30.    Answering paragraphs 5.2 and 5.3 of plaintiffs' Complaint, defendants

21   deny the same.

22

23

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT – 7        No. CV4-2338-M
U:\Clients\7568\25226\Pleadings - Federal\PLD Answer.doc

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

31.    Answering paragraph 6.1 of plaintiffs' Complaint, defendants incorporate herein by reference their responses to plaintiffs' previous allegations, as though fully set forth herein.

32.    Answering paragraph 6.2 of plaintiffs' Complaint, defendants deny the same.

33.    Answering paragraph 7.1 of plaintiffs' Complaint, defendants incorporate herein by reference those responses to plaintiffs' previous allegations, as though fully set forth herein.

34.    Answering paragraph 7.2 of plaintiffs' Complaint, defendants deny the same.

35.    Answering paragraphs 8.1, 8.2, 8.3, 8.4, 8.5 and 8.6 of plaintiffs' Complaint, defendants deny the same.

36.    Answering paragraph 9.1 of plaintiffs' Complaint, defendants respond that said paragraph makes no allegations against these defendants.  To the extent that an answer is required, defendants deny the same and affirmatively assert that punitive damages are not allowed under the laws of the State of Washington.

### AFFIRMATIVE DEFENSES

For further answer, and by way of affirmative defenses, defendants allege as follows:

1.    **Failure to State a Claim.**  Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.    **No Fiduciary Duty.**  Defendants owe no fiduciary duty to plaintiffs.

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT – 8          No. CV4-2338-M
U:\Clients\7566\25226\Pleadings - Federal\PLD Answer.doc

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1     3.    **Failure to Mitigate Damages.**   Plaintiffs have failed to mitigate or

2   minimize their damages, if any.

3     4.    **No Proximate Cause.**   Plaintiffs' damages, if any, were proximately

4   caused by the acts or omissions of others over whom these defendants had no control

5   or right of control.

6     5.    **Contribution.**  If liability is established, these defendants are entitled to

7   contribution from any party or non-party whose negligence may have contributed as a

8   proximate cause to the injury complained of in plaintiffs' Complaint.

9     6.    **Contributory Fault / Apportionment.**   Pursuant to RCW 4.22.070(1),

10   damages are to be apportioned according to the relative fault of all at-fault entities.  In

11   accordance with CR 12(i), defendants identify Jack LoHolt aka Jack Onofrey as an

12   unnamed at-fault party who these defendants claim, pursuant to RCW 4.22.070(1), as

13   being at fault.  Defendants reserve the right to identify other unnamed or as yet

14   unidentified at-fault entities, if any, once such identity has become known to defendants.

15     7.    **No Punitive Damages.**  Plaintiffs' claims for punitive damages should be

16   stricken because such damages are not available under Washington law.  Further any

17   award of punitive damages in this case would violate the constitutional safeguards

18   provided to defendant under the applicable federal and state constitutional provisions,

19   include due process.

20     8.    **Statute of Limitations.**   Plaintiffs' claims are barred by the statute of

21   limitations.

22     9.    **No Liability for Intentional Misconduct.**  Defendants are not liable under

23   the laws of the State of Washington for any damages caused by the intentional



1   misconduct of third parties, and the damages, if any, caused by said third parties, and

2   any of these answering defendants, must be segregated.

### MATTERS OF AVOIDANCE

4       1.    **Freedom of Religion.**  To the extent that plaintiffs' claims are based upon

5   these defendants' exercise of their religious beliefs, they are barred by the defendants'

6   rights under the First Amendment to the United States Constitution, and by Article I,

7   Section II, of the Constitution of the State of Washington.

### RESERVATION

9       Defendants hereby reserve the right to assert such further and other affirmative

10  defenses, avoidances, and to otherwise allege, admit, or deny as may be warranted by

11  discovery.

12      WHEREFORE, defendants pray for judgment as follows:

13      1.    That plaintiffs take nothing by way of their Complaint against these

14  defendants and that the Complaint be dismissed with prejudice;

15      2.    That defendants, each of them, be granted their attorneys' fees and costs

16  against plaintiffs;

17      3.    That, pursuant to RCW 4.22.070, if liability were to be established against

18  these defendants (either or both of them), that each of defendants (either or both of

19  them) be severally liable only for its share of fault, if any (pursuant to RCW 4.22.015);

20  and

21

22

23

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1    4.    That defendants be given such other and further relief as the Court deems

2  just and equitable.

3    DATED this 22nd day of November, 2004.

4                              STAFFORD FREY COOPER

5

6    By_____

7                              Thomas D. Frey, WSBA #1908
                               Marcus B. Nash, WSBA #14471
8                              Attorneys for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT – 11          No. CV4-2338-M
U:\Clients\7566\25226\Pleadings - Federal\PLD Answer.doc

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

## CERTIFICATE OF SERVICE

The undersigned certifies under the penalty of perjury according to the laws of the State of Washington that on this date I caused to be served in the manner noted below true and correct copies of **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** on the following individuals:

Timothy D. Kosnoff, Esq.          *Counsel for Plaintiffs*          [ ] Via Facsimile
Law Offices of Timothy D. Kosnoff                                    [ ] Via Mail
600 University Street, Suite 2100                                    [X] Via Messenger
Seattle WA  98101-4185

Michael T. Pfau, Esq.              *Counsel for Plaintiffs*          [ ] Via Facsimile
Gordon Thomas Honeywell, et al.                                      [ ] Via Mail
600 University Street, Suite 2100                                    [X] Via Messenger
Seattle WA  98101-4185

Dated this 22nd day of November, 2004, at Seattle, Washington.

MARY ANN JARRETT

DEFENDANTS' ANSWER TO PLAINTIFFS'
COMPLAINT – 12          No. CV4-2338-M
U:\Clients\7566\25226\Pleadings - Federal\PLD Answer.doc



STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101-1374
TEL 206.623.9900  FAX 206.624.6885