The Honorable Ricardo Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING and JOHN DOE,<br><br>Plaintiffs,<br>v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/k/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/k/a LDS FAMILY SERVICES, a Utah corporation,<br><br>Defendants. | No. CV4-2338-RSM<br><br>**DEFENDANTS COP AND LDSFS' MOTION FOR DISMISSAL OF PUNITIVE DAMAGES CLAIMS UNDER CR 12(b)(6)**<br><br>*Noted for: January 7, 2005* |

## I. RELIEF REQUESTED

Defendants Corporation of the President of the Church of Jesus Christ of Latter-day Saints ("COP") and LDS Social Services aka LDS Family Services ("LDSFS") respectfully request that this Court dismiss plaintiffs' claims for punitive damages. Plaintiffs have failed to assert any claim under any federal or state statute that provides for punitive damages, and such damages are not otherwise permitted under Washington law.

DEFENDANTS' MOTION FOR DISMISSAL OF
PUNITIVE DAMAGES CLAIMS UNDER CR 12(B)(6) – 1
No. CV4 2338 RSM
U:\CLIENTS\7566\25226\PLEADINGS\PLD DISMISS - MOTION FINAL.doc

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

Dockets.Justia.com

## II. STATEMENT OF FACTS

In their Complaint, plaintiffs allege against these defendants four general causes of action: (1) negligence and breach of fiduciary duty; (2) negligent infliction of emotional distress; (3) estoppel and fraudulent concealment; and (4) civil conspiracy. These four common law claims provide the basis upon which plaintiffs seek an award of punitive damages against these defendants. Because punitive damages for these claims are not authorized by statute and are contrary to the well-established public policy of the State of Washington, they are not recoverable under Washington law. Accordingly, these defendants move the court, pursuant to FRCP 12(b)(6), to dismiss all claims for punitive damages against these defendants.

## III. ISSUE PRESENTED

Do the plaintiffs present a legally cognizable claim for punitive damages where their claim for the recovery of such damages is based upon allegations of: (1) common law negligence and breach of fiduciary duty; (2) negligent infliction of emotional distress; (3) estoppel and fraudulent concealment; and (4) civil conspiracy; and where there is no statutory or common law authority for the imposition of such damages under Washington law.?

## IV. EVIDENCE RELIED UPON

This motion is based upon the records and files herein, specifically including:

(1) Complaint of Plaintiffs Fleming and John Doe on file herein (pages 4-17 to the Declaration of Marcus B. Nash ("Nash Declaration");

(2) Order on Defendant Corporation of the President of the Church of Jesus Christ of Latter-day Saints' Motion to Dismiss Plaintiffs' Punitive Damages Claims

DEFENDANTS' MOTION FOR DISMISSAL OF
PUNITIVE DAMAGES CLAIMS UNDER CR 12(B)(6) – 2
No. CV4 2338 RSM
U:\Clients\7566\25226\Pleadings\PLD Dismiss - Motion Final.doc

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1  under CR 12(b)(6) in <u>Jane Doe, et al. v. The Corporation of The President of The Church of Jesus Christ of Latter-day Saints, et al.</u>, King County Superior Court No. 02-2-04105-1KNT (Nash Declaration, pages 18-20);

(3) Order Granting Partial Summary Judgment Clarifying Choice of Law Issues in <u>Jane Doe, et al. v. The Corporation of The President of The Church of Jesus Christ of Latter-day Saints, et al.</u>, King County Superior Court No. 02-2-04105-1KNT (Nash Declaration, pages 21-23); and

(4) Complaint in <u>Jane Doe, et al. v. The Corporation of The President of The Church of Jesus Christ of Latter-day Saints, et al.</u>, King County Superior Court No. 02-2-04105-1KNT (Nash Declaration, pages 24-32).

### V. LEGAL AUTHORITY AND ANALYSIS

**A.    CR 12(b)(6) Motions Are Intended To Dispose Of Claims Without Legal Merit.**

Under Civil Rule 12(b)(6), the court should dismiss claims which on their face fail to state a claim upon which relief can be granted. <u>Id.</u>  The court should dismiss a claim under CR 12(b)(6) where it appears "beyond a reasonable doubt that no facts exist that would justify recovery." <u>Reid v. Pierce County</u>, 136 Wash. 2d 195, 201, 961 P.2d 333 (1998).  The court should accept as true the allegations in a plaintiff's complaint and any reasonable inferences therein. <u>Id.</u>  However, it should only accept as true "well-pleaded" allegations; it should <u>not</u> accept as true the pleader's mere conclusions, interpretation of statutes involved, or the pleader's construction of the subject matter.  <u>Hodgson v. Bicknell</u>, 49 Wash. 2d 130, 136, 298 P.2d 844 (1956).

DEFENDANTS' MOTION FOR DISMISSAL OF
PUNITIVE DAMAGES CLAIMS UNDER CR 12(B)(6) – 3
No. CV4 2338 RSM
U:\CLIENTS\7566\25226\PLEADINGS\PLD DISMISS - MOTION FINAL.DOC

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

Even assuming, *arguendo*, that plaintiffs' allegations in their Complaint are true, plaintiffs' claims for punitive damages are barred as a matter of law and therefore subject to dismissal under Rule 12(b)(6).

**B.    Punitive Damages Are Contrary To The Established Public Policy Of Washington State, Are Not Permitted For Common Law Tort Claims, And Are Not Permitted Absent Express Statutory Authority.**

Washington courts have, for over a century, consistently disapproved of punitive damages as contrary to public policy.  See, Dailey v. North Coast Life Ins. Co., 129 Wash. 2d 572, 574, 919 P.2d 589 (1996) (citing Spokane Truck & Dray Co. v. Hoefer, 2 Wash. 45, 50-56, 25 P. 1072 (1891)).  In so doing, they have long rejected the argument that civil actions should both compensate the injured party and punish the offender.  Spokane Truck, 2 Wash. at 50-56.  Rather, Washington courts recognize that compensatory damages suffice:

> There is nothing stinted in the rule of compensation. The party is fully compensated for all the injury done his person or his property, and for all losses which he may sustain by reason of the injury, in addition to recompense for physical pain, if any has been inflicted…[The rule of compensatory damages] enters the domain of feeling, tenderly inquires into his mental sufferings, and pays him for any anguish of mind that he may have experienced. Indignities received, insults borne, sense of shame or humiliation endured, lacerations of feelings, disfiguration, loss of reputation or social position, loss of honor, impairment of credit, and every actual loss, and some which frequently border on the imaginary, are paid for under the rule of compensatory damages. The plaintiff is made entirely whole… [H]ence, punitive damages cannot be allowed on the theory that it is for the benefit of society at large, but must logically be allowed on the theory that they are for the sole benefit of the plaintiff, who has already been fully compensated; a theory which is repugnant to every sense of justice

Id. at 52-54.

DEFENDANTS' MOTION FOR DISMISSAL OF PUNITIVE DAMAGES CLAIMS UNDER CR 12(B)(6) – 4
No. CV4 2338 RSM
U:\CLIENTS\7566\25226\PLEADINGS\PLD DISMISS - MOTION FINAL.DOC

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1    Because punitive damages are contrary to public policy, they are not allowed in Washington unless expressly authorized by the Legislature. <u>Barr v. Interbay Citizens Bank</u>, 96 Wash. 2d 692, 699, 635 P.2d 827 (1981); <u>accord</u>: <u>Maki v. Aluminum Bldg. Prods.</u>, 73 Wash. 2d 23, 25, 436 P.2d 186 (1968) (wherein the court states: "the doctrine of punitive damages is unsound in principle and … such damages cannot be recovered in this jurisdiction, absent statutory authorization.").

Plaintiffs fail to allege any claims against the defendant for which the Legislature has expressly authorized punitive damages. Plaintiffs' only statutory claim is that church officials allegedly breached a mandatory duty to report abuse under Chapter 24.44 RCW [sic].[1]  While this claim is in large part deficient on its face (the applicable statute, RCW 26.44.030, does not provide a private right of action and specifically excludes clergy from any mandatory duty to report during much of the time period in question, <u>see</u> RCW 26.44.030), it nonetheless makes no difference whether such a statutory duty existed at any time relevant to this case.  This is so because neither this statute, nor any other related statute, provides for or authorizes an award of punitive damages. <u>Id.</u>  In short, plaintiffs fail to assert any statutory cause of action for which punitive damages are authorized.

In a recent Washington state court case where plaintiffs are represented by the same legal counsel as those employed by plaintiffs in this case (MBN Declaration, pages 24-32), those plaintiffs' punitive damages claims against COP were dismissed by the court for the reasons articulated herein.  (MBN Declaration, pages 18-23.)

---

[1] The mandatory report requirements are codified in Chapter 26.44 RCW, not Chapter 24.44 RCW as plaintiffs erroneously cite.

DEFENDANTS' MOTION FOR DISMISSAL OF
PUNITIVE DAMAGES CLAIMS UNDER CR 12(B)(6) – 5
No. CV4 2338 RSM
U:\CLIENTS\7566\25226\PLEADINGS\PLD DISMISS - MOTION FINAL.DOC

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1  Notwithstanding the clear and long-standing law in Washington prohibiting punitive
2  damages, as confirmed by the above-reference rulings, plaintiffs' counsel continue to
3  allege them for purely strategic or tactical purposes contrary to over a century of
4  established jurisprudence.

5  Given the complete absence of a legally cognizable basis for recovery of
6  punitive damages, plaintiffs' assertion of such damage claims should be dismissed.

## VI. CONCLUSION AND PRAYER FOR RELIEF

8  Plaintiffs failed to assert a claim against the Church for which punitive damages
9  are authorized by statute or case law. Accordingly, such claims should be dismissed
10 under CR 12(b)(6).

11 DATED this 16th day of December, 2004.

s/ Thomas D. Frey via ECF
Thomas D. Frey, WSBA #1908
E-mail: tfrey@staffordfrey.com

s/ Marcus B. Nash via ECF
Marcus B. Nash, WSBA #14471
Email: mnash@staffordfrey.com

STAFFORD FREY COOPER
601 Union Street, Suite 3100
Seattle, WA 98101
Telephone: (206) 623-9900
Fax: (206) 624-6885
Attorneys for Defendants

DEFENDANTS' MOTION FOR DISMISSAL OF
PUNITIVE DAMAGES CLAIMS UNDER CR 12(B)(6) – 6
No. CV4 2338 RSM
U:\Clients\7566\25226\Pleadings\PLD Dismiss - Motion Final.doc

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

# CERTIFICATE OF SERVICE

I certify that on the date noted below I electronically filed **Defendant LDS and LDSFC's Motion to Dismiss Punitive Damage Claims Under CR 12(b)(6)** using the CM/ECF system which will send notification of such filing to the persons listed below. The persons listed below also received a true and correct copy of the above-referenced document via hand delivery by legal messenger.

Michael T. Pfau
Gordon Thomas Honeywell Malanca Peterson & Daheim
600 University Street, Suite 2100
Seattle, WA  98101-4185
Email:  mpfau@gth-law.com
*Attorneys for Plaintiffs*

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
600 University Street, Suite 2100
Seattle, WA  98101
Email:  timkosnoff@comcast.net
*Attorneys for Plaintiffs*

DATED this 16th day of December, 2004, at Seattle, Washington.

/s/ Mary Ann Jarrett
Mary Ann Jarrett

DEFENDANTS' MOTION FOR DISMISSAL OF PUNITIVE DAMAGES CLAIMS UNDER CR 12(B)(6) – 7
No. CV4 2338 RSM
U:\CLIENTS\7566\25226\PLEADINGS\PLD DISMISS - MOTION FINAL.DOC

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885