The Honorable Richard F. McDermott
Trial: June 30, 2003

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

"JANE DOE" (a pseudonym), and
MICHAEL F. OSBORNE, on behalf of
"REBECCA DOE" (a pseudonym), a minor,

Plaintiffs,

v.

THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY
SAINTS, a UTAH CORPORATION SOLE,
aka the "MORMON CHURCH" and "JOHN
ROE" (a pseudonym),

Defendants.

NO. 02-2-04105-1 KNT

ORDER ON DEFENDANT CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO DISMISS PLAINTIFFS' PUNITIVE DAMAGES CLAIMS UNDER CR 12(b)

THIS MATTER, having come on regularly before the above-captioned Court upon motion of defendant The Corporation of the President of The Church of Jesus Christ of Latter-day Saints for dismissal of plaintiffs' punitive damages claims under CR 12(b), which motion was duly and properly noted, the Court having considered the records and files herein, including:

1. Defendant's motion and brief in support of dismissal of punitive damages claims under CR 12(b)(6);

ORDER ON DEFENDANT CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS' MOTION TO DISMISS PLAINTIFFS'
PUNITIVE DAMAGES CLAIMS UNDER CR 12(b) - 1
\\EARTH\DATA\CLIENTS\7566\23128\PLEADINGS\12(B)(6) PUNITIVE DAMAGES - ORDER.DOC

STAFFORD FREY COOPER
— Professional Corporation —
ATTORNEYS
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL. (206) 623-9900
FAX (206) 624-6885

COPY

Dockets.Justia.com

1    2.   Plaintiffs' complaint;

2    3.   Plaintiffs' brief in opposition to defendant's motion for dismissal of punitive damages claims, and any declarations/affidavits in support thereof; and

3

4    4.   The defendant's reply memorandum in support of its motion for dismissal of punitive damages claims;

5    and the Court having heard argument of counsel, and deeming itself fully advised on the

6    premises, now, therefore, it is hereby

7    **ORDERED, ADJUDGED AND DECREED** as follows:

8    A.   That defendant The Corporation of the President of The Church of Jesus

9    Christ of Latter-Day Saints' motion to dismiss plaintiffs' claims of punitive damages

10   under Washington law is **GRANTED**;

11   B.   That plaintiffs are allowed until December 2, 2002, to conduct any

12   discovery appropriate to determine whether, under Washington Conflicts of Law rules,

13   there are facts which warrant the application of Utah law in this dispute;

14   C.   No extensions or continuance beyond the date of December 2, 2002 will

15   be granted to plaintiffs in order to conduct the discovery set forth in paragraph (B)

16   above. After said date, the defendant may renew its 12(b)(6) motion as it relates to the

17   application of Utah law;

18   D.   This Court will retain jurisdiction of this motion/issue, even if the

19   undersigned judge is transferred to the Criminal Calendar.

20   DONE IN OPEN COURT this 20th day of June, 2002.

21

22

23   _____
     THE HONORABLE RICHARD F. McDERMOTT

ORDER ON DEFENDANT CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS' MOTION TO DISMISS PLAINTIFFS'
PUNITIVE DAMAGES CLAIMS UNDER CR 12(b) - 2
\\EARTH\DATA\CLIENTS\7566\23128\PLEADINGS\12(B)(6) PUNITIVE DAMAGES - ORDER.DOC

STAFFORD FREY COOPER
— Professional Corporation —
ATTORNEYS
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL. (206) 623-9900
FAX (206) 624-6885

NASH 19

1  Presented by:

2  STAFFORD FREY COOPER
   *Professional Corporation*

3

4  By: _/s/ Thomas D. Frey_

5  Thomas D. Frey, WSBA #1908
   Marcus B. Nash, WSBA #14471

6  Attorneys for Church Defendants

7  Copy received, approved as to form,
   and Notice of Presentation waived:

8

9  By: _/s/ Timothy D. Kosnoff_

10 TIMOTHY D. KOSNOFF, WSBA #16586
   Attorney for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER ON DEFENDANT CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS' MOTION TO DISMISS PLAINTIFFS'
PUNITIVE DAMAGES CLAIMS UNDER CR 12(b) - 3
\\EARTH\DATA\CLIENTS\7566\23128\PLEADINGS\12(B)(6) PUNITIVE DAMAGES - ORDER.DOC

STAFFORD FREY COOPER
——— *Professional Corporation* ———
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL. (206) 623-9900
FAX (206) 624-6885

NASH 20

The Honorable Richard F. McDermott

02 SEP 24 PM 2:50

KING COUNTY
SUPERIOR COURT

RECEIVED
KING COUNTY, WASHINGTON

JAN 2 8 2003

KNT DEPARTMENT OF
JUDICIAL ADMINISTRATION

SUPERIOR COURT OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| "JANE DOE" (a pseudonym) and MICHAEL F. OSBORNE, on behalf of "REBECCA DOE" (a pseudonym), a minor,<br><br>Plaintiffs,<br><br>v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a UTAH CORPORATION SOLE, aka the "MORMON CHURCH"; and "JOHN ROE" (a pseudonym),<br><br>Defendants. | NO. 02-2-04105-1KNT<br><br>[PROPOSED]<br>ORDER GRANTING PARTIAL SUMMARY JUDGMENT CLARIFYING CHOICE OF LAW ISSUES |

THIS MATTER having come on regularly before the above-captioned court upon motion of defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("COP"), and the Court having considered the records and files herein, including:

1. Defendant's Motion for Partial Summary Judgment Clarifying Choice of Law Issues;

---

ORDER GRANTING MOTION FOR PARTIAL SUMMARY
JUDGMENT CLARIFYING CHOICE OF LAW ISSUES- 1
U:\CLIENTS\7566\23128\PLEADINGS\PLDORDREPSJ.DOC

ORIGINAL

STAFFORD FREY COOPER
*Professional Corporation*
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL. (206) 623-9900

NASH 21

2. Declaration of Marcus B. Nash in support of Motion for Partial Summary Judgment Clarifying Choice of Law Issues, and attached exhibit;

3. Proposed Order Granting Partial Summary Judgment Clarifying Choice of Law Issues;

4. Plaintiffs' Memorandum in Opposition thereto, and any supporting declarations and/or exhibits;

5. Defendant's Reply Brief in support of its Motion for Partial Summary Judgment, and any declarations and/or exhibits in support thereof; and

6. _____

_____

and the Court having considered the records and file herein, the argument of counsel, and deeming itself fully advised in the premises, now, therefore, it is hereby

ORDERED, ADJUDGED AND DECREED that defendants' Motion for Partial Summary Judgment Clarifying Choice of Law Issues shall be, and hereby by is, GRANTED, to wit:

1. ~~Plaintiffs' complaint does not plead a cause of action under the laws of the State of Utah, and therefore plaintiffs cannot seek~~ punitive damages under Utah law;

2. This Court may not import or apply Utah punitive damages law under the facts as pleaded in this case ~~under BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S. Ct. 1589 (1996); and~~

TK TF
RJM
TK TI
RJM

ORDER GRANTING MOTION FOR PARTIAL SUMMARY
JUDGMENT CLARIFYING CHOICE OF LAW ISSUES- 2
U:\CLIENTS\7566\23125\PLEADINGS\PLDORDREPSJ.DOC

STAFFORD FREY COOPER
*Professional Corporation*
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL. (206) 623-9900

NASH 22

3. Washington law applies to this case, and does not permit a punitive damages claim.

DONE IN OPEN COURT this 28th day of JANUARY, 2003.

_____
HONORABLE RICHARD F. McDERMOTT

Prepared and presented by:

STAFFORD FREY COOPER

By: _____
Thomas D. Frey, WSBA #1908
Marcus B. Nash, WSBA #14471
Anne M. Bremner, WSBA #13269
Attorneys for Defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints

Copy received; approved as to form;
Notice of presentation waived:

_____
TIMOTHY KOSNOFF, WSBA # 16586
Attorney for Plaintiffs

ORDER GRANTING MOTION FOR PARTIAL SUMMARY
JUDGMENT CLARIFYING CHOICE OF LAW ISSUES- 3
U:\CLIENTS\7566\23128\PLEADINGS\PLDORDREPSJ.DOC

STAFFORD FREY COOPER
— Professional Corporation —
A T T O R N E Y S
2500 RAINIER TOWER
1301 FIFTH AVENUE
SEATTLE, WASHINGTON 98101-2621
TEL. (206) 623-9900

NASH 23

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

"JANE DOE" (a pseudonym)
and MICHAEL F. OSBORNE, on behalf of
"REBECCA DOE" (a pseudonym), a minor,

Plaintiffs,

vs.

THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS, a
UTAH CORPORATION SOLE, aka the
"MORMON CHURCH" and
"JOHN ROE" (a pseudonym),

Defendants.

No. 02-2-04105-1KNT

COMPLAINT

(Sexual Abuse of a Child;
Negligence and Breach of
Fiduciary Duty;
Intentional Infliction
of Emotional Distress)

NOT SUBJECT TO
MANDATORY ARBITRATION

## I. GENERAL ALLEGATIONS

### PARTIES:

1.

Plaintiff JANE DOE (whose identity is made known to all defendants by separate cover letter) is an adult having attained the age of majority on April 15, 1999, and all times relevant hereto was, and now is a resident of the State of Washington.

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 1

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

2.

Plaintiff MICHAEL F. OSBORNE, is the duly appointed guardian ad litem for REBECCA DOE, (a pseudonym), a minor. Both OSBORNE and REBECCA DOE are and were residents of the State of Washington at all times relevant hereto. JANE DOE and REBECCA DOE are sisters.

3.

Defendant JOHN ROE, (a pseudonym used to protect the identity of plaintiffs but whose identity is made known to all defendants) (hereinafter "ROE") was the stepfather of Plaintiffs JANE DOE and REBECCA DOE, minor children, and as such, was in a position of parenthood and trust with respect to them.

4.

At all relevant times, Plaintiffs were members of the Church of Jesus Christ of Latter-day Saints, also known as the "Mormon Church." ROE was also a member of the Mormon Church, a "High Priest" and the High Priest Group Leader within the Mormon Church Federal Way Stake. As such, he was subject to the control and discipline of the Church.

5.

Defendant ROE is presently incarcerated in the Washington State Department of Corrections.

6.

Defendant CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, also known as the Mormon Church, operates its worldwide affairs as the Corporation of the President of the Church of Jesus Christ of Latter-day Saints and Successors, a Utah Corporation Sole ("COP"). COP is a corporation governed by a single individual, the "President" of the Mormon Church. The President wields ultimate and absolute authority within the Mormon Church. The acts of the President, in his capacity as head of the Mormon Church, are the acts of COP. COP is registered to do business

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 2

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

1  within, and conducts continuous and systematic activities within, the State of
2  Washington.

3                                          7.

4  COP administers the Mormon Church through a multi-level structure. At the local
5  level are "wards," consisting of a geographic area administered by a "bishop." An
6  average size ward would have approximately 250 families. Several wards are
7  grouped into a "stake," which is administered by a "stake president." Stakes are, in
8  turn, grouped into "areas," which are administered by an "area president." All
9  bishops, stake presidents, and area presidents are answerable, directly or indirectly,
10 to COP and are its agents and servants. The wards, stakes and areas of the Mormon
11 Church are instruments of COP and are not separate corporate entities. At all
12 relevant times, LDS Social Services (LDSSS), was a Mormon Church-run social
13 service organization and was an agent of COP.

14                                         8.

15 Plaintiffs allege that at all times relevant hereto, the acts and events complained of
16 occurred in King County, Washington.

17                                         9.

18                        JURISDICTION AND VENUE

19 That the subject matter hereof and the parties hereto, is subject to the jurisdiction of
20 the above-entitled court; and that venue is proper;

21                                       FACTS

22                                        10.

23 Adherents of the Mormon faith who have been baptized into the Church are known
24 as "members." COP has the power to limit or restrict the capacity in which any
25 member serves the Church, and may place such conditions on a member's service as
26 may be in the interests of the Church and of its members and prospective converts.

27                                        11.

28 Adult male members of the Church are eligible to be ordained as a "Priest." There

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 3

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

1 are various levels of priesthood, including elevation to the position of "High Priest."
2 A High Priest is held out by the Mormon Church as someone who is "morally
3 worthy" and deserving of the trust of its members. At all relevant times, the
4 Mormon Church assumed special responsibilities toward its members
5 including a system of disciplinary action meant to identify sexual predators and
6 other dangerous individuals within the membership in order to protect innocent
7 members from harm they might inflict.

12.

9 Ward bishops provide counseling of both a pastoral and non-pastoral nature to
10 members. Bishops have "comprehensive pastoral and administrative
11 responsibility" at the ward level, including providing "assistance to the needy" and
12 counseling members who "have problems and questions." COP directs its bishops
13 to "know [their] members well and ... understand the circumstances that cause their
14 problems."

13

16 It is the policy of the COP that members should bring their problems and questions
17 to the church and to "consult freely with their bishops and receive from them the
18 counsel they need."

14.

20 Beginning in approximately 1988 and continuing through approximately 1998,
21 Defendant ROE subjected Plaintiff JANE DOE to countless of acts of childhood
22 sexual abuse which acts were also violations of chapter 9A.44 RCW or RCW 9.68A.040
23 or prior laws of similar effect at the time the acts were committed.

15.

25 In approximately 1993, JANE DOE complained to her family's ward bishop that she
26 was being sexually abused by ROE. JANE DOE met with the bishop who questioned
27 her at length about the details of the abuse.

16.

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 4

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

16. Shortly thereafter, the ward bishop met with ROE in the bishop's office at the ward chapel. The two men discussed JANE DOE'S disclosures regarding the abuse. ROE admitted to the bishop that he had sexually abused JANE DOE.

17. After meeting with ROE, the bishop arranged a separate meeting at the church with ROE and the plaintiffs' mother. The bishop led JANE DOE to believe he had called the meeting to tell JANE DOE's mother about ROE'S abuse of her. The bishop excluded JANE DOE from the meeting and directed her to remain outside his office in the hall during the meeting.

18. The bishop, however, failed to inform plaintiffs' mother that ROE was sexually abusing her daughter. Instead, the bishop pretended to know nothing about the abuse of JANE DOE and that the purpose of the meeting was to discuss why JANE DOE and ROE "were not getting along at home." By this deception, the bishop led JANE DOE to believe that her mother knew about the abuse but did not care enough about her to protect her. Consequently, JANE DOE was made to feel ashamed, humiliated and too frightened to tell anyone else about the abuse.

19. The bishop failed and refused to report the child abuse to the police or civil authorities knowing, or having reason to know, that JANE DOE was being sexually abused and that there were other minor children in the home at risk from abuse by ROE.

20. As a direct and immediate consequence of the bishop's and COP's deceit, failure to warn, report or protect JANE DOE from ROE, JANE DOE was made to endure the sexual abuse of her stepfather for the next five years.

21. Beginning soon after JANE DOE'S disclosures of ROE'S abuse to COP and the

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 5

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 637-9692
Internet: timkosnoff@attbi.com

bishop in approximately 1993 and continuing through approximately 1998, Defendant ROE subjected Plaintiff REBECCA DOE to acts of childhood sexual abuse which acts were also violations of chapter 9A.44 RCW or RCW 9.68A.040 or prior laws of similar effect at the time the acts were committed. As described above, the abuse of JANE DOE and REBECCA DOE was ongoing, persistent and involved countless, separate and individual instances of abuse.

22.

In 1998, JANE DOE disclosed ROE'S abuse to a close friend. That friend notified church officials of ROE'S abuse of JANE DOE. Sometime between 1993 and 1998, defendant COP had installed a new bishop for the Federal Way ward. Church officials notified the new bishop, who immediately informed ROE of JANE DOE'S disclosures. The bishop, however, never notified JANE DOE'S mother.

23.

The bishop did, however, call JANE DOE into his office and discouraged her from reporting the abuse to the police. The bishop failed and refused to report the abuse to the police or child welfare authorities.

24.

Finally, on or about November 1998, JOHN ROE told plaintiffs' mother about ROE'S sexual abuse of JANE DOE. Upon learning of the abuse for the first time, Plaintiffs' mother acted promptly to get ROE out of the family's home and initiated divorce proceedings shortly thereafter.

25.

Stake President Mitchell contacted Plaintiffs' mother and directed that JANE DOE go to LDS Social Services, a church-run social service agency, for "therapy." Mitchell represented to JANE DOE and her mother that church officials would get the matter reported to civil authorities.

26.

In approximately 1999, at the direction of Stake President Mitchell, JANE DOE

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 6

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

discussed her abuse with LDS Social Services therapist Tonya Singleton.

27.

COP, Stake President Mitchell, both of the Federal Way ward's bishops and LDS Social Services therapist Tonya Singleton all failed and refused to report the abuse to civil authorities. In approximately December 1999, REBECCA DOE disclosed her abuse to her mother. Finally, in approximately January 2000, upon realizing that church officials had lied to and deceived them about reporting the matter to civil authorities, Plaintiffs' mother reported the abuse to the police. ROE was subsequently arrested and charged with multiple counts of felony child sexual abuse.

28.

As a direct result of ROE'S abuse and the acts and/or omissions of COP and its agents, Plaintiffs have suffered, and continue to suffer great pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life; were prevented and will continue to be prevented from performing their daily activities and obtaining the full enjoyment of life; have sustained loss of earnings and earning capacity; and have incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

## II. FIRST CAUSE OF ACTION
(Child Sexual Abuse)
ROE only

Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this count and further alleges:

29.

Between 1988 and 1998, ROE engaged in unpermitted and harmful sexual contact and abuse upon the persons of both plaintiffs.

30.

As a direct result of the sexual abuse and sexual exploitation and breach of trust,

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 7

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

1  each plaintiff has suffered and will continue to suffer physical and emotional pain
2  and dysfunction to her general, non-economic damage in an amount to be
3  determined.  As a further result of the molestation, each plaintiff has incurred
4  and/or will continue to incur costs for counseling and psychological treatment, and
5  has lost earning capacity to her damage in an amount to be proved at trial.
6                                     31.
7  ROE'S conduct was the result of a wilful, reckless and outrageous indifference to a
8  highly unreasonable risk of harm and a conscious indifference to the health, safety
9  and welfare of plaintiffs.  ROE's conduct is socially intolerable and plaintiffs give
10 notice of intent to seek an award of punitive damages.

### III. SECOND CAUSE OF ACTION
(Negligence and Breach of Fiduciary Duty)
COP only

14 Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this
15 count and further alleges:
16                                    32.
17 Defendant COP had a "special relationship" with plaintiffs and with ROE.
18 Knowing that ROE was a pedophile who was actively abusing JANE DOE, COP had
19 a duty to warn Plaintiffs' mother and otherwise protect plaintiffs from sexual abuse
20 by ROE.
21                                    33.
22 Furthermore, at all relevant times, the Mormon Church's bishops, stake presidents
23 and LDS Social Services therapists were all mandatory child abuse reporters
24 pursuant to R.C.W. 24.44.
25                                    34.
26 The Mormon Church's bishops, stake presidents and therapist within the State of
27 Washington breached both a statutorily proscribed duty and a duty of reasonable
28 care by failing to report their knowledge of ROE'S sexual abuse of Plaintiffs.

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 8

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 637-9692
Internet: timkosnoff@attbi.com

35.

But for the breach of duty, acts, omissions and deceit of COP, church bishops, stake presidents and area presidents, ROE would not have been able to continue to abuse JANE DOE and would never have been able to abuse REBECCA DOE.

36.

Moreover, COP adopted guidelines for handling victims of child sexual abuse and sex offenders. Plaintiffs are of the class of people whom the guidelines were designed to protect. The harm Plaintiffs suffered as a result of Defendant's negligence was the harm contemplated in Defendant's handbook.

37.

Notwithstanding Defendant COP's duty, it failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

38.

Defendant COP knew, or in the exercise of reasonable care should have known, that its failure to report ROE'S sexual abuse to appropriate law enforcement or social services agencies or to notify Plaintiffs' mother would result in ROE'S continued sexual abuse of JANE DOE and the commencement of sexual abuse of REBECCA DOE.

39.

As a result of the molestation and breach of trust, each plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to her general, non-economic damage in an amount to be determined. As a further result of the sexual abuse, each plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to her damage in an amount to be proved at trial.

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 9

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

40.

COP's conduct was the result of a wilful, reckless and outrageous indifference to a highly unreasonable risk of harm and a conscious indifference to the health, safety and welfare of plaintiffs. COP's conduct is socially intolerable and plaintiffs give notice of intent to seek an award of punitive damages.

### III. THIRD CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### ROE and COP

Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this count and further alleges:

41.

Defendants knew that many children had been sexually molested as a result of its bishops, stake president and other agents having previously failed to report child sexual abuse to civil authorities.

42.

Defendants further knew that it was substantially certain that ROE would continue to sexually abuse JANE DOE and begin abusing REBECCA DOE if it failed to warn plaintiffs' mother or failed to report ROE to civil authorities and that such abuse would result in severe emotional distress to the plaintiffs.

43.

Defendants' conduct was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community, and resulted in severe emotional distress.

44.

As a further result of the sexual abuse, each plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 10

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

NASH 33

earning capacity to her damage in an amount to be proved at trial. As a result of the defendants' conduct, plaintiffs have suffered and will continue to suffer physical and emotional pain and dysfunction to their general, non-economic damage in an amount to be proved at trial.

45.

Plaintiffs give notice of intent to seek an award of punitive damages.

PRAYER

PLAINTIFFS PRAY for judgment against defendants, and each of them, as follows:

a) For an amount commensurate with Plaintiffs' injuries, including all special and general damages, to be determined at the time of trial, and punitive damages;

b) For Plaintiff's costs and disbursements herein;

c) For Plaintiff's pre-judgment interest on all liquidated amounts.

d) For Plaintiff' attorney's fees; and

e) For such other, further and different relief as the court deems just and equitable.

Dated this 6th day of February, 2002.

TIMOTHY D. KOSNOFF, WSBA No. 16586
Attorney for Plaintiffs

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 11

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com