# EXHIBIT J

# CHILD ABUSE



HELPS FOR
ECCLESIASTICAL
LEADERS

Case 2:04-cv-02338-RSM    Document 12-11    Filed 01/03/2005    Page 3 of 10

# Child Abuse

Helps for Ecclesiastical Leaders

Published by
The Church of Jesus Christ of
Latter-day Saints
Salt Lake City, Utah

Copyright © 1985 by Corporation of the President
of The Church of Jesus Christ of
Latter-day Saints
All rights reserved
Printed in the United States of America

# Child Abuse

Tragic in today's permissive society is the increasing frequency and intensity with which children are being physically and emotionally damaged through abusive acts by adults. Frequently the offending adult and abused child live in the same household.

President Gordon B. Hinckley in counsel to priesthood holders states:

"Perhaps [child abuse] has always been with us but has not received the attention it presently receives. I am glad there is a hue and cry going up against this terrible evil, too much of which is found among our own" (in Conference Report, Apr. 1985, p. 66; also *Ensign*, May 1985, p. 50).

If any people ought to shun abusive activities and administer comfort and cures for such problems, it should be the Latter-day Saints. Church members should strive to exemplify Christlike attributes in all their relationships and avoid cruelty and other inappropriate behavior toward family members and others.

Latter-day Saints should always remember that marriage and family relationships are sacred and that, in the words of the Psalmist, "children are an heritage of the Lord" (Psalm 127:3).

A great privilege of mortal life is bringing children into the world. In this process, parents become co-creators with their Heavenly Father and are responsible to protect their children in every way. Children have a God-given right to that protection and to complete security in their home. Parents should be willing to give their lives, if necessary, for the protection of their children.

It is difficult to understand why any priesthood holder would abuse little children verbally, emotionally, or physically. When an adult member of the Church brings ugly, immoral involvements to innocent children, his priesthood leader needs to respond.

This booklet was compiled to help ecclesiastical leaders better understand the devastating effects of child abuse and how they can assist victims, offenders, and other family members.

1

## What Is Child Abuse?

### Physical and Emotional Abuse
This is when an adult threatens or causes physical or mental harm to a child. It may include beating, neglect, threats of abandonment, and depriving a child of food or necessary medical aid.

### Sexual Abuse
This involves any sexually stimulating activity between a child and an adult or another child who is in a position of power, trust, or control.

## Effects of Child Abuse

### The Victim
A child who has been physically or sexually abused often suffers long-term emotional damage. Typical effects include guilt, depression, fear, alienation, self-hatred, and lack of self-esteem.

Problems in teenage victims include rebelliousness, promiscuity, drug abuse, vulgar language and behavior, running away, and suicide.

If abused children are not helped, they may become bitter toward life, themselves, others, and God. When they become adults, many are unable to have a happy marriage and may abuse their own children.

Do not minimize the impact of any child abuse. A child exposed to mild abuse may be as injured spiritually and emotionally as one exposed to severe abuse. Remember that victims can be helped, and your greatest contribution may be to see that appropriate help is given. (See Suggestions for Helping.)

### The Offender
Those who abuse children come from every race, religion, occupation, income level, and educational background. Abuse occurs more frequently in homes with economic, social, and family problems, but it also occurs where there are no apparent difficulties.

## ns and Symptoms of Abuse

Several signs and symptoms indicate that abuse may be occurring, including the following:

### Physical and Emotional Abuse
Watch for unexplained bruises, welts, burns, fractures (especially to the face), lacerations, or abrasions. Children may be wary or anxious around adults. They may be withdrawn or aggressive, frightened of a parent(s), or apprehensive when other children cry.

### Sexual Abuse
May be the cause for delinquency, running away, being overly affectionate, seductive or other inappropriate behavior, depression, promiscuity, preoccupation with sex in behavior or language, poor relationship with peers, withdrawal, or lack of trust for adults.

Home teachers, Relief Society visiting teachers, Primary teachers, or Young Women or Young Men leaders may first observe such signs. Also be aware of less obvious clues that suggest physical or sexual abuse may be occurring, such as strict or harsh discipline and possessiveness of a child by an adult.

**Other Forms of Abuse**

Victims of spouse abuse or rape sometimes experience long-term damage similar to child abuse victims. Suggestions in this booklet may guide you in helping those with these problems. As with child abuse, give spiritual guidance as needed. In addition, they may need professional help from someone trained in abuse problems.

The First Presidency has approved the following statement of policy on the subject of rape and abuse:

"Victims of rape or sexual abuse frequently experience serious trauma and unnecessary feelings of guilt. Church officers should handle such cases with sensitivity and concern, reassuring such victims that they, as victims of the evil acts of others, are not guilty of sin, helping them to overcome feelings of guilt and to regain their self-esteem and their confidence in personal relationships.

"Of course, a mature person who willingly consents to sexual relations must share responsibility for the act, even though the other participant was the aggressor. Persons who consciously invite sexual advances also have a share of responsibility for the behavior that follows. But persons who are truly forced into sexual relations are victims and are not guilty of any sexual sin. Whether a person was forced in this manner depends on so many individual circumstances that Church officers should normally refrain from assigning moral guilt to a victim who has been subject to significant force or credible threats, leaving final judgment to the omniscience of the Lord.

"Young victims of sexual abuse are likewise guilty of no sin where they are too young to be accountable for evaluating the significance of the sexual behavior. Even where acts are committed with the apparent consent of a young person, that consent may be ignored or qualified for purposes of moral responsibility where the aggressor occupied a position of authority or power over the young victim.

"Persons threatened with rape or forcible sexual abuse should resist to the maximum extent possible or necessary under the circumstances. The extent of resistance required to establish that the victim has not willingly consented is left to the judgment of the victim, who is best acquainted with the total circumstances and their effect on his or her will" (letter to General Authorities, Regional Representatives, and other priesthood leadership, 7 Feb. 1985).

3

**Suggestions for Helping**

A victim, offender, or family member telling an ecclesiastical or legal authority that abuse has taken place often causes a family crisis. Couples may threaten to separate or divorce, children may want to leave home, and parent-child relationships usually deteriorate.

During such a crisis, family members need help, encouragement, and support from warm, compassionate leaders who are sensitive to their needs. Being careful to maintain confidentiality, ask quorums and auxiliaries through their officers and teachers to stay close to family members and help them through this difficult period of restoring family unity. Priesthood leaders can give spiritual counsel and help resolve family communication problems.

Bishops may also encourage offenders and victims to get professional help from those trained in abuse problems.

When child abuse is disclosed, one offender might deny the problem and another feel remorse and deep penitence. Much like an alcoholic, an offender usually continues the abusive behavior until he acknowledges it and accepts help. Even with spiritual and professional help, it is often a difficult habit to correct. Remorse and acknowledgment of wrongdoing are usually only the beginning of repentance and cure.

Following are suggestions to help in the correcting and healing process:

1. **Respond quickly but carefully.** A child's life may be at stake. Urge offenders, victims, family members, and others to comply with legal reporting requirements. (See Reporting Child Abuse.) Immediate support for family members is important because of the crisis which may be created when the abuse is disclosed.

2. **Help authorities provide alternative living arrangements** for the protection of the child, *if* requested and *necessary*. If separation is needed, encourage the *offender* to live away from home. A victim who is removed from his home may feel additional guilt, believing that he is being blamed and punished for the abuse.

3. **Believe the victim.** Children rarely make up stories of being abused. Assure the child of your help and support.

4. **Help the child understand that he is not to blame for the improper behavior of any adult.** An abuse victim often blames himself, believing he has provoked the abuse. Because of age and experience, an adult has a position of power over a child and is responsible when abuse occurs, regardless of the child's behavior.

5. **Be sensitive to the child's feelings.** A younger child usually withdraws and may be reluctant to talk. He is confused and should be treated with sensitivity and care. An adolescent victim often responds to abuse with anger, hatred, distrust, and resentment for having been betrayed. Most abuse victims feel guilty. Help the child resolve these feelings.

6. **Use extra care if the offender is a member of the victim's family.** When talking with the victim, avoid condemning the offender. Criticizing the offender might alarm the victim and add to his state of crisis. Most victims still love their offending parent or family member. Assure the child that you want to help all family members.

7. **Help the offender through the repentance process.** Conditions of repentance *may* include having the offender—

   Move away from the victim temporarily.
   Report the incident to legal authorities.
   Accept spiritual help from his priesthood leader.
   Accept professional help from someone trained in abuse problems.

8. **Continue to help the victim, offender, and family members,** as necessary.

9. **Take Church court action if appropriate** according to guidelines in the *General Handbook of Instructions*.

4

**Reporting Child Abuse**

Before true repentance can occur, any serious transgression must be confessed to the bishop or other appropriate Church officer. (See Mosiah 26:29, D&C 58:43, D&C 59:12, 1 John 1:9.) Church officers have a duty to keep any information received in a member's confession strictly confidential. However, if the member indicates he has violated a civil or criminal law, try to persuade him to clear the matter with civil authorities as a condition of repentance and forgiveness.

Laws in most states in the United States and provinces in Canada require citizens to report suspected child abuse in order to protect children and help offenders, victims, and family members obtain needed assistance. Learn the reporting requirements for your area. LDS Social Services agencies can provide general information about local reporting requirements. (See note below for *information on referrals* to the Area Presidency.)

When any information regarding child abuse comes to you or another Church officer from other than the confidential confession of the offender (probably from a victim or a victim's parents), local law *may* require it be reported to civil authorities. If a disclosure intended to be confidential must be reported under local law, inform the person making the disclosure (in advance if possible) that confidentiality may not be protected because the law requires that you report certain matters to civil authorities.

Counsel Church members to comply with reporting laws; offer support and assistance in meeting reporting requirements. Try to keep a good relationship with the offender, the victim, and family members so you may provide continuing spiritual support. Any required reporting of child abuse should usually be done by the offender or by others having knowledge of the problem.

Reporting incidents of child abuse should be a protection to the child and perhaps to other potential victims. A person guilty of serious child abuse rarely changes his pattern of behavior without facing up to all consequences—criminal penalties, Church discipline, social ostracism, and others. Facing up to the consequences may need to include professional help in addition to spiritual counseling. Fines or imprisonment may not be involved if the offender (1) voluntarily reports the abuse to civil authorities, (2) agrees to temporary separation by leaving the home, if necessary, and (3) accepts a treatment plan from those trained to deal with child abuse problems.

Be guided by the spirit of your calling in these sensitive matters, as you strive to help protect children, reform offenders, and preserve family relationships.

5

**Exception to Legal Duty to Report**

In the United States and some other countries, a Church officer's legal duty to report child abuse to public authorities may be superseded by the constitutional right to free exercise of religion. This right should protect the confidentiality of facts disclosed by a transgressor to a bishop or other designated Church officer in a confidential confession or in the course of Church court proceedings. (See *General Handbook of Instructions [1983]*, section 8, p. 53.)

If this circumstance arises, the stake president or bishop (through his stake president) should consult with the Area Presidency if *both* of the following conditions exist:

1. The Church officer knows of a child abuse incident only from the confidential confession of a member who after careful counseling still refuses to report the incident or to allow it to be reported by others; and

2. Local law seems to require the Church officer to report the information to public authorities.

If necessary, the Area Presidency may seek legal advice from the office of the General Counsel at Church headquarters or from local counsel in countries outside the United States.

**...itional Help**

Further information concerning symptoms, causes, and effects of child abuse and suggestions for helping may be obtained from LDS Social Services and community agencies.

6

...itional Help