# EXHIBIT M

05/24/01 17:01 FAX 503 224 7324    DUNN CARNEY ONE                            ☏003/014

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| JEREMIAH SCOTT, | No. 9812-08640 |
| Plaintiff, | |
| v. | AFFIDAVIT OF DWAYNE L. LIDDELL |
| GREGORY LEE FOSTER, an individual; THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association, aka, the "Mormon Church," THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, a Utah corporation sole, | |
| Defendants. | |

STATE OF UTAH      )
                   ) ss.
COUNTY OF SALT LAKE )

Dwayne L. Liddell, being first duly sworn upon oath, states as follows:

1. I am over 18 years of age and have personal knowledge of the facts set forth herein. If called upon, I am willing and competent to testify to the facts set forth below.

Page 1 – AFFIDAVIT OF DWAYNE L. LIDDELL
BULLIVANT HOUSER BAILEY
A Professional Corporation
101 SW Main Avenue, Suite 300
Portland, Oregon 97204-3219
Telephone (503) 228-6351

05/24/01  17:01  FAX 503 224 7324          DUNN CARNEY ONE                              ☒004/014

2. I currently serve as Assistant Executive Secretary to the Presiding Bishopric of The Church of Jesus Christ of Latter-day Saints. Before assuming my present position I served as the Director of Risk Management for fifteen years. I am familiar with the records maintained by the Church at headquarters for individual members.

3. I have been provided with a copy of this Court's order dated January 24, 2001 regarding production of documents. Inasmuch as there is no custodian of records for the Church and inasmuch as the various records requested are maintained in various locations, I am providing information on behalf of all Defendants (hereinafter "the Church") as to the efforts made to locate any records relating to Franklyn Richard Curtis ("Curtis") and compliance with the Court's orders. I have reviewed the records produced, spoken with the individuals involved in conducting the searches, and otherwise informed myself relative to the efforts to comply with the Court's order. I am satisfied that every reasonable effort has been made to locate all Church records covered in the Court's order and such records have been produced or are being produced.

**RECORDS LOCATED AT CHURCH HEADQUARTERS REGARDING CURTIS**

4. First, effort was made to locate all records at Church Headquarters pertaining to Franklyn Curtis, including but not limited to membership records and Reports of Disciplinary Action.

5. As Mr. Curtis has been excommunicated from the Church, most historical membership records are kept by the Church's Confidential Records Section. Some information is available on a computer database in the Membership Records Section.

6. A supervisor in the Confidential Records section was contacted. He reviewed Curtis' historical membership records and provided copies of all prior membership records of Franklyn Curtis which were available, including paper copies of microfilm/microfiche records.

Page 2 – AFFIDAVIT OF DWAYNE L. LIDDELL

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 SW Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

7. The microfilm/microfiche records in the Confidential Records Section contained copies of membership records dating from June 4, 1990 to December 17, 1985. Records after the June 4, 1990 record were maintained in a computer database. Records from that database have been produced. In addition, the membership record from the units in which Curtis was excommunicated and his temporary membership record following rebaptism were located in the Confidential Records Section. These records have been or are being produced to Plaintiff. The December 17, 1985 record shows that it was a new membership record created for Curtis when he was rebaptized.

8. I am informed that neither the Membership Records Section nor the Confidential Records Section has a way of searching for earlier membership records because the only way to go back to prior records is by accessing such records by the prior roll and frame number on the earliest record available. Since a new record was created at Curtis' rebaptism, that record does not contain the roll and frame number of a previous record, as Curtis was not a member of the Church between his excommunication and rebaptism. The Church's microfilm/microfiche membership records are not indexed by individual name. Thus, the Curtis membership records, which have been produced are the only ones which Church systems are capable of locating. The Church has hundreds of rolls of microfilm and thousands of sheets of microfiche from the years 1976, when Curtis was baptized, until 1983 when he was excommunicated. To locate additional records, someone would have to view each individual entry on all rolls and sheets, which would take an inordinate amount of time.

9. In addition, the Membership Records Department has searched its computer records and provided copies of all records relating in any way to Curtis. Those records have been produced.

Page 3 – AFFIDAVIT OF DWAYNE L. LIDDELL
SULLIVANT HOUSER BAILEY
A Professional Corporation
888 SW Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

10. The Reports of Disciplinary Action were photocopied from Curtis' file in the Confidential Records Section and were produced in redacted form as ordered by the Court. There are no other known Reports of Disciplinary Action for Curtis.

11. A search was also made of financial records at Church Headquarters relating to Curtis. A summary of his tithing payments, listing every ward from which he had paid tithing, was recently produced.

12. A search was made of the historical records maintained for the Church by its Historical Department. The Historical Department was provided with a list of all wards within which Curtis had paid tithing, and copies of all available membership records on Curtis. Using this list of wards, the Historical Department checked its records for those wards for any additional documents mentioning Curtis. Copies of documents showing Curtis' patriarchal blessing, his baptism, confirmations, and priesthood ordinations, as well as historical records from individual ward reports from the 1970's and 1980's were copied and produced to Plaintiff's attorneys.

13. Up until 1990, individual wards and stakes provided information from local records to the Historical Department. This information included baptisms, ordinations, patriarchal blessings, and similar data. However, not all wards and stakes provided such information and the information was not necessarily complete for those that did. For instance, Historical Records has a Priesthood Ordination Record from the Linwood Oregon Ward which shows Curtis' ordination as an Elder, but it does not have similar records for his ordination as a High Priest. After 1990, such records were no longer sent by local wards to the Historical Department.

14. Current local leaders in all wards and stakes within whose boundaries Curtis is known to have resided were asked to search their records for any documents relating to Curtis.

Page 4 – AFFIDAVIT OF DWAYNE L. LIDDELL

SULLIVANT HOUSER BAILEY
A Professional Corporation
888 SW Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone: (503) 228-6351

05/24/01  17:02 FAX 503 224 7324        DUNN CARNEY ONE                    ☐007/014

1  The wards were identified by reviewing all available membership and tithing records. The
2  wards and stakes contacted were as follows:

| Year | Ward, Stake |
|---|---|
| 1976-78 | Linwood Ward, Portland Oregon Stake |
| 1979-80 | Sheridan 1st Ward, Billings Montana East Stake [The Sheridan 1st Ward is now in the Gilette Wyoming Stake] |
| 1981 | Portland 14th Ward, Portland Oregon East Stake |
| 1982 | Harrisburg Ward, Harrisburg Pennsylvania Stake |
| 1983 | Portland 4th Ward, Portland Oregon East Stake |
| 1983 | Portland 8th Ward, Portland Oregon East Stake |
| 1984-86 | Wyoming Ward, Grand Rapids Michigan Stake |
| 1986-87 | Grand Rapids Ward, Grand Rapids Michigan Stake |
| 1987 | Greenville Ward, Grand Rapids Michigan Stake |
| 1987 | Wyoming Ward, Grand Rapids Michigan Stake |
| 1988 | Sunnyside Ward, Portland Oregon Stake |
| 1988-90 | Brentwood Ward, Portland Oregon Stake |
| 1990 | Grand Rapids Ward, Grand Rapids Michigan Stake |
| 1990 | Greenville Ward, Grand Rapids Michigan Stake |
| 1991-92 | Overlook Ward, Portland Oregon East Stake |
| 1992 | Brentwood Ward, Portland Oregon East Stake |
| 1993 | Harmony Ward, Portland Oregon Stake |
| 1993-94 | Overlook Ward, Portland Oregon East Stake |

24  Local leaders reported that they had searched their files, and no additional records mentioning
25  Curtis were located.

Page 5 – AFFIDAVIT OF DWAYNE L. LIDDELL

SULLIVANT HOUSER BAILEY
A Professional Corporation
888 SW Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

15. Local leaders of all wards in the Portland and Portland East Stakes, even those wards in which the Church had no record of Curtis residing, were also contacted and asked to search their records for any records mentioning Curtis. Local leaders reported that no records concerning Curtis were found to exist in any of the wards.

**ITEM 2 - REPORTS OF DISCIPLINARY ACTIONS FOR PORTLAND AND PORTLAND EAST STAKES**

16. To identify Church disciplinary actions in the Portland and Portland East stakes involving child abuse, the Confidential Records Section searched its records for all reports received from the Portland and Portland East Stakes for the period January 1, 1970 through December 31, 1995.

17. All reports of disciplinary action which showed "child abuse" or a similar offense as the designated charge (accusation) were provided to the court. In addition, the records of all other cases involving any type of sexual misconduct or any other category of offense which could have included child abuse were examined, and records containing any evidence of child abuse were provided to the court. The Confidential Records Section reports that to the best of their knowledge, no other Reports of Disciplinary Actions involving child abuse allegations exist in the Portland and Portland East Stakes for the period January 1, 1970 to December 31, 1995.

18. Scripture and Church policy require local ecclesiastical leaders to send records of disciplinary action to the First Presidency when a disciplinary council is held and the decision of the council is excommunication or disfellowshipment. Nevertheless, we have contacted bishops in all wards in the Portland and Portland East Stakes, as well as the Presidents of those two stakes, and have determined that local wards and stakes hold no disciplinary records concerning child abuse for the period January 1, 1970 through December 31, 1995.

Page 6 - AFFIDAVIT OF DWAYNE L. LIDDELL

SULLIVANT HOUSER BAILEY
A Professional Corporation
[address illegible]
Portland, Oregon 97204-[illegible]
Telephone (503) 228-[illegible]

05/24/01  17:03 FAX 503 224 7324     DUNN CARNEY ONE                    ⌀003/014

19. Reports of Disciplinary Action maintained at Church Headquarters for persons not the subject of litigation are kept in the Confidential Records Section or the Office of the First Presidency. Counsel has advised that no such Reports exist in the Office of General Counsel or the offices of Kirton & McConkie, except some which are the subject of litigation.

### ITEM 3 - THIRD PARTY REPORTS OF SEXUAL ABUSE OF CHILDREN - PORTLAND AND PORTLAND EAST STAKES

20. Calls were made to all current bishops of wards in the Portland and Portland East Stakes, and to the Stake Presidents of those two stakes. All bishops and stake presidents contacted reported that they had no third-party reports of sexual abuse within their files. As the Court is aware, bishops and stake presidents are lay clergy; bishops serve for approximately 5 years, and stake presidents serve for approximately 10 years. By Church policy, upon their release from their duties these individuals should not to take with them any records pertaining to members.

21. No attempt has been made to contact each former bishop and stake president who served from 1970 to 1995 to see if any of them had such records inasmuch as such records are not within the possession, custody, or control of the Church. Likewise, no instructions were given to contact each and every bishop and stake president currently serving or serving between 1970 and 1995 in other wards and stakes throughout the world to ascertain if they had any such records relating to abuse in the Portland or Portland East Stakes. Such a search would involve contacting approximately 28,000 currently-serving bishops and stake presidents, and approximately 93,000 past bishops and stake presidents to ask them to search to see if any individuals who had been abused in the Portland or Portland East stakes in the past had communicated to them the facts of their abuse, and they had created a record of such contact.

Page 7 – AFFIDAVIT OF DWAYNE L. LIDDELL

SULLIVANT HOUSER BAILEY
A Professional Corporation
101 SW Fifth Avenue, Suite 700
Portland, Oregon 97204-3049
Telephone (503) 228-6351

22. A call was made to the Office of the First Presidency of the Church, and a search was made of their files for any third-party reports of sexual abuse of children occurring in the Portland or Portland East Stakes between 1970 and 1995. No such reports were found except those which had resulted in lawsuits which have already been produced to Plaintiff's attorneys.

23. A call was also made to the North America Northwest Area presidency, which has jurisdiction over ecclesiastical units in Oregon, and a search was made of their files for any third-party reports of sexual abuse of children occurring in the Portland or Portland East Stakes between 1970 and 1995. No reports were found which had not resulted in lawsuits which have already been produced to Plaintiff's attorneys.

24. The Church's Risk Management division, and Kirton & McConkie also searched their files for any documents relating to child sexual abuse in the Portland or Portland East Stakes. A search was also made of Office of General Counsel files. The only non-privileged documents found were Complaints which have previously been produced to Plaintiff, demand letters which ripened into lawsuits involving those Complaints, and several demand letters which have already been produced to Plaintiff.

**CATEGORY 4: LAWSUITS**

25. A search was made of all files concerning or in any way related to sexual abuse of children, filed between 1970 and 1995, which are maintained by Kirton and McConkie, the Church's Risk Management Division, and the Office of General Counsel. Complaints from all such lawsuits have been produced to Plaintiff. Although Church procedure directs that the Church's Risk Management Division be made aware of all such lawsuits, it is conceivable that some individual ward or stake handled such a lawsuit on its own, without involving Church Headquarters. Without contacting each of the individual wards and stakes, and each lay clergyman serving from 1970 through 1995 (approximately 121,000 individuals), it is impossible

Page 8 - AFFIDAVIT OF DWAYNE L. LIDDELL

1  to say with certainty that each and every Complaint has been produced. However, all
2  Complaints which have been forwarded to Church Headquarters have been produced.
3      26. The Church and the Boy Scouts have an agreement that any sexual abuse claim
4  arising from Boy Scout activity in a Church sponsored scouting unit will be handled by the Boy
5  Scouts. It is possible that some lawsuits naming the Church as a party or involving the Church
6  exist. However, Risk Management, Office of General Counsel, and Kirton & McConkie are not
7  aware of any specific lawsuit that has not been produced and have no copies of any documents
8  from those lawsuits.
9      FURTHER AFFIANT SAITH NAUGHT.

*[signature]*
Dwayne L. Liddell

STATE OF UTAH        )
                     )
COUNTY OF SALT LAKE  )

BEFORE ME, the undersigned authority, on this day personally appeared Dwayne L. Liddell, and after having read the above and being duly sworn by me on his oath, stated that the foregoing is true and correct.

SWORN TO AND SUBSCRIBED TO on this the 24th day of May, 2001.

*[signature]*
Notary Public in and for the State of Utah

*[notary seal: CONNIE J ROBERTS, Notary Public, State of Utah]*

Page 9 – AFFIDAVIT OF DWAYNE L. LIDDELL

*BULLIVANT HOUSER BAILEY*
*A Professional Corporation*