1

The Honorable Ricardo Martinez

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
8                                   AT SEATTLE

9    KENNETH FLEMING and JOHN DOE,          No.  4-2338 RSM

10                         Plaintiffs,       **DEFENDANTS COP AND
               v.                            LDSFS' REPLY TO PLAINTIFFS'
11                                           RESPONSE TO DEFENDANTS'
     THE CORPORATION OF THE                  MOTION TO DISMISS PUNITIVE
12   PRESIDENT OF THE CHURCH OF              DAMAGES CLAIMS UNDER
     JESUS CHRIST OF LATTER-DAY              CR 12(b)(6)**
13   SAINTS, a Utah corporation sole, a/k/a
     "MORMON CHURCH"; LDS SOCIAL             ***Noted for:  January 7, 2005***
14   SERVICES a/k/a LDS FAMILY SERVICES,
     a Utah corporation,
15
                           Defendants.
16

17

18          Defendants submit this memorandum in reply to Plaintiffs' Response to

19   Defendants' Motion for Dismissal of Punitive Damages Under CR 12(b)(6).  Plaintiffs'

20   position is legally unsupported by the law or policy of either of the states of Washington

21   or Utah.

22

23

DEFENDANTS COP AND LDSFS' REPLY IN SUPPORT
OF MOTION FOR DISMISSAL OF PUNITIVE DAMAGES
UNDER CR 12(b)(6) - 1
U:\Clients\7566\25226\Pleadings\PLD Dismiss - Reply.doc

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

## I. __PRELIMINARY STATEMENT__

Plaintiffs make a number of scurrilous factual accusations in their briefing and attachments against defendants which are false.[1]  For purposes of the present motion, however, it is the actual allegations in the complaint – but only those allegations – which must be taken as true.  Any and all other factual allegations should be ignored or stricken.

## II. __ARGUMENT__

**A.** __Plaintiffs Concede that Washington Law Does Not Allow Punitive Damages In This Case; the Court Has No Basis To Overrule a 100-Year-Old Precedent, and Is Bound By the Same__.

Plaintiffs concede, as they must, that in *Spokane Truck and Dray Company v. Hoefer*, 2 Wash. 45, 25 P. 1072 (1891), the Supreme Court of Washington rejected punitive damages.  *Plts' Resp. at p. 7*.  Nor can plaintiffs dispute that, since 1891, in an unbroken line of cases, it has been the law of this state that punitive damages are not allowed unless expressly authorized by the legislature.  *Barr v. Interbay Citizens Bank of Tampa, Florida*, 96 Wash.2d 692, 699, 635 P.2d. 441, 444 (1981).  Washington's long-established rule against punitive damages in common law tort cases can only be changed by the Legislature or the Washington Supreme Court.

It is insufficient for plaintiffs to suggest that this longstanding rule of law should be cast aside based on legislative findings stating that children are the state's greatest resource and must be protected from child abuse.  *Plts' Resp., p. 9*.  This broad-based and universally-acknowledged sentiment is hardly new, and does not provide a legal

---

[1]    Plaintiffs make some of these scurrilous factual allegations by reference to what they acknowledge to be "anecdotal" accounts which they loosely describe as "evidence."  Such factual allegations should be ignored and/or stricken, as they are completely irrelevant to this motion, which is to be decided wholly on the basis of the allegations of plaintiffs' complaint.

DEFENDANTS COP AND LDSFS' REPLY IN SUPPORT
OF MOTION FOR DISMISSAL OF PUNITIVE DAMAGES
UNDER CR 12(b)(6) - 2
U:\Clients\7566\25226\Pleadings\PLD Dismiss - Reply.doc

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

basis for changing a century of punitive damages precedent. It is the Legislature which has the prerogative to select the appropriate means for protecting children from abuse, and it has not chosen to employ punitive damages. Unless it or the Supreme Court reverses long-established precedent, Washington's bar on punitive damages is the controlling law of this case. Plaintiffs' attempt to do an end-run around that bar is without support under the law and policy of Washington (likewise Utah) and must therefore be rejected.

## B.  Utah Punitive Damages Law Does Not Apply.

Contrary to established law and policy of Washington, plaintiffs argue that Utah's law of punitive damages should apply. This argument is without merit. In determining choice of law, Washington utilizes the "most significant relationship" test as set forth in the Restatement (Second) of Conflict of Laws, §§ 145, 146 (1971) ("Restatement"). *See, Williams v. State*, 76 Wash. App. 237, 241, 885 P.2d 845, 848 (1994). Restatement §145 sets forth the "most significant relationship" test for tort cases, and articulates four factors to be considered:

> (a)  the place where the injury occurred,
>
> (b)  the place where the conduct causing the injury occurred,
>
> (c)  the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d)  the place where the relationship, if any, between the parties is centered.

Restatement §146 states the general rule that, in personal injury cases, the law where the injury occurred governs:

DEFENDANTS COP AND LDSFS' REPLY IN SUPPORT OF MOTION FOR DISMISSAL OF PUNITIVE DAMAGES UNDER CR 12(b)(6) - 3
U:\Clients\7566\25226\Pleadings\PLD Dismiss - Reply.doc

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1
2
3

[In personal injury actions,] the <u>local law of the state where the injury occurred determines the rights and liabilities of the parties</u>, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

4
5

Restatement §146 (emphasis added); *see Bush v. O'Connor*, 58 Wash. App. 138, 144, 791 P.2d 915, 918 (1990) (reciting §146).

6
7
8
9
10
11
12
13
14
15
16
17

Plaintiffs' analysis misapplies the most significant relationship test as set forth in Restatement §§ 145 and 146.  Application of the rule to the allegations of plaintiffs' complaint leads to the inescapable conclusion that Washington (not Utah) law governs plaintiffs' claims.  According to the above general rule, the fact that plaintiffs' alleged injuries occurred in Washington raises the presumption that Washington law applies and will determine the rights and liabilities of the parties.  *See*, Restatement §146 (quoted above); §145, comment e ("in the case of personal injuries or of injuries to tangible things, the place where the injury occurred is a contact that, as to most issues, plays an important role in the selection of the state of the applicable law"); and §145, comment f (". . . the place of injury is of particular importance in the case of personal injuries and of injuries to tangible things").  The presumption that Washington law applies to this case is strongly supported by analysis of the Restatement §145 factors.

18

**1.     Place of Allegedly Tortious Conduct.**

19
20
21
22
23

Plaintiffs' own complaint confirms that the place where the conduct causing the injury occurred is Washington.  The injurious conduct alleged in the First Cause of Action (negligence and breach of fiduciary duty) is:   (1) the failure of <u>Washington</u> clergymen to report child abuse to <u>Washington</u> civil authorities as allegedly required under <u>Washington</u> law (R.C.W. 26.44); and (2) defendant's failure to properly train and

DEFENDANTS COP AND LDSFS' REPLY IN SUPPORT
OF MOTION FOR DISMISSAL OF PUNITIVE DAMAGES
UNDER CR 12(b)(6) - 4
U:\Clients\7566\25226\Pleadings\PLD Dismiss - Reply.doc

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1   supervise the <u>Washington</u> clergymen who handled Plaintiffs' situation.  *See, Compl.,*

2   *¶¶ 4.1-4.12.*  Likewise, the tortious conduct alleged in the Second Cause of Action

3   (negligent infliction of emotional distress) is the failure of <u>Washington</u> clergymen to

4   report it to <u>Washington's</u> civil authorities and, again, defendant's failure to properly train

5   and supervise <u>Washington</u> clergymen.  *See, Id.* ¶ 5.1-5.3.

6       The Third Cause of Action likewise relates to the alleged failure of <u>Washington</u>

7   clergy to report to <u>Washington</u> civil authorities, alleged denial by <u>Washington</u> clergy of

8   abuse in <u>Washington</u> to residents of <u>Washington</u>.  Likewise, the Fourth Cause of Action

9   (civil conspiracy) is expressly based upon the foregoing allegations of conduct by

10  <u>Washington</u> clergy regarding incidents of alleged abuse in <u>Washington</u>.   From the

11  Complaint itself, it is clear that all of these alleged failures occurred in Washington, not

12  Utah.   That Utah is the location of the headquarters of the church is irrelevant to

13  evaluation of allegedly tortious conduct by <u>Washington</u> clergy in dealing with alleged

14  abuse to <u>Washington</u> residents that allegedly occurred in the State of Washington.

15      **2.     Residence/Place of Incorporation/Place of Business of the Parties.**

16      At all times material to the underlying factual allegations, plaintiffs resided in

17  Washington.  *Compl., ¶¶ 1.1.*  Defendants' place of incorporation is Utah, but as alleged

18  in the Complaint, defendants are registered to do business in Washington and have

19  continuous and systematic contacts here; in other words, the church has religious

20  congregations in Washington, such as the one (allegedly Kent 2nd Ward) where the

21  bishop allegedly failed to handle Plaintiffs' abuse properly.   *Compl., ¶ 1.2.*  With the

22  exception of defendants' place of incorporation, all of these contacts are in Washington.

23

DEFENDANTS COP AND LDSFS' REPLY IN SUPPORT
OF MOTION FOR DISMISSAL OF PUNITIVE DAMAGES
UNDER CR 12(b)(6) - 5
U:\Clients\7566\25226\Pleadings\PLD Dismiss - Reply.doc

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1    ### 3.     Location Where Relationship is Centered.

2    Plaintiffs contend that the center of the relationship between the parties is Utah

3    because that is where the Church's headquarters and senior leadership are located and

4    because that is the place from which Church policies and guidelines emanate.  By that

5    rationale, Vatican law ought to apply to any claim against the Catholic Church by a

6    Catholic since Rome is the spiritual headquarters of the Catholic Church and the place

7    from which Catholic dogma and ecclesiastical canons issue.  That is wrong for obvious

8    reasons.  Moreover, the Complaint itself belies the argument.  Taken as a whole, the

9    Complaint plainly alleges that plaintiffs (who were both Washington residents at all

10   relevant times), interacted – not with the senior leadership of the Church at

11   headquarters in Utah – but with the family's [local] ward members and bishop in

12   Washington.    *Compl., ¶ 1.2,  3.8,  3.9-3.10,  3.13.*    The relevant relationship was

13   indisputably centered in Washington.[2]   Accordingly, all the factors of §145 support

14   application of Washington law.

15   Plaintiffs nonetheless argue that Utah punitive damages law should apply to this

16   Washington action involving Washington plaintiffs complaining about the alleged failure

17   of Washington clergymen to properly protect them from the abuse of a scoutmaster in

18   Washington, because punitive damages are necessary to protect Utah's children from

19   the Church's supposedly defective policies and practices.  *Plts' Resp. at 9.*  To the

20   contrary, it is for purely economic, strategic, and tactical purposes (not for the protection

21   of children) that plaintiffs disingenuously seek to invoke Utah punitive damages law and

22   evade Washington's bar against punitive damages.  Plaintiffs ignore the fact that their

23   ---

[2]  The fact that financial donations to the Church are routed to Utah for distribution to Church congregations and for large-scale humanitarian relief around the world is irrelevant to this issue.

DEFENDANTS COP AND LDSFS' REPLY IN SUPPORT
OF MOTION FOR DISMISSAL OF PUNITIVE DAMAGES
UNDER CR 12(b)(6) - 6
U:\Clients\7566\25226\Pleadings\PLD Dismiss - Reply.doc

**STAFFORD FREY COOPER**

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1  argument would require the court to also apply Utah liability law, and fail to point out that

2  Utah law likely bars their claims as a matter of law.[3]   That the State of Utah has no

3  interest in the imposition of punitive damages in these circumstances goes without

4  saying.

5  **4.    Washington has the Most Significant Contacts with the Facts Alleged in this Case.**

6  Plaintiffs rely on *Kammerer v. Western Gear*, 96 Wash.2d 416, 635 P.2d 708

7  (1981), for the proposition that Washington courts will apply the punitive damages law of

8  another state if it has the most significant contacts with the controversy.  *Plts' Resp. at*

9  *7-10.*  This general proposition (which must be considered in light of the constitutional

10  constraints articulated by the U.S. Supreme Court in *BMW of N. America v. Gore*, 517

11  U.S. 559, 571-73 (1996)[4]), is inapposite here because, as demonstrated above,

12  Washington has the most significant relationship to the occurrence and the parties,

13  while Utah has virtually no significant contacts.  *See Restatement (Second) of Conflict*

14  *of Laws* § 145(1).  This case is unlike *Kammerer*, where the negotiations between the

15  plaintiffs and the defendant on which the fraud claim was based occurred in <u>California</u>;

16  the agreement between the parties recited that <u>California</u> law would govern disputes;

17  and <u>California</u> had an actual interest in protecting the plaintiffs from fraud.  *Kammerer,*

18  [3]  *See, Franco v. Church of Jesus Christ of Latter-day Saints,* 21 P.3d 198 (Utah 2001) (wherein

19  the court held that COP does not owe special or fiduciary duties to church members and that to

20  impose such a duty upon a religious organization would violate the First Amendment, thereby rejecting as unconstitutional claims against Church alleging that its clergy improperly handled counseling of child abuse victim, including allegations of cover-up).  *See also, Doe v. The Church of Jesus Christ of Latter-day Saints,* 98 P.3d 429 (Utah App. 2004).

21  [4]  Wherein the court ruled that no state can impose punitive damages in other states because

22  punitive damages may only be supported by *that state's* interest in protecting *its own citizens* and *its own economy.*  Further, the court ruled it a violation of due process to consider out-of-state conduct without also taking note of whether such out of state conduct was unlawful in the

23  given jurisdiction, a significant hurdle in this case where the 50 states' laws respecting duty to report, etc. varies significantly.

DEFENDANTS COP AND LDSFS' REPLY IN SUPPORT
OF MOTION FOR DISMISSAL OF PUNITIVE DAMAGES
UNDER CR 12(b)(6) - 7
U:\Clients\7566\25226\Pleadings\PLD Dismiss - Reply.doc

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1  *supra*, at 422.  As indicated above, any connection of this case to Utah is attenuated at

2  best, while the State of Washington has all the significant contacts.

3       The appropriate comparison is found in *Barr v. Interbay Citizens Bank of Tampa,*

4  *Florida*, 96 Wash.2d 692, 635 P.2d. 441 (1981).  There, a Washington resident sued a

5  Florida bank that had wrongfully repossessed his car in Washington.  The repossession

6  was ordered by the bank in Florida but carried out by the bank's Nevada agent, who in

7  turn traveled to Washington to seize the vehicle.  The issue was whether Florida law,

8  which allows punitive damages, should apply to punish the Florida bank for conduct it

9  directed to occur in Washington.  Noting that the immediate, injury-causing conduct

10 occurred in Washington by the Nevada agent of the Florida defendant, the Supreme

11 Court found the interest of Florida to be subordinate to that of Washington.  *Id.* at 699,

12 635 P.2d at 444.  In so finding, the *Barr* court <u>declined</u> to apply the punitive damages

13 law of Florida where, as here, the alleged harm resulted from conduct which in fact

14 occurred in Washington, notwithstanding that the instructions came from a Florida bank.

15 *Id.* at 700, 635 P.2d at 445.  The key distinction between the *Kammerer* and *Barr*

16 decisions is that the plaintiffs in *Kammerer* were <u>California</u> residents and the

17 negotiations on which the fraud claim was based took place in <u>California</u>, whereas in

18 *Barr* a <u>Washington</u> resident sued for conduct that occurred in <u>Washington</u> at the

19 instruction of the Florida bank.

20      Similarly, given the facts of this case as discussed above, the State of

21 Washington, not the State of Utah, has by far the most significant relationship to the

22 occurrence and the parties in this lawsuit.  Washington law clearly governs this

23 controversy and bars imposition of punitive damages.

DEFENDANTS COP AND LDSFS' REPLY IN SUPPORT
OF MOTION FOR DISMISSAL OF PUNITIVE DAMAGES
UNDER CR 12(b)(6) - 8
U:\Clients\7566\25226\Pleadings\PLD Dismiss - Reply.doc

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1

2

**C.    A 12(b)(6) Motion Is a Proper Vehicle for Disposing of Plaintiffs' Claim for Punitive Damages.**

Finally, plaintiffs argue that a CR 12(b)(6) motion on the punitive damages issue is improper at this juncture because they should be permitted to take discovery relevant to the alleged reprehensibility of defendant's conduct, etc.  *Plts' Resp. at 6-7.*  This ignores the fact that 12(b)(6) motions are not dependant upon facts developed through discovery; the allegations in the complaint are assumed to be true.  In any event, no matter how egregious a defendant's conduct may be, punitive damages are simply unavailable under Washington law for common law tort claims.  The instant motion seeks a court ruling to that effect, thereby barring plaintiffs from pursuing such a claim (or prayer for relief, etc.).  A motion pursuant to CR 12(b)(6) is the logical and appropriate method to achieve this end.  Inasmuch as plaintiffs' allegations and attachments are irrelevant, a motion for summary judgment would also be appropriate.  Whatever the label, the end result is the same:  punitive damages have no place in this litigation.  Defendant is entitled to an order dismissing any such claim for damages.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

STAFFORD FREY COOPER

PROFESSIONAL CORPORATION

601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

### III. __CONCLUSION__

Defendants Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints and LDS Family Services respectfully request that its motion under 12(b)(6) be granted, and that plaintiffs' claim for punitive damages be dismissed.

DATED this 6th day of January, 2005.

s/ Thomas D. Frey via ECF
Thomas D. Frey, WSBA #1908
E-mail: tfrey@staffordfrey.com

s/ Marcus B. Nash via ECF
Marcus B. Nash, WSBA #14471
Email:  mnash@staffordfrey.com

STAFFORD FREY COOPER
601 Union Street, Suite 3100
Seattle, WA  98101
Telephone: (206) 623-9900
Fax: (206) 624-6885
Attorneys for Defendants

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885

1

## Certificate of Service

2

I certify that on the date noted below I electronically filed **Defendant LDS and LDSFS'**
**Reply to Response to Defendants' Motion to Dismiss** using the CM/ECF system
which will send notification of such filing to the following persons:

3

4

Michael T. Pfau
Gordon Thomas Honeywell Malanca Peterson & Daheim
600 University Street, Suite 2100
Seattle, WA  98101-4185
Email:  mpfau@gth-law.com
        *Attorneys for Plaintiffs*

5

6

7

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
600 University Street, Suite 2100
Seattle, WA  98101
Email:  timkosnoff@comcast.net
        *Attorneys for Plaintiffs*

8

9

10

11

DATED this 6th day of January, 2005, at Seattle, Washington.

12

13

/s/ Mary Ann Jarrett_____
Mary Ann Jarrett

14

15

16

17

18

19

20

21

22

23

DEFENDANTS COP AND LDSFS' REPLY IN SUPPORT
OF MOTION FOR DISMISSAL OF PUNITIVE DAMAGES
UNDER CR 12(b)(6) - 11
U:\Clients\7566\25226\Pleadings\PLD Dismiss - Reply.doc

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100
Seattle WA 98101.1374
TEL 206.623.9900  FAX 206.624.6885