LAW OFFICES
# GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

| SEATTLE OFFICE | TACOMA OFFICE | BOTHELL OFFICE |
|---|---|---|
| ONE UNION SQUARE | 1201 PACIFIC AVENUE, SUITE 2100 | 21540 – 30th DRIVE SE, SUITE 101 |
| 600 UNIVERSITY, SUITE 2100 | POST OFFICE BOX 1157 | BOTHELL, WASHINGTON 98021 |
| SEATTLE, WASHINGTON 98101-4185 | TACOMA, WASHINGTON 98401-1157 | (206) 676-6570 |
| (206) 676-7500 | (253) 620-6500 | FACSIMILE (425) 489-2872 |
| FACSIMILE (206) 676-7575 | FACSIMILE (253) 620-6565 | |
| REPLY TO SEATTLE OFFICE | | |

**Michael T. Pfau**
Direct: (206) 676-7533
E-mail: mpfau@gth-law.com

February 28, 2005

*VIA HAND DELIVERY*

Lowell Williamson
United States District Court
Western District of Washington
304 U.S. Courthouse
Seattle WA 98104

04-CV-02338-PRO

RE: ***Fleming v. Mormon Church***

Dear Mr. Williamson:

The February 17th, 2005 Order setting trial date requires that we notify you of an irreconcilable conflict with the March 6th, 2006 jury trial date set in the above-referenced matter. Both of the plaintiffs' lawyers in this case, myself and Timothy D. Kosnoff, have another trial set in State court that same day. Enclosed please find the scheduling order in the matter of *JOA v. Boy Scouts of America* in the Pierce County Superior Court.

Plaintiffs' attorneys are both available during the second two weeks of January, 2006, all of February, and the entire month of April 2006, to attend trial in this matter. We hope that the Court and the other counsel are available to try this case during those time periods. If this adjustment creates a conflict, we ask that the Court set a telephonic status conference with Judge Martinez to discuss the adjustment in the trial date.

Very truly yours,

Michael T. Pfau

MTP:pml
Enclosure
cc: Marcus Nash (w/encl.)
     Thomas Frey (w/encl.)

[136792 v04.doc]

Dockets.Justia.com

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR PIERCE COUNTY

JDA

Plaintiff(s)

vs.

BOY SCOUTS OF AMERICA

Defendant(s)

No. 04-2-10570-1

## ORDER AMENDING CASE SCHEDULE

Type of Case: PIN
Estimated Trial (days): 10
Track Assignment: Standard
Assigned Department: 02 - Judge KATHERINE M. STOLZ
Docket Code: ORACS

| | |
|---|---|
| Confirmation of Service | 04/04/05 |
| Confirmation of Joinder of Parties, Claims and Defenses | 07/04/05 |
| Jury Demand | 07/11/05 |
| Obtain Settlement Conf Judge/Comm from Commissioners' Services (See PCLR 3(c) 2(b) & 94.04 (f)) | Week Of 08/01/05 |
| Status Conference (Contact Court for Specific Date) | Week Of 08/01/05 |
| Plaintiff's Disclosure of Primary Witnesses | 08/29/05 |
| Defendant's Disclosure of Primary Witnesses | 09/26/05 |
| Disclosure of Rebuttal Witnesses | 11/14/05 |
| Deadline for Filing Motion to Adjust Trial Date | 12/12/05 |
| Discovery Cutoff | 01/16/06 |
| Exchange of Witness and Exhibit Lists and Documentary Exhibits | 01/30/06 |
| Deadline for Hearing Dispositive Pretrial Motions | 02/06/06 |
| Settlement Conference (Contact Court for Specific Date) | Week Of 02/06/06 |
| Joint Statement of Evidence | 02/06/06 |
| Pretrial Conference (Contact Court for Specific Date) | Week Of 02/20/06 |
| Trial | 03/06/06 9:30 |

FILED
DEPT. 2
IN OPEN COURT
JAN 7 2005
Pierce County Clerk
By _____ DEPUTY

**Unless otherwise instructed, ALL Attorneys/Parties shall report to the trial court at 9:00 AM on the date of trial.**

## NOTICE TO PLAINTIFF/PETITIONER

If the case has been filed, the plaintiff shall serve a copy of the Case Schedule on the defendant(s) with the summons and complaint/petition. Provided that in those cases where service is by publication the plaintiff shall serve the Case Schedule within five (5) court days of service of the defendant's first response/appearance. If the case has not been filed, but an initial pleading is served, the Case Schedule shall be served within five (5) court days of filing. See PCLR 1.

## NOTICE TO ALL PARTIES

All attorneys and parties shall make themselves familiar with the Pierce County Local Rules, particularly those relating to case scheduling. Compliance with the scheduling rules is mandatory and failure to comply shall result in sanctions appropriate to the violation. If a statement of arbitrability is filed, PCLR 1 does not apply while the case is in arbitration.

DATED: 1/7/05

*Katherine M. Stolz*

Judge Katherine M. Stolz
Department 02 (253) 798-7573