UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, *et al.*, <br><br> Defendants. | CASE NO. C04-2338RSM <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PUNITIVE DAMAGES CLAIM |

This matter comes before the Court on defendants' Motion to Dismiss Plaintiffs' Punitive Damages Claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. #9). Defendants argue that plaintiffs have failed to assert any claim under federal or state statute that provides for punitive damages, and such damages are not otherwise permitted under Washington State law. Plaintiffs argue that this Court should apply the most significant relationship test, and find that Utah State law governs this case, and therefore, that state's punitive damages laws apply to this case. (Dkt. #11).

Having reviewed defendants' motion to dismiss (Dkt. #9), plaintiffs' opposition (Dkt. #11), defendants' reply (Dkt. #14), the declarations in support of those briefs, and the remainder of the record, the Court hereby finds and ORDERS:

ORDER GRANTING MOTION TO DISMISS CLAIM
PAGE - 1

(1) Defendants' Motion to Dismiss Plaintiffs' Punitive Damages Claim (Dkt. #9) is GRANTED. Under Rule 12(b)(6), the Court must dismiss a claim if plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). In deciding a motion to dismiss, the Court accepts as true all material allegations in the complaint and construes them in the light most favorable to the plaintiff. *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002); *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Associated Gen. Contractors*, 159 F.3d at 1181.

In the instant case, plaintiffs urge the Court to apply Utah's punitive damages laws to their case, arguing that Utah has the most significant relationship with plaintiffs' claims. (Dkt. #11 at 7-10). The Court finds this argument misguided.

In the typical diversity case, when the laws of more than one state can arguably apply to the claim at issue, a district court must apply the conflict-of-law rules of the state in which the court is located. *Digital Control Inc. v. Radiodetection Corp.*, 294 F. Supp.2d 1199, 1204 n. 6 (W.D. Wash. 2003). In Washington State, the courts apply a "most significant relationship" test, as set forth in the Restatement (Second) Conflict of Laws § 145 (1971). *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 580 (1976); *Williams v. State*, 76 Wash. App. 237, 241 (1994). Section 145 provides:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
>
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>
> (a) the place where the injury occurred,

ORDER GRANTING MOTION TO DISMISS CLAIM
PAGE - 2

> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.
>
> These contacts are to be evaluated according to their relative importance with respect to the particular issue.

*Restatement (Second) of Conflict of Laws* § 175 (1971). Furthermore, in personal injury cases, Restatement § 146 states that generally the law where the injury occurred governs. Restatement § 146; *see Bush v. O'Connor*, 58 Wash. App. 138, 144 (1990). The *Johnson* court explained that the approach "is not merely to count contacts, but rather to consider which contacts are most significant and to determine where these contacts are found." *Johnson*, 87 Wn.2d at 581. Thus, in the instant case, this Court must consider the significant contacts with Washington and with Utah.

After examining the contacts with each state, this Court must conclude that Washington law governs the case. First, the fact that plaintiffs' injury occurred in Washington raises the presumption that Washington law applies and will determine the rights and liabilities of the parties. *See* Restatement § 146. In the Complaint, plaintiffs allege that it was the failure of Washington clergymen to report child abuse, and the failure to properly train and supervise Washington clergymen who handled plaintiffs' cases, that constitute unlawful conduct. (Dkt. #1, Complaint). Furthermore, plaintiffs allege that the failure of Washington clergy to report the abuse to Washington civil authorities was unlawful. Thus, it is clear that the injury occurred in Washington, not in Utah. In addition, at all times material to the allegations raised in the Complaint, plaintiffs were residents of, and domiciled in, Washington State. The church in which the abuse occurred was located in Kent, Washington, and was registered to do business in Washington. Finally, the relationship between plaintiffs and the church is centered in Washington. (Dkt. #1, Complaint).

ORDER GRANTING MOTION TO DISMISS CLAIM
PAGE - 3

While plaintiffs argue that Utah has the most significant relationship because that is where the headquarters of the church is incorporated, that is where the senior leadership is located, financial contributions are made to the church headquarters, and document archives are maintained there, these facts are irrelevant under the significant relationships test set forth in the Restatement. Moreover, plaintiffs erroneously rely on *Kammerer v. Western Gear*, 96 Wn.2d 416 (1981), in support of their argument. (*See* Dkt. #11 at 7-8). Instead, the appropriate analysis is found in *Barr v. Interbay Citizens Bank of Tampa, Florida*, 96 Wn.2d 692 (1981), wherein the Court determined that, because the immediate, injury-causing conduct occurred in Washington by an agent of the Florida defendant, the interests of Florida were subordinate to those of Washington. *Barr*, 96 Wn.2d at 699. On that basis, the court declined to apply the punitive damages laws of Florida. Unlike *Barr* and unlike the instant case, in *Kammerer*, the Court applied California law in the Washington forum because plaintiffs were California residents, the negotiations on which the fraud claim was based took place in California, the agreement between the parties directed that California law would govern, and payments and royalties were made in California. *Kammerer*, 96 Wn.2d at 422. None of those factors are present in plaintiffs' case.

Therefore, the Court finds that Washington has the most significant relationship to the alleged unlawful conduct and the parties in this lawsuit. Accordingly, Washington law clearly governs, and the Court declines to apply Utah's punitive damages laws. Because punitive damages are not permitted under Washington law, plaintiffs' punitive damages claim must be dismissed.

(2) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this _25_ day of March, 2005.

/s/ Ricardo S. Martinez
RICARDO S. MARTINEZ
United States District Judge

ORDER GRANTING MOTION TO DISMISS CLAIM
PAGE - 4