(c) make different regulations to be applicable in cases under different statutes, either of British Columbia or of Canada.

**Affirmation or oath**

**20** (1) In this section, **"presiding officer"** includes,

(a) in a proceeding in which evidence is taken, the judge, and

(b) in any other case, a person having by law the authority to administer an oath.

(2) For all purposes for which an oath is required by law, a person may, instead of taking an oath, make a solemn affirmation in the prescribed form.

(3) If, in the opinion of the presiding officer, it is not reasonably practicable without inconvenience or delay to administer an oath to a person in the form or manner appropriate to the person's religious beliefs, the person must, despite any other enactment or law, make a solemn affirmation in the prescribed form.

(4) A solemn affirmation in the prescribed form has the same force and effect as an oath.

(5) The Lieutenant Governor in Council may prescribe the form of a solemn affirmation and may prescribe different forms for different purposes.

**Validity of oath not affected by absence or difference of religious belief**

**21** If a person has taken an oath, the following facts do not affect the validity of that oath:

(a) the person had, at the time, no religious belief;

(b) the form of oath customary for persons of his or her religious belief differs from the oath taken.

**Oath may be administered with uplifted hand**

**22** If a person to whom an oath is administered desires to swear with uplifted hand, in the form and manner in which an oath is usually administered in Scotland,

(a) the person must be permitted to do so, and

(b) the oath must be administered to the person in that form and manner without further question.

**Power to administer oaths**

**23** Every court and judge, and every person having by law or consent of parties authority to hear and receive evidence, may administer an oath to every witness who is legally called to give evidence before that court, judge or person.

**Judicial notice of statutes**

Dockets.Justia.com

**24** (1) In this section, **"Imperial Parliament"** means the Parliament of the United Kingdom of Great Britain and Northern Ireland, or any former kingdom that included England, whether known as the United Kingdom of Great Britain and Ireland or otherwise.

(2) Judicial notice must be taken of all of the following:

(a) Acts of the Imperial Parliament;

(b) Acts of the Parliament of Canada;

(c) ordinances made by the Governor in Council of Canada;

(d) ordinances made by the Governor in Council, Lieutenant Governor in Council or Commissioner in Council of any province, colony or territory which, or some portion of which, forms part of Canada, and all Acts and ordinances of the Legislature of, or other legislative body or authority competent to make laws for, the province, colony or territory;

(e) Acts and ordinances of the Legislature of, or other legislative body or authority competent to make laws for, any dominion, empire, commonwealth, state, province, colony, territory, possession or protectorate of Her Majesty;

(f) regulations published in the Gazette.

(3) This section applies to

(a) all dominions, empires, commonwealths, states, provinces, colonies, territories, possessions and protectorates now existing and those constituted at some time in the future, and

(b) ordinances and Acts that are made or enacted

(i) now,

(ii) at any time before now, or

(iii) any time after now.

**Proof of state documents**

**25** (1) In this section:

**"British possession"** includes every dominion of Her Majesty other than Canada and the United Kingdom of Great Britain and Northern Ireland;

**"dominion"** includes kingdom, empire, republic, commonwealth, state, province, territory, colony, possession and protectorate and, where parts of a dominion are under both a central and a local legislature, includes all parts under the central legislature and each part under a local legislature;

**"federal"** means, as applied to state documents, of or pertaining to Canada;

**"foreign state"** includes every dominion other than the Canada, United Kingdom of Great Britain and Northern Ireland or a British possession;

**"imperial"** means, as applied to state documents, of or pertaining to the United Kingdom of Great Britain and Northern Ireland, or any former kingdom that included England whether the former kingdom was known as the United Kingdom of Great Britain and Ireland or otherwise;

**"legislature"** includes any legislative body or authority competent to make laws for a dominion;

**"province"** has, if used in respect of federal or provincial state documents, a corresponding meaning to "provincial";

**"provincial"** means, as applied to state documents, of or pertaining to any province, colony or territory which, or some portion of which, forms part of Canada;

**"Queen's Printer"** includes the government printer or other official printer;

**"state document"** includes any Act or ordinance enacted or made or purporting to have been enacted or made by a legislature, and any order, regulation, notice, appointment, warrant, licence, certificate, letters patent, official record, rule of court or other instrument issued or made or purporting to have been issued or made under any Act or ordinance so enacted or made or purporting to have been enacted or made, and any official gazette, journal, proclamation, treaty or other public document or act of state issued or made or purporting to have been issued or made.

(2) The definitions in subsection (1) apply to all dominions, kingdoms, empires, republics, commonwealths, states, provinces, territories, colonies, possessions and protectorates that

    (a) exist now,

    (b) existed at any time before now, or

    (c) are constituted any time after now.

(3) The existence and the contents, in whole or in part, of an imperial state document may be proved

    (a) in the same manner as they may be provable in a court in England,

    (b) by producing a copy of the Canada Gazette or a volume of the Acts of the Parliament of Canada purporting to contain a copy of or an extract from it or a notice of it,

    (c) by producing a copy of it or an extract from it purporting to be printed by the Queen's Printer for Canada or for a province of Canada,

    (d) by producing a copy of it or an extract from it purporting to be

        (i) certified as a true copy or extract by the minister, head, deputy minister or deputy head of a ministry or department of the imperial government, or

        (ii) an exemplification of it under the imperial Great Seal, or

(e) by producing a copy of it or an extract from it purporting to be certified as a true copy or extract by the custodian of the original document or of the public records from which the copy or extract purports to be made.

(4) The existence and the contents, in whole or in part, of a federal or provincial state document may be proved by producing

    (a) a copy of

        (i) the Canada Gazette,

        (ii) the official gazette for a province,

        (iii) a volume of the Acts of the Parliament of Canada, or

        (iv) a volume of the Acts of the legislature of a province,

purporting to contain a copy of the state document or an extract from it or a notice of it,

    (b) a copy of it or an extract from it purporting to be printed by the Queen's Printer for Canada or for a province,

    (c) a copy of it or an extract from it, whether printed or not, purporting to be

        (i) certified as a true copy or extract by

            (A) the minister, head, deputy minister or deputy head of a ministry or department of the government of Canada or of a province, or

            (B) the custodian of the original document or of the public records from which the copy or extract purports to be made, or

        (ii) an exemplification of the state document under the Great Seal of Canada or of a province,

and the federal or provincial state document proved must be judicially noticed.

(5) The existence and the contents, in whole or in part, of a state document of a British possession or foreign state may be proved by producing a copy of it or an extract from it,

    (a) purporting to be printed by the legislature, government, Queen's Printer, government printer or other official printer of the British possession or of the foreign state,

    (b) whether printed or not, purporting to be

        (i) certified as a true copy or extract by

            (A) the minister, head, deputy minister or deputy head of a department of government of the British possession or of the foreign state, or

(B) the custodian of the original document or the public records from which the copy or extract purports to be made, or

(c) purporting to be an exemplification of the state document under the Great Seal or other state seal of the British possession or of the foreign state.

(6) It is not necessary to prove

(a) the signature or official position of the person by whom the copy or extract, tendered in evidence under this section, purports to be certified, or

(b) that the original document or the public records from which the copy or extract purports to be made were deposited or kept in the custody of the person certifying.

(7) If a copy or extract, tendered in evidence under this section, purports to be printed by a legislature, government, Queen's Printer, government printer or other official printer, it is not necessary to prove the authority, status or official position of the legislature, government, Queen's Printer, government printer or other official printer.

**Evidence of proceedings in courts in Canada and elsewhere**

**26** (1) In this section, **"evidence of a proceeding or record"** refers to evidence of a proceeding or record of, in or before

(a) a court in the United Kingdom,

(b) the Supreme or Federal Courts of Canada,

(c) a court, justice or coroner in a province of Canada,

(d) a court in a British Colony or possession,

(e) a court of record of the United States,

(f) a court of record of a state of the United States, or

(g) a court of record of any other foreign country.

(2) Evidence of a proceeding or record may be given in any action or proceeding in British Columbia by an exemplification or certified copy of it, purporting to be under the seal of the court or under the hand or seal of the justice or coroner, as the case may be, without any proof of the authenticity of the seal or of the signature of the justice or coroner or further proof.

(3) If a court, justice or coroner referred to in subsection (2) has no seal, and so certifies, evidence of a proceeding or record may be given by a copy purporting to be certified under the signature of a judge or presiding magistrate of the court or of the justice or coroner, without any proof of the authenticity of the signature or further proof.

**Proof of judge's signature**

**31**

27 A document purporting to bear the signature of a judge of a court in British Columbia, either in his or her capacity as a judge or as a persona designata, is admissible in evidence without proof of the signature, authority or official capacity of the judge appearing to have signed the document.

**Evidence of documents and proceedings of corporations**

28 (1) If the original record, including a document, bylaw, rule, regulation, proceeding or entry in a register or book of a municipality, regional district or other corporation created by charter or by a statute of Canada or a province, could be admitted in evidence, a copy of that record that

(a) purports to be certified under the seal of the corporation, and

(b) purports to be signed by the local government corporate officer or the presiding officer, clerk or secretary of the corporation

is admissible in evidence without further proof of the record or proof of the seal, signature or official position of the person signing the copy.

(2) If the original record, including a document, bylaw, rule, regulation, proceeding or entry in a register or book of a municipality or regional district could be admitted in evidence, a copy of that record that purports to be certified a true copy by the local government corporate officer is admissible in evidence without further proof of the record or proof of the signature or official position of the person signing the copy.

**Evidence of public books and documents**

29 (1) If a book or document is of so public a nature that it would be admissible in evidence merely by producing it, and no other statute exists making its contents provable by providing a copy of it, a copy of it or an extract from it, certified as true by the officer entrusted with the custody of that book or document, is admissible in evidence in any court or before a person having, by law or by consent of parties, authority to hear, receive and examine evidence.

(2) The officer referred to in subsection (1) must furnish the certified copy or extract to any person who

(a) applies for it at a reasonable time, and

(b) pays a sum not exceeding 10¢ for every folio of 100 words.

**No proof of signature or official position**

30 (1) Proof is not required of the handwriting or official position of a person certifying, under this Act, to the truth of a copy of or extract from a proclamation, order, register, bylaw, rule, regulation, appointment, book or other document.

(2) Proof is not required of the handwriting, authority or official position of a person whose signature is on a document kept or issued under the authority of an enactment of British Columbia.

**Orders signed by Secretary of State**

31 An order in writing, signed by the Secretary of State for Canada and purporting to be written by

command of the Governor General, must be received in evidence as the order of the Governor General.

**Copies in Gazette evidence**

32 All copies of official and other notices, advertisements and documents printed in the Canada Gazette or in the British Columbia Gazette are evidence of the originals and of the contents of them.

**Evidence of entries in departmental books of governments of Canada and British Columbia**

33 A copy of an entry in a book kept in a department of the government of Canada or of the government of British Columbia must be admitted as evidence of the entry and of the matters, transactions and accounts recorded in it if it is proved by the oath or affidavit of an officer of the department that

(a) the book was, at the time the entry was made, one of the ordinary books kept in the department,

(b) the entry was made in the usual and ordinary course of business of the department, and

(c) the copy is a true copy of it.

**Financial institution records**

34 (1) In this section:

"**court**" means the court, judge, arbitrator, person or persons before whom a legal proceeding is held or taken;

"**financial institution**" means the Bank of Canada, the Business Development Bank of Canada, a ministry, department or agency of British Columbia or of Canada or an institution incorporated in Canada that accepts deposits of money from its members or the public, and includes a branch, agency or office of that bank, ministry, department, agency or institution;

"**legal proceeding**" means a civil proceeding or inquiry in which evidence is or may be given, and includes an arbitration.

(2) Subject to this section, a copy of an entry in a book or record kept in a financial institution, in a legal proceeding to which the financial institution is not a party, must be admitted as evidence of the entry and of the matters, transactions and accounts recorded in it.

(3) A copy of an entry in the book or record referred to in subsection (2) must not be admitted in evidence under this section unless it is first proved that

(a) the book or record was, at the time the entry was made, one of the ordinary books or records of the financial institution,

(b) the entry was made in the usual and ordinary course of business,

**33**

(c) the book or record is in the custody or control of the financial institution or its successor, and

(d) the copy is a true copy.

(4) For the purposes of subsection (3), the proof may be given by the manager, accountant, former manager or former accountant of the financial institution or its successor, and may be given orally or by affidavit.

(5) Unless by order of the court made for special cause, a financial institution or officer of a financial institution, in legal proceedings to which the financial institution is not a party, is not compellable

(a) to produce a book or record, the contents of which can be proved under this section, or

(b) to appear as a witness to prove the matters, transactions and accounts recorded in the book or record.

(6) On the application of a party to a legal proceeding, the court may order that the party be at liberty to inspect and take copies of entries in the books or records of a financial institution for the purposes of the proceeding.

(7) The person whose account is to be inspected under subsection (6) must be notified personally of the application at least 2 clear days before the hearing of the application, but if the court is satisfied that the person cannot be notified personally, the notice may be given by addressing the notice to the financial institution.

(8) The costs of an application to a court under this section and the costs of anything done or to be done under an order of a court made under this section are in the discretion of the court, which may order them or part of them to be paid to any party by the financial institution if those costs have been occasioned by default or delay on the part of the financial institution.

(9) An order against a financial institution under subsection (8) may be enforced as if the financial institution were a party to the legal proceeding.

(10) A court must admit in evidence as proof that a person has no account in a financial institution, from which a cheque has been drawn by that person, a sworn affidavit of the manager or accountant of the financial institution setting out that

(a) he or she is the manager or accountant, as the case may be,

(b) he or she has carefully examined and searched the books and records to determine whether or not that person has an account with the financial institution, and

(c) he or she has been unable to find the account.

(11) Holidays must be excluded from the computation of time under this section.

**Admissibility of photographs taken to keep a permanent record**

**35** (1) In this section:

**"person"** includes

    (a) the government of Canada or a province, and a ministry or department, commission, board or branch of that government,

    (b) a corporation, and

    (c) the heirs, executors, administrators or other legal representatives of a person;

**"photograph"** includes photographic film, prints, reductions and enlargements, microphotographic film and photocopies.

(2) A photograph, taken in the course of an established practice in order to keep a permanent record of a bill of exchange, promissory note, cheque, receipt, instrument, agreement, document, plan, record, book or an entry in that book or record that is kept or held by a person, is admissible in evidence in all cases for all purposes that the object photographed would have been admissible.

(3) A court may, in the interests of justice, refuse to admit a photograph in evidence under this section.

(4) Subsection (3) does not apply to a photograph tendered in evidence by one or more of the following persons:

    (a) a government;

    (b) the Bank of Canada;

    (c) the registrar of a land title office;

    (d) a regional district or an improvement district as defined in the *Local Government Act;*

    (e) a municipality;

    (f) a board of school trustees constituted under the *School Act;*

    (f.1) a francophone education authority as defined in the *School Act;*

    (g) a regional hospital district as defined in the *Hospital District Act.*

(5) A person having knowledge of the facts may give, orally or by affidavit, proof of compliance with this section.

**Evidence of notarial acts or instruments made or filed in Province of Quebec**

**36** (1) For the purposes of a document purporting to be a copy of a notarial act or instrument made, filed or registered in the Province of Quebec,

    (a) the copy has the same force and effect as the original and must be received in evidence in

**35**

place of the original if the copy purports to be certified by a notary or prothonotary as a true copy of the original in his or her possession unless it is proved that

(i) there is no original,

(ii) the copy is not a true copy in some material particular, or

(iii) the original is not, by the law of the Province of Quebec, the type of instrument that may be

(A) taken before a notary, or

(B) filed, enrolled or registered by a notary in the Province of Quebec, and

(b) the copy must not be received in evidence at trial unless the party intending to produce it has, before the trial, given reasonable notice of that intention to the party against whom it is intended to be produced.

(2) The reasonableness of the notice under subsection (1) (b) is to be determined by the court, but in any case the notice must not be less than 10 days.

**Procedure for proving will by production of probate or stamped copy**

**37** If it is necessary in an action to produce and prove an original will in order to establish a devise or other testamentary disposition of or affecting land,

(a) the party intending to establish the devise or disposition may give notice to the opposite party, at least 10 days before the trial or proceeding, of the intention to give in evidence at the trial or proceeding

(i) the probate of the will or a copy of that probate, stamped with the seal of the court granting it, or

(ii) the letters of administration with the will annexed or a copy of them, stamped with the seal of the court granting them,

(b) unless the party receiving a notice under paragraph (a), within 4 days of receipt, gives notice disputing the validity of the devise or disposition, each of the documents referred to in paragraph (a) (i) and (ii) are sufficient evidence of the will, its validity and contents even though the will may not have been

(i) proved in solemn form, or

(ii) declared valid in a contentious cause or matter, and

(c) if the original will is produced and proved, the court may direct which of the parties will pay the costs of it.

**Procedure for proving will by production of probate from court of British possession**

**36**

**38** (1) If a person dies in any of Her Majesty's possessions outside British Columbia having made a will sufficient to pass land in British Columbia, purporting to devise, charge or affect that land and purporting to have been executed before at least 2 witnesses, for the purposes of a proceeding in a British Columbia court concerning that land,

> (a) it is, without production of the original will, sufficient evidence of the will and of its contents and validity if the following are produced and notice of the intention to produce them is given to the opposite party at least one month before the date of their production:
>
>> (i) the probate of the will issued by the court in any of those possessions where the will was proved and remains filed;
>>
>> (ii) a certificate of the judge, registrar or clerk of the court referred to in subparagraph (i), and
>
> (b) the probate or certificate referred to in paragraph (a) must not be used if, on cause shown before the court, the court
>
>> (i) finds reason to doubt the sufficiency of the execution of the will to pass the land, and
>>
>> (ii) makes a ruling or order disallowing the production of the probate.

(2) The certificate referred to in paragraph (a) (ii) is sufficient evidence of the facts stated in it and of the authority of the judge, registrar or clerk, without proof of the appointment, authority or signature of the person making the certificate.

**Certified copies of documents in land title and Supreme Court offices as evidence**

**39** An exemplification or a certified copy of an instrument or document deposited, filed, kept or registered in a land title office or a registry of the Supreme Court under the hand and seal of office of the registrar in whose office it is deposited, filed, kept or registered, must be received as evidence in a court in British Columbia of the original of the instrument or document, without proof of the signature or the seal, and without proof that the instrument or document was deposited, filed, kept or registered.

**Certified copies of records of chief gold commissioner or gold commissioner as evidence**

**40** For the purpose of a record kept by or a document filed with the chief gold commissioner or a gold commissioner under the *Mineral Tenure Act,* copies of or extracts from the record or document, certified as true copies or extracts by the chief gold commissioner or gold commissioner, must be received in a court in British Columbia as evidence of the matters contained in them.

**Production and proof of original documents filed in land title office or County Court**

**41** If it is necessary in an action to produce and prove an original instrument or document that has been registered or filed in a land title office or County Court office in order to establish the instrument or document and its contents,

> (a) the party intending to prove the original may give notice to the opposite party, at least 10 days before the trial or proceeding, of the intention to give in evidence at the trial or proceeding a copy of the original certified by the registrar of that office under the registrar's

hand and seal of office,

(b) unless the party receiving the notice under paragraph (a), within 4 days of receipt, gives notice disputing the validity of the original, the certified copy under paragraph (a) is sufficient evidence of the original and of its validity and contents, and

(c) if a party gives notice disputing the original under paragraph (b), the costs of producing and proving the original may be ordered by the court to be paid by the party as may be right.

**Admissibility of business records**

**42** (1) In this section:

**"business"** includes every kind of business, profession, occupation, calling, operation or activity, whether carried on for profit or otherwise;

**"document"** includes any device by means of which information is recorded or stored;

**"statement"** includes any representation of fact, whether made in words or otherwise.

(2) In proceedings in which direct oral evidence of a fact would be admissible, a statement of a fact in a document is admissible as evidence of the fact if

(a) the document was made or kept in the usual and ordinary course of business, and

(b) it was in the usual and ordinary course of the business to record in that document a statement of the fact at the time it occurred or within a reasonable time after that.

(3) Subject to subsection (4), the circumstances of the making of the statement, including lack of personal knowledge by the person who made the statement, may be shown to affect the statement's weight but not its admissibility.

(4) Nothing in this section makes admissible as evidence a statement made by a person interested at a time when proceedings were pending or anticipated involving a dispute as to a fact that the statement might tend to establish.

(5) For the purpose of any rule of law or practice requiring evidence to be corroborated or regulating the manner in which uncorroborated evidence is to be treated, a statement rendered admissible by this section must not be treated as corroboration of evidence given by the maker of the statement.

**Proof of commercial paper**

**43** (1) If it is necessary in an action or proceeding to prove the original of a telegram, letter, shipping bill, bill of lading, delivery order, receipt, account or other written instrument used in business and other transactions, the party intending to prove the original may give notice to the opposite party, at least 5 days before the trial or proceeding, of the intention to give in evidence at the trial or proceeding, as proof of the contents, an instrument purporting to be a copy of the document.

(2) The copy referred to in subsection (1) may be inspected by the opposite party at some convenient time and place.

(3) Unless the party receiving the notice under subsection (1), within 4 days of the time mentioned in the notice for inspection, gives notice disputing the authenticity of the copy and the intention to require proof of the original, the copy is, without further proof, sufficient evidence of the contents of the original and must be accepted and taken in place of the original.

(4) The court may, on the production or proof of the original, direct which of the parties will pay the costs of the production or proof according to the rules of evidence existing before now.

**Proof of attesting witness not required if instrument need not be attested**

**44** If attestation of an instrument is not required, it is not necessary to prove its validity by any attesting witness, and the instrument may be proved by admission or otherwise, as if there had been no attesting witness to it.

**Evidence of disputed writing by comparison with other writing proved to be genuine**

**45** Comparison of disputed writing with writing proved to the satisfaction of the court to be genuine must be permitted to be made by a witness, and the writing and the evidence of witnesses about it may be submitted to the court and jury as evidence of the genuineness or otherwise of the writing in dispute.

**Impounding documents**

**46** A court, judge, commissioner or other person acting or officiating judicially, who admits a document in evidence because of this Act, may direct the document to be impounded and kept in the custody of an officer of that court or other person for a period and subject to conditions that that court or other person who admits the document thinks proper or until a further order about it is made by that court or the court to which the officer belongs or, as the case may be, until a further order has been made by that commissioner or other person acting or officiating judicially or by the Supreme Court on application made for that purpose.

**Filing certified copy as exhibit instead of original**

**47** (1) Subject to subsection (3), if the registrar of titles or any district registrar of the Supreme Court or a Clerk of the Peace produces on subpoena an original document for the purpose of a proceeding, the original document is not to be deposited in the court.

(2) If the document is needed for subsequent reference or use because of judgment being postponed or for some other reason,

    (a) a copy of all or part of the document, as the judge thinks necessary, that is certified by the officer producing the document or otherwise proved, must be marked and filed as an exhibit instead of the original, and

    (b) in addition to ordinary fees, the officer referred to in paragraph (a) must receive the fee prescribed by the Lieutenant Governor in Council for a certified copy before the copy is delivered, marked, or filed, and the officer must pay those fees into the consolidated revenue fund.

**39**

(3) If there is a question about the authenticity of the document referred to in subsection (1), and the judge thinks it necessary for that or any other reason to detain the original and makes an order to that effect setting out the reason,

> (a) the order must be delivered to the officer producing the document, and

> (b) the exhibit must be retained in court and marked and filed.

### Proof of insertion of advertisements in newspapers

**48** The production of a printed copy of a newspaper in any proceeding or matter to which this Act applies is evidence that a notice or advertisement contained in it was inserted, advertised and published in that newspaper by the person by whom, or on whose behalf, or in whose name the notice or advertisement purports or appears to be inserted, advertised or published.

### Leaflet bearing name of printer evidence leaflet printed by that printer

**49** In any proceeding or matter to which this Act applies, the production of a printed or mimeographed leaflet, pamphlet, circular or advertisement containing the name of a person by whom or on whose behalf it purports to have been printed, mimeographed, published, circulated or distributed, is evidence that the leaflet, pamphlet, circular or advertisement was printed, mimeographed, published, circulated or distributed, as the case may be, by or on behalf of that person.

### Proof of death of member of military

**50** The production of a certificate that

> (a) states that the person named in the certificate was a member of Her Majesty's forces and that that named person has been officially reported as dead or presumed to be dead, and

> (b) purports to be signed by

>> (i) the Adjutant General, Deputy Adjutant General or Officer in Charge of Records, Militia Service, Department of National Defence, if the named person was a member of Her Majesty's military forces,

>> (ii) the Naval Secretary, Naval Service, Department of National Defence, if the named person was a member of Her Majesty's naval forces,

>> (iii) the Officer in Charge of Records, Air Service, Department of National Defence, if the named person was a member of Her Majesty's air forces, or

>> (iv) an Officer of Her Majesty's naval, military or air forces who is authorized to sign in this respect, if the named person was a member of any of Her Majesty's forces,

is sufficient proof, for any purpose to which the authority of the Legislature extends, of the death of that named person and of all facts stated in the certificate and also of the office, authority and signature of the person making the certificate, without any proof of the person's appointment, authority or signature.

**40**

**51** (1) In this section:

**"board of management"** means a board of management as defined in the *Hospital Act;*

**"committee"** means any of the following:

(a) a medical staff committee within the meaning of section 41 of the *Hospital Act;*

(b) a committee established or approved by the board of management of a hospital, that includes health care professionals employed by or practising in that hospital, and that for the purpose of improving medical or hospital care or practice in the hospital

(i) carries out or is charged with the function of studying, investigating or evaluating the hospital practice of or hospital care provided by health care professionals in the hospital, or

(ii) studies, investigates or carries on medical research or a program;

(c) a group of persons who carry out medical research and are designated by the minister by regulation;

(d) a group of persons who carry out investigations of medical practice in hospitals and who are designated by the minister by regulation;

**"health care professional"** means

(a) a medical practitioner,

(b) a person qualified and permitted under the *Dentists Act* to practise dentistry or dental surgery,

(c) a registered nurse as defined in the *Nurses (Registered) Act,*

(d) [Repealed 1998-42-7.]

(e) a person registered as a member of a college established under the *Health Professions Act,*

(f) a pharmacist as defined in the *Pharmacists Act, or*

(g) a member of another organization that is designated by regulation of the Lieutenant Governor in Council;

**"hospital"** means a hospital as defined in the *Hospital Insurance Act* and includes

(a) a hospital as defined in the *Hospital Act,* and

(b) a Provincial mental health facility as defined in the *Mental Health Act;*

**41**

"legal proceedings" means an inquiry, arbitration, inquest or civil proceeding in which evidence is or may be given, and includes a proceeding before a tribunal, board or commission, but does not include any of the following proceedings:

(a) a proceeding before a board of management;

(b) a proceeding before a board or body connected with an organization of health care professionals, that is a hearing or appeal concerning the conduct or competence of a member of the profession represented by that organization;

(c) a proceeding in a court that is an appeal, review or new hearing of any matter referred to in paragraph (a) or (b);

"organization of health care professionals" means an organization of health care professionals that is designated by regulation of the Lieutenant Governor in Council for the purposes of this section;

"witness" includes any person who, in the course of legal proceedings,

(a) is examined for discovery,

(b) is cross examined on an affidavit made by him or her,

(c) answers any interrogatories,

(d) makes an affidavit as to documents, or

(e) is called on to answer any question or produce any document, whether under oath or not.

(2) A witness in a legal proceeding, whether a party to it or not,

(a) must not be asked nor be permitted to answer, in the course of the legal proceeding, a question concerning a proceeding before a committee, and

(b) must not be asked to produce nor be permitted to produce, in the course of the legal proceeding, a record that was used in the course of or arose out of the study, investigation, evaluation or program carried on by a committee, if the record

(i) was compiled or made by the witness for the purpose of producing or submitting it to a committee,

(ii) was submitted to or compiled or made for the committee at the direction or request of a committee,

(iii) consists of a transcript of proceedings before a committee, or

(iv) consists of a report or summary, whether interim or final, of the findings of a committee.

(3) Subsection (2) does not apply to original or copies of original medical or hospital records

**42**

concerning a patient.

(4) A person who discloses information or submits a record to a committee for the purpose of the information or record being used in a course of study, an investigation, evaluation or program of that committee is not liable for the disclosure or submission if the disclosure or submission is made in good faith.

(5) A committee or any person on a committee must not disclose or publish information or a record provided to the committee within the scope of this section or any resulting findings or conclusion of the committee except

   (a) to a board of management,

   (b) in circumstances the committee considers appropriate, to an organization of health care professionals, or

   (c) by making a disclosure or publication

      (i) for the purpose of advancing medical research or medical education, and

      (ii) in a manner that precludes the identification in any manner of the persons whose condition or treatment has been studied, evaluated or investigated.

(6) A board of management or any member of a board of management must not disclose or publish information or a record submitted to it by a committee except in accordance with subsection (5) (c).

(7) Subsections (5) and (6) apply despite any provision of the *Freedom of Information and Protection of Privacy Act* other than section 44 (2) and (3) of that Act.

(8) Subsection (7) does not apply to personal information, as defined in the *Freedom of Information and Protection of Privacy Act,* that has been in existence for at least 100 years or to other information that has been in existence for at least 50 years.

**Evidence of marriage**

**52** (1) If it is alleged in a civil proceeding that a ceremony of marriage took place in British Columbia or another jurisdiction, either of the following is evidence that the ceremony took place:

   (a) the evidence of a person present at the ceremony;

   (b) a document purporting to be the original or certified copy of the certificate of marriage.

(2) If evidence of a ceremony of marriage is put forward for consideration under subsection (1), the marriage is deemed formally valid unless

   (a) decisive evidence to the contrary is put forward for consideration, or

   (b) because of the nature of the ceremony, or of the document, the court requires further evidence that the marriage is formally valid.

**43**

(3) In the absence of decisive evidence to the contrary, a marriage deemed formally valid under subsection (2) is deemed to be essentially valid.

**Power to order examination of witness under commission issued by foreign court**

**53** (1) If, on application, it is made to appear to the Supreme Court that a court or tribunal of competent jurisdiction in a foreign country has, by commission, order or other process, duly authorized obtaining the testimony of a witness outside of its jurisdiction but within the jurisdiction of the Supreme Court and the testimony relates to an action, suit or proceeding pending in or before the foreign court or tribunal, the Supreme Court may

(a) order the examination of the witness before the person appointed, and in a manner and form directed by the commission, order or other process,

(b) by the same order or a subsequent order, command either or both of the following:

(i) the attendance of the named witness for the purpose of being examined;

(ii) the production of any writing or other documents mentioned in the order, and

(c) give directions regarding

(i) the time, place and manner of the examination, and

(ii) all other matters connected with the examination that appear reasonable and just.

(2) An order made by the Supreme Court under subsection (1) may be enforced, and any disobedience of it punished, in the same manner as an order made by the Supreme Court in a cause pending in the Supreme Court.

(3) A person whose attendance is ordered under this section is entitled to the same conduct money and payment for expenses and loss of time as on attendance at a trial in the Supreme Court.

(4) A person examined under the commission, order or other process referred to in subsection (1)

(a) has the same right to refuse to answer any questions that the witness would be entitled to refuse to answer in a cause pending in the Supreme Court, and

(b) is not compelled to produce at the examination any writing or document that the person would not be compellable to produce at the trial of the cause referred to in paragraph (a).

(5) If the commission directs, or the instructions of the court accompanying it direct, that the person to be examined must be sworn or must affirm before the commissioner or other person, the commissioner or other person has authority to administer an oath or affirmation to the person to be examined.

**Act gives additional powers**

**54** This Act is deemed to be in addition to and not in derogation of any powers of proving documents given by any other law.

**Affidavit evidence**

55 A person may make a statement of fact, opinion, belief or knowledge by means of an affidavit.

**Appointment of commissioners for taking affidavits**

56 (1) The Attorney General may appoint, by order, commissioners for taking affidavits for British Columbia.

(2) An appointment under subsection (1) may be made for a period and subject to restrictions, exceptions, terms and conditions that the Attorney General sets out in the order.

**Fees to be paid by commissioners**

57 A person must not be appointed under section 56 unless the person has paid to the government a fee prescribed by the Lieutenant Governor in Council.

**Commissioner fee exceptions**

58 Section 57 does not apply to the appointment of officers or employees or servants of the Crown in right of British Columbia or in right of Canada, or to officers or employees of veterans' organizations.

**Powers of commissioner**

59 Subject to section 61 and to any restrictions, exceptions, terms or conditions set out in an order under section 56, a commissioner for taking affidavits for British Columbia may, in or out of British Columbia, administer oaths and take affidavits, declarations and affirmations concerning

(a) any cause, proceeding, matter or thing before the Supreme Court or any other court in British Columbia;

(b) any matter in connection with which an oath, affidavit, affirmation, solemn declaration or statutory declaration is permitted, authorized or required by law to be sworn, affirmed, declared or made.

**Commissioners because of office or employment**

60 The following persons are, because of their office or employment, commissioners for taking affidavits for British Columbia:

(a) a judge of a court in British Columbia;

(b) justices;

(c) registrars, deputy registrars, district registrars and deputy district registrars of the Supreme Court;

(d) practising lawyers as defined in section 1 (1) of the *Legal Profession Act;*

(e) notaries public;

**45**

(f) the local government corporate officer and that person's deputy;

(g) [Repealed 1998-34-248.]

(h) the secretary treasurer of a board of school trustees;

(h.1) the chief executive officer of a francophone education authority as defined in the *School Act;*

(i) coroners;

(j) government agents and deputy government agents;

(k) [Repealed 1999-6-11.]

(l) other classes of office holder or employment the Attorney General prescribes.

**Police forces**

**60.1** The following persons are commissioners for taking affidavits for British Columbia only for the purposes of exercising the powers and performing the duties of their office:

(a) members of the Royal Canadian Mounted Police who are peace officers and are located in British Columbia;

(b) designated constables, provincial constables and municipal constables as defined in the *Police Act;*

(c) other individuals or classes of individuals who are officers as defined in the *Police Act* and who are designated by regulation of the Attorney General for the purposes of this section.

**Social workers**

**61** (1) The following persons are commissioners for taking affidavits for British Columbia only for the purposes of exercising the powers and performing the duties delegated to them under the following Acts:

(a) for the *Adoption Act,* each employee or officer of the government to whom the director of adoption has delegated powers or duties;

(b) for the *Child, Family and Community Service Act,* each person to whom a director under that Act has delegated powers or duties;

(c) for the *Employment and Assistance Act,* each person to whom the minister has delegated powers or duties under that Act;

(d) [Repealed 2002-40-59.]

(e) for the *Child Care Subsidy Act,* each person to whom the minister has delegated powers or duties under that Act;



(f) for the *Child Care BC Act,* each person to whom the minister has delegated powers or duties under that Act;

(g) for the *Employment and Assistance for Persons with Disabilities Act,* each person to whom the minister has delegated powers or duties under that Act.

(2) If the powers and duties delegated to a person referred to in subsection (1) are revoked, that person ceases to be a commissioner for taking affidavits for British Columbia.

**Revocation of commissioner appointment**

**62** (1) Whether or not the appointment was made under this or any other Act, the Attorney General may, by order, revoke the appointment of any of the following:

(a) a commissioner for taking affidavits for British Columbia;

(b) a commissioner for taking affidavits within British Columbia appointed before April 1, 1960;

(c) a special commissioner for taking affidavits within British Columbia appointed before April 1, 1960;

(d) a commissioner for taking affidavits in and for the courts of British Columbia appointed before April 1, 1960.

(2) The Attorney General may, by order, discontinue for the period as may be designated in the order the application of sections 60 and 61 to any person or group of persons.

**Affidavits sworn out of British Columbia for use in British Columbia**

**63** Oaths, affidavits, affirmations or statutory declarations administered, sworn, affirmed or made in any other province or any country other than Canada before

(a) a magistrate or an officer of a court of justice, a judge or a commissioner authorized to administer oaths in the courts of justice of that province or country, as the case may be,

(b) the mayor or chief magistrate of any city, borough or town corporate, certified under the seal of the city, borough or town corporate, as the case may be,

(c) an officer of any of Her Majesty's diplomatic or consular services exercising the officer's functions in any country other than Canada, including an ambassador, envoy, minister, chargé d'affaires, counsellor, secretary, attaché, consul general, consul, vice consul, proconsul, consular agent, acting consul general, acting consul, acting vice consul and acting consular agent,

(d) an officer of the Canadian diplomatic and consular service exercising the officer's functions in any country other than Canada, including, in addition to the diplomatic and consular officers under paragraph (c), a high commissioner, permanent delegate, acting high commissioner, acting permanent delegate, counsellor and secretary,

**47**

(e) a Canadian government trade commissioner or an assistant Canadian government trade commissioner exercising his or her functions in any country other than Canada,

(f) a notary public acting in the territorial limits of the notary's authority, certified under the notary's hand and official seal, or

(g) a commissioner authorized by the laws of British Columbia to take affidavits,

are as valid and effectual, and have the same force and effect as if the oath, affidavit, affirmation or statutory declaration had been administered, sworn, affirmed or made in British Columbia before a commissioner for taking affidavits or other competent authority of the same nature.

**Commissioned officers empowered to administer oaths**

**64** All commissioned officers of Her Majesty's naval, military and air forces of Canada on active service in or out of Canada and all Agents General for British Columbia are empowered to administer oaths and take and receive affidavits, declarations and affirmations in or out of British Columbia for use in British Columbia.

**Admissibility of documents attesting to affidavits having been sworn**

**65** (1) A document purporting to have affixed, impressed or subscribed on it or to it

(a) the signature of

(i) a commissioner for taking affidavits for British Columbia,

(ii) a commissioner for taking affidavits within British Columbia,

(iii) a special commissioner for taking affidavits within British Columbia,

(iv) a commissioner for taking affidavits in and for the courts of British Columbia, or

(v) a person designated in section 63 (a) or section 64, or

(b) a seal designated in section 63 (b) together with the signature of the mayor or chief magistrate of the city, borough or town corporate, or

(c) the seal, if any, and signature of any other person designated in section 63,

in testimony of an oath, affidavit, affirmation or declaration having been administered, sworn, made or affirmed by or before him or her, is as valid and effectual as if effected in British Columbia before a commissioner appointed under section 56, and must be admitted in evidence without proof of the signature or, as the case may be, seal and signature, or of the official position of the person.

(2) Subsection (1) applies even though the person whose signature is subscribed in testimony of an affidavit having been sworn is the solicitor or the partner, associate, agent or clerk of the solicitor for the deponent or for the party on whose behalf the affidavit is to be used, and a provision of a statute, rule or regulation inconsistent with this subsection is inoperative.

**48**

**Effect given to affidavits**

66 An affidavit or affirmation referred to above may be read and made use of in a court of British Columbia, and has the same force as if taken in open court.

**Receipt of affidavits despite defects**

67 A defect, by misdescription of parties or otherwise, in the title or jurat of an affidavit, or an irregularity in the form of an affidavit, affirmation or declaration, does not prevent its reception in evidence if the court, judge or other officer before or to whom it is tendered thinks its receipt is proper, and the court, judge or other officer may direct a memorandum to be made on the document that it has been so received.

**Taking of affidavits required by an insurer**

68 An affidavit, affirmation or declaration that

    (a) is required by an insurer authorized by law to do business in British Columbia, and

    (b) relates to loss of or injury to person, property or life insured or assured by that insurer,

may be taken before a commissioner or other person authorized to take affidavits.

**Statutory declarations**

69 A gold commissioner, mayor or commissioner authorized to take affidavits, or any other person authorized by law to administer an oath in any matter, may receive the solemn declaration of any person voluntarily making it before him or her in attestation of the execution of any writing, deed or instrument, or of the truth of any fact, or of any account rendered in writing, in the following words:

I, A.B., solemnly declare that [state the facts declared to], and I make this solemn declaration conscientiously believing it to be true and knowing that it is of the same legal force and effect as if made under oath.

**Reports of judge**

70 (1) In this section:

"**court**" means the Supreme Court;

"**family matter**" means a cause of action that is, under an Act, commenced or capable of being commenced in a court and concerns

    (a) the custody of, maintenance for, or access to a child by a parent or guardian,

    (b) the maintenance of a person by a spouse, or

    (c) the division or redistribution of real or personal property between members of a family;

"**judge**" means a judge of the Provincial Court of British Columbia.



(2) For the purposes of this section and an inquiry, report or recommendation made under this section, **"child"**, **"family"**, **"parent"** and **"spouse"** mean a child, family, parent and spouse as defined in the Act under which the family matter is commenced or is capable of being commenced in a court, and if a word is not defined in that Act, the word bears its ordinary legal meaning.

(3) A judge may inquire into and submit to a court a report and recommendations concerning a family matter even though a proceeding concerning a family matter is not commenced in a court at the time of the judge's inquiry.

(4) The Lieutenant Governor in Council may prescribe the form of a report under subsection (3).

(5) A report under subsection (3) signed by a judge, or a copy of a report certified by a judge or clerk of the Provincial Court of British Columbia, is, in any proceeding before a court, evidence of the facts stated and recommendations made in the report, and of the authority of the judge or clerk without proof of his or her appointment, authority or signature, but the evidence may be rebutted by other evidence.

(6) Unless a judge otherwise orders, a report under subsection (3) must not be used as evidence in a court unless the person intending to use the report as evidence serves, at least 48 hours before the time the person intends to so use the report, a copy of the report on every party to the proceeding in which the report is to be used.

**Evidence of previous conviction admissible in subsequent proceeding**

**71** (1) In this section:

**"conviction"** means a conviction

    (a) that is not subject to appeal or further appeal, or

    (b) for which no appeal is taken;

**"finding of guilt"** means the plea of guilty made before a court by a defendant to an offence or, as the case may be, the finding by a court that a defendant is guilty of an offence, and the court makes an order directing that the defendant be discharged for the offence either absolutely or on the conditions specified in a probation order, and

    (a) the order directing the discharge is not subject to further appeal, or

    (b) no appeal is taken in respect of the order directing the discharge,

and **"found guilty"** has a corresponding meaning.

(2) Subject to subsection (3), if

    (a) a person has been convicted of or is found guilty of an offence anywhere in Canada, and

    (b) the commission of that offence is relevant to any issue in an action,

proof of the conviction or the finding of guilt, as the case may be, is admissible in evidence to



prove that the person committed the offence, whether or not that person is a party to the action.

(3) If the action in subsection (2) is conducted before a jury, a party has the right to argue at trial, in the jury's absence, that introduction of the evidence referred to in subsection (2) would, in relation to its probative value, unduly influence the jury.

(4) Subsection (3) does not apply to actions for defamation.

(5) A certificate containing the substance and effect of the charge and of the conviction or finding of guilt, as the case may be, purporting to be signed by

    (a) the officer having custody of the records of the court in which the offender was convicted or found guilty, or

    (b) a person authorized to act for the officer,

is, on proof of the identity of a person named in the certificate as the offender, sufficient evidence of the conviction of that person or the finding of guilt against that person, without proof of the signature or of the official position of the person purporting to have signed the certificate.

(6) If proof of the conviction or finding of guilt of a person is tendered in evidence under subsection (2) in an action for defamation, the conviction or finding of guilt of that person is conclusive proof that that person committed the offence.

(7) If proof of a conviction or a finding of guilt is admitted in evidence under this section, the contents of the information, complaint or indictment relating to the offence for which the person was convicted or found guilty is admissible in evidence.

(8) Subject to subsection (6), the weight to be given to the conviction or finding of guilt must be determined by the judge or jury, as the case may be.

**Testimony outside courtroom or behind screen**

**72** (1) In a proceeding in which it is alleged that a person has been physically or sexually abused, the judge, justice or other presiding officer may order that that person testify outside the courtroom or behind a screen or other device that would allow that person not to see the person alleged to have committed the abuse if,

    (a) at the time the proceeding commenced, the person alleged to have been abused has not reached age 19, and

    (b) the judge, justice or other presiding officer thinks that the order is necessary to obtain a full and candid account of the alleged abuse from the person alleged to have been abused.

(2) A person referred to in subsection (1) must not testify outside the courtroom under that subsection unless

    (a) arrangements are made for

        (i) any other party to the proceeding,

**51**

(ii) the judge, justice or other presiding officer, and

(iii) the jury, if any,

to watch the testimony of that person by means of closed circuit television or otherwise, and

(b) the person alleged to have committed the abuse is permitted to communicate with his or her counsel while watching the testimony.

(3) Nothing in this section prevents a court from receiving evidence of a person referred to in subsection (1) of this section under and in accordance with section 73.

**Witness testifying by closed circuit television or other technology**

**73** (1) In this section:

**"court"** means the court, judge, justice or other presiding officer before whom a proceeding is held or taken;

**"proceeding"** means a proceeding in the Court of Appeal, the Supreme Court or the Provincial Court.

(2) A court may allow a witness to testify in a proceeding by means of closed circuit television or any other technology that allows the court, the parties and the witness to engage in simultaneous visual and oral communication, unless

(a) one of the parties satisfies the court that receiving the testimony in that manner would be contrary to the principles of fundamental justice, or

(b) the technology is not available for the proceeding.

(3) If a party objects to the court receiving evidence in the manner described in subsection (2), the court may consider any of the following circumstances:

(a) the location and personal circumstances of the witness;

(b) the costs that would be incurred if the witness had to be physically present;

(c) the nature of the evidence the witness is expected to give;

(d) any other circumstance the court considers appropriate.

(4) A party intending to call a witness to give evidence in a proceeding by means described in subsection (2) must

(a) give notice of that intention to the court before which the evidence is to be given and to all of the other parties, and

(b) pay all costs associated with the use of the technology unless otherwise ordered by the court.

**52**

(5) Notice must be given under subsection (4) (a)

    (a) at least 5 days before the witness is scheduled to testify in the proceeding, or

    (b) if the court considers it appropriate in the circumstances, within some shorter period specified by the court.

(6) The court must require evidence under subsection (2) to be given

    (a) under oath in accordance with the law of British Columbia,

    (b) under oath in accordance with the law in the place in which the witness is physically present, or

    (c) in another manner that demonstrates that the witness understands that he or she must tell the truth.

(7) When a witness outside of British Columbia gives evidence under subsection (2), the evidence is deemed to be given in British Columbia, and given under oath in accordance with the law of British Columbia, for the purposes of the laws relating to evidence, procedure, perjury and contempt of court.

(8) Nothing in this section prevents a court from receiving evidence of a witness by means described in subsection (2) if the parties consent.

---

Copyright (c) 2004: Queen's Printer, Victoria, British Columbia, Canada

**53**