**Fleming, et al. v. COP, et al.**
No. CV04-2338 RSM

DECLARATION OF MARCUS B. NASH
IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

# EXHIBIT F-1

## DR. STUART GREENBERG AND ASSOCIATES
1217 - 24ᵀᴴ AVE EAST • SEATTLE WA 98112 • PHONE 206-320-0044 • FAX 206-320-7733

STUART GREENBERG, PHD, ABPP
PAST PRESIDENT, AMERICAN BOARD OF FORENSIC PSYCHOLOGY
FELLOW, AMERICAN ACADEMY OF FORENSIC PSYCHOLOGY
FELLOW, SOCIETY FOR PERSONALITY ASSESSMENT
DEPARTMENTS OF PSYCHOLOGY AND OF PSYCHIATRY & BEHAVIORAL SCIENCES, UW
VICE-CHAIR, SPECIALTY GUIDELINES FOR FORENSIC PSYCHOLOGY, REVISIONS COMMITTEE
STUARTGREENBERG@COMCAST.NET

LORIANN GENNAIOS
OFFICE MANAGER
DANIELLE HESSLER, MS, AND ALISON LEARY, MS, PHC
PRE-DOCTORAL TRAINEES IN FORENSIC PSYCHOLOGY

**C O N F I D E N T I A L**
For Professional Use Only

September 7, 2005

Mr. Michael Pfau
Gordon, Thomas & Honeywall
One Union Square
600 University, Suite 2100
Seattle, WA 98101

Mr. Timothy Kosnoff
Law Offices of Timothy Kosnoff
One Union Square
600 University, Suite 2101
Seattle, WA 98101

Re:  Mr. James Allenbach:

Dear Mr. Pfau and Mr. Kosnoff:

As requested, this is the initial report of my forensic psychological examination of Mr. James Allenbach. This examination and report were prepared in the anticipation of the current litigation and should not be used for any other purpose. Please be aware that it may be modified as a result of any new information that is available or provided to his examiner subsequent to this date. This is an interim report because, as will be described below, in addition to his being unable to complete the psychological testing, Mr. Allenbach was suicidally depressed and could not complete the examination at the time when it was scheduled.

**Informed Consent**

Prior to commencing the first interview, I explained to the party my role, by whom I was retained, the forensic examination process, and that forensic examinations are not covered by therapist-patient privilege, but may be covered under attorney work-product privilege.

EXHIBIT F-1

To: Mr. Pfau and Mr. Kosnoff
Re: Mr. James Allenbach
September 7, 2005

CONFIDENTIAL
For Professional Use Only
Page 4 of 20

somewhere else and his natural father never visited. He was in four foster families within a two year period speculating that the moves were because he was "too hyper." The last foster family is where he was when the alleged sexual abuse occurred. Mr. Allenbach's foster parents told him that he did not need to know about his real parents "because they are in the past." Mr. Allenbach viewed his foster father as a father figure and looked upon Dr. Allenbach's nurses as mother figures.

Mr. Allenbach acknowledged that he did not remember much before the abuse. Veloy Allenbach, his foster mother, beat him over the head, blamed him for things, and locked him in the closet. This went on until age ten. He described it as "real bad." He was depressed and scared. His foster mother abused him before the sexual abuse began.

Jack Loholt, Mr. Allenbach's abuser, was a friend of his foster father's, and he eventually became the Scout Master. His foster parents left on vacation with Mr. Loholt, who showered and fondled Mr. Allenbach. When asked how this abuse effected him psychologically, Mr. Allenbach stated that he did not understand the question. Once rephrased, Mr. Allenbach said that he just wanted the abuse to stop. Jack would give him valuable gifts as bribes. Over the long term, Mr. Allenbach reported that the abuse effected him worse, for he is now into "pornography and the like." Mostly, he felt that the abuse made him angry and ruined his life.

Mr. Allenbach acknowledged that he is currently angry at his wife and has started to abuse her. He has pushed her down, grabbed her, and scared her. She has told him that he gets a look in his eye that scares her, but she has always told him that she would never call the police on him. He also reported that he is into sexually "kinky and weird stuff," which is also affecting his relationship with his wife. For example, when he wants to have sex, but she does not, he either forces it or gets really angry until she gives in.

When asked if anything else has contributed to his anger other than the sexual abuse and the aforementioned trauma, Mr. Allenbach explained that not being able to know his family and his foster father's maltreatment, including burning him to teach him a lesson if he used fire, also have contributed to his anger.

Mr. Allenbach reported that he had sex with their child's babysitter. She was attracted to him and they ended up having sex. This happened when he was 21, she was 13, and he was charged with indecent liberties and spent 40 days in jail. His wife stayed with him through this.

He also acknowledged other criminal behavior, including siphoning gas at age 18 and using cocaine at age 19, explaining that he "hooked up" with a woman who introduced him to cocaine. He goes through his paychecks (i.e. spending them on drugs), and he lost his house and two cars due to his drug use. He both snorts cocaine and shoots it up. He has been to several rehabilitation centers but failed every time.

Case 2:04-cv-02338-RSM   Document 68-7   Filed 01/06/2006   Page 4 of 5

To:  Mr. Pfau and Mr. Kosnoff                                    CONFIDENTIAL
Re:  Mr. James Allenbach                                  For Professional Use Only
     September 7, 2005                                            Page 19 of 20

but that he is closer to her now. Mr. Fleming said that he was not sexually or physically abused by anyone other than Mr. Loholt, nor has he ever been involved in a law suit before. When asked about his previous employment he described several jobs he felt the need to leave because he felt like he was an "imposter," or "overwhelmed," and felt the need to move on. He reported that he has never been fired from a job and that he left all of his positions voluntarily. Mr. Fleming currently lives with his partner in a home that he owns.

## SUMMARY AND OPINION

Mr. Allenbach reported experiencing several profoundly distressing and tragic events as a child prior to the alleged sexual abuse, allegedly including witnessing his mother commit suicide at age three, making the transition in and out of several foster homes, and being physically abused by his foster mother, Ms. Allenbach, and foster father, Dr. Allenbach.

Mr. Allenbach alleges that he was sexually abused by Mr. Loholt, a family friend and later Scout leader with the LDS church. He recalled that the abuse started when he was eight years old when Mr. Loholt bathed Mr. Allenbach. This progressed to Mr. Loholt exposing himself, fondling Mr. Allenbach, showing Mr. Allenbach pornography and taking nude photos of him, engaging in oral sex, and attempting to penetrate Mr. Allenbach anally and occurred on several occasions until Mr. Allenbach left the Scouts when he was around thirteen years old. An additional factor is that it seems that the abuse continued after Mr. Allenbach reported it to his father on two occasions. He later disclosed the abuse to his Bishop who told him it would be taken care of, though he could not recall whether he was abused by Mr. Loholt after this disclosure.

Currently Mr. Allenbach engages in sexually deviant behavior, including his admitted sexual assault of his wife and an obsession with pornography. He also has problems with anger management, evidenced from his own self-report of physical abuse of his wife and problematic drug use. However, more of a pressing issue was Mr. Allenbach's high level of depression and risk of suicide. In his examination Mr. Allenbach presented as an individual in a state of crisis. Since Mr. Allenbach was unable to finish his forensic examination, this report is limited in its scope. However it was evident even from this limited information that Mr. Allenbach has incurred a life-threatening level of damage. It is my opinion that Mr. Allenbach has been significantly impacted and harmed by the events he reports but, without further interviewing him on the subject, I am unable to identify which events are likely to have damaged him and in which ways. Each traumatic event, including the alleged abuse, would have been capable of causing him profound trauma especially given the compounding effect of the later events on the preceding events.

To:  Mr. Pfau and Mr. Kosnoff
Re:  Mr. James Allenbach
     September 7, 2005

CONFIDENTIAL
For Professional Use Only
Page 20 of 20

## Recommendations

It is this examiner's recommendation that Mr. Allenbach receive intensive therapy from a doctoral level licensed psychologist who specializes in treating adult victims of childhood sexual abuse and sexual deviancy, as well as Mr. Allenbach's other major psychological and substance-related problems. Mr. Allenbach should attend therapy weekly until the therapist feels that Mr. Allenbach is no longer in need of therapy. Although it is never possible to predict the exact length of therapy, given the multiple issues Mr. Allenbach has presented, it is this examiner's opinion that he would benefit from a minimum of four to six years of weekly therapy.

If possible, depending upon the outcome of Mr. Allenbach's upcoming sentencing, Mr. Allenbach should be enrolled in a long term substance treatment program to aide him in his recovery. Additionally, Mr. Allenbach should be enrolled in a mandatory domestic violence program, which in conjunction with his individual therapy, can help him with the skills to deal with intimate interpersonal relationships.

Additionally and as stated above, should he be incarcerated, it is my recommendation that he be constantly under suicide watch and that he should be afforded the opportunity to benefit from any related treatment programs available within the system or available to be brought in from outside of the facility in which he is incarcerated.

Mr. Allenbach has also suffered chronic and severe damage to his marital relationship in ways that are substantially and directly related to his having been abused sexually. Therefore, he and his wife should participate in long term joint marital therapy sessions. Ms. Allenbach's participation in joint marital therapy is an essential piece of Mr. Allenbach's healing process. This is in addition to Mr. Allenbach's recommended individualized treatment.

Thank you for this referral. I hope this information is helpful in understanding the psycho-legal issues in this matter. I will supplement this report as more information becomes available.

I affirm that the foregoing is true and correct to the best of my knowledge and belief. Sworn and signed on this date, September 7, 2005, in Seattle, King County, Washington.

*Sent via email to avoid delay and a separate signature page is being faxed and an original signed copy is being sent this date via US Mail.*

Stuart A. Greenberg, PhD, ABFP/ABPP
Diplomate in Forensic Psychology
Past-President, American Board of Forensic Psychology

E:\Cases\Allenbach v Mormon Church\James Allenbach Report.wpd