THE HONORABLE RICARDO MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K., and T.D., | NO. C04-2338 RSM |
| Plaintiffs, | |
| v. | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT RE: STATUTE OF LIMITATIONS** |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDA FAMILY SERVICES, a Utah corporation, | **NOTE ON MOTION CALENDAR: FRIDAY, FEBRUARY 3, 2006** |
| Defendants. | |

## I.    INTRODUCTION

In 1991, the Washington Legislature recognized the importance of allowing child victims of sexual abuse to seek redress against the persons and entities who caused or contributed to their harm when it modified RCW 4.16. 340. In doing so, the Legislature explicitly recognized that a child victim of sexual abuse may be *unable* to connect his or her harms to sexual abuse due to the unique and pervasive nature of the abuse. In fact, the legislative findings demonstrate the Legislature's knowledge of an abuse victim's potential inability to recognize the harms that flow from childhood sexual and emphasized that the

OPP. TO MTN FOR S.J. RE: STATUTE OF LIMITATIONS - 1
**(C04-2338 RSM)**
[157978 v21.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

limitation periods set forth in RCW 4.16.340 are to be liberally construed in favor of childhood victims of sexual abuse. The Legislature noted:

> (1)    Childhood sexual abuse is a pervasive problem that affects the safety and well being of many of our citizens.
>
> (2)    Childhood sexual abuse is a traumatic experience for the victim causing long-lasting damage.
>
> (3)    The victim of childhood sexual abuse may repress the memory of the abuse *or be unable to connect the abuse to any injury until after the statute of limitations has run.*
>
> (4)    *The victim of childhood sexual abuse may be unable to understand or make the connection between childhood sexual abuse and emotional harm or damage until many years after the abuse occurs.*
>
> (5)    *Even though victims may be aware of injuries related to the childhood sexual abuse, more serious injuries may be discovered many years later.*
>
> (6)    The legislature enacted RCW 4.16.340 to clarify the application of the discovery rule to childhood sexual abuse cases. At that time the legislature intended to reverse the Washington Supreme Court decision in *Tyson v. Tyson*, 107 Wn.2d 72, 727 P.2d 226 (1986).
>
>         It is still the legislature's intention that *Tyson v. Tyson*, 107 Wn.2d 72, 727 P.2d 226 (1986) be reversed, as well as the line of cases that state that discovery of any injury whatsoever caused by an act of childhood sexual abuse commences the statute of limitations. The legislature intends that the earlier discovery of less serious injuries should not affect the statute of limitations for injuries that are discovered later.

Laws of 1991, ch. 212, § 1 (emphasis added).

Additionally, the Washington Supreme Court has held that in enacting this statute the Legislature "specifically provided for a broad and generous application of the discovery rule to civil actions for injuries caused by childhood sexual abuse." *C.J.C. v. Corporation of*

OPP. TO MTN FOR S.J. RE: STATUTE OF LIMITATIONS - 2
**(C04-2338 RSM)**
[157978 v20.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

*Catholic Bishop of Yakima*, 138 Wn.2d 699, 712, 985 P.2d 262 (1999)   Despite the Legislature's mandate of a broad discovery rule and the Washington Supreme Court's clear interpretation of the statute, defendants seek to obtain dismissal of plaintiffs claims based, primarily, on defense counsel's own subjective determination that the plaintiffs "should have discovered" their causes of action more than three (3) years prior to filing the action and because the plaintiffs may have known the abuse was "wrong."   Counsel's misguided assertions must be rejected because the standard for determining whether a plaintiff has filed a claim arising out of childhood sexual abuse is a subjective one.   That is, the statute of limitations will start to run only after the plaintiff **actually** discovers the full extent of the harm caused by the childhood sexual abuse.   As discussed in detail below, none of the plaintiffs made the requisite causal connection prior to three (3) years before this lawsuit was filed.   Thus, this action was timely filed and defendants' Motion for Summary Judgment must be denied.

## II.   STATEMENT OF RELEVANT FACTS

Plaintiffs provided a detailed Statement of Facts in their opposition to COP's General Motions for Summary Judgment and rely on the same here.

## III.   ARGUMENT

### A. KNOWLEDGE OF ABUSE AND EVEN KNOWLEDGE OF A PSYCHOLOGICAL CONDITION DOES NOT TRIGGER THE LIMITATIONS PERIOD. INSTEAD, THE LIMITATION PERIOD WILL ONLY START TO RUN WHEN THE PLAINTIFF SUBJECTIVELY UNDERSTANDS THAT THE ABUSE CAUSED A CERTAIN CONDITION.

Contrary to the assertions in COP's Motion, the statute of limitations for a claim based on childhood sexual abuse is triggered when the victim **subjectively** makes the connection between the abuse and his or her harm. *Hollman v. Corcoran,* 89 Wn. App. 323, 949 P.2d 386 (1997) (the limitations period is tolled until the "victim of childhood sexual abuse *in fact*

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

discovers the causal connection between the defendant's acts and the injuries for which the claim is brought." *Id.* (emphasis added).[1]

*Hollman* involved a claim by a victim of sexual abuse. The defendant began abusing the plaintiff in 1977 when the plaintiff was 13 years old. The sexual relationship continued well into the plaintiff's adulthood with the last sexual encounter occurring in 1987, when the plaintiff was 23 years old. During and after the period of abuse the plaintiff suffered from a variety of emotional and psychological problems and abused both drugs and alcohol. *Id.* at 327. In 1989 (more than three years before plaintiff filed suit) the plaintiff entered Alcoholics Anonymous and began counseling. During his counseling, the plaintiff discussed his sexual relationship with the adult man and his resulting extreme guilt. However, during these counseling sessions, the causal relationship between the plaintiff's emotional and psychological injuries and history of abuse was never explored. *Id.* at 328. While the counselor diagnosed the plaintiff as suffering from Post-Traumatic Stress Disorder, the plaintiff never understood the causal connection between the PTSD and the sexual abuse. *Id.* Approximately four years later, in 1993, the plaintiff began counseling with a new psychologist. *Id.* During this counseling, the plaintiff began to understand that the defendant had *caused* the plaintiff's emotional and psychological problems. *Id.* In 1994, this new psychologist diagnosed the plaintiff as suffering from PTSD caused by the abuse. The plaintiff then filed suit in May of 1995, thirteen years after the plaintiff obtained the age of

---

[1] The *Hollman* court explained that RCW 4.16.340(1)(b) – not RCW 4.16.340(1)(c) – contains a constructive knowledge standard. The court held that RCW 4.16.340(1)(b) addresses repressed memory claims where the victim discovers his or her injury or condition was caused by a previously "undiscovered act." *Id.* at 334. The court noted that "in view of the subjective nature of repressed memory claims, it is understandable that a constructive discovery element might be imposed in such cases." *Id.* at 334. The court made clear that RCW 4.16.340(1)(c) "refers to the discovery of the causal connection between a known act and subsequent injuries that develop years later." *Id.* Given that none of the plaintiffs here assert a repressed memory claim, RCW 4.16.340(1)(c) clearly applies.

OPP. TO MTN FOR S.J. RE: STATUTE OF LIMITATIONS - 4
**(C04-2338 RSM)**
[157978 v20.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

majority, seven years after the abuse ended, and approximately five (5) years after his first

counseling sessions occurred. *Id.* at 330.

After the trial, the court granted the defendant's motion for a judgment as a matter of

law. In dismissing the plaintiff's claims, the trial court held that RCW 4.16.340(1)(c) contains

a "constructive discovery/due diligence requirement" and that the plaintiff, as a matter of law,

should have discovered the causal connection between his abuse and claimed injuries more

than three years before commencing suit. *Id.* at 334. The Court of Appeals reversed, holding

that the trial court erred in applying a constructive discovery standard. *Id.* The court held that

under RCW 4.16.340(1)(c), the limitations period is tolled until the "victim of childhood

sexual abuse *in fact* discovers the causal connection between the defendant's acts and the

injuries for which the claim is brought." *Id.* (emphasis added). Based on this standard, the

court reinstated the plaintiff's claim on the basis that the plaintiff had presented sufficient

evidence from which a jury could infer that the plaintiff did not have *actual knowledge* of the

causal connection until he began seeing the new psychologist a year before the action was

filed. *Id.* at 334.[2]

COP also intimates that RCW 4.16.340(c) applies only if a victim of childhood sexual

abuse "'*represses* the memory of the abuse' or is *'unable'* to connect the abuse' to 'serious

injury' until after the statute of limitations has expired." COP cites two overruled decisions,

---

[2] Despite the clear ruling in *Hollman*, throughout the motion, defendants imply that a constructive knowledge standard applies to claims brought under RCW 4.16.340(1)(c). This is, simply, wrong under Washington law. In *Oostra v. Holstine*, 88 Wn. App. 536, 937 P.2d 195 (1997), the Court approved a jury instruction which contained the constructive ("know or should have known") standard; however, the court did *not* address whether the constructive knowledge element contained in the instruction was actually proper. Rather, the court approved the instruction in the context of rejecting the defendant's argument that RCW 4.16.340 only tolled actions until the last act of sexual abuse. *Id.* at 540-43. The court held that under the plain language of RCW 4.16.340(1)(c) claims are tolled until the victim discovers the causal connection between the abuse and claimed injuries. *Id.* at 541. The court's approval of the constructive knowledge language contained in the jury instruction was therefore dictum. The issue was, however, directly addressed in *Hollman v. Corcoran, supra*, which, as noted above, specifically held that an *actual knowledge* standard governs claims under RCW 4.16.340(1)(c).

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

*Tyson v. Tyson,* 107 Wn.2d 72 (1986) and *Raymond v. Ingram,* 47 Wn. App. 781, 737 P.2d 314 (1987) to support their proposition that the Legislature did not intend to allow an individual to toll the statue of limitations for decades when that individual has not suffered from repressed memory or similar disability.[3] This dramatic mis-statement of the law runs counter to both the spirit and letter of Washington's child sexual abuse statute. Under RCW 4.16.340(1)(c), claims arising from childhood sexual abuse are tolled until the victim *actually* discovers the causal connection between the claimed injuries and the childhood sexual abuse.[4]

**B. THE DISCOVERY OF LESS SERIOUS INJURIES DOES NOT COMMENCE THE LIMITATIONS PERIOD – CLAIMS ARE TOLLED UNTIL THE VICTIM UNDERSTANDS THE CAUSAL CONNECTION BETWEEN THE ABUSE AND THE "FULL EXTENT" OF THE RESULTING HARM.**

Despite defendants' assertions to the contrary, under RCW 4.16.340(1)(c), the discovery of less serious injuries does not commence the limitations period for actions based on childhood sexual abuse. *Cloud ex rel. Cloud v. Summers*, 98 Wn. App. 724, 991 P.2d 1169 (1999). The legislative findings to RCW 4.16.340 specifically recognize that "even though victims may be aware of injuries related to childhood sexual abuse, more serious injuries may develop later." Laws of 1991, ch. 212, § 1. For this reason, the specific Legislative intent was that "the earlier discovery of less serious injuries should not affect the

---

[3] COP indicates that the "Legislature disagreed" with these two cases. This is a colossal understatement. In direct response to these two decisions, the Legislature enacted new legislation specifically aimed at overruling these two decision. In doing so, the Legislature stated:

> It is still the legislature's intention that *Tyson v. Tyson,* 107 Wn.2d 72, 727 P.2d 226 (1986) **be reversed,** as well as the line of cases that state that discovery of any injury whatsoever caused by an act of childhood sexual abuse commenced the statute of limitations. **The legislature intends that the earlier discovery of less serious injuries should not affect the statute of limitations for injuries that are discovered later.**

*Laws of 1991, Ch. 212 § 1 (emphasis added).*

[4] RCW 4.16.340(1)(c) provides that claims arising from childhood sexual abuse may be commenced within "three years of the time the victim discovered that the act *caused* the injury for which the claim is brought." (emphasis added). RCW 4.16.340(1)(c) does not contain a constructive knowledge standard.

OPP. TO MTN FOR S.J. RE: STATUTE OF LIMITATIONS - 6
**(C04-2338 RSM)**
[157978 v20.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

statute of limitations for injuries that are discovered later," (*Id.*) which was affirmed by the Court of Appeals in *Cloud v. Summers, supra.*

In *Cloud,* the victim and his parents brought claims against the Seattle School District and the estate of his former teacher for the sexual abuse suffered by the plaintiff for several years, beginning in 1983, when the plaintiff was thirteen. Once a good student and talented athlete, plaintiff began suffering from severe emotional and psychological difficulties in 1992 and, in January of 1994, shot and killed Summers, the sexually abusive teacher. The victim's psychiatrist concluded that his mental illness was caused by the sexual abuse. The victim and his parents then filed claims against the estate and the school district in state court in January of 1996. The trial court granted summary judgment for the school district, ruling *inter alia* that the claims were barred by the statute of limitations. *Id.* at 729.

On appeal, the plaintiffs argued that the statute of limitations did not bar their claims against the school district. The Court of Appeals agreed, holding that the "undisputed" evidence in the record reflects that Darrell Cloud did not connect his mental illness with Summers' abuse before January 31, 1994 . . . and that the statute of limitations against the school district did not expire until January 31, 1997." *Id.* at 735. The court held that even though the plaintiff was aware of the abuse all along, and was aware of **some** injuries caused by the abuse, there was no evidence in the record that he connected the sexual abuse with the *full extent of his mental illness* until he shot his abuser in January of 1994. The Court stated:

> [T]he victim may know, as Darrell knew, that he or she was molested, and may even know that some injury resulted, but may not know the full extent of the injury or that the abuse might have been prevented if persons having a special relationship with the child had not breached a duty to protect the child from abuse. *Indeed, as our legislature has found, childhood sexual abuse, by its very nature, may render the victim unable to understand or make the connection between the childhood abuse and the full extent of the resulting emotional harm until many years later.*

OPP. TO MTN FOR S.J. RE: STATUTE OF LIMITATIONS - 7
**(C04-2338 RSM)**
[157978 v20.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

*Id.* at 734-735 (emphasis added).

**C.  PLAINTIFFS DO NOT NEED TO DEMONSTRATE THAT THEY WERE SUFFERING FROM A "DISABILITY" TO TOLL THE STATUTE OF LIMITATIONS.**

Contrary to COP's assertions, a mental illness or actual disability is not a prerequisite to the tolling of the statute of limitations for a claim of childhood sexual abuse.[5]  Defendants can point to no case in Washington that supports such a draconian standard.  Admittedly, the Court in *Cloud* determined that the plaintiff was suffering with a mental illness and, in the course of the opinion, the Court used the term "disability."  However, in doing so, the court used the term simply to explain its decision but did not imply that an actual "mental illness" or "disability" was a prerequisite to tolling the statute.  *Cloud,* 98 Wn.App. at 735.  Instead, the statute of limitations will be tolled if the victim has been *unable* to connect his or her psychological harms to the abuse due to a myriad of reasons, including the fact that child victims of sexual abuse are traumatized by the event and, "forgot" the events, blamed themselves for the abuse, or did not seek assistance (e.g., counseling) in understanding the nature of the assault.

**D.  PLAINTIFFS HAVE SUBMITTED EVIDENCE WHICH CREATES A QUESTION OF FACT ON THE ISSUE OF WHEN PLAINTIFFS MADE THE CAUSAL CONNECTION BETWEEN LOHOLT'S ABUSE AND THEIR EMOTIONAL AND PSYCHOLOGICAL DAMAGE.**

**1.  JOHN DOE.**

Stuart Greenberg has interviewed and evaluated John Doe. He has unequivocally opined that John Doe was unable to recognize the impact of the abuse and will, in all likelihood, be unable to understand the impact until he has years of therapy.[6]  Dr. Stuart Greenberg, Ph.D. interviewed and evaluated John Doe on August 25, 2005 and October 10,

---

[5]  Regardless, as opined by Dr. Conte and Dr. Greenberg, both John Doe and R.K. suffer from significant symptoms associated with mental illness.  *Declaration of Jon Conte Re: R.K. ¶¶11, 12, 14, 17 and 18; Declaration of Stuart A. Greenberg, ¶8(a) – (d).*

[6]  *Greenberg Decl., ¶8(d).*

OPP. TO MTN FOR S.J. RE: STATUTE OF LIMITATIONS - 8
**(C04-2338 RSM)**
[157978 v20.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

2005.[7] He noted that John Doe suffers depression, experiences poor appetite, loss of interest, feelings of guilt, motor retardation, sleep disturbances, fatigue and weight loss. John Doe self reported that his anxiety level is at times disabling and Dr. Greenberg noted that John Doe's presentation was complicated by his admitted use of elicit substances. John Doe currently experiences extreme anxiety, feels hopeless and depressed and has a high suicide potential.[8]

It is Dr. Greenberg's opinion that John Doe has incurred an almost "totally disabling and life threatening level of psychological damage. He is gravely psychologically disabled and has been terribly harmed by the events he reports."[9] Dr. Greenberg noted that John Doe was so dysfunctional he was unable to complete most of the standardized testing.[10] In summary, Dr. Greenberg opined that John Doe's psycho-pathological condition and his highly dysfunctional current state and life long status renders him substantially unable to understand, comprehend and appreciate how grossly dysfunctional he is, nor is he able to adequately understand what roles the various traumas in his life have played in the development of his dysfunctionality. He is likely to need at least some level of supportive therapy for most of the remainder of his life for him to be able to function adequately, to understand himself, to appreciate his place in the world, and to understand his relationship with other human beings.[11] Dr. Greenberg noted that John Doe is incapable of adequately recognizing the impact of sexual abuse and he is unable to adequately comprehend the role that had played in his life. Dr. Greenberg summarizes that John Doe is simply so dysfunctional that he does not meaningfully or reliably understand himself, who he is and why he feels and acts as he does.[12]

---

[7] Greenberg Decl., ¶5(a).

[8] Greenberg Decl., ¶¶5 (c), (d) and (i).

[9] Greenberg Decl., ¶8(a).

[10] Greenberg Decl., ¶8(c).

[11] Greenberg Decl., ¶8(a).

[12] Greenberg Decl., ¶8(d).

OPP. TO MTN FOR S.J. RE: STATUTE OF LIMITATIONS - 9
**(C04-2338 RSM)**
[157978 v20.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## 2. R.K.

Dr. Jon Conte interviewed, tested and evaluated R.K. on August 31, 2005.[13]  He diagnosed R.K. with Post Traumatic Stress Disorder, based on his self report and test results. Dr. Conte noted that R.K. currently reports significant levels of post traumatic stress, including re-experiencing, avoidance and hyper arousal symptoms.  Dr. Conte believes he suffers from these symptoms as a result of the childhood sexual abuse.[14]  Dr. Conte also pointed out that R.K. has led a symptomatically distressed and conflict ridden life and lacks the psychological mindedness or capacity to understand that his symptoms are, at least in large part, the result of sexual abuse during his youth.[15]  As of the date that Dr. Conte evaluated him during the pendency of this lawsuit, R.K. was not able to appreciate the connections between his abuse and his symptoms and Dr. Conte did not believe he would be able to appreciate these connections until he has had years of therapy.[16]

Dr. Conte drew the distinction that knowing the fact that one has been abused is not the same thing as understanding how the experience has harmed you.  Likewise, knowing that the abuse was wrong is not also the same as knowing one has been harmed.  Dr. Conte opined that R.K. has limited understandings of these connections.[17]  Dr. Conte also noted that R.K. is unpracticed in telling his life story.  He did not appear to be particularly psychologically minded.  Importantly, Dr. Conte noted that R.K. had never had counseling for the sexual abuse he suffered which was necessary for him to understand how the abuse had impacted his life.  It is Dr. Conte's opinion that R.K. has limited understanding of how the sexual abuse in his life has impacted him.[18]

---

[13] *Conte Decl. re: R.K., ¶9*

[14] *Conte Decl. re: R.K., ¶17.*

[15] *Conte Decl. re: R.K., ¶11, 12.*

[16] *Conte Decl. re: R.K., ¶18.*

[17] *Conte Decl. re: R.K., ¶18.*

[18] *Conte Decl. re: R.K., ¶10.*

OPP. TO MTN FOR S.J. RE: STATUTE OF LIMITATIONS - 10
**(C04-2338 RSM)**
[157978 v20.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Dr. Conte also opined that R.K. is a man with limited understandings of his own behavior, his origins and why he behaves as he does. Dr. Conte believes that R.K. does not make the connections between his behavior, the abuse and the other events in his life which are associated with the behavior.[19]  Dr. Conte points out that the capacity to make a connection between an event such as abuse and its harms requires a complex mental process. It is a process which is particularly difficult for adults abused in childhood because of the very nature of child development.  Children typically put painful experiences out of mind or awareness and are extremely adept at defending against painful experiences by denial and suppression.[20]

### 3.  T.D.

Dr. Conte notes that psychotherapy of traumatized individuals inherently involves assisting the traumatized individual understand the connection between the trauma and the various harms which result from the trauma. This complex process is central to therapy.[21] T.D. was evaluated by Dr. Conte on August 26, 2005. At that time Dr. Conte noted that T.D. was isolated, introverted and not psychologically aware.  He gave the impression of a man who does not want to think that he has been harmed by the abuse.  Dr. Conte opined that the personality of T.D. makes him unlikely and unable to understand the harm which the abuse has caused him.[22]

In short, as of the date of his evaluation, it was Dr. Conte's opinion that T.D. did not comprehend the full extent of his injuries or their casual connection to the abuse.  Indeed, it was his opinion he had no understanding prior to filing of the lawsuit that any of his problems

---

[19] *Conte Decl. re: R.K., ¶11.*

[20] *Conte Decl. re: R.K., ¶12.*

[21] *Conte Decl. re: T.D. ¶8.*  It should be noted that T.D. has never received any therapy for his sexual abuse, or for any other reason, so has not undergone this "connection" process.

[22] *Conte Decl. re: T.D. ¶15.*

OPP. TO MTN FOR S.J. RE: STATUTE OF LIMITATIONS - 11
**(C04-2338 RSM)**
[157978 v20.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

were related to the abuse.[23]  It is Dr. Conte's opinion that since learning that other children were abused during the last three years T.D. has begun to process what happened to him.  He now wonders how the abuse impacted his life.[24]  Dr. Conte also opines that T.D. is a person who has not processed his emotions and does not have easy access to his emotions.[25]  Because of his tendency not to explore his feelings surrounding the abuse, T.D. has just begun to comprehend the effects of the abuse during the process of this lawsuit.[26]

### 4.  DEFENDANTS PROVIDE NO EVIDENCE PLAINTIFFS UNDERSTOOD THE CONNECTION BETWEEN THE ABUSE AND THEIR SYMPTOMS WITHIN 3 YEARS OF FILING THIS LAWSUIT.

In contrast to plaintiffs, defendants have not submitted *any* expert testimony challenging Dr. Conte or Dr. Greenberg's opinions. [27]  Rather, defendants assert, without expert authority, that the plaintiffs should have understood the causal connection between Loholt's abuse and their psychological injuries because each one of them (1) never forgot the abuse, (2) knew they were victims, (3) believed Loholt's conduct was "wrong" and (4) because they spoke of the abuse to family members and friends.  The fact the plaintiffs always knew they were abused and knew that Loholt's conduct was "wrong" is irrelevant to whether they understood the full extent of their psychological injuries.  *See, Cloud,* 98 Wn. App. 724, 991 P.2d 1169 (1999); *Hollman,* 89 Wn. App. 323, 949 P.2d 386 (1997); *Oostra,* 88 Wn. App. 536, 937 P.2d 195 (1991).  As recognized by the court in *Cloud,* a child's

---

[23] *Conte Decl. re: T.D. ¶15.*

[24] *Conte Decl. re: T.D. ¶17.*

[25] *Conte Decl. re: T.D. ¶18 – 20.*

[26] *Conte Decl. re: T.D. ¶21.*

[27]The only **evidence** relating to when the plaintiffs, and each of them, made the connection between the abuse they suffered and the consequent harms are the declarations and reports of Dr. Stuart Greenberg and Dr. Jon Conte.  These forensic experts have unequivocally stated that the plaintiffs, and each one of them, had not made the causal connection between the full extent of their injuries and the abuse before filing this suit.  Defense counsel's subjective determination that the plaintiffs gained the requisite knowledge is not admissible evidence – it is argument.

OPP. TO MTN FOR S.J. RE: STATUTE OF LIMITATIONS - 12
**(C04-2338 RSM)**
[157978 v20.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575