E. **EQUITABLE ESTOPPEL/FRAUDULENT CONCEALMENT.**

Plaintiffs asserted these theories as an equitable doctrine which seeks to toll the statute of limitations as a defense. Discussion of the statute of limitations (including a discussion of why COP should be estopped from asserting the defense is addressed in detail in Plaintiffs' Opposition to COP's Motion for Summary Judgment Re: Statute of Limitations and, consequently, the issue is not addressed here.

F. **CONSPIRACY.**

The plaintiffs assert that members of COP conspired together to avoid having one of their own, Jack Loholt, charged and convicted of child abuse. They did so not only to protect Loholt, but to protect their public image. However, by doing so they inflicted harm and detriment onto the plaintiffs in this action and to the multitude of Jack Loholt's other victims.

A civil conspiracy claim will lie when "there is an agreement by two or more persons to accomplish some purpose, not in itself unlawful, by unlawful means." *Sterling Business Forms, Inc., v. Thorpe,* 82 Wn.App. 446, 451, 91q8 P.2d 531 (1996); *see, also, Corbit v. J.I. Case Co.,* 70 Wn.2d 522, 528, 424 P.2d 290 (1967). A finding that a conspiracy exists (or has existed) may be based on circumstantial evidence and the test to be employed is whether the circumstances are "inconsistent with a lawful or honest purpose and reasonably consistent *only* with [the] existence of a conspiracy." *Corbit,* 70 Wn.2d at 529.

Here, as discussed *infra,* for a number of years, high ranking officials within the Mormon were advised, time and time again, of Loholt's abuse of children. At all relevant times, the individuals who gained the knowledge were mandatory reporters. Despite their knowledge, despite Loholt's repeated offenses against children, despite knowing the despicable nature of the abuse, and despite their common law and statutory duties to report

PLAINTIFFS' OPPOSITION TO MOTIONS FOR SUMM JGMT - 21
**(C04-2338 RSM)**

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Dockets.Justia.com

Loholt, the individuals did, essentially, nothing.[44] Plaintiffs assert that COP's motivation in failing to take any action in response to the multiple notifications of abuse, was to "cover-up" the events. Facts demonstrating that a "cover up" has occurred may be sufficient to support a claim for civil conspiracy. *See, e.g., Kunz v. City of Chicago,* 234 F. Supp.2d 820, (D. Ill. 2002). The claim will withstand summary judgment if the plaintiff present factual evidence of the "cover up." *Id.* at 823.

Throughout the discovery process, plaintiffs have attempted to inquire into the reasons for COP's failure to act, about conversations that may have occurred between the various Mormon officials and what occurred during Loholt's counseling at LDS Social Services. Unfortunately, plaintiffs' efforts have been continuously thwarted through COP's improper assertions of the clergy-penitent privilege.[45] For this reason alone, plaintiffs have been unable to obtain direct evidence supporting the conspiracy claim. COP's obstructive conduct should not be the basis by which they obtain summary dismissal of one of plaintiffs' causes of action. At a minimum, this Court should defer ruling on the conspiracy claim until after the Motion to Compel is decided and, if allowed after the depositions of Bishops Borland, Coleman and Pettit and the deposition of Jack Loholt have been resumed and completed.

### G. T.D.'S CLAIMS SURVIVE BECAUSE HE WAS HARMED BY THE ABUSE.

COP claims that T.D.'s lawsuit must be dismissed because he has not been damaged and, therefore, an element of his negligence claim has not been met. Amazingly, COP makes this claim despite the lengthy report issued by Dr. Jon Conte, a leading forensic expert in the

---

[44] Additionally, plaintiffs have shown, through the deposition testimony of victim D.F. (relating to Bishop Borland telling him to "keep quiet" and "not tell anyone" about the situation), that COP was promoting a cover-up.

[45] Despite the existence of an already-filed motion to compel pertaining to COP's improper and continuing assertions of the privilege, COP and, now the attorney retained, by the Mormon church, to represent Jack Loholt continued in that course of conduct as late as January 27, 2006, during the deposition of Jack Loholt. *Loholt Depo., pgs, 80-96, 119-120, 122-126, 138-139.*

PLAINTIFFS' OPPOSITION TO MOTIONS FOR SUMM JGMT - 22
(C04-2338 RSM)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

field of child sexual abuse, in which Dr. Conte discusses T.D.'s damages and in the absence of any credible expert opinion to the contrary. Really, COP is making a value judgment about the nature and extent of plaintiff T.D.'s damages. In doing so, they are invading the province of the jury. This motion should fail.

It is undisputed that the frequency and severity of abuse T.D. suffered was not as significant as that of John Doe or R.K. However, at a young age T.D. experienced an unwelcome and perverse sexual assault with Jack Loholt stroking and fondling T.D.'s penis and sucking on his toes while on a Scout trip. COP minimizes this serious crime and suggests that in order to pursue a claim for physical and emotional injuries arising out of childhood sexual abuse, the victim must carry a clinical psychiatric diagnosis. This is clearly not the case and the very least a question for the jury. As Dr. Conte points out, to suggest that T.D. has not been harmed by the sexual abuse requires the person making such a claim to virtually ignore the scientific findings on the effects of childhood sexual abuse and modern social history.[46] Dr. Conte opines that by being sexually abused, T.D. carries a stigma with profound ramifications for how he as a victim sees himself.[47] Dr. Conte opines that T.D. is a man who has been harmed by the sexual abuse. Dr. Conte further opines that T.D. is often reminded of the facts of the sexual abuse and he will never be free from the stress of periodically being reminded of the abuse.[48] Dr. Conte believes that T.D. presents as introverted and in control and is uncomfortable with his emotions and ability to express his feelings about the abuse, thus inhibiting him from understanding and expressing his true damages.[49] Dr. Conte believes that both the abuse and learning that the Mormon Church

---

[46] *Declaration of Jon Conte re: T.D.*, ¶11.
[47] *Id.*
[48] *Conte Decl. re: T.D.*, ¶14.
[49] *Conte Decl. re: T.D.*, ¶15.

PLAINTIFFS' OPPOSITION TO MOTIONS FOR SUMM JGMT - 23
(C04-2338 RSM)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

knew about the abuse has left T.D. angry and experiencing other negative emotions.[50]

### H. COP CAN BE LIABLE FOR LOHOLT'S PRE-1972 CONDUCT IF PLAINTIFFS' INJURIES ARE INDIVISIBLE.

COP incorrectly argues that it cannot be liable for damages for any abuse the plaintiffs suffered prior to the Church's knowledge of the abuse by Loholt or others. Such argument would be correct if, and only if, the damages plaintiffs suffered were segregable. COP asserts that they are not and plaintiffs concede that they are not. However, contrary to COP's argument, such fact is not fatal to plaintiffs' claim. Instead, it is fatal to COP's claim that it is not liable for **all** of plaintiffs' damages (both before and after 1972). As discussed below, if plaintiffs' injuries are found indivisible by the jury, the burden shifts to COP to segregate the damages. If COP is unable to do so, it is liable for all of the plaintiffs' for damages, both pre- and post-1972.

It is black letter law that you "take your victims as you find them." *See, e.g., State v. Enstone*, 137 Wn.2d 675, 682, 974 P.2d 828 (1999). Here, COP does not appear to assert that T.D.'s and R.K.'s problems are related to anything other than the abuse and, thus, this issue is inapplicable to T.D.'s and R.K.'s claims. However, with respect to John Doe, COP asserts that because he suffered from a dysfunctional family environment, that COP's liability is somehow diminished. A careful review of the case law shows just the opposite is true: COP would be liable for only its proportionate share of plaintiffs' damages if, and only if, COP segregates the damages attributable to the various events in plaintiffs' lives. As COP admits in its motion, it cannot do so and, therefore, its motion relating to lack of segregation of damages must be denied.

---

[50] *Conte Decl. re: T.D.*, ¶16.

PLAINTIFFS' OPPOSITION TO MOTIONS FOR SUMM JGMT - 24
(C04-2338 RSM)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

The primary authorities relating to the issue of which party bears the burden of segregation of damages are *Phennah v. Whalen,* 28 Wn.App. 19, 621 P.2d 1304 (1980) and *Cox v. Spangler,* 141 Wn.2d 431, 5 P.3d 1265 (2000).[51] In *Phennah,* the appellate court was called upon to determine the situations in which two or more defendants could be jointly and severally liable for a plaintiff's harms. In answering this question, the *Phennah* court announced the rule relating to when the burden of segregating damages may shift to defendants and specifically noted that the "emerging rule ... is that when the harm is indivisible as among successive [independent] tortfeasors, the defendants must bear the burden of proving allocation of the damages among themselves." *Id.* at 26-27. The *Phennah* court additionally provided the outline for making the ultimate determination:

> ... the first determination is whether the harm is segregable. On the basis of that factual determination, the tortfeasors are either severally or jointly liable. As to the burden of proof when the harm is **not** segregable § 433B [of the Restatement] allocates to the tortfeasors the burden of proving apportionment among them.

*Id.* at 28. In concluding the opinion, the court stated as follows:

> We therefore hold that once a plaintiff has proved that each successive negligent defendant has caused some damage, the burden of proving allocation of those damages among themselves is upon the defendants; if the jury finds that the harm is indivisible, then the defendants are jointly and severally liable for the entire harm.

*Id.* at 29.

Here, as even defendants admit, there is no dispute that John Doe was harmed by his early childhood experiences **and** by the sexual abuse inflicted upon him by Jack Loholt **and**

---

[51] COP relies on pre-tort reform cases to support their proposition that plaintiffs must segregate their damages. However, as this court is well-aware, the Tort Reform Act overruled prior holdings relating to joint and several liability (and, as discussed below, the determination of which party bears the burden of segregating damages). Admittedly, *Phennah* was also decided prior to the Tort Reform Act. However, as discussed below, the *Phennah* holding was re-affirmed in *Cox v. Spangler,* a post-tort reform case. Thus, any argument that *Phennah* was overruled by the Tort Reform Act is without merit.

PLAINTIFFS' OPPOSITION TO MOTIONS FOR SUMM JGMT - 25
(C04-2338 RSM)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

by COP's failure to protect John Doe. However, it appears (but it is not entirely clear) that COP asserts that the *Phennah* rule does not apply because the perpetrators of the harm plaintiffs suffered in their early childhood are not defendants in this action. Such argument has no merit as that issue was squarely addressed in *Cox v. Spangler, supra.*

In *Cox*, the plaintiff was in two different automobile accidents approximately six months apart. *Cox,* 141 Wn.2d at 433. The first accident occurred while the plaintiff was working, and the law regarding work-related injuries prevented her from suing the tort-feasor for that accident. Cox brought suit for the second accident against Spangler. *Id.*

There was evidence at trial that Cox's injuries from the two accidents were indivisible. *Id.* at 436. Thus, the court gave a jury instruction, over defendant's objection, that if the jury found that the injuries from the two accidents were indivisible "then the defendants Spangler [the tortfeasor in the second accident] are responsible for the **entire** injury." *Id.* at 442 (emphasis added). One of the issues on appeal was whether *Phennah's* burden shifting rule could apply when there is only one defendant against whom judgment could be entered. The *Cox* court summarily rejected any such argument, stating:

> This [fact] is, however, irrelevant because *Phennah* does not make joint and several liability a prerequisite to shifting the burden of apportionment.

*Id.* at 445.

The situation in *Cox* is the same situation present in this case – the persons who caused John Doe's early emotional problems are not defendants in this action. However, just as in *Cox,* this fact makes no difference to the determination of which party bears the burden of segregating damages between the separate events. That burden lies with COP and its failure to segregate renders it liable for the entire judgment rendered regardless of which of the various events actually caused plaintiff John Doe's ultimate damages. Since COP bears

PLAINTIFFS' OPPOSITION TO MOTIONS FOR SUMM JGMT - 26
(C04-2338 RSM)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

the burden of segregating damages, and has admitted that it cannot do so, its claims that it is not liable for all of plaintiffs' damages fails and COP's motion must be denied.

COP relies on *Scott v. Rainbow Ambulance,* 75 Wn.2d 494, 452 P.2d 220 (1969) to provide authority for the prerequisites to a burden shift. However, COP's assertions are misleading and misplaced in this regard. First, COP asserts that *Scott* holds that burden shift occurs only if three prerequisites are met: (1) a fault free plaintiff; (2) there are concurrent or successive tort-feasors;[52] and (3) "it is certain that between them they caused it all [i.e., all of the damage to the plaintiffs]." *See COP's General Motions for Summary Judgment, pg. 28, ll. 16-18.* The third prerequisite is not, in fact, an element that necessarily needs to be considered. Instead, this language is contained within the opinion but it is there simply as an explanation of the policy underlying the burden shift and is case specific.[53] Even if COP were correct and this statement somehow imposed a rule requiring the defendants to have caused all of plaintiffs' damages, any such ruling was clearly overturned in *Cox v. Spangler, supra.* As discussed above, the *Cox* court held that the defendant was liable for **all** of plaintiff's damages despite the fact that it was undisputed that some of plaintiff's damages were caused by an accident with a person who was not even a party to the action. *Cox* at 442.

---

[52] It is presumed COP inadvertently forgot to include "joint" tort-feasors in this element.

[53] The actual quote is:

> We are concerned with a single injury, one claimed tort-feasor and a plaintiff who apparently contributed to the single injury **through her own fault**. This material fault of the plaintiff, contributing substantially to the single injury, removes this case from that field of lawsuits where the legal principles applies were appropriate to the situation of an **innocent** plaintiff faced with multiple wrongdoers. There is a tendency in the latter cases to relax the usual rule that the burden of proof as to causation is upon the plaintiff. The reason is apparent: should the loss due to failure of proof of causation fall upon the innocent or the culpable? It is reasonable that it is unfair to deny an innocent person redress simply because he cannot prove how much of the damage each tort-feasor caused, when it is certain that between them they caused it all.

*Scott,* 75 Wn.2d at 497.

PLAINTIFFS' OPPOSITION TO MOTIONS FOR SUMM JGMT - 27
(C04-2338 RSM)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Second, while the *Scott* court determined that, in the case before it, the burden of segregating damages lay with the plaintiff; it did so because the plaintiff contributed to her own harm. In fact, the *Scott* court specifically held:

> when the facts of the case are such that **plaintiff** is clearly one of the two persons responsible for the injury involved, and plaintiff makes no attempt to segregate those damages, we find no over-riding reason in justice for shifting that burden to the defendants.

*Id.* at 498. Here, as even defendant admits the plaintiffs are fault-free. Because the plaintiffs are fault-free and because their damages are indivisible, the burden of segregating damages shifted to COP.

### I. THERE IS NO REQUIREMENT OF SEGREGATION OF DAMAGES BETWEEN THE INTENTIONAL AND NEGLIGENT TORT-FEASORS IN THIS CASE.

#### 1. *TEGMAN* DOES NOT APPLY WHEN THE NEGLIGENT PARTY'S LIABILITY IS BASED ON THE FAILURE TO PREVENT THE CONDUCT OF THE INTENTIONAL ACTOR.

This case involves the situation where the claim for negligence is based on the failure to prevent the intentional conduct which occurred. This issue was not before the court in *Tegman v. Accident & Medical Investigation,* 150 Wn.2d 102, 75 P.2d 497 (2003) and no Washington court has held that damages must be segregated between negligent and intentional torts when the negligence was the failure to prevent the intentional tort. The *Tegman* decision does not apply in the situation squarely presented by this case: namely, where the negligent party's liability is predicated on the failure to prevent the conduct of the intentional actor. Unlike *Tegman,* this case involves COP's duty to report known instances of child sexual abuse and protect children from Loholt. The abuse the plaintiffs suffered was a direct result of COP's breach of that duty. The court in *Tegman* did not address this scenario, 150 Wn. 2d at 127–28 (Chambers, J., dissenting). No segregation of damages is required

PLAINTIFFS' OPPOSITION TO MOTIONS FOR SUMM JGMT - 28
(C04-2338 RSM)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

when the intentional tort is the exact conduct the negligent actor had a duty to protect against.

It is worth noting that *Welch v. Southland Corp.* 134 Wn.2d 629, 952 P.2d 162 (1998), involved this very scenario. Importantly, *Welch* was not overruled by *Tegman*. In *Welch*, the plaintiff was in a convenience store when another patron attempted to steal his wallet and then shot him. The plaintiff alleged that the store owner was liable for failing to maintain safe premises. *Id.* at 631. The court ruled that liability could not be apportioned to intentional tort-feasors. *Id.* at 634. The court did not hold or even suggest that damages must be segregated between the negligent and intentional torts in this situation. (The court subsequently did so under completely different facts in *Tegman*).[54]

Refusing to allow a negligent defendant to allocate damages to an intentional tortfeasor when the defendant had a duty to protect against the intentional act also is consistent with RESTATEMENT (SECOND) OF TORTS § 449, which reads as follows:

> If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby.

Comment b to §449 elaborates on this rule:

> The happening of the very event the likelihood of which makes the actor's conduct negligent and so subjects the actor to liability cannot relieve him from liability. The duty to refrain from the act committed

---

[54] A significant majority of courts in other jurisdictions hold that the liability of a negligent tortfeasor cannot be reduced because of an intentional tort when the defendant's negligence involves a duty to prevent that intentional tort. *E.g., Cortez v. University Mall Shopping Center*, 941 F. Supp. 1096, 1098–1100 (D. Utah 1996); *Merrill Crossing Associates v. McDonald*, 705 So. 2d 560, 562–63 (Fla. 1997); *Kansas State Bank & Trust Co. v. Specialized Transportation Services, Inc.*, 249 Kan. 348, 819 P.2d 587, 605–06 (1991); *Veazey v. Elmwood Plantation Associates, LTD*, 650 So. 2d 712, 719–20 (La. 1994); *Brandon v. County of Richardson*, 261 Neb. 636, 624 N.W.2d 604, 620 (2001); *Turner v. Jordan*, 957 S.W.2d 815, 821–23 (Tenn. 1997). As one court stated: "It would be irrational to allow a party who negligently fails to discharge a duty to protect to reduce his liability because there is an intervening intentional tort when the intervening intentional tort is exactly what the negligent party had a duty to protect against." *Brandon*, 624 N.W.2d at 620 (emphasis added); *see also Turner*, 957 S.W.2d at 823 (A defendant "should not be permitted to reduce his liability by relying on the occurrence of the foreseeable risk of harm he had a duty to prevent.")

PLAINTIFFS' OPPOSITION TO MOTIONS FOR SUMM JGMT - 29
(C04-2338 RSM)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

or to do the act omitted is imposed to protect the other from this very danger. To deny recovery because the others exposure to the very risk from which it was the purpose of the duty to protect him resulted in harm to him, would be to deprive the other of all protection and to make the duty a nullity.

*Tegman*, 150 Wn.2d at 127 (Chambers, J., dissenting); *see also Merrill Crossings*, 705 So. 2d at 562. It is extremely significant in this regard that, in explaining the rationale for its holding, the *Tegman* court expressly limited its application to those cases in which the negligent defendant's conduct was **not** the cause of the intentionally based damages.

> [RCW 4.22.070] serves to provide some relief to negligent defendants whose conduct is not as egregious as the intentional tortfeasor, **nor the cause of the intentionally based damages.**

*Id.* at 505 (emphasis added).

### 2. *TEGMAN* DOES NOT APPLY WHEN THE INTENTIONAL TORT-FEASOR IS NOT A PARTY TO THE ACTION.

*Tegman* should not apply for other reasons as well. The intentional tortfeasor, Jack Loholt, is not a party to the action. Plaintiffs are not contending, and have never contended, that COP would be "jointly and severally" liable with a person who is not a "defendant against whom judgment has been entered." As discussed in detail above, *Tegman* did not overrule the *Phennan v. Whalen* and *Cox v. Spangler* authorities on the party that carries the burden of proof of segregation of damages. If plaintiffs' injuries are indivisible the defendants have the burden of segregating damages. If they cannot, they are liable for all of plaintiffs' damages.

RESPECTFULLY SUBMITTED this 30th day of January, 2006.

| | |
|---|---|
| GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP | LAW OFFICES OF TIMOTHY D. KOSNOFF |
| By /s/ Michael T. Pfau<br>Michael T. Pfau, WSBA No. 24649<br>mpfau@gth-law.com<br>Co-Counsel for Plaintiffs | By /s/ Timothy D. Kosnoff<br>Timothy D. Kosnoff, WSBA No. 16586<br>timkosnoff@comcast.net<br>Co-Counsel for Plaintiffs |

PLAINTIFFS' OPPOSITION TO MOTIONS FOR SUMM JGMT - 30
(C04-2338 RSM)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on January 30, 2006, I electronically filed the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' GENERAL MOTIONS FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas D. Frey and
Marcus Nash
STAFFORD FREY COOPER
601 Union Street, Suite 3100
Seattle, WA 98101-1374

DATED this 30th day of January, 2006.

/s/Teri A. Watson
Teri A. Watson
Assistant to Michael T. Pfau,

PLAINTIFFS' OPPOSITION TO MOTIONS FOR SUMM JGMT - 31
(C04-2338 RSM)

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575