THE HONORABLE RICARDO MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KENNETH FLEMING, JOHN DOE, R.K., and T.D.,
Plaintiffs,

v.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDA FAMILY SERVICES, a Utah corporation,
Defendants.

NO. C04-2338 RSM

DECLARATION OF MICHAEL T. PFAU IN SUPPORT OF MOTION FOR DISCHARGE OF LITIGATION GUARDIAN AD LITEM

NOTE ON MOTION CALENDAR:
FRIDAY, JULY 7, 2006

I, MICHAEL T. PFAU, being first duly sworn on oath, deposes and says.

1.  I am one of the attorneys for the plaintiffs in this action; I make this declaration based upon my own personal knowledge.

2.  Attached as Exhibit 1 is a true and correct copy of the fully executed copy of The [John Doe] Irrevocable Trust.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

PFAU DECL. IN SUPP. OF DISCHARGE OF LITIGATION GUARDIAN AD LITEM- 1
(C04-2338 RSM)
161813

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

DATED at Seattle, Washington, this ⟨21⟩ day of June, 2006.

_____
MICHAEL T. PFAU

PFAU DECL. IN SUPP. OF DISCHARGE OF LITIGATION GUARDIAN AD LITEM- 2
(C04-2338 RSM)
161813

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

<u>CERTIFICATE OF ELECTRONIC FILING</u>

I hereby certify that on June 22, 2006, I electronically filed the foregoing **DECLARATION OF MICHAEL T. PFAU IN SUPPORT OF MOTION FOR APPOINTMENT OF LITIGATION GUARDIAN AD LITEM** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas D. Frey and
Marcus Nash
STAFFORD FREY COOPER
601 Union Street, Suite 3100
Seattle, WA 98101-1374

DATED this 22nd day of June, 2006.

/s/ Vicki Burrows
Assistant to Michael T. Pfau,

PFAU DECL. IN SUPP. OF APPTMNT. OF LITIGATION GUARDIAN AD LITEM- 3
(C04-2338 RSM)
161813

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

# THE JAMES ALLENBACH IRREVOCABLE TRUST

THIS TRUST is established effective as of June 15, 2006 pursuant to the recommendation of Litigation Guardian Item, Andrew Benjamin, per his Report dated May 22, 2006 filed with the United States District Court, Western District of Washington, at Seattle, under Kenneth Fleming, *et al., v* The Corporation of the President of the Church of Jesus Christ of Latter Day Saints, et al., Case No. CO4-2338RSM. This Trust has been approved by Andrew Benjamin as Litigation Guardian Ad Litem. The report's recommendations did not find it necessary to impose a guardianship or require that this trust be perpetuated pursuant to Washington Court Rule SPR 98.16W. The parties to this Trust are JAMES ALLENBACH as Grantor and SHARON ALLENBACH and BRENT ALLENBACH, as Co-Trustees (hereinafter referred to as "Trustee") for the benefit of JAMES ALLENBACH, hereinafter referred to as "Beneficiary" or "James Allenbach," with limited benefit for his wife, Sharon Allenbach and their children, i.e., KIMBERLY LEONA ALLENBACH (dob 7/17/85), NICOLE MARIE ALLENBACH (dob 2/7/87) and CURTIS JAMES ALLENBACH (dob 5/26/89). References herein to children are to the children named above and no other persons and references to descendants shall refer to such children or their descendants and not to the descendants of any other persons. This Trust shall be known as the "James Allenbach Irrevocable Trust dtd 6/15/06."

1. **Trust Property**

The Trust property shall consist of the net proceeds recovered for the benefit of the Beneficiary under the above referenced cause number and transferred from the trust account of James Allenbach's counsel, Gordon, Thomas, Honeywell, Malanca, Peterson

ORIGINAL

[164714 v11.doc]

and Daheim, LLP, per the direction of James Allenbach, as Grantor, to Sharon Allenbach and Brent Allenbach, Trustee of the James Allenbach Irrevocable Trust dtd 6/15/06. The Trustee shall hold all such property in trust for the purposes and on the conditions set forth in this trust agreement.

**2.    Additional Property**

Other persons may add to the corpus of the Trust herein created and any property so added shall be held, administered and distributed as part of this Trust.

**3.    Spendthrift**

No beneficiary shall have an interest in either the principal or income of this Trust. The assets of this Trust shall in no way be assignable or alienable by or through any process whatsoever. The Trust may not be voluntarily or involuntarily encumbered. The assets of the Trust shall not be subject to garnishment, attachment, levy or any other legal process of any court from any creditor or others, nor shall the assets be an asset in any future bankruptcy of any beneficiary.

**4.    Irrevocability; Procedural Requirements.**

This Trust shall be irrevocable and shall not be subject to amendment except as provided under the terms of RCW Chapter 11.96A, including without limitation, the agreement procedures set forth in RCW 11.96A.210 through 11.96A.250, provided, however, that in such event, judicial approval of the agreement must be obtained pursuant to RCW 11.96A.240. Notwithstanding the foregoing, any party defined under 11.96A.030 may petition the court to convert this Trust to a Settlement Trust subject to the terms of SPR 98.16W, subject to the court's determination of the advisability of the imposition of such rules. In no event shall the Grantor have the right or power to revoke or terminate this trust.

5. **Tax Status.**

For federal income tax purposes, this trust shall be treated as a "Grantor Trust" pursuant to Sections 671 to 679 of Internal Revenue Code of 1986. Notwithstanding the foregoing, the Trustee shall be authorized to make payment for income tax liabilities generated by the assets of this trust.

6. **Distribution During James Allenbach's Lifetime.**

The Trustee shall hold, administer, and distribute the trust estate as follows:

(a) This Trust shall provide fiscal management and supervision of the settlement proceeds received by James Allenbach. Trustee shall be encouraged to invest in a portfolio striking a reasonable balance between income and growth and shall not be obligated to weight such investments in favor of income. Trustee is authorized to utilize the services of investment advisers or other investment services as it deems prudent.

(b) At the inception of this Trust, Trustee is authorized to disburse up to $175,000 to Sharon Allenbach from principal for the purpose of paying existing debts, court fines, and defense counsel, including approximately $110,000 for repayment of monies advanced for expenses by Brent Allenbach, his mother and his mother's trust. In addition, without limiting Trustee's ability to pay professional fees in the administration of the Trust, Trustee may pay Gordon, Thomas Honeywell their fees related to the drafting and coordination of signatures for this Trust Agreement.

(c) The Trustee shall distribute ninety percent (90%) of the net income of the trust (i.e., gross income, less expenses, including without limitation, taxes,

costs, professional fees, investment fees, bond premiums and trustee's fees) on a monthly basis to or for the benefit of Beneficiary. It is the goal of this Trust that principal distributions not be necessary and that Beneficiary shall attempt to live off of the income described above. Trustee, however, in its sole discretion, may distribute such amounts of principal to or for the benefit of Beneficiary as is needed for Beneficiary's health, support, education and maintenance, and for the medical and educational expenses of his spouse and children, provided that such principal distributions shall not exceed five percent (5%) of the principal of the trust in any calendar year, and provided further, that any distributions for the benefit of Beneficiary's spouse or children shall be paid directly to the health care provider or educational institution for their benefit and, so long as Beneficiary is living and not incapacitated, such distributions shall be subject to Beneficiary's written consent. Any income not distributed in a calendar year shall be accumulated and added to principal at or prior to the end of such year, at the discretion of the Trustee. In addition, the Trustee in its discretion may use so much principal as is needed to purchase a home for Beneficiary and pay for relocation costs, furniture and up to two automobiles (the residence and the automobiles shall be owned by the trust). Beneficiary's spouse and such children as Beneficiary may consent to such of their children to reside there subject to Beneficiary's consent,, so long as Beneficiary is living and not incapacitated.

4

7. **Termination of Trust and Remainder Beneficiary**

    a. **Termination:** The Trust shall terminate at the earlier of the following:

        i. the distribution of all principal and income; or

        ii. the death of James Allenbach and the distribution of the corpus as directed herein.

    b. **Payments After Death:** In the event of the death of James Allenbach, the Trustee shall pay for the following expenditures:

        i. goods or services authorized by the Trustee but for which payment has not yet been made;

        ii. income or other taxes owing by the trust;

        iii. funeral and burial expenses for James Allenbach; and

        iv. fees, costs and expenses related to the administration of the trust.

    c. **Reservation of Limited Power of Appointment.** James Allenbach shall have a limited power of appointment to change the remainder beneficiaries of this trust. This testamentary limited power of appointment may be exercised only in favor of Sharon Allenbach or any of Beneficiary's descendants, to the exclusion of any of them, for outright distribution or in trust, by specific reference to this power in James Allenbach's Last Will and Testament.

    d. **Failure to Exercise General Power of Appointment.** If James Allenbach dies without exercising the testamentary limited power of appointment, the Trustee shall divide the trust estate into equal shares and distributed the same as follows:

        (i) Two shares to Sharon Allenbach if she is then living, to be distributed to Trustee to be administered as a separate trust pursuant to paragraph 7. If she is not then living, then this share shall lapse; and

  (ii) One share to be further divided into equal shares, one share for each of James Allenbach's then living children and one share to be divided by right of representation for the descendants of a deceased child. Such shares shall be distributed outright, provided, however, that any share for a child or descendant who has not yet attained age thirty (30) shall be distributed to Trustee to be administered as a separate trust pursuant to paragraph 7.

8. **Trust for Remainder Beneficiaries Under the Age of Thirty (30).**

 8.1 **Separate Trusts.** Trustee shall administer each trust administered under this Article as a separate trust.

 8.2 **Distributions**. Trustee shall administer and distribute each trust as follows:

  (a) Trustee shall make such distributions of income and principal of a beneficiary's trust as Trustee, in Trustee's sole discretion, deems appropriate to provide for the beneficiary's needs for health, education, and reasonable support, or to assist the beneficiary in entering a business or profession, or purchasing a residence, adding to principal any income not so used.

  (b) In the exercise of discretionary powers, for distributions of income or principal to or for the benefit of the beneficiary, the Trustee shall have regard for the beneficiary's best interests and development, and take into consideration, to the extent Trustee deems advisable, any independent or other resources of the beneficiary, as well as the income tax consequences of any distribution or accumulation of income, the station of life to which the beneficiary has been accustomed, the then value of the trust property, and the beneficiary's probable future requirements.

(c) The trust established for Sharon Allenbach shall continue for her lifetime. The trusts for Beneficiary's descendnats shall be distributed as follows: when the beneficiary reaches the age of twenty eight (28), the Trustee shall distribute one-half (½) of the principal of the trust (as constituted at the time of distribution) to the beneficiary. When the beneficiary reaches the age of thirty (30), Trustee shall distribute the balance of the trust to the beneficiary.

(d) At the death of Sharon Allenbach, as to the trust established for her benefit, the balance shall be divided into equal shares, one share for each of James Allenbach's then living children and one share to be divided by right of representation for the descendants of a deceased child.

At the death of any other beneficiary prior to full distribution of the trust for his or her benefit, Trustee shall distribute the balance by right of representation to the living descendants of the beneficiary, if any, and if none, to James Allenbach's living descendants by right of representation.

Notwithstanding any of the foregoing, any share for a beneficiary who has not attained the age of thirty (30) shall be distributed to Trustee and administered and distributed as a separate trust pursuant to this paragraph.

(e) If the Trustee determines that it is no longer cost-effective to administer a trust for the benefit of any of the descendants of James Allenbach because of its size, the remaining balance may be paid directly to the beneficiary or to a custodian (designated by the

7

Trustee) to be administered and distributed pursuant to the Uniform Transfers to Minors Act, at the discretion of the Trustee.

9. **Annual Accounting**

The Trustee shall submit an annual accounting of the Trust to Beneficiary during his lifetime or to his guardian if one should ever be appointed, and to the income beneficiaries or their guardians following their death. The accounting shall include a summary of all transactions, assets, fees and investment activity, the annual rate of return earned on trust assets during the prior accounting year, and trustee, investment and professional fees charged. A copy of the annual accounting shall also be sent to Sharon Allenbach if she is not serving as Co-Trustee but is still married to Beneficiary at that time. References herein to the parties being married as used in this Trust shall not apply to the situation where they are separated with no intention of resuming their marital relationship.

10. **Trustees**

a. The initial Co-Trustees shall be SHARON ALLENBACH and BRENT ALLENBACH. If SHARON ALLENBACH becomes unable or unwilling to serve, BRENT ALLENBACH may serve as sole Trustee. In no event shall SHARON ALLENBACH serve as sole Trustee. If SHARON ALLENBACH and Beneficiary are no longer married, she shall resign as Co-Trustee unless Beneficiary consents in writing to her continued service as Co-Trustee. The last serving Trustee or Co-Trustees, or if they are both incapacitated or deceased, then Beneficiary, may appoint a successor Trustee so long as it is a professional fiduciary or corporate trustee and provided further that if Beneficiary is living and not incapacitated, he consents to the same in writing. A non-professional Co-Trustee who is a relative of Beneficiary (other than a spouse) may also be appointed in the manner provided above so long as such Co-Trustee serves with BRENT ALLENBACH or a professional or corporate trustee. Any interested party may petition the Court to remove a Trustee for cause or to require an increased bond. After the death

of James Allenbach, references herein to Beneficiary shall refer to the then income beneficiary of the trust.

    b.    No successor Trustee shall be obligated to examine the accounts, records, and acts of the previous Trustee or Trustees, or any allocation of the Trust estate, nor shall such successor Trustee in any way or manner be responsible for any act or omission to act on the part of any previous Trustee. Any claim or action against any previous Trustee must in any event be filed by the Beneficiary.

    c.    Co-Trustees or any single Trustee shall be paid a fee equal to one percent (1%) of the principal of the Trust assets or such other method of compensation as may be reasonable in light of the trust assets and their services. If two Co-Trustees are serving, they may agree on the method of apportioning such fee between them. Any professional trustee may receive compensation for services as Trustee, in accordance with the Trustee's schedule of fees, applying to trust accounts of this kind at the time such services are rendered. A trustee may waive such fee in its discretion.

**11.    Administrative Powers/Duties.**

Except as otherwise provided herein, Trustee shall have responsibility for financial management of the Trust estate. The Trustee shall be required to post a bond in the face amount of not less than $500,000 within fourteen days of signing this Trust. . Except as provided herein, the Trustee shall have all rights, powers and duties given under the laws of the State of Washington. In addition, the Trustee shall have full power and authority:

    a.    **Power to Retain, Sell, Exchange or Repair**: To hold any property that the Trustee receives or acquires under the trust, for as long as Trustee deems it advisable; to manage, control, sell, lease, convey, exchange, improve or repair Trust property, as the Trustee deems it advisable;

    b.    **Determination of Principal and Income**: To determine what is principal or income and what charges are allocable to either, which authority shall specifically

include the right to make any adjustments between principal and income for premiums, discounts, depreciation or depletion; in making such determination the Trustee may, but shall not be required to, apply the Washington Principal and Income Act;

      c.    **Contractual Services**:  To employ agents, depositories, investment advisors, bookkeepers, attorneys or other persons as in the Trustee's judgment are reasonably necessary for the management and protection of the trust or for the maintenance and protection of the trust or for the maintenance of proper accounts or records of the trust.  Compensation for such services shall be charged against the principal or income of the trust, or both, in such proportions as the Trustee shall determine to be proper;

      d.    **Investment Powers**:  To invest and reinvest the Trust assets as the Trustee shall determine to be prudent under circumstances then prevailing but without being limited in the character of investments by any statutory or other governmental limitation on the investment of trust funds;

      e.    **Payment of Taxes**:  To make estimated tax payments from the trust for income tax generated by assets of the trust;

      f.    **Power to Insure**:  To purchase at Trust expense, insurance of such kinds and in such amounts as the Trustee deems advisable to protect the trust estate and the Trustee against any hazard and to exercise all rights of ownership and control contained in the policies;

      g.    **Power to Litigate and Compromise Claims**:  To commence or defend such litigation with respect to the trust or any property of the trust estate as the Trustee may deem advisable, at the expense of the trust and to compromise or otherwise adjust any claims or litigation against or in favor of the trust;

      h.    **Tax Planning Power**:  The power, subject to prior court approval, to implement an estate plan to minimize the impact of estate and income taxes on the trust

estate, provided that any plan shall be consistent with the primary purposes of this Trust, to provide for the needs and welfare of the Beneficiary during her lifetime;

      i.    **Distribution of Assets**:  If the Trust is terminated by the death of a beneficiary, the Trustee may distribute assets in kind, including undivided interests, to the remainder beneficiaries (or where applicable to trusts established for their benefit) and may do so without regard to the income tax basis of specific property allocated to any residue beneficiary;

      j.    **Compliance with Court Orders.**  In addition to complying with the terms of this Trust, the Trustee shall be subject to and comply with all court orders entered by the Court having jurisdiction over this Trust, regarding the administration of the Trust.

**12.    Law Governing Trusts**

The situs of this Trust shall be in the State of Washington and all questions pertaining to the administration of this Trust or the construction or validity of this Trust shall be governed by the laws of the State of Washington. The King County Superior Court shall have jurisdiction over this Trust.

GRANTOR:

_____  Date: 6-15-06
JAMES ALLENBACH

CO-TRUSTEE:

_____  Date: 6-15-06
SHARON ALLENBACH

CO-TRUSTEE:

_____  Date: 6-15-06
BRENT ALLENBACH

11

APPROVED BY:

LITIGATION GUARDIAN AD LITEM:

_____    Date: 6/15/06
ANDREW BENJAMIN