1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

The Honorable Ricardo S. Martinez

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KENNETH FLEMING, JOHN DOE, R.K., and T.D.,

                Plaintiffs,

      v.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDS, a Utah corporation,

                Defendants.

NO. 04-2338 RSM

DEFENDANTS' MOTION FOR LEAVE TO TAKE DEPOSITIONS AFTER DISCOVERY CUTOFF

NOTE ON MOTION CALENDAR:
Friday, July 14, 2006

## I.    INTRODUCTION

Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints ("COP") moves for leave to take five substantive depositions and four records depositions. If permitted to take the depositions, defense counsel represents that no deposition will exceed two hours. Since records depositions often do not occur – the documents are simply produced with an affidavit authenticating them – COP expects the depositions would take less than a day and a half.

DEFENDANTS' MOTION FOR LEAVE TO TAKE
DEPOSITIONS AFTER DISCOVERY CUTOFF - 1
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

A week prior to the October 31, 2005 discovery cutoff, all counsel (plaintiff's counsel and former defense counsel) commenced a three-week jury trial involving sexual abuse allegations against COP.[1]  This conflict greatly impacted discovery in this case, and plaintiff's counsel and former defense counsel agreed to take depositions after the discovery cutoff.  The parties have taken eight depositions since the discovery cutoff and COP will not object to plaintiff taking additional depositions they previously requested.  Plaintiff does not appear to object to these depositions because of any philosophical adherence to the discovery cutoff – after all, plaintiff has already taken five depositions after the cutoff – but solely because defense counsel did not specifically identify these depositions as among those that COP wanted to take after the cutoff.

The question thus presented is whether discovery depositions of important fact witnesses should be allowed where both parties have taken depositions after the discovery cutoff, and where no prejudice to the plaintiff will result.   Allowing the depositions will be in the interest of both the parties and the Court as it will allow the more efficient presentation of evidence at trial. The witnesses are local residents who can be compelled by subpoena to attend trial, and obtaining their testimony first will save court time by winnowing their trial testimony and potentially eliminating some of them as trial witnesses.

Counsel have conferred on this matter and plaintiff's counsel has refused to allow the depositions to proceed.  Declaration of Charles C. Gordon, ¶¶ 2, 3.

---

[1] The discovery cutoff was established when the case was originally set for trial in March 2006.  When the trial date was continued, the discovery cutoff was not changed.

DEFENDANTS' MOTION FOR LEAVE TO TAKE
DEPOSITIONS AFTER DISCOVERY CUTOFF - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## II.    FACTS

**A.    Procedural Background.**

The complaint in this matter was filed in November 2004. Two individuals were named as plaintiffs, but the sole remaining plaintiff, Robert Kelly, was not among them. By leave of court, plaintiffs filed an amended complaint was filed on March 29, 2005, which added two more plaintiffs, including Mr. Kelly. The addition of the new plaintiffs did not result in a change in the scheduling order, which had previously established a discovery deadline seven months hence, October 31, 2005, with a trial date of March 6, 2006.

**B.    The Parties Cooperated to Allow Each Other to Conduct Depositions After the Discovery Cutoff.**

The parties, by agreement, have engaged in extensive deposition discovery after the October 31, 2005 discovery cutoff. Eight depositions have been taken since the cutoff, five by plaintiff and three by defendant. Declaration of Marcus Nash, ¶ 3.

The informal extension of discovery occurred because the parties could not complete discovery within the allotted time. When the complaint was amended, seven months remained to conclude discovery as to the original plaintiffs and to conduct all discovery as to the new plaintiffs. Although the plaintiffs were joined because they experienced abuse by the same person, Jack LoHolt, each plaintiff's claim, especially damages, was different.

Significantly, plaintiffs' counsel and former defense counsel commenced a separate trial in King County Superior Court, *Doe v. COP*, on October 24, 2005—a week before the discovery cutoff in this matter. Hence, counsel were engaged in preparing, and then trying, another sexual abuse case at the time they would normally have been wrapping up discovery and filing dispositive motions in this matter. As *plaintiff's* counsel wrote in a November 30, 2005 letter, "I

DEFENDANTS' MOTION FOR LEAVE TO TAKE
DEPOSITIONS AFTER DISCOVERY CUTOFF - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

acknowledge the unique circumstances in this case, namely that all lawyers involved were trying

a four week jury trial together at a time when, under the federal court's trial schedule, discovery

should have been completed and motions should have been drafted and filed." Nash Declaration,

Ex. H.

Former counsel for COP, Mr. Nash, states that counsel for the parties "agreed to

cooperate and extend the discovery date informally and work cooperatively to schedule

depositions." Nash Decl., ¶ 3.  The progress of discovery, and the efforts of counsel to

cooperate and extend discovery, are reflected in the following correspondence.

- July 7, 2005: This letter from former defense counsel notes we have "not received a signed release from Robert Kelly regarding the Group Health medical records." Nash Decl., Ex. A.  Defense counsel subsequently obtained the release and the records, but the letter is revealing. Due to the addition of plaintiffs without a concurrent extension of the discovery cutoff, four months before the discovery cutoff the defendant was awaiting a medical release, the most elementary component of discovery in a personal injury case.

- September 2, 2005:  This letter from former defense counsel responds to plaintiff's counsel's request to take *twenty one* depositions in the time between the date of the letter and the *Doe* trial on October 24.  The letter states "[w]e are very willing to make reasonable accommodation of your delayed effort to take discovery depositions . . . ." Nash Decl., Ex. B.

- September 27, 2005:  Plaintiff's counsel states: "I am willing to work with you and extend the discovery cutoff to the extent your client is mutually willing to extend the discovery cutoff so that both parties are allowed to engage in meaningful discovery they need to assess and try their case."  Nash Decl., Ex. C.

- September 30, 2005:  Mr. Nash declines an open-ended discovery extension, but states that "we are, however, willing to work cooperatively in facilitating the depositions of the following individuals even after the discovery cutoff date of October 31, 2005 . . . ."  Nash Decl., Ex. D.

- October 3, 2005:  Plaintiff's counsel writes, "both sides agree that discovery in this case has been complicated by the fact that all lawyers involved in this case will also be trying a different case in King County Superior Court in October. Accordingly, we will continue to cooperate with you, . . . ." Nash Decl., Ex. E.

DEFENDANTS' MOTION FOR LEAVE TO TAKE
DEPOSITIONS AFTER DISCOVERY CUTOFF - 4
No. 04-2338 RSM

- November 4, 2005: This letter from plaintiff's counsel addresses scheduling of post-cutoff depositions requested by plaintiff. Nash Decl., Ex. G.

- November 30, 2005: Plaintiff's counsel notes that the *Doe* trial created "unique circumstances in this case" and proposes a revised schedule for filing dispositive motions, extending the mediation deadline and delaying the date on which plaintiff must file his pretrial statement. Nash Decl., Ex. H.

- December 22, 2005: Plaintiff's counsel agrees to allow defense counsel to take the deposition of a witness, even though defense counsel had not specifically advised plaintiff's counsel of the desire to take this deposition prior to the discovery cutoff. Nash Decl., Ex. I.

In sum, within the bounds of vigorous defense of their respective clients, counsel worked cooperatively under what plaintiff's counsel conceded were "unique circumstances." Although there was not a blanket extension of the discovery cutoff, COP believes that the totality of the circumstances merit the Court exercising its discretion to allow additional depositions.

## C.    The Requested Depositions Will Take Minimal Time, But Potentially Make Trial More Efficient.

All of the witnesses that are the subject of this motion reside in the area and thus can be served with trial subpoenas. Some of these witnesses will offer significant testimony; others may not be necessary at all.

The witnesses that COP wishes to depose fall into three categories. First, COP wishes to depose three psychologists that treated plaintiff for anger management: Souhir Ben Hamida, Ph.D., Keith Waterland, M.S.W., and Warland Wight, Ph.D. As to Ms. Hamida, her report notes that plaintiff "denied any individual history of psychological" problems. COP seeks to inquire into her interview and evaluation of plaintiff, as both bear on plaintiff's damages. Messrs. Waterland and Wight both work for Anger Control Treatment & Therapies (ACT&T) and participated in evaluating or treating plaintiff. Significantly, reports produced by plaintiff and

DEFENDANTS' MOTION FOR LEAVE TO TAKE
DEPOSITIONS AFTER DISCOVERY CUTOFF - 5
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

apparently authored by Mssrs. Waterland and Wight reflect that plaintiff told them: (1) the sexual abuse at issue in this suit occurred when plaintiff was six, which would have preceded COP's knowledge that LoHolt had engaged in any sexually inappropriate conduct; and, (2) that plaintiff's father had an explosive anger and on one occasion beat plaintiff with a golf club – a fact which, if believed by the jury, casts doubt both on the cause of plaintiff's damages as well as his credibility, given that he denied the golf club incident in his deposition. By the depositions, COP seeks to confirm that plaintiff made these statements, which go to the heart of plaintiff's case. Mr. Waterland operates ACT&T and may not have actually interviewed plaintiff. He thus may not be needed as a witness; however, that cannot be determined without a deposition.

Second, COP wishes to take the deposition of two of plaintiff's family members, his father and his younger brother. Both were witnesses to the events contemporaneous with the abuse experienced by plaintiff.

Third, COP wishes to take records depositions of the Kent School District and Rainier Christian School (formerly known as St. James School). Plaintiff has testified that the last act of abuse occurred prior to the time he switched from the Kent School District to private school. Thus, these records may provide evidence regarding when LoHolt abused plaintiff, which is critical given that the key factual dispute is whether LoHolt's actions preceded or followed any report to a church Bishop of LoHolt's abuse of another child. Hence, these records depositions may provide evidence on this key factual dispute. COP also wishes to obtain records from Pacific Lutheran University (both student and employment records) and Federal Way Public Schools (employment records). Despite high academic achievement – plaintiff has a Master's

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

degree – plaintiff will argue at trial that the abuse has caused him underachievement in his

professional life. The requested records relate to this component of damages.

Defense counsel will take no more than two hours per deposition, and the records

depositions may not occur at all if, as frequently happens, the deponent produces the documents

with an affidavit authenticating the records. Thus, COP anticipates that, subject to witness

availability, the depositions can be conducted on a single day and the following morning. Apart

from the fact that plaintiff simply does not want COP to take these depositions, COP is not aware

of any prejudice to plaintiff if the Court grants this motion.

### III.    ARGUMENT

**A.    This Court Should Exercise its Discretion to Permit the Additional Depositions.**

This motion is filed under Federal Rule 16(b) and Local Rule 16(n). Fed. R. Civ. P.

16(b) ("A schedule shall not be modified except upon a showing of good cause"); L.R. 16(n)(2)

("The court may, by order in a specific case modify or forego any of the procedures or

deadlines"). "[A] district court has very wide discretion in handling discovery . . . ." *Phil

Crowley Steel Corp. v. Macomber, Inc.*, 601 F.2d 342, 344 (8th Cir. 1979)

COP has demonstrated several reasons why this Court should exercise its discretion to to

allow the depositions to proceed. First, plaintiff's counsel have conceded the "unique

circumstances" of the *Doe* case going to trial the week before the discovery cutoff in this case.

Because of this, the parties could not conclude discovery and, as a result, eight depositions have

been taken after the discovery cutoff. Plaintiff has already taken five post-cutoff depositions,

and COP intends to honor its prior commitments to plaintiff's counsel to allow still more

depositions to be taken.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Second, COP will be able to procure the attendance of the potential deponents at trial. Undersigned counsel believe all the witnesses reside locally and can be served with Rule 45 trial subpoenas. Thus, evidence that may be adduced in the depositions is going to be admitted into evidence at trial. It will be more efficient for counsel and the court if they know in advance which witnesses have relevant knowledge; the court's time need not be taken up with witnesses whose testimony is unnecessary.

Third, the current status of the case is quite different now than it was last October. Then, there were four plaintiffs, three of whom had experienced more abuse than plaintiff Kelly. A greater focus was placed on these plaintiffs, and in subsequent months the parties settled the claims of these plaintiffs. Now, the case is much narrower and it is appropriate to complete discovery on issues that simply could not be fully explored last Fall when the parties were simultaneously trying to prepare for *Doe* and do discovery in this case. Furthermore, COP notes that substantial time and effort went into two summary judgment motions – one on statute of limitations and one challenging the duty to plaintiff. The parties understood that if the Court granted either motion, no further discovery would have been required.

Fourth, the subject matter of these depositions is at the heart of the case. The evidence sought is not peripheral, and these are not fishing expeditions. For example, assuming the counselors confirm that which is stated in their written reports, at least one of them will testify that plaintiff – at a time when he had no reason to shade his recollection – stated he was abused at age six, which age would have been prior to the time any church Bishop received a report of LoHolt's abuse. The records deposition of plaintiff's elementary schools goes to the same issue,

DEFENDANTS' MOTION FOR LEAVE TO TAKE
DEPOSITIONS AFTER DISCOVERY CUTOFF - 8
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

that is, the timing of the abuse of plaintiff relative to the report to the church Bishop. The relevance of the employment records is obvious.

COP does not contend counsel had an open-ended agreement to allow any and all depositions after the October 31 cutoff. However, aside from the depositions that are the subject of this motion, a dozen post-cutoff depositions have been and will be taken. Given the totality of the circumstances, good cause exists to allow COP to take the depositions at issue.

## IV.    CONCLUSION

For the reasons stated above, COP respectfully requests that it be permitted to take the depositions of Souhir Ben Hamida, Ph.D., Keith Waterland, M.S.W., Warland Wight, Ph.D, Jerry Kelly (plaintiff's father), and Thomas Kelly (plaintiff's brother), as well as records depositions of Kent School District, Rainier Christian School, Federal Way Public Schools and Pacific Lutheran University.


DATED this 29th day of June, 2006.

**GORDON MURRAY TILDEN** LLP


By _____
        Charles C. Gordon, WSBA #1773
        Jeffrey I. Tilden, WSBA #12219
        Attorneys for Defendant The Corporation of the
        President of the Church of Jesus Christ of
        Latter-Day Saints

        1001 Fourth Avenue, Suite 4000
        Seattle, WA  98154-1007
        Telephone:  (206) 467-6477
        Facsimile:  (206) 467-6292
        Email:  cgordon@gmtlaw.com

DEFENDANTS' MOTION FOR LEAVE TO TAKE
DEPOSITIONS AFTER DISCOVERY CUTOFF - 9
No. 04-2338 RSM

**GORDON MURRAY TILDEN** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. The parties will additionally be served in the manner indicated.

| | |
|---|---|
| Michael T. Pfau<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim LLP<br>P.O. Box 1157<br>Tacoma, WA 98401-1157<br>Telephone:   (206) 676-7500<br>Facsimile:   (206) 676-7575<br>E-Mail:   mpfau@gth-law.com<br><br>( ) Mail   ( ) Hand Delivery<br>( ) Fax   ( ) Federal Express | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff, P.C.<br>600 University Street, Suite 2101<br>Seattle, WA 98101<br>Telephone:   (206) 676-7610<br>Facsimile:   (425) 837-9692<br>E-Mail:   timkosnoff@comcast.net<br><br>( ) Mail   ( ) Hand Delivery<br>( ) Fax   ( ) Federal Express |

## GORDON MURRAY TILDEN LLP

By _____

Charles C. Gordon
Jeffrey I. Tilden, WSBA #12219
Gordon Murray Tilden LLP
Attorneys for Defendant The Corporation of the
President of the Church of Jesus Christ of
Latter-Day Saints
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: cgordon@gmtlaw.com

DEFENDANTS' MOTION FOR LEAVE TO TAKE
DEPOSITIONS AFTER DISCOVERY CUTOFF - 10
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KENNETH FLEMING, JOHN DOE, R.K., and
T.D.,

                Plaintiffs,

     v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole, a/d/a "MORMON CHURCH"; LDS
SOCIAL SERVICES a/d/a LDS, a Utah
corporation,

                Defendants.

NO.  04-2338 RSM

[PROPOSED] ORDER GRANTING
DEFENDANTS' MOTION FOR
LEAVE TO TAKE DEPOSITIONS
AFTER DISCOVERY CUTOFF

THIS MATTER was brought before the Court upon the Defendants' Motion for Leave to

Take Depositions after Discovery Cutoff.  The Court has considered the motion, plaintiff's

opposition and defendant's reply.

Based upon the foregoing, it is hereby

ORDERED, ADJUDGED AND DECREED that the motion is GRANTED.  Defendant is

granted leave to take the depositions of Souhir Ben Hamida, Ph.D., Keith Waterland, M.S.W.,

Warland Wight, Ph.D, Jerry Kelly (plaintiff's father), and Thomas Kelly (plaintiff's brother), as

ORDER - 1
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

well as records depositions of Kent School District, Rainier Christian School, Federal Way

Public Schools and Pacific Lutheran University..

DATED this _____ day of June, 2006.


_____
THE HONORABLE RICARDO S. MARTINEZ

Presented by:

**GORDON MURRAY TILDEN LLP**

By _____
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Attorneys for Defendant

ORDER - 2
No. 04-2338 RSM

1
2
3
4
5
6

## CERTIFICATE OF SERVICE

7
8       I hereby certify that on June 29, 2006, I electronically filed the foregoing with the Clerk
9   of the Court using the CM/ECF system which will send notification of such filing to the
10  following. The parties will additionally be served in the manner indicated.
11

| | |
|---|---|
| Michael T. Pfau | Timothy D. Kosnoff |
| Gordon, Thomas, Honeywell, Malanca, | Law Offices of Timothy D. Kosnoff, P.C. |
| Peterson & Daheim LLP | 600 University Street, Suite 2101 |
| P.O. Box 1157 | Seattle, WA 98154-1007 |
| Tacoma, WA 98401-1157 | Telephone:      (206) 676-7610 |
| Telephone:      (206) 676-7500 | Facsimile:      (425) 837-9692 |
| Facsimile:      (206) 676-7575 | E-Mail:          timkosnoff@comcast.net |
| E-Mail:          mpfau@gth-law.com | |
| | ( ) Mail      ( ) Hand Delivery |
| ( ) Mail      ( ) Hand Delivery | ( ) Fax      ( ) Federal Express |
| ( ) Fax      ( ) Federal Express | |

24
25                        **GORDON MURRAY TILDEN LLP**
26
27
28
29       By _____
30                    Charles C. Gordon, WSBA #1773
31                    Attorneys for Defendant The Corporation of the
32                    President of the Church of Jesus Christ of
33                    Latter-Day Saints
34                    1001 Fourth Avenue, Suite 4000
35                    Seattle, WA  98154-1007
36                    Telephone:  (206) 467-6477
37                    Facsimile:  (206) 467-6292
38                    Email:  cgordon@gmtlaw.com
39
40
41
42
43
44
45

ORDER - 3
No. 04-2338 RSM