Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

KENNETH FLEMING, JOHN DOE, R.K. and T.D.

Plaintiff,

v.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/k/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/k/a LDS FAMILY SERVICES, a Utah corporation

Defendant.

NO. 04-2338 RSM

DECLARATION OF MARCUS B. NASH

I, MARCUS B. NASH, was one of the attorneys of record for defendants in the above-captioned matter, and I make this declaration on personal knowledge and belief.

1. Thomas Frey and I were retained as counsel for defendant The Corporation of the President of the Church of Jesus Christ of Latter-day Saints ("COP") on September 22, 2003, at the inception of this litigation and continued as such until April 13, 2006.

---

DECLARATION OF MARCUS B. NASH - 1
04-2338 RSM
7568-025226 98262

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100

Dockets.Justia.com

1  2.  Attached hereto are true and correct copies of correspondence to and
2  from opposing counsel or staff, addressing the ongoing deposition discovery in this
3  matter, to wit:
4      a. Exhibit A is a true and correct copy of correspondence dated July 7,
5         2005;
6      b. Exhibit B is a true and correct copy of correspondence dated
7         September 2, 2005;
8      c. Exhibit C is a true and correct copy of correspondence dated
9         September 27, 2005;
10     d. Exhibit D is a true and correct copy of correspondence dated
11        September 30, 2005;
12     e. Exhibit E is a true and correct copy of correspondence dated October
13        3, 2005;
14     f. Exhibit F is a true and correct copy of correspondence dated October
15        7, 2005;
16     g. Exhibit G is a true and correct copy of correspondence dated
17        November 4, 2005;
18     h. Exhibit H is a true and correct copy of correspondence dated
19        November 30, 2005; and,
20     i. Exhibit I is a true and correct copy of correspondence dated December
21        22, 2005.
22  3.  The initial discovery cutoff date in this matter was October 31, 2005.
23  Plaintiffs' counsel delayed deposition discovery until shortly before the original court-

DECLARATION OF MARCUS B. NASH - 2
04-2338 RSM
7598-025228 98252

STAFFORD FREY COOPER
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100

1  mandated cutoff date.  In an effort to cooperate with plaintiffs' counsel, we agreed to
2  cooperate and extend the discovery date informally and work cooperatively to schedule
3  depositions, as can be seen by the attached correspondence from counsel for both
4  offices.  The parties took eight depositions after the discovery cutoff – plaintiff took five
5  depositions and COP took three depositions.
6      4.    While specific names and dates are mentioned through the attached
7  correspondence, it was very common through the course of discussing and scheduling
8  discovery, for deposition dates to change (repeatedly), as well as for new names to be
9  added or taken away from the list of individuals to be deposed.
10     5.    At no time did either counsel indicate that the professional cooperation
11 between the offices would cease.   To the contrary, the longstanding practice and
12 conduct by both counsel through the course of the deposition discovery of this case has
13 consistently been to cooperate with counsel so long as either side was not prejudiced.
14     6.    Trial in this case is set for October 2, 2006; given the history of reasonable
15 accommodation and cooperation in the deposition discovery in this case, it would be
16 disingenuous for plaintiff counsel (or defense counsel, for that matter) to arbitrarily and
17 unilaterally bar additional deposition discovery in the absence of a showing of prejudice.
18     I certify, under the laws of the State of Washington and of the United States, that
19 the foregoing is true and correct.
20 Signed at ~~Seattle, Washington~~ Salt Lake City, UT, this 29th day of June, 2006.

21
22                                              _____
23                                              MARCUS B. NASH, WSBA #14471

DECLARATION OF MARCUS B. NASH - 3
04-2338 RSM
7588-025228 99263

**STAFFORD FREY COOPER**
PROFESSIONAL CORPORATION
601 Union Street, Suite 3100

# STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100   Seattle WA 98101.1374   TEL 206.623.9900   FAX 206.624.6885

July 7, 2005

**Via Facsimile (206) 676-7575**

Michael T. Pfau
Gordon Thomas Honeywell Malanca Peterson & Daheim
600 University Street, Suite 2100
Seattle, WA 98101-4185

    Re: <u>Fleming, et al. v. Corporation of The President of The Church of Jesus Christ of Latter-day Saints</u>
         Our File No.: 7566/25226

Dear Mike:

    As you are aware, we are preparing to take the depositions of the plaintiffs in the above-referenced matter. In order to be properly prepared for those depositions, it is necessary that we have plaintiffs' medical and counseling records. As you and I discussed today, we have yet to receive a signed release from Todd Denny, which release was sent to your office on June 29, 2005, for the Multi-care medical records. We likewise have not received a signed release from Robert Kelly regarding the Group Health medical records, which release was sent to you on June 22, 2005.

    Per our discussion, I understand that you are not available to cover the July depositions on the dates noted, and that you will check with Tim Kosnoff upon his return from vacation next Monday to see if he is available to cover the depositions noted for July 20 and 26. We agreed to follow up on these issues early next week.

    With the quickly approaching deposition dates as noted, it is important that your clients cooperate in production of their medical records. Thank you for following up with your paralegal. Please advise if you are unable to provide the signed releases by Tuesday, July 12.

    Please do not hesitate to give me a call if you have any questions or concerns.

                            Very truly yours,

                            STAFFORD FREY COOPER

                            Marcus B. Nash
                            Attorney at Law

MBN:ams

                        Exhibit A Page 4

U:\CLIENTS\7566\25226\LTR PFAU 15.DOC

Marcus B. Nash   DIR 206.667.8241   DIR FAX 206.748.9032   mnash@staffordfrey.com   www.staffordfrey.com

# STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100  Seattle WA 98101.1374  TEL 206.623.9900  FAX 206.624.6885

September 2, 2005

**Via Fax & First Class Mail**

Steven T. Reich, Esq.
Gordon Thomas Honeywell Malanca Peterson & Daheim
600 University Street, Suite 2100
Seattle, WA 98101-4185

Re: <u>Fleming, et al. v. Corporation of the President of
The Church of Jesus Christ of Latter-day Saints, et al.</u>

Dear Mr. Reich:

In follow-up to our telephone conversation of this date, we have the following dates available for depositions:

September 6, 8, 9, 12, 16, 21, 22, 23, 26, 27 and 28
October 7, 13 and 14

This case was filed October 25, 2004, removed to federal court on November 18, 2004, and the Order Re Initial Disclosures, Joint Status Report and Early Settlement was issued December 14, 2004. In the interim, the plaintiffs have taken one deposition and have waited until August 30, 2005 to provide defendants with a list of approximately 21 witnesses they wish to depose prior to the discovery cutoff of October 31, 2005. As you know, Messrs. Pfau and Kosnoff will be participating with us in a trial beginning October 24 and which will likely last approximately three weeks.

We are very willing to make reasonable accommodation of your delayed effort to take discovery depositions and have agreed to make those individuals who reside in Utah and who you have identified as serving as bishops available for deposition in Utah without subpoenas, subject of course to their own availability. We will await the notices of deposition for the above-identified dates.

Please do not hesitate to give us a call should you have any questions or wish to discuss scheduling issues.

Very truly yours,

Marcus B. Nash
Thomas D. Frey

Exhibit B Page 5

Steven D. Reich
September 2, 2005
Page 2

cc:   Michael T. Pfau (via fax)
       Timothy D. Kosnoff (via fax)

Exhibit B Page 6

U:\CLIENTS\7566\25226\LTR REICH 02.DOC

LAW OFFICES
# GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

SEATTLE OFFICE
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500
FACSIMILE (206) 676-7575
REPLY TO SEATTLE OFFICE

TACOMA OFFICE
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500
FACSIMILE (253) 620-6565

Michael T. Pfau
Direct: (206) 676-7533
E-mail: mpfau@gth-law.com

September 27, 2005

*VIA HAND DELIVERY AND FACSIMILE*

Mr. Marcus B. Nash Esq.
Stafford Frey Cooper
601 Union Street, Ste 4400
Seattle, WA 98101-1374

RE:   *LoHolt, et.al. adv. Fleming, et.al.*

Dear Marcus:

I want to follow up on a number of conversations I have had with Tom Frey and also address a number of the outstanding issues regarding discovery.

We are awaiting dates from Dr. Conte and Dr. Greenberg for their depositions. When we have those dates secured, we will contact your office.

With regard to Bishop Pettit, it is my understanding that he is in Australia and that you are willing to present him for deposition when he returns to the United States in November or December of this year. We would like to take both a short discovery deposition and also videotape his trial testimony when he returns. Please provide some assurance that he will be returning or assurance that you will not object if we initiate the process of taking his deposition in Australia if he does not return by year's end.

With regard to your expert disclosures, you have disclosed Drs. Hegyvary, Dreiblatt and then provided a "rebuttal" disclosure of Dr. Frederick Weiss. None of those experts provided reports per the court's case schedule. You have requested that you be allowed to conduct DMEs and depositions of your experts after the discovery cutoff. Furthermore, Dr. Weiss is not truly a rebuttal expert, but is your defense medical examiner for two of our clients. That being said, I am willing to work with you and extend the discovery cutoff to the extent your client is mutually

[151346 v05.doc]                               Exhibit C Page 7

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

September 27, 2005
Page 2

willing to extend the discovery cutoff so that both parties are allowed to engage in meaningful discovery they need to assess and try their case. This would include Loholt's deposition, to the extent that we were unable to secure it before the discovery cutoff, and any secondary depositions we deem we need following the wave of depositions we have noted this month. I do not anticipate any secondary depositions, but I do not want to be foreclosed from this. I will also need to depose your experts. Please provide dates for the depositions.

Also, we intend to serve you with notice of a rebuttal witness in response to Dr. Dreiblatt's opinion. While I realize the rules allow us to list rebuttal witnesses at any time, the expert deposition may need to be conducted following the discovery cutoff.

I would like to discuss these global issues with you and obtain some agreement with regard to finishing discovery, given the fact that the Cavalieri case will be tried during the last week of October.

Very truly yours,

Michael T. Pfau

MTP:tg

Exhibit C Page 8

[151346 v05.doc]

---

# STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100   Seattle WA 98101.1374   TEL 206.623.9900   FAX 206.624.6885

September 30, 2005

*Via Fax & Mail*

Mr. Michael T. Pfau
Gordon Thomas Honeywell
600 University Street, Suite 2100
Seattle, WA 98101-4185

Re: *Fleming, et al. v. COP, et al.*

Dear Mike:

I am in receipt of your letter dated September 27, 2005, as well as your letter of September 26, 2005.

As we recently discussed, defendants are not willing to agree to an across-the-board extension of the discovery cutoff date. We are, however, willing to work cooperatively in facilitating the depositions of the following individuals even after the discovery cutoff date of October 31, 2005: Bishop Pettit and Doctors Greenberg, Conte, Hegyvary, Dreiblatt and Wise. We just learned that Bishop Pettit will return from Australia at the end of October, but have not yet confirmed what dates he will be available for deposition upon his return. We surmise that he will be available for deposition either at the end of October (an inopportune time, given that we will be in trial), or as soon after the Cavalieri trial as possible.

As explained, the reason why Doctors Hegyvary and Wise did not provide reports is because Doctors Greenberg and Conte had not yet completed their evaluations of at least some of the plaintiffs, which makes it impossible for them to complete their work. We will forward available deposition dates for our experts once they have had an opportunity to evaluate the plaintiffs and prepare their reports.

This will also confirm that you informed me that you intend to identify an expert witness to rebut Dr. Dreiblatt's opinions.

Please do not hesitate to give me a call if you have any questions or concerns or if this correspondence is unclear in any way.

Very truly yours,

*[signature]*

Marcus B. Nash

Exhibit D  Page 9

Marcus B. Nash  DIR 206.667.8241  DIR FAX 206.748.9032  mnash@staffordfrey.com  www.staffordfrey.com

LAW OFFICES
**GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP**

SEATTLE OFFICE
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500
FACSIMILE (206) 676-7575
REPLY TO SEATTLE OFFICE

TACOMA OFFICE
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500
FACSIMILE (253) 620-6565

RECEIVED OCT 6 2005 STAFFORD FREY COO

Michael T. Pfau
Direct: (206) 676-7533
E-mail: mpfau@gth-law.com

October 3, 2005

*VIA EMAIL AND FIRST CLASS MAIL*

Mr. Marcus B. Nash Esq.
Stafford Frey Cooper
601 Union Street, Ste 4400
Seattle, WA 98101-1374

RE: *LoHolt, et.al. adv. Fleming, et.al.*

Dear Marcus:

Thank you for your correspondence of September 30, 2005. This solves some, but not all of the discovery issues that I have raised in my previous conversations with you and letters to you.

First and foremost, thank you for confirmation that Bishop Pettit will return from Australia at the end of October and your willingness to make him available for deposition following the Cavalieri trial. In reliance on this confirmation, we will not move the court for resolution of this issue.

I also acknowledge your willingness to conduct expert discovery after the discovery cutoff date. The problem with this extension of discovery is it is only the defendant, not the plaintiffs, who benefits by extending the discovery cutoff.

I understand the defendant's position with regard to why you did not file expert opinions or reports. Indeed, I had a conversation with Tom Frey of your office about Dr. Hegyvary and indicated that we were willing to be flexible with regard to his opinion. I also acknowledge that Dr. Greenberg had not finished his examination of Jim Allenbach due to extenuating circumstances, i.e., the fact that Jim was extremely distraught and potentially suicidal on the day that Dr. Greenberg saw him. However, there is no valid reason why the defendants have failed

[151850 v05.doc]                           Exhibit E Page 10

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

October 3, 2005
Page 2

to adhere to the clear dictates of the federal rules with regard to the date and procedure for serving expert reports altogether. The rules do not contemplate that experts retained by the defendants are necessarily "rebuttal experts" whose opinions cannot be completed until after plaintiff's experts have performed all their work. That is an advantage the rule does not contemplate and which you impermissibly read into the rule. While it may assist your doctors in formulating their opinions to wait until the plaintiff's experts have issued reports, nothing barred you from setting up DMEs of our clients in a timely fashion and having them evaluated by your experts prior to the date the expert reports were due.

I have signaled a willingness, to both you and Mr. Frey, to cooperate in discovery and that is indeed my intent, but that cooperation cannot be one-sided. Toward that end, we will make our clients available to be evaluated by your doctors even though you have failed to provide expert reports by the date they were due and even though it does not allow us time to depose them within the discovery period. Likewise, I seek your cooperation and agreement in the areas I have stated, namely deposing Loholt after the discovery cutoff, if so necessary, and your willingness to allow any additional discovery that arises from the present depositions, within reason.

Both sides agree that discovery in this case has been complicated by the fact that all lawyers involved in this case will also be trying a different case in King County Superior Court in October. Accordingly, we will continue to cooperate with you, but intend to move to strike your expert opinions as untimely if the cooperation is not reciprocal.

Very truly yours,

Michael T. Pfau

MTP:tg
Cc:   Tim Kosnoff

[151850 v05.doc]

Exhibit E   Page 11

# STAFFORD FREY COOPER

PROFESSIONAL CORPORATION
601 Union Street, Suite 3100, Seattle, WA 98101-1374  TEL (206) 623-9900  FAX (206) 624-6885

October 7, 2005

Via U.S. Mail & Fax: (206) 676-7575

Michael T. Pfau
Gordon Thomas Honeywell Malanca Peterson & Daheim
600 University Street, Suite 2100
Seattle, WA 98101-4185

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
600 University Street, Suite 2100
Seattle, WA 98101-4185

    Re:    Fleming, et al. v. COP, et al.
            Our File: 7566-025226

Gentlemen:

    This letter will confirm our CR 37(a)(2)(A) conference relating to deposition discovery in this case. To date, we have been able to work cooperatively in completing the discovery that needs to be done. Following the deposition of Mr. Jensen, we met and agreed as follows: (1) that you will continue to attempt to schedule the deposition of Mr. LoHolt prior to the discovery deadline if possible; and (2) that you would give me a list of the witnesses you would like to depose after the discovery cut-off.

    You indicated that if we continue to cooperate in discovery, you would not move the Court for an order striking our expert witnesses. While I maintain that the parties have already agreed that COP may use their identified experts, I have nonetheless indicated to you that we do intend to continue to work cooperatively within reason, in the conduct of discovery in this case. However, I cautioned that we are not agreeable to a carte blanche extension of the discovery cut-off, and that any extension of discovery would have to be done on a witness-by-witness basis so that the decisions are made with some specificity as opposed to just a general discussion. Again, we wish to cooperate in the conduct of discovery in this case, but on a witness-specific basis. Thus, I ask that you give me a list of the witnesses, and I will do likewise.

    The list of post-deadline discovery to be completed within a reasonable amount of time may include: (1) selected fact witnesses to which we mutually agree; (2) depending on the circumstances, Jack LoHolt's deposition may need to be taken after the discovery cut-off, depending on how quickly his deposition can be arranged; (3) if necessary, depositions of Richard Pettit and Don Boren may be taken before or after discovery cut-off – assuming that we cannot find open dates prior to the Cavalieri trial;

Exhibit E Page 12

Marcus B. Nash  Dir Tel: (206) 667-8241  Dir Fax: (206) 748-9032  mnash@staffordfrey.com  www.staffordfrey.com
ADMITTED IN Washington

Michael T. Pfau
Timothy D. Kosnoff
Re: Fleming, et al. vs COP, et al.
October 7, 2005
Page 2

(4) in addition to those fact witnesses you have identified (which I ask be confirmed in writing), we hereby inform you that we intend to depose Arlene Land, Linda Herman, and Tony Asworth; and (5) we intend to depose your experts, including your rebuttal expert. If you will cooperate in calendaring the depositions of these individuals, our office will work with your office in arranging our respective schedules; otherwise, because of the impending deadline, we will be forced to simply note the depositions.

You stated your intent to move the Court to compel Bishop Borland to respond to certain questions regarding conversations which were asserted in his deposition to be privileged and/or confidential under both the First Amendment and the Priest-Penitent privilege statute. I suggested that you supply me with a list of questions which you wish to ask him, and frankly do not recall whether you agreed to supply the list or not. We disagreed as to the scope of the protection afforded by the Priest-Penitent privilege statue, as well as under the First Amendment for clergy-parishioner spiritual counseling in the religious context.

Lastly, given the recent spate of cancellations and re-schedulings of depositions, I suggest that your assistant, Johnnie, call Mary Ann and that a new, updated discovery schedule be provided so that each of us is aware of what discovery remains to be completed.

Please do not hesitate to give me a call or to reply in writing if you feel that my letter is inaccurate or incomplete in any way.

Very truly yours,

STAFFORD FREY COOPER

Marcus B. Nash
Attorney at Law

MBN/as
cc: Thomas D. Frey

Exhibit F Page 13

LAW OFFICES
# GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

SEATTLE OFFICE
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500
FACSIMILE (206) 676-7575
REPLY TO SEATTLE OFFICE

TACOMA OFFICE
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500
FACSIMILE (253) 620-6565

Steven T. Reich
Direct: (206) 676-7537
E-mail: sreich@gth-law.com

November 4, 2005

*Via Facsimile: 206.748.9025*
Mr. Michael Bolasina
Stafford Frey Cooper
601 Union Street, Ste 3100
Seattle, WA 98101-1374

RE: *LoHolt, et.al. adv. Fleming, et.al.*

Dear Bolasina:

This letter is in follow-up to our conversation today regarding the setting of depositions in this matter. It is my understanding that you have been authorized to handle the depositions of Fred Sodenkamp, Brian Nielsen and Richard Dilley. All other depositions are to be handled by either Tom Frey or Marcus Nash. To that end, we discussed the available dates over the next two weeks for taking the depositions of the three witnesses listed above. Currently our schedules both are open on November 9th, 11th, 16th, 17th and 18th.

My office will be working to schedule the depositions on those dates and will make every effort to schedule them on the same date if possible. Additionally, we have set a time to discuss the scheduling of the remainder of the depositions on Monday, November 7, 2005 at 10:00 a.m. At that time, you will have the calendars for Messrs. Nash and Frey available so that we may work out the remaining depositions in a coordinated manner. If you have any questions, please contact me.

Sincerely,

Steven T. Reich

Steven T. Reich

STR:cjw

cc: Michael T. Pfau, Timothy Kosnoff

[153682 v1.doc]

Exhibit G Page 14

LAW OFFICES
# GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

SEATTLE OFFICE
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500
FACSIMILE (206) 676-7575
REPLY TO SEATTLE OFFICE

TACOMA OFFICE
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500
FACSIMILE (253) 620-6565

Michael T. Pfau
Direct: (206) 676-7533
E-mail: mpfau@gth-law.com

November 30, 2005

*VIA FACSIMILE*

Tom Frey
Marcus Nash
Stafford Frey Cooper
601 Union Street, Suite 3100
Seattle, WA 98101

RE: Fleming v. LDS

Dear Tom and Marcus:

I feel compelled to outline my position regarding your request for a six week extension to file your dispositive motions in order to avoid being labeled the "grinch that stole Christmas" by Tom's grandchildren. I also offer an alternative resolution to extending the dealine.

While I realize the holidays are important to everyone, to extend the date by which you are allowed to file dispositive motions until mid January forces the plaintiffs to be responding to the dispositive motions at the same time we are obligated under the court rules to prepare our proposed pretrial statement. This is unfair, especially given the fact that the dispositive motions could have been drafted and completed by the deadline. There is no additional discovery that you need to bring these motions. Having said that, I acknowledge the unique circumstances in this case, namely that all lawyers involved were trying a four week jury trial together at a time when, under the federal court's trial schedule, discovery should have been completed and motions should have been drafted and filed. While I acknowledge Tom's statement that the plaintiffs started "late" with their discovery, we also advised counsel for the defense well in advance of the discovery cutoff of the majority of the discovery we wanted to take. Defense counsel advised us that due to the nature of the case their client wanted Tom and Marcus to be present at certain depositions. Accordingly, we accommodated you by agreeing to conduct some discovery after the Osborne trial.

[154578 v03.doc]

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

November 30, 2005
Page 2

We also agreed not to strike your expert witnesses, despite the fact the expert disclosures did not comply with the federal rules. Frankly, I think there is enough said on these issues as I believe the parties have worked well together in coordinating discovery in both the Osborne and the present case and I fully expect the same level of professionalism from you on all cases in the future.

Let me suggest the following proposal. Plaintiffs will stipulate to an extension of the date by which to mediate the case and plaintiffs will stipulate to the date proposed by defendants to file motions for summary judgment on the condition that the plaintiffs be allowed more time by which to serve defendants with our proposed pretrial statement. This allows us to meet the court's deadlines and alleviates our concerns that we will be preparing our pretrial disclosures at the same time we are responding to your summary judgment motions. While you will have less time to prepare your section of the pretrial order, in reality this work can be begun well in advance to receiving our proposed pretrial order.

As I understand you are going to file a motion and/or stipulation, I offer this as a method of accommodating plaintiffs' desires not to be squeezed in our trial preparation and allowing Tom to spend more time with his grandchildren during the holiday season rather than writing legal briefs.

Very truly yours,

Michael T. Pfau

MTP:tg

[154578 v03.doc]

Exhibit H Page 16

LAW OFFICES
# GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

SEATTLE OFFICE
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500
FACSIMILE (206) 676-7575
REPLY TO SEATTLE OFFICE

TACOMA OFFICE
1201 PACIFIC AVENUE, SUITE 2100
POST OFFICE BOX 1157
TACOMA, WASHINGTON 98401-1157
(253) 620-6500
FACSIMILE (253) 620-6565

Michael T. Pfau
Direct: (206) 676-7533
E-mail: mpfau@gth-law.com

December 22, 2005

*VIA FACSIMILE*

Marcus Nash
Stafford Frey Cooper
601 Union Street, Suite 3100
Seattle, WA 98101

    RE:    Fleming v. LDS

Dear Mr. Nash:

    The following is in response to your December 21, 2005 facsimile regarding ex parte contact with Mr. Dennison. We take dispute with whether you can engage in ex parte contact with Mr. Dennison. We believe this is highly inappropriate. The case law you cite all deals with situations where the defendant's liability is vicarious and based on the conduct of the treatment provider who is defendant's employee. A reading of our complaint demonstrates that our theory of liability against LDS Social Services does not arise from Mr. Dennison's interactions with Ken Fleming, rather it is based upon Mr. Loholt's being sent to LDS Social Services and no report of child abuse being made. Accordingly, the case law you cite is inapplicable.

    The Washington Supreme Court has held that ex parte interviews of treating physicians when the plaintiff has not waived the physician-patient privilege to be prohibited as a matter of public policy. *London v. Mhyre*, 110 Wn.2d 675, 677, 756 P.2d 138 (1988). The court held that ex parte contacts are improper in a personal injury case, even after the privilege has been waived. *Id.* The holdings in *Loudon* and similar cases appear to be part of a larger trend, restricting ex parte contacts with others in addition to physicians. 5A K. Tegland, Wash.Prac., *Privileges* § 501.61 (4th ed. 1999).

    You have continued the deposition of Mr. Dennison to January 3, 2006. It was our understanding that you intended to depose him, and we were considering whether you should be

[156319 v06.doc]

Exhibit I Page 17

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

December 22, 2005
Page 2

allowed to do that despite the fact he was not identified as one of the witnesses we agreed to depose outside of the discovery cutoff. Be advised, we do not object to your taking his deposition. However, we believe your contacting Mr. Fleming's treating physician is highly inappropriate, and an attempt to manipulate the patient/physician relationship. Furthermore, by insisting you are going to have the meeting next week with the Holidays upon us, you ensure that we cannot adequately brief and argue a motion for protective order before you engage in ex parte contact with him.

Please be advised that we object to any ex parte contact you have. We intend to move to strike any declaration as obtained in violation of the privilege and without our ability to conduct discovery. We will also move for sanctions as we deem these actions in bad faith to the extent you seek to use his testimony in this case under these circumstances.

Very truly yours,

Michael T. Pfau

MTP:tg

[156319 v06.doc]

Exhibit I Page 18