1         THE HONORABLE RICARDO S. MARTINEZ

2

3

4

5

6

7

8      UNITED STATES DISTRICT COURT

9      WESTERN DISTRICT OF WASHINGTON

         AT SEATTLE

10

11 | KENNETH FLEMING, JOHN DOE, R.K. and T.D., | NO. 04-2338 RSM

12 |      Plaintiffs, | PLAINTIFF R.K.'S OPPOSITION TO DEFENDANT'S MOTION TO TAKE DEPOSITIONS AFTER DISCOVERY CUTOFF

13 | vs. |

14 | THE CORPORATION OF THE PRESIDENT |

15 | OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation | HEARING DATE: July 14, 2006

16 | sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDS, a Utah |

17 | corporation, |

18 |      Defendants. |

19

20

21   Plaintiff R.K. submits this opposition to Defendant Corporation of the President of the

22 Church of Jesus Christ of Latter-day Saints' ("defendant" or "COP") Motion for Leave to

23 Take Depositions After Discovery Cutoff.

24

25

26

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Dockets.Justia.com

## I.    INTRODUCTION

Plaintiff R.K. has been a party to this action since March 29, 2005. The trial date has been continued twice and is now set for October 2, 2006. Discovery cutoff in this case was October 31, 2005.

On October 24, 2005, plaintiff's current counsel and COP's former counsel commenced a four-week jury trial in the King County Superior Court.[1]    In late September/early October 2005, both parties acknowledged that the state court action would make completion of discovery in this case by the October 31 deadline difficult. Therefore, the parties agreed that the depositions of certain witnesses could occur after October 31, 2005. However, plaintiff specifically sought the ability to keep discovery open in the event additional depositions were later determined to be necessary. Defendant refused that request. Consequently, the agreement reached between the parties was that depositions of only those persons whose depositions had already been noted and five other specifically identified witnesses would occur after discovery cut-off. Now, in a complete about-face, and purely for strategic purposes, COP seeks to extend discovery to witnesses who were known to it at the time of the October 2005 agreement, but who were not delineated as potential deponents at that time. By doing so, COP seeks to refute the very condition it imposed on the limited discovery extension in the first place; namely that discovery would not be re-opened. COP should not be permitted to do so.

Furthermore, plaintiff will be prejudiced if discovery is re-opened at this late date. It is now two and one-half months until the trial of this matter. Between now and the time of trial, plaintiff's counsel (both Mike Pfau and Tim Kosnoff) will be involved in preparing for and trying a four-week trial in the King County Superior Court which is set for July 31, 2006.[2]

---

[1] *Doe v. Corporation of the President of the Church of Jesus Christ of Latter-day Saints, King County Superior Court Cause No. 02-2-04105-1 KNT (Judge Richard McDermott).*

[2] *P.C. v. Salvation Army, King County Superior Court Cause No.05-2-02400-3 (Judge Charles Mertel).*

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## II.   STATEMENT OF RELEVANT FACTS

**A. PROCEDURAL HISTORY.**

This action was filed in November 2004; plaintiff R.K. was added as a plaintiff in March 2005. The trial date has been continued twice and is now scheduled for October 2, 2006.[3]

On May 9, 2005, plaintiff R.K. responded to written discovery. In doing so, he identified his health care providers, including psychologists who had treated him in his lifetime,[4] and provided a delineation of his employment history.[5] R.K.'s psychological records were obtained in summer 2005.[6]

On January 6, 2006, COP filed two motions for summary judgment – one relating to the statute of limitations and a second, more "general" motion.[7] The motions were denied on March 6 and 21, 2006.[8] On May 15, 2006, Gordon, Murray, Tilden, substituted as counsel for COP.[9]

**B. COP'S KNOWLEDGE OF WITNESSES.**

Defendant seeks to take the depositions of witnesses who have been known to it since near the outset of this case. First, defendant seeks to take depositions of two of plaintiff R.K.'s family members. Second, defendant seeks to take the depositions of three psychologists / social workers associated with, employed by and/or whose records are contained within the medical records produced by Anger Control Treatment & Therapies (ACT&T) – Souhir Ben Hamida, Ph.D., Keith Waterland, M.S.W., and Warland Wight Ph.D.

---

[3] *See Court file herein.*

[4] ***Exhibit A** to Declaration of Michael T. Pfau (answer to Interrogatory No. 5), filed herewith*

[5] ***Exhibit A** to Declaration of Michael T. Pfau (answer to Interrogatory No. 6).*

[6] ***Exhibit B** to Declaration of Michael T. Pfau (Declarations of Records Custodian).*

[7] *See Court file herein.*

[8] *See Court file herein.*

[9] *See Court file herein.*

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Defendant's knowledge of the existence of potential witnesses associated with ACT&T is a result of, at least, two sources: First, plaintiff revealed that he had received treatment at ACT&T in his written discovery responses (served on May 9, 2005).[10]  Second, the records from ACT&T – upon which defendant heavily relies to support its bid for additional discovery – were obtained in the summer of 2005.[11]  With respect to the employment records, plaintiff's discovery responses included a description of plaintiff's employment history.[12] Consequently, despite having possession of the information necessary to request depositions and/or to subpoena records since mid-2005, defendant did not make any request to obtain the additional discovery until May 2006 – at the time its new counsel appeared in this case.  The same is true with respect to depositions of plaintiff R.K.'s family members and/or his school records.  That is, defendant could have requested those depositions and/or records at any point during the discovery phase but apparently chose not to do so.

## C. THE PARTIES' AGREEMENTS WITH REGARD TO CONTINUING DISCOVERY.

Throughout the pendency of the claim, the parties have worked cooperatively in completing discovery.[13]  An impediment to completion of discovery was the October 2005 trial of *Doe v. Corporation of the President of the Church of Jesus Christ of Latter-day Saints,* a case which involved plaintiff's current counsel and COP's formerly-retained counsel.  All counsel recognized that having a rapidly approaching multi-week trial presented a "unique circumstance," relating to the completion of discovery in this case.  Consequently, in late September/early October 2005, the parties mutually acknowledged the difficulty of completing discovery in this case while simultaneously preparing for and trying another

---

[10] *See, **Exhibit A** to Pfau Decl.*

[11] *See, **Exhibit B** to Pfau Decl.*

[12] *See, **Exhibit A** to Pfau Decl (Answer to Interrogatory No. 6.)*

[13] *Pfau Decl., ¶5.*

PLTFS' OPP. TO MTN TO TAKE DEPOSITIONS - 4 of 13
(04-2338RSM)
[166805 v8.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

complex matter. As a result of that "unique circumstance," the parties agreed that only certain discovery could occur after the discovery cutoff date of October 31.

In reaching the agreement, plaintiff sought an agreement to extend discovery until after completion of the *Doe v. COP* trial, if necessary.[14] However, in making that request, plaintiff's counsel specifically advised that additional depositions might not be needed:

> . . . I am willing to work with you and extend the discovery cutoff to the extent your client is mutually willing to extend the discovery cutoff so that both parties are allowed to engage in meaningful discovery they need to assess and try their case. This would include Loholt's deposition, to the extent that we were unable to secure it before the discovery cutoff, and any secondary depositions we deem we need following the wave of depositions we have noted for this month. I do not anticipate any secondary depositions, but I do not want to be foreclosed from this.[15]

Unfortunately, defense counsel declined this request stating, in pertinent part:

> . . . defendants are not willing to agree to an across-the-board extension of the discovery cutoff. date. We are, however, willing to work cooperatively in facilitating the depositions of the following individuals. . . .[16]

The plaintiff's request to re-open discovery was reiterated in a follow-up letter to defense counsel:

> . . . Likewise, I seek your cooperation and agreement in the areas I have stated, namely deposing Loholt after the discovery cutoff, if so necessary, and your willingness to allow any additional discovery that arises from the present depositions, within reason.[17]

---

[14] *Pfau Decl., ¶5.*

[15] *Pfau Decl., ¶6 and* **Exhibit C.**

[16] *Pfau Decl., ¶7 and* **Exhibit D.**

[17] *Pfau Decl., ¶8 and* **Exhibit E.**

PLTFS' OPP. TO MTN TO TAKE DEPOSITIONS - 5 of 13
(04-2338RSM)
[166805 v8.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

While defendant agreed to allow discovery of persons whose deposition had already been noted, it remained steadfast in its refusal to agree to re-open discovery. In fact, defendant specifically requested a list of the witnesses plaintiff sought to depose after discovery cut-off:

> ... However, I cautioned that we are not agreeable to a carte blanche extension of the discovery cut-off, and that any extension of discovery would have to be done on a witness-by-witness basis so that the decisions are made with some specificity as opposed to just a general discussion. Again, we wish to cooperate in the conduct of discovery in this case, but on a witness-specific basis. Thus, I ask that you give me a list of the witnesses, and I will do likewise.[18]

As a result of COP's requirement that plaintiff delineate the additional witnesses to be deposed, multiple e-mails and telephone conversations occurred and the parties agreed on a finite list of depositions that would occur after discovery cutoff.[19] As of the date that current counsel appeared for COP the depositions of only five additional depositions remain to be taken – three fact witnesses (Ken Keller, Brad Keller and Richard Dilley) and two expert witnesses (Frederick Wise Ph.D. and Eli Newberger, M.D).[20]

Now, nine months after defendant required plaintiff to provide a specific list of witnesses he sought to depose, six months after defendant filed its motions for summary judgment, four months after those motions were denied, and only two and one-half months prior to trial, defendant seeks to revoke the very limitation it imposed on continuing discovery and seeks to engage in carte blanche discovery with respect to persons who were known to it

---

[18] *Pfau Decl., ¶9 and* **Exhibit F.**

[19] *Pfau Decl., ¶10.*

[20] *Pfau Decl., ¶10 and* **Exhibit G.**

PLTFS' OPP. TO MTN TO TAKE DEPOSITIONS - 6 of 13
(04-2338RSM)
[166805 v8.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

at the time of the prior agreement but who were not previously identified as potential deponents. For the reasons discussed below, defendant's motion should be denied.

### III.    STATEMENT OF THE ISSUE

Whether defendant should be permitted to re-open discovery to take depositions of witnesses long known to defendant when doing so will prejudice the plaintiff's ability to prepare for trial and when the re-opening itself is contrary to defendant's prior stance on the scope of continuing discovery? **No.**

### IV.    EVIDENCE RELIED UPON

Plaintiff relies upon this opposition, the declaration of Michael T. Pfau, filed herewith, and upon the records and files herein.

### V.    ARGUMENT

#### A.  STANDARD FOR RE-OPENING DISCOVERY.

District courts have the "power to prescribe time limits for conducting discovery." *Whittaker Corp. v. Execuair Corp*, 736 F.2d 1341, 1347 (9th Cir. 1984) (citing Fed. R. Civ. P. 26). A discovery cutoff date is intended to "protect the parties from a continuing burden of producing evidence and to assure them adequate time to prepare immediately before trial." *Id.*

A schedule modification is not permitted, except for "good cause" shown. Fed. R. Civ. P. 16(b). When determining whether good cause is shown, the court primarily considers whether the party seeking modification of the order was diligent. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). If the party seeking modification was not diligent, the inquiry should end. *Id.*; *Schultz v. Wal-Mart Stores, Inc.*, 68 Fed. Appx. 130, 132 (9th Cir. 2003). Although the primary inquiry is whether the moving party can show good cause, the "existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." *Johnson*, 975 F.2d at 609.

PLTFS' OPP. TO MTN TO TAKE DEPOSITIONS - 7 of 13
(04-2338RSM)
[166805 v8.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Here, the motion should be denied both because COP has not diligently pursued additional discovery and because plaintiff will be prejudiced.

## B. COP HAS NOT BEEN DILIGENT.

The retention of new counsel and/or prior counsel's failure to pay attention to discovery responses is not a basis for re-opening discovery. Instead, the critical inquiry is whether the party seeking to re-open discovery demonstrated diligence. *Porter v. Cal. Dep't of Corr.,* 2006 U.S. Dist. LEXIS, 368, 4-5, 97 Fair Empl. Prac. Cas. (BNA) 702 (E.D. Cal. 2006) citing *Johnson v. Mammoth Recreations, Inc.,* 972 F.2d 604, 609-10 (9th Cir. 1992) (plaintiff failed to establish "good cause" for modifying pretrial scheduling order when attorneys failed to pay attention to discovery responses previously received.) This appears to be exactly the situation in which COP finds itself today.

COP has known of plaintiff's employment history and has known of the existence of plaintiff's treating psychologists since mid-2005. COP's former counsel apparently chose not to pursue discovery of these persons or to obtain employment or school records. The reason it chose not to do so is known only to COP. However, it appears that COP made a strategic decision and decided to move for summary judgment without reviewing plaintiff R.K.'s medical records and without deposing these allegedly "key" witnesses. Now, approximately four months after the motions for summary judgment were denied, and after having changed counsel, COP is, apparently, re-thinking its prior decisions. In this circumstance, it cannot be said that COP has diligently pursued discovery. Its motion to re-open discovery must be denied.

## C. PLAINTIFF WILL BE PREJUDICED IF COP IS ALLOWED TO RE-OPEN DISCOVERY.

Plaintiff's counsel and former defense counsel, through their agreement, set a finite end to the discovery process. The limited additional discovery was to consist of the individuals each party identified. Defendant insisted on the delineation of witnesses to be

PLTFS' OPP. TO MTN TO TAKE DEPOSITIONS - 8 of 13
(04-2338RSM)
[166805 v8.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

deposed and objected to plaintiff's suggestion of even a limited open-ended discovery extension. Ironically, despite being the party that imposed the limitation on continuing discovery, COP now seeks to depose witnesses it has not previously delineated. At the time of the prior agreement, COP knew of the people it now seeks to depose and knew of the documents it now to seeks to obtain. It had ample opportunity to list the persons or information it deemed necessary to defend this claim and chose not to do so.

Plaintiff will be prejudice if defendant is, indeed, permitted to engage in the additional discovery at this late date. First, plaintiff may very well have to engage in additional discovery simply to contradict the defendant's current position. Second, plaintiff will have to ask his damage expert, Jon Conte, Ph.D., to re-evaluate his opinions and to issue a revised report. If so, defendant will then, in all likelihood, request another deposition of Dr. Conte. Finally, engaging in discovery will interfere with plaintiff's trial preparation as, instead of knowing which facts to rely on – or to oppose – in preparing for trial, the plaintiff must remain in a constant state of preparation, changing his theories and strategies as new evidence is disclosed. Plaintiff should not be placed in that position. This is precisely what Rule 16(b) sought to avoid. *Whittaker Corp. v. Execuair Corp*, 736 F.2d 1341, 1347 (9th Cir. 1984) (discovery cutoff protects the parties from the continuing burden of producing evidence).

Finally, and probably most importantly, plaintiff's counsel has little, if any, time to engage in additional discovery on this case. This matter is currently scheduled for trial in just a little over two and one-half months, on October 2, 2006, and plaintiff does not want another continuance. Between now and the time set for trial, both of plaintiff's lead counsel (Mike Pfau and Tim Kosnoff) will be involved in a four-week jury trial in King County Superior

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Court (set to commence on July 31, 2006).[21]  Plaintiff's counsel should not be forced to engage in discovery in this case while preparing for and attending another complex trial.[22]

**D. THE FACT THAT THE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT WERE DENIED OR THE FACT THERE IS ONLY ONE NAMED PLAINTIFF REMAINING IN THIS CASE IS NOT A BASIS FOR RE-OPENING DISCOVERY.**

Defendant implies that it did not engage in the requested discovery for, essentially, two reasons: First, it asserts it expended "substantial time and effort" in preparing its motions for summary judgment (thereby implying the lack of time to engage in this discovery). Second COP implies that because the other named plaintiffs allegedly suffered more serious abuse than did plaintiff R.K., that it did not focus its attention on R.K.  Neither reason is a sufficient for re-opening discovery.

First, the abuse R.K. suffered was extremely severe and defendant has been aware of the severity of the abuse for a long period of time.  R.K. revealed the extent of that abuse in his initial responses to discovery and, in doing so, R.K. demonstrated that he was subjected to six separate incidents of abuse at the hands of Jack Loholt.  R.K. revealed that in each instance the severity of the abuse escalated – it started as fondling and escalated to the point where R.K. was forced to fondle Loholt and was forced to perform oral sex on his abuser. Additionally, Loholt became increasingly violent with R.K. during each episode and Loholt eventually told R.K. that he (Loholt) would kill R.K. if R.K. ever told anyone about the abuse.[23]  Dr. Jon Conte (plaintiff's retained expert on damages) opined that R.K. is "extremely symptomatic," and that he has "significant symptoms."  Dr. Conte further opined that R.K. suffers with "significant levels of post-traumatic stress including re-experiencing, avoidance,

---

[21] *Pfau Decl.,* ¶*11.*

[22] Indeed, other trial commitments were the very reason the parties agreed to the limited discovery extension in the first instance.

[23] *Pfau Decl.,* **Exhibit A** *(Answer to Interrogatory No. ¶7).*

PLTFS' OPP. TO MTN TO TAKE DEPOSITIONS - 10 of 13
(04-2338RSM)
[166805 v8.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

and hyper-arousal symptoms," and that R.K. "suffers these symptoms as a result of the childhood sexual abuse."[24]

Furthermore, with regard to the time spent preparing and filing the motions for summary judgment, COP made a strategic decision to seek dismissal of R.K.'s claims on "legal" grounds.[25] The pendency of the motion did not prohibit defendant from engaging in additional discovery. Indeed, if time constraints related to preparing the motions for summary judgment were the issue, defendant could have noted the depositions at any time after filing its motion (on January 6, 2006). Furthermore, the motions were not decided until March 9 and 21, 2006. Clearly, during this two month period (and since that time) defendant could have at least requested the additional discovery. It chose not do so.

As for the "narrowing" of the issues, as this Court may recall, the claims of the other three plaintiffs settled prior to this Court's rulings on the motions for summary judgment.[26] Consequently, the issues have been "narrowed" since the motions were pending. Again, defendant did not even request the additional depositions until long after that "narrowing" occurred.

Finally, plaintiff has not, at any time, asserted that defendant should have taken these depositions during the time the parties were preparing for and trying the *Doe v. COP* matter. Instead, as discussed herein, COP refused a request to allow open discovery after the completion of the *DOE v. COP* trial. At the time COP was requiring plaintiff to delineate its expected continued discovery, it failed to indicate that it was thinking of, that it wanted, or that it thought the depositions of R.K.'s family members or his former treating psychologists were necessary or that they went to the "heart" of the defendant's case. Instead, COP wholly

---

[24] *See, Declaration of Jon Conte, Ph.D., ¶10, 14 and 17 (filed in opposition to defendant's motion for summary judgment), a copy of which is attached to the Declaration of Michael T. Pfau, filed herewith, as **Exhibit H.***

[25] As this Court may recall, defendants brought the motions against all four (4) plaintiffs. While the motions were pending, the claims of three of four named plaintiff were settled.

[26] COP has refused to even mediate plaintiff R.K.'s claims. *Pfau Decl., ¶12.*

PLTFS' OPP. TO MTN TO TAKE DEPOSITIONS - 11 of 13
(04-2338RSM)
[166805 v8.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

ignored these avenues of discovery.  The fact that COP has now retained new counsel who may have a different defense strategy than the former counsel is not a basis for re-opening discovery.

## VI.  CONCLUSION

The defendant's claim that the evidence it now seeks goes to the heart of its case is contradicted by the very fact that the defendant did not even request the additional depositions until after it retained new counsel in this case  COP made the strategic decision to rely on legal defenses.  Now, after at the 11th hour, defendant seeks to alter its theories and to rely on factual defenses.  Plaintiff will be severely prejudiced if defendant is allowed to re-open discovery.  Defendant's motion must be denied.

Dated this 10th day of July, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP


By /s/ Michelle A. Menely
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    Attorneys for Plaintiff R.K.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

CERTIFICATE OF SERVICE

2

I, hereby certify that on July 10, 2006, I electronically filed the foregoing PLAINTIFF

3

R.K.'S OPPOSITION TO DEFENDANT'S MOTION TO TAKE DEPOSITIONS AFTER

4

DISCOVERY CUTOFF with the Clerk of the Court using the CM/ECF system which will

5

send notification of such filing to the following:

6

7

| Thomas D. Frey and | |
| Marcus Nash | |
| STAFFORD FREY COOPER | |
| 601 Union Street, Suite 3100 | |
| Seattle, WA 98101-1374 | |

8

9

10

11

12        /s/ Michelle A. Menely
         Attorney for Plaintiffs, WSBA #728353
13       **GORDON, THOMAS, HONEYWELL,**
         **MALANCA, PETERSON & DAHEIM, LLP**
14       600 University, Ste. 2100
          Seattle, WA 98101
15       Phone: (206) 676-7500
         Fax: (206) 676-7575
16       E-Mail Address: mmenely@gth-law.com

17

18

19

20

21

22

23

24

25

26

PLTFS' OPP. TO MTN TO TAKE DEPOSITIONS - 13 of 13
(04-2338RSM)
[166805 v8.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575