The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K., and T.D., <br><br> Plaintiffs, <br><br> v. <br><br> THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDS, a Utah corporation, <br><br> Defendants. | NO. 04-2338 RSM <br><br> DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TAKE DEPOSITIONS AFTER DISCOVERY CUTOFF |

## I.   INTRODUCTION

The facts underlying this motion are not disputed. Neither party completed discovery by the discovery cutoff. This was largely due to the October 2005 trial in which Plaintiff's counsel and defense counsel were engaged. Because of that conflict, each party identified additional depositions it wished to take after the discovery cutoff. Plaintiff has taken five depositions since the cutoff, and will take four more in the next month. By this motion, The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints ("COP") seeks leave to take some

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TAKE
DEPOSITIONS AFTER DISCOVERY CUTOFF - 1
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

depositions of its own. The only difference between Plaintiff and COP is that COP did not identify all witnesses it needed to depose prior to the cutoff.

Plaintiff argues COP has not been diligent and that Plaintiff will be prejudiced—arguments not supported by the record or Plaintiff's brief. Unless one defines lack of diligence as not naming all desired deponents—notwithstanding all the *other* indicia of diligence—Plaintiff's rhetoric fails. As to prejudice, Plaintiff does not dispute that all the evidence sought by the depositions, as well as the documents that would be obtained through records depositions, will be offered at trial. Hence, neither the parties' strategy nor the evidence will change. The only thing that *will* change is the presentation of that evidence as the depositions will streamline testimony and potentially eliminate witnesses.

Given Plaintiff is still taking depositions, the requested depositions will take minimal time, and the evidence obtained through the requested depositions will be offered at trial even if the depositions do not proceed, the Court should exercise its discretion to permit COP to take the depositions.

## II. ARGUMENT

### A. COP Has Been Diligent

Plaintiff's argument that COP has not been diligent collapses into a single point: COP did not identify the requested depositions prior to the discovery cutoff. This, however, does not equate to lack of diligence. The only difference between Plaintiff and Defendant on the subject of post-cutoff depositions is that Plaintiff identified a longer list of deponents initially. COP has been no less diligent than Plaintiff.

DEPOSITIONS AFTER DISCOVERY CUTOFF - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

This case has been aggressively litigated and Plaintiff cannot seriously contend otherwise. One need only look at the docket to assure oneself of that fact. COP has performed all the pre-trial tasks characteristic of a fully litigated case. COP has:

- Propounded written discovery;
- Answered written discovery;
- Taken depositions of each of the four Plaintiffs;
- Taken depositions of other material witnesses;
- Retained and identified expert witnesses;
- Filed two major dispositive motions; and
- Engaged in mediation.[1]

In reality, Plaintiff seeks to penalize COP for initially exercising restraint in naming post-cutoff deponents. Plaintiff has not, however, made the case that COP has lacked diligence in this case.

### B. Plaintiff's Claim of Prejudice is Without Merit

Plaintiff's opposition makes a series of unsupported, meritless claims of prejudice. We quote and address each one in turn.

#### 1. "Plaintiff may very well have to engage in additional discovery simply to contradict the defendant's current position."

This statement is completely unsupported. Plaintiff does not identify any "additional discovery" they would need to undertake *because of* these depositions.

---

[1] Plaintiff's statement in footnote 26 of its opposition that COP has "refused" to mediate Plaintiff's claims is perplexing and erroneous. The parties mediated all the plaintiffs' claims, which resulted in settlements with some Plaintiffs but not Plaintiff R.K. COP's insistence on addressing each Plaintiff's case individually and on its merits is not equivalent to refusal to mediate.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TAKE DEPOSITIONS AFTER DISCOVERY CUTOFF - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

To the extent Plaintiff feels he needs to perform additional discovery, he will be doing it whether or not the depositions occur. In fact, since Plaintiff knows that each of the proposed deponents can be subpoenaed for trial, and the records subpoenaed as well, Plaintiff is likely *already* engaged in informal discovery. For example, if he does not have them already, plaintiff will surely obtain his school and employment records even if this Court denies COP's motion. Plaintiff knows that COP will subpoena them for trial and he will want to see what they reveal. Thus, the depositions will not cause Plaintiff to conduct any further discovery.

2. **"Plaintiff will have to ask his damage expert, Jon Conte, Ph.D., to re-evaluate his opinions and to issue a revised report."**

Again, Plaintiff provides no explanation or support for this statement. Although COP can only guess at Plaintiff's intended point, presumably Plaintiff is arguing the depositions of the therapists would cause Mr. Conte to need to re-evaluate his report. This seems unlikely. Mr. Conte already has the therapists' written reports, as does COP. COP primarily seeks to discover who did the interviews of Plaintiff and to confirm Plaintiff made the statements attributed to him in those reports. It is unlikely anything will come from these depositions that will cause plaintiff's expert, who already has seen the therapists' opinions, to change his report.[2] Even if such changes are needed, COP asks only that it be provided a copy of the amended report. COP will not seek to re-depose him.

3. **"Engaging in discovery will interfere with plaintiff's trial preparation."**

Plaintiff claims he would need to stay in a "constant state of preparation, changing his theories and strategies as new evidence is disclosed." This is, at best, hyperbole. Nothing revealed in these depositions will be news to Plaintiff. He presumably knows his employment

---

[2] Indeed, if there was such a need for a change of opinion, one would think Plaintiff would want to know that in advance of trial, rather than having to make such changes in the course of the trial.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TAKE
DEPOSITIONS AFTER DISCOVERY CUTOFF - 4
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

and school history and, if he doesn't, he will be acquiring such information between now and trial anyway. He knows what he told his therapists—he knows, for example, whether he told his therapists his father hit him with a golf club and, thus, whether he lied or told the truth when he testified in his deposition that it did not happen. He presumably knows what his father and brother will say and, if he does not, he can simply ask them.

COP wants to take the depositions because it wants to know what these witnesses will say. For understandable tactical reasons, plaintiff wants to deny COP the evidence in advance of trial. However, these depositions will not cause either party to develop new theories or strategies, or to alter trial preparation.

### 4.    Plaintiff's Trial Conflict

COP has two responses to Plaintiff's argument that his counsel's upcoming trial leaves no time for additional discovery.

First, if this motion is granted, defense counsel will schedule them at <u>any</u> time convenient to Plaintiff's counsel and the witnesses—including after counsel's upcoming trial or, if Plaintiff's counsel desires, on weekends between now and then. COP has committed to taking each deposition in two hours or less, and given the records depositions will almost surely not occur, they can all be completed in less than a day and a half.

Second, Plaintiff's counsel protests too much. They intend to take four additional depositions in this case: one on July 28, and the other three on August 8 through 10. Second Declaration of Charles C. Gordon, Exhibits 1, 2. Some of these depositions are out-of-state. One of three conclusions can thus be drawn: Plaintiff's counsel does not believe their case will actually go to trial; Plaintiff's counsel do not both plan to attend the whole trial; or, Plaintiff's counsel intends to have others at the Gordon Thomas Honeywell firm handle the depositions

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TAKE
DEPOSITIONS AFTER DISCOVERY CUTOFF - 5
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Plaintiff is taking. Whichever of these is applicable, Plaintiff's willingness to note depositions for the period immediately prior to and during the trial demonstrates the limited depositions sought by this motion will not be an obstacle to Plaintiff's trial preparation or counsel's participation in the other trial.

### III. CONCLUSION

For the reasons stated above and in COP's opening brief, this Court should grant COP's motion for leave to take the four records depositions and the five other depositions.

DATED this 14th day of July, 2006.

**GORDON MURRAY TILDEN LLP**

By _____/s/ Charlie_____
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TAKE DEPOSITIONS AFTER DISCOVERY CUTOFF - 6
No. 04-2338 RSM

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. The parties will additionally be served in the manner indicated.

| Michael T. Pfau<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim LLP<br>P.O. Box 1157<br>Tacoma, WA 98401-1157<br>Telephone: (206) 676-7500<br>Facsimile: (206) 676-7575<br>E-Mail: mpfau@gth-law.com<br><br>( ) Mail ( ) Hand Delivery<br>( ) Fax ( ) Federal Express | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff, P.C.<br>600 University Street, Suite 2101<br>Seattle, WA 98101<br>Telephone: (206) 676-7610<br>Facsimile: (425) 837-9692<br>E-Mail: timkosnoff@comcast.net<br><br>( ) Mail ( ) Hand Delivery<br>( ) Fax ( ) Federal Express |
|---|---|

**GORDON MURRAY TILDEN LLP**

By _/s/ Charles C. Gordon_
Charles C. Gordon, WSBA #1773
Attorneys for Defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: cgordon@gmtlaw.com

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO TAKE
DEPOSITIONS AFTER DISCOVERY CUTOFF - 7
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292