The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K., and T.D., <br><br> Plaintiffs, <br><br> v. <br><br> THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDS, a Utah corporation, <br><br> Defendants. | NO. 04-2338 RSM <br><br> DEFENDANT'S MOTION TO AMEND ANSWER TO ADD AT-FAULT ENTITY <br><br> NOTE ON MOTION CALENDAR: JULY 26, 2006 |

## I.   INTRODUCTION

Defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints ("COP") hereby moves to amend the affirmative defense in its Answer to add Plaintiff's father, Jerry Kelly, as another person at-fault. COP's answer already identifies several non-parties that were at fault, including Plaintiff's mother, Dorothy Kelly, Dr. Herman Allenbach and Jack LoHolt. The same events that give rise to a potential allocation of fault to Mrs. Kelly also give rise to a potential allocation to Mr. Kelly.

DEFENDANT'S MOTION TO AMEND ANSWER TO ADD AT-FAULT ENTITY - 1
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

As a negligence case in this Court based upon diversity jurisdiction, the Court will apply the substantive tort law of Washington State. Under Chapter 4.22 RCW, if the jury finds COP liable, the jury will determine whether non-parties were negligent, and whether such negligence approximately caused Plaintiff's harm, if any. If the jury finds such non-parties at fault, the jury must then determine the proportionate share of fault to be borne by such persons and the Defendant, with the total of such shares equaling 100 percent.

This amendment will not prejudice Plaintiff—the evidence supporting the amendment is already in the record and no further discovery will be needed. This amendment also will not change the proof offered at trial. The only change brought by this motion, if granted, is that Jerry Kelly would be added to the jury verdict form as another person to whom the jury could assign fault. Under these circumstances, the Court should exercise its discretion to permit COP's amendment.[1]

## II. FACTS

### A. Plaintiff's Claim Against COP is Based Upon COP's not Reporting LoHolt to the Police.

Plaintiff's abuser, Jack LoHolt, lived within the Kent 2nd Second Ward of the Church. He lived at the home of Dr. Herman Allenbach, from whom he rented a room and did handyman services. Plaintiff lived next door.

In February 1972, Richard Pettit, a member of the Church in the Kent 2nd Ward, had a confidential discussion with the Bishop of the Ward, Bishop Randall Borland, in which Mr. Pettit stated that LoHolt had touched his son inappropriately on a Boy Scout trip. Both Mr. Pettit and Bishop Borland considered this conversation confidential. Plaintiff alleges that Bishop

---

[1] Although not required by the local rules, COP's counsel conferred with Plaintiff's counsel in an effort to avoid the necessity of filing this motion. Plaintiff's counsel would not consent to the requested amendment.

DEFENDANT'S MOTION TO AMEND ANSWER TO ADD AT-FAULT ENTITY - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Borland, and hence COP, was negligent for not reporting LoHolt to the police. COP denies it was negligent and contends that, in any event, it cannot be held liable because the abuse preceded February 1972, prior to and thus the time the Church had knowledge of any sexual abuse by LoHolt.

**B.   Plaintiff Testified Both His Parents Knew of the Abuse and Did Not Report LoHolt to the Police.**

Plaintiff himself testified that he told both his mother and father of an incident in which LoHolt masturbated in the presence of Plaintiff and other boys. Mr. and Mrs. Kelly told Dr. Allenbach, their neighbor and LoHolt's landlord, but did not inform the police.

As Plaintiff testified:

Q.   The incident in the field, according to what your description is, was much less intrusive or severe than the other instances that followed in the basement of the apartment; isn't that correct?

A.   That's correct.

Q.   After the incident which occurred in the field, you went and told your mother; is that correct?

A.   That's correct.

Q.   Did you also tell your father?

A.   We were sitting at the dinner table in—well actually we told—after the abuse in the field where Jack masturbated in front of us, we ran down to tell my mom, and then my dad came home from work, and then we all sat down for dinner, and then my mom brought it up that—you know, and then they started asking us questions about, well, what happened, and how long this has been going on, and then they went over and my mother and father met with Dr. Allenbach and Mrs. Allenbach that night.

DEFENDANT'S MOTION TO AMEND ANSWER TO ADD AT-FAULT ENTITY - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Deposition of Robert Kelly 22:17-23:9.[2] Plaintiff's parents did not report the matter to the police. *Id.* at 53:20-21, 55:3-6; Deposition of Dorothy Kelly at 34:6 ("You didn't go to police with things like that in those days.")

Hence, Plaintiff's own testimony shows his father and mother both knew of an early instance of abuse, reported it to their neighbor Dr. Allenbach, but otherwise did nothing further to inform law enforcement. In regard to the jury's decision whether to allocate fault to non-parties, Plaintiff's parents are identically situated.

### III.  ARGUMENT

#### A.  Leave to Amend Is Freely Given

The Ninth Circuit has stated that the policy favoring adjudication on the merits, and thus favoring the granting of motions to amend, is applied with "extreme liberality."

> Generally, Rule 15 advises the Court that "leave shall be freely given when justice so requires." This policy is "to be applied with extreme liberality." In *Foman v. Davis*, 371 US 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962), the Supreme Court offered the following factors a district court should consider in deciding whether to grant leave to amend:
>
>> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."
>
> Not all the factors merit equal weight. As this Circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.

---

[2] Deposition excerpts are attached to the Declaration of Michael Rosenberger filed herewith.

DEFENDANT'S MOTION TO AMEND ANSWER TO ADD AT-FAULT ENTITY - 4
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

*Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citations omitted; emphasis in original).

### B. The Amendment Will Not Prejudice the Plaintiff, and No Other Factor Supports Denial of the Motion.

As stated in *Eminence Capital*, the most significant factor in assessing whether to grant leave to amend is whether prejudice to the non-moving party exists. In this case, Plaintiff can assert no prejudice as a result of this amendment. The lack of prejudice is demonstrated by several factors: (1) one of Plaintiff's parents is already identified as an at-fault entity; (2) the evidence supporting the amendment is already part of the record; (3) no further discovery will be required because of this amendment; and (4) it will not alter the nature or scope of the trial.

In light of these factors, the Court should view with skepticism any claim by Plaintiff that the amendment prejudices him. The Ninth Circuit has noted that "bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'" *Hurn v. Ret. Fund Trust of the Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (quoting *Conley v. Gibson*, 355 US 41, 48, 78 S.Ct. 99, 2 L. Ed. 2d 80 (1957)).

Additionally, COP's motion satisfies the other, less-significant *Foman* factors. The motion is not made in bad faith, as is evident from the fact that the Answer has an identical claim regarding Plaintiff's mother. No delay in the litigation will result, since no discovery will be needed. Finally, the amendment is not futile. It is clearly within the jury's prerogative to conclude that both Plaintiff's father and mother breached a duty they owed their son to respond with reasonable care to his disclosure of LoHolt's abuse.

DEFENDANT'S MOTION TO AMEND ANSWER TO ADD AT-FAULT ENTITY - 5
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## IV. CONCLUSION

For the reasons stated above, COP respectfully requests leave to amend its Answer to add to its affirmative defenses. Specifically, COP requests leave to name Plaintiff's father, Jerry Kelly, as another at-fault entity.

DATED this 17th day of July, 2006.

**GORDON MURRAY TILDEN LLP**

By /s/ Michael Rosenberger
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA # 17730
Attorneys for Defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints

DEFENDANT'S MOTION TO AMEND ANSWER TO ADD AT-FAULT ENTITY - 6
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## CERTIFICATE OF SERVICE

I hereby certify that on _July 17_, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. The parties will additionally be served in the manner indicated.

| | |
|---|---|
| Michael T. Pfau<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim LLP<br>P.O. Box 1157<br>Tacoma, WA 98401-1157<br>Telephone:    (206) 676-7500<br>Facsimile:    (206) 676-7575<br>E-Mail:    mpfau@gth-law.com<br><br>( ) Mail    ( ) Hand Delivery<br>( ) Fax    ( ) Federal Express | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff, P.C.<br>600 University Street, Suite 2101<br>Seattle, WA 98101<br>Telephone:    (206) 676-7610<br>Facsimile:    (425) 837-9692<br>E-Mail:    timkosnoff@comcast.net<br><br>( ) Mail    ( ) Hand Delivery<br>( ) Fax    ( ) Federal Express |

**GORDON MURRAY TILDEN LLP**

By _/s/ Michael Rosenberger_
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the
President of the Church of Jesus Christ of
Latter-Day Saints
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: jtilden@gmtlaw.com

---

DEFENDANT'S MOTION TO AMEND ANSWER TO ADD AT-FAULT ENTITY - 7
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292