The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K., and T.D., <br><br> Plaintiffs, <br><br> v. <br><br> THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDS, a Utah corporation, <br><br> Defendants. | NO. 04-2338 RSM <br><br> DEFENDANT'S MOTION TO SEGREGATE DAMAGES RESULTING FROM INTENTIONAL SEXUAL ABUSE <br><br> **NOTE ON MOTION CALENDAR: AUGUST 11, 2006** <br> **ORAL ARGUMENT REQUESTED** |

## I.  INTRODUCTION

This case involves intentional sexual abuse by a non-party, Jack LoHolt. Plaintiff alleges The Corporation of the President of The Church of Jesus Christ of Latter-Day Saints ("COP") is negligent for not preventing LoHolt's *intentional* torts. In *Tegman v. Accident and Medical Investigations Inc.*, 150 Wn.2d 102, 75 P.3d 497 (2003), the Washington Supreme Court held that in cases involving both intentional and negligent torts, the jury must segregate damages resulting from the intentional tort and the negligent defendant is not liable for such damages.

DEFENDANT'S MOTION TO SEGREGATE DAMAGES
RESULTING FROM INTENTIONAL SEXUAL ABUSE - 1
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Pursuant to *Tegman,* COP moves for an order that the Court will instruct the jury to segregate damages resulting from LoHolt's intentional conduct from damages attributable to COP's alleged negligence, if any.[1]

## II.   ARGUMENT

### A.   *Tegman* Requires this Court to Segregate Damages Attributable to Intentional Conduct.

Washington's Tort Reform Act of 1986 enacted dramatic statutory changes to Washington tort law, including eliminating joint and several liability in most circumstances. One feature of tort reform, the separate statutory treatment of intentional and negligent tortfeasors, formerly was interpreted by some trial courts to create a result that many found bizarre and unfair. Pursuant to the statutory reform, a negligent defendant against whom judgment was entered is not jointly and severally liable for, and thus does not pay, damages representing the percentage of fault the jury attributed to a *negligent* non-party. However, perversely, if a non-party engaged in *intentional*—and therefore more blameworthy—conduct, some Washington trial courts held the negligent defendant jointly and severally liable for damages attributable to the intentional tortfeasor. In 2003, *Tegman* held this was inconsistent with the relevant statute.

In *Tegman,* the Washington Supreme Court held that:

> [U]nder RCW 4.22.070 *the damages resulting from negligence must be segregated from those resulting from intentional acts,* and the negligent defendants are jointly and severally liable only for the damages resulting from their negligence. They are *not jointly*

---

[1] In its order on COP's motion for summary judgment, this Court stated that no later than July 21, 2006, either party may file "a supplemental motion for summary judgment on the sole issue of whether segregation of damages will be required." Dkt. # 101 at 12. Although COP would not characterize this motion as one seeking summary judgment, COP has followed the Court's suggestion and noted it in accordance with local rules for such motions.

DEFENDANT'S MOTION TO SEGREGATE DAMAGES
RESULTING FROM INTENTIONAL SEXUAL ABUSE - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

> *and severally liable for the damages caused by intentional acts* of others. We reverse the Court of Appeals and remand for segregation of damages . . .

*Tegman*, 150 Wn.2d at 105 (emphasis added).

*Tegman* began its analysis by explaining that the Tort Reform Act of 1986 was intended to "create a more equitable distribution of the cost and risk of injury."[2] One of the reforms enacted to accomplish this goal was abolition of joint and several liability in most cases.

> The legislature stated its intent "to reduce costs associated with the tort system, while assuring that adequate and appropriate compensation for persons injured through the fault of others is available." The Act furthered reforms, which began with adoption of comparative negligence in 1973, by abolishing joint and several liability in most situations.

*Id.* at 108 (citations omitted).

The Court then focused on the "centerpiece" of the Tort Reform Act, RCW 4.22.070, which "provides that several, or proportionate, liability is now intended to be the general rule." *Id.* at 109. This statute discusses "fault," a defined term that "does *not* include intentional acts or omissions." *Tegman*, 150 Wn.2d at 109 (emphasis added). In relevant part, this statute provides:

> (1) In all actions involving fault of more than one entity, the trier of fact shall determine the percentage of the total fault which is attributable to every entity which caused claimant's damages except entities immune from liability to the claimant under Title 51 RCW [the workers' compensation statute]. The sum of the percentages of the total fault attributed to at-fault entities shall equal 100 percent. The entities whose fault shall be determined include the claimant or person suffering personal injury or incurring property damage, defendants, third-party defendants, entities released by the claimant, entities with any other individual defense against the claimant, and entities immune from liability to the claimant, . . . . The liability of each defendant shall be several only and shall not be joint except: . . .

---

[2] 1986 Washington Laws, Ch. 305 § 100.

DEFENDANT'S MOTION TO SEGREGATE DAMAGES
RESULTING FROM INTENTIONAL SEXUAL ABUSE - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

> (b) If the trier of fact determines that the claimant or party suffering bodily injury or incurring property damages was not at fault, the defendants against whom judgment is entered shall be jointly and severally liable for the sum of their proportionate shares of the claimant's total damages.

RCW 4.22.070(1).

Central to *Tegman* is the Legislature's pronouncement that "the liability of each defendant shall be several only and shall not be joint . . . ." RCW 4.22.070(1). Although subject to an exception in subsection (b), this exception creates joint and several liability *only* among: (1) defendants against whom judgment is entered, where (2) defendants' liability is based upon fault (i.e., negligence or recklessness, but excluding intentional conduct). In the Court's careful analysis, this result follows from the explicit language and structure of the statute. As the Court states:

> This exception plainly concerns how to apportion liability among *at-fault* defendants where the plaintiff is fault-free. **That is, the only joint and several liability contemplated by this exception is that shared by the *at-fault* defendants.** This is clear because the exception mandates joint liability for the "*sum*" of the defendants' "*proportionate shares*" of the total damages. This language reflects the earlier language of RCW 4.22.070(1). As noted, the first sentence of RCW 4.22.070(1) requires a determination of the "*percentage[s] of the total fault*" which is attributable to every entity" responsible for plaintiff's damages, i.e., a determination of proportionate liability of each at-fault entity.

*Id.* at 112 (italics in original; bold added).

*Tegman* thus concluded that the sole exception allowing joint and several liability, RCW 4.22.070(1)(b), "does not concern any liability for damages caused by intentional acts or omissions and, therefore, does not address joint and several liability for intentional acts or

DEFENDANT'S MOTION TO SEGREGATE DAMAGES
RESULTING FROM INTENTIONAL SEXUAL ABUSE - 4
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

omissions." *Id.* at 113. With several liability being the general rule, subject only to an exception inapplicable to intentional conduct, a negligent defendant cannot be jointly and severally liable for damages from resulting from intentional conduct. Therefore, such damages must be segregated.

> [U]nder RCW 4.22.070(1), with damages resulting from both intentional acts and omissions and "fault" i.e., negligence, recklessness, and conduct subjecting the actor to strict liability, *the damages resulting from the intentional acts and omissions must be segregated from damages that are fault-based.*

*Id.* at 117 (emphasis added).

As discussed in greater detail below, plaintiff in *Tegman* brought claims of intentional and negligent conduct against a firm and several individuals who assisted her in handling a personal injury claim. All were found liable, but some were found liable only for negligence. The Supreme Court remanded to the trial court with a direction to segregate "that part of the damages due to intentional conduct from those damages due to negligence." *Id.* at 120.

**B.    Applying *Tegman* to this Case Requires the Court to Instruct the Jury to Segregate Damages from LoHolt's Intentional Conduct.**

*Tegman* requires the Court to instruct the jury to segregate damages between LoHolt's intentional conduct and the alleged negligence of COP. Based on prior briefing by Plaintiff's counsel, COP expects Plaintiff will argue *Tegman* is distinguishable and does not extend to a case where Plaintiff alleges that COP negligently failed to prevent LoHolt's intentional acts. This purported distinction does not exist—*Tegman* by its language is not limited only to certain types of cases and, in any event, *Tegman* is *analytically indistinguishable* from the present case.

DEFENDANT'S MOTION TO SEGREGATE DAMAGES
RESULTING FROM INTENTIONAL SEXUAL ABUSE - 5
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### 1. *Tegman's* Holding is Broad and Clear.

*Tegman* is not limited—it neither states nor suggests there are exceptions to the obligation to segregate damages between intentional and negligent actors. Rather, *Tegman* is applicable to *all* cases involving intentional and negligent tortfeasors:

> We hold that under RCW 4.22.070 the damages resulting from negligence *must* be segregated from those resulting from intentional acts, and the negligent defendants are jointly and severally liable only for the damages resulting from their negligence. They are not jointly and severally liable for damages caused by intentional acts of others.

*Tegman*, 150 Wn.2d at 105 (emphasis added). The Supreme Court's use of the word "must" leaves no doubt that *Tegman* applies to this case.

### 2. *Tegman* Mirrors Our Facts.

*Tegman* is factually and analytically similar to the present case, and thus would apply here by force of reason even if the Supreme Court had not been so clear as to the scope of the ruling. Plaintiff in *Tegman* retained G. Richard McClellan and Accident and Medical Investigations, Inc. ("AMI") on a contingent fee basis to represent her regarding personal injury claims arising from a car accident. Although McClellan was not a lawyer, he did not so inform Ms. Tegman. McClellan and AMI submitted settlement offers on her behalf—without her knowledge. Ultimately, "McClellan settled Tegman's case without her knowledge or consent, forged her signature, and placed the $35,000 settlement funds into his general bank account." *Id.* at 106.

McClellan employed lawyers, one of whom, Lorinda Noble, represented Tegman regarding her personal injury claim. Noble knew McClellan was not licensed to practice law and
DEFENDANT'S MOTION TO SEGREGATE DAMAGES
RESULTING FROM INTENTIONAL SEXUAL ABUSE - 6
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

he processed settlements of AMI cases through his own bank account rather than a legal trust account. The Court described Noble's failings as follows:

> She never advised Tegman that McClellan engaged in the unauthorized practice of law, that McClellan had taken her files, that settlements were processed through his personal account and not an attorney's trust account, that clients were not being properly advised of the status of their cases, and that fees were being shared with nonlawyers.

*Id.*

After the case settled without Tegman's consent, Tegman sued McClellan, AMI, Noble and others. The trial court held McClellan and AMI liable on summary judgment for both negligence and intentional wrongdoing, including fraud, conversion, violation of the Consumer Protection Act and criminal profiteering. After a bench trial, Noble was found liable for negligence and legal malpractice. The court awarded damages and held Noble jointly and severally liable for the entire amount. Noble appealed, arguing the court should have segregated the damages due to McClellan's intentional torts. She contended she was jointly and severally liable only for the remainder, the damages resulting from negligent acts, and the Supreme Court agreed.

*Tegman* is analytically indistinguishable from our case: if Noble had discharged her duty, Ms. Tegman's damages would have been avoided. For example, if Noble had informed Tegman that McClellan was controlling the litigation despite being engaged in the unauthorized practice of law, and that McClellan was tendering settlement offers without Tegman's knowledge, Tegman surely would have fired McClellan and obtained proper representation. In sum, then, *Tegman* is just like the present case: in both cases, the allegedly negligent actor could have prevented the harm from the intentional tortfeasor. *Tegman* is thus indistinguishable and,

DEFENDANT'S MOTION TO SEGREGATE DAMAGES
RESULTING FROM INTENTIONAL SEXUAL ABUSE - 7
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

as the Supreme Court held, the jury must segregate damages stemming from LoHolt's intentional conduct.

### C. The Statute Requires Segregation of Damages; COP Does Not Have the Burden of Proving the Damages Are Divisible.

Plaintiffs' counsel have been fighting a rear-guard action to undermine *Tegman* by arguing no segregation of damages is permitted unless the *defendant* proves the damages are divisible in the traditional sense of distinct harms. Of course, it is the rare case where one can prove two distinct harms. Thus, by inventing a new element—a burden of proof found nowhere in *Tegman*—proponents of this theory seek to nullify *Tegman*.

This theory fails because it: (1) is inconsistent with *Tegman*; and (2) relies entirely on *common law* approaches to indivisible harm cause by multiple negligent defendants, whereas *Tegman's* segregation of damages is *required by statute*.

#### 1. *Tegman* Required Segregation Regardless of Divisibility.

Plaintiff's theory is inconsistent with *Tegman* for two reasons. First, and most obviously, the Court did not remand with instructions that the trial court segregate damages only if Noble could prove they were divisible. *Tegman* remanded for the trial court to segregate such damages, period.

Second, *Tegman* required the trial court to segregate damages resulting from intentional conduct *even though* plaintiff suffered indivisible damages. Plaintiff in *Tegman* suffered a single harm—economic loss caused by intentional torts and malpractice. Plaintiff's theory that COP must prove damages are divisible is inconsistent with *Tegman*—a case of indivisible damages.

Graphically, one can readily see that this case falls within *Tegman*:

DEFENDANT'S MOTION TO SEGREGATE DAMAGES
RESULTING FROM INTENTIONAL SEXUAL ABUSE - 8
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

***Tegman* Damages**  **Mr. Kelly's Damages**

Economic loss from malpractice and intentional torts (fraud, etc.)



Emotional damages from Mr. LoHolt's sexual abuse and COP's alleged negligence

**Plaintiff's Proposed Limited Application of *Tegman***



$D_1$ negligently breaks plaintiff's arm

$D_2$ assaults plaintiff and breaks his leg

The types of cases exemplified by the graphic are rare. Plaintiff's theory that a jury may segregate damages only when the negligent defendant can prove divisible harm would limit *Tegman's* holding to the rarest of tort cases, a result not suggested anywhere in *Tegman* itself. Contrary to Plaintiff's suggestion, *Tegman* is not limited to cases of divisible harm. This case is governed by *Tegman* and COP is entitled to an instruction requiring the jury to determine the damages resulting from LoHolt's conduct.

DEFENDANT'S MOTION TO SEGREGATE DAMAGES
RESULTING FROM INTENTIONAL SEXUAL ABUSE - 9
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

2. ***Tegman*'s Segregation of Damages Derives from Statute, Not Common Law.**

Plaintiff will cite a pre-*Tegman* case for the proposition that a defendant has the burden of proving harm is divisible. In *Cox v. Spangler*, 141 Wn.2d 431, 5 P.2d 1265 (2000), plaintiff was involved in two distinct automobile accidents. In the first, she was hit from behind by a car driven by a co-worker acting within the scope of his job duties. Cox could not sue for her injuries due to the worker's compensation bar. Six months later, Cox was again rear-ended and sued that at-fault party. Defendant appealed the trial court's jury instruction placing the burden on defendant to apportion injury between the two accidents and, if he failed to do so, holding defendant liable for the entire harm. Citing prior Washington case law and the Restatement, the court affirmed this apportionment approach. While this remains the law in cases involving *only "fault"* under Chapter 4.22 RCW, it has no bearing here.

The Supreme Court's decision in *Tegman* was explicitly driven by the demands of Chapter 4.22 RCW, not the common law. As the Court emphasized, a case involving only "fault" within the statutory framework (i.e., negligence or recklessness) is fundamentally different than one where plaintiff's harm arose from both fault and intentional conduct. "[I]ntentional torts are part of a wholly different legal realm." *Tegman*, 150 Wn.2d at 110.

Stated plainly, there is no burden upon defendant because the segregation is *required* by the structure of the statute. Once there is proof of intentional conduct, and here it is undisputed, the jury must segregate the damages resulting from such intentional harm. "*[U]nder RCW 4.22.070*, the damages resulting from negligence must be segregated from those resulting from intentional acts. . . ." *Id.* at 105 (emphasis added). This is a statutory imperative, not a feature of common law.

DEFENDANT'S MOTION TO SEGREGATE DAMAGES
RESULTING FROM INTENTIONAL SEXUAL ABUSE - 10
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

How can the jury perform this segregation? By utilizing its judgment based upon the evidence. Although this endeavor is focused on damages rather than fault, it is analogous to the judgment jurors must exercise in apportioning fault in cases involving multiple negligent actors. "Segregating fault-based damages from those caused by intentional acts or omission should pose no great difficulty because similar allocations are already part of the statutory scheme." *Tegman*, 150 Wn.2d at 116. Under RCW 4.22.070(1), "the trier of fact *shall* determine the percentage of the total fault which is attributable to every entity which caused the claimant's damages." (emphasis added). Although a defendant in such cases has the burden of proving the *existence* of fault on the part of plaintiff and non-parties, the defendant does *not* have the burden of proving the *percentage* of fault to be apportioned to others. The jury makes this apportionment absent expert testimony regarding the *amount* of such fault. Similarly, COP does not have the burden of segregating the damages derived from LoHolt's conduct. The jury's responsibility in each situation flows directly from the statute as interpreted by the Supreme Court in *Tegman*; the Court has no choice in the matter.

//

//

//

//

//

//

//

//

DEFENDANT'S MOTION TO SEGREGATE DAMAGES
RESULTING FROM INTENTIONAL SEXUAL ABUSE - 11
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### III. CONCLUSION

For the reasons stated above, COP requests that this Court order that in the trial of this matter, the jury will be instructed to segregate damages attributable to LoHolt's intentional conduct and damages from COP's negligence, if any.

DATED this 20th day of July, 2006.

                               **GORDON MURRAY TILDEN** LLP

                               By _____
                                   Charles C. Gordon, WSBA #1773
                                   Jeffrey I. Tilden, WSBA #12219
                                   Michael Rosenberger, WSBA #17730
                                   Attorneys for Defendant The Corporation of the
                                   President of The Church of Jesus Christ of
                                   Latter-Day Saints

DEFENDANT'S MOTION TO SEGREGATE DAMAGES
RESULTING FROM INTENTIONAL SEXUAL ABUSE - 12
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. The parties will additionally be served in the manner indicated.

| Michael T. Pfau<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim LLP<br>P.O. Box 1157<br>Tacoma, WA  98401-1157<br>Telephone:   (206) 676-7500<br>Facsimile:   (206) 676-7575<br>E-Mail:   mpfau@gth-law.com<br><br>( ) Mail       ( ) Hand Delivery<br>( ) Fax        ( ) Federal Express | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff, P.C.<br>600 University Street, Suite 2101<br>Seattle, WA  98101<br>Telephone:   (206) 676-7610<br>Facsimile:   (425) 837-9692<br>E-Mail:   timkosnoff@comcast.net<br><br>( ) Mail       ( ) Hand Delivery<br>( ) Fax        ( ) Federal Express |
|---|---|

**GORDON MURRAY TILDEN LLP**

By _____
Jeffrey I. Tilden, WSBA #12219
Attorneys for Defendant The Corporation of the
President of The Church of Jesus Christ of
Latter-Day Saints
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: jtilden@gmtlaw.com

DEFENDANT'S MOTION TO SEGREGATE DAMAGES
RESULTING FROM INTENTIONAL SEXUAL ABUSE - 13
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292