1          THE HONORABLE RICARDO S. MARTINEZ

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT
9                            WESTERN DISTRICT OF WASHINGTON
                                        AT SEATTLE
10

11 | KENNETH FLEMING, JOHN DOE, R.K. and
   | T.D.,                                          NO. 04-2338 RSM

12                        Plaintiffs,              PLAINTIFF'S OPPOSITION TO MOTION
                                                   TO AMEND ANSWER TO ADD AT-
13  | vs.                                          FAULT ENTITY

14
   | THE CORPORATION OF THE PRESIDENT            NOTE ON MOTION CALENDAR:  July
15 | OF THE CHURCH OF JESUS CHRIST OF            26, 2006
   | LATTER-DAY SAINTS, a Utah corporation
16 | sole, a/d/a "MORMON CHURCH"; LDS
   | SOCIAL SERVICES a/d/a LDS, a Utah
17 | corporation,

18
                          Defendants.
19

20          Plaintiff R.K. submits this opposition to Defendant Corporation of the President of the

21  Church of Jesus Christ of Latter-day Saints' ("defendant" or "COP") Motion for Leave to

22  Amend Complaint to Add At-Fault Entity.

23              I.      STATEMENT OF RELEVANT FACTS

24          As indicated by other filings before this Court, this is an action arising out of

25  childhood sexual abuse at the hands of Jack Loholt.  Plaintiff R.K.'s action has been pending

26

OPP. TO DEF'S MTN TO NAME ADD'L AT-FAULT ENTITY - 1 of 6
(04-2338RSM)
[167540 v4.doc]
                                        LAW OFFICES
                          GORDON, THOMAS, HONEYWELL, MALANCA,
                                   PETERSON & DAHEIM LLP
                                       ONE UNION SQUARE
                                    600 UNIVERSITY, SUITE 2100
                                   SEATTLE, WASHINGTON  98101-4185
                          (206) 676-7500 · FACSIMILE (206) 676-7575

since March 29, 2005.  Defendant's Answer to R.K.'s Complaint was served on April 28, 2005.[1]  In providing the answer defendant asserted the "fault" of third parties, including the perpetrator, plaintiff R.K.'s mother, and Herman Allenbach, D.D.S.[2]  Discovery has progressed in this matter and, as was also indicated in other submissions, other than a few selected depositions which are yet to occur, discovery is complete.  Now, just a little over two months before trial is set defendant seeks to alter the landscape of the claim and add an additional "at-fault" party – plaintiff R.K.'s father.  For the reasons stated below, defendant's motion should be denied.[3]

## II.    ARGUMENT

Defendant premises its argument for amendment of the pleadings on the liberal amendment rules under FRCP 15.  However, the more applicable standard is under FRCP 16.  Under that rule, when a party seeks to amend a pleading after the time allowed to do in the case scheduling order, the motion to amend should be granted only on a showing of "good cause."[4]  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-340 (2nd Cir. 2000) rev. in part on other grounds, *Parker v. Sony Picture Entm't, Inc.*, 260 F.3d 100, 104 (2nd Cir. 2001) ("a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good

---

[1] See court file herein.

[2] See defendant's Answer (DKT 33), Affirmative Defense No. 6.

[3] In its motion, defendant asserts, without citation to the record, that it cannot be liable for R.K.'s abuse asserting it gained knowledge of Loholt's abuse of children after R.K. was abused.  Plaintiff disputes this contention; however, because the issue of "notice" is not at-issue in the instant motion, plaintiff R.K. is not responding to that assertion at this time.  The lack of response to this unsupported assertion should, in no way, be considered a concession of this point.

[4] The case scheduling order currently applicable to this case does not contain a "last day amend pleadings" date.  However, even the complete lack of case scheduling order does not relieve counsel of the duty to move forward with litigation in a timely manner.  *See, e.g., Dodson v. Runyon*, 86 F.3d 37, 41 (2nd Cir. 1996).  Here, because of the length of time between adding R.K. as a plaintiff, the "good cause" requirement of Rule 16(b) should apply.

OPP. TO DEF'S MTN TO NAME ADD'L AT-FAULT ENTITY - 2 of 6
(04-2338RSM)
[167540 v4.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

cause).[5] The purpose underlying the "last day" to amend pleadings requirement is to "offer a measure of certainty in pretrial proceedings [by] ensuring that at some point both the parties and the pleadings will be fixed." *Id.* citing Fed. R. Civ. P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)).

A finding of "good cause" under 16(b) requires "diligence of the moving party." *Id.* citing *In re Milk Prods.*, 195 F.3d 430, 437 (8th Cir. 1999) (finding no good cause where dismissal of the first complaint "should have alerted plaintiffs" to inadequacies in the second complaint); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (finding no good cause where party failed to discover necessary information and was on notice in advance of the deadline that her complaint was inadequate); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609-610 (9th Cir. 1992) (refusing to find good cause under Rule 16(a) where party received notice long in advance of the deadline that the complaint did not name all necessary parties).

Here, there is not a "deadline for amending the pleadings" in the case scheduling order currently applicable to this case. However, the policy of finality of the pleading should have equal force in this case. Defendant's former counsel answered the R.K.'s Complaint on April

---

[5] The *Parker* court noted that several circuits, including the 9th Circuit,

> have ruled that the Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a) governs a motion to amend filed after the deadline a district court has set for amending the pleadings. As the Eleventh Circuit has noted, "if we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.

*Parker* at 340 citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999) ("When the district court has filed a Rule 16 pretrial scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order."); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation[,] and its standards may not be short-circuited by an appeal to those of Rule 15."); *Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149, 1154-55 (1st Cir. 1992) (relying on Rule 16(b) in refusing to allow an amendment after the scheduling order deadline despite the lenient standards of Rule 15(a)).

OPP. TO DEF'S MTN TO NAME ADD'L AT-FAULT ENTITY - 3 of 6
(04-2338RSM)
[167540 v4.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

28, 2005 – approximately two months after the deposition of R.K.'s mother (which occurred on March 2, 2005)[6]. For whatever reason, defendant chose not to name R.K.'s father as an "at-fault" party at that time. If defendant's reason for not naming R.K.'s father at that time was that it did not believe it had a basis to name R.K.'s father until R.K.'s deposition, that deposition occurred almost 11 months ago, on August 29, 2005.[7] These are the two depositions upon which defendant relies in supporting its bid for naming a new "at-fault" entity and, consequently, it must be determined that defendant has known of the facts giving rise to its claim that R.K.'s father was a potentially at-fault party for at least 11 months – and more likely for over 16 months (when plaintiff's mother's deposition was taken). Defendant should not be permitted to wait until just a little over two months before trial to make its bid name an additional "at-fault" entity. Instead, the lack of diligence of its former counsel should control and the motion should be denied.

Furthermore, even if the liberal amendment policy under Rule 15 is applied, the motion should be denied because plaintiff will be prejudiced. As was discussed in more detail in Plaintiff's Opposition to Defendant's Motion to Depositions After Discovery Cutoff, plaintiff opposes re-opening discovery – including the deposition of R.K.'s father. If this motion to name R.K.'s father as an at-fault party is granted, discovery will almost assuredly have to be re-opened – at least with respect to R.K.'s father – and plaintiff will have to investigate the validity of that claim to determine whether it can be defeated at trial. Plaintiff has not interviewed, investigated or taken any other steps to determine whether a claim that

---

[6] See *Exhibit B to Declaration of Michael Rosenberger in Support of Defendant's Motion to Amend Answer to Add At-Fault Entity.*

[7] See *Exhibit A to Declaration of Michael Rosenberger in Support of Defendant's Motion to Amend Answer to Add At-Fault Entity.*

OPP. TO DEF'S MTN TO NAME ADD'L AT-FAULT ENTITY - 4 of 6
(04-2338RSM)
[167540 v4.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

R.K.'s father was "at fault" could be overcome at the time of trial. Plaintiff should not have to undertake that investigation or discovery at this late-stage.

## III.    CONCLUSION

For the above stated reasons, plaintiff R.K. respectfully requests that this Court deny Defendant's Motion to Amend Answer to Add At-Fault Entity.

Dated this _21_ day of July, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By /s/ Michelle A. Menely
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    Attorneys for Plaintiff R.K.

OPP. TO DEF'S MTN TO NAME ADD'L AT-FAULT ENTITY - 5 of 6
(04-2338RSM)
[167540 v4.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

CERTIFICATE OF SERVICE

I, hereby certify that on July 21, 2006, I electronically filed the foregoing PLAINTIFF'S OPPOSITION TO MOTION TO AMEND ANSWER TO ADD AT-FAULT ENTITY with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Charles C. Gordon<br>Jeffrey I. Tilden<br>GORDON MURRAY TILDEN LLP<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA 98154<br>Ph.: 206.467.6477<br>Fx.: 206.467.6292 | |

 /s/ Nicole Calvert
Legal Assistant to Michelle A. Menely

OPP. TO DEF'S MTN TO NAME ADD'L AT-FAULT ENTITY - 6 of 6
(04-2338RSM)
[167540 v4.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575