The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K., and T.D., <br><br> Plaintiffs, <br><br> v. <br><br> THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDS, a Utah corporation, <br><br> Defendants. | NO. 04-2338 RSM <br><br> REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO AMEND ANSWER TO ADD AT-FAULT ENTITY <br><br> NOTE ON MOTION CALENDAR: JULY 26, 2006 |

## I.  INTRODUCTION

Plaintiff builds his opposition to the motion upon a rule which is irrelevant and an unsupported claim of prejudice. The liberal amendment standard of Federal Rule 15 applies, and this Court should thus allow The Corporation of the President of The Church of Jesus Christ of Latter Day Saints ("COP") to amend its answer to add Plaintiff's father as an additional at-fault entity.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO AMEND ANSWER TO ADD AT-FAULT
ENTITY - 1
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## II. ARGUMENT

### A. Rule 16 Does Not Apply

Plaintiff relies on Federal Rule 16, stating it is applicable when "a party seeks to amend a pleading *after the time allowed to do [sic] in the case scheduling order*."[1] Opp. at 2 (emphasis added). Plaintiff's reliance on this rule is misplaced given, as Plaintiff concedes a page later, "there is *not* a 'deadline for amending the pleadings' in the case scheduling order." Opp. at 3. (emphasis added). Cases governing missed deadlines do not apply where, as here, the movant is not seeking relief from a deadline in a Rule 16 case schedule. Thus, Plaintiff's argument is without merit – COP need not show "good cause" and "diligence," the standards applicable to Rule 16 motions.

Having implicitly conceded the predicate for application of Rule 16 is missing, Plaintiff then contends "the policy of finality of the pleading" should apply. Opp. at 3. There is no such policy, and Plaintiff cites no authority in support of this contention. To the contrary, the proposition that a "finality" policy exists is directly contravened by Rule 15, which liberally permits revision of pleadings. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (emphasis in original).

### B. Plaintiff Offers Only a Bare and Baseless Assertion of Prejudice that Does not Justify Denial of the Motion.

"[B]ald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.'" *Hurn v. Ret. Fund Trust of the Plumbing,*

---

[1] Rule 16 states in relevant part: "A *schedule* shall not be modified except upon a showing of good cause. . . ." Fed. R. Civ. P. 16(b)(6) (emphasis added).

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO AMEND ANSWER TO ADD AT-FAULT
ENTITY - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

*Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (quoting *Conley v. Gibson*, 355 US 41, 48, 78 S.Ct. 99, 2 L. Ed. 2d 80 (1957)). Plaintiff makes just this sort of "bald assertion of prejudice." Plaintiff's argument is not enough to overcome Rule 15's "strong policy" favoring amendments that allow the merits of a dispute to be fully litigated.

Plaintiff asserts discovery will need to be reopened with respect to Mr. Kelly if the motion is granted. This is plainly untrue. First, the evidence upon which COP relies is already in the record. Second, this motion simply *cannot* affect further discovery.

Further discovery will be controlled by the Court's response to COP's motion for leave to take depositions after the discovery cutoff, which motion has been fully briefed and is currently pending before the Court. Plaintiff's father is one of the requested depositions. Hence, if that motion is granted, COP will take the deposition of plaintiff's father – regardless of the outcome of the present motion. Conversely, if the Court denies the discovery motion, COP will not take the deposition of Plaintiff's father – even if the Court grants the present motion. Thus, the present motion will not affect further discovery. Such discovery, if any, will be controlled by the motion for leave to take depositions.

Finally, Plaintiff argues he will have to "investigate the validity of the claim," but does not state what he would need to investigate. The present motion is based upon Plaintiff's own testimony that he told his father of the abuse. Moreover, legally, no distinction exists between COP's claim against Plaintiff's mother, which is already part of the case, and Plaintiff's father. Since COP's position is based upon identical facts and law, the claims against each would rise or fall in unison. Plaintiff presumably has analyzed the validity of COP's claim against the mother; such analysis is equally applicable to the father.

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO AMEND ANSWER TO ADD AT-FAULT
ENTITY - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

In sum, the requested amendment will not alter Plaintiff's trial preparation, or add any additional burdens. Plaintiff opposes the motion because he does not want the jury verdict form to list another person to whom the jury can attribute fault. While this is understandable, it is no reason to deny the motion.

### III.  CONCLUSION

For the reasons stated above and in COP's opening brief, COP respectfully requests leave to amend its Answer to add the affirmative defense that Plaintiff's father, Jerry Kelly, is a person at-fault.

DATED this 26th day of July, 2006.

                          GORDON MURRAY TILDEN LLP

                          By _____
                          Charles C. Gordon, WSBA #1773
                          Jeffrey I. Tilden, WSBA #12219
                          Michael Rosenberger, WSBA # 17730
                          Attorneys for Defendant The Corporation of the
                          President of The Church of Jesus Christ of
                          Latter-Day Saints

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO AMEND ANSWER TO ADD AT-FAULT
ENTITY - 4
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. The parties will additionally be served in the manner indicated.

| | |
|---|---|
| Michael T. Pfau<br>Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP<br>P.O. Box 1157<br>Tacoma, WA 98401-1157<br>Telephone: (206) 676-7500<br>Facsimile: (206) 676-7575<br>E-Mail: mpfau@gth-law.com<br><br>( ) Mail ( ) Hand Delivery<br>( ) Fax ( ) Federal Express | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff, P.C.<br>600 University Street, Suite 2101<br>Seattle, WA 98101<br>Telephone: (206) 676-7610<br>Facsimile: (425) 837-9692<br>E-Mail: timkosnoff@comcast.net<br><br>( ) Mail ( ) Hand Delivery<br>( ) Fax ( ) Federal Express |

**GORDON MURRAY TILDEN LLP**

By /s/ Michael Rosenberger
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the President of The Church of Jesus Christ of Latter-Day Saints
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: mrosenberger@gmtlaw.com

REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO AMEND ANSWER TO ADD AT-FAULT ENTITY - 5
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292