The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K., and T.D.,<br><br>Plaintiffs,<br><br>v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDS FAMILY SERVICES, a Utah corporation,<br><br>Defendants. | NO. 04-2338 RSM<br><br>DEFENDANT'S IN LIMINE MOTION TO EXCLUDE EVIDENCE OF: (1) LOHOLT'S OTHER ACTS OF ABUSE; (2) DAMAGES SUFFERED BY OTHER VICTIMS; AND (3) DEFENDANTS' SETTLEMENTS WITH OTHERS<br><br>**NOTE ON MOTION CALENDAR:**<br>**August 11, 2006** |

## I.   INTRODUCTION

Plaintiff RK alleges that Defendant Corporation of the President of The Church of Jesus Christ of Latter-Day Saints ("COP") is liable for six acts of childhood sexual abuse by Jack LoHolt. LoHolt abused other children, including three of the other original plaintiffs who have since settled.

By this motion, COP seeks, first, to exclude evidence of LoHolt's abuse other than the six occasions that are the basis of plaintiff's claim. LoHolt's other acts of abuse are not relevant to

DEFENDANT'S IN LIMINE MOTION TO EXCLUDE
EVIDENCE OF: (1) LOHOLT'S OTHER ACTS OF ABUSE; (2)
DAMAGES SUFFERED BY OTHER VICTIMS; AND (3)
DEFENDANTS' SETTLEMENTS WITH OTHERS - 1
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

any issue in this case and would serve only to inflame the jury. Witnesses should be permitted to testify concerning LoHolt's abuse only to the extent such events included the plaintiff. They should not be permitted to testify of LoHolt's abuse on occasions when plaintiff was not present. Thus, with one possible exception that will be the subject of a separate motion, the Court should not admit evidence of LoHolt's abuse unless such evidence relates to instances in which he abused plaintiff R.K.[1]

Second, COP moves to exclude evidence of other victims' injuries, damages and life experiences. LoHolt abused these victims more frequently and over longer periods of time. These witnesses had dramatically different, and more severe, damages claims. Such evidence is irrelevant to plaintiff's case on liability or damages. Admission of evidence concerning these witness' injuries would require rebuttal by COP, thus turning the trial of RK's claim into a trial of already-settled claims.

Third, pursuant to FRE 408, COP moves to exclude reference to defendants' settlements with the other plaintiffs, or any other claimant, regarding claims of sexual abuse.

Although trial is scheduled for October 2, 2006, COP is filing this motion now because the Court's resolution of these issues will dramatically affect the scope and length of the trial. COP requests that this Court address these issues now so that the parties know the issues to be tried and can better prepare the pre-trial order.

---

[1] Other than LoHolt's abuse of plaintiff, the only potentially relevant instance of abuse involves an allegation that LoHolt inappropriately touched a boy named Pettit. In a conversation he believed was confidential, the boy's father, Richard Pettit, disclosed LoHolt's alleged action to Bishop Borland. Plaintiff claims that this disclosure constituted notice to COP of LoHolt's tendencies. By the present motion, COP does not seek to exclude evidence of the LoHolt's touching of the Pettit boy. The admissibility of that evidence will be addressed by future motion.

DEFENDANT'S IN LIMINE MOTION TO EXCLUDE
EVIDENCE OF: (1) LOHOLT'S OTHER ACTS OF ABUSE; (2)
DAMAGES SUFFERED BY OTHER VICTIMS; AND (3)
DEFENDANTS' SETTLEMENTS WITH OTHERS - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## II. ARGUMENT

### A. LoHolt's Abuse of Others Is Irrelevant and Should Be Excluded.

During discovery, plaintiff adduced evidence of LoHolt's other acts of abuse, including abuse of the three other original plaintiffs. Such evidence should be excluded under FRE 401 and 403, except to the extent such witnesses would testify as witnesses to LoHolt's abuse of plaintiff RK.

LoHolt's sexual abuse of others does make any fact in controversy more probable than not. LoHolt is not a party, and COP does not deny plaintiff's claim that LoHolt abused him. Also, no evidence exists that COP acquired knowledge of LoHolt's abuse of these other victims prior to his victimization of plaintiff. Finally, of course, evidence of LoHolt's abuse of others has no relevance to RK's damage claim. Hence, LoHolt's other acts of sexual abuse are not relevant to any disputed factual issue.

Moreover, admitting evidence of LoHolt's other abuse poses the risk of "unfair prejudice, confusion of the issues, . . . [and] waste of time." F.R.E. 403. Evidence of child molestation may profoundly upset some jurors. These emotions may be compounded where the acts were sustained over many years, as is the case with other LoHolt victims. Allowing such evidence to be admitted, especially where it does not tend to prove any fact in dispute, risks creating in jurors a sense of anger toward COP and sympathy toward plaintiff RK. Additionally, introduction of such evidence, along with the resulting cross-examination, wastes time and distracts the jury from the disputed questions in the case: whether COP received notice of any sexual assault by LoHolt prior to his abuse of plaintiff, the reasonableness of COP's actions, and plaintiff's damages.

DEFENDANT'S IN LIMINE MOTION TO EXCLUDE
EVIDENCE OF: (1) LOHOLT'S OTHER ACTS OF ABUSE; (2)
DAMAGES SUFFERED BY OTHER VICTIMS; AND (3)
DEFENDANTS' SETTLEMENTS WITH OTHERS - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

COP acknowledges that evidence of other sexual assaults may sometimes be admitted under F.R.E. 415(a) where "a claim for damages or other relief is predicated on a *party's* alleged commission of conduct constituting an offense of sexual assault." The situation contemplated by this Rule is a claim that defendant sexually assaulted the plaintiff, and defendant denies the assault occurred. The evidence of defendant's other acts *may* be admitted to prove the defendant's abuse. However, Rule 415 is inapplicable here because LoHolt is not a party and COP does not dispute the plaintiff's claim that LoHolt abused him. Even if Rule 415(a) applies, however, evidence of other sexual assaults is not automatically admissible. This Court cannot admit such evidence unless it is relevant and passes scrutiny under Rule 403. *Doe v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000) (affirming trial court's exclusion of evidence under Rule 415 of alleged prior assault by defendant). For the reasons discussed above, evidence of LoHolt's other sexual assaults are inadmissible under Rules 401 and 403.

**B.     Other Than Plaintiff, No Witness Should Be Permitted to Testify Regarding Damage Suffered as a Result of LoHolt's Sexual Abuse.**

COP moves to exclude evidence of any damages, emotional trauma or life struggles encountered by persons other than plaintiff RK as a result of LoHolt's sexual abuse. For example, one of the settling plaintiffs, referred to in the Complaint as "John Doe," lived on the same property as LoHolt for a period of time and subsequently joined a scout troop with which LoHolt was involved. LoHolt abused Doe many times over many years whereas, in contrast, LoHolt abused plaintiff RK six times over the course of a few months. Doe had a troubled youth which continued into adulthood: being kicked out of school, substance abuse and incarceration.

DEFENDANT'S IN LIMINE MOTION TO EXCLUDE
EVIDENCE OF: (1) LOHOLT'S OTHER ACTS OF ABUSE; (2)
DAMAGES SUFFERED BY OTHER VICTIMS; AND (3)
DEFENDANTS' SETTLEMENTS WITH OTHERS - 4
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Evidence of Doe's troubled life, and the struggles of any other LoHolt victim, is irrelevant, and would potentially inflame the jury's passions and distract the jury from the sole damages question before them -- the damages, if any, experienced by RK. Additionally, introduction of such evidence would require COP to rebut the implied causation of those problems by LoHolt's sexual abuse. There would thus be mini-trials within the RK trial, and none of these other trials would be pertinent to RK's damages. To prevent such a diversion, which would distract the jury and waste the time and resources of counsel and the Court, COP respectfully requests that the Court exclude all such evidence.

C.   **Evidence of Other Settlements Should be Excluded.**

FRE 408 provides:

> Evidence of (1) furnishing or offering or promise to furnish, or (2) <u>accepting</u> or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability . . .

(emphasis added). COP denied the claims brought by the settling plaintiffs. Answer to Amended Complaint, Dkt. 33, ¶¶ 24 to 35. Although Evidence Rule 408 does not require exclusion of a settlement agreement offered for some purpose other than liability or damages, such as proving biased or prejudiced of a witness, no such exception applies here.

Hence, the Court should exclude evidence of the fact of the other settlements, as well as their terms. *See, e.g., Belton v. Fibreboard Corp*, 724 F.2d 500, 504-505 (5th Cir. 1984) (Court's instructions directing jury to consider amount of settlement in determining damage award violated Rule 408 and constituted reversible error).

DEFENDANT'S IN LIMINE MOTION TO EXCLUDE
EVIDENCE OF: (1) LOHOLT'S OTHER ACTS OF ABUSE; (2)
DAMAGES SUFFERED BY OTHER VICTIMS; AND (3)
DEFENDANTS' SETTLEMENTS WITH OTHERS - 5
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### III. CONCLUSION

For the reasons stated above, COP hereby requests that the Court (1) exclude evidence of LoHolt's sexual abuse of persons other than plaintiff (reserving for resolution under separate motion the question of admissibility of the report to Bishop Borland of abuse of another youth); (2) exclude all testimony regarding damages suffered by persons other than plaintiff RK as a result of LoHolt's actions; and (3) exclude evidence of defendants' settlements with the original plaintiffs or any other persons

DATED this 27 day of July, 2006.

GORDON MURRAY TILDEN LLP

By /s/ Michael R.

Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the President of The Church of Jesus Christ of Latter-Day Saints

DEFENDANT'S IN LIMINE MOTION TO EXCLUDE EVIDENCE OF: (1) LOHOLT'S OTHER ACTS OF ABUSE; (2) DAMAGES SUFFERED BY OTHER VICTIMS; AND (3) DEFENDANTS' SETTLEMENTS WITH OTHERS - 6
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. The parties will additionally be served in the manner indicated.

| | |
|---|---|
| Michael T. Pfau<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim LLP<br>P.O. Box 1157<br>Tacoma, WA 98401-1157<br>Telephone: (206) 676-7500<br>Facsimile: (206) 676-7575<br>E-Mail: mpfau@gth-law.com<br><br>( ) Mail       ( ) Hand Delivery<br>( ) Fax        ( ) Federal Express | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff, P.C.<br>600 University Street, Suite 2101<br>Seattle, WA 98101<br>Telephone: (206) 676-7610<br>Facsimile: (425) 837-9692<br>E-Mail: timkosnoff@comcast.net<br><br>( ) Mail       ( ) Hand Delivery<br>( ) Fax        ( ) Federal Express |

**GORDON MURRAY TILDEN LLP**

By /s/ Michael Rosenberger
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the
President of The Church of Jesus Christ of
Latter-Day Saints
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: mrosenberger@gmtlaw.com

DEFENDANT'S IN LIMINE MOTION TO EXCLUDE
EVIDENCE OF: (1) LOHOLT'S OTHER ACTS OF ABUSE; (2)
DAMAGES SUFFERED BY OTHER VICTIMS; AND (3)
DEFENDANTS' SETTLEMENTS WITH OTHERS - 7
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292