THE HONORABLE RICARDO MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH FLEMING, JOHN DOE, R.K. and T.D.,

Plaintiffs,

vs.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH,"; LDS SOCIAL SERVICES a/d/a LDA FAMILY SERVICES, a Utah corporation,

Defendants.

NO. C04-2338RSM

**PLAINTIFF R.K.'S OPPOSITION TO DEFENDANTS' MOTION TO SEGREGATE DAMAGES RESULTING FROM INTENTIONAL SEXUAL ABUSE**

**NOTE ON MOTION CALENDAR: AUGUST 18, 2006**

## I. INTRODUCTION

This case involves allegations that defendants Corporation of the President of the Church of Jesus Christ of Latter-day Saints ("COP") and defendant LDS Social Services are liable to plaintiff R.K. for, among other things, failing to meet their statutory and common law duties of protecting children from a known pedophile. Despite the fact that Loholt is not a party to this action and despite the fact that the damages R.K. suffered as result of the defendants' inaction are indivisible from the damages R.K. suffered at the hands of the



LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Dockets.Justia.com

pedophile, defendants seek a ruling that would allow them to reduce their responsibility for plaintiff's harms by pointing to the conduct of the intentional actor – the pedophile. For the reasons stated below, defendants' motion should be denied.

## II. LEGAL ARGUMENT

### A. INTRODUCTION.

Defendants' reliance on *Tegman v. Accident and Medical Investigations, Inc.*, 150 Wn.2d 102, 75 P.3d 497 (2003) is misplaced. *Tegman* involved claims of both negligent and intentional conduct; however, all of the tortfeasors were named as defendants in the action. The Court determined that since intentional tortfeasors were not "at-fault" parties, that the negligent tortfeasors could not be jointly and severally liable with the intentional tortfeasors. However, in rendering its decision, the *Tegman* Court did not address the three issues which are present in this case, namely:

1. Can a negligent tortfeasor reduce its liability by pointing to the liability of an intentional actor who is not named as a defendant?

2. Does *Tegman* apply when the negligent actor had a special relationship with the intentional actor and, therefore, had a duty to prevent the intentional actor's conduct and therefore, to protect the plaintiff from harm?

3. Does *Tegman* apply when the defendant has failed to meet its burden of segregating damages.

As discussed in detail below, the answer to all three questions is no.

### B. A NEGLIGENT TORTFEASOR CANNOT REDUCE ITS LIABILITY BY POINTING TO AN NON-NAMED INTENTIONAL ACTOR.

The controlling case addressing the issue of whether a negligent actor can reduce its liability by pointing to the conduct of unnamed intentional actor is *Welch v. Southland*, 134 Wn.2d 629, 952 P.2d 163 (1998). The plaintiff in *Welch* sustained injuries after being assaulted, shot and robbed by an unknown assailant in a convenience store owned by



LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Southland Corporation. Plaintiff brought a negligence-based claim against Southland. Southland sought to allocate fault to the unknown assailant and, in doing so, readily admitted that apportionment was "important only so that joint and several liability is eliminated." *Southland,* 134 Wn.2d at 633.

The Washington Supreme Court rejected Southland's argument and in doing so, specifically noted:

> Under the plain language of RCW 4.22.070, in order for a defendant to apportion liability to another entity, that entity must be *at fault*.

*Id.* at 634 (emphasis in original). The *Welch* court based its holding on the "plain language" of the applicable statutes (RCW 4.24.015 and RCW 4.22.070) and the fact that the legislature did not intend that "intentional" actors be considered "at fault" stating:

> The plain language of both statutes evidences a legislative intent that liability not be apportioned to intentional tortfeasors. . . . the definition of *fault* does not include intentional acts or omissions. Thus, we conclude, from the plain language of RCW 4.22.015, the Legislature did not intend an entity who commits an intentional tort be considered at *fault* for purposes of RCW 4.22.070.

*Welch,* 134 Wn.2d at 634. The *Tegman* decision did not alter this ruling. In fact, the *Tegman* court specifically noted that its decision was in accord with *Welch* since "the negligent defendant is not permitted to apportion fault to an intentional tortfeasor." *Tegman,* 150 Wn.2d at 116.

Here, by asserting that a segregation of damages is required, defendants are attempting to do exactly what the defendant in *Welch* was not permitted to do – namely, avoid "joint and several liability." If defendants are permitted to segregate damages to the unnamed intentional actor, they will be achieving that same result as if Loholt was "empty chair" defendant on the verdict form, i.e., apportioning fault to an unnamed intentional tortfeasor. Under *Welch* a



LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

negligent defendant is not permitted to reduce its own liability by pointing to the conduct of an intentional actor. Consequently, defendants' position is contrary to law and should not be permitted.

Plaintiff's position – that *Welch* continues to control in cases where the intentional actor is not a named party – has been adopted by at least one other Washington Federal court. *See, Christensen v. Royal School Dist. No. 160,* U.S.D.C. No. CV-02-185FVS (E.D. Wash. 2006). In fact, in his ruling Judge Van Sickle specifically noted that *Welch* controlled:

> *Tegman* involved a case where both intentional tortfeasors and negligent tortfeasors were named defendants in the action. Here, however, the intentional tortfeasor will not be a party to the lawsuit at the time of trial. In this case the jury will only be required to address Plaintiffs' claims against Defendants Royal School District and Principal Andersen, the alleged negligent tortfeasors. Therefore, the joint and several liability addressed by the court in *Tegman* does not present itself here. Accordingly, *Tegman* is not applicable.
>
> The issue before the Court is controlled by *Welch v. Southland Corp.*, 134 Wn.2d 629, 952 P.2d 162 (1998). . . .[1]

Here, as in *Christensen* plaintiff will be asking the jury to determine the fault of defendants COP and LDS Social Services and will be asking the jury to determine the damages suffered by R.K. as a result of COP and LDS Social Services' actions (or inactions). In this circumstance, *Tegman* does not control. Instead, as noted by Judge Van Sickle, this issue is controlled by *Welch.*

---

[1] *See Order Granting Plaintiff's Motion for Partial Summary Judgment, pg. 4, ll. 11-20.* A copy of the Judge Van Sickle's written Order is attached to the Declaration of Michelle A. Menely, filed herewith, as **Exhibit A.**



LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

### C. *TEGMAN* DOES NOT APPLY WHEN THE NEGLIGENT ACTOR HAD AN AFFIRMATIVE DUTY TO PROTECT FROM THE INTENTIONAL ACTOR'S CONDUCT.

Furthermore, even if *Tegman* applied when the intentional tortfeasor is not a named party, *Tegman* does not apply because the named defendants' conduct was the **cause** of the intentionally based damages. In fact, contrary to defendants' position, the *Tegman* Court specifically limited its holding, stating:

> [RCW 4.22.070] serves to provide some relief to negligent defendants whose conduct is not as egregious as the intentional tortfeasor, nor the **cause** of the intentionally based damages.

*Tegman,* 150 Wn.2d at 119 (emphasis added).

Here, COP and LDS Social Services caused Kelly's damages by, among other things, turning a blind-eye to a known pedophile in their midst and failing to meet their statutory[2] and common law[3] duties to protect third persons from that pedophile. In contrast to the negligent and intentional actors involved in the *Tegman* case, both COP and LDS Social Services had independent duties – regardless of their relationship with R.K. – to report Loholt's misconduct to appropriate authorities.[4] However, despite having unequivocal knowledge that Loholt was

---

[2] The mandatory reporting statute, RCW 26.44.030 provides, in pertinent part:

> When any practitioner, professional school personnel, registered or licensed nurse, social worker, psychologist, pharmacist, or employee of the department [of Social and Health Services] has reasonable cause to believe that a child or adult dependent person has suffered abuse or neglect, he shall report such incident, or cause a report to be made, to the proper law enforcement agency or to the department as provided in RCW 26.44.040. . . .

The current statute does not apply to clergy; however, at the time of the events giving rise to this claim, clergy were included as mandatory reporters. *See, State v. Motherwell,* 114 Wn.2d 353, 358-358, 788 P.2d 1066 (1990) ("prior to 1975 the statute expressly included the clergy among those groups that were required to report suspected child abuse.").

[3] A social service counselor, e.g., LDS Social Services, has a duty to protect persons from the dangerous propensities of their patients. *See, Petersen v. State,* 100 Wn.2d 421, 671 P.2d 230 (1983).

[4] This Court has previously noted that both COP and LDS had a "special relationship" with Loholt, himself, and that "special relationship," at a minimum, gave rise to a question of fact going to the issue of whether COP had a duty to plaintiff R.K. *See,* Memorandum Order Granting in Part Summary Judgment (Dkt. No. 101), pg. 9, ll. 1-3 and ll. 19.



LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

a pedophile from as long ago as 1971[5]– prior to the time plaintiff R.K. was molested – neither COP nor LDS Social Services took any steps to comply with the statute (or in the case of LDS Social Services, with its common law duty). Their failure to do so was at least **a** cause (if not the sole cause) of plaintiff R.K.'s later harm.

The *Tegman* decision does not apply in the situation squarely presented by this case: namely, where the negligent party's liability is based on the failure to prevent the conduct of the intentional actor.[6] This case involves an issue which was not present in *Tegman* and which was not discussed or reached by the *Tegman* Court. Unlike *Tegman,* this case involves COP's statutory duty to report known instances of child sexual abuse. Loholt's abuse of children, including his abuse of plaintiff R.K. was a direct result of COP's breach of that duty. The court in *Tegman* did not address this scenario, 150 Wn. 2d at 127–28 (Chambers, J., dissenting), but stated that the legislative scheme provided some relief to negligent defendants whose conduct was not "*the cause of the intentionally based damages*." *Tegman,* 102 Wn.2d at 116. No *Tegman* segregation of damages is required when the intentional tort is the exact conduct the negligent actor had a duty to protect against.

No Washington court has determined whether damages must be segregated between negligent and intentional torts when the negligence was the failure to prevent the intentional tort and the *Tegman* court did not address this situation. In fact, as noted by Justice Chambers in his dissent, "the majority opinion does not reach the related, but separate, question of

---

[5] As this Court previously noted, COP had notice as early as 1971. *See* Memorandum Order Granting in Part Summary Judgment (Dkt. No. 101) pg. 12, ll. 4-7.

[6] The *Tegman* Court did not impose negligence liability on Lorraine Noble because of any independent duty to report her employer's nefarious conduct. Instead, liability was imposed due to the attorney-client relationship between Noble and Maria Tegman. While the *Tegman* court specifically noted that Maria Noble's "negligence" was the failure to advise Maria Tegman of the intentional conduct of a third person (McClellan), the Court did not address the issue of whether Noble would have **any** duty to report the criminal activities of her employer, or any duty to protect Maria Tegman outside of the attorney-client relationship. In contrast, here, regardless of COP and LDS Social Services' relationship with plaintiff R.K., they had an independent obligation to report Loholt to authorities. Their failure to meet those statutory and common law duties was at least **a** cause of R.K.'s later harm.



LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

negligent supervision." *Tegman,* 150 Wn.2d at 128, fn. 14 (citations omitted) (Chambers J., dissent). A significant majority of courts in other jurisdictions hold that the liability of a negligent tortfeasor cannot be reduced because of an intentional tort when the defendant's negligence involves a duty to prevent that intentional tort.[7] *See, e.g., Cortez v. University Mall Shopping Center*, 941 F. Supp. 1096, 1098–1100 (D. Utah 1996); *Merrill Crossing Associates v. McDonald*, 705 So. 2d 560, 562–63 (Fla. 1997); *Kansas State Bank & Trust Co. v. Specialized Transportation Services, Inc.*, 249 Kan. 348, 819 P.2d 587, 605–06 (1991); *Veazey v. Elmwood Plantation Associates, LTD*, 650 So. 2d 712, 719—20 (La. 1994); *Brandon v. County of Richardson*, 261 Neb. 636, 624 N.W.2d 604, 620 (2001); *Turner v. Jordan*, 957 S.W.2d 815, 821–23 (Tenn. 1997). As one court stated, "It would be irrational to allow a party who negligently fails to discharge a duty to protect to reduce his liability because there is an intervening intentional tort **when the intervening intentional tort is exactly what the negligent party had a duty to protect against."** *Brandon*, 624 N.W.2d at 620 (emphasis added); *see also Turner*, 957 S.W.2d at 823 (A defendant "should not be permitted to reduce his liability by relying on the occurrence of the foreseeable risk of harm he had a duty to prevent.")

Refusing to allow a negligent defendant to allocate damages to an intentional tortfeasor when the defendant had a duty to protect against the intentional act also is consistent with RESTATEMENT (SECOND) OF TORTS § 449, which reads as follows:

> If the likelihood that a third person may act in a particular manner is the hazard or one of the hazards which makes the actor negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the actor from being liable for harm caused thereby.

---

7 Defendant will assert that since *Tegman* is a statutory-interpretation case, that reliance on out-of-state authorities is misplaced. However, because no Washington court has addressed the very situation present in this case – whether segregation of damages between intentional and negligent tortfeasors is required when the negligent actor had an independent duty to prevent the intentional conduct – the out-of-state authorities should be considered.



LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Comment b to §449 elaborates on this rule:

> The happening of the very event the likelihood of which makes the actor's conduct negligent and so subjects the actor to liability cannot relieve him from liability. The duty to refrain from the act committed or to do the act omitted is imposed to protect the other from this very danger. To deny recovery because the others exposure to the very risk from which it was the purpose of the duty to protect him resulted in harm to him, would be to deprive the other of all protection and to make the duty a nullity.

*Tegman*, 150 Wn.2d at 127 (Chambers, J., dissenting); *see also Merrill Crossings*, 705 So. 2d at 562.

The key to the rule in §449 – and the crucial distinction between *Tegman* and this case – is the causal relationship between the negligent conduct and the intentional act. In this case if the jury finds that COP's negligence caused the continuing intentional acts – but for COP and LDS Social Services' negligence R.K. would not have been sexually abused – such a finding would necessarily mean that COP and LDS Social Services' negligence caused the damages resulting from the intentional act.

It is extremely significant in this regard that, in explaining the rationale for its holding, the *Tegman* court expressly limited its application to those cases in which the negligent defendant's conduct was **not** the **cause** of the intentionally based damages.

> [RCW 4.22.070] serves to provide some relief to negligent defendants whose conduct is not as egregious as the intentional tortfeasor, nor the **cause** of the intentionally based damages.

*Id.* at 505 (emphasis added).

### D. EVEN IF *TEGMAN* APPLIES, SEGREGATION MAY ONLY OCCUR IF DEFENDANT MEETS ITS BURDEN OF SEGREGATING DAMAGES.

The primary authorities relating to the issue of which party bears the burden of segregation of damages are *Phennah v. Whalen,* 28 Wn.App. 19, 621 P.2d 1304 (1980) and *Cox v. Spangler,* 141 Wn.2d 431, 5 P.3d 1265 (2000). In *Phennah,* the appellate court was



LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

called upon to determine the situation in which two or more defendants would be jointly and severally liable for a plaintiff's harms. In answering this question, the *Phennah* court announced the rule relating to when the burden of segregating damages may shift to defendants and specifically noted that the "emerging rule . . . is that when the harm is indivisible as among successive [independent] tortfeasors, the defendants must bear the burden of proving allocation of the damages among themselves." *Id.* at 26-27. The *Phennah* court additionally provided the outline for making the ultimate determination:

> . . . the first determination is whether the harm is segregable. On the basis of that factual determination, the tortfeasors are either severally or jointly liable. As to the burden of proof when the harm is **not** segregable § 433B [of the Restatement] allocates to the tortfeasors the burden of proving apportionment among them.

*Id.* at 28. In concluding the opinion, the court stated as follows:

> We therefore hold that once a plaintiff has proved that each successive negligent defendant has caused some damage, the burden of proving allocation of those damages among themselves is upon the defendants; if the jury finds that the harm is indivisible, then the defendants are jointly and severally liable for the entire harm.

*Id.* at 29.

Here, plaintiff is fault-free. Consequently, under *Cox* and *Phennah,* defendant bears the burden of segregation. If COP is unable to meet that burden, it will be liable for all of plaintiff's harms and no *Tegman* segregation is required. (If, indeed, *Tegman* applies at all; which, for the reasons stated above, is not conceded.)

In an attempt to overcome the holdings of *Cox* and *Phennah,* COP implies that *Tegman* overruled the *Cox/Phennah* holdings and affirmatively asserts that requiring segregation is inconsistent with *Tegman* because (a) the *Tegman* court required segregation regardless of the seemingly indivisible nature of Maria Tegman's damages and (b) because



LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

requiring segregation would limit *Tegman* to the "rarest of tort cases." Both arguments are flawed.

*Tegman* simply did not address the issue of whether segregation was possible. It is unknown why the Court neglected to mention divisibility of harm – perhaps none of the parties raised the issue. However, it is not necessary to determine why the *Tegman* Court did not provide the guidance because, since *Tegman* was decided Justice Chambers has provided that guidance stating:

> *Tegman,* of course, must be read in harmony with our case law interpreting apportionment, especially *Cox v. Spangler,* 141 Wn2.d 431, 439-40, 5 P.3d 1265 (2000) and *Phennah v. Whalen,* 28 Wn.App. 19, 28-29 621 P.2d 1304 (1980). . . .

*Said Aba Sheikh v. Choe,* 156 Wn.2d 441, 460, 128 P.3d 574 (2006) (Chambers, J., concurrence).

*Tegman* is not a basis for departing from the long-standing rule that where there is a fault-free plaintiff, the burden of segregating damages falls to the defendant. Indeed, as pointed out by the defendant, the ability to segregate damages would very likely only occur in the "rarest of cases." However, that rarity is present regardless of whether the tortfeasors were all negligent or some of the tortfeasors were intentional actors.

Requiring a negligent defendant to show divisibility of harm between its actions and an intentional actor's conduct is consistent with public policy. As explained in *Cox,* the public policy underlying the rule requiring a defendant to segregate damages is that any hardship that flows from the inability to segregate damages should not be borne by a fault-free plaintiff but, instead, should be borne by the culpable party. *Cox,* 141 Wn.2d at 444 ("as between the proved tortfeasor who has clearly caused some harm, and the entirely innocent plaintiff, any hardship due to lack of evidence as to the extent of the harm caused should fall upon the former").



LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Finally, the reasoning underlying the *Phennah* and *Cox* holdings demonstrates that these courts did not intend to limit the burden shifting requirement to situations where only negligent actors were responsible for a plaintiff's harm. The Restatement (Second) of Torts §433B was the basis for both the *Cox* and *Phennah* holdings and that section does not distinguish between negligent and intentional conduct. Instead, that section provides that "where the tortious conduct of two or more **actors**" combines to cause harm, the burden of proof of apportionment is upon each such **actor.** *Cox,* 141 Wn.2d at 433 citing *Phennah* and *Restatement (Second) of Torts §433B* (emphasis added).

## III. CONCLUSION

A negligent actor is not jointly and severally liable with an intentional actor defendant. *Tegman v. Accident and Medical Investigations, Inc.,* 150 Wn.2d 102, 75 P.3d 497 (2003). However, a defendant is also not permitted to reduce its own liability by pointing to the conduct and/or "fault" of an unnamed intentional actor. *Welch v. Southland,* 134 Wn.2d 629, 952 P.2d 163 (1998). These two decisions are easily reconciled. When an intentional actor is not named, the only issue the jury will be required to decide is the extent of the damages which flow from the negligent actor's action or inaction. Consequently, there will be no need for any segregation of damages between the intentional and negligent actors. This exact situation present in this case. Plaintiff R.K. will ask the jury to award damages which were caused by COP and LDS Social Services failure to meet their obligations to report a known pedophile to law enforcement officials. Both entities failed to meet their obligation and R.K. was harmed as a result. In this situation, segregation of damages between these defendants' inaction and Loholt's affirmative action is not only not required, it is not permitted. Defendants' motion to segregate should be denied.



LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

RESPECTFULLY SUBMITTED this 14th day of August, 2006.

GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

By [signature]
Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Michelle A. Menely, WSBA No. 28353
mmenely@gth-law.com
Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF

By ____________________
Timothy D. Kosnoff, WSBA No. 16586
timkosnoff@comcast.net
Co-Counsel for Plaintiff



LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575