THE HONORABLE RICARDO MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K. and T.D., <br><br> Plaintiffs, <br><br> vs. <br><br> THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH,"; LDS SOCIAL SERVICES a/d/a LDA FAMILY SERVICES, a Utah corporation, <br><br> Defendants. | NO. C04-2338RSM <br><br> **DECLARATION OF MICHELLE A. MENELY RE: PLAINTIFF R.K.'S OPPOSITION TO DEFENDANTS' MOTION TO SEGREGATE DAMAGES RESULTING FROM INTENTIONAL SEXUAL ABUSE** <br><br> NOTE ON MOTION CALENDAR: AUGUST 18, 2006 |

MICHELLE A. MENELY, being first duly sworn on oath, deposes and states:

1.      I am one of the attorneys for the plaintiff in the above-referenced matter; I make this declaration based on my own personal knowledge.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Order Granting Plaintiffs Motion for Partial Summary Judgment in the case of *Christensen v. Royal Sch. District No. 160,* U.S.D.C, Eastern District of Washington, cause No. CV-02-185FVS.

MENELY DECL. ER: PLTF'S OPP. TO SEGREGATE DAMAGES - 1 of 2
(C04-2338RSM)
[168697 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS

2

TRUE AND CORRECT.

3

4

DATED at Seattle, Washington, this 14th day of August, 2006.

5

6

_Michelle Menely_

7

Michelle A. Menely

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MENELY DECL. ER: PLTF'S OPP. TO SEGREGATE DAMAGES - 2 of 2
(C04-2338RSM)
[168697 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

# EXHIBIT A

EXHIBIT A

1

2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

3

4

5

6

7

8

9

10

11

LESLIE CHRISTENSEN, et al.,

             Plaintiffs,

      v.

ROYAL SCHOOL DISTRICT NO. 160, et al.,

             Defendants.

No. CV-02-185-FVS

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

12

13

14

15

16

17

18

19

20

21

**BEFORE THE COURT** is Plaintiffs' Motion for Partial Summary

Judgment Against Royal School District and Preston Kent Andersen (Ct.

Rec. 47).  Plaintiffs Gary and Kim Christensen are represented by

Eugene Annis and Tami Wilcox.  Plaintiff Leslie Christensen is

represented by Robert Crotty and Matt Zuchetto.  Defendant Royal

School District is represented by Brian Christensen, Jennifer Homer,

and Jerry Moberg.  Defendant Steven Diaz is represented by David

Soderland.  Defendant Preston Kent Andersen ("Principal Andersen") is

represented by Brian Christensen, Jennifer Homer, Michael McFarland,

and Heather Yakely.

22

23

**BACKGROUND**

    Plaintiff Leslie Christensen asserts claims against Defendants

24

25

26

Royal School District and Principal Andersen for violations of Title

IX, 20 U.S.C. § 1681, et seq., and 42 U.S.C. § 1983.  Under Washington

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT -
1

1   state law, Plaintiff asserts claims against Royal School District and

2   Principal Andersen for (1) retaliation and creating a sexually hostile

3   educational environment in violation of Washington's Law Against

4   Discrimination ("WLAD"), RCW 49.60; (2) negligent hiring and

5   supervision of Mr. Diaz; (3) negligence in failing to protect

6   Plaintiff from sexual abuse by Mr. Diaz; and (4) intentional and

7   negligent infliction of emotional distress.  Plaintiffs Gary and Kim

8   Christensen assert a loss of consortium claim against Defendants Royal

9   School District and Principal Andersen.

10      Plaintiffs move for partial summary judgment prohibiting

11  Defendants Royal School District and Principal Andersen from

12  allocating liability to Defendant Steven Diaz, the alleged intentional

13  tortfeasor, or to Plaintiff Leslie Christensen.  Plaintiffs' motion

14  for partial summary judgment was filed on July 31, 2003.  On September

15  29, 2003, the Court granted Defendants' motion to certify and stayed

16  this action pending certification to the Washington Supreme Court of

17  the issue of whether the Plaintiff Leslie Christensen could be

18  attributed comparative fault with respect to the negligence actions

19  against Defendants Royal School District and Principal Andersen.  The

20  Court's Order staying this action also vacated the existing scheduling

21  order and struck the hearing on Plaintiffs' pending motion for partial

22  summary judgment.  (Ct. Rec. 81).  On January 6, 2006, the Court

23  received a certificate of finality from the Washington Supreme Court.

24  The Washington Supreme Court held that "contributory fault may not be

25  assessed against a 13-year-old child when that child brings a civil

26  action against a school district and school principal for sexual abuse

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT -
2

by her teacher." *Christensen v. Royal Sch. Dist. No. 160*, 156 Wash.2d 62, 72-73, 124 P.3d 283, 288 (2005). Thereafter, the Court lifted the stay in this action, and on February 1, 2006, the Court held a telephonic scheduling conference for purposes of setting this action back on the Court's trial calendar. Plaintiffs' partial motion for summary judgment, however, was never re-noted for hearing after the Court lifted the stay. Thus, the Court was unaware the motion remained pending until Plaintiffs' counsel brought the issue to the Court's attention in a telephonic status conference held on July 21, 2006.

With respect to Leslie Christensen, Plaintiffs' motion for partial summary judgment was resolved by the Supreme Court's ruling. The remaining issue before the Court is Plaintiffs' request for an order prohibiting Royal School District and Principal Andersen from allocating fault or liability for their negligence to the intentional tortfeasor, Steven Diaz. Relying on *Tegman v. Accident & Medical Investigations, Inc.*, 150 Wash.2d 102, 75 P.3d 497(2003), Defendants contend the Court must instruct the jury to apportion liability between Royal School District and Steven Diaz by segregating any damages due to the intentional conduct of Steven Diaz from the damages due to the negligence of Royal School District and Principal Andersen. The Court allowed both parties to submit supplemental briefing addressing *Tegman*. At that time, Steven Diaz was a party to this action. Plaintiffs, however, recently advised the Court that they entered into a settlement with Steven Diaz and he will not be a party to this lawsuit at the time of trial.

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

1    In *Tegman*, the trial court awarded the plaintiff damages against

2   multiple defendants, including damages caused both by the intentional

3   tortfeasor and the negligent tortfeasors.  The Washington Supreme

4   Court remanded, holding that under Washington's Tort Reform Act, RCW

5   4.22.070, "the damages resulting from negligence must be segregated

6   from those resulting from intentional acts, and the negligent

7   defendants are jointly and severally liable only for the damages

8   resulting from their negligence.  They are not jointly and severally

9   liable for damages caused by intentional acts of others." *Tegman*, 150

10  Wash.2d at 105, 75 P.3d at 497.

11   *Tegman* involved a case where both intentional tortfeasors and

12  negligent tortfeasors were named defendants in the action.  Here,

13  however, the intentional tortfeasor will not be a party to the lawsuit

14  at the time of trial.  In this case the jury will only be required to

15  address Plaintiffs' claims against Defendants Royal School District

16  and Principal Andersen, the alleged negligent tortfeasors.  Therefore,

17  the joint and several liability issue addressed by the court in *Tegman*

18  does not present itself here.  Accordingly, *Tegman* is not applicable.

19   The issue before the Court is controlled by *Welch v. Southland

20  Corp.*, 134 Wash.2d 629, 952 P.2d 162 (1998).  In *Welch*, the trial

21  court held that the defendant was entitled to apportion liability to

22  an assailant who shot and injured the plaintiff at one of the

23  defendant's convenience stores.  134 Wash.2d at 163, 952 P.2d at 630.

24  The Washington Supreme Court reversed, holding that because

25  intentional acts are not included under the current statutory

26  definition of fault, "a defendant is not entitled to apportion

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT -
4

liability to an intentional tortfeasor." *Id.* Similarly, Defendants Royal School District and Principal Andersen may not apportion liability to Steven Diaz. On this basis, Plaintiffs' motion for partial summary judgment is granted. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment **(Ct. Rec. 47)** is **GRANTED**.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this <u>3rd</u> day of August, 2006.

*s/ Fred Van Sickle*
Fred Van Sickle
United States District Judge

ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT - 5