THE HONORABLE RICARDO MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K. and T.D., <br><br> Plaintiffs, <br><br> vs. <br><br> THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH,"; LDS SOCIAL SERVICES a/d/a LDA FAMILY SERVICES, a Utah corporation, <br><br> Defendants. | NO. C04-2338RSM <br><br> **PLAINTIFF R.K.'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EVIDENCE OF (1) LOHOLT'S OTHER ACTS OF ABUSE; (2) DAMAGES SUFFERED BY OTHER VICTIMS; AND (3) DEFENDANTS' SETTLEMENTS WITH OTHERS** <br><br> NOTE ON MOTION CALENDAR: <br> AUGUST 18, 2006 |

I. INTRODUCTION

As discussed at length in R.K.'s opposition to defendants' Motion to Segregate Damages (and in other documents), plaintiff's theory in this case is that COP and LDS Social Services both had statutory and common law duties to prevent Loholt from molesting children and that the breach of their duties caused plaintiff damage.

The fact that Loholt had multiple victims and the fact that these other victims' experiences were similar to the experience of R.K.'s goes to a variety of issues, including the

PLTF'S OPP. TO DEFS. MTN IN LIMINE - 1 of 10
(C04-2338RSM)
[168670 v10.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

nature and extent of the extent of knowledge COP and/or LDS Social Services had prior to (and after) plaintiff R.K. was abused. Furthermore, the evidence is relevant because it demonstrates the manner in which both COP and LDS Social Services dealt with their knowledge that there was a pedophile in their midst. Finally, the evidence is relevant because it demonstrates the common plan or scheme employed by Loholt in selecting and abusing his victims. For these reasons, and for the reasons discussed below, plaintiff should not be precluded from presenting the testimony from other Loholt victims.

## II.    LEGAL ARGUMENT

### A. EVIDENCE FROM OTHER VICTIMS IS NECESSARY TO DEMONSTRATE WHEN COP AND LDS SOCIAL SERVICES KNEW, OR SHOULD HAVE KNOWN, THAT LOHOLT WAS A PEDOPHILE.

The issue of when COP and LDS Social Services first gained knowledge, or at least should have gained knowledge, of Loholt's abuse of children was discussed, at length, in plaintiff's opposition to COP's Motion for Summary Judgment.[1] As demonstrated in that pleading, plaintiff will present evidence that COP and LDS Social Services gained knowledge of Loholt's abuse of children as early as 1971. The evidence plaintiff will present on this issue will include the evidence presented in the prior motion for summary judgment, including testimony of victim S.P.[2] Plaintiff will additionally present evidence in late 1972/early 1973 Mormon officials learned that Loholt had abused other victim and that when Loholt was confronted with that information he denied that specific instance of abuse, but admitted he was abusing other children, including members of the Allenbach family and former plaintiff, John Doe.[3] These victims, and others, will testify as to their experience with

---

[1] Dkt No. 80-1. In the interest of brevity, plaintiff is not repeating the facts relating to COP's notice here. However, for the Court's reference, a copy of the relevant section from plaintiff's Opposition to COP's Motion for Summary Judgment is attached to the declaration of Michelle A. Menely as **Exhibit A.**

[2] Due to concerns for the privacy of victims, plaintiff is utilizing the victims' initials. To the extent defendant and/or the Court is unable to determine which victim is being discussed, plaintiff will be happy to provide clarification.

[3] Dkt. 80-1, pg. 2, ll. 6-17 (the factual support for these assertions was noted in the Opposition).

PLTF'S OPP. TO DEFS. MTN IN LIMINE - 2 of 10
(C04-2338RSM)
[168670 v10.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Loholt and, if applicable, to the steps they took to notify Mormon officials of Loholt's conduct. This Court previously denied COP's motion for summary judgment, but did not find that "notice" existed as a matter of law. Consequently, plaintiff must be able to present the testimony of other victims to demonstrate the time when COP gained knowledge, or at least should have gained knowledge, of Loholt's abuse of children.

B. **EVIDENCE OF LOHOLT'S ABUSE OF OTHERS IS ADMISSIBLE SO THAT PLAINTIFF WILL NOT BE UNDULY PREJUDICED AND TO DEMONSTRATE THE ESSENTIAL ELEMENTS OF PLAINTIFF'S CLAIM.**

(1) **PLAINTIFF WILL BE UNDULY PREJUDICED IF HE IS NOT PERMITTED TO DEMONSTRATE THAT LOHOLT HAD MULTIPLE VICTIMS.**

By seeking to prohibit the introduction of testimony of other Loholt victims, defendants are attempting to paint a picture indicating that Loholt's abuse of R.K. was an isolated event. As is clear from the evidence disclosed to date, including Loholt's own testimony, his abuse of R.K. was not a rare occurrence or an isolated event. Instead, Loholt was a serial pedophile who performed horrific acts of abuse on multiple children.[4]

FRE 403 prohibits evidence that is **unduly** prejudicial – not evidence that is simply prejudicial. Here, despite admitting that he has abused multiple children, Jack Loholt denies that he abused R.K.[5] While COP may not dispute that Loholt abused R.K., defendants certainly will not assist R.K. in proving an essential element of his case – namely, that the abuse occurred. That burden will fall solely to the plaintiff. In the face of Loholt's denial, plaintiff must be able to demonstrate to the jury that his testimony should be believed over that of Loholt.

Plaintiff should not be limited to proving his case by engaging a swearing contest with Loholt. Instead, the other victims must be permitted to testify to corroborate R.K.'s

---

[4] Deposition of Jack Loholt (now known as Onefrey), pg. 95-101 (attached as **Exhibit B** to Menely Decl.).
[5] Loholt Depo., pg. 96, ll. 13-18 (**Exhibit B**).

PLTF'S OPP. TO DEFS. MTN IN LIMINE - 3 of 10
(C04-2338RSM)
[168670 v10.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

testimony. As discussed in detail below, the other victims' testimony will corroborate R.K.'s testimony as to the nature, extent and type of abuse and as to the timing of the abuse itself. In this situation, allowing other victims to testify as to the circumstances of their abuse will not unduly prejudice the defendant. In fact, quite the opposite is true – prohibiting the jury from hearing the "whole story," will unduly prejudice the plaintiff and how the abuse occurred.

### (2) OTHER VICTIMS' TESTIMONY IS ADMISSIBLE TO ESTABLISH NOTICE TO COP AND TO REBUT DEFENDANTS' EXPECTED ATTACK ON R.K.'S CREDIBILITY.

Defendants have indicated (in other filings before this Court) that they intend to defend this case by, in part, asserting that Loholt's abuse of R.K. occurred prior to the time they gained knowledge of Loholt's abuse of children. The basis for this defense is a statement R.K. made to a treating psychologist in which he indicated that that the abuse occurred when he was approximately six (6) years old (in approximately 1968).[6] Defendants will, undoubtedly, attempt to use that statement to argue that R.K.'s memory is not credible. Plaintiff, of course, disputes that the abuse occurred in 1968 and will explain the discrepancy to the jury. Part of that explanation will be the testimony from other victims, including plaintiff John Doe, R.K.'s brother, Tom, and other members of the Allenbach family. These victims will testify to, among other things, the approximate dates when they were abused and that R.K. was present during at least some of their abuse sessions. Consequently, the testimony of other victims is necessary to rebut defendant's contention of lack of notice and to bolster R.K.'s credibility.

---

[6] The evidence uncovered to date indicates that Loholt's abuse of children, including plaintiff R.K., occurred in the early to mid-1970s – long after R.K. was six years old. Plaintiff will demonstrate that R.K.'s prior statement to the psychologist was erroneous.

PLTF'S OPP. TO DEFS. MTN IN LIMINE - 4 of 10
(C04-2338RSM)
[168670 v10.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

C. EVIDENCE OF OTHER VICTIMS' TESTIMONY IS NECESSARY TO CORROBORATE R.K.'S TESTIMONY AND TO DEMONSTRATE A COMMON SCHEME OR PLAN.

(1) THE TESTIMONY OF OTHER VICTIMS IS ADMISSIBLE TO CORROBORATE R.K.'S TESTIMONY.

FRE 403 permits the introduction of similar conduct to corroborate another victim's testimony. *See, e.g., State v. Smith,* 82 Wn.App. 327, 917 P.2d 1108 (1996).[7] Here, Loholt has denied molesting plaintiff R.K.[8] Loholt has further denied the types of his abuse he inflicted on children.[9] R.K. suffered horrific abuse at the hands of Jack Loholt, including but not limited to mutual masturbation and requiring R.K. to perform oral sex on Loholt until Loholt ejaculated. Loholt additionally threatened R.K. with death if he told anyone about the abuse.[10] R.K. must be able to explain the nature and extent of the abuse to the jury, including explaining why he did not mention the abuse to others. R.K. should not have to limit the presentation of evidence to his testimony only. Instead, other victims should be permitted to testify regarding Loholt's abuse of them. The other victims' testimony will, at a minimum, demonstrate that Loholt's abuse of R.K. was not different, in any meaningful way, from the abuse Loholt inflicted on other children and will, consequently, corroborate R.K.'s testimony. Furthermore, because Loholt denies ever abusing R.K., the victims' testimony will corroborate the fact that R.K. was, in fact, abused.[11]

---

[7] The analysis in *State v. Smith* was under Washington's Rule of Evidence 403. However, "ER 403 is the same as Federal Rule of Evidence 403," and consequently, courts can look to "both state and federal case law for guidance." *Carson v. Fine,* 123 Wn.2d 206, 223, 867 P.2d 610 (1994). Furthermore, both rules "are concerned with what is termed 'unfair prejudice' . . . ." *Id.* citing *United States v. Roark,* 753 F.2d 991, 994 (11th Cir. 1985) (other citations omitted).

[8] Loholt Depo., pg. 96, ll. 13-18 (**Exhibit B**).

[9] *Id.*, pg. 98-101 (**Exhibit B**).

[10] R.K.'s Response to Defendant's Interrogatory No. 7 (attached to the Declaration of Michelle A. Menely as **Exhibit C**).

[11] The fact that COP does not dispute that Loholt abused R.K. is irrelevant; Loholt has denied that the abuse occurred.

PLTF'S OPP. TO DEFS. MTN IN LIMINE - 5 of 10
(C04-2338RSM)
[168670 v10.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

### (2) OTHER VICTIMS' TESTIMONY IS ADMISSIBLE BECAUSE THE OTHERS' VICTIMS' TESTIMONY DEMONSTRATES A COMMON PLAN OR SCHEME.

The testimony of other victims is also admissible under FRE 404(b) which provides, in pertinent part:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. . . .

Evidence of other crimes or wrong is also "admissible to show a common scheme or plan to establish the required criminal intent." *State v. York,* 50 Wn.App. 446, 455, 749 P.2d 683 (1987).[12] In *York*, the court held that evidence that the defendant raped three girls would have been admissible in separate trials to show a common scheme or plan. *York*, 50 Wn. App. at 457. The testimony of the three victims established that all victims were of a similar age, were students at the same school, that the defendant pushed each victim into a restroom near a laundry area to commit a sexual act, and that he silenced each victim with his hand or arm. *York*, 50 Wn. App. at 456. Furthermore, as in the case at bar, *York* denied contact with one victim. *York*, 50 Wn. App. at 451. The court found "a plan of accosting vulnerable young students in an area of the school where he, through knowledge of the school's layout, had ascertained that his acts could remain undetected and of having sexual intercourse by physical compulsion." *York*, 50 Wn. App. at 457. And the probative value of the evidence would have outweighed its prejudicial effect because evidence of a common plan was probative to whether the acts occurred as charged and supported the victims' credibility. *York*, 50 Wn. App. at 457.

---

[12] While plaintiff is not required to prove "criminal intent," the analysis is not altered. Demonstrating a common scheme or plan will assist R.K. in proving that his abuse occurred as he will describe it to the jury.

PLTF'S OPP. TO DEFS. MTN IN LIMINE - 6 of 10
(C04-2338RSM)
[168670 v10.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Here, as in *York*, R.K. will testify as to the actual abuse events and the horror of those events. Just as in *York*, the testimony of the other victims will be probative as to Loholt's common plan to entice young boys to his home to commit horrific acts of abuse. The other victims' testimony will corroborate R.K.'s testimony on these issues and should be permitted. Furthermore, the testimony of other victims will demonstrate the similarity between Loholt's abuse of R.K. and his abuse of other children. For example, one other victim (former plaintiff, "John Doe") will testify, similar to R.K., that Loholt's abuse of included masturbation and oral sex and that the abuse sometimes ended with Loholt's ejaculation.

### D. OTHER VICTIMS' TESTIMONY IS ADMISSIBLE TO DEMONSTRATE THE NATURE AND EXTENT OF R.K.'S DAMAGES.

In bringing this motion, defendants seek to keep from the jury the fact that Loholt was a serial pedophile who engaged in horrific acts of abuse and that he perpetrated that abuse in a group setting. R.K. will testify, consistent with his prior discovery responses, that Loholt's abuse of him occurred at the same time and in the same place as Loholt's abuse of other children. In fact, R.K. was abused simultaneously with former plaintiff "John Doe," R.K.'s brother, Tom, and other members of the Allenbach family.[13] Plaintiff will present evidence demonstrating that in addition to the damages flowing from his sexual abuse, R.K. suffered additional damage because he was forced to watch these other children be abused. The testimony of other victims must be admitted so that the jury can understand the heinousness of Loholt's abuse of children and to advise the jury of the "whole story." R.K. cannot adequately describe the abuse incidents to the jury without mentioning that other victims were included in the abuse. The jury should not be left to wonder if R.K.'s memory is accurate. Instead, the other victims should be permitted to corroborate R.K.'s testimony.[14]

---

[13] *See* **Exhibit C.**

[14] If this Court determines that exclusion of the other victims' testimony is warranty, plaintiff requests the opportunity to submit a more thorough formal offer of proof.

PLTF'S OPP. TO DEFS. MTN IN LIMINE - 7 of 10
(C04-2338RSM)
[168670 v10.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

### E. EVIDENCE OF THE EXTENT OF THE OTHER VICTIMS' DAMAGES IS ADMISSIBLE TO REBUT ANY IMPLICATION THAT R.K. WAS NOT DAMAGED BY THE ABUSE.

The determination of whether the extent of the other victims' damage is relevant will depend on how evidence is presented in this case. For example, if COP defends this action by asserting that the damage R.K. suffered could not have been the result of its conduct, or if defendants assert that R.K. did not suffer damage as a result of Loholt's abuse (or did not suffer damages to the extent claimed), plaintiff should be permitted to demonstrate, through the testimony of other of Loholt's victims, the severity of damage that can flow from sexual abuse. Consequently, plaintiff requests that this Court reserve ruling on the question of whether other victims can testify as to the extent of their damage until the issue arises.

### F. EVIDENCE OF SETTLEMENTS WITH OTHER VICTIMS

Plaintiff will not present evidence of the amount, or terms, of settlements with other victims in order to prove liability. However, in the event COP and/or LDS Social Services infers or implies that the other victim's claims were somehow meritless, plaintiff should be permitted to contradict such implication by submitting evidence of prior settlements.

### III. CONCLUSION

For the above stated reasons, plaintiff R.K. respectfully requests that this Court deny defendant's Motion to Limine to Exclude Evidence of Loholt's Other Acts of Abuse.

Dated this 14th day of August, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP


By____/s/ Michelle A. Menely_____
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    Co-Counsel for Plaintiff

PLTF'S OPP. TO DEFS. MTN IN LIMINE - 8 of 10
(C04-2338RSM)
[168670 v10.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

| | |
|---|---|
| 1 | |
| 2 | LAW OFFICES OF TIMOTHY D. KOSNOFF |
| 3 | |
| 4 | By  /s/ Timothy D. Kosnoff |
|   | Timothy D. Kosnoff, WSBA No. 16586 |
|   | timkosnoff@comcast.net |
|   | Co-Counsel for Plaintiff |

PLTF'S OPP. TO DEFS. MTN IN LIMINE - 9 of 10
(C04-2338RSM)
[168670 v10.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## CERTIFICATE OF SERVICE

I, hereby certify that on August 14th, 2006, I electronically filed the foregoing

**PLAINTIFF R.K.'S OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE EVIDENCE OF (1) LOHOLT'S OTHER ACTS OF ABUSE; (2) DAMAGES SUFFERED BY OTHER VICTIMS; AND (3) DEFENDANTS' SETTLEMENTS WITH OTHERS**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Charles C. Gordon<br>Jeffrey I. Tilden<br>Michael Rosenberger<br>GORDON MURRAY TILDEN LLP<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA 98154<br>Ph.: 206.467.6477<br>Fx.: 206.467.6292 | |

/s/ Nicole Calvert
Legal Assistant to Michelle A. Menely

PLTF'S OPP. TO DEFS. MTN IN LIMINE - 10 of 10
(C04-2338RSM)
[168670 v10.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575