The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K., and T.D., | NO. 04-2338 RSM |
| Plaintiffs, | DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REPORTING STATUTE |
| v. | NOTE ON MOTION CALENDAR: SEPTEMBER 1, 2006 |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDS, a Utah corporation, | ORAL ARGUMENT REQUESTED |
| Defendants. | |

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
REPORTING STATUTE - 1
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

I.   INTRODUCTION

For a few short years – from 1971 to 1975 – a Washington statute required clergy to report sexual abuse to law enforcement. For all of Washington's history prior to that time, and for the 31 years since, the law of the State of Washington has been that clergy do not have any duty to report knowledge of sexual abuse. Plaintiff bases his negligence claim in large part upon defendant's alleged noncompliance with the long-repealed reporting statute. However, such noncompliance cannot be deemed evidence of a failure to act with the care that Washington law requires of a reasonable person.

Defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints ("COP") moves to exclude the reporting statute from evidence because it is irrelevant under FRE 401 and 403. As demonstrated in COP's Motion In Limine to Exclude Clergy-Penitent Communication, the legislative history of the statute's application to clergy, and in particular its repeal in 1975, strongly suggests the Legislature never intended clergy to be duty-bound to report sexual abuse, particularly when the obligation to report would violate the pre-existing clergy-penitent privilege and religious tenets requiring confidentiality of counseling sessions.[1]

Even if the Court were to disagree with that interpretation of the legislative history, the repeal of the statute, in and of itself, renders the statute irrelevant. A breach of a statutory duty is relevant to a negligence claim because of the not-unreasonable assumption that the breach tends to show that the actor failed to exercise the care a *reasonable person* would exercise under

---

[1] In its Motion In Limine to Exclude Clergy-Penitent Communication, filed concurrently with this motion, COP argues that the evidence of Mr. Pettit's communication with Bishop Borland should be excluded based on the clergy-penitent privilege. If COP prevails on that motion, then the instant motion is unnecessary. Therefore, COP respectfully suggests that this Court consider that motion first.

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
REPORTING STATUTE - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

the same or similar circumstances. However, the reporting statute's short life – and especially its repeal as applied to clergy – severs the logical nexus between failure to comply with the statute and breach of the duty to act reasonably. *The conduct here questioned – the decision of a Bishop to maintain the confidentiality of a church member's disclosure that both the member and the Bishop believed was privileged – has been legal and reasonable since 1975, and was legal and reasonable prior to 1971 as well.*

By admitting the statute, the Court would, contrary to law and logic, instruct jurors that a short-lived statute repealed three decades ago is a better measure of reasonable conduct than the statute in effect for the past 31 years.

## II.   FACTS

**A.   Brief Statement of Facts and Procedural History.[2]**

**1.   Facts**

Plaintiff grew up in Kent near the home of Dr. Herman Allenbach and his family. As a child, plaintiff played with the Allenbach children. The Allenbachs were members of the Church; Plaintiff was not. Deposition of Robert Kelly at 28: 6-8. Jack Loholt rented a room from the Allenbachs. Deposition of Jack Onefrey (aka Loholt) at 87: 12-18. At some point during his stay at the Allenbach residence, Loholt sexually abused the Plaintiff. Five instances of abuse occurred in the Allenbach basement; a sixth occurred in a nearby field. Kelly Dep. at 19: 4-15.

---

[2] To avoid undue repetition, the Facts section is a condensed version of the Facts section in COP's Motion in Limine to Exclude Clergy-Penitent Communication, filed contemporaneously. All evidence cited in this brief was electronically filed with the Clergy-Penitent motion.

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
REPORTING STATUTE - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

**2. Contentions**

In 1972, a member of the Church, Richard Pettit, disclosed to Bishop Randall Borland during a confidential communication seeking spiritual guidance that Loholt had inappropriately touched Mr. Pettit's son. Declaration of Richard Pettit, filed in support of Motion to Exclude Clergy-Penitent Communication. Plaintiff contends that COP was negligent because Bishop Borland did not report Loholt to the police after receiving Mr. Pettit's disclosure.

**3. Prior Rulings in this Case**

This Court previously denied COP's motion for summary judgment in which COP argued that it owed no duty to Plaintiff. This Court's Order held in part that Bishop Borland's non-compliance with the reporting statute could be considered by the jury as evidence of negligence. Dkt No. 101. However, briefing on that motion did not advise the Court that the Legislature repealed the statute's application to clergy in 1975. Significantly, the Court did not address the question here presented: whether the reporting statute is even admissible.

**B. Mr. Pettit Sought Spiritual Counseling When Disclosing Loholt's Inappropriate Touching to Bishop Borland.**

Jack Loholt was a member of the Church who had no authority over the administration of the ward but was a volunteer Assistant Scoutmaster. In January or February 1972, Richard Pettit's son informed his father that he had been inappropriately touched by Loholt. Mr. Pettit then disclosed this information to Bishop Borland, the ecclesiastical leader of the ward, in a confidential spiritual communication. Mr. Pettit says:

> I sought him out for the purposes of spiritual counseling and guidance. I was not sure how to respond to my son's report of Loholt's actions. I also hoped the Bishop might do something regarding Loholt's involvement in Scouting, which the Bishop did.

Declaration of Richard E. Pettit, ¶ 5.

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
REPORTING STATUTE - 4
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

As a result of this conversation, Bishop Borland removed Loholt from his position as Assistant Scoutmaster. This occurred within a week of the conversation between Mr. Pettit and Bishop Borland. Pettit Decl. ¶ 4.

### C. The Counseling Was Confidential.

The parties to the counseling session, Mr. Pettit and Bishop Borland, both believed it was confidential. Mr. Pettit himself became the Bishop of the Kent 2nd Ward at a later date. He states:

> When I talked to Bishop Borland I expected that my conversation with him would be confidential. I believed that Bishop Borland was bound by the clergy privilege, and that he could not share what I told him with anyone else without my permission.
>
> I did not expect Bishop Borland to call Child Protective Services or the police department to report what Jack Loholt had done. If I thought that was necessary or appropriate, I would have done it myself.

Pettit Declaration, ¶¶ 6, 7

Bishop Borland agrees his conversation with Mr. Pettit involved "pastoral counseling" and he was required "under the doctrines and teachings of [his] Church" to keep it confidential. Borland Dep. 54:24-57:21.[3] Bishop Borland faithfully maintained the confidentiality of the communication as required by the religious discipline of the Church.

---

[3] Bishop Borland's deposition testimony did not mention Mr. Pettit by name because the Bishop was respecting the privilege. In Mr. Pettit's subsequent deposition, he waived the privilege and described the conversation with Bishop Borland. Bishop Borland confirms that his deposition testimony did indeed relate to Mr. Pettit's disclosure. Declaration of Randall Borland, ¶ 6.

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
REPORTING STATUTE - 5
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## III.   ARGUMENT

A. **The Legislature's Repeal of the Statute's Application to Clergy Shows that, for the Last 31 Years, It Has Been Reasonable and Legal for Clergy to Preserve the Confidentiality of Disclosures Concerning Sexual Abuse.**

The extremely short life of the duty of clergy to report abuse in Washington is the starting point for COP's motion. The history of the reporting statute calls into question whether the Legislature ever truly intended to impose a reporting duty on clergy. At a minimum, the statute's repeal indicates it has been reasonable for the past 31 years for clergy not to call the police when a church member makes a confidential disclosure regarding sexual abuse.

1. **The Legislature Promptly Repealed the Reporting Obligation of Clergy.**

   a. **1965: The Statute is Created as a Shield**

Prior to 1971, clergy had no duty to report abuse. The reporting statute began in 1965 as a statute that merely *permitted* reports. The statute was limited to "practitioners of the healing arts" and stated that when such medical providers have "cause to believe that a child . . . is suffering from physical neglect, or sexual abuse, he may report such incident or cause a report to be made to the proper law enforcement agency." 1965 Washington Laws, Ch. 13 § 3.[4] The statute also provided that persons making such reports "shall in doing so be immune from civil liability." *Id.*, § 6. In 1969, the Legislature extended this permissive right, with accompanying immunity from liability, to reports of abuse made by a "professional school personnel, registered nurse, social worker, psychologist, pharmacist, clergyman or employee of the department of public assistance." 1969 Washington Laws, 1st Extraordinary Sess., Ch. 35 § 3.

---

[4] For the Court's convenience, copies of Washington Laws cited in this section are attached to the Declaration of Michael Rosenberger, filed in support of the contemporaneously-filed Motion to Exclude Clergy-Penitent Communication.

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
REPORTING STATUTE - 6
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### b. 1971: The Shield is Converted to a Sword

In 1971, however, the Legislature converted the statute from a permissive reporting statute that shielded doctors, nurses, psychologists, clergy and the other specified professionals from liability to a mandatory reporting statute, the violation of which was a misdemeanor. 1971 Washington Laws, First Extraordinary Sess., Ch. 167 §§ 1, 3. The Legislature accomplished this dramatic change merely by replacing the phrase "may report" with "shall report" and adding the penalty provision. By this change, all of the aforementioned classes of formerly shielded reporters became mandatory reporters.

### c. 1975: The Sword is Repealed as to Clergy

Just four years later, in 1975, the Legislature reversed itself and repealed the obligation of clergy—*and only clergy*—to report. 1975 Washington Laws, Ch. 217, 1st Extraordinary Sess., § 3(1). Given the Legislature's turnaround, one can reasonably conclude that the Legislature in 1971 gave little or no consideration to the clergy privilege and the First Amendment implications of requiring clergy to report. The repeal strongly suggests the Legislature never actually intended clergy to be required to report allegations of sexual abuse.[5]

In short, before 1971 and for the past 31 years, the state has not required reporting by clergy in Bishop Borland's position. *State v. Motherwell*, 114 Wn.2d 353, 359, 788 P.2d 1066

---

[5] An alternative interpretation of the legislative history is that the Legislature intended the reporting statute to apply only to communications *not* subject to the clergy privilege. Indeed, nothing in the statute purported to abrogate the existing statutory privilege for clergy-penitent communications, and courts have a duty to harmonize statutes that appear to be in tension. "It is a cardinal rule that two statutes dealing with the same subject matter will, if possible, be so construed as to preserve the integrity of both." *State v. Fairbanks*, 25 Wn.2d 686, 690, 171 P.2d 845, 848 (1946). A final possible interpretation, albeit highly unlikely, is that the Legislature intended the reporting statute to require clergy to report even privileged communications. This is highly unlikely because: (1) it is implausible in light of the 1975 repeal, which is more probably a legislative correction to clergy-specific issues not considered in 1971 than a complete reversal of public policy; (2) if the Legislature intended to waive the clergy privilege in 1971, they would have said so—as they did with the physician-patient privilege (1965 Washington Laws, Ch. 13 § 6); and (3) the Court would have to hold the reporting statute implicitly repealed the privilege despite the absence of any basis for that conclusion.

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
REPORTING STATUTE - 7
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

(1990) ("members of the clergy counseling their parishioners in the religious context are not subject to the reporting requirement under former RCW 26.44.030").

### 2. The Prompt Repeal Shows the State Never Had a Public Policy of Requiring Clergy to Report.

Plaintiff bases his negligence claim on the statute's brief lifespan and the assertion that for a four-year period the public policy of the State of Washington was something different than what it has been at all other times since statehood. The prompt repeal of the statute rebuts that notion. One cannot reasonably conclude the state ever had a public policy of requiring clergy to violate the statutory clergy-penitent privilege and their faith. When the Legislature realized the reporting statute suggested otherwise, they repealed its application to clergy.

## B. A Statute Repealed 31 Years Ago Is Not Relevant to Whether Bishop Borland Acted Reasonably.

### 1. COP's Only Duty Was to Act as a Reasonable Person Would Under the Same or Similar Circumstances.

In its Order on COP's summary judgment motions, this Court held that, independent of the reporting statute, COP owed a duty of care to the Plaintiff based upon the special relationship COP had with Loholt. While COP respectfully disagrees with this ruling, we understand its effect.

The only duty imposed upon COP by this ruling is the duty of reasonable care. "Duty is the duty to exercise ordinary care, or, alternately phrased, the duty to exercise such care as a reasonable person would exercise under the same or similar circumstances." *Mathis v. Ammons*, 84 Wn. App. 411, 416 (1996). Even when a plaintiff's claim is based upon violation of a statute, the duty owed is the same: to exercise the care that a reasonable person would exercise under similar circumstances.

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
REPORTING STATUTE - 8
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

> [RCW 5.40.050] abrogates that pre-1986 idea that a plaintiff can satisfy the breach element of a negligence action by showing *either* a breach of the statutory duty *or* a breach of a common law duty of ordinary care. It requires instead that plaintiff show a breach of the common law duty of ordinary care, while at the same time permitting a plaintiff to use the breach of a statutory duty as evidence of—i.e., **as a factor indicating**—a breach of a common law duty.

*Id.* at 418 (italics in original; bold added). As applied here, the duty owed by COP is the care a reasonable clergy person would exercise in Bishop Borland's position.

2.  **Violation of a Statute that Briefly Existed 30 Years Ago and Was Quickly Repealed Cannot be Deemed a "Factor Indicating" that COP Failed to Exercise Reasonable Care.**

A breach of a statutory duty is not a "factor indicating" a breach of the common law duty where the statute was nothing more than a brief departure from existing law that was quickly repealed. For a narrow sliver in time, clergy had a statutory duty to report. In promptly repealing the statute in 1975, the Legislature reversed course and restored the law to its original state, where it has remained ever since.

Where the Legislature *itself* has abandoned the short-lived statutory duty upon which Plaintiff relies, and did so near in time to the conduct at issue, and where that duty was never part of the law before or since, it is nonsensical to instruct the jury to consider violation of the repealed statute as evidence of a lack of reasonable care. The Legislature has determined that it *is* reasonable for clergy not to report abuse. Prior to 1971 and for the 31 years since 1975, the important interests Bishop Borland preserved by maintaining the confidentiality of Mr. Pettit's spiritual communication have been approved in the law. As a matter of law, therefore, Bishop Borland's behavior cannot be deemed unreasonable. The State of Washington has already said just that.

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
REPORTING STATUTE - 9
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Perversely, admitting the statute into evidence would tell the jury Bishop Borland's conduct *is* subject to rebuke, thus turning three decades of public policy on its head. The state sided with Bishop Borland long ago. Assuming *arguendo* Bishop Borland's conduct violated the reporting statute, *such conduct was not unreasonable*—not just because COP says so, but because the State of Washington says so, and it said so close in time to the conduct at issue. The basis for admitting the reporting statute as evidence of common law negligence does not exist.

Since Bishop Borland's actions are consistent with the law for the last three decades and public policy at all times since statehood, the reporting statute circa 1971-75 is "relevant" only if one asserts that violating the statute, *in and of itself,* is unreasonable. However, such reasoning was abandoned by the State of Washington when it abandoned the rule that violation of a statutory duty is negligence *per se*.

### 3. The Restatement Recognizes that Not All Statutory Violations Are Relevant to Negligence.

Whether a statutory duty is pertinent to a negligence claim is determined by application of a four-part test derived from the Restatement (Second) of Torts, Section 286. *Mathis*, 84 Wn. App. 416. However, the Restatement recognizes there are instances where it is inappropriate to apply an otherwise-relevant statutory standard:

> Where criminal legislation, although constitutional, is entirely unreasonable or inappropriate—as where, for example, there is an automobile speed limit of six miles an hour, enacted in 1908 and never repealed—the court has no choice, in a criminal prosecution, but to apply the law so laid down. But since it is under no such compulsion in a civil suit, it may still treat the provision as inapplicable for the purposes of defining negligence in such a suit. In doing so, it may rely on the justification that the legislature has indicated no intention that it shall be so applied, since nothing more than a criminal penalty has been provided. Obviously, cases will be relatively infrequent in which legislation directed to the safety of persons or property will be so obsolete or so unreasonable, or for some other reason inapplicable to the case, that the court will take this position; but where the situation calls for it, the court is free to do so.

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
REPORTING STATUTE - 10
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Restatement (Second) Torts, § 286 comment d.

COP's argument for the inapplicability of the reporting statute is even stronger than the illustration in the Restatement comment. COP need not rely on a subjective interpretation of what is "obsolete or unreasonable." The Legislature already made that determination by repealing the relevant portion of the reporting statute and restoring the long-existing status quo.

Given the highly unusual circumstances of this case (*i.e.*, plaintiff's reliance on a statute repealed more than 30 years ago), it is unsurprising that no cases could be located applying this Restatement comment in a similar circumstance. However, the thrust of the Restatement comment reflects common sense. Some statutes simply do not provide a reliable measure of what is reasonable conduct for purposes of determining whether defendant breached a common law duty. This is such a case.

C.  **Admitting the Statute Will Yield Unjust Results and thus is Unduly Prejudicial.**

To the extent the repealed reporting statute has *any* relevance to whether Bishop Borland and COP satisfied the duty of care—and COP strenuously insists there is none—such relevance is far outweighed under FRE 403 by the prejudicial impact.

The unfair prejudice of admitting the statute, and thus saddling COP with an instruction that the jury can consider violation of the statute as evidence of breach of duty, is borne out by the different result that would follow if the same facts arose just one year earlier or three years later—or any time in the last 30 years. In such a case, Plaintiff could not argue that the Bishop violated the reporting statute, and thus no statute would be admitted.

This difference is unjust and illogical given that the duty is the same in both cases—"to exercise such care as a reasonable person would exercise under the same or similar

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
REPORTING STATUTE - 11
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

circumstances." Bishop Borland's conduct was not less reasonable simply because it occurred in 1972 rather than 1970 or 1975, yet this would be the result of admitting the statute.

The unfairness to COP is amplified because, as all trial counsel know, obtaining a defense verdict becomes near impossible when the jury is instructed that they can consider violation of the statute as evidence of negligence. This risk is especially acute in cases involving child abuse, where emotions can run high. While the law may say negligence *per se* has been abolished for violation of a statute, in the real world it is a rare jury that will find no breach in the face of such an instruction.

## IV.   CONCLUSION

For the reasons stated above, COP respectfully requests that this Court exclude from evidence any reference to the reporting statute, and bar plaintiff from stating or suggesting to the jury that Bishop Borland had a legal obligation to report Mr. Pettit's disclosure about Loholt to law enforcement authorities.

DATED this 17th day of August, 2006.

GORDON MURRAY TILDEN LLP

By /s/ Michael Rosenberger
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
REPORTING STATUTE - 12
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## V. CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. The parties will additionally be served in the manner indicated.

| | |
|---|---|
| Michael T. Pfau<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim LLP<br>P.O. Box 1157<br>Tacoma, WA  98401-1157<br>Telephone:   (206) 676-7500<br>Facsimile:   (206) 676-7575<br>E-Mail:   mpfau@gth-law.com<br><br>( ) Mail      ( ) Hand Delivery<br>( ) Fax       ( ) Federal Express | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff, P.C.<br>600 University Street, Suite 2101<br>Seattle, WA  98101<br>Telephone:   (206) 676-7610<br>Facsimile:   (425) 837-9692<br>E-Mail:   timkosnoff@comcast.net<br><br>( ) Mail      ( ) Hand Delivery<br>( ) Fax       ( ) Federal Express |

**GORDON MURRAY TILDEN LLP**

By /s/ Michael Rosenberger
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: mrosenberger@gmtlaw.com

DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
REPORTING STATUTE - 13
No. 04-2338 RSM

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292