The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K., and T.D., | NO. 04-2338 RSM |
| Plaintiffs, | DECLARATION OF MICHAEL ROSENBERGER IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE CLERGY-PENITENT COMMUNICATION |
| v. | |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDS, a Utah corporation, | |
| Defendants. | |

Michael Rosenberger being duly sworn on oath, deposes and says:

1.      I am one of the attorneys representing Defendants in this action.  I make this Declaration based upon personal knowledge.

2.      Attached to this Declaration are true and accurate copies of the following:

- Deposition of Randall Borland;

- Deposition of Jack Onefrey (a/k/a Loholt);

- Deposition of Robert Kelly; and

DECLARATION OF MICHAEL ROSENBERGER IN
SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE CLERGY-PENITENT COMMUNICATION - 1
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

- Washington laws cited in Defendant's Motion in Limine to Exclude Clergy-Penitent Communication.

**I declare under the laws of the State of Washington and of the United States that the foregoing is true and correct.**

DATED this 17th day of August, 2006.

Michael Rosenberger

DECLARATION OF MICHAEL ROSENBERGER IN
SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE CLERGY-PENITENT COMMUNICATION - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. The parties will additionally be served in the manner indicated.

| | |
|---|---|
| Michael T. Pfau<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim LLP<br>P.O. Box 1157<br>Tacoma, WA 98401-1157<br>Telephone:    (206) 676-7500<br>Facsimile:    (206) 676-7575<br>E-Mail:    mpfau@gth-law.com<br><br>( ) Mail    ( ) Hand Delivery<br>( ) Fax    ( ) Federal Express | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff, P.C.<br>600 University Street, Suite 2101<br>Seattle, WA 98101<br>Telephone:    (206) 676-7610<br>Facsimile:    (425) 837-9692<br>E-Mail:    timkosnoff@comcast.net<br><br>( ) Mail    ( ) Hand Delivery<br>( ) Fax    ( ) Federal Express |

**GORDON MURRAY TILDEN LLP**

By _____
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the
President of The Church of Jesus Christ of
Latter-Day Saints
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: mrosenberger@gmtlaw.com

DECLARATION OF MICHAEL ROSENBERGER IN
SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO
EXCLUDE CLERGY-PENITENT COMMUNICATION - 3
No. 04-2338 RSM

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH FLEMING and JOHN DOE,: No. C04-2338 RSM
                             : (Judge Ricardo Martinez)
                             :
              Plaintiffs,:
                             :
        -v-                  :
                             :
THE CORPORATION OF THE       :
PRESIDENT OF THE CHURCH OF   :
JESUS CHRIST OF LATTER-DAY   :
SAINTS, a Utah corporation   :
sole, a/k/a "MORMON CHURCH"; :
LDS SOCIAL SERVICES a/k/a    :
LDS FAMILY SERVICES, a Utah  : Videotaped Deposition of:
corporation,                 : RANDALL BORLAND
                             :
              Defendants.:


September 20, 2005 - 9:08 a.m.


Location:  Kirton & McConkie
60 East South Temple, Suite 1800
Salt Lake City, Utah


Diane W. Flanagan, RPR
Notary Public in and for the State of Utah

Exhibit____Page__4__
0cc34e3d-ad31-4072-a6d8-79f7ac2622c7

Page 54

1    University in the fall of 1973 and not in 1975?

2         A    Is it possible?

3         Q    Yes.

4         A    Instead of when?

5         Q    I believe you testified earlier that you thought

6    you came to Utah in 1975 to begin your studies.

7         A    That was a guess, wasn't it?  That was an

8    approximate guess.

9         Q    Yes.

10        A    Yeah, it's possible then.  It's possible, but I

11   don't know, but very possible.

12        Q    Okay.

13        A    That would fall in line.  This is -- in that

14   regard that's helpful.

15        Q    Well, as we get older, we all need these little

16   aids, don't we?

17             So during this approximate three-year time period

18   that you were bishop of the Kent Second Ward, you've

19   indicated that you did receive a complaint regarding

20   sexually inappropriate activity by Jack Loholt.  Correct?

21             MR. FREY:  I'm going to object to the form of the

22   question.  It assumes something that he hasn't testified to.

23             Go ahead.

24        Q    (By MR. KOSNOFF) Did you receive a complaint or

25   report from anybody that Jack Loholt had engaged in sexually

Exhibit_____ Page 5

0cc34e3d-ad31-4072-a6d8-79f7ac2622c7

Page 55

1   inappropriate activity during the time that you were bishop

2   of the Kent Second Ward?

3        MR. FREY:  Now, again, Bishop, I'm going to

4   caution you that if you learned any of this information in

5   your capacity as a bishop in a confidential communication

6   that you have the privilege not to answer it, in my opinion.

7   Counsel may differ with that, but I would instruct you not

8   to answer it if that's the basis upon which you gained your

9   information.

10       MR. KOSNOFF:  I would like to ask a few foundation

11  questions before he answers that question in light of your

12  instruction to your client.

13       MR. FREY:  Okay.

14   Q   (By MR. KOSNOFF) Assuming the answer to the

15  question is yes, did you receive this communication in your

16  capacity as a clergy person for the Mormon church, that is,

17  in your role as clergy in the Mormon church?

18       MR. FREY:  Object to the --

19   A   That was a hypothetical.  That was hypothetical --

20       MR. FREY:  Excuse me.  I'm going to object to the

21  form of the question.

22       You may answer, though.  Go ahead.  Have her read

23  it back.  Please wait until -- give me a second because I

24  have the right to make objections.

25       THE WITNESS:  I'm sorry.


Exhibit____Page 6

0cc34e3d-ad31-4072-a6d8-79f7ac2622c7

Page 56

1          MR. FREY:  Okay.  Go ahead.

2          (The record was read as requested)

3     A    I'm answering a question based on an assumption?

4     Q    Yes.  I'm not asking you for the content of the

5  communication yet.  I'm asking you questions about the

6  circumstances under which the communication was made.

7     A    Yes.

8     Q    Was the communication made for purposes of

9  pastoral response by you?

10    A    Are we still on an assumption?  Are these

11 questions or -- because you said assuming that the answer

12 was yes.  I've never answered that question yet, and forgive

13 me.  I'm being a little dense here, but I don't know if I'm

14 still answering on an assumption.  Am I saying that right

15 even?

16    Q    Yes, you are.

17    A    Okay.

18    Q    Because the answer yes or no to the question could

19 potentially violate a privilege.  But before you answer that

20 question, I'm asking you questions surrounding that

21 communication.  Okay?  I'm not asking you about what was

22 said or whether the answer to my -- that previous question

23 was yes or no.  I'm just asking you other questions related

24 to the nature of that communication and the surrounding

25 circumstances.

Exhibit____Page_/

0cc34e3d-ad31-4072-a6d8-79f7ac2622c7

Case 2:04-cv-02338-RSM   Document 144   Filed 08/17/2006   Page 8 of 21

Page 57

1      A    Okay.

2      Q    So again my question is:  Was this something that

3  you learned in connection with pastoral counseling within

4  the Church?

5      A    Yes.

6      Q    Was the information that you received something

7  that you are required to keep confidential under the

8  doctrines and teachings of your church?

9      A    Yes.

10     Q    Was the communication that you received something

11 that you in fact kept confidential, that is, that you did

12 not disclose to any other person?

13     A    Let me make sure I understand that.  A

14 communication not disclosed to anybody else?

15     Q    Correct.

16     A    The answer to that question, if I've heard the

17 question correct, is yes or -- let me rephrase it, and then

18 tell you what I thought you said.

19     Q    Go ahead.

20     A    I did not disclose what was said confidentially to

21 me to others.

22     Q    Just so that I'm clear on this, you did not

23 disclose the content of what was said to you by that person

24 to any other person?

25     A    The content of that conversation, that meeting, I

Byers & Anderson
Court Reporters & Video

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

KENNETH FLEMING and JOHN DOE,    )
                                 )
            Plaintiffs,          )
                                 )
    vs.                          )    No. C04-2338RSM
                                 )
THE CORPORATION OF THE           )
PRESIDENT OF THE CHURCH OF       )
JESUS CHRIST OF LATTER-DAY       )
SAINTS, a Utah corporation       )
sole, a/k/a the "MORMON          )
CHURCH," LDS SOCIAL SERVICES,    )
a/k/a LDS FAMILY SERVICES,       )
a Utah corporation,              )
                                 )
            Defendants.          )

VIDEOTAPED DEPOSITION OF JACK A. ONEFREY

January 27, 2006

Seattle, Washington

Byers & Anderson, Inc.

Court Reporters/Video/Videoconferencing

One Union Square       2208 North 30th Street, Suite 202
600 University St.     Tacoma, WA 98403
Suite 2300             (253) 627-6401
Seattle, WA 98101      (253) 383-4884 Fax
(206) 340-1316         scheduling@byersanderson.com
(800) 649-2034         www.byersanderson.com

Serving Washington's Legal Community Since 1980

Jack A. Onefrey
January 27, 2006

Exhibit____Page_____

b2cbc3c6-879a-4364-b6a5-9911772d6961

Page 87

1      on the property?

2    A   Not at that time.

3    Q   Not at that time.  There was just his home?

4    A   Yeah.

5    Q   Okay.  Was it a large home?

6    A   Yes.

7    Q   Did it have an apartment or --

8    A   Yeah.

9    Q   -- attached to it?  And did you move into that
10       apartment?

11   A   Yes.

12   Q   How did that come about that you came to live in that
13       apartment attached to the Allenbachs' home?

14   A   Well, I -- I just told him my parents were taking the
15       trailer back because they wanted to move it to
16       California.  So I told him I was going to be look --
17       going to be moving.  And his apartment was empty at
18       the time, so I rented that from him.

19   Q   Okay.  And did you come to know the Allenbach children
20       at that time?

21   A   I knew them before that time.

22   Q   You knew them.  From church?

23   A   Yeah.

24   Q   After you were baptized into the church, you began
25       attending the Kent 2nd Ward?

Page 1

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

KENNETH FLEMING and JOHN DOE,     )
                                         )

           Plaintiffs,        )

      vs.                     ) NO. 04-2338 RSM

THE CORPORATION OF THE PRESIDENT OF THE )
CHURCH OF JESUS CHRIST OF LATTER-DAY   )
SAINTS, a Utah corporation sole, a/k/a  )
"MORMON CHURCH"; LDS SOCIAL SERVICES    )
a/k/a LDS FAMILY SERVICES, a Utah       )
corporation,                         )

           Defendant.        )

DEPOSITION UPON ORAL EXAMINATION OF

ROBERT KELLY

VIDEOTAPED PROCEEDING

1:10 o'clock p.m.

August 29, 2005

601 Union Street

Suite 3100

Seattle, Washington

REPORTED BY:
ALISON LOTT, CCR#2337

Exhibit_____Page_11_

bd84b9e1-33a5-4271-9e07-e718630ca143

Page 19

1       sexual conduct, six separate incidences of abuse.  Do you

2       remember that?

3    A  Yes, I do.

4    Q  In each of those -- well, the first one you indicate

5       occurred in a field near the Allenbach home.  In each of

6       the others, you relate that the incident occurred in

7       Mr. Loholt's apartment.  Is that the apartment in the

8       basement of the Allenbach house?

9    A  That's correct.

10   Q  Did any of the abuse which you sustained at the hands of

11      Jack Loholt occur anyplace other than in the apartment in

12      the Allenbach home?

13   A  Well, there was the incident in the field.

14   Q  Other than that?

15   A  All the abuse occurred in his apartment.

16   Q  The incident in the field, you indicate, is the first

17      incident of abuse.  And that involved whom?

18   A  Jimmy was in the field, my brother Tom, and me, and Jack.

19   Q  And had you met Jack Loholt prior to that incident?

20   A  Yes, I did.

21   Q  How long had you known him prior to that incident?

22   A  I don't really recall.

23   Q  Was it a matter of years, or was it a matter of months?

24   A  I don't recall.  It was at least months.

25   Q  Had you ever had any contact with him prior to that

Page 28

1   A    And in the bedrooms, to answer your question, in the

2        bedrooms it was Jimmy's bedroom and the one that was

3        closest to the stairs, and the one that was down the hall

4        right across the hallway from Jack's apartment was Brent's

5        room, and then I think it became Joe's room later on.

6   Q    At the time that this abuse occurred, were you a member of

7        the LDS church?

8   A    No.

9   Q    Were your parents?

10  A    No, they were not.

11  Q    Were any of your step brothers or sisters?

12  A    No.  No.

13  Q    Were you a member of any religion, formal religion?

14  A    Yes, I was.

15  Q    What?

16  A    The Catholic church.

17  Q    Where did you go to church, if you did?

18  A    St. Anthony's down in Kent.

19  Q    Did you attend on a regular basis?

20  A    Yes, I did.

21  Q    Did you take CCD classes there?

22  A    Yes, I did.

23  Q    Who was your pastor; do you remember?

24  A    I had several.  Father Lyons was the earliest one, then --

25       he's the one I remember most when I was a kid.

**SESSION LAWS, 1965.**

*Child abuse, neglect, report of. Purpose.*

Be it enacted by the Legislature of the State of Washington:

SECTION 1. In order to protect children whose health and welfare may be adversely affected through the infliction, by other than accidental means, of physical injury and/or physical neglect, or sexual abuse, requiring the attention of a practitioner of the healing arts, the Washington state legislature hereby provides for the reporting of such cases by such practitioners to the appropriate public authorities. It is the intent of the legislature that, as a result of such reports, protective services shall be made available in an effort to prevent further abuses, and to safeguard and enhance the general welfare of such children.

*Definitions.*

SEC. 2. For the purpose and as used in this act:

(1) "Court" means the superior court of the state of Washington, juvenile department.

(2) "Law enforcement agency" means the police department, the prosecuting attorney or the office of the sheriff.

(3) "Practitioner of the healing arts" or "practitioner" means a person licensed by this state to practice chiropody, chiropractic, dentistry, osteopathy and surgery, or medicine and surgery.

(4) "Institution" means a private or public hospital or any other facility providing medical diagnosis, treatment or care.

*Reports by practitioner.*

SEC. 3. (1) When any practitioner has cause to believe that a child under the age of eighteen is brought before him or coming to him for examination, care, or treatment has had physical injury or injuries inflicted upon him, other than by accidental means, or who is found to be suffering from physical neglect, or sexual abuse, he may report such injury, neglect, or sexual abuse, he may report such injury, or cause a report to be made to the proper law enforcement agency as provided in section 4.

[ 970 ]

**SESSION LAWS, 1965.**

[Ch. 13.

*Child abuse, neglect, report of.*

(2) When a practitioner is attending a child under the age of eighteen years as part of his regular duties as a staff member of an institution and has cause to believe that such child has had physical injury or injuries inflicted upon him other than by accidental means, or who is found to be suffering from physical neglect, or sexual abuse, he may notify the person in charge of the institution or his designated representative, who may report the incident or cause such reporting to be made as provided in section 4.

*Oral, written reports. Contents.*

SEC. 4. An immediate oral report may be made by telephone or otherwise to the proper law enforcement agency and may be followed by a report in writing. Such reports shall contain the following information, if known:

(1) The name, address and age of the child;

(2) The name and address of the child's parents, guardians or other persons having custody of the child;

(3) The nature and extent of the child's injury or injuries;

(4) The nature and extent of the child's physical neglect;

(5) The nature and extent of the sexual abuse;

(6) Any evidence of previous injuries, including nature and extent; and

(7) Any other information which, in the opinion of the practitioner, may be helpful in establishing the cause of the child's injury or injuries and the identity of the perpetrator or perpetrators.

*Investigations and court referral after report.*

SEC. 5. Upon the receipt of a report concerning the possible nonaccidental infliction of a physical injury upon a child or physical neglect, or sexual abuse, it shall be the duty of the law enforcement agency to investigate and to refer such report to the court.

*Immunity from civil liability.*

SEC. 6. Any person participating in the making of a report pursuant to this act or participating in a

[ 971 ]

## Left column — Ch. 13

SESSION LAWS, 1965.

*margin:* Child abuse, neglect, report of, Confidential communications, Not violation.

judicial proceeding resulting therefrom, shall... doing be immune from any civil liability... otherwise be incurred or imposed. That... sions of this act heretofore provided shall... deemed violation of the patient-physician... ship or confidence.

*margin:* RCW 5.60.060 amended.

Sec. 7. Section 392, Code of 1881, and RCW .060 are each amended to read as follows:

*margin:* Witnesses-- who are disqualified-- Privileged communications.

(1) A husband shall not be examined... against his wife, without the consent... nor a wife for or against her husband with... consent of the husband; nor can either during... riage or afterward, be without the consent... other, examined as to any communication... one to the other during marriage. But this... shall not apply to a civil action or proceeding... against the other, nor to a criminal action... ing for a crime committed by one against... nor to a criminal action or proceeding... committed by said husband or wife against... of whom said husband or wife is the parent... ian.

(2) An attorney or counselor shall not... the consent of his client, be examined as... munication made by the client to him, or... given thereon in the course of professional... ment.

(3) A clergyman or priest shall not... consent of a person making the confession... amined as to any confession made to him... fessional character, in the course of dis... joined by the church to which he belongs...

(4) A regular physician or surgeon... without the consent of his patient, be... a civil action as to any information... attending such patient, which was nec... able him to prescribe or act for the pat... exception shall not apply in any judicial...

[ 972 ]

## Right column — Ch. 14

SESSION LAWS, 1965.

...child's injuries, neglect or sexual abuse, ...thereof.

...public officer shall not be examined as... communications made to him in official... when the public interest would suffer by...

*margin:* Emergency.

...this act is necessary for the immediate... of the public peace, health and safety, ...the state government and its existing... tions, and shall take effect immediately.

...the House March 11, 1965.

...the Senate March 11, 1965.

...by the Governor March 19, 1965.

CHAPTER 14.
[ House Bill No. 11. ]

ECONOMIC OPPORTUNITY ACT--PARTICIPATION.

...ing participation in the Economic Opportunity... adding a new section to chapter 4, Laws of... chapter 36.32 RCW; and declaring an emer-...

...enacted by the Legislature of the State of... Washington:

*margin:* New section.

...There is added to chapter 4, Laws of... chapter 36.32 RCW, a new section to read...

*margin:* Economic opportunity act--participation in county action.

...of county commissioners of any county... authorized and empowered in its discre-... tion or ordinance passed by a majority... to take whatever action it deems neces-... the county to participate in the pro-... in the Economic Opportunity Act of... Law 88-452; 78 Stat. 508). Such par-... may be engaged in as a sole county opera-... junction or cooperation with the state,

[ 973 ]

Laws of 1965 and RCW 26.44.010; amending section 2, chapter 13,

Laws of 1965 and RCW 26.44.020; amending section 3, chapter 13,

Laws of 1965 and RCW 26.44.030; amending section 4, chapter 13,

Laws of 1965 and RCW 26.44.040; amending section 5, chapter 13,

Laws of 1965 and RCW 26.44.050; and adding a new section to

chapter 13, Laws of 1965 and to chapter 26.44 RCW.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF WASHINGTON:

Section 1. Section 1, chapter 13, Laws of 1965 and RCW 26.44.-

010 are each amended to read as follows:

In order to protect children and the mentally retarded whose

health and welfare may be adversely affected through the infliction,

by other than accidental means of death, physical injury and/or physi-

cal neglect, or sexual abuse, ((requiring-the-attention-of-a-practi-

tioner-of-the-healing-arts,)) the Washington state legislature hereby

provides for the reporting of such cases ((by-such-practitioners)) to

the appropriate public authorities. It is the intent of the legisla-

ture that, as a result of such reports, protective services shall be

made available in an effort to prevent further abuses, and to safe-

guard and enhance the general welfare of such children.

Sec. 2. Section 2, chapter 13, Laws of 1965 and RCW 26.44.020

are each amended to read as follows:

For the purpose of and as used in this chapter:

(1) "Court" means the superior court of the state of Washing-

ton juvenile department.

(2) "Law enforcement agency" means the police department, the

secuting attorney or the office of the sheriff.

(3) "Practitioner of the healing arts" or "practitioner" means

person licensed by this state to practice chiropractic, dent...

ry, osteopathy and surgery, or medicine and surgery. The term "prac-

er" shall include a duly accredited Christian Science practitioner. PRO-

VIDED, HOWEVER, That a child who is being furnished Christian Science

ment by a duly accredited Christian Science practitioner shall not be

sidered, for that reason alone, a physically neglected child for the...

...poses of this chapter.

(4) "Institution" means a private or public hospital or any other

facility providing medical diagnosis, treatment or care.

(5) "Department" means the state department of public assistance.

(6) "Child" or "children" means any person under the age of eighteen

years of age and shall also include any mentally retarded person regardless of age.

(7) "Professional school personnel" shall include, but not be lim-

ited to, teachers, counselors, administrators, and school nurses.

(8) "Social worker" shall mean anyone engaged in encouraging or pro-

moting the health or welfare or support or education of children under the

age of eighteen years, whether in an individual capacity, or as an employ-

ee or agent of any public or private organization or institution.

(9) "Psychologist" shall mean any person licensed to practice psycholo-

gy under chapter 18.83 RCW, whether acting in an individual capacity or as

an employee or agent of any public or private organization or institution.

(10) "Pharmacist" shall mean any registered pharmacist under the pro-

visions of chapter 18.64 RCW, whether acting in an individual capacity or

as an employee or agent of any public or private organization or institution.

(11) "Clergyman" shall mean any regularly licensed or ordained

minister or any priest of any church or religious denomination, whether

acting in an individual capacity or as an employee or agent of any public

or private organization or institution.

Sec. 3. Section 3, chapter 13, Laws of 1965 and RCW 26.44.030 are

each amended to read as follows:

(1) When any practitioner, professional school personnel,

registered nurse, social worker, psychologist, pharmacist, clergyman

or employee of the department of public assistance has reasonable

cause to believe that a child ((under-the-age-of-eighteen-years

right-before-him-or-coming-to-him-for-examination;-care-or-treat-

ment)) has died or has had physical injury or injuries inflicted upon

(h) other than by accidental means, or ((who)) is found to be suf-

fering from physical neglect, or sexual abuse, he may report such in-

cident or cause a report to be made to the proper law enforcement

Exhibit____ Page 16

Ch. 35    WASHINGTON LAWS, 1969 1st Ex. Sess.

agency or to the department of public assistance as provided in RCW 26.44.040.

(2) When a practitioner, professional school personnel, registered nurse, social worker, psychologist, pharmacist, clergyman or employee of the department of public assistance is attending a child ((under-the-age-of-eighteen-years)) as part of his regular duties ((as-a-staff-member-of-an-institution)) and has cause to believe that such child has died or has had physical injury or injuries inflicted upon him other than by accidental means or who is found to be suffering from physical neglect, or sexual abuse, he may notify the person in charge of the institution, organization, school or the department or his designated representative, who may report the incident or cause such reporting to be made as provided in RCW 26.44.040.

Sec. 4. Section 4, chapter 13, Laws of 1965 and RCW 26.44.040 are each amended to read as follows:

An immediate oral report may be made by telephone or otherwise to the proper law enforcement agency or the department of public assistance and may be followed by a report in writing. Such reports shall contain the following information, if known:

(1) The name, address and age of the child;

(2) The name and address of the child's parents; stepparents; guardians or other persons having custody of the child;

(3) The nature and extent of the child's injury or injuries;

(4) The nature and extent of the child's physical neglect;

(5) The nature and extent of the sexual abuse;

(6) Any evidence of previous injuries, including their nature and extent; and

(7) Any other information which ((,-in-the-opinion-of-the-practitioner)) may be helpful in establishing the cause of the child's death, injury or injuries and the identity of the perpetrator or perpetrators.

Sec. 5. Section 5, chapter 13, Laws of 1965 and RCW 26.44.050 are each amended to read as follows:

Exhibit____Page 17

---

WASHINGTON LAWS, 1969 1st Ex. Sess.    Ch. 35, 36

upon the receipt of a report concerning the possible nonaccidental infliction of a physical injury upon a child or physical neglect, or sexual abuse, it shall be the duty of the law enforcement agency or the department of public assistance to investigate and provide child welfare services in accordance with the provision of chapter 74.13 RCM, and where necessary to refer such report to the court.

NEW SECTION. Sec. 6. There is added to chapter 13, Laws of 1965 and to chapter 26.44 RCW a new section to read as follows:

The department shall maintain a central registry of reported cases of child abuse and shall adopt such rules and regulations as necessary in carrying out the provisions of this section. Records in the central registry shall be considered confidential and privileged and will not be available to any person or agency except law enforcement agencies as defined in this 1969 amendatory act.

Passed the House March 14, 1969
Passed the Senate March 27, 1969
Approved by the Governor April 4, 1969
Filed in Office of Secretary of State April 4, 1969

CHAPTER 36
[Substitute House Bill No. 239]
INSTITUTIONS OF HIGHER
EDUCATION—PERSONNEL ADMINISTRATION

AN ACT Relating to state institutions of higher education; establishing a system of personnel administration for state institutions of higher education; amending section 2, chapter 1, Laws of 1961, as amended by section 48, chapter 8, Laws of 1967 ex. sess., and RCW 41.06.020; amending section 4, chapter 1, Laws of 1961 and RCW 41.06.040; amending section 7, chapter 1, Laws of 1961, as last amended by section 47, chapter 8, Laws of 1967 ex. sess., and RCW 41.06.070; amending section 20, chapter 1, Laws of 1961, and RCW 41.06.200; repealing section 5, chapter 1, Laws of 1961, and RCW 41.06.050; adding new sections to Title 28 as a new chapter thereof unless or until the proposed education code of 1969 (HB...) shall become effective, at which time it shall be added thereto as a new chapter thereof; and providing an effective date.

NEW SECTION. Sec. 6. There is added to chapter 77.12 RCW a new section to read as follows:

The commission shall from time to time, adopt, promulgate, amend, or repeal, and enforce reasonable rules and regulations governing the time, place, and manner or prohibiting the capture or taking of managed marine mammals, the quantities, species, sex and confinement of managed marine mammals.

The commission may, acting through the director, issue permits for the taking or capture of managed marine mammals for scientific research, display, or propagation purposes: PROVIDED, That a managed marine mammal may be taken without permit when it constitutes a threat to human life or is causing substantial damage to private property.

NEW SECTION. Sec. 7. There is added to chapter 77.32 RCW a new section to read as follows:

It shall be unlawful for any person to attempt to capture or to capture killer whales, Orcinus orca, without first having procured from the commission a permit to be known as a killer whale permit. The fee for retaining a killer whale shall be one thousand dollars for each such whale: PROVIDED, That the commission may waive the permit for any organization capturing a killer whale for scientific purposes and not for profit. Said fees shall be credited to the general fund.

Passed the House May 6, 1971.
Passed the Senate May 4, 1971.
Approved by the Governor May 20, 1971.
Filed in Office of Secretary of State May 21, 1971.

CHAPTER 167
[Engrossed House Bill No. 305]
CHILD ABUSE--
REPORTS REQUIRED

AN ACT Relating to child abuse; amending section 3, chapter 13, Laws of 1965 as amended by section 3, chapter 35, Laws of 1969 ex. sess. and RCW 26.44.030; amending section 4, chapter 13, Laws of 1965 as amended by section 4, chapter 35, Laws of 1969 ex. sess. and RCW 26.44.040; adding a new section to chapter 26.44 RCW; and prescribing penalties.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF WASHINGTON:

Section 1. Section 3, chapter 13, Laws of 1965 as amended by section 3, chapter 35, Laws of 1969 ex. sess. and RCW 26.44.030 are

---

each amended to read as follows:

(1) When any practitioner, professional school personnel, registered nurse, social worker, psychologist, pharmacist, clergyman, or employee of the department of ((public assistance)) social and health services has reasonable cause to believe that a child has died or has had physical injury or injuries inflicted upon his, other than by accidental means, or is found to be suffering from physical neglect, or sexual abuse, he ((may)) shall report such incident, or cause a report to be made, to the proper law enforcement agency or to the department of ((public assistance)) social and health services as provided in RCW 26.44.040.

(2) When a practitioner, professional school personnel, registered nurse, social worker, psychologist, pharmacist, clergyman, or employee of the department of ((public assistance)) social and health services is attending a child as part of his regular duties and has cause to believe that such child has died or has had physical injury or injuries inflicted upon his other than by accidental means, or who is found to be suffering from physical neglect, or sexual abuse, he ((may)) shall notify the person in charge of the institution, organization, school, or the department or his designated representative, who ((may)) shall report the incident or cause such reporting to be made as provided in RCW 26.44.040.

Sec. 2. Section 4, chapter 13, Laws of 1965 as amended by section 4, chapter 35, Laws of 1969 ex. sess. and RCW 26.44.040 are each amended to read as follows:

An immediate oral report ((may)) shall be made by telephone or otherwise to the proper law enforcement agency or the department of ((public assistance)) social and health services and ((may)) shall be followed by a report in writing. Such reports shall contain the following information, if known:

(1) The name, address, and age of the child;
(2) The name and address of the child's parents((†)) , stepparents((†)) , guardians, or other persons having custody of the child;
(3) The nature and extent of the child's injury or injuries;
(4) The nature and extent of the child's physical neglect;
(5) The nature and extent of the sexual abuse;
(6) Any evidence of previous injuries, including their nature and extent; and
(7) Any other information which may be helpful in establishing the cause of the child's death, injury, or injuries and the identity of the perpetrator or perpetrators.

NEW SECTION. Sec. 3. There is added to chapter 26.44 RCW a new section to read as follows:

Every person who is required to make, or to cause to be made,

Exhibit____Page__18

Ch. 167    WASHINGTON LAWS, 1971 1st Ex. Sess.

a report pursuant to RCW 26.44.030 and 26.44.040, and who knowingly fails to make, or fails to cause to be made, such report, shall be guilty of a misdemeanor.

Passed the House April 2, 1971.
Passed the Senate May 8, 1971.
Approved by the Governor May 20, 1971.
Filed in Office of Secretary of State May 21, 1971.

CHAPTER 168
[Engrossed House Bill No. 414]
INTERSTATE COMPACT ON THE PLACEMENT OF CHILDREN

AN ACT Relating to an interstate compact on the placement of children; adding a new chapter to Title 26 RCW; and prescribing penalties.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF WASHINGTON:
    NEW SECTION. Section 1. The interstate compact on the placement of children is hereby enacted into law and entered into with all other jurisdictions legally joining therein in form substantially as follows:

ARTICLE I. Purpose and Policy
It is the purpose and policy of the party states to cooperate with each other in the interstate placement of children to the end that:
    (a) Each child requiring placement shall receive the maximum opportunity to be placed in a suitable environment and with persons or institutions having appropriate qualifications and facilities to provide a necessary and desirable degree and type of care.
    (b) The appropriate authorities in a state where a child is to be placed may have full opportunity to ascertain the circumstances of the proposed placement, thereby promoting full compliance with applicable requirements for the protection of the child.
    (c) The proper authorities of the state from which the placement is made may obtain the most complete information on the basis of which to evaluate a projected placement before it is made.
    (d) Appropriate jurisdictional arrangements for the care of children will be promoted.

ARTICLE II. Definitions
As used in this compact:
    (a) "Child" means a person who, by reason of minority, is legally subject to parental, guardianship or similar control.
    (b) "Sending agency" means a party state, officer or employee thereof; a subdivision of a party state, officer or officer or employee

[750]

WASHINGTON LAWS, 1971 1st Ex. Sess.    Ch. 168

thereof; a court of a party state; a person, corporation, association, charitable agency or other entity which sends, brings, or causes to be sent or brought any child to another party state.
    (c) "Receiving state" means the state to which a child is sent, brought, or caused to be sent or brought, whether by public authorities or private persons or agencies, and whether for placement with state or local public authorities or for placement with private agencies or persons.
    (d) "Placement" means the arrangement for the care of a child in a family free or boarding home or in a child-caring agency or institution but does not include any institution caring for the mentally ill, mentally defective or epileptic or any institution primarily educational in character, and any hospital or other medical facility.

ARTICLE III. Conditions for Placement
    (a) No sending agency shall send, bring, or cause to be sent or brought into any other party state any child for placement in foster care or as a preliminary to a possible adoption unless the sending agency shall comply with each and every requirement set forth in this article and with the applicable laws of the receiving state governing the placement of children therein.
    (b) Prior to sending, bringing or causing any child to be sent or brought into a receiving state for placement in foster care or as a preliminary to a possible adoption, the sending agency shall furnish the appropriate public authorities in the receiving state written notice of the intention to send, bring, or place the child in the receiving state. The notice shall contain:
        (1) The name, date and place of birth of the child.
        (2) The identity and address or addresses of the parents or legal guardian.
        (3) The name and address of the person, agency or institution to or with which the sending agency proposes to send, bring, or place the child.
        (4) A full statement of the reasons for such proposed action and evidence of the authority pursuant to which the placement is proposed to be made.
    (c) Any public officer or agency in a receiving state which is in receipt of a notice pursuant to paragraph (b) of this article may request of the sending agency, or any other appropriate officer or agency of or in the sending agency's state, and shall be entitled to receive therefrom, such supporting or additional information as it may deem necessary under the circumstances to carry out the purpose and policy of this compact.
    (d) The child shall not be sent, brought, or caused to be sent or brought into the receiving state until the appropriate public

[751]

Exhibit_____Page 19

Ch. 216    WASHINGTON LAWS, 1975 1st Ex. Sess.

(8) Have power to compound and release in whole or in part any debt due to the county when in their opinion the interest of their county will not be prejudiced thereby, except in cases where they are or any of them are personally interested;

(9) Have power to administer oaths or affirmations necessary in the discharge of their duties and commit for contempt any witness refusing to testify before them with the same power as justices of the peace.

Passed the Senate April 9, 1975.
Passed the House June 7, 1975.
Approved by the Governor June 19, 1975.
Filed in Office of Secretary of State June 23, 1975.

CHAPTER 217
[Engrossed Senate Bill No. 2621]
CHILD ABUSE AND NEGLECT

AN ACT Relating to child abuse and neglect; amending section 1, chapter 1, Laws of 1965 as amended by section 1, chapter 35, Laws of 1969 ex. sess. and RCW 26.44.010; amending section 2, chapter 13, Laws of 1965 as amended by section 2, chapter 35, Laws of 1969 ex. sess. and RCW 26.44.020; amending section 3, chapter 13, Laws of 1965 as amended by section 1, chapter 167, Laws of 1971 ex. sess. and RCW 26.44.030; amending section 4, chapter 13, Laws of 1965 as amended by section 2, chapter 167, Laws of 1971 ex. sess. and RCW 26.44.040; amending section 5, chapter 13, Laws of 1965 as last amended by section 15, chapter 202, Laws of 1971 ex. sess. and RCW 26.44.050; amending section 6, chapter 13, Laws of 1965 and RCW 26.44.060; amending section 6, chapter 13, Laws of 1965 as amended by section 1, chapter 46, Laws of 1973 1st ex. sess. and RCW 26.44.070; and adding new sections to chapter 26.44 RCW.

Be it enacted by the Legislature of the State of Washington:

Section 1. Section 1, chapter 13, Laws of 1965 as amended by section 1, chapter 35, Laws of 1969 ex. sess. and RCW 26.44.010 are each amended to read as follows:

((In-order-to-protect-children-and-the-mentally-retarded-whose-health-and welfare-may-be-adversely-affected-through-the-infliction,-by-other-than-accidental means,-of-physical-injury-and/or-physical-neglect,-or-sexual-abuse)) The Washington state legislature hereby finds and declares: The bond between a child and his or her parent, custodian, or guardian is of paramount importance, and any intervention into the life of a child is also an intervention into the life of the parent, custodian, or guardian; however, instances of nonaccidental injury, neglect, death, sexual abuse and cruelty to children by their parents, custodians or guardian have occurred, and in the instance where a child or mentally retarded person is deprived of his or her right to conditions of minimal nurture, health, and safety, the state is justified in emergency intervention based upon verified information; and therefore the Washington state legislature hereby provides for the reporting of such cases to the appropriate public authorities. It is the intent of the legislature that, as a result of such reports, protective services shall be made available in an effort to prevent further abuses, and to safeguard ((and-enhance-the)) the general welfare of such children: PROVIDED, That such reports shall be maintained and disseminated with strictest regard for the privacy of the subjects of such reports and so as to safeguard against arbitrary, malicious or erroneous information, or actions: PROVIDED FURTHER, That this chapter shall not be construed to authorize interference with child-raising practices, including reasonable parental

Exhibit____ Page 20

---

WASHINGTON LAWS, 1975 1st Ex. Sess.    Ch. 217

discipline, which are not proved to be injurious to the child's health, welfare and safety.

Sec. 2. Section 2, chapter 13, Laws of 1965 as amended by section 2, chapter 35, Laws of 1969 ex. sess. and RCW 26.44.020 are each amended to read as follows:

For the purpose of and as used in this chapter:

(1) "Court" means the superior court of the state of Washington, juvenile department.

(2) "Law enforcement agency" means the police department, the prosecuting attorney, the state patrol, the director of public safety, or the office of the sheriff.

(3) "Practitioner of the healing arts" or "practitioner" means a person licensed by this state to practice ((chiropody)) podiatry, optometry, chiropractic, nursing, dentistry, osteopathy and surgery, or medicine and surgery. The term "practitioner" shall include a duly accredited Christian Science practitioner: PROVIDED, HOWEVER, That a child who is being furnished Christian Science treatment by a duly accredited Christian Science practitioner shall not be considered, for that reason alone, a ((physically)) neglected child for the purposes of this chapter.

(4) "Institution" means a private or public hospital or any other facility providing medical diagnosis, treatment or care.

(5) "Department" means the state department of ((public assistance)) social and health((services)) social and health services.

(6) "Child" or "children" means any person under the age of eighteen years of age and shall also include any mentally retarded person regardless of age.

(7) "Professional school personnel" shall include, but not be limited to, teachers, counselors, administrators, child care facility personnel, and school nurses.

(8) "Social worker" shall mean anyone engaged in a professional capacity during the regular course of employment in encouraging or promoting the health ((or)), welfare ((or)), support or education of children ((tender-the-age-of-eighteen years)), or providing social services to adults or families, whether in an individual capacity, or as an employee or agent of any public or private organization or institution.

(9) "Psychologist" shall mean any person licensed to practice psychology under chapter 18.83 RCW, whether acting in an individual capacity or as an employee or agent of any public or private organization or institution.

(10) "Pharmacist" shall mean any registered pharmacist under the provisions of chapter 18.64 RCW, whether acting in an individual capacity or as an employee or agent of any public or private organization or institution.

(11) "Clergyman" shall mean any regularly licensed or ordained minister or any priest of any church or religious denomination, whether acting in an individual capacity or as an employee or agent of any public or private organization or institution.

(12) "Child abuse or neglect" shall mean the injury, sexual abuse, or negligent treatment or maltreatment of a child by a person who is legally responsible for the child's welfare under circumstances which indicate that the child's health, welfare and safety is harmed thereby. An abused child is a child who has been subjected to child abuse or neglect as defined herein. "Negligent treatment or maltreatment" shall mean an act or omission which evinces a serious disregard of consequences

Ch. 217          WASHINGTON LAWS, 1975 1st Ex. Sess.

of such magnitude as to constitute a clear and present danger to the child's health, welfare and safety: PROVIDED, That this subsection shall not be construed to authorize interference with child-raising practices, including reasonable parental discipline, which are not proved to be injurious to the child's health, welfare and safety.

(13) "Child protective services section" shall mean the child protective services section of the department.

Sec. 3. Section 3, chapter 13, Laws of 1965 as last amended by section 1, chapter 167, Laws of 1971 ex. sess. and RCW 26.44.030 are each amended to read as follows:

(1) When any practitioner, professional school personnel, registered or licensed nurse, social worker, psychologists, pharmacists, ((clergyman)) or employee of the department of social and health services has reasonable cause to believe that a child has ((died or has had physical injury or injuries inflicted upon him, other than by accidental means, or is found to be suffering from physical neglect, or sexual abuse)) suffered child abuse or neglect, he shall report such incident, or cause a report to be made, to the proper law enforcement agency or to the department of social and health services as provided in RCW 26.44.040.

(2) ((When a practitioner, professional school personnel, registered nurse, social worker, psychologist, pharmacist, clergyman, or employee of the department of social and health services is attending a child as part of his regular duties and has cause to believe that such child has died or has had physical injury or injuries inflicted upon him other than by accidental means, or who is found to be suffering from physical neglect, or sexual abuse, he shall notify the person in charge of the institution, organization, school, or the department or his designated representative, who shall report the incident or cause such reporting to be made as provided in RCW 26.44.040.)) Any other person who has reasonable cause to believe that a child has suffered child abuse or neglect may report such incident to the proper law enforcement agency or to the department of social and health services as provided in RCW 26.44.040 as now or hereafter amended.

(3) The department or any law enforcement agency receiving a report of an incident of child abuse or neglect pursuant to this act, involving a child who has died or has had physical injury or injuries inflicted upon him other than by accidental means or who has been subjected to sexual abuse shall report such incident to the county prosecutor for appropriate action.

Sec. 4. Section 4, chapter 13, Laws of 1965 as last amended by section 2, chapter 167, Laws of 1971 ex. sess. and RCW 26.44.040 are each amended to read as follows:

An immediate oral report shall be made by telephone or otherwise to the proper law enforcement agency or the department of social and health services and, upon request, shall be followed by a report in writing. Such reports shall contain the following information, if known:

(1) The name, address, and age of the child;

(2) The name and address of the child's parents, stepparents, guardians, or other persons having custody of the child;

(3) The nature and extent of the child's injury or injuries;

(4) The nature and extent of the ((child's physical)) neglect of the child;

Exhibit____ Page 21

WASHINGTON LAWS, 1975 1st Ex. Sess.          Ch. 217

(5) The nature and extent of the sexual abuse;

(6) Any evidence of previous injuries, including their nature and extent; and

(7) Any other information which may be helpful in establishing the cause of the child's death, injury, or injuries and the identity of the perpetrator or perpetrators.

Sec. 5. Section 5, chapter 13, Laws of 1965 as last amended by section 15, chapter 302, Laws of 1971 ex. sess. and RCW 26.44.050 are each amended to read as follows:

Upon the receipt of a report concerning the possible ((nonaccidental infliction of a physical injury upon a child or physical neglect, or sexual abuse)) occurrence of child abuse or neglect, it shall be the duty of the law enforcement agency or the department of social and health services to investigate and provide ((child welfare services)) the child protective services section with a report in accordance with the provision of chapter 74.13 RCW, and where necessary to refer such report to the court. Notwithstanding the provisions of RCW 13.04.130 as now or hereafter amended, the law enforcement agency or the department of social and health services investigating, such a report is hereby authorized to photograph such a child for the purpose of providing documentary evidence of the physical condition of the child at the time the child was taken into custody.

Sec. 6. Section 6, chapter 13, Laws of 1965 and RCW 26.44.060 are each amended to read as follows:

((Any person participating in the making of a report pursuant to this chapter or participating in a judicial proceeding resulting therefrom shall in so doing be immune from any civil liability that might otherwise be incurred or imposed. That the provisions of this chapter heretofore provided shall not be deemed violation of the patient-physician relationship or confidence.)) (1) Any person participating in good faith in the making of a report pursuant to this chapter or testifying as to alleged child abuse or neglect in a judicial proceeding shall in so doing be immune from any liability arising out of such reporting or testifying under any law of this state or its political subdivisions.

(2) An administrator of a hospital or similar institution or any physician licensed pursuant to chapters 18.71 or 18.57 RCW taking a child into custody pursuant to section 9 of this amendatory act shall not be subject to criminal or civil liability for such taking into custody.

(3) Conduct conforming with the reporting requirements of this chapter shall not be deemed a violation of the confidential communication privilege of RCW 5.60.060 (3) and (4) and 18.83.110. Nothing in this chapter shall be construed as to supersede or abridge remedies provided in chapter 4.92 RCW.

Sec. 7. Section 6, chapter 35, Laws of 1969 ex. sess. as amended by section 1, chapter 46, Laws of 1972 ex. sess. and RCW 26.44.070 are each amended to read as follows:

The department shall maintain a central registry of reported cases of child abuse and shall adopt such rules and regulations as necessary in carrying out the provisions of this section. Records in the central registry shall be considered confidential and privileged and will not be available except upon court order to any person or agency except (1) law enforcement agencies as defined in this chapter