The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K., and T.D., <br><br> Plaintiffs, <br><br> v. <br><br> THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/k/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/k/a LDS, a Utah corporation, <br><br> Defendants. | NO. 04-2338 RSM <br><br> DEFENDANT'S REPLY IN SUPPORT OF MOTION TO SEGREGATE DAMAGES |

## I.   INTRODUCTION

When the outcome of a motion hangs on the interpretation of a single case, a sure sign a party is on weak ground is when he parrots the arguments made by the *dissent* in the case at issue. This is such a motion. Plaintiff's opposition to COP's motion to segregate damages is filled with arguments previously advanced by Justice Chambers, author of the dissent in *Tegman v. Accident and Medical Investigations, Inc.*, 150 Wn.2d 102, 127, 75 P.3d 497 (2003). Each of these arguments was either expressly rejected by the majority or is flatly inconsistent with the

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO SEGREGATE DAMAGES - 1
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

majority. In choosing between faithfully applying the opinion of the Court in *Tegman*, or the views of the dissent, the Court's duty is clear. Plaintiff's three arguments must be rejected.

First, Plaintiff contends that because he did not name Jack Loholt as a party, *Tegman* is inapplicable and the case is governed by *Welch v. Southland Corp.*, 134 Wn.2d 629, 952 P.2d 163 (1998). However, *Tegman's* dissent specifically relied upon *Welch*, and the majority opinion distinguished it. *Welch* governs the apportionment of *fault*, whereas *Tegman* governs the apportionment of *damages*. Neither *Welch* nor *Tegman* turned on the question of whether the intentional tortfeasor is a party.

Second, Plaintiff contends that *Tegman* does not apply where COP had a duty to protect the Plaintiff from Loholt's intentional conduct. This is flatly inconsistent with *Tegman*. The dissent argued this point, and did not prevail. Moreover, *Tegman* itself involved defendants who were found negligent precisely because they failed to protect the plaintiff from intentional wrongdoing. Indeed, even the dissent characterized the case this way, stating that defendants "failed to protect Tegman." *Tegman*, 150 Wn.2d at 129. Since *Tegman* itself involved negligent failure to prevent intentional torts, *Tegman* applies to Plaintiff's claims as well.

Third, Plaintiff argues that *Tegman* does not apply unless the defendant proves the damages are divisible. Again, this is inconsistent with *Tegman*. *Tegman* itself involved indivisible damages. If Plaintiff were correct, it would have been impossible for the Supreme Court to reach the outcome it did—*Tegman's* holding could not have applied even to *Tegman* itself. On its face, then, *Tegman* rebuts Plaintiff's argument that COP must prove the damages are divisible.

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO SEGREGATE DAMAGES - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

*Tegman's* holding is clear: "under RCW 4.22.070 the damages resulting from negligence must be segregated from those resulting from intentional acts." *Id.* at 105. COP's motion must be granted.

## II. ARGUMENT

**A. The *Tegman* Court Specifically Rejected Plaintiff's Argument that *Welch* Precludes Segregation of Damages.**

Plaintiff contends that *Welch v. Southland*, 134 Wn.2d 629, 952 P.2d 163 (1998), is the "controlling case" and precludes this case from segregating damages in accordance with *Tegman*. Plaintiff also argues that *Tegman* does not apply because Loholt is not a named defendant. Neither of these contentions has merit.

**1. *Tegman* Controls, Not *Welch***

*Tegman* does not deal with the question of apportionment of "fault," which was the focus of *Welch*. *Tegman* requires the segregation of damages. Plaintiff incorrectly contends that this is the same thing.

In *Welch*, Southland sought to reduce its liability by having the jury apportion a percentage of fault to the intentional tortfeasor. Such apportionment among "at fault" entities is required by RCW 4.22.070. If successful, Southland would have been severally liable only for its percentage of fault, not any fault apportioned to the intentional tortfeasor. The Court rejected this, holding "the Legislature did not intend an entity who commits an intentional tort be considered at fault for purposes of RCW 4.22.070." *Welch*, 134 Wn.2d at 634. Thus, a defendant cannot attempt to assign a percentage of fault (i.e., liability) to an intentional tortfeasor.

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO SEGREGATE DAMAGES - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Plaintiff's argument that *Welch* controls the question of segregation of damages has a fatal flaw—it was specifically advanced by the *dissent* in *Tegman* and it did not carry the day. Justice Chambers' dissent relied on *Welch,* making the same argument made here by Plaintiff.

> Southland argued it should be permitted to compare the intentional conduct of the assailant to reduce its fault. This Court took a hard look at the statute and rejected Southland's attempt to compare negligent and intentional conduct. "If the Legislature had intended liability to be apportioned to intentional tortfeasors, it could have included intentional acts and omissions within the statutory definition of *fault* when it enacted RCW 4.22.070." We found that the statute did not authorize <u>apportionment of damages</u> between intentional and negligent causes.

*Tegman,* 150 Wn.2d at 127 (Chambers, J., dissenting) (italics in original, underlining added) (citations omitted). Although *Welch* dealt with fault, the dissent characterized it as also barring "apportionment of damages."

The majority disagreed. It thus rejected Justice Chambers' argument, repeated here by Plaintiff, that segregating damages gives the negligent tortfeasor that which was denied in *Welch*. The majority held that although *Welch* barred apportionment of *fault* to intentional tortfeasors, the statute required segregation of *damages* caused by intentional conduct.

> The dissent believes, however, that under our decision negligent defendants are improperly allowed to apportion liability to the intentional tortfeasor, contrary to this court's decision in *Welch*. Under RCW 4.22.070, and our decision here, intentional tortfeasors are not entitled to the benefit of proportionate *liability*; the negligent defendant is not permitted to apportion *fault* to an intentional tortfeasor. This is in accord with *Welch* . . . . Here, it is clear that no fault is apportioned to the intentional tortfeasor, exactly as RCW 4.22.070 requires and *Welch* holds. . . .
>
> [U]nder RCW 4.22.070(1), when the damages result from both intentional acts and omissions and "fault," i.e. negligence, recklessness, and conduct subjecting the actor to strict liability, the damages resulting from the intentional acts and omissions must be segregated from damages that are fault-based.

*Tegman,* 150 Wn.2d at 115-117 (emphasis added).

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO SEGREGATE DAMAGES - 4
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Because the *Tegman* majority clearly understood *Welch* to govern apportionment of fault, and not segregation of damages, this Court must follow suit.

## 2. It is of No Significance That Loholt is Not Named as a Party.

Loholt is not named as a defendant. In *Welch*, the intentional tortfeasor was not even known and thus was not named as a defendant. Plaintiff thus draws a parallel between this case with *Welch*, claiming it to be controlled by *Welch*. This argument is barren of logic or support. Neither *Welch* nor *Tegman* turns on whether the intentional tortfeasor is a party.

*Welch* held that it is an entity's *status* as an intentional tortfeasor that precludes apportionment of liability (fault).

> As Welch correctly asserts, the statutory definition of *fault* does not include intentional acts or omissions. Thus, we conclude, from the plain language of RCW 4.22.015, the Legislature did not intend an entity who commits an intentional tort be considered at *fault* for purposes of RCW 4.22.070.

*Welch*, 134 Wn.2d at 634 (emphasis in original). Since intentional actors are not "at fault," no apportionment of liability can be made to them. Because that outcome turns exclusively on the intentional nature of the entity's conduct, *Welch* would have reached the same holding even if the intentional tortfeasor was a named defendant.

Moreover, holding that *Tegman* does not apply where the intentional actor is not a named defendant allows *Tegman* to be circumvented at plaintiff's discretion. This is inconsistent with the majority opinion.

> [N]egligent defendants are jointly and severally liable only for that part of the total damages that they negligently caused. The at-fault defendants are not jointly and severally liable under RCW 4.22.070(1)(b) for any *damages resulting from intentional acts or omissions*.

*Tegman*, 150 Wn.2d at 114 (emphasis added). The damages for which COP is not liable—"damages resulting from intentional acts or omissions"—exist whether or not a plaintiff chooses

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO SEGREGATE DAMAGES - 5
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

to sue the intentional tortfeasor. Nothing in *Tegman's* text or reasoning of suggests that its application depends on whether the intentional tortfeasor is a party.

Finally, Plaintiff cites an unpublished order from the Eastern District of Washington. This order, obviously, is not binding upon the Court. As importantly, the order is entitled to no persuasive authority because the court provides no analysis—it is wholly conclusory. The court observed that the intentional tortfeasors had settled, leaving only negligence claims. The court then issued a one-sentence conclusion: "Therefore, the joint and several liability issue addressed by the court in *Tegman* does not present itself here." Why not? The court does not say and, with due respect, that conclusion cannot be reconciled with the language or reasoning of *Tegman*.

**B.      *Tegman* Applies Where the Negligent Actor Had a Duty to Protect the Plaintiff From the Intentional Actor's Conduct.**

   **1.      Tegman Itself is a "Failure to Protect" Case and Its Holding Necessarily Applies Here.**

Plaintiff argues:

> The *Tegman* decision does not apply in the situation squarely presented by this case: namely, where the negligent party's liability is based on the failure to prevent the conduct of the intentional actor. This case involves an issue which was not present in *Tegman* and which was not discussed or reached by the *Tegman* Court.

Opposition at 6.

Plaintiff's contention is blatantly false. Again, Justice Chambers' dissent specifically addressed this issue, and his argument did not persuade the majority. Justice Chambers wrote:

> There are good reasons not to compare negligent and intentional conduct. First, this matter commonly arises when one tortfeasor with a special relationship to another negligently *fails to foresee and prevent the intentional tort of another*.

*Tegman*, 150 Wn.2d at 127 (emphasis added).

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO SEGREGATE DAMAGES - 6
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Furthermore, the dissent conceded the point COP made in its opening brief: *Tegman* itself involved negligent failure to prevent intention wrongdoing, and thus was factually and analytically similar to the present case. Justice Chamber's dissent stated:

> The duty to prevent another's tortious conduct is particularly compelling in the instant case because Camille H. Jescavage and Lorinda S. Noble were both lawyers who represented Tegman to protect her legal interest. *They failed to protect Tegman, and this Court should not shield them from liability for a harm a judge concluded they had a legal duty to prevent.*

*Tegman*, 150 Wn.2d at 128-129 (Chambers, J, dissenting) (emphasis added). The harm they had a "legal duty to prevent" was the fraud perpetuated on Ms. Tegman by McClellan, the company owner, who failed to tell Tegman he was not a lawyer, forged her signature and settled her case without her consent. Noble was negligent because she knew of these practices and "failed to protect Tegman."

Since *Tegman* itself involved negligent failure to prevent intentional conduct, it necessarily applies to the present case.

### 2. Plaintiff Misreads *Tegman*; It Is Not Limited.

Plaintiff misreads *Tegman* as having limited its holding. Plaintiff seizes upon language which he claims suggests the Court intended *Tegman* to apply only where negligent defendants are "not the cause of intentionally based damages." For two reasons—one logical, one linguistic—plaintiff is incorrect.

First, and most importantly, *Tegman* cannot be so read because *Tegman* itself is a case where negligent conduct failed to prevent intentional harm. Hence, the sentence relied upon by Plaintiff cannot possibly be construed to preclude *Tegman's* application to Plaintiff's claim.

Second, Plaintiff reads into *Tegman* words of limitation where none exist. In fuller context, the language relied upon by plaintiff provides:

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO SEGREGATE DAMAGES - 7
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

> That the full recovery for all damages may not be claimed against a negligent defendant for all negligent and intentional acts reflects the legislative intent set out in RCW 4.22.070. The legislative scheme *also* serves to provide some relief to negligent defendants whose conduct is not as egregious at the intentional tortfeasor, nor the cause of the intentionally based damages.

*Tegman*, 150 Wn.2d at 119 (emphasis added). *Tegman's* general rule is set forth in the first sentence: recovery for intentional acts may not be had from a negligent defendant. The second sentence provides *examples* of those who are afforded relief by the *Tegman* rule. This reading is evidenced by the use of the word "also," which cannot be read as introducing words of limitation.[1]

### 3. Common Law and Out of State Authorities Are Irrelevant.

Plaintiff does not dispute COP's contention that *Tegman* is statutorily-based. Hence, Plaintiff's citation to out of state cases and the Restatement must be disregarded, just as the *Tegman* majority brushed aside Justice Chambers' invocation of such authorities.

> Whether segregation is required in other states is *irrelevant* unless they have statutes like ours. Neither the parties nor the dissent has identified any such statutes (state statutes vary considerably in this area), and research has failed to disclose any. Lack of precedent is hardly a bar to carrying out the legislature's statutory directives.

*Tegman*, 150 Wn.2d at 117-18 (emphasis added).

## C. *Tegman* Does Not Require the Defendant to Prove Damages are Divisible.

### 1. Plaintiff Fails to Rebut COP's Argument That *Tegman* Requires Segregation Because of the Statute, which Trumps Common Law or Public Law Policy Arguments.

As anticipated in COP's opening brief, Plaintiff argues that *Tegman* does not apply unless Defendant proves that damages are divisible. In support of this proposition, Plaintiff relies upon

---

[1] Ironically, the sentence upon which Plaintiff relies supports one of COP's other arguments—it is the "legislative scheme," not the Restatement or common law principle, that dictates segregation of damages. *Tegman* merely acknowledges and enforces that statutory scheme.

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO SEGREGATE DAMAGES - 8
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

cases addressing only *multiple negligent tortfeasors*. *E.g.*, *Cox v. Spangler*, 141 Wn.2d 431, 5 P.3d 1265 (2000).

Stunningly, Plaintiff wholly fails to address the central point made in COP's opening motion: that the segregation of damages required by *Tegman* is derived from the Court's application of the 1986 Tort Reform Act. *Tegman* holds segregation of damages is *required by RCW 4.22.070*. Plaintiff does not rebut this because he cannot rebut it. Because *Tegman* is statutorily commanded, it is not limited by common law principles.

Contrary to Plaintiff's opposition brief, COP does not contend that *Tegman* "overruled" *Cox*. *Cox* continues to govern in cases involving negligent tortfeasors. *Cox*, however, did not involve and does not extend to cases like *Tegman* or the present case.

2. **The Majority and the Dissent Both Recognized that *Tegman's* Holding Applied to Cases Where Harm is Indivisible.**

Plaintiff's argument that *Tegman* applies only to cases of divisible damages is nonsensical. *Tegman* itself was not such a case.

Plaintiff asserts *Tegman* "simply did not address the issue of whether segregation was possible . . . the Court neglected to mention divisibility of harm." Plaintiff's Opp. at 10. This is flatly inconsistent with *Tegman*. The Court not only considered divisibility of harm, it specifically contemplated that *Tegman* would apply to cases of indivisible damages.

> The dissent protests that the required segregation will be baffling. Dissent at 120. *Segregating damages in cases of "indivisible" harm has been a part of this State's law since adoption of comparative negligence* . . . There is no particular mystery involved, nor any duplicative calculations.

*Tegman*, 150 Wn.2d at 117 (emphasis added).

Moreover, the dissent expressly stated that Ms. Tegman's damages were, in fact, indivisible.

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO SEGREGATE DAMAGES - 9
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

> The trial court found Tegman was entitled to $15,000 in compensatory damages. The trial court concluded that *these damages were indivisible*, and Noble did not assign error to this conclusion.

Id. at 134 (Chambers, J., dissenting) (emphasis added).

In sum, *Tegman* itself rebuts plaintiff's contention that *Tegman* applies only where the defendant can prove divisible damages. The majority contemplated the decision's application to cases of indivisible damages, and *Tegman* itself involved indivisible damages.

### 3. The Concurrence in *Aba Sheikh* is of No Precedential Value.

As discussed above, most of Plaintiff's arguments were previously made in the *Tegman* dissent. Plaintiff's claim that COP must prove that damages are divisible is also based on the view of the author of that dissent. In a concurring opinion cited by Plaintiff—a concurrence joined by <u>no</u> other Justice—Justice Chambers argued, as plaintiff does here, that *Tegman* is limited by the principles of *Cox*. *Abu Sheikh v. Choe*, 156 Wn.2d 441, 128 P.2d 574 (2006).

This concurrence should be rejected for the reasons stated above: (1) segregating damages between intentional negligence tortfeasors is required by statute, and *Cox*'s common law rule cannot alter the statutory imperative; and (2) *Tegman* itself was a case of indivisible damages, as Justice Chambers himself recognized, and thus arguing that it is limited to cases of divisible damages is inconsistent with the facts and holding of *Tegman*.

Moreover, the concurrence is unpersuasive because it is expressly inconsistent with Justice Chambers' own dissent in *Tegman*. His *Tegman* dissent specifically recognized that *Tegman* would apply in cases of indivisible damages. In the very first paragraph of his dissent, Justice Chambers set out why he believed *Tegman* was unworkable:

> [D]iligent judges and counsel will be required to ask juries to segregate tortfeasor liability *for indivisible damages* twice under inconsistent standards. First, the jury must now segregate liability based on conduct, and secondly based on whether the

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO SEGREGATE DAMAGES - 10
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

*indivisible damages* were caused by intentional or negligent acts. As these inquiries require resolution of sharply different questions, the calculations will baffle even the most conscientious triers of fact.

*Id.* at 120 (Chamber, J., dissenting) (emphasis added).

Thus, the concurrence's newfound theory that *Tegman* applies only to cases of divisible damages is inconsistent with the author's own understanding of the case at the time it was decided. Unfortunately, then, one is hard pressed to view the concurrence as anything but an attempt to circumvent a holding with which it does not agree. Plaintiff's repetition of that theory here has just as little merit.

### III.   CONCLUSION

For the reasons stated above, and in COP's opening brief, this Court should hold that the jury will be instructed to segregate damages caused by the intentional conduct of non-party Jack Loholt from damages attributable to COP's alleged negligence, if any.

DATED this 18th day of August, 2006.

**GORDON MURRAY TILDEN** LLP

By /s/ *signature*
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the President of The Church of Jesus Christ of Latter-Day Saints

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO SEGREGATE DAMAGES - 11
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## IV. CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. The parties will additionally be served in the manner indicated.

| | |
|---|---|
| Michael T. Pfau<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim LLP<br>P.O. Box 1157<br>Tacoma, WA 98401-1157<br>Telephone: (206) 676-7500<br>Facsimile: (206) 676-7575<br>E-Mail: mpfau@gth-law.com<br><br>( ) Mail    ( ) Hand Delivery<br>( ) Fax     ( ) Federal Express | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff, P.C.<br>600 University Street, Suite 2101<br>Seattle, WA 98101<br>Telephone: (206) 676-7610<br>Facsimile: (425) 837-9692<br>E-Mail: timkosnoff@comcast.net<br><br>( ) Mail    ( ) Hand Delivery<br>( ) Fax     ( ) Federal Express |

**GORDON MURRAY TILDEN LLP**

By /s/ Michael Rosenberger
Michael Rosenberger, WSBA #17430
Attorneys for Defendant The Corporation of the President of The Church of Jesus Christ of Latter-Day Saints
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: mrosenberger@gmtlaw.com

DEFENDANT'S REPLY IN SUPPORT OF MOTION
TO SEGREGATE DAMAGES - 12
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292