The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K., and T.D., <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDS, a Utah corporation, <br><br>　　　　　Defendants. | NO. 04-2338 RSM <br><br>DEFENDANT'S REPLY IN SUPPORT OF ITS IN LIMINE MOTION TO EXCLUDE EVIDENCE OF: (1) LOHOLT'S OTHER ACTS OF ABUSE; (2) DAMAGES SUFFERED BY OTHER VICTIMS; AND (3) DEFENDANTS' SETTLEMENTS WITH OTHERS |

## I.　INTRODUCTION

Plaintiff presents no opposition to COP's motion to exclude evidence of settlement with other victims. The Court should thus grant this component of COP's motion.

As to COP's motion to exclude evidence of Loholt's abuse of others, Plaintiff contends, first, that Loholt's abuse of others is necessary to prove notice to COP. However, during the relevant period, COP received only a <u>single</u> report of potential abuse by Loholt. COP's present motion does not seek to exclude that report. Critically, however, there is <u>no</u> evidence that COP

DEFENDANT'S REPLY IN SUPPORT OF ITS IN LIMINE
MOTION TO EXCLUDE EVIDENCE OF: (1) LOHOLT'S
OTHER ACTS OF ABUSE; (2) DAMAGES SUFFERED BY
OTHER VICTIMS; AND (3) DEFENDANTS' SETTLEMENTS
WITH OTHERS - 1
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

had knowledge of Loholt's other victims prior to the abuse of Plaintiff. Such abuse of other victims is thus irrelevant to the question of notice.

Second, Plaintiff attempts to create a factual dispute were none exists, contending that Loholt's other acts of abuse are necessary to "corroborate" Plaintiff's testimony. Plaintiff's testimony needs no corroboration—COP admits he was abused by Loholt. COP will not seek to introduce the portion of Loholt's deposition transcript in which he denied abuse of Plaintiff. Hence, Plaintiff's testimony regarding the <u>fact</u> of abuse (as distinct from the timing of it) will be uncontested.

In broader terms, Plaintiff's effort to introduce evidence of others' abuse and damages threatens to dramatically expand the scope and length of trial. Essentially, this Court would then be trying claims that already have been settled. This would be wasteful, and it is not justified by any plausible claim of relevance. Plaintiff contends, for example, that other victims' damages prove the severity of damage that can flow from sexual abuse. This is the province of expert testimony, which Plaintiff will offer. The specific life experiences of other victims, who experienced differing degrees and duration of abuse, says nothing about Plaintiff's alleged damages. Such evidence must be excluded if this Court is to avoid trials on each of those non-parties' claims.

## II. ARGUMENT

### A. Evidence of Abuse of Other Victims is Irrelevant to Notice.

In its opening motion, COP specifically stated that one other possible act of abuse, Loholt's inappropriate touching of Scott Pettit, was outside the scope of the present motion. *See,*

DEFENDANT'S REPLY IN SUPPORT OF ITS IN LIMINE
MOTION TO EXCLUDE EVIDENCE OF: (1) LOHOLT'S
OTHER ACTS OF ABUSE; (2) DAMAGES SUFFERED BY
OTHER VICTIMS; AND (3) DEFENDANTS' SETTLEMENTS
WITH OTHERS - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Opening Brief at footnote 1 and accompanying text.[1] COP admittedly got notice of this incident.

Significantly, however, there is no evidence that COP received notice of any other acts of abuse prior to Loholt's abuse of Plaintiff. Thus, Plaintiff's claim that such acts are admissible to establish notice must be rejected.

### 1. Plaintiff's Allegation that COP Received Two Reports of Abuse is Unsupported and Incorrect.

At pages 2-3 of his Opposition, Plaintiff misleads the Court by asserting that Bishop Borland received two reports of Loholt's abuse of children. Without being specific, Plaintiff implies that Loholt's abuse of others is somehow relevant to the purported second report. There was no second report, and such evidence is irrelevant.

Plaintiff contends the first report occurred in 1971 concerning victim "S.P.," who is referred to in the deposition testimony as Scott Pettit. Dep. of Richard Pettit at 31.[2] The 1971 date is slightly off—the report actually occurred in late January or early February 1972— but COP admits it received this report. However, Plaintiff also claims, with no evidentiary support whatsoever, that COP got a second report "in late 1972/early 1973." Opp. at 2. Plaintiff cites as support for this proposition its prior summary judgment briefing, which in turn relied upon Bishop Borland's deposition testimony. The testimony cited and relied upon by Plaintiff makes no mention of a time frame. Dep. of Randall Borland at 54-61. In fact, there is no evidence of a second report during this time.[3]

---

[1] By separate motion, based upon the Clergy-Penitent Privilege, COP has moved to exclude that communication. See, Dkt. # 141.
[2] Deposition excerpts are attached to the Declaration of Michael Rosenberger, filed herewith.
[3] Plaintiff relies upon page 2 of his previously filed Opposition to COP's Motion for Summary Judgment. That brief contains other blatant misrepresentations of the deposition record. Most significantly, Plaintiff claims that Bishop Borland confronted Loholt and "Loholt admitted to Bishop Borland that he was abusing three boys from the Allenbach family." Menely Decl. Ex. A, at 2: 12-13. In support of this astonishing and false statement, Plaintiff

DEFENDANT'S REPLY IN SUPPORT OF ITS IN LIMINE
MOTION TO EXCLUDE EVIDENCE OF: (1) LOHOLT'S
OTHER ACTS OF ABUSE; (2) DAMAGES SUFFERED BY
OTHER VICTIMS; AND (3) DEFENDANTS' SETTLEMENTS
WITH OTHERS - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### 2. The Sole Report to Bishop Borland Occurred in Late January or Early February, 1972.

Bishop Borland's declaration confirms there was just a single report regarding Loholt, and it occurred in late January or early February 1972. Declaration of Randall Borland, ¶¶ 3-5.[4]

Bishop Borland served as the Bishop of the Kent 2nd Ward from May 1971 through August 1973. The only report he received regarding Loholt's inappropriate activity came during a conversation with Richard Pettit, Scott Pettit's father. Within in a week of this conversation, Bishop Borland released Loholt from his volunteer position as Assistant Scoutmaster. Pettit Dep. at 33; Borland Dep. at 81; Borland Decl. ¶¶ 4-5. Church records indicate that Bishop Borland released Loholt on February 6, 1972. Borland Decl., Ex. 1. Hence, we know that the conversation between Mr. Pettit and Bishop Borland occurred in late January or early February, 1972.[5]

### 3. Given the Single Report Concerning Loholt, which Report is Outside this Motion, Loholt's Other Acts of Abuse are not Relevant to Notice.

The communication between Richard Pettit and Bishop Borland is COP's only possible notice regarding Loholt that potentially preceded the abuse of Plaintiff. Hence, Loholt's abuse of individuals other than Scott Pettit is irrelevant to the question of notice. Plaintiff presents no evidence, and there is none, that COP knew of Loholt's other acts of abuse prior to his abuse of Plaintiff.

---

cited Loholt's deposition testimony. The cited page contains no such testimony. Dep. of Jack Onefrey (aka Loholt) at 120.

[4] The Borland Declaration was filed previously. See Dkt. # 143.

[5] In his deposition, Mr. Pettit stated he believed that the communication occurred in 1971. With the passage of 35 years, it is unsurprising he could be a few months off. Given Mr. Pettit's very specific recollection that Loholt was released as Assistant Scoutmaster "within one week" of his conversation with Bishop Borland, and given that the Church's historical record identifies the date of Loholt's release as February 6, 1972, it is clear that Mr. Pettit's conversation with Bishop Borland occurred not in 1971 but in late January or February, 1972.

DEFENDANT'S REPLY IN SUPPORT OF ITS IN LIMINE
MOTION TO EXCLUDE EVIDENCE OF: (1) LOHOLT'S
OTHER ACTS OF ABUSE; (2) DAMAGES SUFFERED BY
OTHER VICTIMS; AND (3) DEFENDANTS' SETTLEMENTS
WITH OTHERS - 4
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

B. **Evidence of Loholt's Abuse of Others is not Relevant to the Undisputed Abuse of Plaintiff.**

Even though COP stated in its opening brief that "COP does not deny Plaintiff's claim that Loholt abused him," Plaintiff creates a purely hypothetical factual dispute in which he claims that his testimony is contradicted by Loholt. Plaintiff claims he needs to offer evidence of Loholt's abuse of others to prove that he, Plaintiff, was abused.

There is no need to "corroborate" Plaintiff's testimony about the <u>fact</u> of the abuse because it is unrebutted. COP admits such abuse occurred, and it represents to the Court and Plaintiff that COP will not seek to admit the portion of Loholt's testimony in which he denies abusing Plaintiff. Loholt is a resident of Canada and will not testify, except by deposition. Thus, Plaintiff's testimony that he was abused by Loholt will go unchallenged.

The primary factual issues in dispute are when Loholt abused Plaintiff, when such abuse occurred in relation to any notice to COP, and the nature and extent of Plaintiff's damages. Loholt's abuse of others does not relate to any of those issues.

C. **Loholt's Other Acts of Abuse are not Relevant to Plaintiff's Credibility.**

Plaintiff argues that Loholt's abuse of others corroborates Plaintiff's claim that the abuse occurred when he (now) claims it did. This argument makes no sense. Plaintiff offers no explanation how, for example, the abuse of John Doe in 1975 would tend to prove that Plaintiff was abused after the report by Richard Pettit to Bishop Borland in February 1972. It is obvious there is no such connection; one has nothing to do with the other.

Plaintiff's argument is also inconsistent with Plaintiff's accurate characterization of Loholt as a serial pedophile. Tragically, he abused children over many years. The fact that he

DEFENDANT'S REPLY IN SUPPORT OF ITS IN LIMINE
MOTION TO EXCLUDE EVIDENCE OF: (1) LOHOLT'S
OTHER ACTS OF ABUSE; (2) DAMAGES SUFFERED BY
OTHER VICTIMS; AND (3) DEFENDANTS' SETTLEMENTS
WITH OTHERS - 5
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

was unable or unwilling to control his urge to abuse children over a great many years makes the timing of such other acts of abuse even less probative.

Plaintiff correctly notes that COP will contend that statements he made to treating psychologists just a few years ago are more credible than his deposition testimony. Plaintiff had no reason to mislead his psychologists when he said he was abused at age six. Such evidence, if repeated in his deposition, would have been fatal to his claim as it would have located the abuse prior in time to any notice to COP. Plaintiff's credibility is thus very much at issue. However, Loholt's abuse of other individuals has no bearing whatsoever on that credibility.

### D. Given the Abuse is Undisputed, Common Scheme Evidence is Irrelevant.

To the extent Plaintiff seeks corroboration of *his* abuse through testimony of others, he can do so. Subject to FRE 403 and its admonition to avoid "needless presentation of cumulative evidence," other victims may testify concerning any event during which Loholt abused *both* the witness and Plaintiff. If they recall the incidents involving Plaintiff, or have knowledge regarding when such abuse occurred, such testimony would be relevant. However, Loholt's abuse of them when Plaintiff was *not* present does not corroborate Plaintiff's current story regarding the timing of events, nor is it relevant to any other issue.

Plaintiff cites *State v. Smith*, 82 Wn. App. 327, 917 P.2d 1108 (1996), for the proposition that "FRE 403 permits the introduction of similar conduct to corroborate another victim's testimony." *Smith* says no such thing. Defendant Smith was convicted of rape. At trial, he contended the sex was consensual. The Court admitted into evidence the victim's statements on the night of the rape to her friend, the 911 operator and a doctor at Harborview Hospital. On appeal, the defendant contended that these statements should have been excluded as needlessly

DEFENDANT'S REPLY IN SUPPORT OF ITS IN LIMINE
MOTION TO EXCLUDE EVIDENCE OF: (1) LOHOLT'S
OTHER ACTS OF ABUSE; (2) DAMAGES SUFFERED BY
OTHER VICTIMS; AND (3) DEFENDANTS' SETTLEMENTS
WITH OTHERS - 6
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

cumulative under ER 403. The court rejected this contention, stating that "evidence relating to a material issue is not needlessly cumulative or a waste of time simply because it comes in through several witnesses whose accounts are consistent." *Id.* at 333. *Smith* is thus irrelevant. It does not address the admissibility of similar conduct.

Plaintiff also cites *State v. York*, 50 Wn. App. 446, 749 P.2d 683 (1987), for the proposition that evidence of other crimes can be admitted to show "a common scheme or plan to establish the required criminal intent." This is true, but irrelevant. "The only purpose of showing a common scheme or plan is to establish, circumstantially, the commission of the act charged and the intent with which it was committed." *Id.* at 455 (quoting *State v. Goebel*, 40 Wn.2d 18, 21, 240 P.2d 251 (1952)). Loholt's abuse of plaintiff is undisputed, and Loholt's intent is irrelevant. Thus, neither *York* nor FRE 404(b) supports introducing Loholt's other acts of abuse into evidence.

E.   **Other Victims' Testimony Regarding Their Own Injuries is Irrelevant.**

If, instead of sexual abuse, this case involved a product liability claim against an automobile manufacturer by three persons injured in a rollover accident, and two of the plaintiffs settled, the nature and extent of the settling parties' injuries would not be admissible to prove the nature and extent of the remaining plaintiff's injuries. This is obvious. Damages are inherently unique to the individual. Damages suffered by John Doe, who experienced more abuse than Plaintiff over a longer period of time, have no bearing upon the damages allegedly suffered by Plaintiff. *See, e.g., Bolden v. Amtrak*, 2005 U.S. Dist. LEXIS 11987 (D. La. 2005) (in admitted liability case involving train derailment, the court excluded testimony of other passengers and documentary evidence concerning the derailment because "Plaintiffs have not suggested that any

DEFENDANT'S REPLY IN SUPPORT OF ITS IN LIMINE
MOTION TO EXCLUDE EVIDENCE OF: (1) LOHOLT'S
OTHER ACTS OF ABUSE; (2) DAMAGES SUFFERED BY
OTHER VICTIMS; AND (3) DEFENDANTS' SETTLEMENTS
WITH OTHERS - 7
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

of those witnesses will testify to or that those exhibits will show the actual injuries sustained by the party plaintiffs.")

As stated above, Plaintiff may call witnesses who were present during Loholt's abuse of Plaintiff. To the extent such testimony is not needlessly cumulative under FRE 403, these witnesses may offer their recollection of what transpired. However, *their* individual life experiences and struggles are not pertinent to Plaintiff's damages.

Plaintiff states that the testimony of other victims must be admitted so that the jury knows the "whole story." However, this trial is not a television documentary. The focus must be on Plaintiff's damages, and it is irrelevant that John Doe was kicked out of school, became a substance abuser and is currently incarcerated.

Finally, Plaintiff claims that he "should be permitted to demonstrate, through the testimony of other of Loholt's victims, the severity of damages that can flow from sexual abuse." Plaintiff can offer such testimony through his expert witness, Dr. Conte. However, the damages of others, who suffered different abuse and who may have greater or lesser vulnerability to emotional distress, says nothing about Plaintiff's damages.

There is a single Plaintiff in this case. Plaintiff's position would convert this trial into a trial of multiple personal injury claims, with only one claimant actually before the Court. Admitting evidence of damages suffered by persons who already settled, or any other Loholt victims, would greatly expand the scope and length of the trial, thereby wasting this Court's time.

DEFENDANT'S REPLY IN SUPPORT OF ITS IN LIMINE
MOTION TO EXCLUDE EVIDENCE OF: (1) LOHOLT'S
OTHER ACTS OF ABUSE; (2) DAMAGES SUFFERED BY
OTHER VICTIMS; AND (3) DEFENDANTS' SETTLEMENTS
WITH OTHERS - 8
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### III. CONCLUSION

For the reasons stated above, and in COP's opening brief, this Court should: (1) exclude evidence of Loholt's other acts of abuse, reserving for resolution by separate motion the admissibility of evidence regarding Scott Pettit; (2) exclude damages testimony regarding all persons other than Plaintiff; and (3) as conceded by Plaintiff, exclude evidence of settlements with other claimants.

DATED this 18th day of August, 2006.

GORDON MURRAY TILDEN LLP

By /s/ Michael R.
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the President of The Church of Jesus Christ of Latter-Day Saints

DEFENDANT'S REPLY IN SUPPORT OF ITS IN LIMINE
MOTION TO EXCLUDE EVIDENCE OF: (1) LOHOLT'S
OTHER ACTS OF ABUSE; (2) DAMAGES SUFFERED BY
OTHER VICTIMS; AND (3) DEFENDANTS' SETTLEMENTS
WITH OTHERS - 9
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. The parties will additionally be served in the manner indicated.

| Michael T. Pfau<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim LLP<br>P.O. Box 1157<br>Tacoma, WA 98401-1157<br>Telephone:  (206) 676-7500<br>Facsimile:  (206) 676-7575<br>E-Mail:  mpfau@gth-law.com<br><br>( ) Mail    ( ) Hand Delivery<br>( ) Fax    ( ) Federal Express | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff, P.C.<br>600 University Street, Suite 2101<br>Seattle, WA 98101<br>Telephone:  (206) 676-7610<br>Facsimile:  (425) 837-9692<br>E-Mail:  timkosnoff@comcast.net<br><br>( ) Mail    ( ) Hand Delivery<br>( ) Fax    ( ) Federal Express |
|---|---|

**GORDON MURRAY TILDEN LLP**

By /s/ Michael Rosenberger
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the
President of The Church of Jesus Christ of
Latter-Day Saints
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: mrosenberger@gmtlaw.com

---

DEFENDANT'S REPLY IN SUPPORT OF ITS IN LIMINE
MOTION TO EXCLUDE EVIDENCE OF: (1) LOHOLT'S
OTHER ACTS OF ABUSE; (2) DAMAGES SUFFERED BY
OTHER VICTIMS; AND (3) DEFENDANTS' SETTLEMENTS
WITH OTHERS - 10
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292