UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

R.K.,

    Plaintiff,

    v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST
OF LATTER DAY SAINTS, *et al.*,

    Defendants.

CASE NO. C04-2338RSM

ORDER GRANTING MOTION IN LIMINE

This matter comes before the Court on defendants' Motion In Limine to exclude evidence of Mr. LoHolt's other acts of abuse, damages suffered by other victims, and defendants' settlements with other victims. (Dkt. #131). Defendants argue that this evidence is not relevant to plaintiff's claims or any other issue in this case. Plaintiff opposes the motion, arguing that such evidence is relevant and necessary to proving his claims and damages. (Dkt. #138).

Having reviewed defendants' motion, plaintiff's opposition, defendants' reply,[1] the

---

[1] The Court notes that defendants have impermissibly filed an overlength reply to plaintiff's response. Pursuant to Local Rule CR 7(e)(4), defendants are allowed six pages in reply, but they have filed 12 pages without having received prior permission from this Court. Because plaintiff has not asked this Court to strike the overlength portion, the Court will not do so. However, defendants are hereby reminded of the Court's rules on the length of briefing, and are advised that any further overlength briefs will be stricken from the record unless prior permission is sought and granted for the overlength pages.

ORDER GRANTING MOTION IN LIMINE
PAGE – 1

1  declarations and exhibits in support of those briefs, and the remainder of the record, the Court
2  hereby finds and ORDERS:

3  (1) Defendants' Motion In Limine (Dkt. #131) is GRANTED as follows:

4  a. Defendants first ask this Court to exclude evidence of Mr. LoHolt's abuse of other
5  victims. However, defendants specifically note that one other act of abuse, Mr. LoHolt's abuse
6  of Scott Pettit, is excluded from the instant motion because it is admittedly relevant and is
7  addressed in a separate motion in limine. Plaintiff argues that such evidence is necessary to
8  prove notice, to corroborate the fact that plaintiff was abused, and to show a common scheme of
9  abuse by Mr. LoHolt. The Court finds plaintiff's arguments misguided.

10  First, the Court finds that evidence of Mr. LoHolt's abuse of other victims is not relevant
11  or necessary to the notice issue in this case. Defendants admit that the Corporation of the
12  President of the Church of Jesus Christ of Latter Day Saints ("COP") received a report of Mr.
13  LoHolt's abuse of Scott Pettit, and has specifically stated that this motion to exclude does not
14  apply to that report. Although plaintiff argues that there was a second report to COP of Mr.
15  LoHolt's abuse, plaintiff has produced no evidence of such second report, and cites to nothing in
16  the record in support of that assertion. Accordingly, the Court agrees with defendants that
17  evidence of Mr. LoHolt's abuse of other victims is not relevant to the notice issue.

18  Second, the Court finds that evidence of Mr. LoHolt's abuse of other victims is not
19  relevant or necessary to prove the fact that plaintiff was actually abused. Defendants admit that
20  plaintiff was abused, and represent that they will not produce the portion of Mr. LoHolt's
21  deposition denying the abuse at trial. Furthermore, Mr. LoHolt, a resident of Canada, has made
22  clear that he will not testify at trial; thus, there is no dispute and will be no dispute that plaintiff
23  was actually abused by Mr. LoHolt. Defendants concede that, to the extent plaintiff seeks
24  corroboration of his abuse through the testimony of others, he can do so, and this motion does
25  not seek to exclude such evidence.

26  Finally, the Court finds that common scheme evidence is irrelevant because Mr. LoHolt's

ORDER GRANTING MOTION IN LIMINE
PAGE – 2

1  abuse of plaintiff will not be disputed.  Accordingly, the Court agrees that evidence of Mr.

2  LoHolt's abuse of other victims should be excluded.

3      b. Next, defendants ask this Court to exclude evidence of damage to other victims from

4  this action.  Plaintiff argues that such damages evidence is necessary so that the jury will know

5  the severity of damages that can flow from sexual abuse.  Such evidence is appropriately

6  introduced through expert witnesses, such as plaintiff's Dr. Conte.  The Court agrees with

7  defendants that the damages of others, who have different life experiences and psychological

8  makeups from plaintiff, are not relevant to determining the damages that actually occurred to

9  plaintiff.  Accordingly, the Court will exclude evidence of damages to other victims.

10      c. Last, defendants ask this Court to exclude evidence of settlement with other victims.

11  Plaintiff does not oppose that request.  Accordingly, the Court will exclude from trial any

12  evidence of settlement with other victims.

13      (2)  The Clerk shall send a copy of this Order to all counsel of record.

14      DATED this 28 day of August, 2006.

16                            RICARDO S. MARTINEZ
                            UNITED STATES DISTRICT JUDGE