UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

R.K.,

    Plaintiff,

v.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, *et al.*,

    Defendants.

CASE NO. C04-2338RSM

ORDER GRANTING DEFENDANT'S MOTION TO SEGREGATE DAMAGES RESULTING FROM INTENTIONAL TORTFEASOR

This matter comes before the Court on defendant, the Corporation of the President of The Church of Jesus Christ of Latter-Day Saints' ("COP"), Motion to Segregate Damages resulting from the intentional tortfeasor, who is not a named party to this action. (Dkt. #123). Defendant argues that the Washington State Supreme Court's decision in *Tegman v. Accident and Medical Investigations Inc.*, 150 Wn.2d 102 (2003) compels an Order by this Court stating that it will instruct the jury to segregate damages resulting from Jack LaHolt's intentional conduct from damages attributable to defendant's negligence, if any. Plaintiff argues that *Tegman* does not apply to the instant case, and that *Welch v. Southland*, 134 Wn.2d 629 (1998), actually compels a determination that damages may not be segregated. (Dkt. #136). Having reviewed defendant's motion to segregate, plaintiff's opposition, defendant's reply, the declarations in support of those briefs, and the remainder of the record, the Court hereby finds and ORDERS:

ORDER
PAGE - 1

(1) Defendant's Motion to Segregate Damages (Dkt. #123) is GRANTED. The Court finds plaintiff's reliance on *Welch*, *supra*, misplaced. As defendant notes, *Welch* governs the apportionment of fault, whereas *Tegman* governs the apportionment of damages. This is evidenced by the *Tegman* majority's rejection of certain premises set forth in the dissenting opinion. In his dissent, Justice Chambers characterized *Welch* as applying to the apportionment of damages under RCW 4.22.070. *Tegman*, 150 Wn.2d at 127 (Chambers, J., dissenting). However, the majority opinion made clear that Justice Chambers had misapplied *Welch*, and that *Welch* only applied to the apportionment of fault. The court explained:

> All of the defendants in this case are jointly and severally liable, but not for the same damages. The damages due to intentional acts must be segregated from damages caused by fault-based acts or omissions because RCW 4.22.070(1)(b) only [sic] liability for at-fault entities. *The liability* of intentional tortfeasors for damages caused by their intentional acts or omissions is not determined under RCW 4.22.070(1). Once the damages due to intentional acts or omissions are segregated, then, as to all remaining damages, *i.e.*, those damages resulting from fault-based acts or omissions, all the negligent defendants causing those damages are jointly and severally liable.
>
> The dissent believes, however, that under our decision negligent defendants are improperly allowed to apportion liability to the intentional tortfeasor, contrary to this court's decision in *Welch*. Under RCW 4.22.070, and our decision here, intentional tortfeasors are not entitled to the benefit of proportionate liability; the negligent defendant is not permitted to apportion fault to an intentional tortfeasor. This is in accord with *Welch*. There, the trial court had reasoned that "'where the plaintiff, a negligent tortfeasor defendant, and an intentional tortfeasor are all liable, the negligent defendant is entitled to the benefit of the comparative fault statute,'" and that "'unidentified tortfeasors are entities that a jury may attribute fault to under RCW 4.22.070.'" This court determined that under RCW 4.22.070(1) fault cannot be apportioned to intentional tortfeasors, stating that if "fault is to be apportioned to intentional tortfeasors, it is for the Legislature to make such a determination." Here, it is clear that no fault is apportioned to the intentional tortfeasor, exactly as RCW 4.22.070 requires and *Welch* holds.

*Tegman*, 150 Wn.2d at 115-16 (citations omitted) (emphasis added).

Similarly, plaintiff's reliance on an unpublished Order issued by the Honorable Fred Van Sickle, United States District Judge in the Eastern District of Washington, is also misplaced. (*See* Dkt. #137, Ex. A). It is clear from the language of the Order that Judge Van Sickle was not addressing a motion for the apportionment of damages. Rather, the plaintiffs had asked the court for

ORDER
PAGE - 2

an Order prohibiting the defendants from apportioning liability to the intentional tortfeasor or to the minor plaintiff. The court used the words "fault" and "liability" interchangeably, noting that *Welch* stood for the proposition that "'a defendant is not entitled to apportion liability to an intentional tortfeasor.'" (Dkt. #137, Ex. A at 4-5) (citation omitted). Thus, it is clear that, unlike the instant motion, the district court was not determining whether damages could be apportioned to the intentional tortfeasor, and therefore, that Order is inapplicable to this Court's analysis.

In addition, the Court finds that it is of no significance that Jack LaHolt has not been named as a party to this lawsuit. In *Tegman*, the court explained that at-fault defendants are not jointly and severally liable for damages resulting from intentional acts or omissions. *Tegman*, 150 Wn.2d at 114. Nothing in the court's language suggests that at-fault defendants are not liable for such damages of only named intentional tortfeasors in an action.

Finally, plaintiff argues that *Tegman* does not apply where the negligent actor had an independent duty to protect the plaintiff from the intentional actor's conduct. (Dkt. #136 at 5-8). Again, the Court finds that argument misguided. Although plaintiff relies *on Tegman's* dissenting opinion in support of his assertion that *Tegman* does not apply to questions of negligent supervision, *see Tegman*, 150 Wn.2d at 128 n. 14 (Chambers, J., dissenting), plaintiff fails to acknowledge that Justice Chambers also specifically acknowledged that *Tegman* involved the duty to prevent another's tortious conduct. *See Tegman*, 128-29 (Chambers, J., dissenting). Thus, the Court is not persuaded that *Tegman* does not apply to the instant action.

Nor is this Court persuaded by plaintiff's out-of-state authority that *Tegman* should not apply. (*See* Dkt. #136 at 7). Indeed, the *Tegman* court itself rejected the very argument plaintiff presents to this Court, stating:

> [w]hether segregation is required in other states is irrelevant unless they have statutes like ours. Neither the parties nor the dissent has identified any such statutes (state statutes vary considerably in this area), and research has failed to disclose any. Lack of precedent is hardly a bar to carrying out the legislature's statutory directives.

ORDER
PAGE - 3

*Tegman*, 150 Wn.2d at 117-18. Accordingly, and for all of the reasons discussed above, this Court finds that *Tegman* is applicable to the instant case.

Plaintiff next argues that even if *Tegman* does apply, segregation may only occur if defendant meets its burden of segregating damages. Relying on *Phennah v. Whalen*, 28 Wn. App. 19 (1980) and *Cox v. Spangler*, 141 Wn.2d 431 (2000), plaintiff asserts that defendant must show that its harm is actually divisible from that of the intentional tortfeasor before segregation can occur. However, *Tegman* clearly involved indivisible damages, and the court ordered segregation in spite of that fact. The court, rejecting the dissenting opinion's contention that segregating indivisible damages would be "baffling" to a jury, explained:

> Segregating damages in cases of 'indivisible' harm has been a part of this State's law since adoption of comparative negligence. The dissent also complains that it is unprecedented for a trier of fact to both segregate intentionally caused damages and apportion fault among negligent defendants for the remaining damages. Both of these actions are appropriate in a case like this one where there are multiple defendants and both intentional and negligent acts have caused harm. There is no particular mystery involved, nor any duplicative calculations.

Tegman, 150 Wn.2d at 117. Therefore, the Court is not persuaded that defendant bears the burden of demonstrating divisible damages before segregation may occur.

(2) Based on the reasons set forth above, the Court will instruct the jury to segregate damages caused by the intentional conduct of non-party Jack LaHolt from those damages attributable to defendant's alleged negligence, if any.

(3) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this _28_ day of August, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 4