The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K., and T.D., <br><br> Plaintiffs, <br><br> v. <br><br> THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDS, a Utah corporation, <br><br> Defendants. | NO. 04-2338 RSM <br><br> DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE REPORTING STATUTE |

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION IN
LIMINE TO EXCLUDE REPORTING STATUTE
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

## I. INTRODUCTION

Plaintiff's opposition brief never addresses the fundamental points raised in COP's opening motion: that instructing the jury that failure to report is evidence of negligence is nonsensical where Bishop Borland's conduct has been legal and reasonable for three decades, that the Restatement itself recognizes that violation of the law is not always evidence of negligence, and that it is remarkably unfair to instruct the jury here that failure to report is evidence of negligence, but identical conduct occurring in 1971 or 1975 would not be evidence of negligence. Plaintiff contends the statute is relevant to negligence, but he cannot articulate *why* it is under the unique circumstances presented here. COP's motion should thus be granted.

## II. ARGUMENT

### A. COP's Motion Seeks Exclusion of Evidence, Not Summary Judgment.

Plaintiff conflates the nature of the relief sought by this motion with the effect of the relief. COP's motion seeks to bar Plaintiff from referring to or admitting irrelevant evidence. The fact that the motion, if granted, has the *effect* of defeating one of Plaintiff's theories does not change the nature of the motion. In limine motions, if granted, sometimes have significant impacts on the non-moving party's case, and this is no different.

Plaintiff cleverly, but inaccurately, distorts the relief sought by COP by arguing that COP "is moving for summary judgment . . . by seeking a determination that Bishop Borland acted 'reasonable' [sic] under the circumstances." Opp. at 3. However, COP is not seeking a determination that Bishop Borland acted reasonably. Even if this motion is granted, that remains a jury question. Rather, COP seeks a ruling that the reporting statute is not relevant to whether Bishop Borland acted negligently, given that in 1975 the Legislature made the conscious public policy determination that it was not reasonable to require clergy to report.

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE REPORTING STATUTE - 1
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Regardless of how Plaintiff wishes to characterize COP's motion, the Court must determine whether the reporting statute is relevant. This motion presents this issue squarely for the first time. If granted, Plaintiff cannot discuss the statute and cannot take advantage of a jury instruction that violation of the statute is evidence of negligence.

**B.   Plaintiff Fails to Present Any Reasonable, Competing Analysis of the Legislative History.**

Plaintiff contends that COP ignores rules of statutory construction in citing the legislative history. However, COP does not contest the statute's construction. We can all read the former text of the statute; clergy were among the mandatory reporters. Thus, it is not a question of statutory interpretation, but a question of whether it is rational to instruct the jury that failure to report is evidence of negligence where: (1) the Legislature almost certainly did not consider the consequences of requiring clergy to report; and (2) the statute has been repealed for 31 years.

COP's opening brief detailed the history of the statute's evolution because it presents compelling evidence that the Legislature gave little or no consideration to the privilege and Free Exercise issues of requiring clergy to report and, hence, cannot be said to have made a considered decision in 1971 to require clergy to report. Plaintiff presents no competing interpretation of this history. The reason is obvious—there is no alternative conclusion.

The reporting statute was not drafted "from scratch" in 1971. In 1971, the Legislature converted the permissive reporting statute to a mandatory reporting statute, which change applied to all categories of (formerly) permissive reporters, one of which was clergy. The repeal of the statute as to clergy just four years later strongly suggests that the Legislature never considered the unique issues associated with requiring clergy to report, as opposed to school officials, counselors and others affected by the change. Sometime between 1971 and 1975, the

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE REPORTING STATUTE - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Legislature became aware of these issues and thereby repealed the statute as it applied to clergy. COP's motion does not dispute the meaning of the statute during 1971-75, but it does contend the language did not reflect the considered public policy of the state.

## C. The Repeal of the Statute Is Relevant.

When a court instructs the jury that it may consider the violation of a statute evidence of negligence, the court does so based on the implicit legal determination that violation of the statute tends to show negligence. COP argues here, however, that the implied nexus between the alleged statutory violation and negligence (i.e., the failure to act as a reasonable person would in similar circumstances) does not exist where for the last 31 years the public policy of the state is that the conduct in question is reasonable. The logical nexus is even more tenuous where, as discussed above, it is questionable whether the Legislature intended clergy to be mandatory reporters in the first place.

Plaintiff's response to this is a formulaic invocation of the rule: the statute applied from 1971 through 1975, during the period of Plaintiff's abuse, and therefore the jury can consider violation of the statute as evidence of negligence. While Plaintiff accurately recites the general rule, Plaintiff wholly fails to rebut COP's argument that the rule should not apply here.

First, Plaintiff fails to address the fact that the Restatement acknowledges that not all statutory violations should give rise to an instruction. The Restatement cites the example of an absurdly low and out of date speed limit. Under Plaintiff's formulation, a defendant's exceedance of a six mile per hour speed limit enacted in 1908 under circumstances under which any reasonable person would safely drive 25 miles per hour is nevertheless evidence of negligence—simply because the statute was violated. This makes no sense.

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE REPORTING STATUTE - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Second, Plaintiff fails to address the absurdity and injustice of allowing Plaintiff to rely on the statute, thus bringing with it the disproportionate impact of the instruction which allows the jury to consider the statutory violation evidence of negligence. Had Bishop Borland received the information regarding Scott Pettit the week before the reporting statute took effect in 1971, or the week after the repeal of the reporting statute in 1975, no mention could be made of the reporting statute and no instruction could be given. Plaintiff fails to refute COP's argument that it is illogical for this Court to instruct the jury that Bishop Borland's conduct is less reasonable simply because it occurred in 1972, rather than in 1971 or 1975. It is fortuitous that this case arises out of actions in 1972; that does not make those actions less reasonable.

Third, Plaintiff argues that "it is for the jury to determine whether Bishop Borland acted reasonably in 1972." While that is generally correct, it does not foreclose the Court's right and obligation to make legal determinations. For example, even where Plaintiff's claim is based upon breach of a duty imposed by statute, "[i]f no reasonable mind could find that the defendant failed to exercise ordinary care, the judge can find the absence of negligence as a matter of law." *Mathis v. Ammons*, 84 Wn. App. 411, 419 (1996). This motion does not go so far as to seek a determination that Bishop Borland was not negligent as a matter of law. Rather, COP seeks an order that under the peculiar circumstances of this case, the potential violation of the statute by Bishop Borland does not tend to show he acted negligently.

### D. The State's Public Policy of Protecting Children from Sexual Abuse Is Undisputed but Irrelevant.

At pages 3 through 5 of his opposition brief, Plaintiff extensively discusses the state's policy of protecting children against acts of sexual abuse, quoting the case of *CJC v. Corporation of the Catholic Bishop of Yakima*, 138 Wn.2d 699, 985 P.2d 262 (1999). The

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE REPORTING STATUTE - 4
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

question, however, is not whether the state seeks to protect children from sexual abuse—it does. The question, rather, is whether the public policy of the state requires clergy to report information received from congregants relating to sexual abuse of children. For the past 31 years, the answer is no. For the four years between 1971 and 1975, the law facially so provided. However, for the reasons discussed above and in COP's opening brief, there is considerable reason to question whether the statute represented a considered judgment of public policy. The repeal of the statute in 1975 strongly suggests the Legislature never intended clergy such as Bishop Borland to be required to report conversations such as the one he had with Richard Pettit.

As to Plaintiff's claim that "the Supreme Court specifically addresses this issue" in footnote 15 of *CJC*, Plaintiff misstates the import of the footnote. The only "church officials" who had an ongoing duty to report after 1975 were "social service counselors" employed by a religious organization, not clergy acting as such.

E.  **The Permissive Right of Clergy to Report Is Irrelevant.**

After 1975, clergy and all other persons in the State of Washington were permissive reporters. This, however, has nothing to do with COP's motion, which attacks the admission of the <u>mandatory</u> reporting statute. If this Court were to hold the clergy-penitent privilege does not apply to the Pettit-Borland communication, thus necessitating a decision on the instant motion, excluding the reporting statute would still leave Plaintiff free to argue that Bishop Borland could have informed law enforcement. Plaintiff does not need to refer to the statute to make that argument.

F.  **LDS Social Services Is Irrelevant.**

Plaintiff argues that the mandatory reporting statute is admissible to show the reporting obligation of LDS Social Services ("LDSSS"). Plaintiff's argument is meritless because the

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE REPORTING STATUTE - 5
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

predicate for the argument—that LDSSS counseled Jack Loholt within the relevant period—is devoid of factual support.

By separate motion, COP has moved to exclude reference to Mr. Loholt's post-January 1973 activities—including counseling by LDSSS—given that these followed the last possible date of Mr. Loholt's abuse of Plaintiff. Dkt. #161 at 4-6. Bishop Borland specifically testified he had no memory of having referred Loholt to LDS Social Services. *Id.* Mr. Loholt testified he did not know when in the 1970s he was counseled by LDSSS.

Plaintiff's argument relies on Mr. Loholt's testimony, yet he repeatedly said that he simply did not know when he saw LDSSS. When asked in his deposition when he went to LDSSS, he answered "I'm really not sure on that," acknowledging only that it was "in the 1970s." Onefrey (aka Loholt) Dep. at 138:11-15.[1] When Plaintiff's counsel returned to the same subject later in the deposition, Mr. Loholt stated, "I have two recollections, and I really don't know." Loholt Dep. at 146:15. One of these "two recollections" is considerably after Bishop Borland's tenure. *Id.*

Hence, the reporting statute is not admissible to prove that LDSSS was a mandatory reporter because neither Bishop Borland nor Jack Loholt testified that LDSSS counseled Mr. Loholt prior to January 1973.

### III. CONCLUSION

For the reasons stated above and in COP's opening brief, COP respectfully requests that this Court exclude from evidence former RCW 26.44.030, the mandatory reporting statute.

---

[1] Deposition excerpts are attached to the Second Declaration of Michael Rosenberger, filed herewith.

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE REPORTING STATUTE - 6
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2   DATED this 8th day of September, 2006.
3
4                                   **GORDON MURRAY TILDEN LLP**
5
6
7
8                                   By /s/ Michael R.
9                                   Charles C. Gordon, WSBA #1773
10                                  Jeffrey I. Tilden, WSBA #12219
11                                  Michael Rosenberger, WSBA #17730
12                                  Attorneys for Defendant The Corporation of the
13                                  President of the Church of Jesus Christ of
14                                  Latter-Day Saints
15
...
45

# CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. The parties will additionally be served in the manner indicated.

| | |
|---|---|
| Michael T. Pfau<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim LLP<br>P.O. Box 1157<br>Tacoma, WA 98401-1157<br>Telephone: (206) 676-7500<br>Facsimile: (206) 676-7575<br>E-Mail: mpfau@gth-law.com<br><br>( ) Mail     ( ) Hand Delivery<br>( ) Fax      ( ) Federal Express | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff, P.C.<br>600 University Street, Suite 2101<br>Seattle, WA 98101<br>Telephone: (206) 676-7610<br>Facsimile: (425) 837-9692<br>E-Mail: timkosnoff@comcast.net<br><br>( ) Mail     ( ) Hand Delivery<br>( ) Fax      ( ) Federal Express |

**GORDON MURRAY TILDEN LLP**

By /s/ Michael Rosenberger
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the
President of the Church of Jesus Christ of
Latter-Day Saints
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: mrosenberger@gmtlaw.com

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION IN
LIMINE TO EXCLUDE REPORTING STATUTE - 8
No. 04-2338 RSM

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292