The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K., and T.D.,<br><br>Plaintiffs,<br><br>v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDS, a Utah corporation,<br><br>Defendants. | NO. 04-2338 RSM<br><br>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE<br><br>**NOTE ON MOTION CALENDAR: SEPTEMBER 15, 2006**<br><br>**ORAL ARGUMENT REQUESTED** |

Defendant The Corporation of The President of The Church of Jesus Christ of Latter-Day Saints ("COP") submits the following response to Plaintiff's Motions In Limine. For ease of reference, COP's numbered headings correspond to the numbering in Plaintiff's Motion.

1. **No Reference to Settlement Offers, Demands, Negotiations or Discussions.**

No objection.

2. **No Display of Exhibits Before the Jury Until it is Admitted or Permission Obtained from the Court.**

No objection.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE - 1
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

3. **No Reference to Plaintiffs' Attorneys' Practice.**

No objection.

4. **Exclusion of Witnesses from the Courtroom.**

No objection.

5. **Prohibition on Introducing Testimony of "Anger Management" Issues.**

(a) **General Response**

This motion is so broadly worded, and the precise relief sought so unclear, that it is difficult for COP to respond. As noted in Plaintiff's Motion, he was seen by therapists at Anger Control Treatment and Therapies, Inc. (ACT&T). COP intends to call one or more of these witnesses at trial. Also, COP took the preservation deposition of Souhir Ben Hamida, another therapist with whom Plaintiff consulted, and will offer this into evidence. The testimony of these therapists would be relevant and admissible on at least the following subjects: (1) admissions made by Plaintiff during intake or counseling sessions, including statements that the sexual abuse occurred when he was six years old, that his mother was an alcoholic and that his father beat him with a golf club; (2) authentication of questionnaires filled out by Plaintiff, such as self-reported assessments of mental health, which contradict his claims of emotional distress; and (3) opinions relevant to Plaintiff's mental health. Hence, if Plaintiff is including such evidence within his motion to exclude "Anger Management" issues, the motion must be denied.

However, if Plaintiff's motion is limited simply to excluding from evidence the *reason* he was seen by these therapists, that is, the accusations of domestic violence, COP has no objection to that limitation. Thus, for example, otherwise admissible documents could be redacted to exclude reference to allegations of domestic violence or abuse of his son.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### (b) Exclusion of Documents Obtained from ACT&T

There are two broad categories of documents that fall within the rubric of "ACT&T records." The first category is clearly admissible, subject only to relevance. These documents are questionnaires or tests filled out by Plaintiff. Such documents are admissions under FRE 801(d)(2).

The second category are notes and reports of therapists who interviewed or provided treatment to Plaintiff. Although these are hearsay, such notes and reports may be admissible under FRE 803(5) if the therapist/author "once had knowledge [of the matter] but now has insufficient recollection." *See, Forbis v. McGinty*, 292 F. Supp. 2d 160 (D.Me. 2003) (notes in ER record regarding source of plaintiff's injury are admissible; denying plaintiff's motion to exclude). These records cannot be summarily excluded.

Moreover, COP understood that, as in many other personal injury cases, the parties jointly waived the hearsay objection as to Plaintiff's medical records. Indeed, Plaintiff himself listed such records as exhibits on his Pretrial Statement; Plaintiff's Exhibit 1 is "Medical and psychological records of Robert Kelly." Declaration of Michael Rosenberger, Exhibit 1. Plaintiff cannot selectively pick and choose from his medical records.

Finally, COP notes that, substantively, the evidence likely will be admitted anyway through the live testimony of the therapists and defendant's psychological expert, Dr. Wise, who will refer to the substance of these records in his own testimony under FRE 703.

### (c) Dr. Ben Hamida's Testimony is Admissible

Plaintiff's motion to exclude Dr. Ben Hamida's testimony is without merit because Plaintiff's objections go to the weight of the evidence, not its admissibility. Dr. Ben Hamida interviewed Mr. Kelly for a forensic examination in 2001, in the context of Mr. Kelly's dispute

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477

with his former partner relating to visitation with his son. Dr. Ben Hamida provided a battery of psychological tests to develop a psychological profile. These tests included the Minnesota Multiphasic Personality Inventory (MMPI), the Millon Clinical Multiaxial Inventory (MCMI) and the Shipley Institute of Living Scales. Ben Hamida Dep. at 15. In her interview of him, Mr. Kelly denied suicidal tendencies, (which contradicts representations he made to the expert he retained for purposes of this litigation), and Dr. Ben Hamida concluded "it didn't seem like he had any major psychological problems at the time." Ben Hamida Dep. at 29:17-21, 30:24-31:6. Such testimony is relevant to the extent of Plaintiff's damages, as well as the credibility of his self-reported information to his expert, Dr. Conte.

Second, Dr. Ben Hamida noted that Plaintiff skewed his answers to fit his objective at the time, which was to present himself as a secure, well-adjusted person.

> Essentially Mr. Kelly was quite guarded on the MMPI and the MCMI and what that means is that his response set, his—the way that he approached the testing experience was quite defensive. So he tended to focus on positive traits and to highlight those and not admit readily to more negative traits or traits that are generally considered negative.
>
> So that was a very strong finding in both tests, and although forensic clients often are defensive on these tests, I would say that he was more than average, more than the average forensic client in a custody case.

Ben Hamida Dep. at 22:2-13. The relevance of Mr. Kelly highlighting his good qualities and hiding his negative qualities in this context is obvious. If he was willing to skew his test results when it served his interests in a custody dispute, the jury might rightly view with skepticism his self-reported information to his expert in this litigation, where he now has a financial incentive to maximize his emotional distress.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE - 4
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### 6. Defendant Should be Prohibited from Introducing Evidence that the Abuse Occurred when Plaintiff was "6 Years Old."

This motion is baseless. Plaintiff essentially seeks the exclusion of this evidence because it hurts his case. This is hardly grounds for excluding evidence on what is the single most significant factual issue in the case. Plaintiff's statements to therapists are admissible under FRE 801(d)(2).

Plaintiff argues that his prior inconsistent statement do not satisfy the provisions of FRE 608(b). That evidence rule is irrelevant. The evidence in question does not relate to "conduct of a witness," it is Plaintiff's own statement. Moreover, it is not being offered solely to attack Mr. Kelly's credibility, but is being offered for the truth of the matter asserted therein. FRE 608 is irrelevant.

Plaintiff next argues that the statement "is simply not supported by the other evidence in this case." This is not a basis for excluding evidence. Plaintiff's argument simply reflects the fact that the timing of the abuse is a disputed question of fact.

Finally, Plaintiff argues that admitting this evidence would put him "in the untenable position of having to explain his prior statement to the jury, while being prohibited from producing testimony from other witnesses who can corroborate the timing of his abuse." Plaintiff's Motions at 12. Plaintiff cites no evidence rule for this objection but, whatever it is, Plaintiff's argument is misguided. This Court's Order excluding the testimony of other victims excludes evidence of abuse at which Plaintiff was <u>not</u> present. To the extent Plaintiff seeks "corroboration," other persons present <u>at the time that Plaintiff was abused</u> can testify about these incidents, including the timing. Order, Dkt. #152, at 2.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE - 5
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Finally, Plaintiff argues that admission of the statement would constitute "undue prejudice." Plaintiff provides no basis for concluding that admission of his prior inconsistent statement would constitute "undue prejudice." Plaintiff's argument, if it were accepted, would render FRE 801(d)(2) a nullity.

**7.   There Should be No Argument by Either Counsel Requesting the Jurors to Place Themselves in the Position or "Shoes" of Either Party.**

No objection.

**8.   Personal Belief Regarding Credibility.**

No objection.

**9.   Defendant's Response to Allegations of Sexual Abuse.**

No objection.

**10.  First Amendment Issues.**

To the extent Plaintiff is seeking only to prohibit witnesses from offering their interpretation of the First Amendment, COP has no objection to the motion.

COP does not understand this motion to seek to exclude testimony from Bishop Borland or other witnesses regarding their interpretation of their own religious duties (e.g., Bishop Borland's obligation to maintain the confidentiality of the communication from Richard Pettit). However, if Plaintiff seeks to broaden the scope of this motion, COP objects. Testimony regarding a witness' faith or religious obligation does not require him to opine on a legal issue and is relevant to explain, among other things, why Bishop Borland did not report the Pettit communication to anyone else.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE - 6
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

**11. Plaintiff Should be Allowed to Call Records Custodians Where Necessary.**

It is unclear what records and records custodians Plaintiff refers to in this motion. To the extent Plaintiff is seeking a "blank check" to call witnesses not named on the Pretrial Order or in Plaintiff's Pretrial Statement, COP objects.

**12. Defendant Should be Prohibited from Introducing Evidence of "Altruistic Acts" on the Part of The Mormon Church.**

No objection.

**13. Prohibition Regarding Effect of a Verdict on The Mormon Church.**

No objection.

**14. Prior Inconsistent Statements by Plaintiff.**

Again, Plaintiff fails to state with specificity the scope of this motion. To the extent Plaintiff is seeking solely to exclude his prior inconsistent statements, the motion is meritless for the same reasons discussed in regard to Motion No. 6, above. His prior inconsistent statements are non-hearsay admissions of a party opponent relevant to both liability and damages. FRE 801(d)(2).

As discussed in prior motions, COP will not dispute that the abuse occurred, but will dispute the extent and cause of Plaintiff's damages. Subject to FRE 403 and its restriction on cumulative testimony, Plaintiff's account of Mr. Loholt's abuse of Plaintiff can be corroborated by eyewitnesses to these event. As this Court has already ruled, however, Plaintiff cannot offer the testimony of other victims regarding acts of abuse at which Plaintiff was not present. Plaintiff's effort to prove his own damages is not prejudiced in any way by the exclusion of the evidence of other victims' abuse.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE - 7
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

15. **Plaintiff's Motion In Limine Re: Exhibits Sought to be Entered at Trial.**

Quite unconventionally, Plaintiff seeks rulings from the Court as to the admissibility of his own potential exhibits, without even putting them before the Court. Many of these exhibits are multi-page documents, and without knowing exactly what Plaintiff intends to offer into evidence, COP objects and respectfully requests that the motion be denied until such time as the parties, and the Court, know exactly what is the subject of the motion.

COP makes the following general responses, reserving the right to supplement its objections when Plaintiff either identifies the documents with specificity or offers them into evidence.

(a) **Plaintiff's Proposed Exhibit #4 – Renton and Kent Stake Directories**

Plaintiff's Pretrial Statement lists this exhibit as follows: "Renton and Kent Stake Directories 1969 through 1980." As an initial matter, COP is unaware of a stake directory for 1969, and thus is unclear what document from that era Plaintiff intends to offer. COP also objects to the admission of stake directories after the period "1973-1974." As addressed in COP's own motions in limine, events after January 1973 are irrelevant. Dkt. # 161 at 4. Plaintiff has admitted that he was abused during the period of time that Jack Loholt lived at the Allenbach home. Mr. Loholt purchased a house in January 1973 and moved out of the Allenbach residence. Hence, the focus of the trial is necessarily on events prior to January 1973, and stake directories from 1974 through 1980 are irrelevant.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE - 8
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

(b) **Plaintiff's Proposed Exhibit #5 – Church Historical Record of Changes of Officers, Teachers and Board Members of Kent 2nd Ward for Years 1973-1975.**

COP has no objection to the admissibility of the ward historical record for 1971-1972. As Plaintiff points out, this does, indeed, show the precise date Bishop Borland removed Loholt as Assistant Scout Master—February 6, 1972.[1]

COP objects to admission of the historical documentation for 1973-1975. Given that it is undisputed that Loholt's abuse of Plaintiff preceded January 1973, it is irrelevant that Loholt purportedly was granted positions with the Scouts in October 1973 or May 1974. Plaintiff's motion fails to articulate the relevance of positions that Loholt had after he abused Plaintiff. This motion must be denied.

Moreover, introduction of such evidence is highly prejudicial. Plaintiff clearly desires to have the jury punish the Church for not "getting it" and purportedly putting Loholt back into a Scouting position after the Church had notice of his abuse of minors. Even if it had relevance, which COP disputes, such post-1973 relationship between Loholt and the Boy Scouts should be excluded under FRE 403.

(c) **Plaintiff's Proposed Exhibit #9 – Articles of Incorporation**

The Articles of Incorporation for COP and LDS Social Services are irrelevant. COP does not understand Plaintiff's argument as to the purported relevance of the Articles of Incorporation. Regarding Plaintiff's contention that the jury needs evidence of who the corporate sole is so they understand why COP is the responsible party in this case, COP anticipates that this issue can be handled with a simple jury instruction stating that COP is the corporation the Church organized to carry out non-religious activity, which includes being sued.

---

[1] The ward historical record does not show that Bishop Borland referred Loholt to sexual deviancy treatment, contrary to Plaintiff's representation on page 17 of his motion.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE - 9
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### (d) Plaintiff's Proposed Exhibit #11 – Excerpts from Encyclopedia of Mormonism, Priesthood and Church Organization

This document lacks foundation and is hearsay. Plaintiff offers no support for his claim that it is a publication of COP. To the contrary, the last paragraph of the *Encyclopedia's* preface states:

> Lest the role of the *Encyclopedia* be given more weight than it deserves, the editors make it clear that those who have written and edited have only tried to explain their understanding of Church history, doctrines, and procedures, *their statements and opinions remain their own*. The *Encyclopedia of Mormonism* is a joint product of Brigham Young University and Macmillan Publishing Company, and *its contents do not necessarily represent the official position of The Church of Jesus Christ of Latter-day Saints*.

Rosenberger Decl. Ex. 2 (emphasis added). The *Encyclopedia* is not a publication of COP, or The Church of Jesus Christ of Latter-day Saints. It is, therefore, not the statement of a party opponent under FRE 801.

It also does not satisfy the "learned treatise" exception to the hearsay rule, FRE 803(18), because Plaintiff will not be using it in connection with presentation of expert testimony. In fact, Plaintiff has no liability expert or expert regarding the Church in general.

Plaintiff has also not provided COP or the Court with the excerpts of the Encyclopedia he would seek to offer into evidence. COP thus reserves the right to make additional objections, such as relevance.

### (e) Plaintiff's Proposed Exhibit #12 – Mandatory Reporting Statute

COP opposes the admission of the mandatory reporting statute for the reasons stated in its own motion in limine and reply brief in support thereof, Dkt. Nos. 140 and 166.

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE - 10
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## II. CONCLUSION

For the reasons stated above, COP respectfully requests that the Court deny the Plaintiff's motions to the extent objected to by COP.

DATED this 11th day of September, 2006.

GORDON MURRAY TILDEN LLP

By /s/ Michael Rosenberger
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the President of The Church of Jesus Christ of Latter-Day Saints

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE - 11
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. The parties will additionally be served in the manner indicated.

| | |
|---|---|
| Michael T. Pfau<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim LLP<br>P.O. Box 1157<br>Tacoma, WA 98401-1157<br>Telephone: (206) 676-7500<br>Facsimile: (206) 676-7575<br>E-Mail: mpfau@gth-law.com<br><br>( ) Mail      ( ) Hand Delivery<br>( ) Fax       ( ) Federal Express | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff, P.C.<br>600 University Street, Suite 2101<br>Seattle, WA 98101<br>Telephone: (206) 676-7610<br>Facsimile: (425) 837-9692<br>E-Mail: timkosnoff@comcast.net<br><br>( ) Mail      ( ) Hand Delivery<br>( ) Fax       ( ) Federal Express |

**GORDON MURRAY TILDEN LLP**

By _/s/ Michael Rosenberger_
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the President of The Church of Jesus Christ of Latter-Day Saints
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: mrosenberger@gmtlaw.com

DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE - 12
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292