UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R.K., ) | |
| ) | |
| Plaintiff, ) | CASE NO. C04-2338RSM |
| ) | |
| v. ) | |
| ) | ORDER DENYING MOTION IN |
| THE CORPORATION OF THE PRESIDENT ) | LIMINE TO EXCLUDE |
| OF THE CHURCH OF JESUS CHRIST ) | MANDATORY REPORTING |
| OF LATTER DAY SAINTS, *et al.*, ) | STATUTE |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I. INTRODUCTION

This matter comes before the Court on defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints' ("COP") Motion In Limine to exclude evidence of the mandatory reporting statute in effect at the time Bishop Borland received a report from Mr. Pettit that Mr. LoHolt had inappropriately touched his son. (Dkt. #140). Defendant argues that noncompliance with the statute cannot be deemed evidence of a failure to act with care because Bishop Borland's decision not to report the abuse was reasonable, and therefore, evidence of the statute should be precluded as irrelevant.

Plaintiff opposes the motion, arguing that defendant essentially asks this Court to determine whether Bishop Borland acted reasonably, an issue that is now left for the jury. (Dkt.

ORDER
PAGE – 1

#159).  Plaintiff further argues that Washington case law is clear that such evidence is admissible at trial.

For the reasons set forth below, the Court agrees with plaintiff and DENIES defendant's Motion In Limine.

## II.  DISCUSSION

### A.  Sanctions for Impermissible Overlength Reply

As a threshold matter, the Court addresses defendant's third failure to follow the Local Rules governing the length of motions and responses thereto.  *See* Local Rules CR 7(d) and (e).  As this Court has previously informed defendant, overlength briefs will be stricken from the record unless prior permission is sought and granted for the overlength pages.  *See* Local Rule CR 7(f).  Pursuant to Local Rule CR 7(e)(4), replies to motions in limine are limited to 6 pages in length.  Defendant has impermissibly filed a 9-page reply.  Because defendant has not sought and received permission from the Court to file such overlength reply, the Court hereby STRIKES it from consideration.  In addition, because the Court has, on more than one occasion, directed defendant to follow this Court's Local Rules with respect to the appropriate length of briefing, the Court will now impose SANCTIONS in the amount of $500.00.

### B.  Mandatory Reporting Statute

As a basis for his negligence claim, plaintiff argues that Bishop Borland had a mandatory duty to report Mr. LoHolt's abuse of Mr. Pettit's son, pursuant to the mandatory reporting statute in effect at that time.  By failing to so report, plaintiff asserts that defendant acted negligently, and is now liable for damages suffered by plaintiff when he was abused by Mr. LoHolt during the year following Mr. Pettit's report.  This Court previously determined that the mandatory reporting statute provides an implied civil cause of action, and the failure to comply with that statute may be submitted as evidence of negligence.  (Dkt. #101 at 3-7).  Defendant now argues that by allowing such evidence the Court would effectively instruct jurors that a short-lived statute repealed three decades ago is a better measure of reasonable conduct than the

1  statute in effect for the past 31 years which does not mandate reporting.  The court is not
2  persuaded.
3        In *CJC v. Corporation of the Catholic Bishop of Yakima*, 138 Wn.2d 699 (1999), the
4  Washington Supreme Court emphasized the legislative intent behind the mandatory reporting
5  statute, noting that requiring church officials to report supported the public policy in favor of
6  protecting children against acts of sexual abuse.  *Id.* at 726-27.  The jury in this case will be
7  required to determine whether Bishop Borland acted reasonably at the time he received the
8  report of Mr. LoHolt's abuse.  At that time, he was required to report such abuse, but failed to
9  do so.  Therefore, it is up to the jury to determine whether that failure supports a finding of
10 negligence.
11       Defendant also argues that evidence of the statute is overly prejudicial because no jury will
12 ever reach a defense verdict when it can consider the violation of a statute as evidence of
13 negligence.  However, that argument ignores clearly-established Supreme Court law that
14 presumes that jurors follow the instructions given to them by the court.  *See United States v.*
15 *Olano*, 507 U.S. 725, 740 (1993); *Francis v. Franklin*, 471 U.S. 307, 324 n. 9 (1985).
16 Therefore, the Court rejects that argument.
17       Accordingly, the Court declines to preclude evidence of the mandatory reporting statute in
18 effect at the time Bishop Borland received Mr. Pettit's report.

### III.  CONCLUSION

20       Having reviewed defendant's motion, plaintiff's opposition, defendant's reply, the
21 declarations in support of those briefs, and the remainder of the record, the Court hereby finds
22 and ORDERS:
23       (1)  Defendant's Motion In Limine to Exclude Reporting Statute (Dkt. #140) is DENIED.
24       (2)  Defendant's counsel shall pay a penalty to the Court in the amount of $500.00 <u>no later</u>
25 <u>than 30 days from the date of this Order</u> as a result of his failure to follow this Court's Local
26 Rules with respect to the appropriate length of briefing motions in limine.

ORDER
PAGE – 3

(3)  The Clerk shall send a copy of this Order to all counsel of record.

DATED this 14th day of September, 2006.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 4