THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K. and T.D., <br><br> Plaintiffs, <br><br> vs. <br><br> THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDS, a Utah corporation, <br><br> Defendants. | NO. 04-2338 RSM <br><br> PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS IN LIMINE <br><br> **NOTED FOR HEARING:** <br> **SEPTEMBER 15, 2006** |

## I. INTRODUCTION

Plaintiff R.K. submits this reply to defendants Response to Plaintiff's Motions in Limine.[1]

### A. "ANGER MANAGEMENT" ISSUES.

Defendant asserts that it does not intend to elicit testimony regarding the reason R.K. was referred to Anger Control Treatment and Therapies, Inc. stating, "if Plaintiff's motion is limited to simply excluding from evidence the *reason* he was seen by these therapists, that is,

---

[1] Because the parties are in agreement on the majority of plaintiff's motions in limine, this reply brief focuses solely on those motions to which there is a dispute.

PLTF'S REPLY TO DEF.S' RESP. TO P.'S MIL - 1 of 6
(04-2338RSM)
[170048 v4.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

the accusations of domestic violence, COP has no objection to that limitation."[2] Plaintiff accepts defendant's offer to redact any reference to "allegations of domestic violence or abuse of his son."[3] However, COP's offer does not wholly resolve the issue as the redactions **must** include the very title of the center. Otherwise, the jury will be left to wonder why R.K. was evaluated at a facility entitled "Anger Control Treatment and Therapies, Inc."

With regard to the plaintiff's "admissions," plaintiff submits the following.

**R.K.'s prior statements.** To the extent plaintiff's prior statements meet admissibility standards, defendant is permitted to cross-examine plaintiff on those subjects. However, defendant should not be permitted to introduce any documents containing the prior statements without meeting evidentiary requirements.[4]

**Therapist's Notes:** Defendant admits that the therapist's notes are hearsay and will only be admissible if the therapist has an "insufficient recollection."[5] Consequently, the therapist's notes should not be admitted until and unless the therapist testify that to the necessary "insufficient recollection." Furthermore, contrary to COP's assertion, plaintiff is not attempting to selectively "pick and choose" what medical records will be admissible. Instead, plaintiff will redact any hearsay statements from the records, as necessary.

**Dr. Wise's Testimony:** Prior to admission of the hearsay information through Dr. Wise, COP must show that (a) that Dr. Wise relied upon the hearsay information in formulating his opinion and (b) that the hearsay information is of the type typically relied upon by experts in formulating opinions. Fed. R. Evid. 703; *see, also, Hardesty v. American Seating Co.*, 194 F. Supp.2d 447, 452 (Maryland Dist. 2002). Unless and until that foundation is established, the hearsay evidence should be excluded.

---

[2] Response, pg. 2, ll. 37-39.
[3] *Id.* at ll. 42-43.
[4] Additionally with respect to R.K.'s statement pertaining to when the abuse occurred, plaintiff hereby incorporates the arguments made in Section B below.
[5] Defendant's Response (Dkt. No. 170) pg. 3, ll. 15-17.

PLTF'S REPLY TO DEF.S' RESP. TO P.'S MIL - 2 of 6
(04-2338RSM)
[170048 v4.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

**Dr. Souhir Ben Hamida:** Dr. Ben Hamida's testimony should be excluded as overly prejudicial. As discussed in plaintiff's motion in limine, Dr. Ben Hamida admitted that she only examined R.K. for the purpose of psychological testing, and that she did not perform a "full examination" of plaintiff. Furthermore, Dr. Ben Hamida admitted that testing alone was not meaningful without the appropriate interview and/or collateral contacts, which Dr. Hamida did not perform.[6] Because Dr. Ben Hamida herself admits that testing alone is "not meaningful" it cannot realistically be argued that her opinions about R.K.'s medical condition meet the required standard for expert opinion. That is, Dr. Ben Hamida cannot (and did not) provide an opinion that R.K. suffered from (or did not suffer from) psychological damages on a "more probable than not basis." FRE 703; *see, also, Torno v. Hayek,* 133 Wn.App. 244, 250, 135 P.2d 536 (2006). As such, it will be overly prejudicial to allow Dr. Hamida to testify regarding her observations of the plaintiff that do not meet the standards for admissibility of expert opinion.

B. ADMISSION OF R.K.'S STATEMENT THAT THE ABUSE OCCURRED WHEN HE WAS SIX YEARS OLD WOULD INTRODUCE EVIDENCE THAT IS CONFUSING AND WOULD BE OVERLY PREJUDICIAL.

There is no credible evidence indicating that R.K.'s abuse occurred when he was six years old (in 1968). Instead, the evidence demonstrates that R.K.'s abuse occurred after Loholt moved onto the Allenbach property.[7] COP has affirmatively admitted that Loholt moved onto the Allenbach compound – at the earliest – in mid-1969.[8] Despite this admission, COP now attempts to utilize R.K.'s prior erroneous assertion to demonstrate that the abuse, indeed, occurred in 1968. In doing so, COP is attempting to confuse the jury as to the true facts of the case.

---

[6] Plaintiff's Motions in Limine (Dkt. No. 163) at pg. 9, ll. 6-12.

[7] *See,* R.K. Deposition, pg. 18, ll. 15-16 (R.K. first met Loholt "when he [Loholt] moved into the Allenbach home") (attached to declaration of Michelle A. Menely, filed herewith).

[8] See COP's Motions in Limine (Dkt No. 161-1) pg. 4, ll. 30-39.

PLTF'S REPLY TO DEF.S' RESP. TO P.'S MIL - 3 of 6
(04-2338RSM)
[170048 v4.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

The only explanation for R.K.'s prior statement is that it was, simply, an error. To allow defendants to utilize R.K.'s prior error will cause a waste of time (plaintiff will have to expend time explaining the prior error) and will mislead and/or confuse the jury. The prior statement should be excluded.

### C. FIRST AMENDMENT ISSUES/RELIGIOUS BELIEFS.

Neither Bishop Borland, nor any other witness, should opine as to their "religious duties." First, this Court has already ruled that religious confidentiality issues did not prohibit Bishop Borland from meeting his then-existing statutory obligation to report known instances of child abuse.[9] Consequently, whether Bishop Borland personally believes he had a "religious duty" to keep the information he received from Bishop Pettit "confidential" is irrelevant. Furthermore, allowing Bishop Borland (or any other defense witness) to testify as to the religious "duties" or "beliefs" may lead the jury to believe that the religious witness is more credible than the non-religious witness. FRE 610 specifically excludes any such evidence.

### D. RECORDS CUSTODIANS.

Plaintiff is not attempting to obtain a "blank check" to call unnamed witnesses. Plaintiff is simply seeking permission to call records custodians, if necessary,.

### E. PRIOR INCONSISTENT STATEMENT BY PLAINTIFF.

Plaintiff incorporates the arguments contained in section B above.

### F. EXHIBITS.

Plaintiff will submit his proposed exhibits along with the final Pretrial Order (as required by the local rules).

---

[9] (Dkt. No. 174)

PLTF'S REPLY TO DEF.S' RESP. TO P.'S MIL - 4 of 6
(04-2338RSM)
[170048 v4.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

### (a) STAKE DIRECTORIES AND CHURCH HISTORICAL RECORD (PLAINTIFF'S EXHIBITS 4 AND 5).

COP is not objecting to the inclusion of Stake directories and/or Historical Record prior to 1973, but is limiting its objection to introduction of the Stake directory and/or Historical Record for any period after 1973. However, in doing so, defendant asserts, as though it were a verity, that plaintiff's abuse occurred prior to 1973. The exact time of plaintiff's abuse is the subject of dispute – and that issue has been addressed multiple times in both plaintiff and defendant's motions in limine. If the jury determines that R.K.'s abuse indeed occurred after 1973, the 1973-1974 stake directors are wholly relevant. The directory should be admitted.

### (b) ARTICLES OF INCORPORATION.

Provided COP does not argue that it has no responsibility for the conduct of members of the "Mormon Church," and provided the jury is properly instructed that COP is responsible for the Church members' activities, plaintiff will withdraw the Articles of Incorporation as an exhibit.

### (c) EXCERPTS FROM ENCYCLOPEDIA OF MORMONISM, PRIESTHOOD AND CHURCH ORGANIZATION.

As indicated in plaintiff's motions in limine, the Encyclopedia of Mormonism is either a statement of a party or, at the very minimum, an adopted statement of COP and plaintiff relies upon the argument in his motions in limine. At a minimum, the excerpts should be admitted for impeachment purposes.[10]

---

[10] COP made the same arguments pertaining to the admission of excerpts from the Encyclopedia of Mormonism in the case of *Doe v. Corporation of the President of Jesus Christ of Latter-day Saints*, King County Superior Court Cause No. 02-2-04105-1 KNT. The Honorable Richard McDermott rejected the defendant's arguments.

PLTF'S REPLY TO DEF.S' RESP. TO P.'S MIL - 5 of 6
(04-2338RSM)
[170048 v4.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

**(d) MANDATORY REPORTING STATUTE.**

Due to this Court ruling that the mandatory reporting statute may be used as evidence of negligence, COP's objection to inclusion of the statute should now be moot.

RESPECTFULLY SUBMITTED this ___ day of September, 2006.

> GORDON, THOMAS, HONEYWELL,
> MALANCA, PETERSON & DAHEIM LLP
>
> By /s/ Michael T. Pfau
>     Michael T. Pfau, WSBA No. 24649
>     mpfau@gth-law.com
>     Michelle A. Menely, WSBA No. 28353
>     mmenely@gth-law.com
>     Co-Counsel for Plaintiff
>
> LAW OFFICES OF TIMOTHY D. KOSNOFF
>
> By /s/ Timothy D. Kosnoff
>     Timothy D. Kosnoff, WSBA No. 16586
>     timkosnoff@comcast.net
>     Co-Counsel for Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2006, I electronically filed the foregoing Plaintiff's Reply to Defendants' Response to Plaintiff's Motions in Limine and the Declaration of Michelle A. Menely with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Charles C. Gordon/Jeffrey I. Tilden/Michael Rosenberger
> GORDON MURRAY TILDEN
> 1001 4TH AVE, STE 4000
> SEATTLE, WA 98154
> 206-467-6477
> Email: cgordon@gmtlaw.com; jtilden@gmtlaw.com; mrosenberger@gmtlaw.com

> /s/ Carol Wohlwend
> Legal Assistant to Michelle Menely

PLTF'S REPLY TO DEF.S' RESP. TO P.'S MIL - 6 of 6
(04-2338RSM)
[170048 v4.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575