UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R.K., <br><br> Plaintiff, <br><br> v. <br><br> THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, *et al.*, <br><br> Defendants. | CASE NO. C04-2338RSM <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS IN LIMINE |

This matter comes before the Court on defendant The Corporation of the Church of Jesus Christ of Latter-Day Saints' ("COP") Motions In Limine. (Dkt. #161). Defendant moves this Court to limit or exclude twelve areas of evidence. Plaintiff opposes many of those limitations or exclusions. (Dkt. #172). Defendant has filed a reply to those objections. (Dkt. #182).

Having reviewed the motions, plaintiff's response, defendant's reply, and the remainder of the record, the Court hereby ORDERS:

(1) Defendant's Motion In Limine A (Dkt. #161 at 4-6) pertaining to evidence of Mr. LoHolt's abuse, convictions and counseling after 1973 is GRANTED. Plaintiff does not oppose the exclusion of Mr. LoHolt's criminal convictions, and the Court finds the remaining post-1973 evidence irrelevant.

ORDER
PAGE – 1


(2) Defendant's Motion In Limine B (Dkt. #161 at 7-8) pertaining to experts is GRANTED. Plaintiff has no objection to that motion.

(3) Defendant's Motion In Limine C (Dkt. #161 at 8) pertaining to subsequent remedial measures is GRANTED. Plaintiff has no objection to that motion.

(4) Defendant's Motion In Limine D (Dkt. #161 at 9) pertaining to settlement negotiations and attorney fees is GRANTED. Plaintiff has no objection to that motion.

(5) Defendant's Motion In Limine E (Dkt. #161 at 9-10) pertaining to church finances and insured status is GRANTED. Plaintiff has no objection to that motion.

(6) Defendant's Motion In Limine F, asking this Court to issue an Order precluding witnesses and counsel from referring to the Allenbach home as a "compound" (Dkt. #161 at 10-12) is DENIED. Defendant argues that the word "compound" is a "loaded" term designed to conjure negative images in the minds of jurors. However, the word "compound" has several definitions, and several connotations, many of which are benign and simply refer to property with several buildings owned by the same family, which accurately describes the Allenbach property. Accordingly, the Court does not believe that use of the term "compound" will be highly prejudicial to defendants.

(7) Defendant's Motion In Limine G (Dkt. #161 at 12-18) pertaining to church doctrine is GRANTED. Plaintiff has not opposed the exclusion of Mrs. Kelly's testimony with respect to her opinion of Mr. Allenbach's position in the Church. In addition, the Court agrees that references to the Encyclopedia of Mormonism and the Church's General Handbook of Instructions are impermissible for plaintiff's stated purpose.

(8) Defendant's Motion In Limine H (Dkt. #161 at 18-24) pertaining to other litigation is GRANTED. Plaintiff has no objection to that motion.

(9) Defendant's Motion In Limine I (Dkt. #161 at 24-26) pertaining to prior deposition

testimony is GRANTED. Defendant moved to exclude the deposition testimony of Harold Brown and Dwayne Liddell from the 1998 case of *Scott v. COP*, which was litigated in Oregon. Plaintiff concedes that he will not offer the prior testimony of either Mr. Brown or Mr. Liddell. However, plaintiff now asserts that he will offer the deposition testimony of Dr. Lloyd A. Hale from the *Scott* case. That testimony is not permissible. Not only is plaintiff's disclosure of Dr. Hale untimely, he has failed to demonstrate a substantial similarity between the *Scott* case and the instant action. Moreover, this Court has recently resolved the question of whether the communication from Richard Pettit to Bishop Borland was privileged, and therefore, Dr. Hale's testimony no longer appears to be relevant.

(10) Defendant's Motion In Limine J (Dkt. #161 at 26-27) pertaining to fact witnesses giving expert opinions is GRANTED. Plaintiff has no objection to that motion.

(11) Defendant's Motion In Limine K (Dkt. #161 at 27-28) pertaining to presentation of the case is GRANTED. Plaintiff has no objection to that motion.

(12) Defendant's Motion In Limine L (Dkt. #161 at 4) pertaining to trial attendance and witnesses is GRANTED. Plaintiff has no objection to that motion.

(13) Plaintiff is hereby directed to advise his witnesses of the rulings contained in the instant Order, and of their obligation to follow these rulings.

(14) The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 18 day of September, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 3