UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

R.K.,

        Plaintiff,

        v.

THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS
CHRIST OF LATTER DAY SAINTS, *et al.*,

        Defendants.

CASE NO. C04-2338RSM

ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTIONS IN LIMINE

    This matter comes before the Court on plaintiff's Motions In Limine. (Dkt. #163). Plaintiff moves this Court to limit or exclude fifteen areas of evidence. Defendant opposes several of those limitations or exclusions. (Dkt. #170). Plaintiff has filed a reply to those objections. (Dkt. #176).

    Having reviewed the motions, defendant's response, plaintiff's reply, and the remainder of the record, the Court hereby ORDERS:

    (1) Plaintiff's Motion In Limine 1 (Dkt. #163 at 3-4) pertaining to settlement discussions is GRANTED. Defendant has no objection to that motion.

    (2) Plaintiff's Motion In Limine 2 (Dkt. #163 at 4) pertaining to prior display of exhibits is GRANTED. Defendant has no objection to that motion.

    (3) Plaintiff's Motion In Limine 3 (Dkt. #163 at 4) pertaining to references to the nature of plaintiff's counsel's practice is GRANTED. Defendant has no objection to that motion.

ORDER
PAGE – 1

1    (4) Plaintiff's Motion In Limine 4 (Dkt. #163 at 4) pertaining to exclusion of witnesses
2 from the courtroom is GRANTED. Defendant has no objection to that motion.

3    (5) Plaintiff's Motion In Limine 5 (Dkt. #163 at 5-10) pertaining to plaintiff's anger
4 management issues and allegations that he sexually abused a minor is GRANTED IN PART.
5 Defendant has offered to redact any reference of allegations of domestic violence or abuse of
6 plaintiff's son from the documents at issue in this motion, and the Court so Orders. In addition,
7 the parties shall redact the words "Anger Control" from the title of the treating facility "Anger
8 Control Treatment and Therapies, Inc." in any documents offered at trial. As for the remaining
9 evidence contained in this motion in limine, the Court will allow defendant to introduce such
10 evidence subject to plaintiff's objections which will be ruled on at trial. Finally, the Court
11 declines to exclude Dr. Ben Hamida's testimony. Plaintiff's objections to that testimony go to
12 the weight of the testimony, not to its admissibility. Furthermore, plaintiff is free to elicit Dr.
13 Ben Hamida's opinion that her testing alone was not meaningful.

14    (6) Plaintiff's Motion In Limine 6 (Dkt. #163 at 10-12) pertaining to statements made by
15 plaintiff that abuse occurred when he was six years old is DENIED. However, as this Court
16 previously ruled, plaintiff may produce other persons present at the time of his abuse to
17 corroborate the timing of those incidents.

18    (7) Plaintiff's Motion In Limine 7 (Dkt. #163 at 12-13) pertaining to asking the jurors to
19 place themselves in the shoes of the plaintiff or defendant is GRANTED. Defendant has no
20 objection to that motion.

21    (8) Plaintiff's Motion In Limine 8 (Dkt. #163 at 13) pertaining to personal beliefs about
22 the credibility of plaintiff is GRANTED. Defendant has no objection to that motion.

23    (9) Plaintiff's Motion In Limine 9 (Dkt. #163 at 13) pertaining to defendant's response to
24 allegations of sexual abuse is GRANTED. Defendant has no objection to that motion.

25    (10) Plaintiff's Motion In Limine 10 (Dkt. #163 at 14) pertaining to First Amendment

26 ORDER
PAGE – 2

issues is GRANTED to the extent that it seeks to prohibit witnesses from offering their own interpretations of the First Amendment. The Court declines to exclude proposed evidence by Bishop Borland concerning his opinion as to what his religious duties required him to keep confidential at this time. Nothing in this Order prevents plaintiff from raising objections to such testimony during trial.

(11) Plaintiff's Motion In Limine 11 (Dkt. #163 at 14) pertaining to records custodians is GRANTED to the extent that such custodians have already been identified in the pre-trial order or pre-trial statement. No new records custodians will be allowed to be called.

(12) Plaintiff's Motion In Limine 12 (Dkt. #163 at 14) pertaining to altruistic acts is GRANTED. Defendant has no objection to that motion.

(13) Plaintiff's Motion In Limine 13 (Dkt. #163 at 14-15) pertaining to the effect of a verdict on the Mormon Church is GRANTED. Defendant has no objection to that motion.

(14) Plaintiff's Motion In Limine 14 (Dkt. #163 at 15) pertaining to prior inconsistent statements by plaintiff is DENIED. Plaintiff's motion fails to specify what statements it wishes to exclude, and the Court finds any such ruling more appropriate in context, at trial.

(15) Plaintiff's Motion In Limine 15 (Dkt. #163 at 15-18) pertaining to exhibits sought to be entered at trial is DENIED. The Court reserves ruling on the admissibility of any exhibits until they are offered at trial.

(16) Defendant is hereby directed to advise his witnesses of the rulings contained in the instant Order, and of their obligation to follow these rulings.

(17) The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this 18 day of September, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 3