1

2

3

4

5

6

7

THE HONORABLE RICARDO MARTINEZ

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| R.K.<br><br>                Plaintiff,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT<br>OF THE CHURCH OF JESUS CHRIST OF<br>LATTER-DAY SAINTS, a Utah corporation<br>sole, a/k/a "MORMON CHURCH,"; LDS<br>SOCIAL SERVICES a/k/a LDS FAMILY<br>SERVICES, a Utah corporation,<br><br>                Defendants. | NO. C04-2338RSM<br><br>**PRETRIAL ORDER** |

19

20

21

COME NOW the plaintiff R.K. and defendants Corporation of the President of the Church of Jesus Christ of Latter-day Saints ("COP") and LDS Social Services ("LDSSS")and submit the following pre-trial order.

22

## I.      FEDERAL JURISDICTION

23

24

25

Jurisdiction is vested in this court by virtue of 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the plaintiff and defendant and the amount in controversy exceeds the requisite amount established by 28 U.S.C. § 1332.  Venue is likewise

26

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

Dockets.Justia.com

proper in this Court because plaintiff is a resident of King County and because the acts giving rise to this action occurred in King County.

## II.    CLAIMS AND DEFENSES

### A. PLAINTIFF'S CLAIMS.

Defendants are each responsible for, negligence and breach of fiduciary duty and arising from their failure to prevent Jack Loholt aka Jack Onofrey's abuse of children, plaintiff R.K. Defendants are additionally liable for negligence stemming from their supervision and retention of Jack Loholt as Assistant Scout Master and Melchisedek Priest, negligence based on their failure to report Loholt's sexual abuse of children pursuant to RCW 26.44 and based on its continuing retention of Loholt as Assistant Scout Master and Melchisedek Priest knowing he had abused children and was likely continuing to abuse others.[2]

### B. DEFENDANTS' AFFIRMATIVE DEFENSES.

1.    Defendants deny plaintiff's allegations.

2.    COP's first notice of Loholt's abuse of any child followed all acts of abuse of plaintiff.

3.    COP's notice came in the form of a privileged conversation between a Church member, Richard Pettit, and the Bishop of the Kent Second Ward, Bishop Randall Borland.  This communication should be excluded from evidence.

---

[2] COP objects to Plaintiff's characterization of claims and facts at issue.  For example, Plaintiff does not seek recovery for COP's negligent supervision of Loholt as Assistant Scout Master given that Loholt's abuse of Plaintiff did not occur in connection with any Scouting activity.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

4.      If either defendant was negligent, there are other at-fault persons to whom the jury must apportion fault: plaintiff's parents (Jerry Kelly and Dorothy Kelly) and Dr. Herman Allenbach.

5.      The jury must segregate damages resulting from Loholt's intentional conduct.

## III.    ADMITTED FACTS

### A. ADMITTED FACTS.

1.      The plaintiff, R.K., was a minor under the age of eighteen years at the time of the sexual abuse that is the focus of this suit. His date of birth is June 26, 1962.

2.      Jack Loholt was a member of the Church of Jesus Christ of Latter-Day Saints, ("the Church"), and a member of Kent Second Ward during the relevant period of time.

3.      Loholt intentionally abused plaintiff R.K over a period of several months. At the time he sexually abused plaintiff, Loholt resided in Kent, WA, in a downstairs apartment in the home of Dr. Herman Allenbach. Plaintiff's family lived next door to the Allenbach family.

4.      Loholt moved out of the Allenbach residence in January 1973, when he purchased a home.

5.      One incident of abuse occurred in a field near plaintiff's home, the others occurred in Loholt's apartment in the Allenbach home.

6.      One act of abuse occurred when Loholt masturbated in the presence of plaintiff, his brother and Dr. Allenbach's son in a field near their homes. That day, plaintiff told his parents what Loholt had done. That evening, plaintiff's parents, Dorothy Kelly and Jerry Kelly, went next-door and told Dr. Allenbach what Loholt had done in the presence of their sons.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

7.    Neither plaintiff's parents nor Dr. Allenbach reported Loholt's abuse of plaintiff to law enforcement authorities or to the state Department of Social and Health Services.

8.    According to the doctrine and organization of the Church, virtually every male member age 12 and older who claims to be observant belongs to the "priesthood" and holds some title therein, such as deacon, priest, elder, or high priest.    Prior to obtaining a "priesthood" title, the priesthood is conferred upon the individual and he is ordained to a title by the laying on of hands.    Young men from ages twelve to eighteen are members of the "Aaronic priesthood".    Virtually all regularly attending twelve to fourteen year old boys hold the title of "deacon"; fourteen to sixteen year old boys hold the title of "teacher'"; sixteen to eighteen year old boys hold the title of "priest".    Once men reach the age of eighteen, they become members of the "Melchizedek priesthood" if they claim to be observant in their religious practices.    At approximately age eighteen, observant males become "elders," and, at approximately age 45, they become "high priests."    A person can be an elder or high priest while having no official duties or responsibilities on behalf of the Church.

9.    Local congregations of the Church are called "wards" or "branches", depending upon their size.    Wards consist of from 300 to 700 members; branches are considerably smaller.    Several wards and branches in a particular geographical area constitute a "stake."    The clergy member who leads a ward is called a bishop.    Most elders and high priests never become a bishop.

10.    Dr. Allenbach was an oral surgeon and member of the Church.    He was a high priest.    He never was a bishop.

11.    As an adult member of the Church, Loholt was an elder.    He was never a bishop.

PRE-TRIAL ORDER - 4 of 22
(C04-2338RSM)
[pretrial order final.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

12.    Plaintiff was not a member of the Church; he was raised in a Catholic family. Plaintiff also was not a member of Boy Scout troop that boys in the Kent 2nd Ward participated in.

13.    The Church encourages participation in Boy Scouts. Many wards have scout troops, with the Scout Master being a member of the Church.

14.    In February 1971 Loholt became an Assistant Scout Master. Ken Keller was the ward Scout Master.

15.    Jack Loholt inappropriately touched a scout, Scott Pettit, who told his father about it. Scott Pettit's father, Richard Pettit, informed Kent 2nd Ward Bishop Randall Borland in approximately February 1972. On February 6, 1972, Bishop Borland released Loholt from his position as Assistant Scout Master. (COP recognizes this Court has denied its motion in limine to exclude this communication, but COP continues to object to the admissibility of this evidence).

16.    Bishop Borland did not report Mr. Pettit's disclosure to law enforcement authorities or the state Department of Social and Health Services, or to anyone else.

17.    Plaintiff has college and advanced degrees. He graduated from Seattle University (B.A. Social Studies, minor in Chemistry), and then obtained a Masters in Public Administration from Seattle University (G.P.A. 3.5). He also attended Harvard University Graduate School of Education (G.P.A. 4.0), and received a Fulbright Fellowship to go to Japan to study the Japanese educational system. Most recently, plaintiff attended the Principal Certification Program at Seattle Pacific University, Graduate School of Education.

**B. PLAINTIFF'S CONTENTIONS.**

1.    Defendants COP and LDSSS were negligent because they had a duty to prevent Loholt's abuse of children and failed to do so.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

2.      Defendants COP and LDSSS were negligent because they had a duty to protect foreseeable victims of Loholt from harm.

3.      Plaintiff was subjected to multiple acts of childhood sexual abuse as defined by RCW 4.16.340(5) by Jack Loholt.

4.      Loholt was an agent of the Mormon Church and was subject to their supervision and control.

5.      Loholt resided in an apartment at the Allenbach compounded.

6.      At all relevant times, Dr. Herman Allenbach was a leader in the defendant's Scouting program, a High Priest and member of the High Priest's Quorum and a former member of the Kent 2d ward's bishopric and priest's quorum adviser and was otherwise the defendant COP's agent. Dr. Allenbach's son, J.A., disclosed Loholt's abuse of him to his father in approximately 1971.

7.      The Kent 2d Ward regularly conducted religious and social activities at the Allenbach compound at which R.K. was present. R.K. was not a member of the Mormon Church. However, R.K. was proselytized by Mormon missionaries and Mormon Elders including Loholt at the Allenbach Compound.

8.      Loholt served as a member of an Elders' Quorum within the Church and worked as an adult volunteer in the scouting program of the ward and the ward's Young Men's Mutual Association.

9.      Bishop Randall Borland was at relevant times the ward bishop and was the defendant COP's agent.

10.     Loholt held ward boy scout troop meetings at the Allenbach compound which Robert Kelly attended.

PRE-TRIAL ORDER - 6 of 22
(C04-2338RSM)
[pretrial order final.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

11.     Before and during Loholt's abuse of Plaintiff, church leaders including Bishops Borland and scout leader and High Priest Herman Allenbach, and Richard Pettit received complaints from victims that Loholt was sexually abusing children.

12.     Defendant LDS Social Services was aware of Loholt's sexual abuse of children and counseled him around his pedophilia during the same time period that Loholt was continuing to sexually abuse plaintiff.

13.     Defendants failed to warn or protect plaintiff of the danger it knew Loholt plaintiff presented to him.

14.     Defendants had a special relationship with Loholt because as Assistant Scoutmaster, youth minister and Mormon Priest and Elder he was their agent.

15.     Defendants had a special relationship with Plaintiff because he was a child that it attempted to recruit into its membership and because he was within a protected class recognized by the state as needing special protection.   COP also had a special relationship with Plaintiff because he was within a foreseeable zone of harm by Loholt who was its agent.

16.     Defendants had a special relationship with Plaintiff by virtue of the fact that they were mandatory child abuse reporters.

17.     As a matter of public policy, Defendants had a duty of reasonable care to protect plaintiff under the circumstances of this case because the defendants' knowledge of the potential harm was certain, the character of the harm was extremely grave, the importance of the social interest needing protection was paramount and the burden of compliance upon defendants was insignificant.

18.     As the result of defendants' failure to protect plaintiff from a known defendant caused plaintiff to sustain severe and life-long psychological and emotional damages.

19.     COP failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the identification and

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

removal of child molesters from its ranks and the treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

## C. DEFENDANTS' CONTENTIONS.

Defendants COP and LDSSS contend as follows:

1.  Defendant LDSSS should be dismissed. LDSSS had no involvement with Jack Loholt until long after Loholt had abused plaintiff.

2.  Loholt was not acting as an agent of the Church at any time when he abused Plaintiff.

3.  Dr. Herman Allenbach was not an agent of the Church at the time plaintiff's parents told Dr. Allenbach that Loholt had abused their sons, or at the time his son told Dr. Allenbach of such abuse.

4.  All acts of Loholt's abuse of plaintiff were committed prior to COP having notice that Loholt had abused any child.   If the February 1972 conversation between Richard Pettit and Bishop Borland is admissible, which COP denies, such conversation followed Loholt's abuse of plaintiff.

5.  The February 1972 conversation between Richard Pettit and Bishop Borland constitutes COP's only notice prior to January 1973 that Loholt potentially committed an act of sexual abuse.

6.  If any persons are at fault for not preventing the abuse of plaintiff, it is plaintiff's parents and Dr. Allenbach. Plaintiff told his parents about Loholt's first act of abuse, and they told Dr. Allenbach. None of them did anything to prevent further abuse.

7.  If the conversation between Mr. Pettit and Bishop Borland is admissible, Bishop Borland responded reasonably and consistent with the duty of ordinary care by releasing Loholt from his position as Assistant Scout Master.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

8.    Defendant's damages, if any, were caused by having been raised by a volatile father who on one occasion beat Plaintiff with a golf club, and a mother who was an alcoholic or had alcohol-related problems.

## IV.    ISSUES OF LAW

Plaintiff contends the issues of law are as follows:

1.    Did COP have a special relationship with Jack Loholt because he was its youth minister, scout leader and religious Elder?

2.    Did LDSSS have a special relationship with Jack Loholt because it counseled him around his sexual deviancy and because it was a mandatory child abuse reporter, was aware that Loholt had molested children and knew or should have known that Loholt was continuing to have contact with children in connection with his church positions?

3.    Did COP have a special relationship with Plaintiff?

4.    Was COP's knowledge of the potential harm to children by Loholt so certain and so grave, that regardless of the existence of a special relationship, the societal interest in protecting children from known sexual abusers, requires the imposition of a duty on defendants without more?

5.    Defendant defendants, and each of them, violate RCW 26.44.030?

6.    Did COP violate a common law duty of care by failing to warn or protect R.K. from Loholt?

7.    Did COP violate its duty to adequately to train or supervise its hierarchal clergy, youth pastors and scout leaders in the proper procedures regarding the protection of children from sexual abuse and to monitor and ensure compliance with policies regarding the proper handling of reports of child sexual abuse?

PRE-TRIAL ORDER - 9 of 22
(C04-2338RSM)
[pretrial order final.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

8.    Did COP violate its duty to properly investigate allegations of abuse by Loholt and did it violate duty when it failed to reach out and protect foreseeable victims of Loholt?

Defendants contend the issues of law are as follows:

1.    Has plaintiff presented evidence sufficient for a reasonable juror to conclude that Dr. Allenbach was COP's agent, or should directed verdict be made on that component of plaintiff's claim?

2.    Has plaintiff presented evidence sufficient for a reasonable juror to conclude that Loholt was COP's agent, or should directed verdict be made on that component of plaintiff's claim.

3.    Whether defendants owed plaintiff any duty.

4.    Whether plaintiff's claims are barred by the statute of limitations?

5.    Whether the communication from Richard Pettit to Bishop Borland and the reporting statute are admissible.

## V.    EXPERT WITNESSES

(1) <u>On behalf of Plaintiff:</u>

Dr. Jon Conte.   Dr. Conte will testify about plaintiff's emotional and psychological injuries resulting from his being repeatedly sexually abused by Jack Loholt. The substance of Dr. Conte's report is set forth in his report.

(2) <u>On behalf of Defendant:</u>

Dr. Fred Wise.  Dr. Wise will testify regarding his evaluation of the Plaintiff and the documents he reviewed. The substance of Dr. Wise's testimony is set forth in his report.

PRE-TRIAL ORDER - 10 of 22
(C04-2338RSM)
[pretrial order final.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## VI.   OTHER WITNESSES

The names and addresses of witnesses, other than experts to be used by each party at the time of trial and the general nature of the testimony of each are:

### (1) On behalf of Plaintiff:

a)   Robert Kelly c/o Gordon Thomas Honeywell, 600 University, Suite 2100, Seattle, WA 98101. Plaintiff Robert Kelly will testify about the Mormon Church's religious activities at the Allenbach compound, its proselytizing efforts towards him, Jack Loholt's sexual abuse of him and how he believes the abuse impacted him.

b)   Jack Loholt aka Jack Onofrey, RR 1, Lac La Hache, B.C. Canada (250) 396-7106.  Will testify via deposition.  Mr. Loholt will testify regarding his involvement with the Mormon Church in the 1960's, his leadership positions working with boys in the Kent 2d Ward including Scoutmaster. He will testify regarding his sexual abuse of boys in the Kent 2d Ward, the fact of his removal from scouting positions by church leaders because of his sexual abuse of boys, his treatment for sexual deviancy treatment at LDS Social Services in the early 1970's, his subsequent continuing involvement as a scout leader in the ward scouting program.

c)   Other Victims of Loholt:

(i)    K.F. c/o Gordon Thomas Honeywell, 600 University, Suite 2100, Seattle, WA 98101.  Will testify.  KF will testify about his knowledge of the Allenbach household, including the Mormon activities that took place on property.  K.F. may additionally testify regarding his membership in the Kent 2d Ward of the Mormon Church and involvement in the ward scouting program. He will testify about how

PRE-TRIAL ORDER - 11 of 22
(C04-2338RSM)
[pretrial order final.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

the scouting program was managed <u>and</u> about Jack Loholt's

involvement as scoutmaster in the scouting program

(ii)    J.A. c/o Gordon Thomas Honeywell, 600 University, Suite 2100,

Seattle, WA 98101.  Will testify either live or via perpetuation

deposition.  JA will testify about his father Dr. Herman Allenbach and

Dr. Allenbach's positions in the Mormon Church and  Mormon

Church religious and social activities conducted at the Allenbach

compound. . He will testify about Jack Loholt's positions in the

Mormon Church, his working as the ward's scoutmaster while living at

the Allenbach compound and his sexual abuse by Jack Loholt (if

necessary to corroborate R.K.'s testimony re: when the abuse

occurred).

(iii)   B.A., 1556 W. 1500 N, Farmington, UT, 801-451-8810.  Will testify

regarding his father Dr. Herman Allenbach and Dr. Allenbach's

positions in the Mormon Church and  Mormon Church religious and

social activities conducted at the Allenbach compound.  He will testify

about Jack Loholt's positions in the Mormon Church, his working as

the ward's scoutmaster while living at the Allenbach compound.

(iv)   S.P.  S.P. will testify about his membership in the Kent 2d ward as a

boy, his participation in the ward scouting program with Loholt as

Scoutmaster and his sexual abuse by Loholt. He will testify regarding

his disclosure of the abuse to his father, Bishop Richard Pettit.

d)   Representatives of the Kent 2nd Ward, including:

(i)    Ken Keller, 541 Ranch Loop Rd., Preston, ID 83263.  May testify live

or via Deposition testimony.   Mr. Keller will testify regarding his

PRE-TRIAL ORDER - 12 of 22
(C04-2338RSM)
[pretrial order final.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

involvement in the Kent 2d Ward scouting program and what he was by told by church leaders told about Loholt's sexual abuse of children and suitability to work with young boys.

(ii)     Bishop Randall Borland, 620 Sumac Avenue Provo, Utah, 84604. Will testify. Bishop Borland will testify regarding his tenure as bishop of the Kent 2d Ward in the 1970's, the organization structure of the Mormon Church, about reports he received of sexual abuse by Jack Loholt of S.P. and his response to those reports.

(iii)    Bishop Philip Coleman. Possible witness only. May testify regarding activities which occurred at the Allenbach compound, Loholt's appointment as a Scout Master (or Assistant Scout Master) in 1973 or 1974. Bishop Coleman will also testify that Bishop Borland never warned him about Loholt.

(iv)    Bishop Richard Pettit will testify regarding his son's disclosure of sexual abuse by Loholt and of his subsequent reporting of the abuse to Bishop Borland.

e)    Miscellaneous Witnesses:

(i)     Dorothy Kelly, 15016 S.E. 260th, Kent, Washington, 98042. Will testify. Mrs. Kelly will testify that she is the mother R.K. She will testify that in approximately 1971, R.K. disclosed an incident involving Jack Loholt masturbating to ejaculation in front of him, his brother T.K., J.A. and R.A. in a field on the Allenbach compound. She will further testify that she notified Dr. Allenbach of the incident and

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

will testify regarding his responses to her complaint. Dorothy Kelly will also testify regarding R.K.'s damages.

(ii)     Jerry Kelly, 15016 S.E. 260th, Kent, Washington, 98042. Mr. Kelly will testify that is R.K.'s father. He will testify that in approximately 1971, R.K. disclosed an incident involving Jack Loholt masturbating to ejaculation in front of him, his brother T.K., J.A. and R.A. in a field on the Allenbach compound. He will further testify regarding the notification Dr. Allenbach received of the incident and will testify regarding Dr. Allenbach's responses to that information. Jerry Kelly will also testify regarding R.K.'s damages.

(iii)    Evalyn deGuzman, address to be supplemented. Will testify. Ms. deGuzman will testify regarding her relationship with R.K., including her observation of R.K. and will provide testimony relating to R.K.'s damages.

(iv)    Jovine Umali, address to be supplemented. Will testify. Ms. Umali will testify regarding her relationship with R.K., including her observation of R.K. and will provide testimony relating to R.K.'s damages.

(v)     Julie Garasi, address to be supplemented. Will testify. Ms. Garasi will testify regarding her relationship with R.K., including her observation of R.K. and will provide testimony relating to R.K.'s damages.

(vi)    Rachelle Cope, address to be supplemented. Will testify. Ms. Cope will testify regarding her relationship with R.K., including her

PRE-TRIAL ORDER - 14 of 22
(C04-2338RSM)
[pretrial order final.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

observation of R.K. and will provide testimony relating to R.K.'s damages.

(vii)   Records custodians, as needed to authenticate records.

(viii)  Plaintiff reserves the right to call as a witness anyone listed on defendants' witness list.

## (2) On behalf of Defendants:

a)   Randall Borland, c/o Gordon Murray Tilden, 1001 Fourth Avenue, Suite 4000, Seattle, Washington 98154-1004. Will testify. Mr. Borland will testify regarding the structure and organization of the Church, the duties of a Bishop, Mr. Borland's tenure as Bishop of Kent Second Ward, the roles of elders and high priests within the church, the role of Jack Loholt and Dr. Allenbach within the church in general and the Kent Second Ward in particular, and, if COP's motion in limine is not granted, his communication with Richard Pettit regarding Loholt and his response thereto.

b)   Jack Loholt (Onefrey):  Will testify by deposition. Mr. Loholt will testify regarding when he moved to Dr. Allenbach's home, the duration of his stay at that home, the absence of church meetings and activities at that property, and moving out when he purchased a home.

c)   Richard Pettit: P.O Box 5, Morgan, UT. Possible witness only. Mr. Pettit may testify regarding his position within the church circa 1971-72, and the conversation he had with Bishop Randall Borland concerning his son, Scott Pettit.

d)   Scott Pettit: 24929 230th Place SE, Maple Valley, WA 98038. Possible witness only. Mr. Pettit may testify regarding his contact

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

with Jack Loholt and his subsequent conversation with his father about it.

e)    Keith Waterland, M.S.W. 13617 122nd Avenue E, Puyallup, WA 98374-4704. Mr. Waterland will testify regarding his psychological evaluations of the Plaintiff.

f)    Warland Wight, M.D. 19543 27th Avenue NW, Shoreline, WA 98177. Will testify. Dr. Wight will testify regarding his psychological evaluations of the Plaintiff.

g)    Dorothy Kelly, 15016 S.E. 260th, Kent, Washington 98042. Mrs. Kelly will testify regarding Plaintiff's report to her that Jack Loholt had masturbated in front of him, his brother and one of the Allenbach boys. Ms. Kelly will also testify regarding what actions she took, the actions she didn't take and her reasons for doing so.

h)    Julie Garasi-Ellis: 228 Hertel Way, Everson, WA 98247. Possible witness only. Ms. Garasi-Ellis may testify regarding Plaintiff, his statements about his family of origin and Plaintiff's statements regarding the sexual abuse he experienced as a child.

i)    Evelyn DeGuzman: 2939 30th Avenue SW, Seattle, WA. Address to be supplemented. Possible witness only. Ms. DeGuzman may testify regarding Plaintiff, his statements about his family of origin and Plaintiff's statements regarding abuse.

j)    Souhir Ben Hamida: Recently moved to Singapore; current address unknown. Will testify by deposition. Ms. Ben Hamida will testify regarding her psychological evaluation of the Plaintiff.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

k)   Ken Keller:  541 Ranch Loop Road, Preston, ID 83263-5198.  Possible

witness, live or by deposition.  Mr. Keller may testify regarding

scouting activities within the ward and Dr. Allenbach's involvement in

ward activities.

l)   COP reserves the right to call as a witness anyone listed on plaintiff's

witness list.

## VII.   EXHIBITS

See Exhibits A and B.

Both parties reserve the right to utilize any exhibit submitted by the other party.

## VIII.   ACTION BY THE COURT

(a) Trial of this matter is scheduled for October 2nd, 2006.  The parties anticipate trial

length of 7-10 days.

(b) Trial briefs shall be submitted to the Court on or before September 27, 2006.

(c) Jury instructions requested by either party shall be submitted to the Court on or

before September 27, 2006.  Suggested question of either party to be asked of the jury by the

Court on Voir Dire shall be submitted to the Court on or before September 27, 2006.

(d) This order has been approved by the parties as evidenced by the signatures of their

counsel. This order shall control the subsequent course of the action unless modified by

subsequent order. This order shall not be amended except by order of the Court pursuant to

agreement of the parties or to prevent manifest injustice.

(e) This Court has issued the following rulings in this matter to date:

(1)  Order Granting in Part Plaintiff's Motion to Compel (granting motion and

directing Bishop Borland to answer questions regarding his conversation with Richard Pettit;

PRE-TRIAL ORDER - 17 of 22
(C04-2338RSM)
[pretrial order final.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

denying the motion and holding communications between Bishops Borland and Coleman with Loholt were subject to the clergy-penitent privilege). Dkt. No. 88.

(2)  Order Denying Motion for Summary Judgment (regarding statute of limitations), Dkt. No. 99.

(3)  Order Granting in Part Summary Judgment (dismissing plaintiff's claims for fraudulent concealment/equitable estoppel, civil conspiracy and negligent infliction of emotional distress, and denying remainder of motion based upon absence of duty), Dkt. No. 101.

(4)  Order Granting Motion to Amend Complaint [sic] (allowing COP to amend its answer to add Jerry Kelly as an additional person at-fault). Dkt. 145.

(5)  Order Granting Motion in Limine (excluding evidence of: (a) Loholt's abuse of other persons; (b) damages suffered by other sexual abuse victims; and (c) settlements reached by COP with other victims). Dkt. 152.

(6)  Order Granting Defendant's Motion to Segregate Damages Resulting From Intentional Tortfeasor (holding that the Court will instruct the jury to segregate the damages caused by the intentional conduct of non-party Jack Loholt from those damages attributable to defendant's negligence, if any). Dkt. No. 153.

(7)  Order Denying Defendant's Motion in Limine to Exclude Mandatory Reporting Statute (Dkt. No. 175).

(8)  Order Denying Defendant's Motion in Limine to Exclude Clergy-Penitent Communication (Dkt. No. 174).

(9)  Order Granting, in part, Denying, in part, Defendants' Motions in Limine (Dkt. No. 184).

(10)  Order Granting, in part, Denying, in part, Plaintiff's Motions in Limine (Dkt. No. 185).

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

2      DATED this _____ day of _____ 2006.

3

4                                  _____
                                   THE HONORABLE RICARDO MARTINEZ
5

6   FORM APPROVED:

7   **GORDON MURRAY TILDEN LLP**

8

9

10  By _Michelle Menely_ 28353
    Charles C. Gordon, WSBA #17737  _per tel. authority_
11  Jeffrey I. Tilden, WSBA #12219
    Michael Rosenberger, WSBA #17730
12  Attorneys for Defendant The Corporation of the
    President of the Church of Jesus Christ of
13  Latter-Day Saints

14

15  GORDON, THOMAS, HONEYWELL,
    MALANCA, PETERSON & DAHEIM LLP
16

17

18  By _Michelle Menely_
    Michael T. Pfau, WSBA #24649
19  Michelle A. Menely, WSBA #28353
    Co-Counsel for Plaintiff
20

21  LAW OFFICES OF TIMOTHY D. KOSNOFF, P.C.

22

23  By _Michelle Menely_
    Timothy D. Kosnoff, WSBA #16586
24  Co-Counsel for Plaintiff

25

26

PRE-TRIAL ORDER - 19 of 22
(C04-2338RSM)
[pretrial order final.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

## EXHIBIT A

## PLAINTIFF'S PROPOSED TRIAL EXHIBITS

### *R.K. v. THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, et al.*

A = Authenticity
H = Hearsay
R= Relevance
P = Unduly Prejudicial
C = Cumulative
F = Lacks foundation
O = Other (state grounds)

| EX. NO. | DOCUMENT DESCRIPTION | DATE/ BATES RANGE | NO OBJECTION | AUTHENTICITY ADMITTED, BUT OBJECTIONABLE | OTHERWISE OBJECTIONABLE |
|---|---|---|---|---|---|
| 1. | Kent 2nd Ward Directory 1969-1970 | | | H,R,P | |
| 2. | Kent 2nd Ward Directory 1972-1973 | | | | |
| 3. | Historical Report of the Kent 2d Ward January 3, 1971 through December 28, 1975 | X (1971-72) | R,P (1973-75) | | |
| 4. | Demonstrative Exhibit Timeline of Events re Loholt youth leadership positions and abuse complaints of victims and others to church leaders | | | | A,H,R,P,C |
| 5. | Dr. Jon Conte forensic tests administered to Robert Kelly | | | | A, H, R. P |
| 6. | Childhood photographs of Robert Kelly | | | | A, H, R, P, C, F |
| 7. | Articles of Incorporation COP and LDSSS. | | R,P | | |
| 8. | Selected excerpts from of Church Handbook of Instructions | | R, P? | | |
| 9. | Excepts from Encyclopedia of Mormonism, Priesthood and Church Organization | | | | F,H,R,P,A |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

| EX. NO. | DOCUMENT DESCRIPTION | DATE/ BATES RANGE | NO OBJECTION | AUTHENTICITY ADMITTED, BUT OBJECTIONABLE | OTHERWISE OBJECTIONABLE |
|---|---|---|---|---|---|
| 10. | Washington State Mandatory Reporting Statute 1971 | | | R,P | |
| 11. | Real Estate Contract between Jack Loholt and Madeline J. Wham relating to 1973 purchase of Kent residence. | | X | | |
| 12. | Photograph entitled "General Authorities of the Church of Jesus Christ of Latter-day Saints dated April 2001 | | | | A, H, R, P, F |

PRE-TRIAL ORDER - 21 of 22
(C04-2338RSM)
[pretrial order final.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

# EXHIBIT B

# DEFENDANT'S PROPOSED TRIAL EXHIBITS

*R.K. v. THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, et al.*

| EX. NO. | DOCUMENT DESCRIPTION | DATE/ BATES RANGE | NO OBJECTION | AUTHENTICITY ADMITTED, BUT OBJECTIONABLE | OTHERWISE OBJECTIONABLE |
|---|---|---|---|---|---|
| 13 | 1972-1973 Renton Stake Directory | 1972-73 | X | | |
| 14 | 1973-1974 Renton Stake Directory | 1973-74 | X | | |
| 15 | Real estate contracted between Loholt and Madelyn J. Wham, and attached documents | 01/03/73 | X | | |
| 16 | Historical reports of the Kent Second Ward (1968-1973, inclusive) | 1968-73 | X | | |
| 17 | Psychological testing report by Souhir Ben Hamida, Ph.D. and deposition exhibits 1, 2, 3 | 03/21/01 | | | H, R, P, C |
| 18 | Report of Frederick Wise | 12/29/05 | | | H, R, C |
| 19 | Forensic report of Jon Conte, Ph.D. and Deposition Exs. 9-17, 19-25, 30 | 09/07/05 | | | H, R, C |
| 20 | All records from the files of Anger Control Treatment & Therapies | | | | H, R, C |
| 21 | Report of Frederick Wise | 12/29/05 | | | H, R, P, C |
| 22 | Records produced by Kent School District | KSD000 002-56 | | | H, R, P |
| 23 | Records produced by Pacific Lutheran University | PLU0000 03-139 | | | H, R, P |
| 24 | Documents produced by Federal Way Public Schools | FWPS00 0002-93 | | | H, R, P |
| 25 | Transcript from Seattle Pacific University | | | | H, R, P |
| 26 | Counseling and Interviewing Guide for Bishops (Ex. To Borland declaration) | | | | H, R, C, F |
| 27 | Plaintiff's Amended Complaint | | | | |

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575