UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

R.K.,

        Plaintiff,

        v.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS, *et al.*,

        Defendants.

CASE NO. C04-2338RSM

ORDER OF CLARIFICATION

The parties have asked this Court to clarify its previous Order granting in part and denying in part defendant The Corporation of the Church of Jesus Christ of Latter-Day Saints' ("COP") Motions In Limine. (*See* Dkt. #184). In that Order, the Court ruled that:

> (1) Defendant's Motion In Limine A (Dkt. #161 at 4-6) pertaining to evidence of Mr. LoHolt's abuse, convictions and counseling after 1973 is GRANTED. Plaintiff does not oppose the exclusion of Mr. LoHolt's criminal convictions, and the Court finds the remaining post-1973 evidence irrelevant.

(Dkt. #184 at 1). The parties have asked this Court whether it intended to exclude all references to defendant LDS Social Services. Having reviewed the motion, plaintiff's response, defendant's reply, and the remainder of the record, the Court hereby finds and ORDERS:

ORDER
PAGE – 1

(1) This Court does now, and previously intended to, exclude all reference to LDS Social Services during Mr. LoHolt's deposition. At deposition, Mr. LoHolt testified:

> Q. Did you ever go to LDS Social Services for sexual deviancy counseling or treatment?
>
> A. Yes.
>
> Q. Okay. About what time period?
>
> A. Probably – I'm not really sure on that.
>
> Q. But it was while you were in the Kent 2nd Ward in the 1970s?
>
> A. Yes.

(Dkt. #81, Ex. D at 138); and

> Q. (By Mr. Kosnoff) What was the – what was the time period that you went to – the one year that you were going to LDS Social Services?
>
> A. I can't remember when that was.
> (Mr. Frey enters.)
>
> Q. (By Mr. Kosnoff) Was it – how soon after you were removed as scoutmast – assistant scoutmaster in February of 1973?
>
> A. I really can't remember the – the date.
>
> Q. But was it soon after that?
>
> A. I have two recollections, and I really don't know.
>
> Q. Okay. Let's talk about the first recollection you have. What is the first recollection you have?
>
> A. That I might have gone right after Bishop Borland.
>
> Q. And the second recollection?
>
> A. It might have been after that sometime somewhere.
>
> Q. Do you think there may have been more than two times you went to LDS Social Services, that is, two separate periods of counseling?
>
> A. I only went one period, but I don't know where in the . . .

ORDER
PAGE – 2

> Q. From the time that you started going to LDS Social Services, were you also prevented from taking sacrament in the church?
>
> A. There was a time.
>
> Q. Was it about the same time period?
>
> A. Well, it – it started right away.
>
> Q. Not being permitted to take sacrament?
>
> A. Right. I wasn't worthy to take it.
>
> Q. Did anybody in the congregation speak to you or comment about the fact that you were not taking sacrament?
>
> A. No.
>
> Q. After you returned from LDS Social Services, did you continue to molest children in the Kent 2nd Ward?
>
> A. Not for a long time.

(Dkt. #173, Ex. A at 146-147).

At best, Mr. LoHolt established that he attended LDS Social Services sometime in the early 1970s. Moreover, plaintiff's counsel referenced the wrong year in his question to Mr. Loholt, 1973 instead of 1972. Thus, based on this record, the Court finds that a jury could not find, on a more probable than not basis, that Mr. LoHolt went to LDS Social Services at the same time he was molesting plaintiff, prior to January 1973. In addition, for the reasons stated by defendant in its Reply in support of its motions in limine, the Court is not persuaded that the fact Mr. LoHolt molested plaintiff and R.A. at the same time supports the contention that Mr. LoHolt molested plaintiff after he went to LDS Social Services. It appears there is no other evidence to support a claim that plaintiff went to LDS Social Services prior to 1973.

(2) In light of this Order and the Court's prior ruling, plaintiff shall SHOW CAUSE no later than Monday, September 25, 2006, why defendant LDS Social Services should not be dismissed from this action.

ORDER
PAGE – 3

1   (3)  The Clerk is directed to send a copy of this Order to all counsel of record.

3   DATED this __19__ day of September, 2006.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 4