1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

R.K.,

                    Plaintiffs,

          v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole,

                    Defendant.

NO.  04-2338 RSM

JOINT JURY INSTRUCTIONS

The parties submit the following joint jury instructions.

DATED this 27th day of September, 2006.


**GORDON MURRAY TILDEN** LLP

By _____
    Charles C. Gordon, WSBA #1773
    Jeffrey I. Tilden, WSBA #12219
    Michael Rosenberger, WSBA #17730
    Attorneys for Defendant

**GORDON THOMAS HONEYWELL
MALANCA PETERSON & DAHEIM LLP**

By _____
    Michael T. Pfau, WSBA #24649
    Michelle A. Menely, WSBA #28353
    (per telephonic authorization)

**LAW OFFICES OF TIMOTHY D.
KOSNOFF, P.C.**

By _____
    Timothy D. Kosnoff, WSBA #16586

Attorneys for Plaintiff


JOINT JURY INSTRUCTIONS - 1

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

# TABLE OF CONTENTS

## JOINT PRELIMINARY INSTRUCTIONS

| Number | Title | Source | Page No. | Party |
|---|---|---|---|---|
| 1 | Duty of Jury | 9th Cir. 1.1 | 4 | Jointly |
| 2 | What is Evidence | 9th Cir. 1.3 | 5 | Jointly |
| 3 | What is Not Evidence | 9th Cir. 1.4 | 6 | Jointly |
| 4 | Direct and Circumstantial Evidence | 9th Cir. 1.6 | 7 | Jointly |
| 5 | Ruling on Objections | 9th Cir. 1.7 | 8 | Jointly |
| 6 | Credibility of Witnesses | 9th Cir. 1.8 | 9 | Jointly |
| 7 | Conduct of the Jury | 9th Cir. 1.9 | 10 | Jointly |
| 8 | No Transcript Available to the Jury | 9th Cir. 1.10 | 11 | Jointly |
| 9 | Taking Notes | 9th Cir. 1.11 | 12 | Jointly |
| 10 | Outline of the Trial | 9th Cir. 1.12 | 13 | Jointly |
| 11 | Burden of Proof – Preponderance of the Evidence | 9th Cir. 1.13 | 14 | Jointly |

## JOINT CONCLUDING INSTRUCTIONS

| Number | Title | Source | Page No. | Party |
|---|---|---|---|---|
| 12 | Duties of Jury to Find Facts and Follow Law | 9th Cir. 3.1 | 15 | Jointly |
| 13 | Agreed Facts | 9th Cir. 2.4 (mod.) | 16-18 | Jointly |
| 14 | What is Evidence | 9th Cir. 3.2 | 19 | Jointly |

JOINT JURY INSTRUCTIONS - 2

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

| 15 | What is Not Evidence | 9th Cir. 3.3 | 20 | Jointly |
|----|---|---|----|---|
| 16 | Direct and Circumstantial Evidence | 9th Cir. 3.5 | 21 | Jointly |
| 17 | Credibility of Witnesses | 9th Cir. 3.6 | 22 | Jointly |
| 18 | Opinion Evidence, Expert Witnesses | 9th Cir. 3.7 | 23 | Jointly |
| 19 | Duty to Deliberate | 9th Cir. 4.1 | 24 | Jointly |
| 20 | Use of Notes | 9th Cir. 4.2 | 25 | Jointly |
| 21 | Communication with Court | 9th Cir. 4.3 | 26 | Jointly |
| 22 | Burden of Proof—Preponderance of the Evidence | 9th Cir. 5.1 | 27 | Jointly |
| 23 | Burden of Proof—Affirmative Defense | WPI 21.05 (mod.) | 28 | Jointly |
| 24 | Negligence—Adult--Definition | WPI 10.01 | 29 | Jointly |
| 25 | Ordinary Care—Adult--Definition | WPI 10.02 | 30 | Jointly |
| 26 | Proximate Cause | WPI 15.01 | 31 | Jointly |
| 27 | Negligence of Defendant Concurring with Other Causes | WPI 15.04 | 32 | Jointly |
| 28 | Deposition as Substantive Evidence | 9th Cir. 2.6 | 33 | Jointly |
| 29 | Apportionment of Negligence | WPI 41.04 | 34 | Jointly |
| 30 | Agent and Principal—Definition | WPI 50.01 | 35 | Jointly |
| 31 | Measure of Damages | WPI 30.01.01 (mod.); 30.04, 30.05, 30.06 | 36 | Jointly |

JOINT JURY INSTRUCTIONS - 3

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### INSTRUCTION NO. 1
### DUTY OF JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

9th Cir. Civ. Jury Instr. 1.1

JOINT JURY INSTRUCTIONS - 4

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

**INSTRUCTION NO. 2**
**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence; and

(3) any facts to which the lawyers stipulate.

9th Cir. Civ. Jury Instr. 1.3

JOINT JURY INSTRUCTIONS - 5

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### INSTRUCTION NO. 3
### WHAT IS NOT EVIDENCE

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1.    statements and arguments of the attorneys;

2.    questions and objections of the attorneys;

3.    testimony that I instruct you to disregard; and

4.    anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

9th Cir. Civ. Jury Instr. 1.4

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

**INSTRUCTION NO. 4**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**


Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9th Cir. Civ. Jury Instr. 1.6

JOINT JURY INSTRUCTIONS - 7

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

**INSTRUCTION NO. 5**
**RULING ON OBJECTIONS**

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

9th Cir. Civ. Jury Instr. 1.7

JOINT JURY INSTRUCTIONS - 8

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## INSTRUCTION NO. 6
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness' memory;

3.    the witness' manner while testifying;

4.    the witness' interest in the outcome of the case and any bias or prejudice;

5.    whether other evidence contradicted the witness' testimony;

6.    the reasonableness of the witness' testimony in light of all the evidence; and

7.    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

9th Cir. Civ. Jury Instr. 1.8

JOINT JURY INSTRUCTIONS - 9

### INSTRUCTION NO. 7
### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to my courtroom deputy to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

9th Cir. Civ. Jury Instr. 1.9

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

**INSTRUCTION NO. 8**
**NO TRANSCRIPT AVAILABLE TO THE JURY**


At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

9th Cir. Civ. Jury Instr. 1.10

JOINT JURY INSTRUCTIONS - 11

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### INSTRUCTION NO. 9
### TAKING NOTES

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the courtroom.

Whether or not you take notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

9th Cir. Civ. Jury Instr. 1.11 (mod.)

JOINT JURY INSTRUCTIONS - 12

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

**INSTRUCTION NO. 10**
**OUTLINE OF THE TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that you will go to the jury room to deliberate on your verdict.

9th Cir. Civ. Jury Instr. 1.12

JOINT JURY INSTRUCTIONS - 13

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

**INSTRUCTION NO. 11**
**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a

preponderance of the evidence, it means you must be persuaded by the evidence that the claim or

affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented

it.

9th Cir. Civ. Jury Instr. 1.13

JOINT JURY INSTRUCTIONS - 14

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

### INSTRUCTION NO. 12
### DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

9th Cir. Civ. Jury Instr. 3.1

JOINT JURY INSTRUCTIONS - 15

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## INSTRUCTION NO. 13

## AGREED FACTS

The parties have agreed to certain facts. You should therefore treat these facts as having been proved.

The parties agree to the following:

1.    The plaintiff, R.K., was a minor under the age of eighteen years at the time of the sexual abuse that is the focus of this suit. His date of birth is June 26, 1962.

2.    Jack Loholt was a member of the Church of Jesus Christ of Latter-Day Saints, ("the Church"), and a member of Kent Second Ward during the relevant period of time.

3.    Loholt intentionally abused plaintiff R.K over a period of several months. At the time he sexually abused plaintiff, Loholt resided in Kent, WA, in a downstairs apartment in the home of Dr. Herman Allenbach. Plaintiff's family lived next door to the Allenbach family.

4.    Loholt moved out of the Allenbach residence in January 1973, when he purchased a home.

5.    One incident of abuse occurred in a field near plaintiff's home, the others occurred in Loholt's apartment in the Allenbach home.

6.    One act of abuse occurred when Loholt masturbated in the presence of plaintiff, his brother and Dr. Allenbach's son in a field near their homes. That day, plaintiff told his parents what Loholt had done. That evening, plaintiff's parents, Dorothy Kelly and Jerry Kelly, went next-door and told Dr. Allenbach what Loholt had done in the presence of their sons.

7.    Neither plaintiff's parents nor Dr. Allenbach reported Loholt's abuse of plaintiff to law enforcement authorities or to the state Department of Social and Health Services.

JOINT JURY INSTRUCTIONS - 16

8. According to the doctrine and organization of the Church, virtually every male member age 12 and older who claims to be observant belongs to the "priesthood" and holds some title therein, such as deacon, priest, elder, or high priest. Prior to obtaining a "priesthood" title, the priesthood is conferred upon the individual and he is ordained to a title by the laying on of hands. Young men from ages twelve to eighteen are members of the "Aaronic priesthood". Virtually all regularly attending twelve to fourteen year old boys hold the title of "deacon"; fourteen to sixteen year old boys hold the title of "teacher'"; sixteen to eighteen year old boys hold the title of "priest". Once men reach the age of eighteen, they become members of the "Melchizedek priesthood" if they claim to be observant in their religious practices. At approximately age eighteen, observant males become "elders," and, at approximately age 45, they become "high priests." A person can be an elder or high priest while having no official duties or responsibilities on behalf of the Church.

9. Local congregations of the Church are called "wards" or "branches", depending upon their size. Wards consist of from 300 to 700 members; branches are considerably smaller. Several wards and branches in a particular geographical area constitute a "stake." The clergy member who leads a ward is called a bishop. Most elders and high priests never become a bishop.

10. Dr. Allenbach was an oral surgeon and member of the Church. He was a high priest. He never was a bishop.

11. As an adult member of the Church, Loholt was an elder. He was never a bishop.

12. Plaintiff was not a member of the Church; he was raised in a Catholic family. Plaintiff also was not a member of Boy Scout troop that boys in the Kent 2nd Ward participated in.

JOINT JURY INSTRUCTIONS - 17

13.    The Church encourages participation in Boy Scouts.  Many wards have scout troops, with the Scout Master being a member of the Church.

14.    In February 1971 Loholt became an Assistant Scout Master.  Ken Keller was the ward Scout Master.

15.    Jack Loholt inappropriately touched a scout, Scott Pettit, who told his father about it.  Scott Pettit's father, Richard Pettit, informed Kent 2nd Ward Bishop Randall Borland in approximately February 1972.  On February 6, 1972, Bishop Borland  released Loholt from his position as Assistant Scout Master.

16.    Bishop Borland did not report Mr. Pettit's disclosure to law enforcement authorities or the state Department of Social and Health Services, or to anyone else.

17.    Plaintiff has college and advanced degrees.  He graduated from Seattle University (B.A. Social Studies, minor in Chemistry), and then obtained a Masters in Public Administration from Seattle University (G.P.A. 3.5).  He also attended Harvard University Graduate School of Education (G.P.A. 4.0), and received a Fulbright Fellowship to go to Japan to study the Japanese educational system.  Most recently, plaintiff attended the Principal Certification Program at Seattle Pacific University, Graduate School of Education.

9th Cir. Civ. Jury Instr. 2.4 (mod.); Agreed Facts, Pretrial Order

JOINT JURY INSTRUCTIONS - 18

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

**INSTRUCTION NO. 14**
**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

9th Cir. Civ. Jury Instr. 3.2

JOINT JURY INSTRUCTIONS - 19

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### INSTRUCTION NO. 15
### WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9th Cir. Civ. Jury Instr. 3.3

JOINT JURY INSTRUCTIONS - 20

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

## INSTRUCTION NO. 16
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9th Cir. Civ. Jury Instr. 3.5

JOINT JURY INSTRUCTIONS - 21

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### INSTRUCTION NO. 17
### CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

9th Cir. Civ. Jury Instr. 3.6

JOINT JURY INSTRUCTIONS - 22

### INSTRUCTION NO. 18
### OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons who, because of education or experience, are

permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or

reject it, and give it as much weight as you think it deserves, considering the witness' education

and experience, the reasons given for the opinion, and all the other evidence in the case.

9th Cir. Civ. Jury Instr. 3.7

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

### INSTRUCTION NO. 19
### DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your

presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do

so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have

considered all of the evidence, discussed it fully with the other jurors, and listened to the views

of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.

Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each

of you can do so after having made your own conscientious decision. Do not change an honest

belief about the weight and effect of the evidence simply to reach a verdict.

9th Cir. Civ. Jury Instr. 4.1

JOINT JURY INSTRUCTIONS - 24

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

**INSTRUCTION NO. 20**
**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should

rely on your own memory of what was said. Notes are only to assist your memory. You should

not be overly influenced by the notes.

9th Cir. Civ. Instr. 4.2

JOINT JURY INSTRUCTIONS - 25

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### INSTRUCTION NO. 21
### COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send

a note through the bailiff, signed by your presiding juror or by one or more members of the jury.

No member of the jury should ever attempt to communicate with me except by a signed writing;

and I will communicate with any member of the jury on anything concerning the case only in

writing, or here in open court. If you send out a question, I will consult with the parties before

answering it, which may take some time. You may continue your deliberations while waiting for

the answer to any question. Remember that you are not to tell anyone—including me—how the

jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have

been discharged. Do not disclose any vote count in any note to the court.

9th Cir. Civ. Jury Instr. 4.3

JOINT JURY INSTRUCTIONS - 26

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

### INSTRUCTION NO. 22
### BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a

preponderance of the evidence, it means you must be persuaded by the evidence that the claim or

affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented

it.

9th Cir. Civ. Jury Instr. 5.1

JOINT JURY INSTRUCTIONS - 27

**INSTRUCTION NO. 23**
**BURDEN OF PROOF—AFFIRMATIVE DEFENSE**

The defendant has the burden of proving the affirmative defense that the Plaintiff did not commence this action within the time required by law.

If you find from your consideration of all the evidence that this affirmative defense has been proved, your verdict should be for the defendant.

WPI 21.05 (mod.)

JOINT JURY INSTRUCTIONS - 28

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### INSTRUCTION NO. 24
### NEGLIGENCE – ADULT – DEFINITION

Negligence is the failure to exercise ordinary care.  It is the doing of some act that a

reasonably careful person would not do under the same or similar circumstances or the failure to

do some act that a reasonably careful person would have done under the same or similar

circumstances.

WPI 10.01

JOINT JURY INSTRUCTIONS - 29

**INSTRUCTION NO. 25**
**ORDINARY CARE – ADULT – DEFINITION**

Ordinary care means the care a reasonably careful person would exercise under the same or similar circumstances.

WPI 10.02

JOINT JURY INSTRUCTIONS - 30

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

**INSTRUCTION NO. 26**
**PROXIMATE CAUSE**

The term "proximate cause" means a cause which in a direct sequence unbroken by any new independent cause, produces the injury complained of and without which such injury would not have happened.

WPI 15.01

JOINT JURY INSTRUCTIONS - 31

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## INSTRUCTION NO. 27

### NEGLIGENCE OF DEFENDANT CONCURRING WITH OTHER CAUSES

There may be more than one proximate cause of the same injury. If you find that defendant was negligent and that such negligence was a proximate cause of injury or damage to the plaintiff, it is not a defense that some other cause may also have been a proximate cause. However, if you find that the sole proximate cause of injury or damage to the plaintiff was the act of some other person who is not a party to this lawsuit, then your verdict should be for the defendant.

WPI 15.04

JOINT JURY INSTRUCTIONS - 32

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

**INSTRUCTION NO. 28**
**DEPOSITION AS SUBSTANTIVE EVIDENCE**

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.  A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*witness*], which was taken on [*date*], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

9th Cir. Civ. Jury Instr. 2.6

JOINT JURY INSTRUCTIONS - 33

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

**INSTRUCTION NO. 29**
**APPORTIONMENT OF NEGLIGENCE**

If you find that more than one entity was negligent, you must determine what percentage of the total negligence is attributable to each entity that proximately caused the injury to the plaintiff. The court will provide you with a special verdict form for this purpose. Your answers to the questions in the special verdict form will furnish the basis by which the court will apportion damages, if any.

Entities may include defendant and persons not party to this action.

WPI 41.04

JOINT JURY INSTRUCTIONS - 34

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### INSTRUCTION NO. 30
### AGENT AND PRINCIPAL--DEFINITION

An agent is a person employed under an express or implied agreement to perform services for another, called a principal, and who is subject to the principal's control or right to control the manner and means of performing the services. One may be an agent even though he receives no payment for services.

WPI 50.01

JOINT JURY INSTRUCTIONS - 35

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

### INSTRUCTION NO. 31
### MEASURE OF DAMAGES

It is the duty of the court to instruct you as to the measure of damages. By instructing you on damages the court does not mean to suggest for which party your verdict should be entered.

If your verdict is for the plaintiff, then you must determine the amount of money that will reasonably and fairly compensate the plaintiff for such damages as you find were proximately caused by the negligence of the defendant.

If you find for the plaintiff, your verdict should consider the following:

The nature and extent of the injury;

The loss of enjoyment of life experienced and with reasonable probability to be experienced in the future;

The mental and emotional pain and suffering experienced and with reasonable probability to be experienced in the future.

The burden of proving damages rests upon the plaintiff. It is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Your award must be based upon evidence and not upon speculation, guess, or conjecture.

The law has not furnished us with any fixed standards by which to measure noneconomic damages. With reference to these matters you must be governed by your own judgment, by the evidence in the case, and by these instructions.

WPI 30.01.01 (mod.); 30.04, 30.05, 30.06

JOINT JURY INSTRUCTIONS - 36

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292