THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – AT SEATTLE

| | |
|---|---|
| R.K.,<br>         Plaintiff,<br>vs.<br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH";<br>         Defendant. | NO. 04-2338 RSM<br><br>PLAINTIFF'S TRIAL BRIEF |

## I.  INTRODUCTION/BACKGROUND FACTS

Plaintiff, R.K., was sexually molested by Jack Onefrey(f/k/a Jack Loholt) on multiple occasions. The molestations occurred at or near property owned by Herman Allenbach, D.D.S., a person plaintiff submits was an agent of the Mormon Church.

Prior to plaintiff's abuse, defendant The Corporation of the President of the Church of Latter-Day Saints (aka COP) was notified of Loholt's abuse of children on at least three separate occasions. First, in January 1972, Scott Pettit advised his father, Richard Pettit of Onefrey's abuse of him. Mr. Pettit immediately advised the then-Bishop of the Church, Randall Borland. Mr. Pettit has testified, and it is believed that he will testify at trial, that he advised Bishop Borland of Onefrey's abuse because he expected Bishop Borland to take some

PLTF'S TRIAL BRIEF - 1 of 6
(04-2338RSM)
[170547 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

concrete action with respect to the knowledge. R.K. was abused after the Church was notified by Scott Pettit.

The second and third notifications occurred through Herman Allenbach, D.D.S. First, Dr. Allenbach was notified first by his own son, J.A. Dr. Allenbach took no action. Dr. Allenbach received a second notification after R.K.'s first episode of abuse occurred (but prior to other instances of abuse) when R.K.'s parents advised Dr. Allenbach of the abuse of their son. Again, Dr. Allenbach took no action and R.K. suffered additional instances of abuse.

## II.  LEGAL ARGUMENT

Liability in this case is straightforward. Plaintiff R.K. is a fault-free plaintiff. The Mormon Church had a statutory and common law duty to protect foreseeable victims of Onefrey, including plaintiff R.K. COP's breach of that duty was a proximate cause of plaintiff's injuries and damages.

### A.  DUTY/LIABILITY ANALYSIS.

The Mormon Church's duty to plaintiff arises from multiple sources.

First, there was a special relationship between Onefrey and the Mormon Church sufficient to give rise to a duty of protection to foreseeable victims of Onefrey. *See, e.g., C.J.C. v. Corp. of the Catholic Bishop of Yakima*, 138 Wn.2d 699, 725, 985 P.2d 262 (1999); *Niece v. Elmview Group Home*, 131 Wn.2d 39, 929 P.2d 420 (1997); *Peterson v. State*, 100 Wn.2d 421, 426, 671 P.2d 230 (1983) (a duty to prevent injury to another exists where a special relationship exists between the defendant and **either** the third party or the foreseeable victim of the third party's conduct). Here, the special relationship between the Mormon Church and Jack Onefrey gave rise to the duty to protect foreseeable victims.

Jack Onefrey was a Melchesidek Priest, Assistant Scout Master and youth leader in the Kent 2nd Ward of the Mormon Church. Despite gaining knowledge that he was a pedophile, Church officials took no steps to remove Loholt from those position nor did the

PLTF'S TRIAL BRIEF - 2 of 6
(04-2338RSM)
[170547 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

Mormon Church take any steps to protect potential victims of Loholt. "As in other agency relationships, a church chooses its officials, directs their activities, and may restrict and control their conduct" and a church has the "same duties of reasonable care as would be imposed on any person or entity in selecting and supervising their workers, or protecting vulnerable persons within their custody, so as to prevent reasonably foreseeable harm." *C.J.C. v. Corp. of the Catholic Bishop*, 138 Wn.2d at 722. The Mormon Church's failure to take any action when they learned that Jack Loholt was a pedophile is a proximate cause of the plaintiff's injuries or damages.

The Mormon Church's liability to plaintiff also arises because Mormon Church officials had a statutory duty to report known instances of child abuse and they failed to do so. The 1971 version of the mandatory reporting statute provided, in pertinent part:

> When any. . . clergyman . . . has reasonable cause to believe that a child . . . is found to be suffering from physical neglect or sexual abuse, he shall report such incident, or cause a report to be made, to the proper law enforcement agency. . . .

As is evident from the language of the then-existing statute, members of the clergy were mandatory reporters in 1971. There is no dispute that Bishop Randall Borland was a member of the clergy, and therefore a mandatory reporter, at relevant times. Furthermore, there is no dispute but that Bishop Borland was advised that Jack Onefrey was a child molester.

A third source of liability is the Mormon Church's failure to train its hierarchal clergy and youth leaders on the duty to investigate and/or report known instances of child abuse. Evidence will be presented at trial that the Mormon Church officials took no steps to inform their hierarchal clergy of their duties to report known instances of child abuse and/or to investigate suspicions of child abuse. (Contrary to defendant's assertion, the lack of expert to testify on this subject does not *ipso facto* mean that there will not be any testimony on this

PLTF'S TRIAL BRIEF - 3 of 6
(04-2338RSM)
[170547 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

issue). If the jury believes that the failure to train their hierarchal clergy, youth pastors and youth leaders on the mandatory reporting duties and/or the duty to investigate suspected instances of child abuse, was a proximate cause of the plaintiff's injuries and/or damages, the jury can find for the plaintiff.

Finally, the Mormon Church owed plaintiff, personally, a duty of protection due to the mandatory reporting statute. The Washington State Legislature made clear that the purpose of the mandatory reporting statute is the protection of children – as a whole – and not just limited or "certain" children. *See, e.g., C.J.C. v. Corp. of the Catholic Bishop,* 138 Wn.2d at 727 citing Laws of 1985, ch. 259 (legislative findings appended to RCW 26.44.030) ("the Legislature has made clear that the prevention of child abuse is of "the highest priority, and all instances of child abuse must be reported to the proper authorities who should diligently and expeditiously take appropriate action . . . ." Plaintiff, R.K. was abused because Mormon officials failed to take steps to protect the "children" of this state. Again, if the jury agrees that the Mormon Church's failure to take the requisite action was a proximate cause of plaintiff's injuries, it must also return a verdict in plaintiff's favor.

### B.   DAMAGE ANALYSIS.

The damages in this case arise are exclusively non-economic in nature. R.K. was sexually abused at the hands of Jack Onefrey on multiple occasions. R.K. was a young and impressionable child when the abuse occurred. The nature and extent of the damages Jessica and Ashley endured as a combined result of Jack Onefrey's abuse, and COP's negligence, will be the subject of their testimony and the testimony of both plaintiffs' retained expert, Jon Conte, Ph.D., and defendant's retained expert, Frederick Wise. Dr. Conte will testify that plaintiff is profoundly affected by the abuse. Among other things, Dr. Conte will testify that plaintiff was abused at a developmentally sensitive period in his life, that he has not dealt with the abuse, that he suffers from significant levels of depression and anxiety and that he suffers

PLTF'S TRIAL BRIEF - 4 of 6
(04-2338RSM)
[170547 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

with PTSD, among other things. Dr. Conte will additionally testify that plaintiff will need years of individual psychotherapy to recover from the abuse. Plaintiff will provide more detailed testimony as to his damages at the time of trial.

### III. CONCLUSION

Plaintiff believes that the evidence in his case will strongly support a substantial verdict against the defendant in this case.

RESPECTFULLY SUBMITTED this 27th day of September, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By /s/ Michael T. Pfau
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF

By /s/ Timothy D. Kosnoff
    Timothy D. Kosnoff, WSBA No. 16586
    timkosnoff@comcast.net
    Co-Counsel for Plaintiff

PLTF'S TRIAL BRIEF - 5 of 6
(04-2338RSM)
[170547 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2006, I electronically filed the foregoing Plaintiff's Trial Brief with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Charles C. Gordon
>Jeffrey I. Tilden
>Michael Rosenberger
>GORDON MURRAY TILDEN
>1001 4TH AVE, STE 4000
>SEATTLE, WA 98154
>206-467-6477
>Email: cgordon@gmtlaw.com; jtilden@gmtlaw.com; mrosenberger@gmtlaw.com

/s/ Michelle Menely
Michelle Menely

PLTF'S TRIAL BRIEF - 6 of 6
(04-2338RSM)
[170547 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575