THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – AT SEATTLE

| | | |
|---|---|---|
| R.K. ,<br><br>        Plaintiff,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole;<br><br>        Defendants. | NO. 04-2338 RSM<br><br>JOINT DISPUTED JURY INSTRUCTIONS | |

| No. | TITLE | SOURCE | Page No. | PARTY |
|---|---|---|---|---|
| 1 | Claims and Defenses | 9th Cir. 1.2 | 4 | Plaintiff |
| 2 | Claims and Defenses | 9th Cir. 1.2 | 7 | Defendant |
| 3 | Burden of Proof | WPI 21.02,21.05 | 9 | Plaintiff |
| 4 | Burden of Proof – Plaintiff | WPI 21.02 | 11 | Defendant |
| 5 | Burden of Proof – Non-Parties at Fault | WPI 21.10 | 13 | Defendant |
| 6 | Corporations and Partnerships – Fair Treatment | 9th Cir. 6.1 | 14 | Plaintiff |
| 7 | Religious Organizations Treated Same as Individuals | WPI 1.07 | 15 | Defendant |

JOINT DISPUTED JURY INSTRUCTIONS  - 1 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

| No. | TITLE | SOURCE | Page No. | PARTY |
|-----|-------|--------|----------|-------|
| 8 | Liability of Corporations – Scope of Authority Not In Issue | 9th Cir. 6.2 | 16 | Plaintiff |
| 9 | Scope of Authority Defined | WPI 50.02 | 18 | Plaintiff |
| 10 | Scope of Authority Defined | WPI 50.02 | 19 | Defendant |
| 11 | Act of Agent is Act of Principal – Scope of Authority Not in Issue | 9th Cir. 6.6 | 21 | Plaintiff |
| 12 | Principal Sued But Not Agent – Agency or Authority Defined | WPI 50.07 | 22 | Plaintiff |
| 13 | Principal Sued, But Not Agent – Agency or Authority Denied | WPI 50.07 | 23 | Defendant |
| 14 | Violation of Statute is Evidence if Negligence | RCW 26.44.030 WPI 60.01 | 25 | Plaintiff |
| 15 | Violation of Statute is Evidence of Negligence | WPI 60.03 | 27 | Defendant |
| 16 | Reporting Statute | RCW 26.44.030 | 28 | Defendant |
| 17 | Definition of Practitioner | 1969 Laws of Washington | 31 | Defendant |
| 18 | Definition of Clergyman | 1969 Laws of Washington | 32 | Defendant |
| 19 | Definition of Clergyman | 1969 Laws of Washington | 34 | Plaintiff |
| 20 | Negligence of Parent Not Imputed to Child | WPI 11.04 | 35 | Plaintiff |
| 21 | "Issues" | WPI 20.01, 20.05 | 36 | Plaintiff |
| 22 | Plaintiff's Alternative "Issues" | WPI 20.01, 20.05 | 38 | Plaintiff |
| 23 | Defendant's "Issues" Instruction | WPI 20.01, 20.05 | 39 | Defendant |
| 24 | Intervening Criminal Act | *McLoed v. Grant County*, 42 Wn.2d 316 (1953); *Passovoy v. Nordstrom*, 52 | 42 | Plaintiff |

JOINT DISPUTED JURY INSTRUCTIONS  - 2 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 ·  FACSIMILE (206) 676-7575

| No. | Title | Source | Page No. | Party |
|---|---|---|---|---|
| | | Wn.App. 166 (1988) | | |
| 25 | Statute of Limitation | RCW 4.16.340 | 44 | Defendant |
| 26 | Statute of Limitations – Defenses | *Hollman v. Corcoran, 89 Wn.App. 323 (1997)* | 46 | Plaintiff |
| 27 | Statute of Limitations – Defenses | *Hollman v. Corcoran, 89 Wn.App. 323 (1997)* | 48 | Plaintiff |
| 28 | Statute of Limitations – Defenses | *Cloud v. Summers, 98 Wn. App. 724 (1999)* | 49 | Plaintiff |
| 29 | Statute of Limitations – Defenses | *Cloud v. Summers, 98 Wn. App. 724 (1999) 1 Laws of 1991, Ch. 212* | 50 | Plaintiff |
| 30 | Segregation of Damages | *Tegman v. Accident and Medical Investigations, Inc. 150 Wn.2d 102 (2003); Court Order Dkt No. 153* | 51 | Defendant |
| 31 | Segregation of Damages | *Tegman v. Accident and Medical Investigations, Inc. 150 Wn.2d 102 (2003); Court Order Dkt No. 153* | 52 | Plaintiff |
| 32 | Privileged Communications | | 53 | Defendant |
| 33 | Privileged Communications | WPI 6.08 | 56 | Plaintiff |
| 34 | "Special Relationship" | *C.J.C. v. Corp. of Catholic Bishop, 138 Wn.2d 699 (1999)* | 57 | Plaintiff |
| 35 | "Special Relationship" – Duty to Warn | *C.J.C. v. Corp. of Catholic Bishop, 138 Wn.2d 699* | 59 | Plaintiff |

JOINT DISPUTED JURY INSTRUCTIONS - 3 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

| No. | TITLE | SOURCE | Page No. | PARTY |
|---|---|---|---|---|
| | | (1999); *Niece v. Elmview Group Home,* 131 Wn.2d 39 (1997) | | |
| 36 | "Special Relationship" – Protect Third Persons | *Peterson v. State,* 100 Wn.2d 421 (1989) | 61 | Plaintiff |
| 37 | Mandatory Reporting Statute | RCW 26.44.030 | 63 | Plaintiff |
| 38 | Allegation in Complaint | WPI 6.10.01 | 65 | Defendant |
| -- | Plaintiff's Proposed Special Verdict Form | | 67 | Plaintiff |
| -- | Defendant's Proposed Special Verdict Form | | 74 | Defendant |

GORDON THOMAS HONEYWELL MALANCA
PETERSON & DAHEIM, LLP


By _____
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    Co-Counsel for Plaintiff


LAW OFFICES OF TIMOTHY D. KOSNOFF


By _____
    Timothy D. Kosnoff, WSBA No. 16586
    timkosnoff@comcast.net
    Co-Counsel for Plaintiff


GORDON MURRAY TILDEN LLP


By _____
    Charles C. Gordon, WSBA No. 1773
    cgordon@gmtlaw.com
    Jeffrey I. Tilden, WSBA No. 12219
    jtilden@gmtlaw.com
    Michael Rosenberger, WSBA No. 17730

JOINT DISPUTED JURY INSTRUCTIONS  - 4 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

mrosenberger@gmtlaw.com
Counsel for Defendant

### PROPOSED INSTRUCTION NO. 1
### CLAIMS AND DEFENSES

### PROPOSED BY PLAINTIFF

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff claims that he was sexually molested by Jack Onefrey (f/k/a Jack Loholt). The plaintiff additionally claims that the defendant Corporation of the President of The Church Of Jesus Christ Of Latter-Day Saints (a/k/a the "Mormon Church") had notice that Jack Onefrey was a child molester prior to the time plaintiff was abused, that the Mormon Church had both a common law and a statutory duty to prevent Onefrey's abuse of children and to protect plaintiff from abuse at the hands of Jack Onefrey and that the Mormon Church negligently failed to protect him.

To prevail on these claims, the plaintiff must prove:

    (1)    that he was sexually molested by Jack Onefrey;

    (2)    that the Mormon Church was aware or should have been aware that Jack Loholt was a child molester prior to the time he abused plaintiff; and

    (3)    that the Mormon Church owed plaintiff a duty of protection.

Alternatively, the plaintiff claims that the Mormon Church is liable because its clergy members had a duty to report known instances of child abuse and that the Mormon Church's failure to do so was a cause of plaintiff's later injuries and damages.

To prevail on this alternative claim, the plaintiff must prove:

JOINT DISPUTED JURY INSTRUCTIONS - 5 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

(1)    that Mormon Church had a duty to report Onefrey's abuse of children to proper law enforcement agencies; and

(2)    that the Mormon Church's failure to report Onefrey's abuse and/or failure to protect plaintiff was a proximate cause of his damages.

The Mormon Church admits that plaintiff was sexually molested by Jack Onefrey. However, the Mormon Church denies that it had knowledge that Jack Onefrey was a child molester prior to the time plaintiff was abused. The Mormon Church further denies that it had a duty to protect plaintiff.

The Mormon Church additionally asserts, as an affirmative defense that plaintiffs' injuries or damages were caused by the actions of Jack Onefrey and by the inaction of plaintiff's parents, Jerry and Dorothy Kelly. Plaintiff denies the defendant's claims.

9th Cir. Civ. Jury Instr. 1.2 (mod.)

**Plaintiff's Authority/Objection:** Plaintiff's proposed instruction follows the 9th Cir. Civ. pattern instructions.

Plaintiff's instruction more adequately and specifically sets out the elements of the claims and defenses and will be of greater assistance to the trier of fact. Furthermore, with regard to the question of duty, duty is one of the elements plaintiff must prove in a negligence claim and is an issue in this case. If defendant is willing to stipulate that the Mormon Church owed a duty to plaintiff the jury should be advised of that stipulation. If they are not willing to so stipulate, it is part of plaintiff's claims which are disputed.

JOINT DISPUTED JURY INSTRUCTIONS  - 6 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Defendant instructions lists Dr. Herman Allenbach as an "at-fault" entity.  Plaintiff claims that Dr. Allenbach was an agent of the Mormon Church at all relevant times.  His role is a disputed issue of fact and if he is going to be identified in the instruction as a potentially at-fault entity he will also need to be identified as a potential agent of the Mormon Church.

**Defendant's Objections:**  See comments under defendant's alternative, Proposed Instruction No. 2.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 ·  FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## PROPOSED INSTRUCTION NO. 2

## DEFENDANT'S PROPOSED ALTERNATIVE INSTRUCTION

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Prior to January 1973, plaintiff was sexually abused by a man named Jack Loholt. Plaintiff claims that prior to the time he was abused, defendant learned that Mr. Loholt had abused another boy. Plaintiff claims that Defendant negligently failed to prevent Mr. Loholt's abuse of plaintiff, and that such negligence caused him harm.

The defendant denies those claims and also contends, first, that Plaintiff did not commence this action within the period of time required by law. Second, Defendant claims that if you find for plaintiff, you should find that plaintiff's parents, Jerry Kelly and Dorothy Kelly, and a neighbor, Dr. Herman Allenbach, were also negligent and that such negligence caused plaintiff harm. Plaintiff's parents and Dr. Allenbach knew that Mr. Loholt sexually abused the plaintiff and did not prevent further abuse.

9th Cir. Civ. Jury Instr. 1.2 (mod.)

**Defendant's objections and authority:**

1.    The instructions should not refer to defendant's alleged duties:    Plaintiff's proposed instructions that characterize his claims in terms of defendants' alleged duties— defendant had "a common law and a statutory duty to prevent Onefrey's abuse of children"— are improper. The Court should not instruct the jury regarding such alleged duties. Whatever the source of a legal duty, whether it be a special relationship or a duty implied by statute, the

JOINT DISPUTED JURY INSTRUCTIONS - 8 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

duty is the same: "to exercise such care as a reasonable person would exercise under the same or similar circumstances." *Mathis v. Ammons*, 84 Wn. App. 411, 416 (1996). "Breach is the failure to exercise ordinary care . . . [and] is also called 'negligence.'" *Id.* The jury need only be instructed on "negligence" and "ordinary care," which are included in agreed instructions WPI 10.01 and 10.02.

2.    <u>Duty is not a fact question for the jury</u>:  Contrary to plaintiff's instruction, the jury will not be asked to determine whether defendant owed plaintiff "a duty of protection," or any other duty. "The 'existence of duty is a question of law,' not a question of fact." *Osborn v. Mason County*, 157 Wn.2d 18, 23 (2006), quoting, *Kae Kim v. Budget Rent A Car Sys. Inc.*, 143 Wn.2d 190, 195, 15 P.3d 1283 (2001). *See also*, Plaintiff's proposed instruction on burden of proof, Instruction No. 3 (elements to be proven do not include duty).

3.    <u>Affirmative defenses</u>:  Defendant has plead as affirmative defenses the statute of limitations and the negligence of Dr. Allenbach. Regardless of whether plaintiff contests those defenses, they need to be identified. Plaintiff also contests that Plaintiff's parents were at-fault entities, but that does not mean that the jury is not apprised that Defendant alleges their negligence as an affirmative defense, and indeed, Plaintiff includes them in his proposed instruction. Dr. Allenbach and the statute of limitations are no different.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## PROPOSED INSTRUCTION NO. 3
## BURDEN OF PROOF
## PROPOSED BY PLAINTIFF

The plaintiff has the burden of proving each of the following propositions:

First, the defendant acted, or failed to act, in one of the ways claimed by the plaintiff and that in so acting, or failing to act, the defendant was negligent;

Second, that the plaintiff was injured;

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for the plaintiff. On the other hand, if any of these propositions has not been proved, your verdict should be for the defendant.

The defendants have the burden of proving the following affirmative defenses:

That the plaintiff's injuries were caused by the fault of Jerry Kelly or Dorothy Kelly;

The plaintiff's damages were caused by the intentional conduct of Jack Onefrey.

WPI 21.02, 21.05 (modified)

**Plaintiff's Objection/Authority:**

The WPIs contemplate coalescing the plaintiff's burden of proof and defendant's burden of proof instructions. That being said, plaintiff's do not object to separate instructions however, plaintiff believes that plaintiff's instruction regarding defendant's burden of proof is preferable because it clearly sets forth what each party has the burden of proving. Moreover, defendant's instruction does not raise the issue of burden of proof as it relates to segregation of damages under *Tegman*.

JOINT DISPUTED JURY INSTRUCTIONS - 10 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

COP's argument on segregation of damages brings to the surface the inherent inconsistencies central to the *Tegman* decision at least as applied to the facts of this case because it is logically impossible to segregate the damages caused by the intentional tortfeasor from damages caused by the negligent tortfeasor that allowed the intentional tortfeasor to abuse the victim.

This logically inconsistent result is the central problem where a jury has to segregate damages caused by an intentional tortfeasor from damages caused by the negligence of the third party which enabled the intentional tort to be committed. This problem is complicated by the fact that the plaintiff's injuries are indivisible and therefore the burden should shift to the defendant. However, defendant's instructions are silent on the issue of who bears the burden of proof when the harm is indivisible.

**Defendant's Objections:** See comments under defendant's alternative, Proposed Instruction No. 4.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 4**

**DEFENDANT'S PROPOSED ALTERNATIVE INSTRUCTION**

**BURDEN OF PROOF—PLAINTIFF**

The plaintiff has the burden of proving each of the following propositions:

First, that the defendant acted, or failed to act, in one of the ways claimed by the plaintiff and that in so acting, or failing to act, the defendant was negligent;

Second, that the plaintiff was injured;

Third, that the negligence of the defendant was a proximate cause of the injury to the plaintiff.

If you find from your consideration of all the evidence that each of these propositions has been proved, your verdict should be for the plaintiff. On the other hand, if any of these propositions has not been proved, your verdict should be for the defendant.


WPI 21.02


**Defendant's objection and authority in support:**

1.       COP's alternative instruction:   COP's proposed instruction is the exact language of WPI 21.02. Nothing more need be given.

2.       Fault of non-parties:   Plaintiff's proposed instruction unnecessarily cobbles together instructions, and uses the term "fault," which is not defined. The Washington Pattern Instructions provide a specific instruction on Defendant's burden of proof regarding the *negligence* of non-parties, WPI 21.10, which Defendant proposes be given instead, as well as

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

an instruction on the burden of proof on other affirmative defenses, which the parties have agreed to and which is Joint Instruction 23.

3.    <u>Burden of proof regarding Loholt's intentional conduct</u>. Plaintiff proposes that Defendant have the burden of proving that Mr. Loholt's intentional conduct caused plaintiff damages. This apparently relates to the *Tegman* issue, segregation of damages, and is objectionable because it is unnecessary and inconsistent with *Tegman* and this Court's ruling on the *Tegman* issue.

The jury will not need to segregate damages unless it first finds that COP was negligent and that such negligence proximately caused plaintiff's injury. The instruction is unnecessary because if the jury finds COP liable, the jury would necessarily have found that Mr. Loholt's intentional conduct caused harm. Given that COP's liability can only be based on failure to prevent Mr. Loholt's conduct, the jury could not find that COP proximately caused plaintiff's injury without necessarily determining that Mr. Loholt's action caused plaintiff harm. If Mr. Loholt did not cause plaintiff harm, then COP could not have done so either. Hence, it is unnecessary, and potentially confusing to the jury.

Plaintiff's proposed instruction is also inconsistent with *Tegman* and the Court's ruling on it. *Tegman* does not place any burden of proof on the defendant. Moreover, in opposing COP's *Tegman* motion, Plaintiff argued that Defendant must prove that damages are divisible, and this Court specifically rejected that argument. Dkt. No. 153 at 4. Plaintiff seeks this instruction to repackage this argument to the jury, and the Court should not permit it to do so.

JOINT DISPUTED JURY INSTRUCTIONS - 13 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1

2

3

4

## PROPOSED INSTRUCTION NO. 5
## PROPOSED BY DEFENDANT

### BURDEN OF PROOF---NON-PARTIES AT FAULT

5

6

Before a percentage of negligence may be attributed to any person that is not a party to this action, the defendant has the burden of proving each of the following propositions:

7

First, that the person was negligent; and

8

9

Second, that the person's negligence was a proximate cause of the injury to the plaintiff.

10

11

WPI 21.10.

12

13

14

15

16

**Defendant's argument:** This is the exact language of the WPI and is appropriate given COP's claims that non-parties were negligent. COP would have no objection to ultimately combining it with the instruction on plaintiff's burden of proof, as long as the language of this instruction was used.

17

18

19

20

**Plaintiff's Objection/Authority:**    Please see Plaintiff's Authority/Objection following Plaintiff's Proposed Instruction No. 1 above.

21

22

23

24

25

26

JOINT DISPUTED JURY INSTRUCTIONS  - 14 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## PROPOSED INSTRUCTION NO. 6

## PROPOSED BY PLAINTIFF

## CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

All parties are equal before the law and a corporation or church is entitled to the same fair and conscientious consideration by you as any party.

9th Cir. Civ. Jury Instr. 6.1 (mod.)

**Plaintiff's Authority/Objection:**    Plaintiff's propose a slightly modified version of the Federal pattern instructions and believe it should be used as the parties are in Federal Court.

Plaintiff objects to the language in the second paragraph of defendant's proposed alternate instruction but could agree to slightly modified language as follows:  "Defendant in this case is the corporation established by the Church of Jesus Christ of Latter-Day Saints to carry out the affairs of the Church.  Legally, it stands in the shoes of the Church.  For purposes of this case the acts of the Mormon Church are the acts of COP."

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 7**

**DEFENDANT'S PROPOSED ALTERNATIVE INSTRUCTION**

**RELIGIOUS ORGANIZATIONS TREATED THE SAME AS INDIVIDUALS**

The law treats all parties equally whether they are religious organizations or individuals. This means that religious organizations and individuals are to be treated in the same fair and unprejudiced manner.

Defendant in this case is the corporation established by the Church of Jesus Christ of Latter-Day Saints to carry out the secular affairs of the Church. Legally, it stands in the shoes of the Church.

WPI 1.07 (mod.)

**Defendant's authority**: The first paragraph of the proposed alternative is from WPI 1.07. It achieves the same purpose as plaintiff's proposed instruction, but is superior in that the language specifically states that individuals and religious organizations are treated equally. Given that plaintiff is an individual, this is more appropriate here.

The second paragraph explains why COP is the defendant. Plaintiff previously argued in briefing that the jury "will not understand why COP is the responsible party." Dkt. No. 163 at 17: 20. It is appropriate to clarify this.

Plaintiff's proposed language in the second paragraph has several problems. First, COP was not established to carry out the "affairs" of the church, but only its secular affairs. Second, the name of the church is not "the Mormon church." Third, the third sentence is of unclear meaning, but appears to add nothing to the second sentence. The only point of the second paragraph is to identify the defendant.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 8**

**PROPOSED BY PLAINTIFF**

**6.2 LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE**

Under the law, a corporation and/or Church is considered to be a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation and/or church is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

9th Cir. Civ. Jury Instr. 6.2 (mod.)

**Plaintiff's Authority/Objection:** Plaintiff requests the Court give this federal civil pattern instruction. It succinctly states the law of agency. According to COP, an agency relationship is not disputed as to Bishop Borland and his actions. However, COP is silent with regard to Dr. Allenbach. This instruction should be given because whether or not the scope of authority is, or is not "in issue." This instruction sets forth the law regarding scope of authority.

**Defendant's objections:**

By the very title of the instruction, it is given where scope of authority is "not in issue." This is not the case here. To give this instruction where scope of authority is disputed is not contemplated by the instruction, and the tenor of the instruction suggests defendant's responsibility for Dr. Allenbach's actions, where that issue is disputed.

Agency issues, and other matters explicitly governed by state law, are better addressed through Washington Pattern Instructions. As stated in the introductory comment to the Ninth Circuit Model Instructions on Vicarious Liability, "This chapter contains generic instructions.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Modifications may be necessary in order to conform to state law applicable to any specific case."

      **Proposed alternative language:** None. The issues addressed herein are addressed in defendant's other proposed instructions on agency

JOINT DISPUTED JURY INSTRUCTIONS  - 18 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 ·  FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 9**

**PROPOSED BY PLAINTIFF**

**AGENT—SCOPE OF AUTHORITY DEFINED**

One of the issues for you to decide is whether Herman Allenbach or Bishop Randall Borland were acting within the scope of authority of the Mormon Church.

An agent is acting within the scope of authority if the agent is performing duties that were expressly or impliedly assigned to the agent by the principal or that were expressly or impliedly required by the relationship between Herman Allenbach or Bishop Randall Borland and the Mormon Church. An agent is acting within the scope of authority if the agent is engaged in furtherance of the principal's interests.

WPI 50.02 (mod.)

**Plaintiff's Authority/Objection:** The facts of this case dictate that plaintiff's proposed instruction be given and the language of WPI 50.02 be modified. Neither Dr. Allenbach nor Bishop Borland were employed by COP. However, COP readily admits that Borland was its agent and plaintiff alleges that Allenbach was its agent. Agency does not require an employer/employee relationship. Defendant's proposed instruction places undue emphasis on facts that are not in issue, namely, whether there was a "contract of employment" and, thus, it would be confusing and misleading to the jury.

COP wants reference to Bishop Borland deleted because it "admits" that Bishop Borland was COP's agent. Given this admission, Bishop Borland needs to be expressly identified in the instruction.

**Defendant's Objections:** See comments under defendant's alternative, Proposed Instruction No. 10.

JOINT DISPUTED JURY INSTRUCTIONS  - 19 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 10**

**DEFENDANT'S PROPOSED ALTERNATIVE INSTRUCTION**

**SCOPE OF AUTHORITY DEFINED**

One of the issues for you to decide is whether either Dr. Allenbach was acting within the scope of authority.

An agent is acting within the scope of authority if the agent is performing duties that were expressly or impliedly assigned to the agent by the principal or that were expressly or impliedly required by the contract of employment. Likewise, an agent is acting within the scope of authority if the agent is engaged in the furtherance of the principal's interests.


WPI 50.02

**Defendant's objections and authority:**

Defendant proposes using the exact language of WPI 50.02. Plaintiff deviates from it without justification.

Plaintiff incorrectly proposes that an agent is working within the scope of authority if performing duties "expressly or impliedly required by *the relationship*" between the Church and Dr. Allenbach. The phrase "the relationship" is vague and undefined, and does not appear in the WPI. The only "relationships" relevant for purposes of this definition are the alleged agency relationship, which is contested, or an employment relationship, which does not exist here. Plaintiff's proposed instruction would allow the jury to find actions within the scope of authority based on a "relationship" other than an agency or employment relationship. This is not the law.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Also, COP admits that Bishop Borland was COP's agent and acting within the scope of authority.    The jury will not be "asked to decide" whether he was acting within the scope of authority.  Plaintiff's instruction is not correct.

As with the other COP's other proposed instructions regarding agency, Defendant proposes this instruction solely in the recognition that the Court could deny the motion for directed verdict and submit this issue to the jury.  COP contends, however, this issue should not go to the jury and that no agency instructions should be given.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 11**

**PROPOSED BY PLAINTIFF**

**ACT OF AGENT IS ACT OF PRINCIPAL—**

**SCOPE OF AUTHORITY NOT IN ISSUE**


Any act or omission of an agent within the scope of authority is the act or omission of the principal.

9th Cir. Civ. Jury Instr. 6.6


**Plaintiff Authority/Objection:**  This is a standard federal civil pattern instruction defining scope of authority.  It should be given in this case.  Agency and scope of authority are central to this case, whether or not scope of authority is "in issue".  In the present case "scope of authority" is not disputed as to Bishop Borland and is disputed as to Dr. Allenbach.  This instruction is an accurate statement of law.


**DEFENDANT'S ALTERNATIVE**: None.

**Defendant's objection**:  This instruction is given when scope of authority is <u>not</u> in issue.  It is here.  The significance of being an agent, which is the subject of this instruction, is addressed in the following instruction.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## PROPOSED INSTRUCTION NO. 12

## PROPOSED BY PLAINTIFF

## PRINCIPAL SUED BUT NOT AGENT—AGENCY OR AUTHORITY DENIED

The defendant the Mormon Church is sued as the principal and the plaintiff claims that Herman Allenbach or Bishop Randall Borland were each acting as an agent. The defendant Mormon Church denies that Herman Allenbach or Bishop Randall Borland were each acting as an agent.

If you find that Herman Allenbach or Bishop Randall Borland was the agent of the Mormon Church and was acting within the scope of authority, then any act or omission of Herman Allenbach or Bishop Randall Borland was the act or omission of the Mormon Church.

If you do not find that Herman Allenbach or Bishop Randall Borland was acting as the agent of the defendant or within the scope of authority, the defendant is not liable for Herman Allenbach's or Bishop Randall Borland's actions or inactions.

WPI 50.07 (mod).

**Plaintiff's Authority/Objection:** Plaintiffs do not object to using the term "defendant" rather than the "Mormon Church." However, plaintiffs theory is that both Herman Allenbach and Bishop Randall Borland were agents of defendant and notwithstanding defendant's admission that Bishop Borland was their agent, the jury should be instructed that plaintiff bears the burden of proof on whether both individuals were agents.

**Defendant's Objections:** See comments under defendant's alternative, Proposed Instruction No. 13.

JOINT DISPUTED JURY INSTRUCTIONS - 23 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## PROPOSED INSTRUCTION NO. 13

### DEFENDANT'S PROPOSED ALTERNATIVE INSTRUCTION

### PRINCIPAL SUED, BUT NOT AGENT— AGENCY OR AUTHORITY DENIED

The defendant is sued as the principal and the plaintiff claims that Dr. Allenbach was acting as agent. The defendant denies that Dr. Allenbach was acting as an agent and, if he was an agent, defendant denies he was acting within the scope of authority.

If you find that Dr. Allenbach was the agent of the defendant and was acting within the scope of authority, then any act or omission of Dr. Allenbach was the act or omission of the defendant.

If you do not find that Dr. Allenbach was acting as the agent of the defendant and acting within the scope of authority, then defendant is not liable for Dr. Allenbach's acts or omissions.

WPI 50.07.

**Defendant's objections**:

Defendant's proposed instruction deviates from the language of WPI 50.07 without justification. Plaintiff's first paragraph fails to state that Defendant is challenging not just the existence of agency, but also scope of authority.

Plaintiff also inserts the phrase "the Mormon church" in several places. This is unnecessary—the WPI uses only the descriptor "the defendant." Moreover, it is inaccurate. The Church itself is an unincorporated association and is not a party.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiff insistence on putting Bishop Borland in the instruction, notwithstanding the fact COP admits agency and authority, stems from plaintiff's argumentative attempt to "equate" Dr. Allenbach with Bishop Borland.  This is improper.

As with the other COP's other proposed instructions regarding agency, Defendant proposes this instruction solely in the recognition that the Court could deny the motion for directed verdict and submit this issue to the jury.  COP contends, however, this issue should not go to the jury and that no agency instructions should be given.

JOINT DISPUTED JURY INSTRUCTIONS  - 25 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 14**

**PROPOSED BY PLAINTIFF**

The violation, if any, of a statute, ordinance, administrative rule or approved regulation is not necessarily negligence, but may be considered by you as evidence in determining negligence.

At time relevant to this case, a Washington statute provided that if member of the clergy had reasonable cause to believe that a child is found to be suffering from sexual abuse, the clergy member shall report such incident, or cause a report to be made to the proper law enforcement agency or to the Department of Social and Health Services.

RCW 26.44.030 (1971 version); WPI 60.01.

**Plaintiff's Authority/Objection:**    Plaintiff has no objection to breaking this into two instructions.    Plaintiff also has no objection to the full text of the statute being given. However, plaintiff objects to the superfluous language added to the text of the statute in defendant's proposed instruction as set forth more fully in plaintiff's objections following defendant's alternative instruction.

**Defendant's objections:**

The instruction should be broken up into two instructions.  The first paragraph is not objectionable.

The second paragraph is objectionable because it is woefully incomplete.  The text of the statute itself should be given, rather than a selective and misleading summary.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

First, plaintiff's proposed instruction fails to advise the jury that "practitioners," which were defined to include doctors such as Dr. Allenbach, also had a reporting obligation. COP contends it is not vicariously liable for Dr. Allenbach's omissions, and his reporting obligation is relevant to the jury's determination of whether he was negligent and, if so, what percentage of fault should be assigned to him.

Second, any instruction regarding the reporting statute must identify the information the statute required to be included in the report (e.g., the name of the victim). This is relevant to the reasonableness of Bishop Borland's conduct. Given the Court already ruled (Dkt. No. 174 at 7: 17-23) that Bishop Borland could not have reported the name of the victim, the jury could conclude that a reasonable person in Bishop Borland's position would not have made a report when he could not report the victim's name, the name of the person who told Bishop Borland of the abuse, and other privileged information.

JOINT DISPUTED JURY INSTRUCTIONS - 27 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**PROPOSED INSTRUCTION NO. 15**

**VIOLATION OF STATUTE—EVIDENCE OF NEGLIGENCE**

**PROPOSED BY DEFENDANT**

The violation, if any, of a statute is not necessarily negligence, but may be considered by you as evidence in determining negligence.

**Defendant's argument:**

COP provides this instruction in light of the Court's order denying COP's motion in limine to exclude reference to the reporting statute. This is the Pattern Instruction, if any such instruction is given. Consistent with its prior motion in limine, however, COP continues to assert that this instruction and any instruction relating to the reporting statute should not be given because the reporting statute is irrelevant.

**Plaintiff's Authority/Objection:**    None.    However, please note plaintiff's objection to defendant's proposed instruction regarding the reporting statute.

JOINT DISPUTED JURY INSTRUCTIONS  - 28 of 80
(WAPI 60.03)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 ·  FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## PROPOSED INSTRUCTION NO. 16

## REPORTING STATUTE

## PROPOSED BY DEFENDANT

A Washington statute enacted in 1971 provided:

> When any practitioner, professional school personnel, registered nurse, social worker, psychologist, pharmacist, clergyman or employee of the department of social and health services has reasonable cause to believe that a child has died or has had physical injury or injuries inflicted upon him, other than by accidental means, or is found to be suffering from physical neglect, or sexual abuse, he shall report such incident or cause a report to be made to the proper law enforcement agency or to the department of social and health services as provided in RCW 26.44.040.

The Legislature deleted "clergyman" from the statute in 1975.

The statute required an immediate oral report, followed by a written report, containing the following information:

(1) The name, address, and age of the child;

(2) The name and address of the child's parents;

(3) The nature and extent of the child's injury or injuries

(4) The nature and extent of the sexual abuse;

(5) Any other information which may be helpful in establishing the cause of the

child's injury and the identity of the perpetrator.

Former RCW 26.44.030; 1971 Washington Laws; 1st Extra. Sess., Ch. 137 § 3; 1975 Washington Laws, 1st Extra. Sess., Ch. 217, § 3.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

**Defendant's argument:** If the jury is being instructed that they can consider violation of the statute as evidence of negligence, they should be given the language of the statute to determine for themselves whether a violation occurred.

The proposed instruction includes the facts required by the statute to be included in a report. In determining whether a reasonable person in Bishop Borland's position would have made any report, the jury must be able to consider: (1) that the communication was privileged and this Court has so held; and (2) that the statute required disclosure of information that could not be disclosed. The jury could find that a reasonable person may not have made any report under these circumstances even if, under this Court's order, the privilege did not *preclude* Bishop Borland from reporting Mr. Loholt.

Finally, the instruction advises the jury of the statute's repeal in 1975. This is not inconsistent with the Court's denial of the motion in limine, which held only that "it is up to the jury to determine whether that failure [to report] supports a finding of negligence." Dkt. No. 175 at 3. The Court did not address whether the repeal was also relevant. The repeal of the statute in 1975 is relevant to the jury's determination of the reasonableness of Bishop Borland's conduct. These are instructions of law, and it is a fact that the law since 1975 has not required persons in Bishop Borland's position to report. To fail to advise the jury of this is to view Bishop Borland's conduct in a vacuum, a vacuum that is unfair to Defendant. If Plaintiff has the right to argue that violation of a short-lived statute is evidence of negligence, Defendant must be allowed to point out that it was, in fact, short-lived, and that our state has not seen fit to require such reports for the last three decades.

COP provides this instruction in light of the Court's order denying COP's motion in limine to exclude reference to the reporting statute. Consistent with its prior motion in limine,

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

however, COP continues to assert that this instruction and any instruction relating to the reporting statute should not be given because the reporting statute is irrelevant.

**Plaintiff's Authority/Objection:** Plaintiff does not object to instructing the jury on the exact language of the statute. However, plaintiff objects to the reference to the term "clergyman" being deleted from the statute in 1975. The reference is irrelevant because the Court ruled in motions in limine that the statute in place at time of the abuse governs this case. This Court has already determined that the existence of the mandatory reporting statute is relevant to the issue of COP's negligence. Whether it was later repealed is not relevant and is an attempt to circumvent this Court's prior ruling (Dkt. No. 175).

In addition, defendant inserts its own commentary in the instruction. This is confusing and redundant. Plaintiff proposes that the language of the statute be provided to the jury, but the defendant's instruction with commentary be rejected as written.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1

2

3

4

**PROPOSED INSTRUCTION NO. 17**

**DEFINITION OF PRACTITIONER**

**PROPOSED BY DEFENDANT**

5

6

7

As used in the reporting statute, the term practitioner means any person licensed by this state to practice chiropody, chiropractic, dentistry, osteopathy and surgery, or medicine and surgery.  Dr. Allenbach was a "practitioner."

8

9

1969 Washington Laws, 1st Ex. Sess., Ch. 35 § 2 (3).

10

11

12

**Defendant's authority:**

13

14

This instruction must be given because it is relevant to the negligence of a non-party, Dr. Allenbach.

15

16

17

18

19

Defendant was not obligated to plead facts or theories in its affirmative defenses.  Defendant was required to plead Dr. Allenbach's negligence, and it did so.  One of the ways in which he was negligent was his failure to report.  The notion that his failure to report is somehow new to the case is without merit.  The parties agree he did not make any report as required by the reporting statute.  Agreed Facts, ¶ 7.

20

21

22

23

24

**Plaintiff's Authority/Objection:**  Whether or not Herman Allenbach was a mandatory reporter based on the fact that he was a medical practitioner is not an issue in this case.  This was not pled as an affirmative defense by defendant and should not be raised now.

25

26

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 18**

**DEFINITION OF CLERGYMAN**

**PROPOSED BY DEFENDANT**

As used in the reporting statute, the term clergyman means any regularly licensed or ordained minister or any priest of any church or religious denomination, whether acting in an individual capacity or as an employee or agent of any public or private organization or institution. To be a clergyman, one must be functioning in that capacity. Bishop Borland was a "clergyman."

1969 Washington Laws, 1st Ex. Sess., Ch. 35 § 2 (11);
*State v. Motherwell*, 114 Wn.2d 353, 359 (Wash. 1990)

**Defendant's authority**: The definition of "clergyman" is necessary to allow the jury to determine whether plaintiff's oft-repeated claim that Dr. Allenbach's title of "high priest," a title held by all observant male members of the church once they reach the approximate age of 45, made him a member of the clergy. Along the same lines, this definition is needed to distinguish Dr. Allenbach's unquestionable reporting obligation as a doctor—which is not imputable to COP—from any reporting obligation as a clergyman. If he had a reporting obligation as a clergyman, which COP denies, it would be imputable to COP, just as Bishop Borland's conduct is imputable to COP.

In *State v. Motherwell*, 114 Wn.2d 353, 359 (1990), a case involving a failure to report after the statute was amended to delete the reporting obligation of clergy, the court addressed the claims of defendants who claimed to be clergy and sought the protection of the statutory

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

2

exemption of clergy.  The Supreme Court stated it was not enough to have a clergy-like title.

"One must also be functioning *in that capacity* for the exemption to apply."  *Id.*

3

4

Finally, Defendant's proposed instruction informs the jury that Bishop Borland is a

clergyman, which is appropriate given it is undisputed.

5

6

**Plaintiff's Authority/Objection:**   Plaintiff offers the alternative instruction (which

7

8

follow) which includes the exact language of the statute in the following proposed instruction,

and nothing more.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT DISPUTED JURY INSTRUCTIONS  - 34 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## PROPOSED INSTRUCTION NO. 19

## PROPOSED BY PLAINTIFF

## DEFINITION OF CLERGYMAN

As used in the reporting statute, clergyman shall mean any regularly licensed or ordained minister or any priest of any church or religious denomination, whether acting in an individual capacity or as an employee or agent of any public or private organization or institution.

1965 Washington Laws, 1st Ex. Sess., § 2 (11).
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 ·  FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 20**

**PROPOSED BY PLAINTIFF**

Negligence, if any, of a parent is not imputed or charged to his or her child.

WPI 11.04.

**Plaintiff's Authority/Objection:** This is an accurate statement of the law and is necessary to inform the jury that negligence of the parent is not imputable to the child. It is necessary to correct what could be a common misperception within the public regarding the imputability of the parent's negligence to the child where the parents negligence is at issue.

**Defendant's objections:** This instruction should not be given. COP does not allege plaintiff is at fault, and the jury verdict form will not contain a question to the jury of the plaintiff's contributory fault. Thus, there is no risk of the negligence of the Kelly parents being "imputed" to plaintiff, in the literal sense of plaintiff being assigned a percentage of fault.

Second, giving this instruction is inconsistent with the jurors' task of ascertaining the parents' negligence, if any, and the percentage of fault to be assigned to them. At minimum, it would be confusing to the jurors to simultaneously tell them: (a) to determine the parents' negligence; and (b) such negligence cannot be imputed to the plaintiff.

The comment to the instruction recognizes this problem:

> RCW 4.22.020 may have been abrogated by the 1986 Tort Reform Act. The continued use of this instruction depends on how RCW 4.22.070(1) is construed. Under RCW 4.22.070(1), fault is to be attributed to all of the entities that caused the plaintiff's damages (with an exception that does not apply here).

Under RCW 4.22.070, COP is not liable for the negligence of the non-parties at fault, including the parents. This instruction thus is in conflict with the statute.

JOINT DISPUTED JURY INSTRUCTIONS - 36 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## PROPOSED INSTRUCTION NO. 21

## PROPOSED BY PLAINTIFF

The plaintiff claims that the defendant was negligent in one or more of the following respects:

1.    That the Mormon Church had a duty to prevent Jack Onefrey from molesting children, that the Mormon Church failed to meet that duty and that he was harmed thereby;

2.    That the Mormon Church had a duty to train its hierarchal clergy, youth pastors and scout leaders in the proper procedures regarding the protection of children from sexual abuse and to monitor and ensure compliance with policies regarding the proper handling of reports of childhood sexual abuse and that its failure to do was a proximate cause of harm to the plaintiff;

3.    That the Mormon Church had duty to properly investigate and/or report an allegation that Jack Onefrey had sexually abused a child and that its failure to do so was a proximate cause of harm to the plaintiff.

The Mormon Church admits that the plaintiff was sexually molested by Jack Onefrey but denies that its conduct was a proximate cause of the plaintiff's damage.

The Mormon Church claims, and the plaintiff denies, that plaintiff's damages were proximately caused by the actions or inactions of others over whom it had no control.

The Mormon Church further denies the nature and extent of plaintiff's injuries and damages.

The foregoing is merely a summary of the claims of the parties.  You are not to consider the summary as proof of the matters claimed unless admitted by the opposing party;

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

and you are to consider only those matters that are admitted or are established by the evidence. These claims have been outlined solely to aid you in understanding the issues.

WPI 20.01 (modified); 20.05

**Plaintiff's Authority/Objection:**    Including language pertaining to duty is necessary to accurately apprise the jury of the relevant law. Plaintiff's instruction is an accurate recitation of the law. Defendant seeks to over-simplify important and complicated legal issues. It would be impossible for a jury to determine whether COP was negligent in this matter, or breached its duty of care without understanding how the law articulates that duty. Consequently, plaintiff proposes the following alternative instruction.

**Defendant's Objections:**  See comments under defendant's alternative, Proposed Instruction No. 23.

JOINT DISPUTED JURY INSTRUCTIONS  - 38 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 ·  FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 22**
**PLAINTIFF'S ALTERNATIVE "ISSUES"**

The plaintiff claims that the defendant was negligent in failing to investigate, warn, train and/or report an allegation that Jack Onefrey (a/k/a, Loholt) had sexually abused a child and that its failure to do so was a proximate cause of harm to the plaintiff. The defendant denies these claims, and denies the nature and extent of the claimed injury and damage.

The defendant claims that plaintiff's parents, Jerry Kelly and Dorothy Kelly, and Dr. Herman Allenbach were negligent and that such negligence was a proximate cause of harm to the plaintiff. The plaintiff denies that Jerry and Dorothy Kelly were negligent but agrees that Herman Allenbach's actions were negligent and asserts that Herman Allenbach was an agent of the Mormon Church and that his negligence was a proximate cause of harm to the plaintiff.

In addition, the defendant claims as an affirmative defense that Plaintiff did not commence this suit within the period of time required by law. The plaintiff denies this claim.

The foregoing is merely a summary of the claims of the parties. You are not to consider the summary as proof of the matters claimed; and you are to consider only those matters that are admitted or are established by the evidence. These claims have been outlined solely to aid you in understanding the issues.

WPI 20.01 (mod.); WPI 20.05

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## PROPOSED INSTRUCTION NO. 23

## DEFENDANT'S PROPOSED ALTERNATIVE "ISSUES" INSTRUCTION

The plaintiff claims that the defendant was negligent in failing to investigate and/or report an allegation that Jack Onefrey (a/k/a, Loholt) had sexually abused a child and that its failure to do so was a proximate cause of harm to the plaintiff. The defendant denies these claims, and denies the nature and extent of the claimed injury and damage.

In addition, the defendant claims as an affirmative defense that Plaintiff did not commence this suit within the period of time required by law.

The defendant also claims that plaintiff's parents, Jerry Kelly and Dorothy Kelly, and Dr. Herman Allenbach were negligent and that such negligence was the proximate cause of harm to the plaintiff. The plaintiff denies that Jerry and Dorothy Kelly were negligent but agrees that Dr. Herman Allenbach was negligent and asserts that he was an agent of the defendant and that his negligence was a proximate cause of harm to the plaintiff. Defendant denies Dr. Allenbach was its agent.

The foregoing is merely a summary of the claims of the parties. You are not to consider the summary as proof of the matters claimed; and you are to consider only those matters that are admitted or are established by the evidence. These claims have been outlined solely to aid you in understanding the issues.

WPI 20.01 (mod.); WPI 20.05

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

**Defendant's Objections and Authority:**

1. <u>The instructions should not refer to defendant's alleged duties:</u>  Plaintiff's proposed No. 21 improperly characterizes his claims in terms of defendant's alleged duties—e.g., defendant had "a duty a duty to prevent Jack Onefrey from molesting children." The Court should not instruct the jury regarding such alleged duties. Whatever the source of a legal duty, whether it be a special relationship or a duty implied by statute, the duty is the same: "to exercise such care as a reasonable person would exercise under the same or similar circumstances." *Mathis v. Ammons*, 84 Wn. App. 411, 416 (1996). "Breach is the failure to exercise ordinary care . . . [and] is also called 'negligence.'" *Id.* The jury need only be instructed on "negligence" and "ordinary care," which are covered in agreed instructions WPI 10.01 and 10.02.

2. <u>Plaintiff's characterization of his claims is incorrect.</u>  Plaintiff alleges that defendant breached "a duty to train its hierarchal clergy, youth pastors and scout leaders in the proper procedures regarding the protection of children from sexual abuse." This claim is not part of this case. There will be no expert testimony, or <u>any</u> evidence, concerning the "proper procedures" circa 1972 that a religious organization should have adopted. This problem persists even in Plaintiff's Alternative Instruction, No. 22.  As Plaintiff's assertion in proposed instruction No. 21 that defendant had "a duty to prevent Jack Onefrey from molesting children," this is tantamount to advising the jury that plaintiff has a strict liability claim. Again, while duty is not properly part of the instructions, defendant did not have an absolute duty "to prevent Jack Onefrey from molesting children."

JOINT DISPUTED JURY INSTRUCTIONS - 41 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1

   3. <u>Reiteration of COP's position regarding duty</u>:  COP submits this instruction, and all

2

others, because this Court previously denied summary judgment regarding the absence of duty

3

owed to Plaintiff.  COP continues to assert no duty is owed.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT DISPUTED JURY INSTRUCTIONS  - 42 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**PROPOSED INSTRUCTION NO. 24**

**PROPOSED BY PLAINTIFF**


An intervening criminal act of a third person does not relieve a defendant from its negligence where the defendant should reasonably have anticipated the criminal act.

It is not necessary that the exact sequence of events be anticipated. It is only necessary that the actual harm fell within a general field of danger which should have been anticipated.

*McLeod v. Grant County School Dist.*, 42 Wn. 2d 316, 320-21, 2255 P.2d 360 (1953); *Passovoy v. Nordstrom*, 52 Wn. App. 166, 174-75, 758 P.2d 524 (1988).

**Plaintiff's Authority/Objection:**  Instructions need not necessarily be contained within the WPIs. Instructions need only be accurate recitations of the law and assist the trier of fact in understanding the law. The instruction above is an accurate recitation of the law and is relevant to the facts in this case. The substance of the instruction is not embodied in WPI 15.04. Failure to give this instruction that Jack Onefrey's abuse of plaintiff was an intervening criminal act which cut-off the defendant's liability may confuse the jury.

**Defendant's objection:**

This instruction is unnecessary, and is not contained within the Pattern Instructions. The substance of this instruction is already embodied in WPI 15.04, which states "If you find that the defendant was negligent and that such negligence was a proximate cause of injury or damage to the plaintiff, *it is not a defense that some other cause or the act of some other*

JOINT DISPUTED JURY INSTRUCTIONS  - 43 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 ·  FACSIMILE (206) 676-7575

1   *person who is not a party to this lawsuit may also have been a proximate cause.*" (emphasis

2   added).

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 ·  FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 25**

**PROPOSED BY DEFENDANT**

Any person bringing an action for recovery of damages caused by childhood sexual abuse must commence his lawsuit within the later of the following periods:

(a) Within three years of his 18th birthday;

(b) Within three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by said act; or

(c) Within three years of the time the victim discovered that the act caused the injury for which the claim is brought.

Plaintiff commenced this action on March 14, 2005.

RCW 4.16.340 (mod.)


**Defendant's argument:**

When this Court denied Defendant's motion for summary judgment on statute of limitations, Dkt. No. 99, it held that "plaintiff and Dr. Conte raise genuine issues of material fact as to when plaintiff actually discovered the causal connection between his injuries and the abuse." To resolve this question, the jury must have the language of the statute.

This instruction contains the relevant subsections of the statute, except subsection (1) has been amended to reflect that, in cases of child abuse, the statute does not run from the time of the abuse but is tolled until the victim reaches the age of 18.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1  **Plaintiff's Authority/Objection:**  There is no evidence that plaintiff did not commence his

2  action prior to the running of the Statute of Limitations.  The evidence to date suggests the

3  contrary.  If the Court proposes to give this instruction, plaintiff requests the following

4  additional instructions:

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT DISPUTED JURY INSTRUCTIONS  - 46 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

1
2
3
4

**PROPOSED INSTRUCTION NO. 26**

**PROPOSED BY PLAINTIFF**

**STATUTE OF LIMITATIONS – DEFENSES**

5
6
7
8

An action for personal injury based on an act of childhood sexual abuse previously known by the plaintiff to have been perpetrated by the defendant does not accrue until the plaintiff, in fact, discovers a causal connection between the act and a subsequent injury, even if the injury developed years later.

9
10

*Hollmann v. Corcoran,* 89 Wn.App. 323 (1997).

11
12
13

**Plaintiff's Authority/Objection:** If the jury is to be instructed on the elements of the statute of limitations defense, the jury must be instructed on the exceptions to the defense.

14
15
16
17
18
19
20
21

**Defendant's objection**: This instruction is superfluous. It merely restates subsection c of Instruction No. 25. The *Hollman* case reversed a trial court ruling that superimposed the constructive knowledge of subsection (b) of the statute quoted in Instruction 25 upon subsection (c). The Court of Appeals' holding corrected the trial court's error of law. However, it is not necessary or appropriate to repeat the substance of the statute, using different words to say the same thing.

22
23
24
25
26

Moreover, giving multiple instructions on the same subject has the potential to confuse the jury and cause it to get bogged down in comparing one instruction versus another. Although they aim to say the same thing, they use different words. One can readily imagine the jurors' debates: "well, which one are we supposed to apply?" "well, what if we find one

JOINT DISPUTED JURY INSTRUCTIONS - 47 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1   applies and one doesn't" "they must mean something different, but what?", etc. In fact, the

2   latter question is perhaps the most telling. The jurors might reasonably assume the Court

3   would not give different instructions meaning the same thing. So, if they mean something

4   different (and in fact they do not), the jury may get off track trying to harmonize the assumed

5   differences. Giving this instruction is a prescription for problems in jury deliberation.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

JOINT DISPUTED JURY INSTRUCTIONS  - 48 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

# PROPOSED INSTRUCTION NO. 27

## PROPOSED BY PLAINTIFF

### STATUTE OF LIMITATIONS – DEFENSES

In formulating the statute of limitations for childhood sexual abuse, RCW 4.16.340(1)(c), the legislature specifically stated its intent in its findings: (1) childhood sexual abuse is a pervasive problem that effects the safety and well being of many of our citizens; (2) childhood sexual abuse is a traumatic experience for the victim causing long lasting damage; (3) the victim of childhood sexual abuse may repress the memory of the abuse or be unable to connect the abuse to any injury until after the statute of limitations has run; (4) the victim of sexual abuse may be unable to understand or make the connection between childhood sexual abuse and emotional harm or damage until many years after the abuse occurs; and (5) even though victims may be aware of injuries related to the childhood sexual abuse, more serious injuries may be discoverable years later.

*Hollmann v. Corcoran,* 89 Wn.App. 323 (1997); laws of 1991, Chapter 212, Section 1; RCW 4.16.340(1)(c)

**Plaintiff's Authority/Objection:** If the jury is to be instructed on the elements of the statute of limitations defense, the jury must be instructed on the exceptions to the defense, including the reason for the exceptions.

**Defendant's objection:** There is no basis for supplying the jury with legislative history. The jurors' task is to find facts, not make rulings on legal issues. The legislative history cannot assist in fact-finding. In this context, this discussion of the legislative history is argument and an improper comment on the evidence.

JOINT DISPUTED JURY INSTRUCTIONS  - 49 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1
2
3
4

## PROPOSED INSTRUCTION NO. 28

## PROPOSED BY PLAINTIFF

## STATUTE OF LIMITATIONS – DEFENSES

5
6
7
8

RCW 4.16.340, which establishes a broad discovery rule for personal injury actions arising from acts of childhood sexual abuse, encompasses negligence actions against parties who do not themselves perpetrate acts of childhood sexual abuse, but who fail to protect child victims or otherwise prevent abuse.

9
10

*Cloud v. Summers*, 98 Wn. App. 724 (1999)

11
12
13
14

**Plaintiff's Authority/Objection:** The statements in *Cloud* are not dicta and, as demonstrated by the very language of the proposed instruction (which is based on *Cloud),* the liberal statute of limitations applies to both COP and Loholt.

15
16
17
18
19
20
21

**Defendant's objection**: Again, this case dicta will not assist the jury in fact-finding. It is not the applicable law, the statute itself is. In this context, this recitation of *Cloud* is argument, and thus inappropriate here. Finally, the substance of it is not even relevant. COP does not contend that the liberal statute of limitations does not apply here because it was Loholt, not COP, that committed the abuse.

22
23
24
25
26

JOINT DISPUTED JURY INSTRUCTIONS  - 50 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 ·  FACSIMILE (206) 676-7575

1

## PROPOSED INSTRUCTION NO. 29

2

## PROPOSED BY PLAINTIFF

3

## STATUTE OF LIMITATIONS – DEFENSES

4

5      A victim of childhood sexual abuse may know he was abused, but be unable to make a

6  connection between the abuse and emotional harm or damage until many years later.  He may

7  also be aware of some injuries, but not discovery more serious injuries until many years later.

8  This is because of the insidious nature of childhood sexual abuse – it is a traumatic experience

9  causing long lasting damage.

10

**Plaintiff's Authority/Objection:**  The statements in *Cloud* are not dicta.  This is the *Cloud*

11

12  court's recognition of the Legislature's intent behind enacting the liberal discovery rule in

13  cases based on childhood sexual abuse.

14

**Defendant's objection**:  Again, this dicta from a case will not assist the jury in fact-finding.

15

16  It is not even a statement of law.  It reads more like the testimony of plaintiff's expert and

17  thus is an inappropriate comment on the evidence.  This is argument, not a jury instruction.

18

19

20

21

22

23  *Cloud v. Summers*, 98 Wn. App. 724 (1999)

24  1 Laws of 1991, Chapter 212

25

26

JOINT DISPUTED JURY INSTRUCTIONS  - 51 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## PROPOSED INSTRUCTION NO. 30

## SEGREGATION OF DAMAGES CAUSED BY INTENTIONAL CONDUCT

## PROPOSED BY DEFENDANT

If your verdict is for the plaintiff, you must separate the damages caused by Mr. Loholt's intentional conduct from the damages caused by negligence.

*Tegman v. Accident and Medical Investigations, Inc.*, 150 Wn.2d 102 (2003); Court Order Dkt. No. 153.

**Defendant's Authority:**

This is consistent with *Tegman* and this Court's ruling, in which it stated "the Court will instruct the jury to segregate damages caused by the intentional conduct of non-party Jack LaHolt [sic] from those damages attributable to defendant's alleged negligence, if any." Dkt. No. 153 at 4. *Tegman* itself states that "damages resulting from the intentional acts and omissions must be segregated from damages that are fault-based." 150 Wn.2d at 117.

Plaintiff asserts this instruction is inconsistent with *Tegman* but fails to state how. That bare contention is incorrect.

**Plaintiff's Authority/Objection:** The defendant's proposed instruction does not track the language of *Tegman*. The plaintiff's alternative instruction follows. By offering an alternative instruction, plaintiff does not waive his objection to giving a *Tegman* segregation instruction altogether. Plaintiff's objection is set forth in its previous objections and in its response to defendant's motion in limine. (Dkt No. 136).

JOINT DISPUTED JURY INSTRUCTIONS - 52 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 31**

**SEGREGATION OF DAMAGES CAUSED BY INTENTIONAL CONDUCT**

**PROPOSED BY PLAINTIFF**

If your verdict is for the plaintiff, you must segregate any damages that may have been caused by Mr. Loholt's intentional conduct from the damages caused by defendant's negligence in failing to warn or protect plaintiff from Mr. Loholt.

*Tegman v. Accident and Medical Investigations, Inc.*, 150 Wn.2d 102 (2003); Court Order Dkt. No. 153.

**Defendant's objection:** First, *Tegman* requires segregation of all fault-based damages, not merely those cause by defendant. "[D]amages resulting from the intentional acts and omissions must be segregated from damages that are fault-based." *Tegman*, 150 Wn.2d at 117. Second, if the jury has found for plaintiff, there no damages that "may" have been caused by Mr. Loholt's intentional conduct—they *were* caused by his conduct. Plaintiff's claim is that Defendant failed to protect against Loholt's intentional tort. If the jury finds for Plaintiff, they have necessarily found that Loholt caused plaintiff harm.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 32**

**PRIVILEGED COMMUNICATIONS**

**PROPOSED BY DEFENDANT**

Under some circumstances, the law does not allow a person to disclose or testify about certain matters. Such circumstances exist in this case.

The conversation between Richard Pettit and Bishop Borland was privileged. This means that absent Mr. Pettit's consent, which was not given until 2005, Bishop Borland could not tell law enforcement or any other person that Mr. Loholt had touched Scott Pettit, or how Bishop Borland knew this. Bishop Borland could have stated he believed that Mr. Loholt may have abused a child, without providing the name of the child or other details.

The conversation between Bishop Borland and Mr. Loholt was also privileged. That ruling prevented Bishop Borland from testifying about this conversation.

Do not make any assumptions about what Bishop Borland would have said or speculate about whether this testimony would have been favorable to a particular party.

WPI 6.08 (mod.); 6.08.01 (mod.); *State v. Martin*, 137 Wn.2d 774 (1999); Court Orders Dkt. Nos. 174, 88;

**Defendant's Argument**:

The Pattern Instructions, 6.08 and 6.08.01, acknowledge there are times when the jury needs to be advised as to the existence of a privilege. This is such a time.

Taking the latter part of the instruction first, this Court ruled that Bishop Borland cannot testify regarding his conversation with Mr. Loholt, which followed Mr. Pettit's disclosure. Dkt. No. 88 at 6. The jury must be instructed about this. COP already labors under the disadvantage of not being able to have Bishop Borland recount the conversation.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

To not give the instruction would leave the jury wondering why Bishop Borland "refused" to talk about it, and could lead the jury to draw unjustified inferences adverse to Bishop Borland and COP.

As to the privileged nature of the Pettit-Borland communication, the Court must instruct on this for two reasons. First, the Court's ruling on the privilege issue, Dkt. No. 174, creates a causation issue. If Bishop Borland could not disclose the name of the victim, or the source of the information, the jury could conclude that a report by Bishop Borland that Mr. Loholt may have abused someone, without identifying who that someone is, would not have prevented the subsequent abuse, if any, of plaintiff. The jury may conclude that plaintiff failed to prove proximate cause where plaintiff cannot prove that a report by Bishop Borland that did not include a victim's name would have triggered an investigation, much less an arrest of Mr. Loholt.

Second, the privileged nature of the communication is relevant to the jury's determination of the reasonableness of Bishop Borland's conduct. In determining whether a reasonable person in Bishop Borland's position would have made any report, the jury must be able to consider: (1) that the Court ruled that Bishop Borland could not disclose the name of the victim and other information; and (2) that the statute required disclosure of this very information that could not be disclosed. The jury could find that a reasonable person may not have made any report under these circumstances even if, under this Court's order, the privilege did not *preclude* Bishop Borland from reporting Mr. Loholt.

**Plaintiff's Authority/Objection:** This proposed instruction goes well beyond WPI 6.08 and 6.08.01. The instruction further expands beyond the Court's rulings and draws legal conclusions. It further seeks to inject First Amendment issues into this case. The instruction is not relevant because plaintiff is precluded from asking about the privileged

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1    communications per the court's ruling.    It seeks to mislead the jury and suggests a

2    determination of one of the ultimate issues in this case.    Furthermore, the instruction is

3    unnecessary because one of the communications at issue – the communication between

4    Bishop Borland and Richard Pettit – is no longer privileged – due to Richard Pettit's waiver of

5    that privilege during his deposition.    (See Court's Order on Motion to Compel, Dkt No. 88).

6    With respect to any communications with Jack Loholt, this Court has previously ruled that the

7    communications were privileged and plaintiff will not seek to elicit privileged

8    communications during trial.    For these reasons, plaintiff requests that no "privileged

9    communication" instruction be given.    However, in the event the Court determines an

10    instruction is necessary, plaintiff's request that the Washington Pattern Instruction, WPI 6.08,

11    unmodified, be given and WPI 6.08.01 not be utilized at all.    That proposed instruction

12    follows.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 33**

**PRIVILEGED COMMUNICATIONS**

**PROPOSED BY PLAINTIFF**

Under some circumstances, the law does not allow a party or person to testify about certain matters. This is one of those circumstances.

You are not to make any assumptions or draw any conclusions based on the fact that a party or person is present during he trial but is not permitted to testify about certain things. You must decide this case on the evidence that is admitted and on the law as I explain it to you.

WPI 6.08.

**Defendant's objection**: This instruction is inadequate for the reasons stated by Defendant in support of Instruction No. 33.

JOINT DISPUTED JURY INSTRUCTIONS  - 57 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 34**

**PROPOSED BY PLAINTIFF**

A special relationship between a church and a perpetrator of child abuse sufficient to give rise to a duty of care to third persons will exist if the perpetrator held a position of prominence within the church which position placed him into positions of trust over children of the congregation.

You are instructed that Jack Onefrey held the positions of Melchesidek Priest, Assistant Scout Master and youth minister.

There is no requirement that the position of prominence be the basis by which the perpetrator selected his victims. Instead, it is enough if the position brought the perpetrator into close connection with the children of the congregation and inspires confidence in the perpetrator.

*C.J.C. v. Corp. of Catholic Bishop*, 138 Wn. 2d 699, 985 P.2d 262 (1999)

**Plaintiff's Authority/Objection:** Plaintiff's instruction is an accurate recitation of the law. Defendant seeks to over-simplify important and complicated legal issues. It would be impossible for a jury to determine whether COP was negligent in this matter, or breached its duty of care without understanding how the law articulates that duty.

**Defendant's Objections:**

1.    The only relevant duty is the duty of ordinary care, the breach of which is negligence. Whatever the *source* of a legal duty, whether it be a special relationship, a duty

JOINT DISPUTED JURY INSTRUCTIONS - 58 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

implied by statute or the common law, the duty is the same: "to exercise such care as a reasonable person would exercise under the same or similar circumstances." *Mathis v. Ammons*, 84 Wn. App. 411, 416 (1996). "Breach is the failure to exercise ordinary care . . . [and] is also called 'negligence.'" *Id*. The jury is going to be asked whether the defendant was "negligent," not whether the defendant breached duties x, y or z. *See*, WPI 45.21. The jury should thus be instructed only on "negligence" and "ordinary care," which are covered in agreed instructions WPI 10.01 and 10.02. To instruct the jury on all of plaintiff's duty theories is inconsistent with the approach taken in the Washington Pattern Instructions.

2. <u>Plaintiff's instruction is really argument in disguise</u>. Plaintiff seeks the Court's imprimatur for his theories by way of duty instructions. However, by agreed instructions, the Court will instruct the jury on the issues in the case, the plaintiff's burden of proof, and the definition of negligence and ordinary care. Plaintiff's proposed introduction of legal concepts of duty have no place here, and are being offered solely to tilt the playing field.

3. <u>No duty instruction should be given of any type</u>: COP contends it owed no duty to plaintiff.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 35**

**PROPOSED BY PLAINTIFF**

The Corporation of the President of the Church of Latter-day Saints (a.k.a. the Mormon Church) had a common law duty to use reasonable care to protect minor members of its congregation and to warn its members against sexual abuse by one of its members, which the Mormon Church knew, or in the exercise of reasonable care should have known, presented an unreasonable risk of harm.

*C.J.C. v. Corp. of Catholic Bishop*, 138 Wn. 2d 699, 985 P.2d 262 (1999); *Niece v. Elmview Group Home*, 131 Wn. 2d39, 929 P.2d 420 (1997).

**Plaintiff's Authority/Objection:** Plaintiff's instruction is an accurate recitation of the law. Defendant seeks to over-simplify important and complicated legal issues. It would be impossible for a jury to determine whether COP was negligent in this matter, or breached its duty of care without understanding how the law articulates that duty.

**Defendant's Objections:**

1. The only relevant duty is the duty of ordinary care, the breach of which is negligence. Whatever the *source* of a legal duty, whether it be a special relationship, a duty implied by statute or the common law, the duty is the same: "to exercise such care as a reasonable person would exercise under the same or similar circumstances." *Mathis v. Ammons*, 84 Wn. App. 411, 416 (1996). "Breach is the failure to exercise ordinary care . . . [and] is also called 'negligence.'" *Id.* The jury is going to be asked whether the defendant was "negligent," not whether the defendant breached duties x, y or z. *See*, WPI 45.21. The

JOINT DISPUTED JURY INSTRUCTIONS  - 60 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

jury should thus be instructed only on "negligence" and "ordinary care," which are covered in agreed instructions WPI 10.01 and 10.02. To instruct the jury on all of plaintiff's duty theories is inconsistent with the approach taken in the Washington Pattern Instructions.

2. <u>Plaintiff's instruction is really argument in disguise</u>. Plaintiff seeks the Court's imprimatur for his theories by way of duty instructions. However, by agreed instructions, the Court will instruct the jury on the issues in the case, the plaintiff's burden of proof, and the definition of negligence and ordinary care. Plaintiff's proposed introduction of legal concepts of duty have no place here, and are being offered solely to tilt the playing field.

3. <u>No duty instruction should be given of any type</u>: COP contends it owed no duty to plaintiff.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## PROPOSED INSTRUCTION NO. 36

## PROPOSED BY PLAINTIFF

Due to the relationship between the Mormon Church and Jack Onefrey, the Mormon Church had a common law duty to protect third persons, such as the plaintiff in this case, from the conduct of Jack Onefrey.

*Peterson v. State,* 100 Wn .2d 421, 426, 671 P.2d 230 (1983) (a duty to prevent injury to another exists where a special relationship exists between the defendant and either the third party or the foreseeable victim of the third party's conduct)

**Plaintiff's Authority/Objection:**  Plaintiff's instruction is an accurate recitation of the law. Defendant seeks to over-simplify important and complicated legal issues.  It would be impossible for a jury to determine whether COP was negligent in this matter, or breached its duty of care without understanding how the law articulates that duty.

**Defendant's Objections:**

1.    The only relevant duty is the duty of ordinary care, the breach of which is negligence.  Whatever the *source* of a legal duty, whether it be a special relationship, a duty implied by statute or the common law, the duty is the same:  "to exercise such care as a reasonable person would exercise under the same or similar circumstances." *Mathis v. Ammons,* 84 Wn. App. 411, 416 (1996). "Breach is the failure to exercise ordinary care . . . [and] is also called 'negligence.'" *Id.*  The jury is going to be asked whether the defendant was "negligent," not whether the defendant breached duties x, y or z.  See, WPI 45.21.  The jury should thus be instructed only on "negligence" and "ordinary care," which are covered in

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

agreed instructions WPI 10.01 and 10.02.   To instruct the jury on all of plaintiff's duty theories is inconsistent with the approach taken in the Washington Pattern Instructions.

2.   <u>Plaintiff's instruction is really argument in disguise.</u>   Plaintiff seeks the Court's imprimatur for his theories by way of duty instructions.   However, by agreed instructions, the Court will instruct the jury on the issues in the case, the plaintiff's burden of proof, and the definition of negligence and ordinary care.   Plaintiff's proposed introduction of legal concepts of duty have no place here, and are being offered solely to tilt the playing field.

3.   <u>No duty instruction should be given of any type:</u>   COP contends it owed no duty to plaintiff.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 ·  FACSIMILE (206) 676-7575

**PROPOSED INSTRUCTION NO. 37**

**PROPOSED BY PLAINTIFF**

The Mormon Church had a statutory duty to report to law enforcement officials their knowledge that Jack Onefrey, a person holding the positions of Melchesidek priest, assistant scout master and youth minister, in their organization, was a child molester.

RCW 26.44.030.

**Plaintiff's Authority/Objection:** Plaintiff's instruction is an accurate recitation of the law. Defendant seeks to over-simplify important and complicated legal issues. It would be impossible for a jury to determine whether COP was negligent in this matter, or breached its duty of care without understanding how the law articulates that duty.

**Defendant's Objections:**

1.    The only relevant duty is the duty of ordinary care, the breach of which is negligence. Whatever the *source* of a legal duty, whether it be a special relationship, a duty implied by statute or the common law, the duty is the same: "to exercise such care as a reasonable person would exercise under the same or similar circumstances." *Mathis v. Ammons*, 84 Wn. App. 411, 416 (1996). "Breach is the failure to exercise ordinary care . . . [and] is also called 'negligence.'" *Id*. The jury is going to be asked whether the defendant was "negligent," not whether the defendant breached duties x, y or z. *See*, WPI 45.21. The jury should thus be instructed only on "negligence" and "ordinary care," which are covered in

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

agreed instructions WPI 10.01 and 10.02.  To instruct the jury on all of plaintiff's duty theories is inconsistent with the approach taken in the Washington Pattern Instructions.

2.  <u>Plaintiff's instruction is really argument in disguise</u>.  Plaintiff seeks the Court's imprimatur for his theories by way of duty instructions.  However, by agreed instructions, the Court will instruct the jury on the issues in the case, the plaintiff's burden of proof, and the definition of negligence and ordinary care.  Plaintiff's proposed introduction of legal concepts of duty have no place here, and are being offered solely to tilt the playing field.

3.  <u>No duty instruction should be given of any type</u>:  COP contends it owed no duty to plaintiff.

RCW 26.44.030.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

# PROPOSED INSTRUCTION NO. 38

## ALLEGATION IN COMPLAINT

## PROPOSED BY DEFENDANT

Plaintiff commenced this action by filing a complaint against defendant. The complaint alleged that one of the incidents in which Mr. Loholt abused the plaintiff occurred in "approximately 1970-1971."

This is evidence that you will evaluate and weigh with all of the other evidence.

WPI 6.10.01 (mod.)

**Defendant's argument:**

In its trial brief, COP argues that Plaintiff's allegation in the Complaint is a judicial admission binding upon him, which admission requires dismissal of his negligence theory based on Bishop Borland's conduct. If the abuse preceded the February 1972 conversation between Mr. Pettit and Bishop Borland—as plaintiff alleged in the Complaint—the Church owed plaintiff no duty because Mr. Loholt's abuse of plaintiff preceded the Church's first notice of any inappropriate conduct by Mr. Loholt. COP offers this instruction only *if* the Court does not dismiss this component of Plaintiff's case.

WPI 6.10.01 relates to stipulations and provides a basis for the instruction. Plaintiff must admit the Complaint contains this allegation, and substantively the allegation is admissible—it is not hearsay, both because it is an admission of a party opponent and because it is a statement having legal effect. In an ordinary case, COP would simply put the Complaint into evidence, but it cannot do so here. The Complaint is rife with allegations regarding Mr. Loholt's abuse of other victims, and this Court has ruled that evidence

JOINT DISPUTED JURY INSTRUCTIONS - 66 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

regarding Loholt's other acts of abuse are not admissible.   Dkt. No. 152.   Hence, the Complaint cannot come into evidence.  This instruction allows COP to apprise the jury of *the fact of the allegation*, which COP has the right to do, without admitting the other prejudicial components of the Complaint, and while cautioning the jury that they "must weigh this with all the other evidence."  If Plaintiff stipulated that his Complaint contained the allegation in question, and this was added to the instruction on admitted facts, COP would withdraw this instruction.

Plaintiff's objection is off the mark.  This instruction does not purport to state that the complaint's allegation is *true*, but simply that Plaintiff made the allegation.  *That* fact, that the allegation was made, cannot be disputed.

**Plaintiff's Authority/Objection:**   WPI 6.10.01 is utilized when there are stipulated facts which are not in dispute.  This "fact" is wholly disputed.  The language in plaintiff's complaint was pled prior to discovery and contradicts witness testimony, including the plaintiff's own testimony.  For these reasons, it should, therefore, not be given as an instruction to the jury.  The drafting of the complaint does not render the "fact" stipulated, especially in "notice" pleading.  To consider this fact stipulated would be prejudicial to plaintiff.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – AT SEATTLE

| | |
|---|---|
| R.K.,<br><br>                    Plaintiff,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT<br>OF THE CHURCH OF JESUS CHRIST OF<br>LATTER-DAY SAINTS, a Utah corporation<br>sole,<br><br>                    Defendants. | NO. 04-2338 RSM<br><br>SPECIAL VERDICT FORM PROPOSED<br>BY PLAINTIFF |

We, the jury, make the following answers to the questions submitted by the Court:

**QUESTION NO. 1:**  Was the Mormon Church negligent for failing to warn potential victims of Jack Onefrey?

**ANSWER:** ("Yes" or "No")                    _____

*INSTRUCTION:  If you answer Question No. 1, "yes," go to Question No. 2.  If you answer Question No. 1 "no," then answer Question No. 3.*

JOINT DISPUTED JURY INSTRUCTIONS  - 68 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 ·  FACSIMILE (206) 676-7575

**QUESTION NO. 2:** Was the negligence of Mormon Church in failing to warn potential victims of Jack Onefrey a proximate cause of injury to the plaintiff?

    **ANSWER:** ("Yes" or "No")        _____

*INSTRUCTION: Answer Question No. 3.*

**QUESTION NO. 3:** Was the Mormon Church negligent in failing to report its knowledge that Jack Onefrey was a child molester to law enforcement officials?

    **ANSWER:** ("Yes" or "No")        _____

*INSTRUCTION: If you answer Question No. 3, "yes," go to Question No. 4. If you answer Question No. 3 "no," then answer Question No. 5.*

**QUESTION NO. 4:** Was the negligence of Mormon Church in failing to reports its knowledge that Jack Onefrey was a child molester a proximate cause of injury to the plaintiff?

    **ANSWER:** ("Yes" or "No")        _____

*INSTRUCTION: Answer Question No. 5.*

JOINT DISPUTED JURY INSTRUCTIONS  - 69 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

**QUESTION NO. 5:**  Was the Mormon Church negligent in failing to train its hierarchal clergy and youth leaders regarding the duty to investigate and/or the duty to report suspected instances of child abuse.

**ANSWER:** ("Yes" or "No")              _____

*INSTRUCTION:  If you answer Question No. 5, "yes," go to Question No. 6.  If you answer Question No. 6 "no," then answer Question No. 7.*

**QUESTION NO. 6:**  Was the negligence of the Mormon Church in failing to train its hierarchal clergy and youth leaders regarding the duty to investigate and/or the duty to report suspected instances of child abuse a proximate cause of injury to the plaintiff?

**ANSWER:** ("Yes" or "No")              _____

*INSTRUCTION:  Answer Question No. 7.*

**QUESTION NO. 7:** Did the Mormon Church have a "special relationship" with plaintiff which gave rise to a duty to protect plaintiff from a known molester?

**ANSWER:** ("Yes" or "No")              _____

*INSTRUCTION:  If you answer Question No. 7, "yes," go to Question No. 8.  If you answer Question No. 7 "no," then answer Question No. 9.*

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

**QUESTION NO. 8:**  Was the Mormon Church's failure to protect plaintiff from a known child molester a proximate cause of plaintiff's injuries or damages?

**ANSWER:**  ("Yes" or "No")                    _____

*INSTRUCTION:  If you answered "yes," to either 1, 3, 5 or 7, answer Question No. 9; if you answered Questions 1, 3, 5 and 7 "no," sign and return this verdict.*

**QUESTION NO. 9:**  What do you find to be the plaintiff's total amount of damages? (Do not consider the issue of fault of third parties, if any, in your findings).

**ANSWER:**          $_____

*INSTRUCTION:  Answer Question No. 10.*

**QUESTION NO. 10:**  Were either of the following negligent?

*INSTRUCTION:  Answer "yes" or "no" after the name of the name of each entity not party to this action).*

**ANSWER:**

|                | Yes     | No      |
|----------------|---------|---------|
| Dorothy Kelly  | _____  | _____  |
| Jerry Kelly    | _____  | _____  |

*(INSTRUCTION:  If you answer Question No. 10 "no" as to both Dorothy Kelly and Jerry Kelly, skip past questions 11 and 12 and answer Question 13.  If you answer Question No. 10 "yes," as to either Dorothy Kelly and Jerry Kelly, answer Question No. 11.*

JOINT DISPUTED JURY INSTRUCTIONS  - 71 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

**QUESTION NO. 11:**  Was such negligence of Dorothy or Jerry Kelly a proximate cause of injury to the plaintiff?

**ANSWER:**

|  | Yes | No |
|---|---|---|
| Dorothy Kelly | _____ | _____ |
| Jerry Kelly | _____ | _____ |

*(INSTRUCTION:  If you answer Question No. 11 "no" as to both Dorothy Kelly and Jerry Kelly, skip past Question 12 and answer Question 13.  If you answer Question No. 11 "yes," as to either Dorothy Kelly and Jerry Kelly, answer Question No. 12.*

**QUESTION NO. 12:**  Assume that 100% represents the total combined negligence that proximately caused the plaintiff's injury.  What percentage of this 100% is attributable to the defendant and what percentage of this 100% is attributable to each non-party, if any, whose negligence was found by you in Question No. 3 to have been a proximate cause of the injury to the plaintiff?  Your total must equal 100%.

**ANSWER:**

| | |
|---|---|
| Defendant Mormon Church | _____ % |
| Non-Party Dorothy Kelly | _____ % |
| Non-Party Jerry Kelly | _____ % |
| **TOTAL** | **100%** |

*(INSTRUCTION:  Answer Question 13).*

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

**QUESTION NO. 13:** Do you find that the intentional conduct of Jack Onefrey caused plaintiff damage?

ANSWER: _____ (write "yes" or "no")

*(INSTRUCTION: If you answered Question 13 "no", sign this verdict form; if you answered Question 13 "yes," answer Question 14.)*

**QUESTION NO. 14:** What percentage of the damages in Question No. ___ do you find were caused by <u>negligent</u> conduct and what percentage were caused by <u>intentional</u> conduct? (Your total must add up to 100%).

ANSWER:

| | | |
|---|---|---|
| Negligent | _____ | % |
| Intentional | _____ | % |

**TOTAL      100%**

*INSTRUCTION: Sign this Verdict Form.*

DATED this ____ day of October, 2006.


_____
Presiding Juror

**Plaintiff's Authority/Objection:**

Plaintiff's verdict form demonstrates the various methods by which the defendant can be held liable for plaintiff's harm and contrary to defendant's assertions, the questions are not posed in argumentative terms. Separating the various methods by which defendant can be held negligent is more understandable to the jury than asking the jury to determine a global

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

"negligence" question.  Second, naming Herman Allenbach as a potentially at-fault entity is not necessary because the plaintiff asserts that any negligence on the part of Herman Allenbach is attributable to the Morman Church.  Finally, with regard to the *Tegman* question, plaintiff incorporates the arguments made herein with regard to whether COP's position on Tegman is supported.

JOINT DISPUTED JURY INSTRUCTIONS  - 74 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 ·  FACSIMILE (206) 676-7575

The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

R.K.,

     Plaintiff,

     v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole,

     Defendant.

NO. 04-2338 RSM

SPECIAL VERDICT FORM
PROPOSED BY DEFENDANT

We, the jury, answer the questions submitted by the court as follows:

QUESTION 1: Did Plaintiff Robert Kelly commence this action within the period of time required by law?

ANSWER:   Yes _____        No _____

(INSTRUCTION: If you answered Question 1 "yes," go to question 2. If you answered Question 1 "no," sign this verdict form).

QUESTION 2: Were any of the following negligent?

(Answer "yes" or "no" after the name of the defendant and the name of each entity not party to this action.)

JOINT DISPUTED JURY INSTRUCTIONS - 75 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

ANSWER:

|  | Yes | No |
|---|---|---|
| Defendant Church | _____ | _____ |
| Non-Party Dr. Herman Allenbach | _____ | _____ |
| Non-Party Dorothy Kelly | _____ | _____ |
| Non-Party Jerry Kelly | _____ | _____ |

(INSTRUCTION:  If you answered Question 2 "no" as to the defendant, sign this verdict form.  If you answered Question 2 "yes" as to the defendant, go to Question 3.)

QUESTION 3:  Was such negligence a proximate cause of injury to the plaintiff?

(Answer "yes" or "no" after the name of the defendant and each non-party, if any, to which you answered "yes" in Question 2.)

ANSWER:

|  | Yes | No |
|---|---|---|
| Defendant Church | _____ | _____ |
| Non-Party Dr. Herman Allenbach | _____ | _____ |
| Non-Party Dorothy Kelly | _____ | _____ |
| Non-Party Jerry Kelly | _____ | _____ |

(INSTRUCTION:  If you answered Question 3 "no" as to the defendant, sign this verdict form.  If you answered Question 3 "yes" as to the defendant, go to Question 4.)

QUESTION 4:  Did Mr. Loholt's abuse of plaintiff occur prior to February 1972?

ANSWER:   Yes _____          No _____

QUESTION 5:  Was Dr. Herman Allenbach an agent of defendant acting within the scope of his authority with respect to his acts or omissions regarding Mr. Loholt?

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

ANSWER:    Yes _____            No _____


QUESTION 6:  What do you find to be the plaintiff's amount of damages?

ANSWER: $_____


QUESTION 7:  Assume that 100% represents the total combined negligence that proximately caused the plaintiff's injury.  What percentage of this 100% is attributable to the defendant and what percentage of this 100% is attributable to each non-party, if any, whose fault was found by you in Question 3 to have been a proximate cause of the injury to the plaintiff?  Your total must equal 100%.

ANSWER:

| | | |
|---|---|---|
| To Defendant Church | : | _____% |
| To Non-Party Dr. Herman Allenbach | : | _____% |
| To Non-Party Dorothy Kelly | : | _____% |
| To Non-Party Jerry Kelly | | _____% |
| **TOTAL** | | **100%** |


QUESTION 8:  What percentage of the damages in your answer to Question No. 6 do you find were caused by negligent conduct and what percentage were caused by Mr. Loholt's intentional conduct?  (Your total must add up to 100%)

ANSWER:

| | |
|---|---|
| Negligent | _____% |
| Intentional | _____% |
| **Total** | **100%** |

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

(INSTRUCTION:  Sign this verdict form and notify the bailiff.)


DATE:  _____        _____

                                  Presiding Juror


**Defendant's Authority:**

Defendant's proposed special verdict form follows the pattern verdict form set forth in WPI 45.21.  The only exceptions are Question 1 (statute of limitations) and Questions 4 and 5. Questions 4 and 5 are posed for reasons of judicial efficiency.  This case surely will be appealed, whatever the outcome.  Having these answers may truncate, and perhaps eliminate, a trial in the event of a reversal.  For example, if the jury finds in favor of plaintiff, finds "no" with respect to Question 5, and the Ninth Circuit later rules that Bishop Borland could not disclose any portion of the privileged Pettit communication to anyone and therefore it was inadmissible, then there is little and perhaps nothing to re-try.  COP could not be found liable based on Dr. Allenbach's conduct because the jury already would have found that he was not COP's agent or was not acting within the scope of authority.

Plaintiff's proposed verdict form is objectionable for numerous reasons.  First, it deviates from the relevant pattern verdict form, WPI 45.21, without justification.  Second, the form of the questions is improper.  Instead of asking the simple relevant question, "was defendant negligent," it contains a series of questions that repetitively pose the negligence issue in argumentative terms.  Third, Question 5 introduces an issue—failure to train—on which there will be no testimony in this case.  Plaintiff has no liability expert with regard to

JOINT DISPUTED JURY INSTRUCTIONS  - 78 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

the standard of care, circa 1972, regarding training of clergy on matters of sexual abuse. Fourth, Question 7 asks whether the parties had a special relationship which gave rise to a duty; this is a question of law, not fact. Fifth, plaintiff omits Dr. Herman Allenbach as a non-party who can be found negligent. Plaintiff is free to argue Dr. Allenbach was an agent, but the jury may disagree and he needs to be listed as a non-party at fault. Sixth, as set forth in WPI 45.21, the negligence (or not) of defendant and the non-parties is determined in the same question. Seventh, Question 13 is improper for the reasons discussed in COP's objections to Plaintiff's proposed instruction on Burden of Proof—if the jury has found defendant negligent, this question has necessarily been answered "yes," and the instruction's imposition of a burden of proof on defendant is inconsistent with *Tegman* and this Court's ruling on the *Tegman* motion.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 ·  FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2006, I electronically filed the foregoing Plaintiff's Trial Brief with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Charles C. Gordon
        Jeffrey I. Tilden
        Michael Rosenberger
        GORDON MURRAY TILDEN
        1001 4TH AVE, STE 4000
        SEATTLE, WA 98154
        206-467-6477
        Email: cgordon@gmtlaw.com; jtilden@gmtlaw.com;
        mrosenberger@gmtlaw.com

                /s/ Michelle Menely
                Michelle Menely

JOINT DISPUTED JURY INSTRUCTIONS  - 80 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575