The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| R.K.,<br><br>       Plaintiffs,<br><br>  v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDS, a Utah corporation,<br><br>       Defendants. | NO.  04-2338 RSM<br><br>DEFENDANT'S MOTION FOR RECONSIDERATION OF SANCTION ORDER<br><br><br>NOTE ON MOTION CALENDAR:<br>Thursday, September 29, 2006 |

## I.    INTRODUCTION

Defendant The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints ("COP") respectfully moves for reconsideration of this Court's Order holding that defense counsel repeatedly violated local rules regarding the page length of briefs and imposing sanctions for such alleged violations.  Dkt. No. 175.  COP also moves for reconsideration of the related Order, Dkt. No. 174, striking a portion of COP's Motion in Limine to Exclude Clergy-Penitent Communication.

DEFENDANT'S MOTION FOR RECONSIDERATION OF
SANCTION ORDER - 1
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

Defendant files this motion for the following reasons: (1) because the applicable rules, while perhaps clear to the Court, are not clear to experienced practitioners and COP wants the Court to understand that no intentional violations occurred; (2) to suggest, if the Court acknowledges the ambiguity, that the Court pursue clarification of these rules administratively, or through the Court's own orders issued at the outset of the case; and (3) if the Court vacates the sanctions, to give the Court the benefit of all the briefing on what are difficult and novel issues. The monetary sanction has already been paid; it is of less significance than the factors cited above. Having said that, COP would hope that the Court would return the money in the event that the Court grants the motion for reconsideration.

Thus, for the reasons set forth below, COP respectfully requests that this Court: (1) vacate the portion of the order imposing sanctions; (2) vacate the portion of the order denying the clergy-penitent motion striking portions of the opening brief; and (3) review and reconsider the court's orders on these motions, giving consideration to the material previously stricken but which now is part of the record.

## II.   ARGUMENT

### A.   Defense Counsel Are Highly Experienced.

Neither being an excellent lawyer nor having a wealth of experience is a shield against the imposition of sanctions. However, in sections below, COP discusses counsel's understanding of local practice. In that context, it is appropriate to briefly describe counsel's experience. Defense counsel's understanding of local practice is based upon many years of experience.

The three lawyers who have appeared on behalf of COP have, collectively, over 80 years of experience, solely in trial practice. Messrs. Gordon and Tilden are fellows of the American

DEFENDANT'S MOTION FOR RECONSIDERATION OF
SANCTION ORDER - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

College of Trial Lawyers and former partners at Perkins Coie, where Mr. Gordon was the head

of the litigation department. Mr. Rosenberger has significant federal court experience, and is a

former law clerk to a federal judge in this circuit. As a firm, they are committed to excellence in

the practice of law; compliance with court rules is considered a given.

**B.    The Local Rules Do not Specifically Address Page Lengths of In Limine Motions, and the Court's Interpretation of the Local Rules is Inconsistent with Local Practice.**

In the sanction Order, the Court stated that it had "on more than one occasion, directed

defendant to follow this Court's local rules with respect to the appropriate length of briefing."

Dkt. 175 at 2:14-16. The first such occasion was an Order issued August 28, 2006. Dkt. 152, at

n.1. This Order, which granted COP's motion in limine, was in fact an Order on three motions

that had been combined into a single pleading. COP acknowledges that it is the Court's right,

indeed, duty, to interpret the local rules. However, it was not reasonably apparent to even

experienced practitioners that conjoined motions in limine are subject to the default page limit of

12 pages for an opening brief and 6 pages on a reply brief.

**1.    The Local Rules are Silent Regarding Motions in Limine.**

The local rules do not specifically proscribe a page limit for motions in limine. Although

the local rules specifically address certain motions that are filed relatively infrequently, such as

motions to quash and motions to withdraw (CR 7(d)(2)), and more common motions such as

discovery motions and dispositive motions (CR 7(d)(3)), motions that are filed in virtually every

single case that goes to trial—motions in limine—are not addressed. Given that motions in

limine are so common, and yet are not addressed, defense counsel understood that they were not

subject to the default page limit applicable to "all other motions noted under CR 7(d)(3)." CR

7(e)(4). This understanding was buttressed by the factors discussed below.

DEFENDANT'S MOTION FOR RECONSIDERATION OF
SANCTION ORDER - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

## 2.    Local Practice Is not Consistent with the Court's Order.

It is the near-universal practice of lawyers to join in limine motions in a single pleading.

If they did not do so, and, for example, filed three in limine motions separately, it would multiply

by three the number of separate briefs submitted to the Court, thus imposing additional burdens

on counsel, the clerk's office, law clerks and the Court itself.

Undersigned counsel have tried cases in this Court, and handled many other cases in this

Court that have resolved prior to trial.  In our experience prior to this case, neither this firm nor

opposing counsel has ever sought leave to exceed the 12 page limit with regard to motions in

limine, and no judge of this Court has ever admonished counsel for exceeding a 12 page limit for

conjoined motions in limine.  While this practice is obviously inconsistent with the Court's

stated view of the rules and, as stated above, we respect the Court's right to interpret its rules,

this experience cannot be completely dismissed.

Perhaps the most obvious and direct evidence of local practice is provided by none other

than plaintiff's counsel.  Despite this Court's prior admonition that it was applying the page limit

to motions in limine, plaintiff's own motions in limine constituted 18 pages.  Dkt. No. 163.

Plaintiff did not seek prior leave to file an overlength brief, despite the Court's admonition in its

August 28, 2006 Order.  The Court's Order on this presumably overlength motion makes no

mention of its overlength status.  Dkt. No. 185.

## 3.    The Court's Scheduling Order Reinforced Counsel's Understanding.

Counsel's understanding that motions in limine are not included within CR 7(d)(3)'s

reference to "all other non-dispositive motions," and thus not subject to the default page limits,

was reinforced by the Court's Scheduling Order.  Under CR 7(d)(3), "all other non-dispositive

motions shall be noted for consideration no earlier than the third Friday after filing."  However,

DEFENDANT'S MOTION FOR RECONSIDERATION OF
SANCTION ORDER - 4
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

the Scheduling Order states that "motions in limine must be filed and noted on the motion

calendar no later than the second Friday thereafter." Dkt. No. 98 (emphasis added).  This "two

Fridays" filing rule does not correspond to any filing schedule contained in the local rules, thus

suggesting that motions in limine are not subject to the 12 and 6 page limits applicable to

motions filed on the three Friday schedule.[1]

### 4.    Summary

Undersigned counsel have heard, loud and clear, that the Court applies the default rule to

in limine motions and, as a result, requested leave to file subsequent motions in limine that

exceeded the 12 page limit. Dkt. no. 155.  However, COP respectfully contends that, prior to

receiving such notice, the application of the default page limit to conjoined motions in limine

was not obvious from the local rule, not routinely practiced by those appearing in this Court, and

difficult to reconcile with the Court's Scheduling Order.   If the Court concurs that counsel's

understanding was not unreasonable, the Court may wish to add a section to its form scheduling

order advising counsel of the Court's application of this rule.

### C.    The "Second Violation" Was Actually Not "Second" At All.

In its Order Denying COP's Motion in Limine to Exclude Clergy-Penitent

Communication, Dkt. No. 174, the Court struck six pages from COP's opening brief, noting that

"as this Court has previously informed defendant overlength briefs will be stricken . . . ." *Id.* at

2:9-10.  The problem for COP, however, was that its opening motion was filed on August 17,

---

[1] As a matter of full disclosure, COP notes that when it filed the motions in limine that resulted in the Court's first Order regarding page lengths, COP did this on three Friday's notice, rather than the two Fridays allowed by the Court's schedule.  This was done as a courtesy to opposing counsel.  Plaintiff's counsel had previously requested, and COP granted, extensions to the briefing schedule of other motions, and undersigned counsel expected that if the motion were set on two Fridays' notice in the middle of the summer, when many people are on vacation, we would immediately receive a request to extend the briefing schedule.  Rather than forcing plaintiff's counsel to do that, we simply set it for three Fridays' notice.

DEFENDANT'S MOTION FOR RECONSIDERATION OF
SANCTION ORDER - 5
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

2006, Dkt. No. 141, *prior* to the Court's first Order on page limits, filed August 28, 2006. Dkt.

No. 152. In short, COP filed this opening brief before being advised of the Court's application

of the 12 page default rule to motions in limine. Obviously, there was no willful violation here

as COP did not yet have notice of how the Court applied the rule.

**D.    The Reply Brief that Generated the Sanction Does Not Merit a Sanction.**

With regard to the reply brief that prompted the sanction Order, COP respectfully

contends: (a) it cannot be reasonably described as a "nine page brief," as the Court found; and

(b) counsel attempted to comply with the six page limit and, given that the prior two "violations"

involved unintentional violations, any deviation from the page limit was minor and did not merit

a sanction.

Stated objectively, the reply brief in question contained: (1) a caption page containing no

text, with no page number at the bottom; (2) six pages of briefing; (3) a signature page

containing no text; and (4) a page containing a Certificate of Service and no text. The Court,

apparently applying the pagination that results from electronic filing (showing it to be nine

pages) described it as such. However, substantively, COP respectfully contends that no lawyer

practicing before this Court would call this a nine page brief. Counsel acknowledges that the

appearance of the signature block on the seventh page could lead to the characterization of the

brief as a seven page brief, but we believe the better view is that the page limit refers to the

actual text of the brief. Even if a seven page brief, this could have been dealt with in a footnote

advising counsel that the signature block must be contained on the sixth page, as the Court did in

its August 28 order.

Within the past several years, undersigned counsel have filed briefs in this Court in which

no text appears on the caption page, which is not paginated. We have also seen this done by

DEFENDANT'S MOTION FOR RECONSIDERATION OF
SANCTION ORDER - 6
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

opposing counsel. In such circumstances, this was done for the obvious reason that counsel

needed to maximize the available space in the brief, which was at the page limit. In all such

circumstances, the briefs were accepted by this Court without adverse comment. COP respects

the right of this Court to find such practices outside of the intent of the page limits. However,

the local rules do not preclude this, and in our experience, it has been done relatively routinely.

Second, as to the inclusion of the certificate of service within the page limit, we

respectfully suggest that it would come as a shock to members of the local bar if they were

informed that certificates of service were included within the page limits. Nothing in the local

rules suggests this and it is form over substance. Although our firm's historic practice is to

include the certificate of service with the brief, we will now file it separately. The fact that a

certificate of service can be filed as a separate document demonstrates it is not an integral part of

the brief, and should not be included in the page limits.

### III.    CONCLUSION

For the reasons stated above, COP respectfully requests that the Court vacate the sanction

Order, vacate the portion of its Order on the clergy-penitent motion that struck pages of the

opening brief, reconsider the Court's rulings in light of the material now part of the record, and

direct the Clerk to return to undersigned counsel a check in the amount of the sanctions.

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 28th day of September, 2006.

**GORDON MURRAY TILDEN LLP**

By _____

    Charles C. Gordon, WSBA #1773
    Jeffrey I. Tilden, WSBA #12219
    Michael Rosenberger, WSBA #17730
    Attorneys for Defendant The Corporation of the
    President of The Church of Jesus Christ of
    Latter-Day Saints

DEFENDANT'S MOTION FOR RECONSIDERATION OF
SANCTION ORDER - 8
No. 04-2338 RSM

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292