The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| KENNETH FLEMING, JOHN DOE, R.K., and T.D., <br><br> Plaintiffs, <br><br> v. <br><br> THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH"; LDS SOCIAL SERVICES a/d/a LDS, a Utah corporation, <br><br> Defendants. | NO. 04-2338 RSM <br><br> SPECIAL VERDICT FORM PROPOSED BY DEFENDANT (REVISED) |

We, the jury, answer the questions submitted by the court as follows:

QUESTION 1: Did Plaintiff Robert Kelly commence this action within the period of time required by law?

ANSWER:   Yes _____          No _____

(INSTRUCTION: If you answered Question 1 "yes", go to question 2. If you answered Question 1 "no," sign this verdict form).

---

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT
(REVISED) - 1
No. 04-2338 RSM

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

QUESTION 2: Were any of the following negligent?

(Answer "yes" or "no" after the name of the defendant and the name of each entity not party to this action.)

ANSWER:

|  | Yes | No |
|---|---|---|
| Defendant Church | | |
| Non-Party Dr. Herman Allenbach | | |
| Non-Party Dorothy Kelly | | |
| Non-Party Jerry Kelly | | |

(INSTRUCTION: If you answered Question 2 "no" as to the defendant, sign this verdict form. If you answered Question 2 "yes" as to the defendant, go to Question 3.)

QUESTION 3: Was such negligence a proximate cause of injury to the plaintiff?

(Answer "yes" or "no" after the name of the defendant and each non-party, if any, to which you answered "yes" in Question 2.)

ANSWER:

|  | Yes | No |
|---|---|---|
| Defendant Church | | |
| Non-Party Dr. Herman Allenbach | | |
| Non-Party Dorothy Kelly | | |
| Non-Party Jerry Kelly | | |

(INSTRUCTION: If you answered Question 3 "no" as to the defendant, sign this verdict form. If you answered Question 3 "yes" as to the defendant, go to Question 4.)

QUESTION 4: Did Mr. Loholt's abuse of plaintiff occur prior to February 1972?

ANSWER:   Yes _____        No _____

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT (REVISED) - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

QUESTION 5: Was Dr. Herman Allenbach an agent of defendant acting within the scope of his authority with respect to his acts or omissions regarding Mr. Loholt?

ANSWER:     Yes _____          No _____

(INSTRUCTION: If you answered Question 5 "yes", go to Question 6. If you answered Question 5 "no", go to Question 7.)

QUESTION 6: Assume that 100% represents the total combined negligence that proximately caused the plaintiff's injury. What percentage of this 100% is attributable to the defendant and what percentage of this 100% is attributable to each non-party, if any, whose fault was found by you in Question 3 to have been a proximate cause of the injury to the plaintiff? Your total must equal 100%.

ANSWER:

| | |
|---|---|
| To Defendant Church | _____ % |
| To Non-Party Dorothy Kelly | _____ % |
| To Non-Party Jerry Kelly | _____ % |
| **TOTAL** | **100%** |

(INSTRUCTION: Skip Question 7 and go to Question 8).

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT (REVISED) - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

QUESTION 7: Assume that 100% represents the total combined negligence that proximately caused the plaintiff's injury. What percentage of this 100% is attributable to the defendant and what percentage of this 100% is attributable to each non-party, if any, whose fault was found by you in Question 3 to have been a proximate cause of the injury to the plaintiff? Your total must equal 100%.

ANSWER:

| | |
|---|---|
| To Defendant Church | _____% |
| To Non-Party Dr. Herman Allenbach | _____% |
| To Non-Party Dorothy Kelly | _____% |
| To Non-Party Jerry Kelly | _____% |
| **TOTAL** | **100%** |

QUESTION 8: What do you find to be the plaintiff's amount of damages?

ANSWER: $_____

QUESTION 9: What percentage of the damages in your answer to Question No. 8 do you find were caused by negligent conduct and what percentage were caused by Mr. Loholt's intentional conduct? (Your total must add up to 100%)

ANSWER:

    Negligent     _____%
    Intentional   _____%
    **Total**     **100%**

(INSTRUCTION: Sign this verdict form and notify the bailiff.)

DATE: _____        _____
                                Presiding Juror

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT
(REVISED) - 4
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292


...


**Defendant's Authority**: Defendant's proposed special verdict form adapts the pattern verdict form in WPI 45.21 to the facts of this case. Two added questions, 4 and 5, merit some explanation. If the Court does not grant Defendant's directed verdict motion that Dr. Allenbach is *not* an agent as a matter of law, Question 5 is necessary because the Court and the parties must know whether the jury finds him to be an agent. The outcome of the answer to Question 5 determines which question the jury must then answer, questions that contain a different list of entities to whom the jury can assign a percentage of fault. *Cf.*, Questions 6 and 7. If Dr. Allenbach is an agent, then he is no different than any other agent of COP and the jury could not assign him a percentage of fault separate from that of the Church (see Question 6). That is, in event of his agency, the Church would be legally responsible for his negligence and to assign him fault separately would be "double counting." On the other hand, if he is not an agent, he is a person to whom the jury can assign fault (see Question 7).

Question 4 is included for reasons of judicial efficiency. Having this answer may eliminate a trial in the event of an appeal and reversal. For example, if the jury finds in favor of plaintiff based solely on agency of Dr. Allenbach, and the Ninth Circuit later rules that Dr. Allenbach was not an agent as a matter of law, then there would be no fact issue to retry if the jury has found that the abuse preceded February 1972. If the abuse preceded notice to COP regarding Mr. Loholt, COP would not have owed plaintiff a duty.

As to Plaintiff's proposed verdict form, it is objectionable for numerous reasons. First, it deviates significantly from the relevant pattern verdict form, WPI 45.21, without justification. Second, the form of the questions is improper. Instead of asking the relevant question, "was defendant negligent," it contains a series of questions that repetitively pose the negligence issue in argumentative terms. Third, Question 5 introduces an issue—failure to train—on which there

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT (REVISED) - 5
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

will be no testimony in this case. Plaintiff has no liability expert with regard to the standard of care, circa 1972, regarding training of clergy on matters of sexual abuse. Fourth, Question 7 asks whether the parties had a special relationship which gave rise to a duty; this is a question of law, not fact. Fifth, plaintiff omits Dr. Herman Allenbach as a non-party who can be found negligent. Plaintiff is free to argue Dr. Allenbach was an agent, but if the jury disagrees he needs to be listed as a non-party at fault. Sixth, as set forth in WPI 45.21, the negligence (or not) of defendant and the non-parties is determined in the same question. Seventh, Question 13 is improper for the reasons discussed in COP's objections to Plaintiff's proposed instruction number 3 on burden of proof. If the jury were to find defendant negligent, this question would necessarily have been answered "yes," and the instruction's imposition of a burden of proof on defendant is inconsistent with *Tegman* and this Court's ruling on the *Tegman* motion.

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT
(REVISED) - 6
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292