The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ROBERT KELLY,<br><br>          Plaintiff,<br><br>   v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/k/a "MORMON CHURCH",<br><br>          Defendant. | NO. 04-2338 RSM<br><br>SPECIAL VERDICT FORM PROPOSED BY DEFENDANT (REVISED) |

We, the jury, answer the questions submitted by the court as follows:

QUESTION 1: Did Plaintiff Robert Kelly commence this action within the period of time required by law?

ANSWER:   Yes _____      No _____

(INSTRUCTION: If you answered Question 1 "yes", go to question 2. If you answered Question 1 "no," sign this verdict form).

QUESTION 2: Were any of the following negligent?

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT
(REVISED) - 1
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

(Answer "yes" or "no" after the name of the defendant and the name of each entity not party to this action.)

ANSWER:

|  | Yes | No |
|---|---|---|
| Defendant Church | \_\_\_\_\_ | \_\_\_\_\_ |
| Non-Party Dr. Herman Allenbach | \_\_\_\_\_ | \_\_\_\_\_ |
| Non-Party Dorothy Kelly | \_\_\_\_\_ | \_\_\_\_\_ |
| Non-Party Jerry Kelly | \_\_\_\_\_ | \_\_\_\_\_ |

(INSTRUCTION: If you answered Question 2 "no" as to the defendant, sign this verdict form. If you answered Question 2 "yes" as to the defendant, go to Question 3.)

QUESTION 3: Was such negligence a proximate cause of injury to the plaintiff?

(Answer "yes" or "no" after the name of the defendant and each non-party, if any, to which you answered "yes" in Question 2.)

ANSWER:

|  | Yes | No |
|---|---|---|
| Defendant Church | \_\_\_\_\_ | \_\_\_\_\_ |
| Non-Party Dr. Herman Allenbach | \_\_\_\_\_ | \_\_\_\_\_ |
| Non-Party Dorothy Kelly | \_\_\_\_\_ | \_\_\_\_\_ |
| Non-Party Jerry Kelly | \_\_\_\_\_ | \_\_\_\_\_ |

(INSTRUCTION: If you answered Question 3 "no" as to the defendant, sign this verdict form. If you answered Question 3 "yes" as to the defendant, go to Question 4.)

QUESTION 4: Did Mr. Loholt's abuse of plaintiff occur prior to February 1972?

ANSWER:   Yes _____       No _____

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT
(REVISED) - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

QUESTION 5: Was Dr. Herman Allenbach an agent of defendant acting within the scope of his authority with respect to his acts or omissions regarding Mr. Loholt?

ANSWER:   Yes _____        No _____

(INSTRUCTION: If you answered Question 5 "yes", go to Question 6. If you answered Question 5 "no", go to Question 7.)

QUESTION 6: Assume that 100% represents the total combined negligence that proximately caused the plaintiff's injury. What percentage of this 100% is attributable to the defendant and what percentage of this 100% is attributable to each non-party, if any, whose fault was found by you in Question 3 to have been a proximate cause of the injury to the plaintiff? Your total must equal 100%.

ANSWER:

| | |
|---|---|
| To Defendant Church | ____ % |
| To Non-Party Dorothy Kelly | ____ % |
| To Non-Party Jerry Kelly | ____ % |
| **TOTAL** | **100%** |

(INSTRUCTION: Skip Question 7 and go to Question 8).

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT (REVISED) - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

QUESTION 7: Assume that 100% represents the total combined negligence that proximately caused the plaintiff's injury. What percentage of this 100% is attributable to the defendant and what percentage of this 100% is attributable to each non-party, if any, whose fault was found by you in Question 3 to have been a proximate cause of the injury to the plaintiff? Your total must equal 100%.

ANSWER:

| To Defendant Church | _____ % |
|---|---|
| To Non-Party Dr. Herman Allenbach | _____ % |
| To Non-Party Dorothy Kelly | _____ % |
| To Non-Party Jerry Kelly | _____ % |
| **TOTAL** | **100%** |

QUESTION 8: What do you find to be the plaintiff's amount of damages?

ANSWER: $ _____

QUESTION 9: What percentage of the damages in your answer to Question No. 8 do you find were caused by negligent conduct and what percentage were caused by Mr. Loholt's intentional conduct? (Your total must add up to 100%)

ANSWER:

    Negligent    _____ %
    Intentional    _____ %
    **Total**    **100%**

(INSTRUCTION: Sign this verdict form and notify the bailiff.)

DATE: _____          _____
                                                  Presiding Juror

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT (REVISED) - 4
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

**Defendant's Authority**: Defendant's proposed special verdict form adapts the pattern verdict form in WPI 45.21 to the facts of this case. Two added questions, 4 and 5, merit some explanation. If the Court does not grant Defendant's directed verdict motion that Dr. Allenbach is *not* an agent as a matter of law, Question 5 is necessary because the Court and the parties must know whether the jury finds him to be an agent. The outcome of the answer to Question 5 determines which question the jury must then answer, questions that contain a different list of entities to whom the jury can assign a percentage of fault. *Cf.*, Questions 6 and 7. If Dr. Allenbach is an agent, then he is no different than any other agent of COP and the jury could not assign him a percentage of fault separate from that of the Church (see Question 6). That is, in event of his agency, the Church would be legally responsible for his negligence and to assign him fault separately would be "double counting." On the other hand, if he is not an agent, he is a person to whom the jury can assign fault (see Question 7).

Question 4 is included for reasons of judicial efficiency. Having this answer may eliminate a trial in the event of an appeal and reversal. For example, if the jury finds in favor of plaintiff based solely on agency of Dr. Allenbach, and the Ninth Circuit later rules that Dr. Allenbach was not an agent as a matter of law, then there would be no fact issue to retry if the jury has found that the abuse preceded February 1972. If the abuse preceded notice to COP regarding Mr. Loholt, COP would not have owed plaintiff a duty.

As to Plaintiff's proposed verdict form, it is objectionable for numerous reasons. First, it deviates significantly from the relevant pattern verdict form, WPI 45.21, without justification. Second, the form of the questions is improper. Instead of asking the relevant question, "was defendant negligent," it contains a series of questions that repetitively pose the negligence issue in argumentative terms. Third, Question 5 introduces an issue—failure to train—on which there

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT
(REVISED) - 5
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

will be no testimony in this case. Plaintiff has no liability expert with regard to the standard of care, circa 1972, regarding training of clergy on matters of sexual abuse. Fourth, Question 7 asks whether the parties had a special relationship which gave rise to a duty; this is a question of law, not fact. Fifth, plaintiff omits Dr. Herman Allenbach as a non-party who can be found negligent. Plaintiff is free to argue Dr. Allenbach was an agent, but if the jury disagrees he needs to be listed as a non-party at fault. Sixth, as set forth in WPI 45.21, the negligence (or not) of defendant and the non-parties is determined in the same question. Seventh, Question 13 is improper for the reasons discussed in COP's objections to Plaintiff's proposed instruction number 3 on burden of proof. If the jury were to find defendant negligent, this question would necessarily have been answered "yes," and the instruction's imposition of a burden of proof on defendant is inconsistent with *Tegman* and this Court's ruling on the *Tegman* motion.

**Plaintiff's Objections/Argument in Support of Plaintiff's Verdict Form:**

**Questions 1-6 of Plaintiff's Revised Proposed Verdict Form: (Formerly Plaintiff's Questions 1-8).** Plaintiff's verdict form demonstrates, in plain language, the various methods by which the defendant can be liable for plaintiff's injuries or damages. To ask the jury to determine "negligence" based on a single question of "were any of the following negligent" does not provide any guidance to the jury for the determination of what is negligent conduct. In contrast to defendant's proposed verdict form, Plaintiff's proposed verdict form contains a question on each of the plaintiff's theories in this case. Plaintiff should be permitted to argue all of his theories of liability to the jury. *See, e.g., Dang v. Gilbert Cross,* 422 F.3d 800, 804-05 (9th Cir. 2004). Furthermore, asking a global "negligence" question is contrary to the principal that jury instructions should be written in plain language which is easily understood by the average juror. *See, e.g.,* 9th Cir. Pattern Instructions, Introductory Comment to Preliminary Instructions

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT
(REVISED) - 6
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

("preliminary jury instructions are intended to give the jury, briefly **and in understandable language,** information to make the trial more meaningful." (emphasis added)); *see, also Gulliford v. Pierce County,* 136 F.2d 1345, 1348 (9th Cir. 1998) ("jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading.")

Furthermore, practical considerations govern allowing the jury to find liability on the separate theories. Defendant has made it clear that it intends to appeal this Court's ruling that violation of the mandatory reporting statute creates an implied cause of action. Plaintiff believes the Court ruled correctly. However, as of this date, no appellate court has made that determination. In the event the 9th Circuit determines that an implied cause of action was not created, the absence of knowing the basis for the jury's imposition of liability will, of necessity, require a re-trial. In contrast, a re-trial will not be necessary if, for instance, the jury determines COP's liability based on common law principles.

**Question Nos. 7-8 of Plaintiff's Original Proposed Verdict Form:** Withdrawn.

**Question No. 6 of Plaintiff's Proposed Verdict Form (Revised):** There was extensive testimony from Randall Borland about the lack of training on the issue of the duty to report known instances of child abuse. Bishop Borland specifically testified that he received no formal training, could not recall what, if any, literature he received on how to deal with complaints of child sexual abuse, did not know he was a mandatory reporter, received no training on interviewing or investigating complaints of childhood sexual abuse, etc. The record is clear that he received no training with regard to sexual abuse and how to deal with complaints thereof. This testimony was not of such a nature that an expert witness need to explain the issue to the jury. The determination of whether the Mormon Church did, or did not, provide training to its

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT
(REVISED) - 7
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

clergy members is not beyond the common understanding of jurors. FRE 702 provides, in pertinent part, "if scientific, technical or other specialized knowledge will assist the trier of fact to understanding the evidence. . . ." An expert is not necessary when the subject matter is within the common experience of jurors or is not beyond the common understanding of jurors. In fact, when the jury does not need the assistance of an expert to understand an issue, an expert should be excluded because the aura of expertise may cause the jury to place too much reliance on the testimony. *Tegland,* COURTROOM HANDBOOK ON WASHINGTON EVIDENCE, Rule 702, pg. 341 (2006).

Here, the testimony was that the Mormon Church provided absolutely no training to its clergy members on the duty to report. An expert was simply not necessary.

**Defendant's Proposed Question re: Allenbach as an negligent party:** Asking the jury to impose a percentage of liability prior to determining whether COP is responsible for Allenbach's conduct is illogical and will be confusing to the jury. Furthermore, these are the <u>court's</u> instructions to the jury and, as a consequence, the instruction carry the weight of the Court. Asking the jury to determine negligence prior to determine whether COP is responsible for Allenbach's conduct is suggestive that COP is not, in fact, responsible. However, plaintiff concedes that the jury must determine whether Allenbach was acting an agent for COP during relevant times and the Plaintiff's Proposed Special Verdict Form (Revised) contains such a question.

***Tegman* argument:** Defendant's argument changes *Tegman* from a rule requiring segregation of damages arising from negligent conduct from damages arising from intentional conduct into an "intervening and superseding cause" argument. Furthermore, the jury is not allocate a **percentage** of damages between negligent and intentional tortfeasors. Instead, the

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT
(REVISED) - 8
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

jury is to allocate the **amount** of damages because the negligent and intentional tortfeasors. *See, e.g., Tegman,* 150 Wn.2d at 118-119. Plaintiff's Proposed Special Verdict Form (Revised) more accurately reflects that distinction.

**Statute of Limitations Question:** The statute of limitations for a claim based on childhood sexual abuse is triggered when the victim **subjectively** makes the connection between the abuse and his or her harm. *Hollman v. Corcoran,* 89 Wn. App. 323, 949 P.2d 386 (1997) (the limitations period is tolled until the "victim of childhood sexual abuse *in fact* discovers the causal connection between the defendant's acts and the injuries for which the claim is brought." *Id.* (emphasis added). Furthermore, the Washington Supreme Court has held that in enacting this statute the Legislature "specifically provided for a broad and generous application of the discovery rule to civil actions for injuries caused by childhood sexual abuse." *C.J.C. v. Corporation of Catholic Bishop of Yakima,* 138 Wn.2d 699, 712, 985 P.2d 262 (1999)

Here, the **only** testimony on when Robert Kelly connected his injuries to the sexual abuse was that of Dr. Conte. Dr. Conte opined that, to this day, Robert Kelly has not made the requisite connection. There is no evidence to the contrary. The Court should determine, as a matter of law, that the statute of limitations has not run on plaintiff's claim and plaintiff will be moving for a directed verdict on that issue. Defendant's proposed Question No. 1 should be stricken.

**Defendant's Proposed Question No. 4:** The defendant is free to argue that Robert Kelly's abuse occurred prior to the time COP received notice that Loholt was a pedophile. If so, the jury will find against the plaintiff. However, making a specific inquiry as to when plaintiff's abuse occurred places too much emphasis on defendant's theory of the case. Furthermore, defendant has no valid basis for including such a question and, instead, admits that it is doing so

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT
(REVISED) - 9
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

solely for the purpose of having to avoid re-trial in the event of (a) an appeal and (b) a reversal. The question should not be asked.

SPECIAL VERDICT FORM PROPOSED BY DEFENDANT
(REVISED) - 10
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292