THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – AT SEATTLE

R.K.,

          Plaintiff,

vs.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole;

          Defendants.

NO. 04-2338 RSM

PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

| No. | Title | Source | Page No. | Party |
|---|---|---|---|---|
| 39 | Volunteer as Agent | *C.J.C. v. Corp. of Catholic Bishop*, 138 Wn.2d 699 (1999) | 3 | Plaintiff |
| 40 | Agency – Right of Control | *Abel v. The Firs Bible Missionary Conf.*, 57 Wn.2d 853 (1961) | 5 | Plaintiff |

GORDON THOMAS HONEYWELL MALANCA
PETERSON & DAHEIM, LLP

By _____
Michael T. Pfau, WSBA No. 2835324649
mpfau@gth-law.com
Michelle A. Menely, WSBA No. 28353
mmenely@gth-law.com
Co-Counsel for Plaintiff

PLTF.'S PROPOSED SUPPLEMENTAL INSTRUCTIONS - 1 of 7
(04-2338RSM)
[Pl's Supplemental Jury Instructions.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

LAW OFFICES OF TIMOTHY D. KOSNOFF

By _/s/ Michelle Busby_
    for Timothy D. Kosnoff, WSBA No. 16586
    timkosnoff@comcast.net
    Co-Counsel for Plaintiff

PLTF.'S PROPOSED SUPPLEMENTAL INSTRUCTIONS - 2 of 7
(04-2338RSM)
[Pl's Supplemental Jury Instructions.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## PROPOSED INSTRUCTION NO. 39
## VOLUNTEER AS AGENT

### PROPOSED BY PLAINTIFF

A church may be held liable for the negligence of volunteers acting in an agency capacity.

**Plaintiff's Authority/Objection:**

Evidence has been presented demonstrating that Herman Allenbach was a volunteer with the Mormon Church. The jury must be advised that actual employment is not a prerequisite to establishing an agency relationship.

**Defendant's Objections:**

Defendant objects to any instructions on agency as it believes this Court should grant directed verdict on this issue.

If the question of Dr. Allenbach's agency does get presented to the jury, the proposed instruction should not be given because it does not correctly state the law. The Church disputes that Dr. Allenbach's actions occurred within the scope of his authority, if any, and this instruction fails to instruct that the act or omission in question must have been committed within the scope of the agent's authority. The instruction suggests, incorrectly, that the jury could find liability based solely on the existence of agency. This is plainly incorrect and inconsistent with WPI 50.07, cited in Defendant's Proposed Instruction No. 13.

Moreover, the proposed instruction is superfluous. Agreed Instruction 30 explicitly states that volunteers may be agents: "One may be an agent even though he receives no payment for services." The *effect* of agency is covered in Defendant's Proposed Instruction

PLTF.'S PROPOSED SUPPLEMENTAL INSTRUCTIONS - 3 of 7
(04-2338RSM)
[Pl's Supplemental Jury Instructions.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

No. 13: "If you find that Dr. Allenbach was the agent of the defendant and was acting within the scope of authority, then any act or omission of Dr. Allenbach was the act or omission of the defendant." WPI 50.07. "[I]t is not error to reject a theory-of-the-case instruction if the other instructions in their entirety cover" plaintiff's theory. *Brewer v. City of Napa*, 210 F.3d 1093, 1097 (9th Cir. 2000), quoting *United States v. Lawrence*, 189 F.3d 838, 843 (9th Cir. 1999). Plaintiff may argue his theory through other instructions from the Washington Pattern Instructions.

*C.J.C. v. Corp. of Catholic Bishop,* 138 Wn.2d 699, 720, n. 10, (1999).

PLTF.'S PROPOSED SUPPLEMENTAL INSTRUCTIONS - 4 of 7
(04-2338RSM)
[Pl's Supplemental Jury Instructions.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## PROPOSED INSTRUCTION NO. 40
## AGENCY – RIGHT OF CONTROL NOT REQUIRED
## PROPOSED BY PLAINTIFF

While agency can be inferred from the right of control, right of control, is not a necessary prerequisite to find an agency relationship has been established. Instead if the agent is acting in furtherance of the principal's objectives, an agency relationship may be established.

**Plaintiff's Authority/Objection:**

Evidence has been presented demonstrating that Herman Allenbach was a volunteer with the Mormon Church and that his actions occurred in furtherance of the Mormon Church's business. The jury must be advised that despite the fact that the Church did not have complete control over Allenbach's activities, if Allenbach was acting in furtherance of the Mormon Church's business, an agency relationship may be established.

**Defendant's Objections:**

This instruction comes from an infrequently cited 45-year old case, and the instruction should be rejected because it: (1) is inconsistent with the WPI; (2) inconsistent with more recent Washington caselaw; and (3) is confusing because it blurs two distinct concepts, the existence of agency and scope of authority.

1. <u>The WPI</u>. The parties have submitted an agreed instruction on the definition of agency, which instruction precisely tracks the language of the relevant WPI. In relevant part, the agreed instruction says "an agent is a person . . . who is subject to the principal's

PLTF.'S PROPOSED SUPPLEMENTAL INSTRUCTIONS - 5 of 7
(04-2338RSM)
[Pl's Supplemental Jury Instructions.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

control or right to control the manner and means of performing the services." The proposed instruction contradicts the WPI.

  2. <u>Subsequent caselaw</u>: The right to control is critical to establishing agency.

> In the leading case of *Hollingbery v. Dunn*, 68 Wn.2d 75, 411 P.2d 431 (1966), we said that this characterization is essentially a question of law but where the facts are in dispute or susceptible of more than one interpretation, then the relationship must be characterized by the trier of the facts. The factors to be considered are listed in the Restatement (Second) of Agency § 220(2) (1958) and the most crucial factor is the right to control the details of the work. *When a superior business party has retained no right of control and there is no reason to infer a right of control over a subordinate business party, then he cannot be held liable for the negligent acts of the subordinate party.*

*Larner v. Torgerson Corp.*, 93 Wn.2d 801, 804-805 (1980) (emphasis added).

  3. <u>Tendency to confuse</u>: The proposed instruction confuses the existence of agency with the separate issue of scope of authority. The "acting in furtherance of" language relates to scope of authority, and is contained in Defendant's proposed instruction No. 10, which is based on WPI 50.02.

*C.J.C. v. Corp. of Catholic Bishop*, 138 Wn.2d 699, 720, n. 10 (1999); *Abel v. The Firs Bibl Missionary Conf.*, 57 Wn.2d 853, 855, 360 P.2d 356 (1961) ("While agency can be inferred from the right of control, it is still only evidence of an agency. Here there is no dispute that the act in question was performed in fulfillment of the [principal's business].")

PLTF.'S PROPOSED SUPPLEMENTAL INSTRUCTIONS - 6 of 7
(04-2338RSM)
[Pl's Supplemental Jury Instructions.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2006, I electronically filed the foregoing Plaintiff's Supplemental Proposed Jury Instructions with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Charles C. Gordon
>Jeffrey I. Tilden
>Michael Rosenberger
>GORDON MURRAY TILDEN
>1001 4TH AVE, STE 4000
>SEATTLE, WA 98154
>206-467-6477
>Email: cgordon@gmtlaw.com; jtilden@gmtlaw.com; mrosenberger@gmtlaw.com

*Bernadette Lovell* (signature)
Bernadette Lovell, Legal Assistant to
Michelle A. Menely

PLTF.'S PROPOSED SUPPLEMENTAL INSTRUCTIONS - 7 of 7
(04-2338RSM)
[Pl's Supplemental Jury Instructions.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575