The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| R.K.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br><br>　　　　Defendant. | NO. 04-2338 RSM<br><br>DEFENDANT'S PROPOSED JUDICIAL NOTICE INSTRUCTION RE: AMENDED COMPLAINT AND ALLENBACH COMPLAINT |

Defendant requests that the attached Judicial Notice Instruction be read during the presentation of defendant's case.

DATED this _10_ day of October, 2006.

**GORDON MURRAY TILDEN LLP**

By ___/s/ Michael Rosenberger___
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the President of The Church of Jesus Christ of Latter-Day Saints

---

DEFENDANT'S PROPOSED JUDICIAL NOTICE
INSTRUCTION RE: AMENDED COMPLAINT AND
ALLENBACH COMPLAINT - 1

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

### JUDICIAL NOTICE OF COMPLAINT FOR DAMAGES AGAINST ALLENBACH AND COMPLAINT IN THIS CASE

The Court has decided to accept as proved the following facts:

- On June 1, 2006, Robert Kelly filed a Complaint for Damages against the Estate of Herman M. Allenbach and Veloy S. Allenbach, his wife, in King County Superior Court. The cause number of the action is 06-2-18132-8, pending before the Honorable Christopher A. Washington.

- The Complaint alleges in paragraph 3.7 that in approximately 1970 or 1971, Mr. Kelly's brother disclosed to the Kelly parents that Loholt had masturbated and ejaculated in front of him.

- The Complaint alleges in paragraph 3.8 that the Kelly parents confronted the Allenbachs in their home about Loholt, that Dr. Allenbach attempted to calm the Kelly parents and assured them that he would "take care of it," and that despite this warning, Veloy Allenbach and Dr. Herman Allenbach failed to report Loholt to civil authorities and continued to allow Loholt to reside for several years in their home and later in a trailer located adjacent to their property.

- Mr. Kelly is represented in that lawsuit by the same counsel representing him in this proceeding.

The Court has also decided to accept as proved the following fact:

- Mr. Kelly's Complaint in this case was filed March 28, 2005.

- Paragraph 3.7 of that Complaint alleges that in approximately 1970-71, Loholt masturbated and ejaculated in front of boys. Plaintiff's parents later complained to Dr. Allenbach. Allenbach told them he would "take care of it."

9th Cir. Model Civ. Jury Instr. 2.5 (mod.)

**Defendant's Authority:** As set forth in its Trial Brief, Defendant contends that Plaintiff's allegation in his Complaint in this case that the abuse occurred in "approximately 1970-1971" is more than relevant—it is a judicial admission binding upon plaintiff. However,

DEFENDANT'S PROPOSED JUDICIAL NOTICE
INSTRUCTION RE: AMENDED COMPLAINT AND
ALLENBACH COMPLAINT - 2

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

for present purposes, assuming the Court does not dismiss plaintiff's claim, then this allegation is at least relevant to the question of the timing of the abuse and the jury should be so advised. The allegations in the new *Estate of Allenbach* complaint are relevant for the same reason— plaintiff has, once again, alleged that the abuse occurred prior to any notice to the church. The allegations in this new complaint are plainly relevant and are the proper subject of judicial notice because the Superior Court filing is, according to the test cited by plaintiff, "capable of accurate and ready determination."

As to Plaintiff's objections to this instruction, COP responds as follows:

Plaintiff objects, first, on the ground that allegations in question are "disputed substantive allegations." However, whether plaintiff is now contradicting his own factual allegations is irrelevant. The requested jury instruction does not instruct that the jury must accept the allegations as true, but simply instructs the jury that *plaintiff made them*. If the instruction is given, it remains for the jury to determine what weight to give this evidence.

Second, plaintiff objects that advising the jury of the *Estate of Allenbach* allegations is unfairly prejudicial because plaintiff would be "placed in the position of having to explain" why he is suing the purported agent of the Church, Dr. Allenbach. COP sees no prejudice to plaintiff if he chooses not to explain this, nor any prejudice if he chooses to do so. Plaintiff's bare allegation of prejudice does not make it so. Plaintiff also complains that the instruction introduces a new "at fault" entity, Veloy Allenbach. However, no jury instruction will ask the jury to determine Mrs. Allenbach's fault, and COP's proposed verdict form does not ask the jurors to assign fault to Mrs. Allenbach. The objection is without merit.

Finally, the Court should decline to give Plaintiff's requested instruction regarding the portion of COP's Answer regarding Dr. Allenbach. As the Court knows, this action originally

DEFENDANT'S PROPOSED JUDICIAL NOTICE
INSTRUCTION RE: AMENDED COMPLAINT AND
ALLENBACH COMPLAINT - 3

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

had four plaintiffs. Those other plaintiffs were abused long after the abuse of plaintiff R.K., and the Complaint included allegations about Loholt's conduct through 1980. *See*, Amended Complaint ¶¶ 3.9 (alleging complaints to Bishop Borland in 1971- 1973) and 3.12 ("For the next <u>seven</u> years, Loholt sodomized and molested young boys") (emphasis added). Thus, the "relevant period" for purposes of the Complaint and Answer extended through the late-1970s and even past 1980.

Whatever volunteer positions Dr. Allenbach may have had during the late-1970s are irrelevant to this action, which focuses on the period prior to 1973. Plaintiff has presented absolutely <u>no</u> evidence that Dr. Allenbach was in the bishopric or was involved in Scouting; in fact, the testimony has been expressly to the contrary. Hence, plaintiff's requested instruction should not be given because COP's admissions as to later periods are irrelevant, and it would be inaccurate and misleading to give plaintiff's requested instruction.

**Defendant's Objection:**

1.   **The Defendant's proposed "evidence" does not meet the standards for judicial notice.**

Defendant asks this court to take judicial notice of disputed substantive allegations contained in a separate complaint, filed in state court, involving different parties. Under Federal Rules of Evidence (FRE) 201, a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Here, Defendant is obviously aware that the allegations in the *Estate of Allenbach* complaint are not established as verities merely by their inclusion in an initial complaint.

DEFENDANT'S PROPOSED JUDICIAL NOTICE
INSTRUCTION RE: AMENDED COMPLAINT AND
ALLENBACH COMPLAINT - 4

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Moreover, Plaintiff has already responded to the Defendant's proposed "judicial notice" instruction in the Joint Disputed Jury Instruction (Proposed Instruction No. 38) as follows:

> This "fact" is wholly disputed. The language in plaintiff's complaint was pled prior to discovery and contradicts witness testimony, including the plaintiff's own testimony. For these reasons, it should, therefore, not be given as an instruction to the jury. The drafting of the complaint does not render the "fact" stipulated, especially in "notice" pleading. To consider this fact stipulated would be prejudicial to plaintiff.

The Plaintiff utilized the "notice" pleading rules in the *Estate of Allenbach* complaint and alleged that incidents occurred in "approximately" 1970 or 1971. Simply because the Plaintiff did not amend the initial pleading does not render the time of the abuse an undisputed "fact" on which the Court should advise the jury. There has been testimony in the case as to when the abuse occurred. This is a question of fact for the jury to decide.

**2. Introducing allegations from the *Estate of Allenbach* complaint is unfairly prejudicial, and will confuse and mislead the jury.**

The evidence that Defendant is attempting to admit is confusing to the jury and overly prejudicial to the Plaintiff in violation FRE 403. The *Estate of Allenbach* action seeks damages independent of the damages sought against the Mormon Church. It is well established that an agent can be held independently liable for his or her own actions. Here, the Plaintiff believes that Herman Allenbach was an agent of the Church, and as such, may be independently liable for his own actions. *Monty v. Peterson,* 85 Wn.2d 956, 540 P.2d 1377 (1975). Plaintiff should not be placed in the position of having to explain this irrelevant fact to the jury in this case.

Moreover, introducing the *Estate of Allenbach* complaint introduces a new at-fault entity. Veloy Allenbach is a defendant in the *Estate of Allenbach* action. However, the Defendant here has never sought to name Veloy Allenbach as a potentially at-fault party in this case. Defendant

DEFENDANT'S PROPOSED JUDICIAL NOTICE
INSTRUCTION RE: AMENDED COMPLAINT AND
ALLENBACH COMPLAINT - 5

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

should not be able to "back door" in a new at-fault entity the day before this matter is scheduled to go to the jury.

### 3. The Court should take judicial notice of Defendant's admissions here.

The Plaintiff requests that the Court take judicial notice of facts that are alleged by the Plaintiff and admitted by the Defendant in this case. The Plaintiff alleged in the complaint the following:

> DR. HERMAN M. ALLENBACH was at relevant times a High Priest, Bishopric Counselor and Scout leader in the Kent 2nd Ward of the Church of Jesus Christ of Latter-day Saints and he was their agent. . . . [1]

In answering the Complaint, the Defendant denied that Allenbach was its agent but admitted that Allenbach was a high priest, bishopric counselor and scout leader stating, in pertinent part:

> Answering paragraph 1.12 of plaintiffs' Amended Complaint, defendants admit that Herman M. Allenbach, as a male member of the church, participated in the lay priesthood of the church, as that term is defined and understood within the LDS Church, and that Mr. Allenbach had been a high priest, a counselor to the bishopric of the Kent Second Ward, and a scout leader. . . . [2]

This admission by the Defendant is an established fact and the jury should be so advised.

---

[1] Plaintiff's Amended Complaint, ¶1.12 (Dkt. No. 29).
[2] Defendant's Answer to Plaintiff's Amended Complaint, ¶12 (Dkt No. 33).

DEFENDANT'S PROPOSED JUDICIAL NOTICE
INSTRUCTION RE: AMENDED COMPLAINT AND
ALLENBACH COMPLAINT - 6

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

# CERTIFICATE OF SERVICE

I hereby certify that on October  10 , 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. The parties will additionally be served in the manner indicated.

| Michael T. Pfau<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim LLP<br>P.O. Box 1157<br>Tacoma, WA 98401-1157<br>Telephone:  (206) 676-7500<br>Facsimile:  (206) 676-7575<br>E-Mail:  mpfau@gth-law.com<br><br>( ) Mail     ( ) Hand Delivery<br>( ) Fax      ( ) Federal Express | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff, P.C.<br>600 University Street, Suite 2101<br>Seattle, WA 98101<br>Telephone:  (206) 676-7610<br>Facsimile:  (425) 837-9692<br>E-Mail:  timkosnoff@comcast.net<br><br>( ) Mail     ( ) Hand Delivery<br>( ) Fax      ( ) Federal Express |
|---|---|

**GORDON MURRAY TILDEN LLP**

By /s/ Michael Rosenberger
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the President of The Church of Jesus Christ of Latter-Day Saints
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: mrosenberger@gmtlaw.com

DEFENDANT'S PROPOSED JUDICIAL NOTICE
INSTRUCTION RE: AMENDED COMPLAINT AND
ALLENBACH COMPLAINT - 7

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292



RECEIVED
In King County Superior Court Clerk's Office
JUN 0 1 2006
Superior Section
Superior Court Clerk

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

RK, DF, TD, JA, KF and CWB,

    Plaintiffs,

vs.

VELOY S. ALLENBACH and the ESTATE OF
DR. HERMAN M. ALLENBACH;

    Defendants.

06-2-18132-8 KNT

COMPLAINT FOR DAMAGES

CHRISTOPHER A. WASHINGTON

COME NOW plaintiffs RK, DF, TD, JA, KF and CWB, by and through their undersigned attorneys of record Michael T. Pfau of Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, LLP and Timothy D. Kosnoff, Law Offices of Timothy D. Kosnoff, and hereby state and allege as follows:

## I.   PARTIES

1.1   Plaintiffs RK, DF, TD, JA CWB are adults and at all times relevant hereto were residents of the State of Washington. At all relevant times plaintiffs were children living with their parents in the Kent area.

COMPLAINT FOR DAMAGES - 1 of 8
[162358 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1.2 Dr. Herman Allenbach was a prominent Kent-area oral surgeon and the owner of Northwest Oral Surgery. Allenbach also owned and managed commercial and residential rental properties located throughout south King County. At all relevant times Dr. Allenbach was a resident of King County, Washington. Dr. Allenbach died March 6, 2000. At all relevant times, Dr. Allenbach was a mandatory child abuse reporter under R.C.W. 26.44.030.

1.3 Defendant Estate of Dr. Herman M. Allenbach, 00-4-01191-9 KNT was filed was filed April 14, 2000 in King County, Washington. Brent Allenbach is the personal representative of the Estate of Dr. Herman M. Allenbach.

1.4 Defendant Veloy Allenbach was the wife of Dr. Herman Allenbach. At all relevant times she resided with her husband at 25929 152nd SE, Covington, Washington. Veloy Allenbach is presently a domiciliary of the state of Utah.

1.5 Jack Allen Loholt a/k/a Jack Allen Onofrey, (DOB: 10/13/45) is a twice-convicted, compulsive sexual predator of children. At all relevant times, Loholt was a resident of the State of Washington. Loholt presently resides in La Hache, BC, Canada.

## II.   JURISDICTION AND VENUE

2.1 The subject matter hereof and the parties hereto, is subject to the jurisdiction of the above-entitled court; and that venue is proper.

## III.   FACTS

3.1 On information and belief, Dr. Herman Allenbach and his then-wife, Veloy Allenbach, and Jack Allen Loholt became friends and business associates sometime in the 1960's. Loholt was the Allenbachs' friend, handyman and longtime protégé. Dr. Allenbach and Loholt were Elders in the Mormon Church and served together as Scoutmaster and assistant Scoutmaster in the Kent 2nd Ward of the Mormon Church.

COMPLAINT FOR DAMAGES - 2 of 8
[102358 v1.doc]

GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

3.2    Throughout a period of over twenty years, Loholt lived on various properties owned by or adjacent to property owned by the Dr. and Mrs. Allenbach, including a basement apartment in the Allenbach home and rental properties located on a residential compound owned by Veloy and Dr. Allenbach.

3.3    On information and belief, in approximately 1969 Loholt moved into the downstairs apartment in the Allenbach residence located at 25929 152nd SE, Covington, WA.

3.4    Beginning in approximately 1969, Loholt began sexually abusing the Allenbach children and their children's friends within their home and on other properties owned by the Allenbachs.

3.5    In approximately, 1970, one of the Allenbach children told his parents that Loholt had been sexually abusing him.

3.6    After the son's disclosure, defendants failed to protect their children from Loholt, failed to warn their childrens' friends or parents, failed to warn neighbors and failed to report Loholt to law enforcement. Instead, they continued to give Loholt unfettered access to their children and their children's friends.

3.7    In approximately 1970 or 1971, R.K.'s brother disclosed to his parents that Loholt had masturbated and ejaculated in front of him.

3.8    R.K.'s parents confronted the defendants in their home about Loholt. Dr. Allenbach attempted to calm R.K.'s parents and assured them that he would "take care of it." Despite this warning, Veloy Allenbach and Dr. Herman Allenbach failed to report Loholt to civil authorities, failed to warn other children and parents, including other plaintiffs or their parents and continued to allow Loholt to reside for several years in their home and later in a trailer located adjacent to their property.

COMPLAINT FOR DAMAGES - 3 of 8
[162358 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

3.9 For the next ten years, Loholt continued to sexually abuse numerous other children he came in to contact with through his association with Allenbach family and through the defendants' introduction of Loholt to other victims that were members of the Allenbachs' local ward of the Mormon Church. Loholt's victims included all of the plaintiffs named in this action.

3.10 In approximately 1979 Loholt moved to Canada where he formed a scout troop and molested numerous boys. Loholt was convicted of sexually abusing several boys in Ontario, Canada, and went to prison for those crimes. Following his release from prison in Canada Loholt returned to Kent and again resided on property adjacent to or owned by the defendants Allenbach.

3.11 Between October 1985 and August 1988, C.W.B. and her family rented a residential property owned by defendants Allenbach which was located at 29105 148th Ave SE in Kent. Loholt lived on an adjacent property in a trailer and befriended her family.

3.12 On information and belief, defendants Allenbach knew or should have known that Loholt was a dangerous, serial sexual predator of children with a criminal history of raping children, when it gave him ready access to plaintiffs and/or failed to warn or protect parents or report him to the civil authorities.

3.13 Between October 1985 and August 1988, Loholt subjected C.W.B. to hundreds of acts of sexual abuse. During one incident of sexual abuse, Loholt told C.W.B. that he had had sexually molested more than two-hundred and fifty children.

3.14 C.W.B. disclosed the abuse to her parents in 1990. Loholt was subsequently arrested, prosecuted and convicted of the sexual abuse of C.W.B. in 1991 and was sentenced to prison.

COMPLAINT FOR DAMAGES - 6 of 8
[162358 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## IV. FIRST CAUSE OF ACTION –
## (NEGLIGENCE AND BREACH OF FIDUCIARY DUTY)

4.1 Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this count and further allege:

4.2 Defendants Allenbach had a "special relationship" with each and every plaintiff and with Jack Loholt.

4.3 Defendants Allenbach knew that Loholt was a pedophile who was actively abusing children and had a duty to warn or protect foreseeable victims including plaintiffs.

4.4 Furthermore, at all relevant times, Dr. Herman Allenbach was a mandatory child abuse reporter pursuant to R.C.W. 26.44.

4.5 Defendants breached both the statutorily proscribed duty and the common law duty of reasonable care by failing to report their knowledge of Loholt's sexual abuse of children to civil authorities.

4.6 Defendants breached a common law duty of reasonable care by failing to protect or warn plaintiffs or their parents of Loholt's dangerous propensities.

4.7 Defendants, as owners and/or possessors of the land upon which they knowingly and/or negligently allowed Loholt to groom and sexually abuse children, breached a common law duty to protect plaintiffs from an unreasonable risk of harm arising from Loholt's presence on the properties.

4.8 But for the defendants' breach of duty, acts and omissions Loholt would not have been able to abuse plaintiffs because Loholt would have been arrested, prosecuted and convicted or would have been in prison or under an order of supervision or would otherwise have been publicly identified as a child molester.

COMPLAINT FOR DAMAGES - 5 of 8
[162358 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP

4.9  Defendants know, or in the exercise of reasonable care should have known, that their failure to report Loholt's sexual abuse to appropriate law enforcement or social services agencies and/or to notify plaintiffs' parents and/or to remove Loholt from their properties would result in Loholt sexually abusing innocent children including plaintiffs.

4.10  As a result of the molestation and breach of trust, plaintiffs have suffered and will continue to suffer physical and emotional pain and dysfunction to their general, non-economic damage in an amount to be determined. As a further result of the sexual abuse, each plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

## V. SECOND CAUSE OF ACTION — (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

5.1  Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this count and further allege:

5.2  Defendants knew or should have known that Loholt was a dangerous child molester.

5.3  Defendants further knew or should have known that it was substantially certain that Loholt would continue to sexually abuse children, including plaintiffs, if it failed to warn parents or failed to report Loholt to civil authorities and that such abuse would result in severe emotional distress to the plaintiffs.

5.4  Defendants' conduct was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community, and resulted in severe emotional distress.

COMPLAINT FOR DAMAGES - 6 of 8
0
[162338 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

5.5   Defendants' conduct was the result of a willful, reckless and outrageous indifference to a highly unreasonable risk of harm and a conscious indifference to the health, safety and welfare of plaintiffs. Defendants' conduct is outrageous, socially intolerable and far outside the bounds of human decency in a civilized society. Defendants are given notice that plaintiffs intend to seek an award of exemplary damages allowed by RCW 9.68A.130 and other law.

5.6   As a further result of the sexual abuse, each plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity in an amount to be proved at trial. As a result of the defendants' conduct, plaintiffs have suffered and will continue to suffer physical and emotional pain and dysfunction to their general, non-economic damage in an amount to be proved at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter a judgment against the defendants, jointly and severally, and in plaintiffs' behalf, for the following:

1.   For special damages for medical treatment expenses, lost earnings, and lost earnings capacity, and the expenses of medication and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

2.   For all general damages, for physical, mental and emotional injury and disturbance, and other disorders resulting from the acts complained of herein;

3.   For attorney's fees, prejudgment interest, costs and exemplary damages allowed by RCW 9.68A.130 and other law; and

COMPLAINT FOR DAMAGES - 7 of 8  
[Complaint- Allenbach.doc]

LAW OFFICES  
GORDON, THOMAS, HONEYWELL, MALANCA,  
PETERSON & DAHEIM LLP  
ONE UNION SQUARE  
600 UNIVERSITY, SUITE 2100  
SEATTLE, WASHINGTON 98101-4185  
(206) 676-7100 - FACSIMILE (206) 676-7199

4. For such other and further relief as this Court determines just in the premises.

Dated this 1ST day of June, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By *Michelle Menely*
Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Michelle A. Menely, WSBA No. 28353
mmenely@gth-law.com
Co-Counsel for Plaintiffs


LAW OFFICES OF TIMOTHY D. KOSNOFF

By _____
Timothy D. Kosnoff, WSBA No. 16586
timkosnoff@comcast.net
Co-Counsel for Plaintiffs

COMPLAINT FOR DAMAGES - 8 of 8
0
[162358 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 University, Suite 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575