04-CV-02338-JY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R.K.,<br><br>Plaintiff,<br><br>v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS,<br><br>Defendant. | CASE NO. C04-2338RSM<br><br>COURT'S INSTRUCTIONS TO THE JURY |

DATED this ___10th___ day of ___October___, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

COURT'S INSTRUCTIONS TO THE JURY

## END OF CASE INSTRUCTIONS _1_
## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

## END OF CASE INSTRUCTIONS _2_
## AGREED FACTS

The parties have agreed to certain facts. You should therefore treat these facts as having been proved.

The parties agree to the following:

1. The plaintiff, R.K., was a minor under the age of eighteen years at the time of the sexual abuse that is the focus of this suit. His date of birth is June 26, 1962.

2. Jack Loholt was a member of the Church of Jesus Christ of Latter-Day Saints, ("the Church"), and a member of the Kent Second Ward during the relevant period of time.

3. Loholt intentionally abused plaintiff R.K. over a period of several months. At the time he sexually abused plaintiff, Loholt resided in Kent, WA, in a downstairs apartment in the home of Dr. Herman Allenbach. Plaintiff's family lived next door to the Allenbach family.

4. Loholt moved out of the Allenbach residence in January 1973, when he purchased a home.

5. One incident of abuse occurred in a field near plaintiff's home, the others occurred in Loholt's apartment in the Allenbach home.

6. One act of abuse occurred when Loholt masturbated in the presence of plaintiff, his brother and Dr. Allenbach's son in a field near their homes. That day, plaintiff told his parents what Loholt had done. That evening, plaintiff's parents, Dorothy Kelly and Jerry Kelly, went next-door and told Dr. Allenbach what Loholt had done in the presence of their sons.

7. Neither plaintiff's parents nor Dr. Allenbach reported LoHolt's abuse of plaintiff to law enforcement authorities or to the state Department of Social and Health Services.

8. According to the doctrine and organization of the Church, virtually every male member age 12 and older who claims to be observant belongs to the "priesthood" and holds some title therein, such as deacon, priest, elder, or high priest. Prior to obtaining a "priesthood" title, the priesthood is conferred upon the individual and he is ordained to a title by the laying on of hands. Young men from ages twelve to eighteen are members of the "Aaronic priesthood." Virtually all regularly attending twelve to fourteen year old boys hold the title of "deacon"; fourteen to sixteen year old boys hold the title of "teacher"; sixteen to eighteen year old boys hold the title of "priest". Once men reach the age of eighteen, they become members of the "Melchizedek priesthood" if they claim to be observant in their religious practices. At approximately age eighteen, observant males become "elders," and, at

approximately age 45, they become "high priests." A person can be an elder or high priest while having no official duties or responsibilities on behalf of the Church.

9.     Local congregations of the Church are called "wards" or "branches", depending upon their size. Wards consist of from 300 to 700 members; branches are considerably smaller. Several wards and branches in a particular geographical area constitute a "stake." The clergy member who leads a ward is called a bishop. Most elders and high priests never become a bishop.

10.    Dr. Allenbach was an oral surgeon and a member of the Church. He was a high priest. He was the priests' quorum advisor between December 7, 1969 and February 3, 1974. He was never a bishop.

11.    As an adult member of the Church, Loholt was an elder. He was never a bishop.

12.    Plaintiff was not a member of the Church; he was raised in a Catholic family. Plaintiff also was not a member of boy Scout troop that boys in the Kent 2nd Ward participated in.

13.    The Church encourages participation in Boy Scouts. Many wards have scout troops, with the Scout Master being a member of the Church.

14.    In February 1971 Loholt became an Assistant Scout Master. Ken Keller was the ward Scout Master.

15.    Jack Loholt inappropriately touched a scout, Scott Pettit, who told his father about it. Scott's father, Richard Pettit, informed Kent 2nd Ward Bishop Randall Borland in approximately February 1972. On February 6, 1972, Bishop Borland released Loholt from his position as Assistant Scout Master.

16.    Bishop Borland did not report Mr. Pettit's disclosure to law enforcement authorities or the state Department of Social and Health Services, or to anyone else.

17.    Plaintiff has college and advanced degrees. He graduated from Seattle University (B.A. Social Studies, minor in Chemistry), and then obtained a Masters in Public Administration from Seattle University (G.P.A. 3.5). He also attended Harvard University Graduate School of Education (G.P.A. 4.0), and received a Fulbright Fellowship to go to Japan to study the Japanese educational system. Most recently, plaintiff attended the Principal Certification Program at Seattle Pacific University, Graduate School of Education.

## END OF CASE INSTRUCTIONS  3
### WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

## END OF CASE INSTRUCTIONS  4
## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## END OF CASE INSTRUCTIONS _5_
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## END OF CASE INSTRUCTIONS _6_
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness' memory;

(3) the witness' manner while testifying;

(4) the witness' interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness' testimony;

(6) the reasonableness of the witness' testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

## END OF CASE INSTRUCTIONS  7
## OPINION EVIDENCE, EXPERT WITNESSES

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## END OF CASE INSTRUCTIONS  8
## BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim, or affirmative defense, by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim, or affirmative defense, is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## END OF CASE INSTRUCTIONS _9_
## NEGLIGENCE


Negligence is the failure to exercise ordinary care. It is the doing of some act that a reasonably careful person would not do under the same or similar circumstances or the failure to do some act that a reasonably careful person would have done under the same or similar circumstances.

**END OF CASE INSTRUCTIONS  10**
**NEGLIGENCE – ORDINARY CARE**


Ordinary care means the care a reasonably careful person would exercise under the same or similar circumstances.

## END OF CASE INSTRUCTIONS __11__
## NEGLIGENCE – BURDEN OF PROOF

Plaintiff has the burden of proving, by a preponderance of the evidence, each of the following:

First, that defendant acted, or failed to act, in one of the ways claimed by plaintiff and that in so acting, or failing to act, defendant was negligent;

Second, that plaintiff was injured;

Third, that the negligence of defendant was a proximate cause of the injury to plaintiff.

If you find that plaintiff has proved each of these elements, your verdict should be for plaintiff. On the other hand, if any of these elements has not been proved, your verdict should be for defendant.

## END OF CASE INSTRUCTIONS  12
## PROXIMATE CAUSE – DEFINITION

The term "proximate cause" means a cause which in a direct sequence unbroken by any new independent cause, produces the injury or damages complained of and without which such injury or damages would not have happened.

## END OF CASE INSTRUCTIONS  13
## NEGLIGENCE OF DEFENDANT CONCURRING WITH OTHER CAUSES

There may be more than one proximate cause of the same injury.  If you find that defendant was negligent and that such negligence was a proximate cause of injury or damage to the plaintiff, it is not a defense that some other cause may also have been a proximate cause.  However, if you find that the sole proximate cause of injury or damage to the plaintiff was the act of some other person who is not a party to this lawsuit, then your verdict should be for the defendant.

**END OF CASE INSTRUCTIONS  14**
**APPORTIONMENT OF NEGLIGENCE**

If you find that more than one entity was negligent, you must determine what percentage of the total negligence is attributable to each entity that proximately caused the injury to the plaintiff. The court will provide you with a special verdict form for this purpose. Your answers to the questions on the special verdict form will furnish the basis by which the Court will apportion damages, if any.

Entities may include defendant and persons not party to this action.

**END OF CASE INSTRUCTIONS   15**
**APPORTIONMENT OF NEGLIGENCE**


Before a percentage of negligence may be attributed to any person that is not a party to this action, the defendant has the burden of proving each of the following:

First, that the person was negligent; and

Second, that the person's negligence was the proximate cause of the injury to the plaintiff.

**END OF CASE INSTRUCTIONS  16**
**CORPORATIONS – FAIR TREATMENT**

All parties are equal before the law and a corporation or church is entitled to the same fair and conscientious consideration by you as any party.

Defendant in this case is the corporation established by the Church of Jesus Christ of Latter-Day Saints to carry out the secular affairs of the Church.  Legally, it stands in the shoes of the Church.

## END OF CASE INSTRUCTIONS  17
### AGENCY

An agent is a person employed under an express or implied agreement to perform services for another, called a principal, and who is subject to the principal's control or right to control the manner and means of performing services. One may be an agent even though he receives no payment for services. In this case, during the relevant time period, defendant admits that Bishop Borland was its agent. Plaintiff alleges that Dr. Herman Allenbach was also an agent for defendant. It is up to you to determine if Dr. Allenbach was an agent.

## END OF CASE INSTRUCTIONS  18
### AGENCY – SCOPE OF AUTHORITY DEFINED

In this case, during the relevant time period, defendant admits that Bishop Borland was acting within the scope of authority.  However, if you determine that Dr. Allenbach was an agent of defendant, one of the issues for you to also decide is whether Dr. Allenbach was acting within the scope of authority.

An agent is acting within the scope of authority if the agent is performing duties that were expressly or impliedly assigned to the agent by the principal or that were expressly or impliedly required by the contract of employment.  Likewise, an agent is acting within the scope of authority if the agent is engaged in the furtherance of the principal's interests.

**END OF CASE INSTRUCTIONS  19**
**PRINCIPAL SUED, BUT NOT AGENT – AGENCY OR AUTHORITY DENIED**


The defendant is sued as principal and the plaintiff claims that Dr. Allenbach was acting as an agent.  The defendant denies that Dr. Allenbach was acting as an agent and, if he was an agent, defendant denies he was acting within the scope of authority.

If you find that Dr. Allenbach was the agent of the defendant and was acting within the scope of authority, then any act or omission of Dr. Allenbach was the act or omission of the defendant.

If you do not find that Dr. Allenbach was acting as the agent of the defendant and acting within the scope of authority, then defendant is not liable for Dr. Allenbach's acts or omissions.

**END OF CASE INSTRUCTIONS  20**
**VIOLATION OF STATUTE – EVIDENCE OF NEGLIGENCE**


The violation, if any, of a statute is not necessarily negligence, but may be considered by you as evidence in determining negligence.

## END OF CASE INSTRUCTIONS  21
### REPORTING STATUTE

A Washington statute enacted in 1971 provided:

> When any practitioner, professional school personnel, registered nurse, social worker, psychologist, pharmacist, clergyman or employee of the department of social and health services has reasonable cause to believe that a child has died or has had physical injury or injuries inflicted upon him, other than by accidental means, or is found to be suffering from physical neglect, or sexual abuse, he shall report such incident or cause a report to be made to the proper law enforcement agency or to the department of social and health services as provided in RCW 26.44.040.

The statute required an immediate oral report, followed by a written report, containing the following information:

(1) The name, address, and age of the child;

(2) The name and address of the child's parents;

(3) The nature and extent of the child's injury or injuries;

(4) The nature and extent of the sexual abuse; and

(5) Any other information which may be helpful in establishing the cause of the child's injury and the identity of the perpetrator.

## END OF CASE INSTRUCTIONS  22
## REPORTING STATUTE – DEFINITION OF CLERGYMAN

As used in the reporting statute, the term clergyman means any regularly licensed or ordained minister or any priest of any church or religious denomination, whether acting in an individual capacity or as an employee or agent of any public or private organization or institution.  To be a clergyman, one must be functioning in that capacity.  Bishop Borland was a clergyman.

## END OF CASE INSTRUCTIONS  23
## SUMMARY OF ISSUES IN THIS CASE

The plaintiff claims that the defendant was negligent in failing to investigate and/or report an allegation that Jack Loholt (aka Onefrey) had sexually abused a child and that its failure to do so was a proximate cause of harm to the plaintiff. The defendant denies these claims, and denies the nature and extent of the claimed injury and damage.

In addition, the defendant claims as an affirmative defense that plaintiff did not commence this suit within the period of time required by law.

The defendant also claims that plaintiff's parents, Jerry Kelly and Dorothy Kelly, and Dr. Herman Allenbach were negligent, and that such negligence was the proximate cause of harm to the plaintiff. The plaintiff denies that Jerry and Dorothy Kelly were negligent but agrees that Dr. Herman Allenbach was negligent and asserts that he was an agent of the defendant and that his negligence was a proximate cause of harm to the plaintiff. Defendant denies Dr. Allenbach was its agent.

The foregoing is merely a summary of the claims of the parties. You are not to consider the summary as proof of the matters claimed; and you are to consider only those matters that are admitted or are established by the evidence. These claims have been outlined solely to aid you in understanding the issues.

**END OF CASE INSTRUCTIONS  24**
**BURDEN OF PROOF – AFFIRMATIVE DEFENSE**


The defendant has the burden of proving the affirmative defense that the plaintiff did not commence this action within the time required by law.

If you find from your consideration of the evidence that this affirmative defense has been proved, your verdict should be for the defendant.

## END OF CASE INSTRUCTIONS __25__
## STATUTE OF LIMITATIONS

Any person bringing an action for recovery of damages caused by childhood sexual abuse must commence his lawsuit within the later of the following periods:

(a) Within three years of his 18th birthday;

(b) Within three years of the time the victim discovered or reasonably should have discovered that the injury or condition was caused by said act; or

(c) Within three years of the time the victim discovered that the act caused the injury for which the claim is brought.

Plaintiff commenced this action on March 14, 2005.

## END OF CASE INSTRUCTIONS  26
## DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be entered.

If your verdict is for the plaintiff, then you must determine the amount of money that will reasonably and fairly compensate the plaintiff for such damages as you find were proximately caused by the negligence of the defendant.

If you find for the plaintiff, your verdict should consider the following:

The nature and extent of the injury;

The loss of enjoyment of life experienced and with reasonable probability to be experienced in the future;

The mental and emotional pain and suffering experienced and with reasonable probability to be experienced in the future.

The burden of proving damages rests upon the plaintiff.  It is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Your award must be based upon evidence and not upon speculation, guess, or conjecture.

The law has not furnished us with any fixed standards by which to measure non-economic damages.  With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

**END OF CASE INSTRUCTIONS  27**
**SEGREGATION OF DAMAGES CAUSED BY INTENTIONAL CONDUCT**

If your verdict is for plaintiff, you must segregate any damages that may have been caused by Mr. Loholt's intentional conduct from damages caused by the negligence of another.

## END OF CASE INSTRUCTIONS  28
### DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## END OF CASE INSTRUCTIONS  29
## USE OF NOTES

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

## END OF CASE INSTRUCTIONS  30
## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through my in-court deputy, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## END OF CASE INSTRUCTIONS _31_
## RETURN OF VERDICT

A special verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.