THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – AT SEATTLE

| | |
|---|---|
| R.K.,<br><br>          Plaintiff,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH";<br><br>          Defendant. | NO. 04-2338 RSM<br><br>PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59<br><br>NOTE ON MOTION CALENDAR:<br>NOVEMBER 17, 2006 |

Plaintiff asks the Court to set aside the jury verdict and order a new trial on the issue of damages. Alternatively, in a companion motion (filed concurrently with this motion), plaintiff requests that this Court certify to the Washington Supreme Court the question of whether *Tegman* applies to situations when the negligent tortfeasor had a duty to prevent an intentional tortfeasor's conduct and/or when the plaintiff's damages are indivisible.

## II.  EVIDENCE RELIED UPON

Plaintiff relies upon this motion, prior briefing submitted to this Court, objections and exceptions made to jury instructions, objections made during trial, and the records and files herein.

PLTF'S MTN FOR A NEW TRIAL - 1 of 8
(04-2338RSM)
[171817 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Dockets.Justia.com

## III.   ARGUMENT

### A.   INTRODUCTION.

Fed. Rule Civ. P. 59 allows the court to grant a new trial "for any of the reasons for which new trials have heretofore been granted." Case law reveals that new trials have been granted, among other reasons, when there has (1) been error in court's instructions to jury;[1] (2) where jury's verdict is inadequate or excessive;[2] (3) when there has improper conduct by counsel in closing,[3] and (4) where the interests of justice so requires.[4] Each of these factors applies in this case.

### B.   *TEGMAN* DOES NOT APPLY TO THE CIRCUMSTANCES PRESENTED IN THIS CASE.

As this Court is well-aware, plaintiff believes that a *Tegman* segregation of damages is not proper when the liability of the negligent actor was the failure to prevent the intentional actor's conduct and/or when a fault-free plaintiff's damages are indivisible. That issue was the subject of extensive argument in pre-trial motions before this Court and, in the interest of brevity, will not be repeated here. However, plaintiff respectfully requests that this Court review plaintiff's prior briefing (Dkt. No. 136) on this issue.[5]

### C.   THE COURT ERRED IN INSTRUCTING THE JURY.

#### (1)   IT WAS IMPROPER TO PROVIDE A "*TEGMAN*" INSTRUCTION TO THE JURY BECAUSE IT IMPERMISSIBLY BROKE THE CHAIN OF CAUSATION.

In addition to the prior arguments, plaintiff contends that it was improper to instruct the jury to do a *Tegman* segregation because doing so allowed the defendant to escape

---

[1] *Larez v. Holcomb,* 16 F.3d 1513 (9th Cir. 1994)
[2] *Walker v. West Coast Fast Freight,* 233 F.2d 939 (9th Cir. 1956).
[3] *Larez v. Holcomb,* 16 F.3d 1513 (9th Cir. 1994)
[4] *U.S. v. Francisco Jimenez Recio,* 371 F.3d 1093 (9th Cir. 2003)
[5] Plaintiff did not bring a motion to reconsider the Court's decision on whether *Tegman* applied because plaintiff did not know, until after the verdict was read, that the Court's decision caused him prejudice.

PLTF'S MTN FOR A NEW TRIAL - 2 of 8
(04-2338RSM)
[171817 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

liability based on the doctrine of intervening and superseding cause – a doctrine that did not apply in the circumstances of this case.

A negligent defendant is liable for **all** reasonably foreseeable harms that flow from his or her negligent acts. There is a break in the chain of causation **only** if an "independent, intervening act of a third person . . . which was not reasonably foreseeable" occurs. *Schooley v. Pinch's Deli Market,* 134 Wn.2d 468, 482, 951 P.2d 749 (1998).

Here, defendant COP's negligence was the failure to prevent Loholt's abuse of children. Plaintiff was damaged because of that negligence. However, by instructing the jury to segregate the damages plaintiff sustained as a result of the actual abuse from the damages sustained due to COP's negligence, the court, in effect, allowed the jury to cut-off defendant's liability at the point in time when Loholt first abused him. There can be no real dispute as to whether Loholt's molestation of children was a reasonably foreseeable event which flowed from defendant's failure to take action – it was. In this circumstance, defendant should not have been able to escape liability for all damages which flowed from its negligent conduct. This Court should order a new trial on the issue of damages.

### (2) THE JURY ALLOCATED FAULT TO AN INTENTIONAL TORTFEASOR.

In *Welch v. Southland,* 134 Wn.2d 629, 952 P.2d 162 (1998), the Washington Supreme Court specifically held that a jury may **not** allocate fault to an intentional tortfeasor. However, as is demonstrated by the calculations on the jury verdict form itself, that is exactly what the jury did in this case.

A review of the verdict form demonstrates that, as instructed, the jury, determined the full amount of plaintiff's damages. However, the jury then subtracted the percentage of fault from the intentional conduct even prior to subtracting the percentage of fault attributable to other at-fault entities. The mere method of calculation demonstrates that the jury did not understand the difference between allocation of fault between negligent entities and

PLTF'S MTN FOR A NEW TRIAL - 3 of 8
(04-2338RSM)
[171817 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

segregating damages between intentional and negligent conduct. Because the jury allocated fault to an intentional tortfeasor, a new trial on the issue of damages should be awarded. Alternatively, the Court should set aside that portion of the verdict.

### (3) THE JURY VERDICT FORM WAS CONFUSING TO THE JURY.

If *Tegman* applies to any given case (and it is not conceded that *Tegman* applied to this case), the jury is required to segregate damages; however, as discussed above, is it not permitted to allocate fault to an intentional tortfeasor. The Special Verdict Form given to the jurors asked the jurors to first allocate a percentage of fault to the various negligent entities and then to do a second allocation – the jury was asked what percentage of plaintiff's damages were attributable to negligent conduct versus intentional conduct. (See Question No. 10 on Special Verdict Form). Asking the jury to allocate percentages of damages between the intentional and negligent tortfeasors was likely confusing to the jury and, as discussed above, was the equivalent of asking the jury to allocate fault to an intentional tortfeasor.

Furthermore, the other questions the jury asked during deliberation demonstrate that the jury was confused by having to do both a fault "allocation" and a damages "segregation." In fact, the jury specifically inquired – in two separate questions – as to whether it was truly required to twice reduce the damage award.[6]

### D. THE COURT DID NOT PROVIDE COUNSEL WITH THE OPPORTUNITY TO SUGGEST RESPONSES TO JUROR QUESTIONS.

Finally, the Court answered the jurors questions without seeking input from counsel or giving counsel an opportunity to object or offer alternative responses to the jury. Any "interchange between jury and judge should be surrounded with formalities so that the [parties have] an adequate opportunity evaluate the propriety of the proposed response or instruction, formulate objections, or suggest a different response." *United States v. Artus*, 591 F.2d 526,

---

[6] Jury Questions (Dkt. Nos. 223 and 224).

PLTF'S MTN FOR A NEW TRIAL - 4 of 8
(04-2338RSM)
[171817 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

528 (9th Cir. 1979) citing *United States v. Schor*, 418 F.2d 26, 30 (2d Cir. 1969); *United States v. McDuffie*, 542 F.2d 236, 240-241 (5th Cir. 1976); *Rogers v. United States*, 422 U.S. 35, 39-40, 95 S. Ct. 2091, 45 L. Ed. 2d 1 (1975). Here, given the fact that the jury was clearly confused by the jury form, counsel should have been given the opportunity to participate in formulating responses to the jury questions.

E.   **A NEW TRIAL SHOULD BE ORDERED BECAUSE OF IMPROPER CONDUCT BY DEFENSE COUNSEL.**

Both before and during trial, defendant sought to introduce evidence that the plaintiff had a companion case pending against the Estate of Herman Allenbach. Plaintiff vigorously objected to the introduction of any such evidence. The Court agreed with plaintiff and excluded evidence of the companion case. Nevertheless, during closing argument, counsel referred to the second action and even identified the named defendant in the section – Herman Allenbach. Such information very likely confused the jury and was certainly prejudicial to the plaintiff as well as being in direct violation of the Court's evidentiary rulings.

By introducing information about the companion case, defendant made an improper closing argument. Closing argument must be based on facts submitted into evidence and counsel must "refrain from introducing evidence not in the record." *United States v. Martinez,* 514 F.2d 334, 343 (9th Cir. 1975). Here, due to this Court's prior rulings, there was absolutely no evidence submitted relating to the companion case. Consequently, the jury was left to speculate as to the validity – or even viability – of any such claim. More importantly, the jury was left to speculate as to whether plaintiff would be able to recover his damages from an entity who was not a party to this action. Defense counsel's conduct painted plaintiff in a false light and very likely invited the jury to speculate as to whether plaintiff was attempting a double recovery of his damages. A new trial should be ordered.

PLTF'S MTN FOR A NEW TRIAL - 5 of 8
(04-2338RSM)
[171817 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

F.  **THE VERDICT WAS INADEQUATE AND WAS AGAINST THE WEIGHT OF THE EVIDENCE.**

In determining whether a new trial should be awarded on the basis of an inadequate verdict, the Court should analyze the juror's conduct and whether the amount of the verdict demonstrates the jury's determinations of fact. For example, an small verdict is properly upheld if the court determined that the verdict was consistent with the jury's determinations on the credibility of witnesses. *See, e.g., Walker v. West Coast Fast Freight,* 233 F.2d 939 (9th Cir. 1956).

Here, the jury's determination of fact was that the plaintiff was extremely damaged. That determination is amply demonstrated by the gross damages awarded of $1.4 million. Additionally, the jury was cognizant of the fact that the plaintiff's damages were so severe that he should receive psychological counseling. In fact, the jury specifically inquired as to whether they could condition a damage award on plaintiff's receipt of psychological counseling.[7] In this circumstance, where it is clear that the jury determined the plaintiff sustained significant damage, the net award to plaintiff ($87,500) is inadequate and a new trial should be ordered.

RESPECTFULLY SUBMITTED this 26th day of October, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By /s/ Michael T. Pfau
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    Co-Counsel for Plaintiff

---

[7] Jury Question (Dkt. No. 222).

PLTF'S MTN FOR A NEW TRIAL - 6 of 8
(04-2338RSM)
[171817 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

        LAW OFFICES OF TIMOTHY D. KOSNOFF

By /s/ Timothy D. Kosnoff
      Timothy D. Kosnoff, WSBA No. 16586
      timkosnoff@comcast.net
      Co-Counsel for Plaintiff

PLTF'S MTN FOR A NEW TRIAL - 7 of 8
(04-2338RSM)
[171817 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2006, I electronically filed the foregoing PLAINTIFF'S MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Charles C. Gordon
> Jeffrey I. Tilden
> Michael Rosenberger
> GORDON MURRAY TILDEN
> 1001 4TH AVE, STE 4000
> SEATTLE, WA 98154
> 206-467-6477
> Email: cgordon@gmtlaw.com; jtilden@gmtlaw.com; mrosenberger@gmtlaw.com

*Bernadette Lovell* (signature)
Bernadette Lovell, Legal Assistant to
Michelle A. Menely

PLTF'S MTN FOR A NEW TRIAL - 8 of 8
(04-2338RSM)
[171817 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575