THE HONORABLE RICARDO S. MARTINEZ

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R.K.,<br><br>                         Plaintiff,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT<br>OF THE CHURCH OF JESUS CHRIST OF<br>LATTER-DAY SAINTS, a Utah corporation<br>sole, a/d/a "MORMON CHURCH";<br>                         Defendant. | NO. 04-2338 RSM<br><br>PLAINTIFF'S MOTION TO CERTIFY<br>QUESTION TO WASHINGTON<br>SUPREME COURT<br><br>**NOTE ON MOTION CALENDAR:**<br>**NOVEMBER 17, 2006** |

## I.    INTRODUCTION

In *Tegman v. Accident & Medical Investigations,* 150 Wn.2d 102, 75 P.3d 497 (2002) the Washington Supreme Court held that the jury must segregate damages arising out of intentional conduct from damages which flow from negligent conduct.  However, a careful review and analysis of the *Tegman* opinion, and the principles underlying that decision, demonstrate that *Tegman* does not apply in a case involving the negligent breach of a duty to supervise the intentional tortfeasor.

Contrary to plaintiff's position, this Court has determined that *Tegman* did apply and instructed the jury accordingly.  However, the *Tegman* decision, and analysis underlying that

PLTF'S MTN TO CERTIFY QUESTION TO SUPREME COURT - 1 of 7
(04-2338RSM)
[171897 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

decision, is unique to Washington. In fact, a review of other states' comparative fault laws demonstrates that the majority (if not all other states) do not require segregation of harm between intentional and negligent tortfeasors. In this circumstance, the Washington Supreme Court, rather than the Ninth Circuit, should provide the additional guidance on the breadth of the application of *Tegman*. Consequently, plaintiff respectfully requests that this Court certify this case to the Washington Supreme Court.

## II.    ARGUMENT

RCW 2.60.020 provides this Court with the authority to certify the questions of local law to the Washington Supreme Court:

> When in the opinion of any federal court before whom a proceeding is pending, it is necessary to ascertain the local law of this state in order to dispose of such proceeding and the local law has not been clearly determined, such federal court may certify to the supreme court for answer the question of local law involved and the supreme court shall render its opinion in answer thereto.

Currently, there are myriad issues surrounding the application of *Tegman* including: (1) does *Tegman* apply **at all** when the negligent tortfeasor had a duty to prevent the intentional tortfeasor's conduct; (2) does *Tegman* apply when the damages the plaintiff sustained from the negligent and intentional conduct are indivisible; (3) does defendant bear the burden of proving any claimed segregation of damages between intentional and negligent conduct; (4) does *Tegman* apply when the intentional tortfeasor is not a named defendant; and (5) is application of *Tegman* inconsistent with the doctrine of intervening and superseding cause.[1] These questions, and others, have not been addressed by any Washington appellate court or by the Washington Supreme Court. In fact, the only post-*Tegman* guidance that has been given is contained in Justice Chambers' concurring opinion in *Aba Shiek v. Choe*, 156

---

[1] Rather than repeat arguments here, the plaintiff directs the Court's attention to plaintiff's Opposition to Defendant's *Tegman* motion (Dkt. No. 136) and to plaintiff's Motion for New Trial, filed concurrently herewith.

PLTF'S MTN TO CERTIFY QUESTION TO SUPREME COURT - 2 of 7
(04-2338RSM)
[171897 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Wn.2d 441, 460, 128 P.3d 574 (2006) where Justice Chambers noted his continued

disagreement with the *Tegman* opinion:

> I will make no secret of the fact that I would reverse *Tegman*. I
> have already set forth my view of why *Tegman* is wrong. . . .
> *Tegman* is also harmful because it prevents full and fair
> compensation to victims that the legislature clearly intended to
> fully compensate. RCW 4.22.070(1)(b). It creates the perverse
> possibility of a grossly negligent party escaping any liability
> because of the completely foreseeable intentional conduct of
> another.  An examination of the tortured verdict form in this
> case should be sufficient to satisfy anyone that *Tegman's*
> requirement that indivisible damages be segregated twice, based
> upon irreconcilable standards, has a harmful impact on the law.
> Under *Tegman*, damages must be segregated first based upon
> cause, and second based upon the character of the defendants'
> conduct. The results of these different standards may have
> nothing to do with one another and will confound any jury.

The confusion which Justice Chambers predicated has become a reality.   As is

demonstrated by the Motion for New Trial (filed concurrently with this motion), the jury in

this case was wholly confused by the *Tegman* instruction.    Additionally, other courts

throughout this state have ruled that *Tegman* does not apply in the circumstances of this case.

For example, in *Doe v. COP*, King County Superior Court Cause No. 02-2-04105-1KNT,

Judge Richard McDermott determined that *Tegman* did not apply because COP had a duty to

prevent the intentional conduct of the abuser;[2] in *Christensen v. Royal Sch. Dist. No. 160*,

U.S.D.C. (Eastern District) No. 02-0-185-FVS, Judge Van Sickle determined that *Tegman* did

not apply when the intentional tortfeasor was not a party to the action.[3]

---

[2] Declaration of Michael T. Pfau, filed herewith.

[3] In fact, in his ruling Judge Van Sickle specifically noted that *Welch* controlled:

> *Tegman* involved a case where both intentional tortfeasors and negligent tortfeasors
> were named defendants in the action. Here, however, the intentional tortfeasor will not be a
> party to the lawsuit at the time of trial.  In this case the jury will only be required to address
> Plaintiffs' claims against Defendants Royal School District and Principal Andersen, the alleged
> negligent tortfeasors.  Therefore, the joint and several liability addressed by the court in
> *Tegman* does not present itself here.  Accordingly, *Tegman* is not applicable.

PLTF'S MTN TO CERTIFY QUESTION TO SUPREME COURT - 3 of 7
(04-2338RSM)
[171897 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

Application of *Tegman* to a fault-free plaintiff who has suffered indivisible harms is contrary to the public policy of providing full and complete compensation to victims of tortious acts. *See, e.g., Cox v. Spangler,* 141 Wn.2d 431, 444, 5 P.3d 1265 (2000) ("as between the proved tortfeasor who has clearly caused some harm, and the entirely innocent plaintiff, any hardship due to lack of evidence as to the extent of the harm caused should fall upon the former"). The only guidance the Court has provided with regard to the continued application of the *Cox v. Spangler,* rule was in Justice Chambers' concurring opinion in *Aba Shiek,* where Justice Chambers' specifically noted:

> *Tegman,* of course, must be read in harmony with our case law interpreting apportionment, especially *Cox v. Spangler,* 141 Wn.2d 431, 439-40, 5 P.3d 1265 (2000) and *Phennah v. Whalen,* 28 Wn. App. 19, 28-29, 621 P.2d 1304 (1980). . . .

*Id.* at 460.

No other Washington court has provided any guidance on the issue of how *Tegman* would apply in the circumstance of a fault-free plaintiff who has suffered indivisible harm. In the absence of guidance from the Washington Supreme Court, parties and their lawyers will continuing arguing the issue and will continue to receive different results. Again, where the issue is unique to Washington law and Washington Courts, the Washington Supreme Court, and not the Ninth Circuit, should provide the guidance.

Finally, as discussed in more detail in the plaintiff's Motion for New Trial, application of *Tegman* to the situation such as that presented here defeats the doctrine of intervening and superseding cause. Nowhere in the *Tegman* opinion did the Court state it intended to overrule or even modify the requirements of the intervening and superseding cause doctrine. If the

---

The issue before the Court is controlled by *Welch v. Southland Corp.,* 134 Wn.2d 629, 952 P.2d 162 (1998). . .

PLTF'S MTN TO CERTIFY QUESTION TO SUPREME COURT - 4 of 7
(04-2338RSM)
[171897 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

doctrine of intervening or superseding cause is to be modified by *Tegman* the Washington Supreme Court should provide guidance on that question.

### III.    CONCLUSION

This Court may be tempted to allow the Ninth Circuit to resolve the disputed issues in this case. However, as discussed herein, the *Tegman* decision is a unique opinion decided on a unique set of laws (Washington's Tort Reform Act). Courts throughout the state are trying to figure out the application of *Tegman* and at least one of the Washington Supreme Court Justices (Justice Chambers) has outright stated that he wants to overrule or, at the very minimum limit, the *Tegman* decision. The determination of the breadth and scope of the *Tegman* decision is matter that must be decided by the Washington Supreme Court.

Consequently, plaintiff respectfully requests that this Court certify the following questions to the Washington Supreme Court:    (1) does *Tegman* apply **at all** when the negligent tortfeasor had a duty to prevent the intentional tortfeasor's conduct; (2) does *Tegman* apply when the damages the plaintiff sustained from the negligent and intentional conduct are indivisible; (3) does defendant bear the burden of proving any claimed segregation of damages between intentional and negligent conduct; (4) does *Tegman* apply when the intentional tortfeasor is not a named defendant; and (5) is application of *Tegman* inconsistent with the doctrine of intervening and superseding cause.

RESPECTFULLY SUBMITTED this 26th day of October, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By /s/ Michael T. Pfau
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    Co-Counsel for Plaintiff

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

LAW OFFICES OF TIMOTHY D. KOSNOFF

By /s/ Timothy D. Kosnoff
     Timothy D. Kosnoff, WSBA No. 16586
     timkosnoff@comcast.net
     Co-Counsel for Plaintiff

PLTF'S MTN TO CERTIFY QUESTION TO SUPREME COURT - 6 of 7
(04-2338RSM)
[171897 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2006, I electronically filed the foregoing PLAINTIFF'S MOTION TO CERTIFY QUESTION TO WASHINGTON SUPREME COURT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Charles C. Gordon
> Jeffrey I. Tilden
> Michael Rosenberger
> GORDON MURRAY TILDEN
> 1001 4TH AVE, STE 4000
> SEATTLE, WA 98154
> 206-467-6477
> Email: cgordon@gmtlaw.com; jtilden@gmtlaw.com;
> mrosenberger@gmtlaw.com

Bernadette Lovell, Legal Assistant to
Michelle A. Menely

PLTF'S MTN TO CERTIFY QUESTION TO SUPREME COURT - 7 of 7
(04-2338RSM)
[171897 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575