The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| R.K.,<br><br>Plaintiffs,<br><br>v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH,"<br><br>Defendant. | NO. 04-2338 RSM<br><br>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY QUESTION TO WASHINGTON SUPREME COURT |

## I. INTRODUCTION

Under RCW 2.60.020, this Court *may*, in its discretion, certify a question to the Washington Supreme Court when, in the Court's opinion, two factors are present: (1) "it is necessary to ascertain the local law of this State in order to dispose" of the case; and (2) "the local law has not been clearly determined." Neither such factor exists in this case. Thus, the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints ("COP") urges this Court to deny plaintiff's motion to certify the *Tegman* issue to the Washington Supreme Court.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO
CERTIFY QUESTION TO WASHINGTON SUPREME COURT - 1
No. 04-2338 RSM

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

## II. ARGUMENT

**A.  It Is Not "Necessary" To Certify the *Tegman* Issue to Dispose of the Case.**

As an initial matter, Plaintiff's motion fails for an obvious reason: the jury *was* able to reach a verdict with the instruction given by this Court. The jury was not only able to do so, but it was able to do so while demonstrating remarkable insight into the effect of both the *Tegman* instruction and the Court's instruction regarding allocation of fault under RCW 4.22.070. Plaintiff's argument that "the confusion which Justice Chambers predicated [sic] has become a reality" could not be further from the truth. The jury knew exactly what it was doing—as reflected in their handwritten calculation on the verdict form of the damages to be paid by COP. Although the jury made a minor math error when apportioning fault among the negligent entities, their understanding of the instructions and the ability to reach an informed verdict cannot be questioned.

Plaintiff's motion consists of little more than a rehash of the arguments plaintiff previously made, which this Court squarely rejected. Plaintiff's disagreement with the Court's ruling does not mean that certification of the issue is "necessary" in order to dispose of the case, especially where the jury reached a verdict with a rare illustration of insight and understanding.

**B.  *Tegman* Itself Rebuts the Notion that "the Local Law Has Not Been Clearly Determined."**

The question at issue—whether the jury is required to segregate damages caused by intentional conduct from damages caused by negligent conduct—is controlled by *Tegman*. This is not a situation where the Court was faced with a decisional void, or where the Court would have had to speculate about how the Supreme Court viewed the question of segregation of damages. *Tegman* supplies the answer to the question this Court encountered. While plaintiff

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO
CERTIFY QUESTION TO WASHINGTON SUPREME COURT - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

contests the application of *Tegman* to the instant facts, it is not uncommon for parties to disagree about the effect of governing precedent. If this matter were certifiable to the Washington Supreme Court, then nearly any contested legal issue arising in a diversity case would likewise be certifiable. This Court properly applied the governing case—*Tegman*—and plaintiff can challenge the Court's ruling through normal appellate procedures.

While Plaintiff attempts to argue that *Tegman* does not apply to the instant case, Plaintiff is really arguing that *Tegman* was wrongly decided. For example, plaintiff contends that it is unclear whether *Tegman* applies when the negligent tortfeasor had a duty to prevent the intentional tortfeasor's conduct. However, *Tegman* itself also presented a negligent failure to prevent an intentional tort, as this Court recognized when it rejected this argument the first time plaintiff made it.

> Although plaintiff relies on *Tegman's* dissenting opinion in support of his assertion that *Tegman* does not apply to question of negligent supervision, plaintiff fails to acknowledge that Justice Chambers also specifically acknowledged that *Tegman* involved the duty to prevent another's tortious conduct. Thus the Court is not persuaded that *Tegman* does not apply to the instant action."

Order Granting Defendant's Motion to Segregate Damages Resulting from Intentional Tortfeasor, Dkt. 153 at 3 (internal citations omitted).

Similarly, *Tegman* itself provides the basis for denying plaintiff's arguments that *Tegman* does not apply to indivisible damages and that defendant bears the burden of segregating such damages. As this Court's Order again noted, *Tegman* specifically addressed these issues. "*Tegman* clearly involved indivisible damages, and the Court ordered segregation in spite of that fact." *Id.* at 4.
DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY QUESTION TO WASHINGTON SUPREME COURT - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Hence, this Court's Order requiring the jury to segregate damages did not occur in a legal vacuum in which the law of the State "has not been clearly determined." *Tegman* resolves the objections raised by plaintiff. Plaintiff takes issue with *Tegman*, but this is not a basis for certification of the question.

### III. CONCLUSION

For the reasons stated above, COP respectfully requests that this Court deny plaintiff's motion to certify the *Tegman* issue to the Washington Supreme Court.

DATED this 13 day of November, 2006.

GORDON MURRAY TILDEN LLP

By /s/
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the President of The Church of Jesus Christ of Latter-Day Saints

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO CERTIFY QUESTION TO WASHINGTON SUPREME COURT - 4
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## IV. CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. The parties will additionally be served in the manner indicated.

| Michael T. Pfau<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim LLP<br>P.O. Box 1157<br>Tacoma, WA 98401-1157<br>Telephone: (206) 676-7500<br>Facsimile: (206) 676-7575<br>E-Mail: mpfau@gth-law.com<br><br>( ) Mail    ( ) Hand Delivery<br>( ) Fax     ( ) Federal Express | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff, P.C.<br>600 University Street, Suite 2101<br>Seattle, WA 98101<br>Telephone: (206) 676-7610<br>Facsimile: (425) 837-9692<br>E-Mail: timkosnoff@comcast.net<br><br>( ) Mail    ( ) Hand Delivery<br>( ) Fax     ( ) Federal Express |
|---|---|

**GORDON MURRAY TILDEN** LLP

By _/s/ Michael Rosenberger_
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the
President of The Church of Jesus Christ of
Latter-Day Saints
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: jtilden@gmtlaw.com

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO
CERTIFY QUESTION TO WASHINGTON SUPREME COURT - 5
No. 04-2338 RSM

**GORDON MURRAY TILDEN** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292