The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

R.K.,

    Plaintiffs,

v.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH,"

    Defendant.

NO. 04-2338 RSM

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A NEW TRIAL

## I. INTRODUCTION

Plaintiff moves for a new trial on the issue of damages, alleging: (1) the court erred in instructing the jury to segregate damages caused by intentional conduct; (2) defense counsel made improper argument in closing; and (3) the size of the verdict was against the weight of the evidence. None of these issues has merit and therefore the Court should deny the motion.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A NEW TRIAL - 1
No. 04-2338 RSM

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

## II. ARGUMENT

A.  **This Court Properly Decided the *Tegman* Issue**

1. **This case is functionally identical to *Tegman* and thus the Court correctly instructed the jury to segregate damages.**

Plaintiff contends that directing the jury to segregate damages caused by Mr. Loholt's intentional sexual abuse improperly denied plaintiff damages for foreseeable harm. This argument is nothing new from plaintiff, but merely restates in a new fashion arguments this Court already rejected. Substantively, the Court was correct in rejecting this argument the first time because: (1) it is inconsistent with *Tegman* (and thus is really an argument that *Tegman* itself is wrong, rather than an argument that *Tegman* should not apply here); and (2) *Tegman* is based on the operation of RCW 4.22.070, not the common law, and it is the statute that dictates the need for the instruction.

Plaintiff's argument is flatly inconsistent with *Tegman*. As this Court previously recognized in it Order Granting Defendant's Motion to Segregate Damages, *Tegman* itself was a case where the negligent actor was found liable precisely because she failed to prevent an intentional tort. The Supreme Court remanded to the trial court for segregation of damages caused by intentional conduct versus negligent conduct. Implicitly, the Supreme Court rejected the notion that such segregation was inconsistent with traditional notions of proximate cause. As this Court's order states:

> [P]laintiff argues that *Tegman* does not apply where the negligent actor had an independent duty to protect the plaintiff from the intentional actor's conduct (Dkt. #136 at 5-8). Again, the Court finds that argument misguided. Although plaintiff relies on *Tegman's* dissenting opinion in support of its assertion that *Tegman* does not apply to questions of negligent supervision, *see Tegman*, 150 Wn.2d at 128 n. 14 (Chambers, J., dissenting), plaintiff fails to acknowledge that Justice Chambers also specifically acknowledged that Tegman involved the duty to

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
A NEW TRIAL - 2
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

<pre>      prevent another's tortious conduct. See Tegman, 128-129
      (Chamber, J., dissenting).</pre>

Order, Dkt. 153 at 3. Thus, while Plaintiff obviously believes *Tegman* was wrongly decided, it is clear that it applies to cases in which the plaintiff alleges that defendant negligently failed to prevent sexual abuse.

Moreover, *Tegman*'s majority opinion made clear that the result was dictated by the demands of the statute, RCW 4.22.070, rather than common law principles.

> [U]nder RCW 4.22.070(1), with damages resulting from both intentional acts and omissions and "fault" i.e., negligence, recklessness, and conduct subjecting the actor to strict liability, *the damages resulting from the intentional acts and omissions must be segregated from damages that are fault-based.*

*Tegman*, 150 Wn.2d at 117 (emphasis added). Hence, the decision did not stem from application of causation principles. This Court is obliged to follow the statute, as interpreted by the Supreme Court in *Tegman*.

### 2.    The jury was instructed to allocate damages, and did so.

Plaintiff contends that the jury "subtracted the percentage of fault from [Loholt's] intentional conduct." Motion at 3:22. This argument is wholly conclusory. Plaintiff provides no evidence establishing that the jury allocated "fault" rather than "damages." Plaintiff argues that "[t]he mere method of calculation demonstrates that the jury did not understand the difference between the allocation of fault between negligent entities and segregating damages between intentional and negligent conduct." In fact, the jury was not asked to do a "method of calculation." Rather, the jury was asked to determine the percentage of *damages* caused by intentional conduct versus damage caused by negligent conduct. There is no basis for plaintiff's contention that the jury attributed "fault" to Loholt.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
A NEW TRIAL - 3
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Moreover, this Court's Order granting COP's motion to segregate damages specifically rejected the notion that segregating damages was inconsistent with *Welch v. Southland*, 134 Wn.2d 629, 952 P.2d 162 (1998). As this Court noted, the *Tegman* majority specifically found that segregating damages caused by an intentional tortfeasor was not inconsistent with *Welch*. Order at 2, Dkt #153. This analysis is correct, and requires that this Court again reject plaintiff's argument based on *Welch*.

### 3. The verdict form was not confusing.

Against all evidence, plaintiff argues that the verdict form was "likely confusing to the jury." In fact, the jurors' handwritten calculation which they placed onto the verdict form showed they understood the effect of the segregation of damages as well as the apportionment of fault. Although the jury committed a math error, they fully understood the principles underlying the instructions and intended the result that is reflected in the Judgment.

### B. The Court Did Not Err In Its Handling of the Juror Questions

Plaintiff contends he is entitled to a new trial because the Court erred by not involving plaintiff's counsel in answering some of the jury questions. Plaintiff's complaint is completely without merit. First, plaintiff does not identify *any* question he would have answered differently, nor does he suggest *any* prejudice from any of the answers provided by the Court. Moreover, it is Court's duty to instruct the jury. Where the Court believes that only one possible response exists, as it apparently did here, inviting input of counsel is pointless.

The jury asked several questions during deliberations. The first question related to the statute of limitations and, after consulting with counsel, the Court decided to provide the jury with a copy of the statute itself. Other questions were less substantive and the Court responded either by instructing the jury to read the instructions and verdict form more carefully or by

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
A NEW TRIAL - 4
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

answering the questions in the negative (e.g., the Court rightly told the jury they could not require plaintiff to use the award of damages for counseling or to stipulate it be paid over time). Such responses were substantively proper and plaintiff was not prejudiced in any way by these answers.

C.  **COP's Closing Argument Was Proper and, In Any Event, Plaintiff Did Not Object**

This Court should reject Plaintiff's claim that COP's mention of plaintiff's action against the Estate of Herman Allenbach merits a new trial. First, COP's argument was a reasonable inference from the evidence. Under cross examination, plaintiff denied knowledge of the suit. However, upon redirect, plaintiff's counsel asked plaintiff whether he knew whether plaintiff's counsel had filed the action without his knowledge, and plaintiff answered "No." Declaration of Michael Rosenberger, Exhibit 1. It is not clear why plaintiff's counsel asked this question; perhaps counsel was concerned COP would later admit the complaint into evidence and Mr. Kelly would appear to have lied by denying such suit. Whatever the motivation for the question, once it was asked *by plaintiff's counsel*, COP was entitled to argue the reasonable inference that the action had, in fact, been filed. *Settlegoode v. Portland Pub. Schools*, 362 F.3d 1118, 1131-32 (9th Cir. 2004) ("That Kafoury had no direct evidence supporting these arguments is of little consequence; circumstantial evidence and inference are sufficient to support a legitimate argument.")

Moreover, to COP's recollection, plaintiff's counsel did not object during or after the closing argument to the statements in question. Where no timely objection is made, a new trial is granted only in "extraordinary cases." *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002). This is not such a case. In *Hemmings*, the Ninth Circuit explained why relief is rarely granted in such circumstances:

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A NEW TRIAL - 5
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

> The rationale for this high threshold is two-fold. First, raising an objection after the closing argument and before the jury begins deliberations "permits the judge to examine the alleged prejudice and to admonish . . . counsel or issue a curative instruction, if warranted." . . . The second rationale stems from courts' concern that allowing a party to wait to raise the error until after the negative verdict encourages that party to sit silent in the face of claimed error.

*Id.* at 1192.

Where objection is not made contemporaneously, the party claiming misconduct must show "plain error."

> Plain error review requires: (1) an error, (2) the error is plain or obvious, (3) the error was prejudicial or effects substantial rights, and (4) review is necessary to prevent a miscarriage of justice. See S*mith v. Kmart Corp.*, 177 F.3d 19, 25 (1st Cir. 1999) (describing the plain error standard in a civil counsel misconduct case). "Plain error is a rare species in civil litigation, encompassing only those errors that reach the pinnacle of fault envisioned by the standard set forth above." Id. at 26.

Id. at 1193.

None of these elements is met here. As discussed above, COP's argument was not "error"—it was a reasonable inference based on the question posed by plaintiff's own lawyer. Second, it was harmless and did not affect "substantial rights." Plaintiff has the burden of making a "concrete showing of prejudice" and has failed to do so. *Id.* Factors to consider include "the totality of circumstances, including the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and the verdict itself." *Hemmings*, citing *Puerto Rico Aqueduct & Sewer Auth. v. Constructora Lluch, Inc.*, 169 F.3d 68, 82 (1st Cir. 1999). In *Hemmings*, the Ninth Circuit held that counsel's improper argument in closing did not meet this standard where the questioned argument was "an isolated, short comment." The same is true here and thus any error was not prejudicial.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
A NEW TRIAL - 6
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Finally, Plaintiff offers no basis for concluding that COP's argument resulted in a "miscarriage of justice." Plaintiff contends that "the jury was left to speculate as to whether plaintiff would be able to recover his damages from an entity who was not a party to this action." Motion at 5. This supposition is pure conjecture, yet even if it were true, it changes nothing and surely does not establish a "miscarriage of justice." First, the jury's job was to determine COP's liability, and it did so. Their juror's handwritten calculation demonstrated they understood that segregating damages and apportioning fault served to dramatically reduce plaintiff's recovery from COP. The size of the judgment was a function of these allocations, not the questioned comment. Second, the questioned argument was primarily relevant to an issue that was not disputed. Plaintiff's suit against the Allenbach estate served to underscore a point on which the parties agreed: that Dr. Allenbach was negligent. The parties' real disagreement regarding Dr. Allenbach did not concern his *fault*, but rather whether he was the Church's agent. Plaintiff himself argued throughout the trial that Allenbach was negligent, and thus the jury could not have been surprised that Plaintiff had sued the Estate of Dr. Allenbach.

For all of these reasons, COP did not err in mentioning in closing that plaintiff had sued the Allenbach estate. Even if the Court were to find that such argument was error, it was so isolated that it was not prejudicial and did not result in a miscarriage of justice. This case does not present the "extraordinary" circumstances that merit granting a new trial.

### D. The Verdict Was Supported by the Weight of the Evidence

Plaintiff contends that because the jury concluded that plaintiff sustained "significant damage," the net award to plaintiff is inadequate and unsupported by the evidence. The problem with this statement is obvious: while the jury found gross damages of $1.4 million, the jury *also* found that COP had caused only a small portion of those damages. The small award is, of

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A NEW TRIAL - 7
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

course, the result of the two apportionments done by the jury, both of which are supported by substantial evidence.

First, finding that Mr. Loholt caused 75 percent of plaintiff's damages is well within reason. After all, Mr. Loholt was the abuser. Second, finding that Dr. Allenbach and plaintiff's parents – the only persons who knew of Mr. Loholt's abuse of plaintiff at the time it occurred – were responsible for 75 percent of the negligence, is also completely reasonable. These non-parties were much closer to the harm and had the opportunity to prevent it, but did not do so. The verdict is thus a function of the jury's reasonable conclusion that the Church played a relatively small part in causing plaintiff's harm.

## III. CONCLUSION

For the reasons stated above, COP requests that this Court deny the motion for a new trial.

DATED this __13__ day of __Nov__, 2006.

**GORDON MURRAY TILDEN LLP**

By_____
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the President of The Church of Jesus Christ of Latter-Day Saints

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A NEW TRIAL - 8
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## CERTIFICATE OF SERVICE

I hereby certify that on _Nov 13_, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. The parties will additionally be served in the manner indicated.

| Michael T. Pfau<br>Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP<br>P.O. Box 1157<br>Tacoma, WA 98401-1157<br>Telephone: (206) 676-7500<br>Facsimile: (206) 676-7575<br>E-Mail: mpfau@gth-law.com<br><br>( ) Mail  ( ) Hand Delivery<br>( ) Fax   ( ) Federal Express | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff, P.C.<br>600 University Street, Suite 2101<br>Seattle, WA 98154-1007<br>Telephone: (206) 676-7610<br>Facsimile: (425) 837-9692<br>E-Mail: timkosnoff@comcast.net<br><br>( ) Mail  ( ) Hand Delivery<br>( ) Fax   ( ) Federal Express |

**GORDON MURRAY TILDEN LLP**

By _/s/ Michael R._

Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendant The Corporation of the President of The Church of Jesus Christ of Latter-Day Saints
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Telephone: (206) 467-6477
Facsimile: (206) 467-6292
Email: jtilden@gmtlaw.com

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A NEW TRIAL - 9
No. 04-2338 RSM

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292