THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R.K.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH";<br><br>　　　　　　Defendant. | NO. 04-2338 RSM<br><br>PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO CERTIFY QUESTION TO WASHINGTON SUPREME COURT<br><br>NOTE ON MOTION CALENDAR:<br>NOVEMBER 17, 2006 |

## I. INTRODUCTION

Plaintiff submits this reply to defendants' opposition to Plaintiff's Motion to Certify Question to Washington Supreme Court.

## II. ARGUMENT

In order to dispose of this case, this Court had to instruct the jury on the issue of damages and the law regarding damages in the State of Washington. As this Court is well aware,[1] plaintiff believes that the law on damages, and specifically *Tegman*, is unresolved on

---

[1] These issues were extensively briefed by plaintiff in Plaintiff's Motion to Certify Question to Washington Supreme Court (Docket Entry No. 228); Plaintiff's Motion for a New Trial Pursuant to FRCP 59 (Docket Entry

PLTF'S REPLY TO OPP. TO MTN TO CERTIFY - 1 of 4
(04-2338RSM)
[172724 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

several issues: 1) whether *Tegman* applies at all when the negligent tortfeasor had a duty to prevent the intentional tortfeasor's conduct; 2) whether *Tegman* applies at all when the damages the plaintiff sustained from the negligent and intentional conduct are indivisible; 3) whether *Tegman* applies at all when the intentional tortfeasor is not a named defendant; 4) whether the defendant bears the burden of proving any claimed segregation between intentional and negligent conduct; and 5) whether the application of *Tegman* is inconsistent with the doctrine of intervening and superceding cause.

The defendant argues that *Tegman* controls, and this Court previously ruled that *Tegman* was applicable in this case. However, even the defendant must admit that the interpretation and scope of the *Tegman* ruling remains uncertain. As addressed in prior briefs, trial courts throughout the state have struggled to understand *Tegman* and have differed in their interpretation of *Tegman*. Justice Chambers has written two opinions questioning the application of *Tegman* to situations like the present case, as have commentators. *See* Note, "*Tegman v. Accident & Medical Investigations, Inc.*: Re-Modification of Modified Joint and Several Liability by Judicial Fiat", 29 Seattle U. L. Rev., 729 (2006). It is hard to deny that the law in Washington on this issue is muddled and confusing.

Only the Washington Supreme Court can definitively resolve the confusion regarding the application of *Tegman*. The *Tegman* decision created new law and appears to contradict recent Supreme Court cases on related issues. Although the plaintiff strongly believes that the Supreme Court will not extend *Tegman* to the facts of the present case, nobody really knows what the Supreme Court will do with these issues.

This Court certainly could deny certification and let the Ninth Circuit struggle with application of *Tegman*. However, the Ninth Circuit will have to speculate as to how the

---

No. 227); and Plaintiff R.K.'s Opposition to Defendants Motion to Segregate Damages Resulting from Intentional Sexual Abuse (Docket Entry No. 136).

PLTF'S REPLY TO OPP. TO MTN TO CERTIFY - 2 of 4
(04-2338RSM)
[172724 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Washington Supreme Court will rule. The only way to insure that the correct law is applied in this case is to ask the Washington Supreme Court to explain – to this Court and to all similarly situation litigants – the proper interpretation and application of *Tegman*.

### III. CONCLUSION

The *Tegman* decision is a unique opinion decided on Washington's Tort Reform Act. The determination of the breadth and scope of the *Tegman* decision is a matter that must be decided by the Washington Supreme Court. Accordingly, plaintiff respectfully requests that this Court certify these issues to the Washington Supreme Court.

RESPECTFULLY SUBMITTED this 17th day of November, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By /s/ Michael T. Pfau
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF

By /s/ Timothy D. Kosnoff
    Timothy D. Kosnoff, WSBA No. 16586
    timkosnoff@comcast.net
    Co-Counsel for Plaintiff

PLTF'S REPLY TO OPP. TO MTN TO CERTIFY - 3 of 4
(04-2338RSM)
[172724 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

CERTIFICATE OF SERVICE

I hereby certify that on November 17th 2006, I electronically filed the foregoing PLAINTIFF'S REPLY TO OPPOSITION TO MOTION TO CERTIFY QUESTION TO WASHINGTON SUPREME COURT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Charles C. Gordon
> Jeffrey I. Tilden
> Michael Rosenberger
> GORDON MURRAY TILDEN
> 1001 4TH AVE, STE 4000
> SEATTLE, WA 98154
> 206-467-6477
> Email: cgordon@gmtlaw.com; jtilden@gmtlaw.com; mrosenberger@gmtlaw.com

                                       /s/ Michelle A. Menely
                                 Michelle A. Menely

PLTF'S REPLY TO OPP. TO MTN TO CERTIFY - 4 of 4
(04-2338RSM)
[172724 v05.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575