THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

R.K.,

            Plaintiff,

vs.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/d/a "MORMON CHURCH";

            Defendant.

NO. 04-2338 RSM

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR A NEW TRIAL PURSUANT TO FRCP 59

NOTE ON MOTION CALENDAR:
NOVEMBER 17, 2006

### I. INTRODUCTION

This Court should set aside the jury verdict where there are multiple and independent grounds for doing so under Fed. Rule Civ. P. 59. This Court should set aside the verdict where, as here: there was error in the jury instruction; the jury allocated fault to an intentional tortfeasor; the jury verdict form was confusing to the jury; the defense counsel's closing argument constituted plain error; and the verdict was inadequate and against the weight of the evidence. This Court should order a new trial on the issue of damages.[1]

---

[1] In the alternative, as requested by Plaintiff in separate motion, this Court should certify to the Washington Supreme Court the hotly contested issue of whether *Tegman* applies in a case such as this where Plaintiff's damages are indivisible and where the negligent tortfeasor had a duty to prevent an intentional tortfeasor's conduct.

PLTF'S REPLY TO OPP. TO MOTION FOR NEW TRIAL - 1 of 6
(04-2338RSM)
[172857 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## II. EVIDENCE RELIED UPON

Plaintiff relies upon this reply, prior briefing submitted to this Court,[2] objections and exceptions made to jury instructions, objections made during trial, and the records and files herein.

## II. ARGUMENT

### A. THE COURT ERRED IN INSTRUCTING THE JURY BY PROVIDING A "*TEGMAN*" INSTRUCTION.

It was improper for the Court to instruct the jury to perform a *Tegman* segregation. The doctrine of intervening and superseding cause is not applicable here. COP is liable for all reasonably foreseeable harms that flow from its negligent acts. Loholt's molestation of Plaintiff was a reasonably foreseeable event which flowed from COP's failure to warn, investigate, and supervise a known pedophile. The Court erred by instructing the jury to segregate damages resulting from the abuse from damages resulting from Cop's negligence. Such instruction was in error because it improperly permitted the jury to cut-off COP's liability at the time when Loholt first abused Plaintiff. A new trial is warranted where an improper *Tegman* instruction has enabled COP to escape liability for damages resulting from its negligence.

COP's claim that this case is the "functionally identical"[3] to *Tegman* is wrong. In *Tegman*, the negligent actor did not have control over the intentional tortfeasor. *Tegman v. Accident & Medical Investigations, Inc.*, 150 Wn.2d 102, 105-108, 75 P.3d 497 (2003). In

---

[2] Specifically, Plaintiff's Motion for a New Trial Pursuant to FRCP 59 (Docket Entry No. 227); Plaintiff's Motion to Certify Question to Washington Supreme Court (Docket Entry No. 228); and Plaintiff R.K.'s Opposition to Defendants' Motion to Segregate Damages Resulting from Intentional Sexual Abuse (Docket Entry No. 136).

PLTF'S REPLY TO OPP. TO MOTION FOR NEW TRIAL - 2 of 6
(04-2338RSM)
[172857 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

fact, it was the intentional tortfeasor who, albeit improperly, controlled the negligent tortfeasors. *Id.* In contrast, here the jury found COP negligent because the COP did have control over the intentional tortfeasor, Loholt. It was the COP's knowledge that Loholt was a known pedophile, and its failure to take steps to protect the plaintiff from Loholt, that is the basis for COP's liability.

### B. THE EVIDENCE SUPPORTS THE INFERENCE THAT THE JURY ALLOCATED FAULT TO AN INTENTIONAL TORTFEASOR.

A jury may not allocate fault to an intentional tortfeasor. *Welch v. Southland*, 134 Wn.2d 629, 952 P.2d 162 (1998). The jury did just that.

The jury notes next to Question Nine strongly support Plaintiff's assertion that the jury subtracted the percentage of fault from the intentional conduct even prior to subtracting the percentage of fault attributable to other at-fault entities. In fact, the jurors list the total damage award, then subtracted monies for the fault of the intentional actor.[4]

### C. THE JURY VERDICT FORM WAS CONFUSING TO THE JURY AS EVIDENCED BY THE JUROR QUESTIONS.

Jury questions demonstrate that the jury was confused by the jury verdict form. Specifically, in question number four, the jury asked this Court whether it had "the option to answer the questions on the Special Verdict form with answers that are not indicated?"[5] Juror question number four, at a minimum, would have prompted a discussion among counsel regarding whether the jury verdict form was too confusing to the jury.

### D. COP'S CLOSING ARGUMENT CONSTITUTED PLAIN ERROR.

Defendants vigorously fought to admit Plaintiff's action against the Estate of Herman Allenbach into evidence. However, the Court excluded that evidence. Both times during trial

---

[3] Defendant's Opposition to Plaintiff's Motion for a New Trial, p.2.
[4] Special Verdict Form, Page 3 (Docket Entry No. 220).
[5] Jury Question, Page 1-2 (Docket Entry No. 222).

PLTF'S REPLY TO OPP. TO MOTION FOR NEW TRIAL - 3 of 6
(04-2338RSM)
[172857 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

that Plaintiff was questioned regarding an action against the Estate of Allenbach, Plaintiff replied "no." Because Plaintiff replied "no," there was no evidence before the jury about any action against the Estate. Despite the fact that this Court excluded any evidence regarding the companion case, and despite the fact that there was no evidence before the jury about the companion case, defense counsel introduced information about the companion case in closing. This was plain error.

The following four elements of plain error are met: (1) and error (2) that is plain or obvious (3) prejudicial (4) that requires review to prevent a miscarriage of justice. *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1193 (9th Cir. 2002). It is plain, obvious error to argue facts into evidence that are not in the record. *See United States v. Martinez*, 514 F.2d 334, 343 (9th Cir. 1975). It was prejudicial to the Plaintiff because the jury was left to speculate, immediately before deliberation, as to the validity, or even the viability – of any such claim. Review is necessary to prevent a miscarriage of justice because defense counsel painted the plaintiff in a false light and invited the jury to speculate as to whether Plaintiff was attempting a double recovery of his damages.

E. **THE VERDICT WAS INADEQUATE AND WAS AGAINST THE WEIGHT OF THE EVIDENCE.**

The verdict was in favor of Plaintiff. The jury made a damage award of $1.4 million. A net award of merely $87,500 to Plaintiff is inadequate, against the weight of the evidence presented. The Court should order a new trial on the issue of damages.

PLTF'S REPLY TO OPP. TO MOTION FOR NEW TRIAL - 4 of 6
(04-2338RSM)
[172857 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

### III. CONCLUSION

For the above stated reasons, plaintiff respectfully requests that this Court order a new trial on the issues of damages pursuant to under Fed. Rule Civ. P. 59.

RESPECTFULLY SUBMITTED this 17th day of November, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By /s/ Michael T. Pfau
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF

By /s/ Timothy D. Kosnoff
    Timothy D. Kosnoff, WSBA No. 16586
    timkosnoff@comcast.net
    Co-Counsel for Plaintiff

PLTF'S REPLY TO OPP. TO MOTION FOR NEW TRIAL - 5 of 6
(04-2338RSM)
[172857 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2006, I electronically filed the foregoing PLAINTIFF'S MOTION TO CERTIFY QUESTION TO WASHINGTON SUPREME COURT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Charles C. Gordon
>Jeffrey I. Tilden
>Michael Rosenberger
>GORDON MURRAY TILDEN
>1001 4TH AVE, STE 4000
>SEATTLE, WA 98154
>206-467-6477
>Email: cgordon@gmtlaw.com; jtilden@gmtlaw.com; mrosenberger@gmtlaw.com

_____
Tanya Garbell, Legal Assistant to
Michael T. Pfau t

PLTF'S REPLY TO OPP. TO MOTION FOR NEW TRIAL - 6 of 6
(04-2338RSM)
[172857 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575