A-11 (rev. 7/00)                                                                              Page 1 of 2



USCA DOCKET # (IF KNOWN)
06-36042

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
## CIVIL APPEALS DOCKETING STATEMENT

PLEASE ATTACH ADDITIONAL PAGES IF NECESSARY.

| TITLE IN FULL: | DISTRICT: Western District of WA | JUDGE: Martinez |
|---|---|---|
| R.K. v. The Corporation of the President of the Church of Jesus Christ of Latter Day Saints, a Utah corporation sole, a/d/a "MORMON CHURCH"; | DISTRICT COURT NUMBER: 04-2338 RSM | |
| | DATE NOTICE OF APPEAL FILED: 12/04/06 | IS THIS A CROSS-APPEAL? ☐ YES |
| | IF THIS MATTER HAS BEEN BEFORE THIS COURT PREVIOUSLY, PLEASE PROVIDE THE DOCKET NUMBER AND CITATION (IF ANY): None | |

**BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW:**

Please see attached

**PRINCIPAL ISSUES PROPOSED TO BE RAISED ON APPEAL:**

Please see attached

**PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POSTJUDGMENT MOTIONS):**

Please see attached

**DOES THIS APPEAL INVOLVE ANY OF THE FOLLOWING:**

☐ Possibility of settlement

☐ Likelihood that intervening precedent will control outcome of appeal

☒ Likelihood of a motion to expedite or to stay the appeal, or other procedural matters (Specify) _____
Request for Certification to WA Supreme Court

☐ Any other information relevant to the inclusion of this case in the Mediation Program _____

☐ Possibility parties would stipulate to binding award by Appellate Commissioner in lieu of submission to judges

**LOWER COURT INFORMATION**

| JURISDICTION | | DISTRICT COURT DISPOSITION | |
|---|---|---|---|
| FEDERAL | APPELLATE | TYPE OF JUDGMENT/ORDER APPEALED | RELIEF |
| ☐ FEDERAL QUESTION | ☒ FINAL DECISION OF DISTRICT COURT | ☐ DEFAULT JUDGMENT | ☒ DAMAGES: SOUGHT $ unspecified AWARDED $ 87,500 |
| ☒ DIVERSITY | ☐ INTERLOCUTORY DECISION APPEALABLE AS OF RIGHT | ☐ DISMISSAL/JURISDICTION | ☐ INJUNCTIONS: |
| ☐ OTHER (SPECIFY): | | ☐ DISMISSAL/MERITS | ☐ PRELIMINARY |
| | | ☐ SUMMARY JUDGMENT | ☐ PERMANENT |
| | ☐ INTERLOCUTORY ORDER CERTIFIED BY DISTRICT JUDGE (SPECIFY): | ☐ JUDGMENT/COURT DECISION | ☐ GRANTED |
| | | ☒ JUDGMENT/JURY VERDICT | ☐ DENIED |
| | | ☐ DECLARATORY JUDGMENT | |
| | | ☐ JUDGMENT AS A MATTER OF LAW | ☐ ATTORNEY FEES: SOUGHT $ _____ AWARDED $ _____ |
| | ☐ OTHER (SPECIFY): | ☒ OTHER (SPECIFY) Order Denying Motion for New Trial | ☐ PENDING |
| | | | ☒ COSTS: $ 6,655.88 |

### CERTIFICATION OF COUNSEL

I CERTIFY THAT:

1. COPIES OF ORDER/JUDGMENT APPEALED FROM ARE ATTACHED.

2. A CURRENT SERVICE LIST OR REPRESENTATION STATEMENT WITH TELEPHONE AND FAX NUMBERS IS ATTACHED (SEE 9TH CIR. RULE 3-2).

3. A COPY OF THIS CIVIL APPEALS DOCKETING STATEMENT WAS SERVED IN COMPLIANCE WITH FRAP 25.

4. I UNDERSTAND THAT FAILURE TO COMPLY WITH THESE FILING REQUIREMENTS MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS APPEAL.

_Michelle Menely_ (Signature)   12-7-06 (Date)

### COUNSEL WHO COMPLETED THIS FORM

NAME: Michelle Menely

FIRM: Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim

ADDRESS: 600 University Street, Suite 2100 Seattle, WA 98101

E-MAIL: mmenely gth-law.com

TELEPHONE: 206-676-7500

FAX: 206-676-7575

✶THIS DOCUMENT SHOULD BE FILED IN THE DISTRICT COURT WITH THE NOTICE OF APPEAL✶
✶IF FILED LATE, IT SHOULD BE FILED DIRECTLY WITH THE U.S. COURT OF APPEALS✶

**BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW:**

Plaintiff pursued a claim for damages resulting from childhood sexual abuse. Plaintiff obtained a damage award in the gross amount of $1.4 million which was then reduced to net award of $87,500.

**PRINCIPLE ISSUES PROPOSED TO BE RAISED ON APPEAL:**

This appeal primarily involves the application of a rule announced in *Tegman v. Accident & Medical Investigations, Inc.*, 150 Wn.2d 102, 75 P.3d 497 (2003) relating to allocation of damages between negligent and intentional tortfeasors and the interplay of that rule with other state law doctrines. Specifically, plaintiff contends that the trial court erred when it determined that *Tegman* rule applied to this matter because (1) *Tegman* does not apply when the negligent tortfeasor had a duty to prevent the intentional tortfeasor's conduct; (2) *Tegman* does not apply when the damages the plaintiff sustained from the negligent and intentional conduct are indivisible; (3) *Tegman* does not apply unless the defendant bears the burden of segregating of damages between intentional and negligent conduct; (4) *Tegman* does not apply when the intentional tortfeasor is not a named defendant; and (5) *Tegman* is inconsistent with the doctrine of intervening and superseding cause.

**PLEASE IDENTIFY ANY OTHER LEGAL PROCEEDING THAT MAY HAVE A BEARING ON THIS CASE (INCLUDE PENDING DISTRICT COURT POSTJUDGMENT MOTIONS):**

The issue identified above is currently on appeal to the Washington Court of Appeals (DOE vs. COP, Court of Appeals Case No. 57146-7-I). The issue is also pending in several trial courts throughout the state and trial courts throughout the state have differed in their determination of the application of whether *Tegman* applies in circumstances such as those present in this matter.

# United States District Court
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

R.K.

    v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST
OF LATTER-DAY SAINTS

JUDGMENT IN A CIVIL CASE

CASE NUMBER: C04-2338RSM

__X__ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

____ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that judgment is rendered in favor of Plaintiff in the amount of $87,500.00.

October 13, 2006

BRUCE RIFKIN
Clerk

By     /s/ Lowell Williams
Deputy Clerk



04-CV-02337-PET

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R.K., | ) |
| Plaintiff, | ) CASE NO. C04-2338RSM |
| | ) |
| v. | ) ORDER DENYING MOTION FOR NEW |
| | ) TRIAL |
| THE CORPORATION OF THE | ) |
| PRESIDENT OF THE CHURCH OF | ) |
| JESUS CHRIST OF LATTER-DAY | ) |
| SAINTS, | ) |
| Defendant. | ) |
| | ) |

## I. INTRODUCTION

This matter comes before the Court on plaintiffs' Motion for a New Trial on the issue of damages pursuant to Rule 59(a) of the Federal Rules of Civil Procedure. (Dkt. #227). Plaintiff asserts four bases for his motion: (1) the Court erred in giving the jury a *Tegman*[1] segregation of damages instruction; (2) the Court erred when it failed to seek input from counsel prior to answering several juror questions; (3) defense counsel committed misconduct during closing arguments; and (4) the jury verdict was against the weight of the evidence.

Defendant has opposed plaintiff's motion. Defendant argues that the Court properly instructed

---

[1] *Tegman v. Accident & Medical Investigations*, 150 Wn.2d 102 (2002).

ORDER
PAGE - 1

the jury to segregate damages, the Court did not err in its handling of the juror questions, the defense conduct of which plaintiff complains was not improper, and plaintiff failed to object in any event, and the jury verdict was not against the weight of the evidence. (Dkt. #237).

For the reasons set forth below, the Court agrees with defendant, and DENIES plaintiff's motion for a new trial on the issue of damages.

## II. DISCUSSION

Under Rule 59(a), this Court may grant a motion for a new trial if, among other things, the verdict was against the weight of the evidence, there is newly discovered evidence, or there was improper conduct by counsel or the Court. *See Byrd v. Blue Ridge Rural Elec. Coop., Inc.*, 356 U.S. 525, 540 (1958) (explaining that the trial court has discretion to grant a new trial where verdict is against the weight of the evidence); *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 928-29 (9th Cir. 2000) (stating the test for ordering a new trial on the basis of newly-discovered evidence); *Wharf v. Burlington N. R.R. Co.*, 60 F.3d 631, 637 (9th Cir. 1995) (stating the test for granting a new trial in the face of improper conduct by counsel).

### A. *Tegman* Instruction

The Court first turns to plaintiff's argument that the Court erred when it gave a *Tegman* instruction to the jury. Prior to trial, the Court granted defendant's motion to segregate damages, finding that Washington law required the segregation of damages caused by the intentional conduct of non-party Jack Loholt from those damages attributable to defendant's alleged negligence, if any. (Dkt. #153). The Court so instructed the jury, and the jury returned a verdict in favor of plaintiff. The Court has since rejected plaintiff's argument that the *Tegman* instruction was improper and that questions surrounding the issue should be certified to the Washington Supreme Court. (Dkt. #244). The Court continues to rest on the reasoning set forth in both of those prior Orders. Accordingly, the Court is not persuaded that it erred by giving a *Tegman* instruction.

ORDER
PAGE - 2

Further, the Court rejects plaintiff's argument that the jury impermissibly allocated fault rather than damages. The Special Verdict Form provided to the jury specifically asked the jurors to identify the percentage of damages it felt was caused by negligent conduct and the percentage it felt was caused by intentional conduct. No question on the form asked the jurors to apportion any fault to the intentional tortfeasor. There is simply no evidence that the jurors failed to follow the instructions given.

Plaintiff points to the jury's marginal notes next to Question 9 on the Special Verdict Form, and argues that these notes clearly demonstrate that the jury did not understand the difference between allocation of fault between negligent entities and segregating damages between intentional and negligent conduct. The Court is not persuaded. Federal courts have long held that additional jury notations that are not directly responsive to the jury charge and verdict form are surplusage, and are to be ignored. *Tanno v. S.S. President Madison Ves*, 830 F.2d 991, 993 (9th Cir. 1987); *see also Floyd v. Laws*, 830 F.2d 1390, 1397 (9th Cir. 1991) (holding that special findings issued in violation of the trial court's express instructions do not constitute findings of fact and must be dismissed as surplusage as a matter of law); *Great Pines Water Co. v. Liqui-Box Corp.*, 203 F.3d 920, 924-25 (5th Cir. 2000); *Westmont Tractor Co. v. Touche Ross & Co.*, 110 F.R.D. 407, 409-10 (D. Mont. 1986). Although there are limited circumstances where voluntary statements by the jury on a verdict form will not be treated as surplusage, this is not such a circumstance. Here, the jury's marginal notes do not produce any uncertainty as to the unqualified nature of its final determination. *See Westmont Tractor*, 110 F.R.D. at 410 (citing *Cook v. United States*, 379 F.2d 966 (5th Cir. 1967)). Accordingly, the Court is not persuaded that the jury improperly allocated fault to the intentional tortfeasor, or that the jury was confused by the Special Verdict Form.

**B. Jury Questions**

Plaintiff next argues that the Court committed error when it did not seek input from counsel to

ORDER
PAGE - 3

suggest responses to the juror questions. The Court received five questions from the jury in this case. The first question pertained to the statute of limitations, and, after consulting with all counsel, the court provided a copy of the statute to the jury. (*See* Dkt. #217). The other questions pertained to less substantive questions, to which the Court either answered in the negative or instructed the jury to re-read the jury instructions and Special Verdict Form. (*See* Dkts. #222, #223, #224 and #225). Plaintiff does not identify any specific questions that he would have answered differently, nor does he explain how any of the Court's answers caused him prejudice. Therefore, the Court does not find this issue to be a proper basis for granting a new trial.

**C. Attorney Misconduct**

Plaintiff next argues that a new trial should be granted because defense counsel improperly introduced during closing arguments evidence of plaintiff's companion state court case against the Estate of Herman Allenbach. The Ninth Circuit has clearly established that new trials based on the misconduct of attorneys are only warranted where "the 'flavor of misconduct . . . sufficiently permeate[s] an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" *Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir. 1986) (quoting *Standard Oil Co. v. Perkins*, 347 F.2d. 379, 388 (9th Cir. 1965)); *see Wharf, supra* (explaining that a new trial is warranted when the moving party establishes that the conduct complained of prevented him or her from fully and fairly presenting his or her case or defense).

Plaintiff argues that defense counsel's reference to the case against the Allenbach estate left the jury to speculate as to the validity or viability of any such claim, and was left to speculate as to whether plaintiff would be able to recover his damages in that case. The Court is not persuaded that defendant's comment about the case so permeated the trial that the jury was necessarily prejudiced.

First, regardless of whether defense counsel referenced the case, plaintiff's own counsel opened the door to an inference that such case had been filed. On cross-examination, plaintiff denied

ORDER
PAGE - 4

any knowledge of the suit against the Allenbach estate. However, on redirect, for reasons that are not entirely clear, plaintiff's counsel then asked if plaintiff knew whether his counsel had filed such an action without his knowledge. Plaintiff answered in the negative. The Court agrees with defendant that the question entitled it to argue the reasonable inference that the case had been filed.

Second, the comment made by defense counsel was isolated rather than persistent. It occurred only during closing argument. Moreover, when the comment was made, plaintiff's counsel failed to object. In such circumstances, the Ninth Circuit Court of Appeals instructs that:

> [t]here is an even "higher threshold" for granting a new trial where, as here, defendants failed to object to the alleged misconduct during trial. A higher threshold is necessary for two reasons: "First, raising an objection after the closing argument and before the jury begins deliberations 'permit[s] the judge to examine the alleged prejudice and to admonish . . . counsel or issue a curative instruction, if warranted.'" Second, "allowing a party to wait to raise the error until after the negative verdict encourages that party to sit silent in the face of claimed error."

*Settlegoode v. Portland Pub. Schs*, 371 F.3d 503, 516-517 (9th Cir. 2004) (citations omitted). Plaintiff has not met that threshold. For these reasons, the Court declines to order a new trial based on alleged attorney misconduct.

**D. Verdict Against the Weight of the Evidence**

Finally, plaintiff argues that the jury verdict in his favor in the amount of $87,500 was against the weight of the evidence. In order to vacate the jury's verdict, this Court must find that the verdict "is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial judge, a miscarriage of justice." *Hanson v. Shell Oil Co.*, 541 F.2d 1352, 1359 (9th Cir. 1976), *cert. denied*, 429 U.S. 1074 (1977) (quoting *Moist Cold Refrigerator Co. v. Lou Johnson Co.*, 249 F.2d 246, 256 (9th Cir. 1957), *cert. denied*, 356 U.S. 968 (1958)); *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1027 (9th Cir. 1981), *cert. denied*, 459 U.S. 825 (1982). It is insufficient for this Court to simply reach a different verdict. *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1245 (Fed. Cir. 1989). In fact, the

ORDER
PAGE - 5

Ninth Circuit Court of Appeals has continuously held that where the Court considers a motion for a new trial based on insufficiency of the evidence, "a stringent standard applies." *Venegas v. Wagner*, 831 F.2d 1514, 1519 (9th Cir. 1987)). Thus, while it is true that a district judge may weigh the evidence, assess the credibility of witnesses, and need not view the evidence in the light most favorable to the moving party, "a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter." *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987) (quoting 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 2806, at 49 (1973)).

In asserting that the verdict in this case was against the weight of the evidence, plaintiff argues that it is clear from the gross damage award of $1,400,000 and the fact that the jurors asked the Court whether damages could be conditioned on psychological counseling that the jurors found plaintiff to be significantly damaged. Thus, plaintiff asserts, the net reward of $87,500 is inadequate, and a new trial should be granted. The Court is not persuaded.

The answers provided on the Special Verdict From demonstrate that the jury found the sole defendant in this action to be liable only for a small portion of the damages. That conclusion was reasonable based on all of the testimony presented by both parties, and based on the jury's determination that three other nonparties were also negligent. It is also reasonable in light of the jury's determination with respect to the portion of damages it felt was attributable to the nonparty abuser. Thus, the Court finds nothing about the jury's verdict that is clearly contrary to the evidence presented. Nor does the Court find that the verdict creates a miscarriage of justice in this case. Accordingly, the Court finds no basis to vacate that verdict and grant a new trial.

### III. CONCLUSION

Having reviewed plaintiff's motion, defendant's response, plaintiff's reply, and the remainder

ORDER
PAGE - 6

of the record, the Court hereby ORDERS:

(1) Plaintiff's Motion for a New Trial (Dkt. #227) is DENIED.

(2) The Clerk shall forward a copy of this Order to all counsel of record.

DATED this 1st day of December, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 7

## SERVICE LIST

Attorneys for Defendant The Corporation Of The President Of The Church Of Jesus Christ Of Latter-Day Saints, A Utah Corporation Sole, a/d/a "Mormon Church";

    Charles C. Gordon
    cgordon@gmtlaw.com
    Jeffrey I. Tilden
    jtilden@gmtlaw.com
    Michael Rosenberger
    mrosenberger@gmtlaw.com
    GORDON MURRAY TILDEN
    1001 4TH AVE, STE 4000
    Seattle, WA  98154
    Phone:  206-467-6477
    FAX:     206-467-6292