```
                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
                            IN SEATTLE

-----------------------------------------------------------------

ROBERT KELLY,                        )
                                     )
             Plaintiff,              )   No. C 04-2338RSM
                                     )
    v.                               )
                                     )
THE CORPORATION OF THE PRESIDENT     )
OF THE CHURCH OF JESUS CHRIST        )
OF LATTER-DAY SAINTS                 )
                                     )
             Defendant.              )
                                     )

-----------------------------------------------------------------

                            VERDICT

-----------------------------------------------------------------


         BEFORE THE HONORABLE RICARDO S. MARTINEZ


                     October 12, 2006


APPEARANCES:

For the Plaintiff:      Michael T. Pfau
                        Tim Kosnoff
                             and
                        Michael Rosenberger
                        Attorneys at Law

For the Defendant:      Charles Gordon
                             and
                        Jeffrey Tilden
                        Attorneys at Law
```

Barry Fanning, RMR, CRR, CCP
700 Stewart Street
Seattle, Washington 98101
(206) 370-8507

1          THE COURT:  Counsel, the jury has indicated a
2    verdict.  Please bring in the jury.
3    (At this time the jury entered the courtroom.)
4          THE COURT:  Juror Number 6, Mr. Dukenthaler, you
5    are the foreperson?
6          JUROR NO. 6:  Yes, your Honor.
7          THE COURT:  Has the jury reached a verdict?
8          JUROR NO. 6:  Yes, they have.
9          THE COURT:  Would you hand the jury forms to our
10   clerk?  The Court will announce the verdict of the jury.
11   The following along with the special verdict form:  Question
12   number one:  "Did plaintiff commence this action within the
13   period of time required by law?"  Answer:  "Yes."
14          Question number two:  "Do you find that the
15   defendant is negligent in this case?"  Answer:  "Yes."
16          Question number three:  "Was such negligence a
17   proximate cause of injury to plaintiff?"  Answer:  "Yes."
18          Question four:  "Do you find that any of the
19   following non-parties were negligent in this case?"  Answer:
20   "Herman Allenbach, yes; Dorothy Kelly, yes; Jerry Kelly,
21   yes."
22          Question five:  "Do you find that such
23   negligence, if any, was a proximate cause of injury to
24   plaintiff?"  Answer:  "Herman Allenbach, yes; Dorothy Kelly,
25   yes; Jerry Kelly, yes.

1        Question six:  "Do you find that Herman
2   Allenbach was an agent of defendant acting within the scope
3   of his authority with respect to the acts or omissions
4   regarding Mr. Loholt?"  Answer:  "No."
5        Question eight:  "Assume that 100 percent
6   represents the total combined negligence that proximately
7   caused plaintiff's injuries.  What percentage of this total
8   negligence is attributable to defendant and what percentage
9   is attributable to each non-party whose fault was found by
10  you, if any?"  Answer:  "Defendant, 25 percent; Herman
11  Allenbach 45 percent; Dorothy Kelly, Jerry Kelly 15 percent
12  each."
13       Question nine:  "What do you find of the amount
14  of plaintiff's compensatory damages?"  Answer:  $1,400,000."
15       Question ten:  What percentage of damages in
16  your answer to question nine were caused by negligent
17  conduct and what percentage were caused by Mr. Loholt's
18  intentional conduct?"  Answer:  "Negligent 25 percent,
19  intentional 75 percent.
20       The next thing I am going to do is poll the
21  jury.  By that I am going to ask you a question, simply to
22  be answered yes or no.  Actually two questions, yes or no.
23       All right.  Starting with Juror Number 1,
24  Ms. Anderson, is this your verdict?
25       JUROR NO. 1:  Yes, it is.

```
 1                THE COURT:  Is it the verdict of the jury.
 2                JUROR NO. 1:  Yes.
 3                THE COURT:  Juror Number 2, Ms. Kelly, is your
 4   verdict?
 5                JUROR NO. 2:  Yes.
 6                THE COURT:  And the verdict of the jury?
 7                JUROR NO. 2:  Yes.
 8                THE COURT:  Juror Number 3, Ms. Evans, is this
 9   your verdict?
10                JUROR NO. 3:  Yes.
11                THE COURT:  And the verdict of the jury?
12                JUROR NO. 3:  Yes.
13                THE COURT:  Juror Number 4, Ms. Vant, is this your
14   verdict?
15                JUROR NO. 4:  Yes.
16                THE COURT:  And the verdict of the jury?
17                JUROR NO. 4:  Yes.
18                THE COURT:  Juror Number 5, Mr. Anderson, is this
19   your verdict?
20                JUROR NO. 5:  Yes.
21                THE COURT:  And the verdict of the jury?
22                JUROR NO. 5:  Yes.
23                THE COURT:  Juror Number 6, Mr. Dukenthaler, is
24   this your verdict?
25                JUROR NO. 6:  Yes.
```

```
 1                THE COURT:  And the verdict of the jury?
 2                JUROR NO. 6:  Yes.
 3                THE COURT:  Juror Number 7, Mr. Sefas, is this
 4   your verdict?
 5                JUROR NO. 7:  Yes.
 6                THE COURT:  And the verdict of the jury?
 7                JUROR NO. 7:  Yes.
 8                THE COURT:  Juror Number 8, Mr. Galvin, is this
 9   your verdict?
10                JUROR NO. 8:  Yes.
11                THE COURT:  And the verdict of the jury?
12                JUROR NO. 8:  Yes.
13                THE COURT:  Juror Number 9, Mr. McGrath, is this
14   your verdict?
15                JUROR NO. 9:  Yes.
16                THE COURT:  And the verdict of the jury?
17                JUROR NO. 9:  Yes.
18                THE COURT:  Madam Clerk, the verdict form appears
19   to be in order.  The jurors having answered unanimously the
20   verdict form will be accepted by the Court.  All right.
21   That completes your service as jurors on this particular
22   case.  On behalf of all the judges of our district and
23   certainly on my own behalf, I want to thank you so very much
24   for participating with us in this process.  I think a couple
25   of you had been jurors before on other matters, but probably
```

1  nothing like this.  I hope that the process itself, going
2  through this process, sitting in the courtroom listening to
3  the witnesses testify, listening to the attorneys ask
4  questions and get answers showed you how important your role
5  as a juror is in deciding these types of issues.
6              You understand that every now and then judges
7  serve the role of both judge and jury.  That is called a
8  bench trial.  Sometimes there will be no jury, and I have to
9  decide not only the legal issues but also the factual issues
10 that may come up.  That always makes it tough for me.  For
11 me it is always better when we have people like you from the
12 community sit and listen to a dispute amongst parties and
13 then resolve that dispute under our system.
14             I think the attorneys put it very well in their
15 closing arguments when they told you about the statistics
16 involving how many people will be called to jury duty.  You
17 understand that the system would not function without it.
18             There is nothing magical about the system.  It
19 is different around the world.  If you travel to many other
20 countries --  There are many countries that do not have the
21 jury system.  There are some countries that have a jury
22 system and do it differently.  In Brazil, for example, they
23 have a jury like this, criminal and civil matters.  The jury
24 does not deliberate.  At the end of the trial, the minute it
25 is done, the jurors are asked to vote, the majority wins.

1   That's all it takes.
2          We have a different system.  We believe that
3   this system works for us.  I have a deep and abiding belief
4   in the jury system.  And it would not work without people
5   like you being willing to give of your time and your effort
6   to do this with us.
7          So I now release you from the Court's earlier
8   instructions.  You are free to discuss this case with
9   anyone.  You are just as free to say, no thanks, if anyone
10  asks you any questions about it, I don't want to discuss it.
11         The attorneys in federal court are not allowed
12  to have contact with you.  They are not allowed to talk with
13  you.  But your friends, anyone else, you are free to tell
14  them whatever you want.
15         The notes that you took will be destroyed.  If
16  you want them, rip them out, you are free to take them with
17  you.  Just remember, now once you leave the courthouse with
18  those particular notes I don't want them just flying
19  everywhere if you understand what I'm saying.  The
20  discussion that took place back there is strictly
21  confidential amongst you that make up the jury.  So remember
22  that when you discuss the matter, if you choose to discuss
23  the matter with anyone else, a certain amount of
24  confidential information that may have been given to you by
25  other people back there, and how you relay that to other

1   people I think is sometimes a very sensitive thing.  So just
2   think about it before you start making comments.  Other than
3   that, as I said, you are free to discuss it with anyone, you
4   are just as free to say no thanks, I care to make no
5   comment, and no one will ask you anything further.
6               Just do me one favor, and for the other judges
7   of this district, for all the judges in our state, if you
8   ever hear of anyone saying to you, oh, I just got this
9   summons in the mail to go to jury duty, and I am trying to
10  figure out how to get out of it, before you answer how to
11  get out of it, you tell them what your experience was like,
12  whether you found it good, bad, frustrating, whatever.  You
13  tell them what your experience was like.  But also remind
14  them that if everybody gets out of it then we don't have the
15  jury system that we need to be able to make these very
16  difficult decisions.
17              Thank you all so very much.  You are excused.
18  (At this time the jury left the courtroom.)
19              THE COURT:  You may be seated.  Counsel, the
20  jurors had sent out several other additional questions
21  today, aside from the one we spoke of the other day.  The
22  questions were fairly easily answered by this Court, but I
23  want you to see them.  We have obviously got records of
24  every question they sent out.  I want you to see them and
25  see the answers that the Court sent back before you will be

```
 1   excused.  Counsel, as you remember, the very first question
 2   they sent out, "can we obtain a copy of the law regarding
 3   the statute of limitations as referenced in Instruction
 4   Numbers 24 and 25?"  And we discussed that one.  And the
 5   Court's response was to actually send in a copy of the
 6   statute.
 7              The other question was --
 8              MR. KOSOFF:  Your Honor, before you go on to the
 9   next one I would like to the record to reflect in that
10   conference call we had about that instruction that we asked
11   the Court to provide the additional statute of limitations
12   instructions, but also, short of that, that the Court give
13   them the entire statute with the legislative intent findings
14   as well.  And I understand that didn't become an issue with
15   the jury, but I would like the record to reflect that we did
16   ask the Court to reconsider giving them the entire
17   instructions on statute of limitations, and the Court
18   declined to do that.
19              THE COURT:  Yes, you did.  For purposes of our
20   record, let me indicate the defense actually objected to
21   having anything further going into the jury regarding
22   anything further from that statute.  As it turns out,
23   Mr. Kosnoff, it didn't have an impact here.
24              The next question that came out from the jury,
25   actually a series of questions --  You are going to have to
```

```
 1   be looking at your verdict form to follow the questions.
 2   The question is:  "Question number seven, is this the
 3   correct question?  It appears it is almost a duplicate of
 4   number eight, except one of the answers for number eight
 5   includes Herman Allenbach as an option for non-party.
 6   Should there be another question for number seven?"  The
 7   Court's response:  "Please reread, questions four, five and
 8   six."
 9              Question two:  "If we choose to award damages,
10   can we require Mr. Kelly to attend treatment therapy as a
11   condition of the award?  If so, can we require annualized
12   payments?"
13              Question three:  "Can we get copies of testimony
14   from the following, Rochelle Cope, Julie Ellis, Jovine
15   Umali?"
16              Question four:  "Do we have the option to answer
17   the questions in the special verdict form with answers that
18   are not indicated?
19              The Court's response:  "The answer to questions
20   two, three and four is no."
21              And the final question that came out -- actually
22   the penultimate question that came out:  "End of case
23   instructions ask us to determine the amount of money that
24   will reasonably and fairly compensate the plaintiff for such
25   damages as you find were proximately caused by the
```

```
 1   defendant.  Are the answers to satisfy the instructions and
 2   question number nine of the special verdict form the same
 3   dollar amount?"
 4              The Court's response:  "Yes."
 5              Final question:  "Is the amount to be indicated
 6   in question nine the amount to be paid by the defendant or
 7   is this an amount to be further divided by previously
 8   indicated percentages as in question eight?"
 9              The Court's response:  "Please carefully review
10   your special verdict form."
11              These are actually made a part of the record.
12   Anything further, Counsel?
13             MR. TILDEN:  Nothing, your Honor.
14             MR. KOSOFF:  Nothing further.
15             THE COURT:  Gentleman, I want to say one thing.
16   These are difficult cases, no doubt about it, from both
17   sides.  A lot of emotion.  Everybody acknowledges that
18   Mr. Kelly went through a lot.  It is not deserved by any
19   person, much less any kid.  From my perspective, I just want
20   to say that it has been a pleasure to have such competent
21   counsel in a case like this.  When I came to federal court I
22   had such high hopes that this is what I would see all the
23   time.  Unfortunately it doesn't quite work out that way.  I
24   am really glad we had a jury to make this determination.  I
25   am glad I didn't have to make this kind of factual
```

1   determination.  But it was an absolute pleasure watching
2   very good, professional individuals practicing their craft
3   in front of me.  Thank you.
4           MR. PFAU:  Thank you.
5           THE COURT:  We will be in recess.
6                   (Adjourned.)

CERTIFICATE

I, Barry L. Fanning, Official Court Reporter, do hereby certify that the foregoing transcript is true and correct.

S/Barry L. Fanning

_____
Barry L. Fanning